**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1507-SLR |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**LP MATTHEWS' OPPOSITION TO KBC'S MOTION
FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC  20006

Dated:  March 22, 2005
154932.1

**TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF PROCEEDINGS ........................................................................ 1

SUMMARY OF THE ARGUMENT .................................................................................... 2

STATEMENT OF FACTS ................................................................................................... 3

    A.    The '062 Patent-in-Suit ............................................................................... 3

    B.    KBC's Accused Curél Product ................................................................... 4

ARGUMENT ....................................................................................................................... 5

    A.    KBC Failed to Meet Its Burden to Prove No Disputed Facts Exist .................. 5

    B.    Infringement Is a Two-Part Analysis: Claim Construction and Accused
        Product Analysis ....................................................................................... 6

    C.    Properly Construed, KBC's Accused Product Literally Meets the Orange
        Oil Limitation of Claims 6 and 9 of the '062 Patent ...................................... 6

    D.    KBC's Seeks a Claim Interpretation that Disregards Precedent and
        Mischaracterizes the Patent Specification .................................................... 8

        1.    KBC Improperly Attempts to Import from the Specification into
            Claims 6 and 9 a Minimum Orange Oil Percentage Limitation ........... 8

            (a)    KBC's Minimum Orange Oil Percentage Limitation Would
                Violate Precedent ................................................................... 8

            (b)    KBC Mischaracterizes the '062 Patent Specification,
                Which Supports Interpreting the Claims Consistent with
                their Clear Language .............................................................. 9

        2.    KBC Improperly Attempts to Apply as a Recited Claim Element
            "Cleaning" Language from the Preamble's Statement of Intended
            Use ........................................................................................... 11

    E.    KBC's Brief Does Not Address Infringement under the Doctrine of
        Equivalents ............................................................................................. 12

CONCLUSION .................................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**

                                                            **Page**

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*,
    314 F.3d 1313 (Fed. Cir. 2003) .................................................................................... 9

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ..................................................................................................... 5

*C.R. Bard, Inc. v. M3 Sys.*,
    157 F.3d 1340 (Fed. Cir. 1998) .................................................................................. 12

*Catalina Mktg. Int'l, Inc. v. Coolsavings.com Inc.*,
    289 F.3d 801 (Fed. Cir. 2002) ......................................................................... 10, 11-12

*DeGeorge v. Bernier*,
    786 F.2d 1318 (Fed. Cir. 1985) .................................................................................... 7

*Digital Biometrics, Inc. v. Identix, Inc.*,
    149 F.3d 1335 (Fed. Cir. 1998) ................................................................................ 6, 9

*Gart v. Logitech, Inc.*,
    254 F.3d 1334 (Fed. Cir. 2001) .................................................................................... 9

*Grain Processing Corp. v. American Maize Products Co.*,
    840 F.2d 902 (Fed. Cir. 1998) ...................................................................................... 9

*Interactive Gift Express, Inc. v. CompuServe, Inc.*,
    256 F.3d 1323 (Fed. Cir. 2001) ................................................................................ 6, 8

*Jansen v. Rexall Sundown, Inc.*,
    342 F.3d 1329 (Fed. Cir. 2003) .................................................................................... 6

*K-2 Corp. v. Salomon S.A.*,
    191 F.3d 1356 (Fed. Cir 1999) ................................................................................. 6, 8

*Laitram Corp. v. NEC Corp.*,
    163 F.3d 1342 (Fed. Cir. 1998) .................................................................................. 11

*Leibel-Flarsheim Co. v. Medrad, Inc.*,
    358 F.3d 898 (Fed. Cir. 2004) ...................................................................................... 8

*Markman v. Westview Instr., Inc.*,
    517 U.S. 370 (1996) ..................................................................................................... 6

**Page**

*Markman v. Westview Instr., Inc.*,
    52 F.3d 967 (Fed. Cir. 1995) ................................................................................ 6

*National Recovery Techs., Inc. v. Magnetic Separation Sys., Inc.*,
    166 F.3d 1190 (Fed. Cir. 1999) ............................................................................. 6

*Roberts v. Ryer*,
    91 U.S. 150 (1875) ......................................................................................... 3, 10-11

*Q-Pharma, Inc. v. The Andrew Jergens Co.*,
    360 F.3d 1295 (Fed. Cir. 2004) .................................................................... 4, 5, 10

