IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 04-1507 (SLR) |
| BATH & BODY WORKS, INC.; LIMITED | ) |
| BRANDS, INC.; KAO BRANDS CO. | ) |
| (f/k/a THE ANDREW JERGENS | ) |
| COMPANY); and KAO CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**KBC'S REPLY IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT**

OF COUNSEL:

Arthur I. Neustadt, Esq.
Richard L. Chinn, Esq.
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000
Fax: (703) 413-2220

Dated: March 29, 2005

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Kao Brands Co.*

# TABLE OF CONTENTS

Matthews' Position Ignores Applicable Law that the Specification May Limit Overly Broad Claim Language ............................................................................................. 1

The Specification Restricts the Orange Oil to a Lower Limit of 5%, Especially with Respect to an Accused Product With an Orange Oil Percentage Roughly 150 Times Less than this Amount ..................................................................................... 1

*Q-Pharma* Is Not on Point Since the Patentee Voluntarily Dismissed His Suit After It Was Brought to His Attention that There Could Be No Infringement ..................... 2

Conclusion ................................................................................................................... 3

# TABLE OF AUTHORITIES

**Cases**

*Cultor Corp. v. A.E. Staley Mfg., Co.*,
   224 F.3d 1328 (Fed. Cir. 2000) ............................................................................................. 1

*Netword LLC v. Centraal Corp.*,
   242 F.3d 1347 (Fed. Cir. 2001) ............................................................................................. 1

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
   360 F.3d 1295 (Fed. Cir. 2004) ............................................................................................. 2

*SciMed Life Systems, Inc. v. Advanced Cardiovascular Systems, Inc.*,
   242 F.3d 1337 (Fed. Cir. 2001) ............................................................................................. 1

Kao Brands Co. ("KBC") replies as follows to the opposition of L.P. Matthews ("Matthews") to KBC's for summary judgment of non-infringement.

### Matthews' Position Ignores Applicable Law that the Specification May Limit Overly Broad Claim Language

Matthews' position is that, since claims 6 and 9 do not specify any minimum percentage for the orange oil, there is no such limit. However, Matthews' position is contrary to the well recognized and applicable law that "[w]here the specification makes clear that the invention does not include a particular feature [an orange oil percentage lower than 5%], that feature is deemed to be outside the reach of the claims of the patent, *even though the language of the claims, read without reference to the specification, might be considered broad enough to encompass the feature in question.*" *SciMed Life Systems, Inc. v. Advanced Cardiovascular Systems, Inc.*, 242 F.3d 1337, 1341 (Fed. Cir. 2001), emphasis added. "[N]either do the claims enlarge what is patented beyond what the inventor has described as the invention." *Netword LLC v. Centraal Corp.*, 242 F.3d 1347, 1352 (Fed. Cir. 2001). "Claims are not correctly construed to cover what was expressly disclaimed." *Cultor Corp. v. A.E. Staley Mfg., Co.*, 224 F.3d 1328, 1331 (Fed. Cir. 2000).

### The Specification Restricts the Orange Oil to a Lower Limit of 5%, Especially with Respect to an Accused Product With an Orange Oil Percentage Roughly 150 Times Less than this Amount

In the case at bar, there is no genuine issue as to any material fact that the specification plainly states that the percentage of orange oil in the composition cannot be any lower than 5% and, certainly, cannot be roughly 150 times lower than 5% as in the accused product. More particularly, the specification states that samples XIV-XVII were prepared with orange oil percentages of approximately 5%, 10%, 15% and 25%

respectively. Col. 6, ll. 36-38. These samples were then "given to the test group to subjectively evaluate cleaning effectiveness." Col. 6, ll. 39-41. Sample XIV, the 5% sample, was, at best, only minimally acceptable – "the test group reported that [its] cleaning properties were substantially reduced;" it "could not effectively clean tar or caulking compounds" and "[i]ndeed, Sample XIV was *only* effective in removing cosmetics from the skin." Col. 6, ll. 41-45, emphasis added. The specification further states that it was concluded from these tests that, with respect to cosmetics (the easiest to clean), "a composition according to the present invention *could have as little as 5%* by volume of orange oil although it was preferable to have a cleaning composition having at least 25% by volume of orange oil." Col. 6, ll. 56-61, emphasis added. Thus, the specification instructs that the orange oil percentage can not be any lower than 5% and, of course, can not be roughly 150 times lower as in the accused product.

Similarly, there is no genuine issue as to any material fact that the specification plainly states that the disclosed composition is for use as a skin cleaning composition and, indeed, was designed for this specific purpose.

### *Q-Pharma* Is Not on Point Since the Patentee Voluntarily Dismissed His Suit After It Was Brought to His Attention that There Could Be No Infringement

Matthews reliance on *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295 (Fed. Cir. 2004) is misplaced. In that case, the *pro se* patentee dismissed his suit once the defendant (Andrew Jergens) brought to his attention that there could be no infringement because a particular element recited in the claim was not present in sufficient quantity to meet the claim. Although the Federal Circuit declined to award attorney fees against the *pro se* plaintiff, especially after he dismissed his action after it

2

was brought to his attention that there was no basis for infringement, there are no such circumstances in the case at bar. Here, the issue is not attorneys fees and, more importantly, Matthews, who is not a *pro se* plaintiff, has refused to dismiss its claim even though there can be no basis for infringement.

## Conclusion

Since there is no genuine issue as to any material fact that the specification of the '062 patent in suit restricts the orange oil percentage to a lower limit of 5%, there can be no infringement (literal or equivalents), especially with respect to an accused product which has an orange oil percentage roughly 150 times less than 5%.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt, Esq.
Richard L. Chinn, Esq.
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000
Fax: (703) 413-2220

Dated: March 29, 2005

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Kao Brands Co.*

675885/16138-788

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on March 29, 2005, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE 19899

I hereby certify that on March 29, 2005, I have Federal Expressed the documents to the following non-registered participants:

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, NW
Washington, DC 20006

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

673089