IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-1507-SLR |
| | ) Jury Trial Demanded |
| BATH & BODY WORKS, INC., | ) |
| LIMITED BRANDS, INC., | ) |
| KAO BRANDS CO. (f/k/a THE ANDREW | ) |
| JERGENS COMPANY), and | ) |
| KAO CORPORATION | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS BATH & BODY WORKS, INC.'S AND LIMITED BRANDS, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO LP MATTHEWS, L.L.C.'S AMENDED COMPLAINT**

Defendants Bath & Body Works, Inc. and Limited Brands, Inc. ("Defendants") by

their undersigned counsel, hereby file their Answer, Affirmative Defenses and Counterclaims

to the Amended Complaint of Plaintiff, LP Matthews, L.L.C. ("Plaintiff"), denying all

allegations of the Amended Complaint, unless specifically admitted, and respectfully state:

**ANSWER**

1.      In response to Paragraph 1 of the Amended Complaint, Defendants admit that

the Amended Complaint purports to state a cause of action under the Patent Laws of the

United States, including 35 U.S.C. §§ 101 *et seq.*

2.      In response to Paragraph 2 of the Amended Complaint, Defendants state that

they lack knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations, and therefore deny same.

3.      Defendants admit the allegations of Paragraph 3 of the Amended Complaint.

4.    Defendants admit the allegations of Paragraph 4 of the Amended Complaint.

5.    Defendants admit the allegations of Paragraph 5 of the Amended Complaint.

6.    In response to Paragraph 6 of the Amended Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore deny same.

7.    In response to Paragraph 7 of the Amended Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore deny same.

8.    In response to Paragraph 8 of the Amended Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore deny same.

9.    Defendants admit the allegations of Paragraph 9 of the Amended Complaint.

10.    Defendants admit the allegations of Paragraph 10 of the Amended Complaint.

11.    In response to Paragraph 11 of the Amended Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore deny same.

12.    In response to Paragraph 12 of the Amended Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore deny same.

13.    Defendants admit the allegations of Paragraph 13 of the Amended Complaint.

14.    Defendants admit the allegations of Paragraph 14 of the Amended Complaint.

15.    In response to Paragraph 15 of the Amended Complaint, Defendants admit that United States Letters Patent Number 5,063,062 ("the '062 Patent") is entitled "Cleaning

2

Compositions with Orange Oil" and that the '062 Patent issued on November 5, 1991.

Defendants also admit that a copy of the '062 Patent is attached as Exhibit 1 to the Amended

Complaint. Defendants deny that the '062 Patent was legally issued. Defendants lack

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations, and therefore deny same.

16.    In response to Paragraph 16 of the Amended Complaint, Defendants state that

they lack knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations, and therefore deny same.

17.    Defendants deny the allegations of Paragraph 17 of the Amended Complaint.

18.    Defendants deny the allegations of Paragraph 18 of the Amended Complaint.

19.    In response to Paragraph 19 of the Amended Complaint, Defendants state that

they lack knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations, and therefore deny same.

20.    In response to Paragraph 20 of the Amended Complaint, Defendants state that

they lack knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations, and therefore deny same.

### *Jury Demand*

Defendants demand a trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses against Plaintiff's claims in the

Amended Complaint:

### *First Affirmative Defense (Non-Infringement)*

21.    Defendants have not engaged, and do not engage, in activities that constitute

3

direct or indirect infringement of any valid and enforceable claim of the '062 Patent.

### Second Affirmative Defense (Invalidity)

22.     The '062 Patent is invalid for failure to comply with one or more of the statutory requirements of patentability specified by 35 U.S.C. §§ 101 et seq., including but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Affirmative Defense (Prosecution History Estoppel)

23.     Plaintiff is barred by the doctrine of prosecution history estoppel from claiming infringement by Defendants of any claim of the '062 Patent.

### Fourth Affirmative Defense (Lack of Standing)

24.     United States Patent and Trademark Office records indicate that the '062 patent is currently assigned to Mssrs. Douglas H. Greenspan and William J. Ingram. Consequently, on information and belief, Plaintiff lacks standing to bring the present action.

## COUNTERCLAIMS

Defendants, through its Attorneys Fox Rothschild and Ward & Olivo, issue the following counterclaims against LP Matthews, L.L.C. ("LP Matthews"), and allege upon information and belief as to acts of others as follows:

### Parties

1.     Limited Brands, Inc. is a Delaware corporation with a principal place of business at Three Limited Parkway, Columbus, OH 43230.

2.     Bath & Body Works, Inc. is a Delaware corporation with a principal place of business at 7 Limited Parkway East, Reynoldsburg, OH 43068.

3.     Upon information and belief, LP Matthews is a Virginia corporation having its principal place of business at 211 North Union Street, Alexandria, Virginia, 22314.

WM1A 53905v1 04/04/05

### *Jurisdiction*

4.    This is an action arising under the Patent Laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, Title 28 of the United States Code, for a Declaratory Judgment of non-infringement and invalidity of United States Letters Patent 5,063,062.

