# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

June 6, 2005

The Honorable Sue L. Robinson            VIA E-FILING
United States District Court
844 King Street
Wilmington, Delaware 19801

   Re: *L.P. Matthews LLC v. Bath & Body Works, et al.,*
     C.A. No. 04-1507-SLR

Dear Chief Judge Robinson:

  In preparation for the Rule 16 teleconference scheduled for 8:30 am (Eastern) on Wednesday June 8, 2005 in the above action, plaintiff L.P. Matthews is pleased to report our understanding that the parties have reached agreement on all proposed dates with the exception of a trial date.

  The parties, however, have been unable to reach agreement on the following three provisions:

  (1) Paragraph 2(b)(6) addresses depositions of fact witnesses. Plaintiff proposes a provision that limits repetitive or duplicative questioning of its fact witnesses. Limiting duplicative examination of plaintiff's witnesses who have already testified in response to examination by co-defendants' counsel will reduce repetitive and cumulative evidence.

  (2) Paragraph 2(c)(2) addresses depositions of expert witnesses. Plaintiff proposes a provision that limits repetitive or duplicative questioning of expert witnesses for the reasons stated in the previous paragraph.

  (3) Plaintiff also proposes a provision in paragraph 2(c)(2) that provides for additional deposition time of experts who file supplemental reports after claim construction. Under the enclosed proposed Scheduling Order, the Court would construe the claims after expert discovery closes. (*See* ¶¶ 5-7.) Providing for supplemental opinions in the Scheduling Order will ensure that, should an expert file a report applying a claim construction that differs from that adopted by the Court, that report can be supplemented to apply the Court's claim construction. This will (1) provide expert reports that comply with the notice requirements of Fed. R. Civ. P. 26(a)(2), and (2) ensure that expert testimony at trial is directed to issues actually before the jury.

The Honorable Sue L. Robinson
June 6, 2005
Page 2

      For the Court's convenience, we enclose a proposed scheduling order that reflects all of the agreed upon dates, the three provisions proposed above by L.P. Matthews, and a blank for the date on which trial will commence.

                                           Respectfully,

                                           John G. Day

JGD/nml
Enclosure
158139.1

c:     Clerk of the Court (by hand; w/enc.)
       Richard L. Horwitz, Esquire (by hand; w/enc.)
       Francis G.X. Pileggi, Esquire (by hand; w/enc.)
       Robert A. Auchter, Esquire (via facsimile; w/enc.)
       Arthur I. Neustadt, Esquire (via facsimile; w/enc.)
       John Ward, Esquire (via facsimile; w/enc.)