**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1507-SLR |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

**SCHEDULING ORDER**

At Wilmington this ____ day of June 2005, the parties having satisfied their obligations

under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference

pursuant to Fed. R. Civ. P. 16 and D. Del. L.R. 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have exchanged the information required by

Fed. R. Civ. P. 26(a)(1) and D. Del. L.R. 16.2.

2. **Discovery.**

(a)    Discovery will be needed on the following subjects: validity, infringement,

ownership, and damages.

(b)    All fact discovery shall be commenced in time to be completed by January 27,

2006.

(1)    Document production shall be completed on or before September 16,

2005.

(2)    Maximum of 25 interrogatories by each party to any other party. For purposes of this scheduling order Kao Corporation and Kao Brands Company are considered to be one party and Limited Brands, Inc. and Bath & Body Works, Inc. are considered to be one party.

(3)    In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

(4)    Maximum of 100 requests for admission by each party to any other party.

(5)    In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6)    Maximum of 10 fact depositions by plaintiff to each defendant and 10 by each defendant. Each fact deposition limited to a maximum of 7 hours unless extended by agreement of parties. When deposing a fact witness of plaintiff, defendants will appoint a lead attorney to

question the witness. Other attorneys representing defendants may

ask supplemental, non-cumulative questions after the lead attorney

has concluded questioning.

(c)    Expert discovery shall be commenced in time to be completed by May 12,

2006.

(1)    Expert reports on issues for which the parties have the burden of

proof due February 28, 2006.  Rebuttal expert reports due March

31, 2006.

(2)    Expert depositions to be limited to a maximum of 7 hours unless

extended by agreement of the parties. Any expert who submits a

supplemental opinion based on subsequent claim construction after

his or her deposition may be further deposed for a maximum of

four (4) hours. When deposing an expert witness of plaintiff,

defendants will appoint a lead attorney to question the witness.

Other attorneys representing defendants may ask supplemental,

non-cumulative questions after the lead attorney has concluded

questioning.

(3)    All *Daubert* motions shall be filed by June 22, 2006.

(d)    Defendants must inform plaintiff as to whether they will rely on advice of

counsel to rebut plaintiff's allegations of willfulness by November 7,

2005.  If the decision is to rely on such advice, the scope of discovery

shall include the materials provided by defendant to its counsel and

whatever other materials related to the issues in dispute that defendant had

in its possession at the time the advice was sought.

(e)     Supplementations under Rule 26(e) due November 8, 2005, December 9,

2005 and January 13, 2006.

(f)     **Discovery Disputes.**

   (1)    The court shall conduct in-person discovery status conferences on:

      (i)  August 24, 2005 from 4:30 p.m. to 5:30 p.m.;

      (ii) December 14, 2005 from 4:30 p.m. to 5:30 p.m.;

      the time to be allocated equally among the parties.

   (2)    The court shall remain available to resolve by telephone conference

      disputes that arise during the course of a deposition and disputes

      over the terms of a protective order.

   (3)    Absent express approval of the court following a discovery

      conference, no motions pursuant to Fed. R. Civ. P. 37 shall be

      filed.

(g)     **Fact Witnesses to be Called at Trial.**  Within one (1) month following

the close of expert discovery, each party shall serve on the other parties a

list of each fact witness (including any expert witness who is also

expected to give fact testimony), who has previously been disclosed

during discovery and that it intends to call at trial. Within one (1) month

of receipt of such fact witness list, each party shall serve a list of each

rebuttal fact witness that it intends to call at trial. The parties shall have

the right to depose any such fact witnesses who have not previously been

deposed in this case. Such deposition shall be held within one (1) month

4

after service of the list of rebuttal fact witnesses and shall be limited to

twenty (20) hours per side in the aggregate unless extended by agreement

of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other

parties and amend the pleadings shall be filed on or before December 6, 2005.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to

Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that a limited

earlier claim construction would be helpful in resolving the case, on June 1, 2006, the parties

shall exchange lists of those claim terms that they believe need construction and their proposed

claim construction of those terms. This document will not be filed with the court. Subsequent to

exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction

Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and

filed with an opening brief on or before June 29, 2006. Briefing shall be pursuant to D. Del.

L.R. 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above

date without leave of the court.

7. **Claim Construction.** The parties shall agree upon and file the Joint Claim

Construction Statement on June 15, 2006 with the claim chart separately docketed. The

simultaneous opening claim construction briefs on June 29, 2006. Simultaneous response briefs

should be filed by July 29, 2006. Issues of claim construction shall be considered conjunction

with the summary judgment motions. The hearing on the claims construction and motions for

summary judgment will be heard on September 21, 2006 at 3:00 p.m.

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. L.R. 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on October 19, 2006 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. L.R. 16.4 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a two week jury trial commencing on

_____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Chief Judge

158143.1

6