*Talbert Fuel Sys. Patents Co. v. Unocal Corp.*,
    275 F.3d 1371 (Fed. Cir. 2002) ............................................................................. 7

*Talbert Fuel Sys. Patents Co. V. Unocal Corp.*,
    347 F.3d 1355 (Fed. Cir. 2003) ............................................................................. 7

*Teleflex, Inc. v. Ficosa N. Am. Corp.*,
    299 F.3d 1313 (Fed. Cir. 2002) ........................................................................... 11

*Vitronics Corp. v. Conceptronic, Inc.*,
    90 F.3d 1576 (Fed. Cir. 1996) .............................................................................. 6

**Statutes**

35 U.S.C. §271 (1994) ................................................................................................. 10, 11

Fed. R. Civ. P. 56(c) ........................................................................................................... 6

**NATURE AND STAGE OF PROCEEDINGS**

On December 8, 2004, plaintiff LP Matthews, L.L.C. filed a Complaint for patent infringement against defendants Kao Brands Company (formerly known as The Andrew Jergens Company) ("KBC"), Kao Corporation, Limited Brands, Inc., and Bath and Body Works, Inc. (D.I. 1.)  LP Matthews amended its Complaint on February 2, 2005.  (D.I. 5, 8.)  Defendant KBC filed an Answer to the Amended Complaint on February 28, 2005 (D.I. 9), but Kao Corporation (KBC's parent) did not authorize its counsel to accept service.  LP Matthews awaits confirmation of service of Kao Corporation from the Ministry of Japan for service under the Hague Convention made on February 7, 2005.  Defendants Limited Brands, Inc. and Bath and Body Works, Inc. waived service (D.I. 7) and their Answer to the Amended Complaint is due on April 4, 2005.  The Court has not entered its Scheduling Order.

LP Matthews submits this Memorandum in opposition to KBC's March 8, 2005 Motion for Summary Judgment of Non-Infringement.  (D.I. 12.)  KBC admits that its accused product includes orange oil as required by the literal language of the claims of the patent-in-suit. Notwithstanding that admission, LP Matthews will follow this Court's practice by waiting for the dispositive motion date to be set before determining whether to file a cross-motion for summary judgment of infringement.[1]

---

[1] Claim 6 requires "orange oil" without any qualification as to quantity.  Claim 9 requires "forty-five percent (45%) or less by volume of orange oil…."  Although KBC admits at page 2 of its opening brief (D.I. 13) that its accused product "includes orange oil," it does not address the other claimed components, so LP Matthews will address them at an appropriate time.

- 1 -

## SUMMARY OF THE ARGUMENT

LP Matthews' U.S. Patent No. 5,063,062 ("the '062 patent") claims compositions that contain orange oil and other components. (KBC Ex. A at 9:3-10:25.[2]) Claims 6 and 9 of the '062 patent claims use clear and unambiguous language: neither requires a minimum percentage of orange oil, provided that orange oil is a component, and neither recites cleaning as a claim element.[3] (*Id.* at 10:1-6, 13-17.) KBC admits that its accused Curél product "includes orange oil." (KBC Br. at 2.)

In an attempt to evade liability, KBC *disregards Supreme Court and Federal Circuit precedent* governing claim interpretation by improperly (1) focusing on the patent specification and not the claims, (2) ignoring the plain meaning of "or less" in claim 9, (3) importing a limitation from the specification into the claims, and (4) ignoring the doctrine of claim differentiation. KBC wants the claims of the '062 patent narrowed to a minimum orange oil percentage even though claim 6 does not recite *any* percentage limitations and claim 9 recites only a maximum percentage.[4] (KBC Ex. A at 10:1-6, 13-17.) The Court should reject KBC's attempt because it contravenes the law.

KBC's purported justification for importing its percentage limitation is a statement of intended use ("skin cleaning") in the claim preambles. The Supreme Court long ago explained

---

[2] In this Memorandum, "KBC Br." refers to KBC's Memorandum in Support of Its Motion for Summary Judgment of Non-Infringement filed on March 8, 2005. (D.I. 13.) "KBC Ex." refers to exhibits to KBC Br. For KBC Ex. A, the '062 patent, references are made to "Column:Lines," so that "KBC Ex. A at 9:3-10:25" refers to the '062 patent at column 9, line 3 to column 10, line 25. Finally, "LPM Ex." refers to exhibits attached to this Memorandum.