5.    LP Matthews alleges in its Amended Complaint in this action that it is the owner of United States Letters Patent 5,063,062 and has charged Defendants with infringement of United States Letters Patent 5,063,062.  Defendants have denied the charges of infringement and have alleged that United States Letters Patent 5,063,062 is invalid.

6.    As a consequence of the foregoing, there is an actual and justiciable controversy existing between Defendants and LP Matthews with respect to which Defendants require a declaration by this Court.

7.    This Court has subject matter jurisdiction over the action based on 28 U.S.C. §§ 1331, 1337, 1338 and 1367, and 28 U.S.C. §§2201 and 2202.

8.    This Court has personal jurisdiction over Plaintiff in that, *inter alia*, Plaintiff voluntarily filed the Amended Complaint in this Court to which this Counterclaim is directed.

### *First Counterclaim (Declaratory Judgment of Patent Non-Infringement)*

9.    Defendants incorporate the averments of paragraphs 1-10 of these counterclaims as though fully set forth herein.

10.    Defendants do not infringe, and have not infringed, actively induced infringement of, nor contributed to the infringement of, any valid claim of United States Letters Patent 5,063,062 either literally or by application of the doctrine of equivalents.

### Second Counterclaim (Declaratory Judgment of Patent Invalidity)

11.    Defendants incorporate the averments of paragraphs 1-10 of these counterclaims as though fully set forth herein.

12.    United States Letters Patent 5,063,062 is invalid for failure to comply with the conditions and requirements of the patent laws including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules and regulations and laws pertaining thereto.

### Third Counterclaim (Exceptional Case)

13.    Defendants incorporate the averments of paragraphs 1-10 of these counterclaims as though fully set forth herein.

14.    At the time Plaintiff filed its Amended Complaint, it was aware that the accused products did not infringe United States Letters Patent 5,063,062 either literally or by application of the doctrine of equivalents.

15.    At the time Plaintiff filed its Amended Complaint, it was aware that United States Letters Patent 5,063,062 was invalid.

16.    At the time Plaintiff filed its Amended Complaint, it therefore had no reasonable basis for charging Defendants with infringement of United States Letters Patent 5,063,062.

17.    This case is an "exceptional case" within the meaning of 35 U.S.C. § 285 due to, *inter alia*, the above actions of Plaintiff.  As a result, Defendants are entitled to recover at least their attorneys' fees and costs, and other expenses they have been forced to incur in defending this litigation, including defending against Plaintiff's continued prosecution of this lawsuit for alleged infringement of United States Letters Patent 5,063,062 while knowing that the patent is not infringed and is invalid.

6

**WHEREFORE,** Defendants pray for judgment against Plaintiff as follows:

1.    Dismiss Plaintiff's Amended Complaint in its entirety with prejudice.

2.    Declare that Defendants do not infringe any valid claim of United States Letters Patent 5,063,062.

3.    Declare that United States Letters Patent 5,063,062 is invalid and void.

4.    Enjoin Plaintiff from threatening to enforce United States Letters Patent 5,063,062 against Defendants.

5.    Declare that the instant lawsuit is an "exceptional case" within the meaning of 35 U.S.C. § 285, entitling Defendants to an award of their reasonable attorneys' fees, expenses and costs in this action.

Respectfully submitted,

FOX ROTHSCHILD LLP


By:_____/s/ Francis G.X. Pileggi_____
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
Suite 1300
919 N. Market Street
Wilmington, Delaware 19899
Phone: (302) 654-7444
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

- AND -

WM1A 53905v1 04/04/05

OF COUNSEL:

John F. Ward
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York 10017
Tel: (212) 697-6262
Fax: (212) 972-5866
Email: wardj@wardolivo.com
Email: zinnam@wardolivo.com

Attorneys for Defendants
LIMITED BRANDS, INC. and
BATH & BODY WORKS, INC.

Dated: April 4, 2005

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE OF ANSWER**

I hereby certify that on April 4, 2005, I electronically filed the foregoing Answer, Affirmative Defenses and Counterclaims with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Frederick L. Cottrell, III, Esquire
Alyssa M. Schwartz, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801

Kao Brands Co.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Arthur I. Neustadt, Esquire
Oblon, Spivak, McClelland, Maier
    & Neustadt, P.C.
1940 Duke Street
Alexandra, Virginia 22314

I hereby certify that on April 4, 2005, I have mailed by United States Postal Service, the foregoing document(s) to the following:

Frederick L. Cottrell, III, Esquire
Alyssa M. Schwartz, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801

Kao Brands Co.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Arthur I. Neustadt, Esquire
Oblon, Spivak, McClelland, Maier
    & Neustadt, P.C.
1940 Duke Street
Alexandra, Virginia 22314

_____/s/ Francis G.X. Pileggi_____
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
Suite 1300, 919 N. Market Street
Wilmington, Delaware 19899
Phone: (302) 654-7444
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com