[3] Claims 6 and 9 are independent claims of the '062 patent. LP Matthews does not assert that KBC's accused product infringes claim 1, which, unlike claims 6 and 9, recites a minimum percentage of orange oil. (KBC Ex. A at 9:6)

[4] Tellingly, KBC's Summary of Argument begins with "Since the specification…" (KBC Br. at 1) and never references the claims that are properly the focus of summary judgment of non-infringement.

- 2 -

that an inventor "is entitled to all the uses to which [his invention] can be put, no matter whether he has conceived of the idea of the use or not." *Roberts v. Ryer*, 91 U.S. 150, 157 (1875). The Federal Circuit requires reasons for limiting claims to their preambles, including reciting structural limitations or providing an antecedent reference for recited claim elements. KBC gives no such reason and none exists.

This Court should reject decline KBC's invitation to deviate from Supreme Court and Federal Circuit precedent by importing unwarranted limitations from the specification and the preambles into claims 6 and 9. KBC's premature and unjustified motion should be denied.

## STATEMENT OF FACTS

**A.    The '062 Patent-in-Suit**

The United States Patent and Trademark Office (PTO) issued the '062 patent to Douglas Greenspan and Philip Low on November 5, 1991. The '062 patent claims compositions that contain orange oil and other components. (KBC Ex. A at 9:3-10:25.) The invention "provide[s] a skin cleaning composition that not only removes unwanted substances from the human skin, but also acts to help clean and revitalize the human skin." (*Id.* at 2:21-25.) Thus, Mssrs. Greenspan and Low tested the "skin effecting property" (*id., e.g.*, at 6:62-64), "softening effect" (*id., e.g.*, at 2:68), and "cleaning properties" (*id., e.g.*, at 1:24-28, 6:30-31) of their invention. They also identified one intended use in the preambles – "cleaning" – although they didn't identify the revitalizing, moisturizing and softening aspects of the invention. (*Id.*, *e.g.*, at 4:19-20, 66-67.)

With respect to the orange oil component, Mssrs. Greenspan and Low observed that in its "broadest form," the "composition includes orange oil." (*Id.* at 2:68.) Further, "the more specific composition according to the preferred embodiment…comprises forty-five percent

(45%) or less by volume of orange oil" (*Id.* at 2:45-48.)  Each independent claim recites an orange oil element.  Claim 9 is exemplary:

> A cleaning composition for use on human skin comprising <u>forty-five percent (45%) or less by volume of orange oil</u>, forty-five percent (45%) or less by volume of oatmeal and a pharmaceutically acceptable moisturizer.

(KBC Ex. A at 10:13-18 (emphasis added).)  Claim 6 of the '062 patent claims a composition "comprising orange oil…wherein said composition has a pH within a range of 4.5 to 6.0, inclusively."  (KBC Ex. A at 10:1-6.)  Neither claim 6 nor claim 9 recites a minimum percentage of orange oil in the composition.  (*Id.* at 10:1-6, 13-17.)  In contrast to claims 6 and 9, the applicants drafted claim 1 to recite a minimum percentage:  "between five percent (5%) and sixty percent (60%) orange oil…."  (KBC Ex. A at 9:4-10.[5])

**B.     KBC's Accused Curél Product**

KBC manufactures, sells and offers for sale Curél Ultra Healing Daily Moisture Therapy Lotion.  (KBC Br. at 2; KBC Ex. B at Story Decl. ¶ 3-4.)  KBC intentionally adds "citrus aurantium dulcis (orange) oil" to the accused product.  (KBC Ex. B at Master Formula (Section F).)  KBC redacted the percentage of orange oil in its accused product in the public version of its brief, suggesting that the component is important to its product.  (D.I. 17 at 1-4.) KBC does not argue that its accused product does not have a pH between 4.5 and 6.0 (inclusive) as recited in claim 6 of the '062 patent.[6]  KBC also does not argue that its accused product does not clean.

---

[5] LP Matthews does not assert that KBC infringes claim 1.

[6] KBC does, however, allege without merit (or basis in fact) that LP Matthews did not test the accused product before filing suit.  First, LP Matthews did not have to because KBC's product ingredient list (*e.g.*, Ex. A hereto (also on bottles on the shelf)) indicated that claims 6 or 9 of the '062 patent, as written, would read on the orange oil component of KBC's product.  *See Q-Pharma, Inc. v. The Andrew Jergens*
*Footnote continued on next page…*

In fact, the accused product appears to clean. Specifically, KBC's Curél website states that the product functions "to heal and prevent extra dry skin." (Ex. A hereto (Curél website).) The website does not state how the product heals dry skin. Neither does KBC in its brief. But cleaning unwanted dry skin facilitates moisturizing. For example, a February 2004 article recommends KBC's accused product for "banishing ash" (dry skin) and suggests that moisturizing products should have "fruit…acids" to "exfoliate dead skin." (Ex. B hereto.) KBC appears to make a product that also cleans, and its consumers look for that property. Thus, KBC's Curél products merely "begin with superior moisturizing capability" (Ex. A hereto (KBC website)), but they do not appear to end there.

**ARGUMENT**

**A.    KBC Failed to Meet Its Burden of Proving that No Disputed Facts Exist**

As movant, KBC bears the burden of proving in its opening brief that no dispute of material fact exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The Court should resolve any disputed facts in LP Matthews' favor. (*See* KBC Br. at 3 (citing *Anderson*, 477 U.S. at 249-50).)

To meet its burden, KBC does not cite a single case on claim interpretation or infringement,[7] even though, or perhaps because, its entire motion depends upon incorporation of

---

*… footnote continued from previous page*

*Co.*, 360 F.3d 1295, 1301-02 (Fed. Cir. 2004). In *Q-Pharma*, the Federal Circuit rejected Jergens' (now KBC) argument that the same kind of product information constituted a sufficient basis for Q-Pharma to bring suit against the accused Curél product in that case. *Id.* (Interestingly, the Federal Circuit rejected Jergens's argument for a minimum percentage limitation that was not stated for the disputed claimed component in that case. *Id.* at 1301.) Second, LP Matthews *did test* the accused Curél product in this case, but that testing is subject to the work product immunity and attorney-client privilege. Based on that pre-filing testing, LP Matthews concluded that discovery will reveal that the accused product infringes claim 6 of the '062 patent, which has a pH claim element and no qualification as to orange oil percentage. (KBC Ex. A at 10:13-17.)

[7] KBC's cited three cases for the following propositions: (1) the Rule 56 standard, (2) the applicability of *Footnote continued on next page…*

- 5 -

unstated claim limitations into the claims. Although KBC admits that its accused product "includes orange oil" (KBC Br. at 2), KBC does not cite a single fact regarding "cleaning." Instead, KBC submits unsupported attorney argument that "[a]s is apparent, [the accused product] is a moisturizing lotion and not a skin cleaner." (KBC Br. at 2.) KBC admits that unsupported facts like that do not meet the Rule 56 standard. (KBC Br. at 2 (quoting Fed. R. Civ. P. 56(c)).) KBC's motion may be denied for this reason alone.

**B.    Infringement Is a Two-Part Analysis:  Claim Construction and Accused Product Analysis**

Determining infringement requires a two-step analysis. First, the court interprets the claims of the patent as a matter of law. *Markman v. Westview Instr., Inc.*, 517 U.S. 370, 372 (1996). Second, the fact finder compares the construed claims to the accused products to determine whether each claim element exists in that product. *See Markman v. Westview Instr., Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996).

**C.    Properly Construed, KBC's Accused Product Literally Meets the Orange Oil Limitation of Claims 6 and 9 of the '062 Patent**

Claim interpretation "must begin and remain centered on the language of the claims themselves." *Interactive Gift Express, Inc. v. CompuServe, Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001). "The general rule is that terms in the claim are to be given their ordinary and accustomed meaning." *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1362-63 (Fed. Cir 1999).[8]

---

*... footnote continued from previous page*

that standard to patent cases, and (3) the requirement for a good faith basis to bring suit. (KBC Br. at 2-4.)

[8] KBC ignored this and other consistent precedent. *See, e.g., Jansen v. Rexall Sundown, Inc.*, 342 F.3d 1329, 1333 (Fed. Cir. 2003) ("ordinary meaning of the claim language"); *National Recovery Techs., Inc. v. Magnetic Separation Sys., Inc.*, 166 F.3d 1190, 1195 (Fed. Cir. 1999) ("language of the claim"); *Digital Biometrics, Inc. v. Identix, Inc.*, 149 F.3d 1335, 1344 (Fed. Cir. 1998) ("actual words"); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996) ("words of the claim").

Claims 6 and 9 use simple and clear language to claim a composition "comprising" orange oil (as well as other components that are not in issue in this motion). (KBC Ex. A at 10:1-6, 13-17.) The transitional phrase "'comprising' is often *used after the claim preamble to introduce elements of the invention.*" *DeGeorge v. Bernier*, 786 F.2d 1318, 1322 (Fed. Cir. 1985) (emphasis added). Claim 6 simply requires "orange oil" without any specific percentage. (KBC Ex. A at 10:1-6.) Claim 9 requires "forty-five percent (45%) or *less* by volume of orange oil." (KBC Ex. A at 10:13-17.) The plain meaning of the 45% or less range in claim 9 reaches to the endpoints of the range recited in the claim. *See Talbert Fuel Sys. Patents Co. v. Unocal Corp.*, 275 F.3d 1371, 1375 (Fed. Cir. 2002) ("We agree with the district court that the plain meaning of a boiling point range…is that the range limits the composition to that stated in the claim.").[9] Neither claim requires a minimum percentage of orange oil, so long as orange oil is a component.

KBC admits that its accused product "includes orange oil." (KBC Br. at 2.[10]) KBC intentionally adds orange oil to its accused product. (KBC Ex. B at Master Formula (Section F); *see also* D.I. 17 at 1-4 (redacting percentage).) The orange oil element of claims 6 and 9, *as written*, literally reads on KBC's accused product. KBC, unable to dispute that fact, attempts to rewrite the claims to require a minimum orange oil percentage. However, there is no

---

[9] In subsequent appellate history, the Supreme Court vacated and remanded the *Talbert* decision for consideration of whether the claim could read on equivalents outside of the stated range. On remand, the Federal Circuit concluded that equivalents were not available because the range was amended during prosecution. *Talbert Fuel Sys. Patents Co. v. Unocal Corp.*, 347 F.3d 1355, 1358-59 (Fed. Cir. 2003). None of the orange oil percentage ranges or the pH range recited in the claims of the '062 patent were amended, making those ranges entitled to a full lot of equivalents.

[10] Solely for purposes of opposing KBC's premature motion, LP Matthews accepts KBC's unsupported conversion from weight percent in its master formula to volume percent in its brief. (*See* KBC Br. at 2.) LP Matthews will evaluate KBC's conversion when appropriate in accordance with this Court's Scheduling Order.

justification in law for KBC's proposed rewriting of the claims, and KBC certainly does not present any.

**D.     KBC's Seeks a Claim Interpretation that Disregards Precedent and Mischaracterizes the Patent Specification**

"[A] party wishing to alter the meaning of a clear claim term must overcome the presumption that the ordinary and accustomed meaning is the proper one, *demonstrating why such alteration is required.*"  *K-2*, 191 F.3d at 1362-63 (emphasis added); *see also Leibel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 906 (Fed. Cir. 2004) ("The claims of a patent will not be read restrictively unless the patentee has demonstrated a clear intention to limit the claim scope.").  KBC cannot overcome the heavy presumption against altering the claims for at least the following reasons:

*1.     KBC Improperly Attempts to Import a Minimum Orange Oil Percentage Limitation from the Specification into Claims 6 and 9*

KBC asserts that claims 6 and 9 require at least five percent orange oil in order to avoid infringement.  In so doing, KBC incorrectly alleges that the specification says that "the lower limit for effective cleaning for the orange oil is a concentration of 5%."  (KBC Br. at 2.)  KBC's argument not only ignores clear claim language that does not specify a minimum percentage but also disregards precedent and mischaracterizes the patent specification.

(a)     KBC's Minimum Orange Oil Percentage Limitation Would Violate Precedent

"If the claim language is clear on its face, then [the Court's] consideration of the rest of the intrinsic evidence is restricted to determining if a deviation from the clear language of the claims is specified…."[11]  *Interactive Gift Express, Inc. v. CompuServe, Inc.*, 256 F.3d 1323, 1331

---

[11] Intrinsic evidence includes the claims of the patent, the written description of the patent, and the prosecution history of the patent.   "Within the intrinsic evidence…there is a hierarchy of analytical tools.
*Footnote continued on next page…*

(Fed. Cir. 2001) (emphasis added) (reversing summary judgment of non-infringement where district court improperly imported limitations from the specification); *see also Gart v. Logitech, Inc.*, 254 F.3d 1334, 1341 (Fed. Cir. 2001) (finding district court improperly imported limitation from patent figures that illustrated preferred embodiment). KBC does not argue that the claim language was not clear or that the applicants deviated from the clear claim language. Accordingly, the claims should not be narrowed as KBC requests.

KBC also does not address the Federal Circuit's doctrine of claim differentiation, further supporting an interpretation consistent with the clear claim language. "[W]hen a patent claim does not contain a certain limitation and another claim does, that limitation cannot be read into the former claim in determining either validity or infringement." *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1325 (Fed. Cir. 2003) (internal quotation omitted).[12] Claim 1 contains a minimum orange oil percentage (5%) that should not be imported into claims 6 and 9, neither of which specifies a minimum percentage. The doctrine of claim differentiation provides another reason for this Court to reject KBC's improper limitation.[13]

       (b)    KBC Mischaracterizes the '062 Patent Specification, Which Supports Interpreting the Claims Consistent with their Clear Language

Not only do claims 6 and 9 use clear language that does not specify a minimum orange oil percentage, but the excerpt of the specification cited by KBC *supports* applying the plain

---

*... footnote continued from previous page*

The actual words of the claim are the controlling focus." *Digital Biometrics*, 149 F.3d at 1344.

[12] The doctrine of claim differentiation properly applies to distinctions between two independent claims, though it is more commonly applied in the context of independent-dependent claim elements. Thus, "[i]t is improper to read the limitation of one [independent] claim into another…." *Grain Processing Corp. v. Am. Maize Prods. Co.*, 840 F.2d 902, 911 (Fed. Cir. 1998) (citation omitted).

[13] Moreover, that the applicants drafted claim 1 with a minimum percentage, but did not so draft claims 6 and 9, demonstrates that both the applicants and the Patent Examiner knew the difference between no minimum and five percent.

meaning of that claim language.  That excerpt demonstrates that an embodiment of the invention with even five percent of the orange oil component effectively cleans difficult to remove substances specifically contemplated by the invention.

    KBC cited from this excerpt:

> From these tests, Applicants concluded that…a composition according to the present invention could have as little as 5% by volume of orange oil although it was preferable to have a cleaning composition having at least 25% by volume orange oil.

(KBC Ex. A at 6:56-61 (cited at KBC Br. at 2).)  KBC ignore the underscored reference to testing that Mssrs. Greenspan and Low performed.  (KBC Ex. A at 6:56; KBC Br. at 2.)

    That testing included an *embodiment* of the invention with five percent orange oil that removed cosmetics from the skin.  (KBC Ex. A at 6:44-45.)  Cosmetics are among the "examples of substances that are difficult to remove" that led to the conception of this invention.  (KBC Ex. A at 1:26.)  Accordingly, the full excerpt suggests that a composition with less than five percent orange oil would clean, unlike the contrary mischaracterization KBC provides without the testing reference.  This complete recitation also militates against KBC's limited interpretation of the claim language that ignores other uses, including (for example) softening, moisturizing, rejuvenation,[14] or the healing and prevention of dry skin.  *Accord Q-Pharma*, 360 F.3d at 1301 (rejecting a similar argument by The Andrew Jergens Co. (now KBC) for importing an unstated minimum percentage limitation from the specification into the claims).  KBC's accused product heals dry skin, likely due in part to its removing (*e.g.*, cleaning) unwanted dead or dry skin.  (*See* Exs. A, B hereto.)

---

[14] Some of these aspects of the invention are described in the specification, though an applicant is not required to conceive of every use to which his invention may be put, as discussed in the next Section.  *See Catalina Mktg. Int'l, Inc. v. Coolsavings.com Inc.*, 289 F.3d 801, 809 (Fed. Cir. 2002) (citing 35 U.S.C. §271 (1994) and *Roberts v. Ryer*, 91 U.S. 150, 157 (1875)).

The orange oil elements of claims 6 and 9 do not have a minimum percentage requirement, and KBC does not give a reason to limit the claims. "It is the *claims*, not the written description, which define the scope of the patent right.…" *Catalina Mktg.*, 289 F.3d at 809 (Fed. Cir. 2002) (citing *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1347 (Fed. Cir. 1998) (emphasis original)). KBC cannot overcome the heavy presumption of the claims' ordinary meaning simply by pointing to the testing of the low percentage embodiment in the specification. *See Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1325 (Fed. Cir. 2002) (accused infringer cannot overcome heavy presumption of ordinary meaning "simply by pointing to the preferred embodiment or other structures or steps disclosed in the specification").

> 2.  *KBC Improperly Attempts to Apply as a Recited Claim Element "Cleaning" Language from the Preamble's Statement of Intended Use*

To justify its improper minimum orange oil percentage limitation, KBC attempts to *further* limit claims 6 and 9 to a "skin cleaning composition." (KBC Br. at 2, 4.) That additional limitation also ignores Federal Circuit precedent that KBC does not identify.

The word "cleaning" only appears in a statement of intended use in the preambles of claims 6 and 9 and is not a recited limitation appearing after the transitional phrase "comprising" in those claims. (KBC Ex. A at 10:1, 13.) "[P]reambles describing the use of an invention generally do not limit the claims because the patentability of apparatus or composition claims depends on the claimed structure." *Catalina Mktg.*, 289 F.3d at 809. Indeed, "a patent grants the right to exclude others from making, using, selling, offering to sale, or importing the claimed apparatus or composition for any use of that apparatus or composition, whether or not the patentee envisioned such use." *Catalina Mktg.*, 289 F.3d at 809 (citing 35 U.S.C. §271 (1994) and *Roberts v. Ryer*, 91 U.S. 150, 157 (1875)).

- 11 -

In this case, the applicants "define[d] a structurally complete invention in the claim body and use[d] the preamble only to state a purpose or intended use for the invention." *Catalina Mktg.*, 289 F.3d at 808 (citation and internal quotes omitted). KBC does not argue otherwise. As such, the preambles do not properly limit the claim.

KBC also did not argue that "the preamble provides antecedents for ensuing claim terms and limits the claim accordingly." *C.R. Bard, Inc. v. M3 Sys.*, 157 F.3d 1340, 1350 (Fed. Cir. 1998). KBC could not make that argument, because claims 6 and 9 do not provide antecedents. For these reasons, claims 6 and 9 of the '062 patent are not properly limited to cleaning compositions.[15]

### E.     KBC's Brief Does Not Address Infringement under the Doctrine of Equivalents

KBC's motion does not address infringement under the doctrine of equivalents, although infringement under the doctrine of equivalents is no less actionable than literal infringement and plainly must be considered in the context of summary judgment of non-infringement. Accordingly, this Court should deny KBC's Motion for Partial Summary Judgment for that reason as well.

---

[15] Even if claims 6 and 9 were so limited, it does not follow that orange oil must be the only cleaning element, because the applicants use of the transitional phrase "comprising" allows for the inclusion of unrecited claim elements, as explained above. Further, LP Matthews disputes the material fact of whether the accused product cleans by, for example, removing dead skin or other blemishes, *e.g.* ashen coloration, as KBC's and others' public literature describes. (Exs. A, B hereto.) Consequently, should the Court adopt KBC's improper claim interpretation, KBC's motion should be denied so that a jury can decide that disputed fact. To preserve a record, LP Matthews submits that the ordinary meaning of the word "cleaning," if a limitation, would include, among other things, softening and rejuvenating, as a stated object of the invention. And the claims should not be interpreted to exclude coverage that would read on products that clean in addition to having other uses, regardless of which uses are primary (*e.g.*, a moisturizer with a cleaning effect would infringe the claims). KBC, though arguing for its improper "skin cleaning" limitation, did not argue for an interpretation of it.

## CONCLUSION

Claims 6 and 9 read on compositions that include orange oil without any minimum percentage.  KBC admits orange oil is included in its accused product.  KBC's proposed, but unsupported, minimum percentage limitation ignores Federal Circuit precedent and is derived from a misreading of the patent specification.  Neither claims 6 or 9 requires that the sole function of the composition be "skin cleaning."  KBC offers no justification for imposing such a requirement and ignores contrary Supreme Court and Federal Circuit precedent.  Moreover, KBC failed to prove that no dispute of fact exists if "cleaning" were a limitation.  KBC's premature, unsupported and unjustified motion for summary judgment should be denied.

ASHBY & GEDDES

    /s/ *John G. Day*
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC  20006

Dated:  March 22, 2005
154932.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March, 2005, the attached **LP MATTHEWS' OPPOSITION TO KBC'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE  19899-0951 | HAND DELIVERY |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA  22314 | VIA ELECTRONIC MAIL |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY  10017 | VIA ELECTRONIC MAIL |

  /s/ *John G. Day*
John G. Day