IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1507-SLR |
| v. | ) | |
| | ) | |
| BATH & BODY WORKS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | : | SS: |
| COUNTY OF NEW CASTLE | ) | |

Pursuant to Rule 4(l) of the Federal Rules of Civil Procedure, John G. Day, having been duly sworn according to law, deposes and says as follows:

1.      I am associated with the firm of Ashby & Geddes and am an attorney of record for the plaintiff in this action.

2.      Pursuant to Article 6 of the Hague Convention, service of process upon defendant KAO Corporation was effectuated in this action by the Japanese Ministry of Foreign Affairs on March 23, 2005.

3.      The original return of service provided by the Ministry of Foreign Affairs is attached hereto as Exhibit A.

4.    The foregoing is true and correct to the best of my knowledge, information and belief.

_____
John G. Day

SWORN TO AND SUBSCRIBED before me this 13th day of June, 2005.

_____
Notary Public

Dated:  June 13, 2005
158438.1

# EXHIBIT A

27

**U.S. Department of Justice**
**United States Marshals Service**



# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ETRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative 'a la signification et 'a la notification 'a l'etranger des actes judiciaires ou extrajudiciaires en matiere civile ou commerciale, signgee 'a La Haye, le 15 Novembre 1965.*

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| *Identite et adresse du requerant* | *Adresse de l'autorite destinataire* |
| Frederick L. Cottrell, III<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Tel: +302-651-7700 | Ministry of Foreign Affairs<br>2-2-1 Kasumigaseki, Chiyoda Ku<br>Tokyo 100-8919, Japan<br>Tel: 011-81-3-3580-3311 ext. 2306<br>Fax: 011-81-3-3581-7209 |

**The undersigned applicant has the honour to transmit-in duplicate-the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,**
    **(identity and address)**

*Le requerant soussigne de l'honneur de faire parvenir-en double exemplaire-a l'autorite destinataire les documents ci-dessous enumeres. en la priant conformement a l'article 5 de la Convention precitee, d'en faire remettre sans remettre un exemplaire au destinataire, savoir:*
    *(identite et adresse)*

Kao Corporation, 14-10, Nihonbashi Kayabacho 1-chome Chuo-ku, Tokyo 103-8210 Japan

☒ (a) in accordance with the provisions or sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
   *a) selon les formes legales (article 5 alinea premier, lettre a).*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
   *b) selon la forme particuliere suivante (article 5, aline'a premier, lettre b) :*

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:
   *c) le cas echeant, par remise simple (article 5, alinea 2).*

**The authority is requested to return or to have returned to the applicant a copy of the documents-and of the annexes--with a certificate• a provided on the reverse side.**
*Cette autorite est priee de renvoyer ou de faire renvoyer au requerant un exemplaire de l'acte-et de ses annexes -avec-l'attestation figurant au verso.*

Done at _Wilmington DE_ the _7th of Feb 2005_

*Fait 'a* _____ *, le* _____

Richards Cayton & Finger

| List of documents | Signature and/or stamp |
|---|---|
| *Enumuration der pieces* | *Signature et ou cachet* |
| Civil Cover Sheet and Translation | |
| Amended Complaint with 1 Exhibit and Translation | *[signature]* FLCttrll - III Consel for<br>L P Matthews |

17.2.10    17.2.10

*Delete if inappropriate
*Rayer les mentions inutiles.*

USM Form 94
Est. 11/77, Automated 11/00
(Formerly OBD-116, which was formerly LAA-116, both of which may still be used)

# CERTIFICATE
*ATTESTATION*

**The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,**
*L'autorite soussignee a l'honneur d'atiesier conformiment 'a l'article 6 de ladite Convention.*

**1) that the document has been served ***
*1. que la demande a execute*
    **-the (date)**  *-le (date)*     平成17年3月18日
    **-at (place, street, number)** *-a (lorulni. rue munbo)*    東京都 中央区 日本橋茅場町 1-14-10 花王株式会社

  **--in one of the following methods authorized by article 5-**
  *—ons une desjormes suivanies privues it l'article 5*

      ☒ **(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.**
       *a) selon les formes agales (artirle 5. alinea premier, letire a)*

      ☐ ~~(b) in accordance with the following particular method:~~
       *b) selon lojorme particuliere suivante:*

      ☐ ~~(c) by delivery to the addressee, who accepted it voluntarily.*~~
       *c) par remijesiniple*

**The documents referred to in the request have been delivered to:**
*Les documents mentionnes dans la demande ont ete remis a*
    **-(identity and description of person)**
    *-fidentai ei qualit; de la pervonne)*
    菅原 美名子

    **-relationship to the addressee family, business or other**
    *-liens de parente de subordination ou outres. avec le desitruiraire de l'acte*
    花王株式会社 従業者

~~2) that the document has not been served, by reason of the following facts²:~~
*2. que la demande ri'a pas ete executee, en raison des faits suivants:*

~~In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in The attached statement*~~
*Conformement a l'article 12. alinea 2, de ladite Convention, le requerant est prie de payer ou de rembourser les frais dont le detail figure au memoire ci-joint.*

**Annexes**
*Annexes*

**Documents returned:**
*pieces renvoyees*

**In appropriate cases, documents establishing the service:**
*Le cas echeant, les documents justificatifs de l'execution:*
    郵便送達報告書

**Done at** 東京都     **the** 2005. 3. 23
*Fait 'a*     , *le*

**Signature and/or stamp.**
*Signature et/ou cachet.*

東京地方裁判所民事第50部

裁判所書記官 長谷川 健夫

| 郵 便 送 達 報 告 書<br>（住所，居所等用） | 発送<br>年月日 | 平成 17 年 3 月 17 日 |
|---|---|---|

| 事件<br>番号 | 平成 17 年 （ワ）第 109 号 |
|---|---|

| 送<br><br>達<br><br>書<br><br>類 | 書類の名称 | 1 文書の要領<br>2 民事訴訟表紙<br>3 修正告訴状<br>4 証拠書類A<br>5 2～4の訳文 | |
|---|---|---|---|
| | 差<br>出<br>人 | 所在地 | 郵便番号 100-8920<br>東京都千代田区霞が関1丁目1番4号 |
| | | 名 称 | 東京地方裁判所民事第50部 |
| | 受送達者<br>本人氏名 | 花王 株式会社 | |

| 受領者の押<br>印又は署名 | | |
|---|---|---|
| 送達の場所 | 郵便番号 東京都中央区日本橋茅場町1-14-10<br>花王株式会社 | |
| 送達年月日時 | 平成 17 年 3 月 18 日 11 時 | |

| 送<br><br>達<br><br>方<br><br>法 | 1 | 受送達者本人に渡した。 | | |
|---|---|---|---|---|
| | ② | 受送達者本人に出会わなかったので，書類の受領について相当のわきまえがあると認められる次の者に渡した。 | | |
| | | 使用人・従業者　　　　　同居者<br>　氏　名（ 菅府美知子 　　　　　　　　　　） | | |
| | 3 | 次の者が正当な理由なく受取りを拒んだので，その場に差し置いた。 | | |
| | | 受送達者本人　　　使用人・従業者　　　同居者<br>　氏　名（ 　　　　　　　　　　　　　　） | | |
| | 4 | 郵便局に出局した書類の受領について相当のわきまえがあると認められる次の者に渡した。 | | |
| | | 使用人・従業者　　　　　同居者<br>　氏　名（ 　　　　　　　　　　　　　　） | | |

| 差出人記入欄 | 上記のとおり送達しました。 |
|---|---|
| | 平成 17 年 3 月 18 日 日本橋 郵便局<br>配達担当者 飯島 靖 |

（注意）
1　受領者が押印又は署名することができないときは，「受領者の押印又は署名」の欄にその旨を記入すること。
2　「送達の場所」の欄は，市町村名から住居番号等まで詳細明確に記入すること。ただし，郵便局の窓口において交付したときは，「窓口」とのみ記入すること。
3　「送達年月日時」の欄の年月日のいずれかの数字が1桁のときは，枠内に右詰めで記入すること。また，時刻は24時間制で記入すること。
4　「送達方法」の欄は，次により記入すること。
（1）「1」の欄については，数字を「○」で囲む。
（2）「2」，「3」及び「4」の欄については，該当する数字及び該当する者を「○」で囲み，その氏名を記入する。ただし，該当する者が受送達者本人であるときは，その氏名を記入しない。
(840111)

U.S. Department of Justice
United States Marshals Service



# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ETRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative 'a la signification 'a la notification 'a l'etranger des actes judiciaires ou extrajudiciaires en matiere civile ou commerciale, signgee 'a La Haye, le 15 Novembre 1965.*

| Identity and address of the applicant<br>*Identite et adresse du requerant* | Address of receiving authority<br>*Adresse de l'autorite destinataire* |
|---|---|
| Frederick L. Cottrell, III<br>Richards, Layton & Finger, P.A.<br>One Rodney Square,<br>920 North King Street<br>Wilmington, Delaware 19801<br>Tel: +302-651-7700 | Ministry of Foreign Affairs<br>2-2-1 Kasumigaseki, Chiyoda Ku<br>Tokyo 100-8919, Japan<br>Tel: 011-81-3-3580-3311 ext. 2306<br>Fax: 011-81-3-3581-7209 |

**The undersigned applicant has the honour to transmit-in duplicate-the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,**
    **(identity and address)**

*Le requerant soussigne a l'honneur de faire parvenir-en double exemplaire-a l'autorite destinataire les documents ci-dessous enumeres.*
*en la priant conformement a l'article 5 de la Convention precitee, d'en faire remettre sans remettre un exemplaire au destinataire, savoir:*
    *(identite et adresse)*   Kao Corporation, 14-10, Nihonbashi Kayabacho 1-chome Chuo-ku, Tokyo 103-8210 Japan

☒ **(a) in accordance with the provisions or sub-paragraph (a) of the first paragraph of article 5 of the Convention.***
*a) selon les formes legales (article 5 alinea premier, lettre a).*

☐ **(b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:**
*b) selon la forme particuliere suivante (article 5, aline'a premier, lettre b) :*

☐ **(c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:**
*c) le cas echeant, par remise simple (article 5, alinea 2).*

**The authority is requested to return or to have returned to the applicant a copy of the documents-and of the annexes--with a certificate• a provided on the reverse side.**
*Cette autorite est priee de renvoyer ou de faire renvoyer au requerant un exemplaire de l'acte-et de ses annexes -avec l'attestation figurant au verso.*

<u>List of documents</u>
*Enumuration der pieces*

Civil Cover Sheet and Translation

Amended Complaint with 1 Exhibit and Translation

Done at _Wilmington DE_, the _7th of Feb 2005_
*Fait 'a*                          *, le*

Signature and/or stamp
*Signature et ou cachet*
*Fred L. Cottrell - III* Counsel for
*L P Matthews*

*\*Delete if inappropriate*
*Rayer les mentions inutiles.*

USM Form 94
Est. 11/77, Automated 11/00
(Formerly OBD-116, which was formerly LAA-116, both of which may still be used)

# CERTIFICATE
## *ATTESTATION*

**The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,**
*L'autorite soussignee a l'honneur d'atiesier conformiment 'a l'article 6 de ladite Convention.*

**1) that the document has been served ***
*1. que la demande a execute*
    **-the (date)** *-le (date)* _____
    **-at (place, street, number)** *-u (lorulni. rue numbo)* _____

    **--in one of the following methods authorized by article 5-**
    *--ons une desjormes suivanies privues it l'article 5*

    ☐ **(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.**
        *a) selon les formes agales (artirle 5. alinea premier, letire a)*

    ☐ **(b) in accordance with the following particular method:**
        *b) selon lojorme particuliere suivante:* _____

    ☐ **(c) by delivery to the addressee, who accepted it voluntarily.***
        *c) par remijesiniple*

**The documents referred to in the request have been delivered to:**
*Les documents mentionnes dans la demande ont ete remis a*

    **-(identity and description of person)**
    *-fidentai ei qualit; de la pervonne)*

    _____

    **-relationship to the addressee family, business or other**
    *-liens de parente de subordination ou outres. avec le desitruiraire de l'acte*

    _____

**2) that the document has not been served, by reason of the following facts*:**
*2. que la demande ri'a pas ete executee, en raison des faits suivants:*

    _____
    _____

**In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in The attached statement***
*Conformement a l'article 12. alinea 2, de ladite Convention, le requerant est prie de payer ou de rembourser les frais dont le detail figure au memoire ci-joint.*

**Annexes**
*Annexes*

**Documents returned:**
*pieces renvoyees*

_____
_____
_____

**In appropriate cases, documents establishing the service:**
*Le cas echeant, les documents justificatifs de l'execution:*

_____
_____

Done at _____, the _____
*Fait 'a* _____ , *le* _____

Signature and/or stamp.
*Signature et/ou cachet.*

**SUMMARY OF THE DOCUMENT TO BE SERVED**
*ELEMENTS ESSENTIELS DEL 'A CTE*

**Convention on the service abroad of judicial and extrajudicial documents In civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative 'a la signification et a la notfrarion ~ l'e'stranger ties acres judiciaries et extrajudiciaries en matiere civile ou commerciale, signgee a La Haye, le 15 Novembre 1965.,*

**(article 5, fourth paragraph)**
*(article 5. a/inca 4)*

**Name and address of the requesting authority:**
*Nom ei addressee tie l'autorite requirante:*
Frederick L. Cottrell, III, Richards, Layton & Finger. P.A., One Rodney Square, 920 North King St., Wilmington, Delaware, 19801

**Particulars of the parties:**
*Identite des parties:*
LP Matthews, L.L.C. v. Bath & Body Works, Inc., Limited Brands, Inc., Kao Brands Co., and Kao Corporation

**JUDICIAL DOCUMENT**
*ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet tie l'acte-*
The purpose of the Civil Cover Sheet and Amended Complaint with exhibits is to initiate a lawsuit in the United States Federal District Court for the District of Delaware. Service of the Amended Complaint is requested via the Hague Convention and pursuant to U.S. Federal Rule of Civil Procedure 4(c)(2).

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance le cas echeant le montant du litige:*
Plaintiff's claim against defendants is for damages and other relief in an amount to be determined as a result of the defendants' infringement of U.S. Letters Patent No. 5,063,062 and willfulness.

**Date and place for entering appearance-**
*Date et lieu de la comparution:*
Appearance may be entered at the United States Federal District Court for the District of Delaware. Kao Corporation is represented by U.S. counsel in connection with plaintiff's Amended Complaint. Kao Corporation has not authorized its U.S. Counsel to accept service of the Amended Complaint.

**Court which has given judgment**:** No judgment has been given.
*Juridiction qui a rendu la decision:*

**Dale of judgment**:** No judgment has been given.
*Date de /a decision:*

**Time limits stated in the document**:**
*Indication des delias figurant dans l'acte:*
No time limits are stated in the document. Defendants must serve upon plaintiff's attorneys an Answer to the Amended Complaint within 20 days after service, not including the day of service. Defendants must also file the Answer with the Clerk of the U.S. District Court for the District of Delaware. Failure to file an Answer may result in plaintiff taking a default judgment for the relief requested in the Amended Complaint.

**EXTRAJUDICIAL DOCUMENT**
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:** Not an extrajudicial document.
*Nature et objet tie l'acte-*

**Time limits stated in the document**:** Not an extrajudicial document.
*Indication des delias figurant dans l'acte:*

CIVIL COVER SHEET

04 - 1507

JS-44
Rev. 12/96)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**I.(a)   PLAINTIFF**
LP Matthews, L.L.C.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
Bath & Body Works, Inc.; Limited Brands, Inc.; Kao Brands Co. (f/k/a The Andrew Jergens Company); and Kao Corporation

2004 DEC -8  PM 3: 25

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
( IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Frederick L. Cottrell, III
Alyssa M. Schwartz
Richards, Layton & Finger
One Rodney Square - P.O. Box 551
Wilmington, DE 19899
(302) 658-6541

ATTORNEYS (IF KNOWN)

**II.   BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1   U.S. Government Plaintiff       ☒ 3   Federal Question (U.S. Government Not a Party)

☐ 2   U.S. Government Defendant       ☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**VI. ORIGIN**   (PLACE AN X IN ONE BOX ONLY)

☒1 Original Proceeding   ☐2 Removed from State Court   ☐3 Remanded from Appellate Court   ☐4 Reinstated or Reopened   ☐50 Transferred from another district (specify)   ☐6 Multidistrict Litigation   ☐7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholder's Suits | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Eject | ☐ 370 Other Fraud | | | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | | |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 442 Employment | Habeas Corpus: | | |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.  DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Action for patent infringement under 35 U.S.C. § 101, et seq.

**VII.** REQUESTED IN COMPLAINT:   CHECK IF THIS IS A CLASS ACTION   DEMAND $ _____   CHECK YES only if demanded in complaint:
☐ Under F.R.C.P. 23                                             JURY DEMAND:  X  YES   ___ NO

**VIII.** RELATED CASE(S) (See instructions):
IF ANY _____ Judge _____   Docket Number _____

DATE  SIGNATURE OF ATTORNEY OF RECORD
December 8, 2004                          [signature]

FOR OFFICE USE ONLY
RECEIPT #_____   AMOUNT _____   APPLYING IFP_____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

民事訴訟表紙

JS 44
(改訂 12/96)

JS-44 民事訴訟表紙およびこれに記載されている情報は、裁判所の地域法で定められているものを除き、訴答手続き提出および送達や法律で要求されるその他の書類に取り代わるものでも補足するものでもありません。1974 年 9 月に合衆国司法会議(Judicial Conference of the United States)により承認された本書類は、民事訴訟事件記録シート作成の目的で、裁判所の裁判所書記による使用が義務づけられています。(本表紙裏面の説明事項をお読みください。)

[スタンプ: 04-1507
提出済
デラウェア地区
地方裁判所書記官
2004 年 12 月 8 日 午後 3:25]

**I. (a) 原告**
LP Matthews, L.L.C.

(b) 最初に記載されている原告の居住所＿＿＿＿＿＿
＿＿＿＿＿＿＿＿（米国原告の訴訟を除く）

(c) 弁護士（会社名、所在地、および電話番号）
Frederick L. Cottrell, III    (302) 658-6541
Alyssa M. Schwartz
Richards, Layton & Finger
One Rodney Square- P.O. Box 551
Wilmington, DE 19899

**被告**
Bath & Body Works, Inc.、Limited Brands, Inc.、Kao Brands Co.
（旧称「The Andrew Jergens Company」）、および花王株式会社
最初に記載されている被告の居住所＿＿＿＿＿＿
＿＿＿＿＿＿＿＿（米国原告の場合のみ）

注：土地収用訴訟の場合は、関係する土地の所在地を使用します

弁護士（既知の場合）

**II. 司法管轄区の根拠** (どれか一つにのみ×印を付けて下さい)

□ 1 米国政府　原告

☒ 3 連邦問題
（米国政府は当事者でない）

□ 2 米国政府　被告

□ 4 州籍の相違
（III 項に当事者の州籍を記入のこと）

**III. 主な当事者の州籍** (原告・被告について各々×印をつけてください)
(州籍の相違にあたる場合のみ)

|  | 原告 | 被告 |  | 原告 | 被告 |
|---|---|---|---|---|---|
| この州の市民は | □ 1 | □ 1 | この州で設立または主たる営業所がある | □ 4 | □ 4 |
| 他の州の市民 | □ 2 | □ 2 | 他の州で設立および主たる営業所がある | □ 5 | □ 5 |
| 外国の市民または国民 | □ 3 | □ 3 | 外国 | □ 6 | □ 6 |

**IV. 原因** (どれか一つにのみ×印を付けてください)

☒ 1. 最初の訴訟手続き
□ 2. 州裁判所から移送
□ 3. 上訴裁判所からの差戻し
□ 4. 復活または再開
□ 5. 他の地区から移送 (地区を指定)
□ 6. 複数地区での訴訟
□ 7. 下位裁判所裁判官の判決から地方裁判所裁判官への上訴

**V. 訴訟の性質** (どれか一つにのみ×印を付けて下さい)

| 契約 | 不法行為 | | 財産没収／刑罰 | 破産 | その他の制定法 |
|---|---|---|---|---|---|
| □110 保険<br>□120 海事<br>□130 ミラー法 (Miller Act)<br>□140 流通証券<br>□150 過払い金回復および判決の執行<br>□151 メディケア (Medicare) 法<br>□152 支払い不履行なった学生ローンの回復 (退役軍人を除く)<br>□153 退役軍人給付金の過払い金の回復<br>□160 株主訴訟<br>□190 その他の契約<br>□195 契約製造物責任 | **人身被害**<br>□310 飛行機<br>□315 飛行機製造物責任<br>□320 突出、文書・口頭による名誉毀損<br>□330 連邦雇用者責任<br>□340 海事<br>□345 海事製造物責任<br>□350 車輛<br>□355 車輛製造物責任<br>□360 その他の人身被害 | **人身被害**<br>□362 人身被害 ― 医療過誤<br>□365 人身被害 ― 製造物責任<br>□368 アスベスト人身被害製造物責任<br><br>**人的財産**<br>□370 その他の詐欺<br>□371 誠実貸付<br>□380 その他の個人財産損害<br>□385 財産損害 製造物責任 | □610 農業<br>□620 その他の食品および医薬品<br>□625 医薬品関連の押収有価物押さえ 21 USC 881<br>□630 酒類法<br>□640 鉄道およびトラック<br>□650 航空会社規制<br>□660 労働安全と健康<br>□690 その他 | □422 上訴  28 USC 158<br>□423 取下げ 28 USC 157<br><br>**資産権利**<br>□820 著作権<br>□830 特許<br>□840 商標 | □400 州議席再配分<br>□410 反トラスト<br>□430 銀行および銀行業<br>□450 商業／ICC レート／その他<br>□460 国外追放<br>□470 組織腐敗防止法 (RICO 法)<br>□810 選抜融資<br>□850 証券／コモディティ／為替<br>□875 憲法による申立て 12 USC 3410 |
| **不動産**<br>□210 土地公用収用<br>□220 類擬抵当差押え手続<br>□230 賃貸契約および・が賃貸 (回収) 明け渡し<br>□240 土地不法行為<br>□245 不法行為／製造物責任<br>□290 その他すべての不動産 | **市民権**<br>□441 投票<br>□442 雇用<br>□443 住宅／設備<br>□444 福祉<br>□440 その他の市民権 | **囚人請願**<br>□510 州裁判所の申立て 人身保護令状<br>□530 一般<br>□535 死刑<br>□540 職務執行令状およびその他<br>□550 市民権<br>□555 刑務所状態 | **労働**<br>□710 公正労働基準法<br>□720 労使関係<br>□730 労使報告および開示法<br>□740 鉄道労働法<br>□790 その他の労働訴訟<br>□791 従業員退職所得保障法 | **社会保障**<br>□861 HIA (1395ff)<br>□862 Black Lung (923)<br>□863 DIWC/DIWW (405(g))<br>□864 SSID Title XVI<br>□865 RSI (405(g))<br><br>**連邦税訴訟**<br>□870 税金 (米国原告または被告)<br>□871 IRS―第三者 26 USC 7609 | □891 農事法<br>□892 経済安定法<br>□893 環境問題<br>□894 エネルギー配分法<br>□895 情報公開法<br>□900 正義へのアクセス確定による手数料の裁定に対する上訴<br>□950 州制定法の合憲性<br>□890 その他の制定法による訴訟 |

**VI. 訴訟の原因** (訴訟提起の根拠となる合衆国民事法 (U.S. CIVIL STATUTE) を引用し、原因を簡潔に記述してください。州籍の相違がなければ司法管轄区は言及しないでください。) 合衆国法律集第 35 編第 101 条以下の頁に基づく特許権侵害に対する訴訟。

**VII. 訴状での要求：** 団体訴訟の場合は印をつけてください    要求額（ドル）  訴状で要求されている場合のみに、「はい」に印をつけてください。

□ F.R.C.P. 23 による    陪審裁判の要求： X はい＿＿＿＿ いいえ＿＿＿＿

**VIII. 関連する訴訟** (説明事項を参照)：
該当する場合  裁判官＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿  判決要録番号＿＿＿＿＿＿＿＿＿＿＿＿＿

日付    登録弁護士の署名
2004 年 12 月 8 日    [署名：]

官公庁使用に限る
受領番号＿＿＿＿＿＿  額＿＿＿＿＿＿  出願中 IFP＿＿＿＿＿＿  裁判官＿＿＿＿＿＿  下位裁判所裁判官＿＿＿＿＿＿

JS 44 裏面（改訂 12/96）

## 民事訴訟表紙 JS-44 に記入する弁護士の方々に対する説明事項

### 民事訴訟表紙規制担当局

JS-44 民事訴訟表紙およびこれに記載の情報は、裁判所の地域法で定められているものを除き、訴答手続き提出および送達や法律で要求されるその他の書面に取り代わるものでも補足するものでもありません。1974 年 9 月に合衆国司法会議（Judicial Conference of the United States）により承認された本書類は、民事訴訟事件記録シート作成の目的で、裁判所の裁判所書記による使用が義務づけられています。そのため、民事訴訟表紙は、手続きにおける各民事訴訟について裁判所書記官に提出されます。訴訟を行う弁護士は、下記の通り本書に記入してください。

I.　(a) 原告 － 被告。　原告および被告の名前（姓、名、ミドルネームのイニシャル）を記入します。原告または被告が政府機関の場合は、正式名称または標準的な略称のみを使用してください。原告または被告が政府機関内の職員の場合は、最初に政府機関を特定の上、その職員の名前と役職を記入してください。

　　(b.) 居住郡。手続きされる各民事訴訟（米国原告の場合を除く）について、最初に記載された原告の手続き時における居住郡を記入します。米国原告訴訟の場合は、最初に記載された被告の手続き時における居住郡を記入します。（注：土地収用訴訟では、「被告」の居住郡は関係のある土地の所在地となります。）

　　(c) 弁護士。法律事務所名、住所、電話番号および記録されている弁護士名を記入してください。弁護士が複数いる場合は、このセクションに「（添付書類を参照のこと）」と記入の上、添付書類に名前を列記してください。

II.　司法管轄区。司法管轄区の根拠は、F.R.C.P.の規則 8(a)に規定されていますが、この規則では、訴答手続き時に司法管轄区を提示することを求めています。どれか一つに X 印を記入してください。司法管轄区について複数の根拠がある場合は、下記の順序で優位性が与えられます。

米国原告。(1) U.S.C.第 28 編第 1345 条および第 1348 条に基づく司法管轄区。米国機関および職員による訴訟がこれに含まれます。

米国被告。(2) 原告が米国、米国機関またはその職員に対して起訴を行っている場合、この欄に X 印を記入します。

連邦問題。(3) これは U.S.C.第 28 編第 1331 条に基づく訴訟に触れたもので、司法管轄区は米国憲法、憲法改正、議会措置または米国の条約に基づき発生します。米国が一当事者の場合は、U.S.C.第 28 編第 1331 条が優位性を持つため、1 または 2 をチェックするべきです。

州籍の相違。(4) これは U.S.C.第 28 編第 1332 条に基づく訴訟に触れたもので、当事者等が異なる州籍を持つ場合です。空欄 4 をチェックする場合は、州籍の異なる当事者等をチェックする必要があります。（下記のセクション III を参照のこと。連邦問題には州籍の相違に基づく訴えに対する優位性があります。）

III.　主な当事者の居住地（市民権）。JS-44 のこのセクションには、上記で州籍の相違が表示された場合に記入するべきです。主たる各当事者についてこのセクションに印をつけてください。

IV.　訴訟の性質。適切な欄に X 印をつけてください。訴訟の性質が決定できない場合は、下記セクション VI の「訴訟の原因」が、事務局の副書記官または統計書記が訴訟の性質を決定するに十分足りることを確実にしてください。原因が複数の訴訟の性質に適合する場合は、最も確定性の高いものを選択してください

V.　原因。　7 つの欄のいずれかに X 印をつけてください。

最初の訴訟手続き。(1) 米国地方裁判所で開始する訴訟。

州裁判所から移送。(2) U.S.C.第 28 編第 1441 条に基づき、州裁判所で開始したが地方裁判所に移送された手続き。移送の請願が認可された場合は、この欄にチェックしてください。

上訴裁判所からの差戻し。(3) 追加訴訟のため地方裁判所へ差し戻しされた訴訟は、この欄をチェックしてください。差戻し日を提出日として使用してください。

復活または再開。(4) 地方裁判所において復活または再開された訴訟は、この欄をチェックしてください。再開日を提出日として使用してください。

他の地区から移送。(5) U.S.C.第 28 編第 1404 条(a)項に基づき移送された訴訟。地区内での移送や複数地区での訴訟の移送には使用しないでください。

複数地区での訴訟。(6) U.S.C.第 28 編第 1407 条の権限のもと、複数地区での訴訟が地区に移送された場合に印をつけてください。この欄をチェックする場合は、上記(5)はチェックしないでください。

下位裁判所裁判官の判決から地方裁判所裁判官への上訴。(7) 下位裁判所裁判官の判決からの上訴については、この欄をチェックしてください。

VI.　訴訟の原因。訴訟の原因に直接関連する民事制定法を報告し、原因について簡潔に説明してください。

VII.　訴状での要求。団体訴訟である場合。F.R.C.v.P.規則 23 に基づき団体訴訟の手続きを行っている場合は、この欄に X 印を記入してください。

要求額。この空欄には、要求されている金額（単位：千ドル）を記入するか、暫定的差止命令などのその他の要求を示してください。

陪審裁判の要求。陪審裁判が要求されているか否かについて、適切な欄をチェックしてください。

VIII.　関連する訴訟。JS-44 のこのセクションは、関連する係争中の訴訟について述べる際に使用されます。関連する係争中の訴訟がある場合は、事件記録番号およびかかる訴訟の担当判事名を記入してください。

日付および弁護士署名。民事訴訟表紙に日付と署名を記入してください。

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LP MATTHEWS, L.L.C.           )
                              )
       Plaintiff,          )
                              )      Civil Action No. 04-1507-SLR
       v.                 )
                              )
BATH & BODY WORKS, INC.; LIMITED  )
BRANDS, INC.; KAO BRANDS CO.     )
(f/k/a THE ANDREW JERGENS       )      **JURY TRIAL DEMANDED**
COMPANY); and KAO CORPORATION   )
                              )
       Defendants.       )

## PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff LP Matthews, L.L.C., for its Complaint against defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively "BBW") and defendants Kao Brands Co. (formerly known as The Andrew Jergens Company) and Kao Corporation (collectively "Kao"), states and alleges as follows:

### Nature of Action

1.     This is an action for patent infringement under the Patent Laws of the United States, Title 35, United States Code, §§ 101 *et seq.*

### Parties

2.     Plaintiff LP Matthews is a Virginia corporation having its principal place of business at 211 North Union Street, Alexandria, Virginia, 22314.

3.     On information and belief, defendant Bath & Body Works is Delaware corporation having its principal place of business at Seven Limited Parkway East, Reynoldsburg, Ohio, 43068.

4.     On information and belief, defendant Limited Brands, Inc. is a Delaware corporation

having its principal place of business at Three Limited Parkway, Columbus Ohio, 43216. Limited Brands is the parent corporation of Bath & Body Works.

5.     On information and belief, defendant BBW is in the business of making and selling cosmetic products to consumers and corporate clients in the United States.

6.     On information and belief, defendant Kao Brands Co. (formerly known as The Andrew Jergens Company) is a Delaware corporation having its principal place of business at 2535 Spring Grove Avenue, Cincinnati, Ohio, 45214-1773.

7.     On information and belief, defendant Kao Corporation is a company organized under the laws of Japan having its principal place of business at 1-14-10, Nihonbashi Kayabacho 1-chome, Chuo-ku, Tokyo 103-8210 Japan. Kao Corporation is the parent of Kao Brands Co.

8.     On information and belief, defendant Kao is in the business of making and selling cosmetic products to consumers and corporate clients in the United States.

**Jurisdiction and Venue**

9.     On information and belief, defendant Bath & Body Works is incorporated in, has transacted and continues to transact business in, has contracted and continues to contract to make and/or sell cosmetic products in, and regularly has solicited and regularly continues to solicit business in this judicial district.

10.     On information and belief, defendant Limited Brands is incorporated in, has transacted and continues to transact business in, has contracted and continues to contract to make and/or sell cosmetic products in, and regularly has solicited and regularly continues to solicit business in this judicial district.

11.     On information and belief, defendant Kao Brands Co. is incorporated in, has transacted

2

and continues to transact business in, has contracted and continues to contract to make and/or sell

cosmetic products in, and regularly has solicited and regularly continues to solicit business in this

judicial district.

12.    On information and belief, defendant Kao Corporation has transacted and continues to

transact business in, has contracted and continues to contract to make and/or sell cosmetic

products in, and regularly has solicited and regularly continues to solicit business in this judicial

district.

13.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338(a).

14.    Venue is proper under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

### United States Letters Patent No. 5,063,062

15.    On November 5, 1991, United States Letters Patent No. 5,063,062 ("the '062 patent")

(attached as Exhibit 1 hereto pursuant to D. Del. L.R. 3.2), entitled "Cleaning Compositions with

Orange Oil" was duly and legally issued.  Plaintiff is the assignee of the '062 patent.

16.    The '062 patent is assigned to plaintiff LP Matthews.

### Count for Patent Infringement against Defendant BBW

17.    Upon information and belief, defendant BBW has been and is infringing one or more

claims of the '062 patent by making, using, offering to sell, and/or selling products that contain

orange oil and will continue to do so unless enjoined by this Court.

18.    Upon information and belief, defendant BBW has actual knowledge of the '062 patent and

is willfully, deliberately, and intentionally infringing one or more claims of the '062 patent.

### Count for Patent Infringement against Defendant Kao

19.    Upon information and belief, defendant Kao has been and is infringing one or more claims

of the '062 patent by making, using, offering to sell, and/or selling products that contain orange

oil and will continue to do so unless enjoined by this Court.

20.     Upon information and belief, defendant Kao has actual knowledge of the '062 patent and is willfully, deliberately, and intentionally infringing one or more claims of the '062 patent.

### Jury Trial

21.     LP Matthews respectfully requests a jury trial as to all issues in this action that are triable by jury.

### PRAYER FOR RELIEF

WHEREFORE, LP Matthews prays for the entry of judgment in its favor and against defendants BBW and Kao, and respectfully requests that LP Matthews be granted the following relief:

A.     Entry of a permanent injunction enjoining BBW, its officers, agents, servants, and employees, and those persons acting in active concert or participation with any of them, from infringing the '062 patent pursuant to 35 U.S.C. § 283;

B.     Award of damages sufficient to compensate LP Matthews for BBW's infringement of the '062 patent, in an amount not less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

C.     That such damages be trebled for the willful, deliberate and intentional infringement by BBW as alleged herein in accordance with Title 35 United States Code § 284;

D.     Entry of a permanent injunction enjoining Kao, its officers, agents, servants, and employees, and those persons acting in active concert or participation with any of them, from infringing the '062 patent pursuant to 35 U.S.C. § 283;

E.     Award of damages sufficient to compensate LP Matthews for Kao's infringement of the '062 patent, in an amount not less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

4

F.    That such damages be trebled for the willful, deliberate and intentional infringement by Kao as alleged herein in accordance with Title 35 United States Code § 284;

G.    Award of prejudgment interest, pursuant to 35 U.S.C. § 284;

H.    A post-judgment equitable accounting of damages for the period of infringement of the '062 patent following the period of damages established at trial;

I.    LP Matthews' costs of suit; and

J.    Such further relief as this Court deems appropriate.


Dated:  February 2, 2005

                                        Frederick L. Cottrell, III (#2555)
                                        Alyssa M. Schwartz (#4351)
                                        Richards, Layton & Finger, P.A.
                                        One Rodney Square,
                                        920 North King Street
                                        Wilmington, Delaware 19801
                                        (302) 651-7700
                                        Counsel for LP Matthews, L.L.C.

OF COUNSEL:

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, N.W.
Washington, D.C.  20006
(202) 775-0725

# EXHIBIT 1

# United States Patent [19]

## Greenspan et al.

[11]  Patent Number:  **5,063,062**

[45]  Date of Patent:  **Nov. 5, 1991**

[54]  **CLEANING COMPOSITIONS WITH ORANGE OIL**

[75]  Inventors:  **Douglas H. Greenspan**, Louisville; **Phillip A. Low**, Littleton, both of Colo.

[73]  Assignees:  **D. Greenspan; W. Ingram**, both of Louisville, Calif.

[21]  Appl. No.:  **413,395**

[22]  Filed:  **Sep. 27, 1989**

[51]  Int. Cl.⁵ ........................................ A61F 13/00

[51]  Int. Cl.$^5$ .................................... A61F 13/00

[52]  U.S. Cl. ............................... 424/443; 424/195.1; 424/401; 252/142; 514/783; 514/846

[58]  Field of Search ................. 424/443, 401; 514/783

[56]  **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,014,995 | 3/1977 | Juliano et al. | 514/783 |
| 4,533,487 | 8/1985 | Jones | 252/173 |
| 4,620,937 | 11/1986 | Dellutri | 252/162 |

### OTHER PUBLICATIONS

D. Limonene as a Degreasing Agent Richard L. Cole-man, The Citrus Industry, vol. 56, No. 11, Nov., 1975, pp. 23–25.

*Primary Examiner*—Thurman K. Page
*Assistant Examiner*—James M. Spear
*Attorney, Agent, or Firm*—Timothy J. Martin

[57]  **ABSTRACT**

A cleaning composition for cleaning the skin contains orange oil, a pharmaceutically acceptable moisturizer and an emulsifying agent, Preferably the orange oil accounts for between 5% and 60% by volume, and it further preferred that the composition contains 40% orange oil by volume. The moisturizer is either glycerin, aloe vera, jojoba oil, safflower oil or a combination thereof. The emulsifying agent preferably is oatmeal. The composition is constituted to have a pH of between 4.5 and 6.0, and the composition may be packaged as moistened towellets in hermetic packets.

**12 Claims, No Drawings**

1

# CLEANING COMPOSITIONS WITH ORANGE OIL

## FIELD OF THE INVENTION

The present invention generally relates to cleaning compositions suitable for external application to human skin tissue in order to remove unwanted substances such as tar, caulking compounds, sealants, adhesives and the like. More specifically, however, the present invention is directed to a natural cleaning composition that utilizes only plant based ingredients. As such, the present invention is particularly adapted for cleaning non-water soluble products from the human skin in a safe, effective manner.

## BACKGROUND OF THE INVENTION

A wide variety of cleaning compositions are known for external application to skin tissue in order to remove dirt and unwanted materials. Among these cleaning compounds are the various hard and liquid soaps which may be used for cleaning human skin, especially the hands. However, numerous substances with which the hands may be soiled do not respond to ordinary soap compositions. Examples of substances that are difficult to remove include grease, tar, oils, ink, caulking materials, adhesives, sealants, gums, cosmetics and other non-water soluble products.

While some cleaning compositions have been developed for these materials, the typical cleaners are harsh and can damage the skin, especially after prolonged use. Examples of these compounds include turpentine, acetone, toluene and other petroleum based products as well as ammonia based products. These products, though, often damage the skin and otherwise exhibit a high level of toxicity. Further, if inhaled during use, these petroleum based products may cause respiratory damage. When absorbed through the skin, the petroleum based products can cause damage to the major organs of the body and can have a less serious side effect of drying and chaffing the skin where applied. Thus, it should be appreciated that, although petroleum is a naturally occurring product, it is not toxilogically healthy for the human body. Accordingly, there have been substantial efforts which have been made to find suitable alternative substances for skin cleaning. While some synthetically derived substances have been developed, many of these substances are medically suspect, and in some instances produce side effects making them unsuitable for use on a regular basis.

Orange oil, as a natural product derived from the rind of oranges, has been recognized in the past to have some cleaning capabilities. Prior to the present invention, however, it is not believed that the suitability of orange oil in cleaning human skin was realized. Orange oil by itself is a skin irritant that can cause inflammation of the tissues. When used by itself, fumes from orange oil may cause headaches, dizziness and other side effects. Accordingly, it has not been readily apparent that orange oil alone or in combination with other substances could prove effective in cleaning compounds otherwise difficult to remove from the tissues of the skin. Rather, efforts in the past have been directed to the combination of orange oil with other cleaning solvents to produce floor cleaners, glass cleaners and the like.

From the foregoing, it should be appreciated that the thrust of prior development of skin cleaners, other than soap, have been directed to petroleum based products and ammonia based products and the industry has ig-

2

nored the potential for orange oil as a constituent of skin cleaning compounds. Despite the long felt need for better cleaners, the suitability of orange oil has thus not been recognized, and the inventors of the subject invention have found success by examining this substance contrary to the direction of inquiry adopted by the industry at large.

## SUMMARY OF THE INVENTION

It is an object of the present invention to provide a new and useful compound for cleaning the human skin.

Another object of the present invention is to provide a skin cleaning compound suitable for cleaning non-water soluble products such as grease, caulking, adhesives, sealants, tar, oils, ink and the like.

Yet another object of the present invention is to provide a skin cleaning composition which is non-toxic.

It is a further object of the present invention is to provide a skin cleaning composition that is derived from natural vegetable and plant sources.

Still a further object of the present invention is to provide a skin cleaning composition that not only removes unwanted substances from the human skin but also acts to help clean and revitalize the human skin.

The present invention, then, provides a skin cleaning composition which is adapted for external use on human tissues. Broadly, this composition comprises a first ingredient being between five percent (5%) and sixty percent (60%) by volume of orange oil, a second ingredient being a pharmaceutically acceptable moisturizer for human skin and a third ingredient being an emulsifying agent. Preferably, the moisturizer is selected from a group consisting of: glycerin, aloe vera, jojoba oil, and safflower oil. Further, it is preferred that the emulsifying agent also function as an emollient. Preferably the emulsifying agent is a natural grain derivative, preferably either oat gum or oatmeal. Further, it is preferred that the first, second, and third ingredients are selected and mixed in a ratio such that the resulting skin cleaning composition has a pH range of between 4.5 and 6.0 inclusively. To this end, a fourth ingredient in the form of a buffering compound may be added to the composition.

In the more specific composition according to the preferred embodiment, the cleaning composition comprises forty-five percent (45%) or less by volume of orange oil, forty-five percent (45%) or less by volume of the emulsifying agent and the pharmaceutically acceptable moisturizer. The preferred emulsifying agent in this composition is oatmeal, and the preferred moisturizer is a mixture of jojoba oil, aloe vera and glycerin mixed by volume of approximately two parts jojoba oil, two parts aloe vera and one part glycerin. It is further desired to use a small portion of safflower oil both as a moisturizer and to help form a stable emulsion.

These and other objects of the present invention will become more readily appreciated and understood from a consideration of the following detailed description of the preferred embodiment:

## DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

The present invention is directed to a cleaning composition utilized on skin tissues and having, as its cleaning ingredient, the commercially available substance known as orange oil derived from the rinds of oranges. In this broad form, the composition includes orange oil,

5,063,062

**3**

an emulsifying agent and a pharmaceutically acceptable moisturizer. In order to determine the preferred composition of the present invention, a series of samples having differing properties were evaluated to establish a desired range in pH and to establish the necessary proportion of orange oil to give suitable cleaning. These test samples are set forth below.

In their investigation of cleaning compositions according to the present invention, Applicants first investigated several compositions which were mixtures of orange oil, water, moisturizers and vitamin E. These samples were developed to test the cleaning properties of orange oil and to evaluate orange oil mixed with moisturizing agents. A test group of ten persons, male and female, were selected to subjectively evaluate the results of these samples. Initially, three such samples were prepared, and the compositions are set forth as Samples I–III, as follows:

SAMPLE I

| Ingredient | Volume Percent (Approximate) |
|---|---|
| Orange Oil | 39 |
| Water | 33 |
| Glycerin* | 12 |
| Aloe Vera* | 12 |
| Jojoba Oil* | 3 |
| Vitamin E | 1 |

*Total Moisturizers accounted for approximately 27% by volume.

SAMPLE II

| Ingredient | Volume Percent (Approximate) |
|---|---|
| Orange Oil | 34.5 |
| Water | 27.5 |
| Glycerin* | 17 |
| Aloe Vera* | 14 |
| Jojoba Oil* | 3.5 |
| Vitamin E | 3.5 |

*Total Moisturizers accounted for approximately 34.5% by volume.

SAMPLE III

| Ingredient | Volume Percent (Approximate) |
|---|---|
| Orange Oil | 37 |
| Water | 26 |
| Glycerin* | 14.75 |
| Aloe Vera* | 14.75 |
| Jojoba Oil* | 3.5 |
| Vitamin E | 4 |

*Total Moisturizers accounted for approximately 33% by volume.

Prior to presenting these samples to the test group, Applicants tested the relative acidity of the samples since it was believed desirable to avoid a composition that was either too acidic or too basic. The result of this acidity measurement, correlated to the Samples, is set forth in Table 1 below:

TABLE 1

| Sample | pH (Approximate) |
|---|---|
| I | 4.5 |
| II | 5 |
| III | 4.7 |

In each of the cases of Samples I–III, the respective components were mixed and blended in an attempt to form an emulsion. An initial problem was noted with each of these Samples, however, in that the emulsion separated, that is, "broke" after approximately one to

**4**

two days. Since it was fairly simple to re-blend the Samples, Samples I–III were submitted to the test group for evaluation. Generally, the results of the composition was excellent with each of Samples I–III readily removing polyurethane and silicone base caulking compounds, tars, grease, oil and adhesives; each of these industrial type substances are regarded as difficult to remove, from the human hands. All ten members of the test group reported comparable cleaning properties and reported that their hands were left soft after a two week period of using the compounds. Indeed, after two weeks of use, certain male members of the test group who had dry hands resulting from the use of other solvents noted substantial improvement in the texture and softness of their hands. No allergic reactions were reported by any members of the test group.

After determining that test Samples I–III performed adequately in cleaning the hands and in moisturizing the hands, it became necessary to determine whether the oil orange and moisturizer emulsion could be stabilized so that it would not break over a period of time. In order to determine if a natural ingredient could act as an emulsifying agent, the Applicants selected a grain base derivative as an emulsifying agent. To this end, Applicants tested oatmeal gum and oatmeal to act as the primary emulsifier. Accordingly, two more test samples, Samples IV and V were prepared according to the compositions set forth below:

SAMPLE IV

| Ingredient | Volume Percent (Approximate) |
|---|---|
| Orange Oil | 42.75 |
| Aloe Vera* | 7 |
| Jojoba Oil* | 3.5 |
| Safflower Oil* | 4 |
| Oatmeal Gum | 42.75 |

*Total Moisturizers accounted for approximately 14.5% by volume.

SAMPLE V

| Ingredient | Volume Percent (Approximate) |
|---|---|
| Orange Oil | 36.5 |
| Aloe Vera | 14 |
| Jojoba Oil* | 14 |
| Glycerin* | 7 |
| Safflower Oil* | 0.5 |
| Oatmeal | 28 |

*Total Moisturizers accounted for approximately 35.5% by volume.

It may be noted that, in Samples IV and V, vitamin E and water were both omitted from the composition. However, it should be noted that both the oatmeal gum in Sample IV and the oatmeal in Sample V each contain a portion of water. In Sample IV, the oatmeal gum was prepared by boiling rolled oats in water and straining the resultant mass to remove the hulls. In Sample V, rolled oats were boiled in water and the resulting mass (containing approximately 50% water) was used to prepare the composition. Relatively equal parts of orange oil and oat derivatives were used and a small portion of safflower oil was included. Again, relative acidity was tested and it was found that Sample IV had a pH of approximately 5.0 while Sample V had a pH of 5.5.

Samples IV and V were submitted to the test group to evaluate cleaning effectiveness and moisturizing ability. Further, observation of the two compositions were

5,063,062

**5**

made to determine whether or not the emulsions broke. The results of this study determined that the emulsion of Sample IV broke after approximately seven days while the emulsion according to Sample V did not separate over any observed duration of time (several months). The test group observed that the cleaning properties of Samples IV and V were almost, but not quite, as effective as the cleaning properties of Samples I–III, but that the cleaning effectiveness was estimated at approximately 90% of Samples I–III. With respect to Sample IV, the test group reported that their hands did not roughen, but that the sample did not feel as comfortable when on the hands. With respect to Sample V, the test group reported that the emulsion both felt comfortable on the hands and left their hands soft after approximately five days of regular usage. In each case, the emulsions were able to clean all caulking materials and tars, including silicone and polyurethane based caulking compounds as well as oil and grease from the skin. Further tests were conducted on compositions similar to Sample V were in the amount of orange oil was slightly increased while holding the amounts of the remaining ingredients constant until the emulsion broke. It was found that, with these compositions, the emulsion broke when orange oil accounted for approximately 38% by volume of the composition.

From the foregoing, Applicants determined that Sample V offered the best compromise among emulsion stability, cleaning effectiveness, and skin effect. Therefore, utilizing Sample V as a reference, Applicants adjusted the amount of orange oil (ignoring whether the emulsion broke) to determine an effective pH range wherein the composition felt comfortable on the human hands. A first set of samples set forth below as Samples VI–IX were prepared to be less acidic than Sample V, and a second set of test samples, set forth below as Samples X–XIII were tested for compositions having greater acidity than Sample V. Samples VI–IX were prepared by simply buffering Sample V with differing amounts of sodium bicarbonate. The resulting samples were buffered to have pH values according to Table 2 as follows:

**TABLE 2**

| Sample | pH (Approximate) |
|---|---|
| VI | 9.0 |
| VII | 8.0 |
| VIII | 7.0 |
| IX | 6.0 |

Each of Samples VI–IX were evaluated by the test group. Samples VI and VII were reported to immediately make the hands dry upon first application of the respective composition and removal of the composition with water. With respect to Samples VIII and IX, the test group reported less drying than Samples VI and VII although more dryness of the hands was noted in comparison to test Sample V. These empirical observations lead Applicants to conclude that an acidity of at least pH 6.0 is desirable, that is, that the preferred composition should not be more basic than pH 6.0.

To evaluate test compositions for excess acidity, Applicants merely increased the amount of orange oil in test Sample V while holding the amounts of the remaining ingredients constant to obtain desired acidity levels according to Table 3, below:

**6**

**TABLE 3**

| Sample | pH (Approximately) |
|---|---|
| X | 2.5 |
| XI | 3.0 |
| XII | 3.5 |
| XIII | 4.0 |

Test Sample X had a volume percent of approximately 80% orange oil, Sample IX had orange oil of approximately 70% by volume, Sample XII had orange oil of approximately 60% by volume, and Sample XIII had orange oil of approximately 50% by volume.

It had previously been found that orange oil alone exhibited excellent cleaning properties, but left the hands feeling too dry and too astringent. With respect to Samples X–XIII, in each case no emulsion formed. The test group reported that each of Samples X–XIII had excellent cleaning properties, but the emulsions felt too astringent on the hands even after limited use. Applicants accordingly concluded that it was desirable that the emulsified composition have a pH that is approximately 4.5. Thus, Applicants further concluded that the composition according to the preferred embodiment of the present invention should have a pH of between 4.5 and 6.0, inclusively.

As noted in the above examples, the emulsions according to Sample V broke at approximately 38% orange oil by volume. In order to evaluate cleaning properties as a function of percent volume of orange oil, additional samples were prepared wherein the weight percentages of the ingredients other than orange oil was held constant while the amount of orange oil was varied to provide differing volume percentages of orange oil. Accordingly, Samples XIV–XVII were prepared to have volume percents of orange oil approximately 5%, 10%, 15% and 25%, respectively. In each case, the emulsions were stable. These Samples XIV–XVII were given to the test group to subjectively evaluate cleaning effectiveness. With respect to Sample XIV, the test group reported that cleaning properties were substantially reduced; Sample XIV could not effectively clean tar or caulking compounds. Indeed, Sample XIV was only effective in removing cosmetics from the skin. Sample XV eventually was able to remove silicone caulking compounds but was unable to remove polyurethane caulkings or tar. With respect to Sample XVI, the test group reported about 50%–60% of the cleaning effectiveness of Sample V with no marked increase in benefits in skin softening. Sample XVII was reported to have approximately 80% of the cleaning effectiveness of Sample V in removing all of the tested materials, but again there was no report of skin enhancements over Sample V.

From these tests, Applicants concluded that, with respect to cosmetics, a composition according to the present invention could have as little as 5% by volume of orange oil although it was preferable to have a cleaning composition having at least 25% by volume of orange oil.

To determine whether the moisturizers had any effect on the composition or whether pH was the dominant skin effecting property, Applicants prepared yet another sample, Sample XVIII, wherein 100% orange oil was buffered with sodium bicarbonate so that it had a pH of 5.5. This Sample XVIII was tested and it was determined that it was exceptionally drying and astrin-

5,063,062

7

gent on the human hands. Indeed, Sample XVIII proved almost as drying and astringent as Sample X.

In order to increase the amount of orange oil, Applicants further tested a variation on Sample V wherein both the amount of orange oil and the amount of oatmeal were increased while the amount of moisturizers was decreased. This Sample XIX, was prepared as follows:

SAMPLE XIX

| Ingredient | Volume Percent (Approximate) |
|---|---|
| Orange Oil | 40.5 |
| Aloe Vera* | 7.75 |
| Jojoba Oil* | 7.75 |
| Glycerin* | 4.5 |
| Safflower Oil* | .5 |
| Oatmeal | 39 |

*Total Moisturizers accounted for 20.5% by volume.

From Sample XIX, it was concluded that orange oil could be increased, along with a corresponding increase in an oat grain derivative, until approximately 45% by volume of orange oil was included in the composition. Any amount of orange oil in excess of this amount would result in the diminishment of moisturizers so as to negate the softening effect of the hand cleaning composition according to the preferred invention.

Other samples, set forth below as Samples XX–XXIII were prepared utilizing other materials. These samples are as follows:

SAMPLE XX

| Ingredient | Volume Percent (Approximate) |
|---|---|
| Orange Oil | 50 |
| Olive Oil | 25 |
| Jojoba Oil | 25 |
| Baking Soda | Trace |

SAMPLE XXI

| Ingredient | Volume Percent (Approximate) |
|---|---|
| Orange Oil | 50 |
| Glycerin | 50 |

SAMPLE XXII

| Ingredient | Volume Percent (Approximate) |
|---|---|
| Orange Oil | 50 |
| Aloe Vera | 50 |

SAMPLE XXIII

| Ingredient | Volume Percent (Approximate) |
|---|---|
| Orange Oil | 12.5 |
| Vitamin E | 87.5 |

Sample XX was found to have a pH of approximately 8.5. While Sample XX was deemed effective in cleaning, there was some reduction of cleaning effectiveness over Sample V and the composition left a dryness when wiped off of the skin. Further, the emulsion broke almost immediately. With respect to Samples XXI and XXII, both samples left a sticky residue on the hands but were approximately equal in cleaning effectiveness to Sample V. Sample XXI had a pH a little greater than 2.0 while Sample XXII had a pH of approximately 3.5.

8

It was thus observed that aloe vera had some buffering effect on the acidity of the orange oil. Each of Samples XXI and XXII were highly astringent and left the test groups hands dry after washing with water. With respect to Sample XXIII, again this sample proved effective in removing cosmetics, but the sample was not effect in removing heavier, industrial substances such as caulking compounds, adhesives, tars and the like. The orange oil and Vitamin E, however, did mix without separation and a resulting acidity of pH 5.0.

From the information derived form all of the aforementioned samples, Applicants determined that glycerin and safflower oil are both desirable in the preferred compositions. On one hand glycerin appears both to stabilize the emulsion and perform as a moisturizer while, on the other hand, safflower oil appears to act as an emulsion stabilizer, as an emulsifying agent and as a moisturizer.

According to the above, Applicants prefer the compositions set forth in Sample V and Sample XIX for use in cleaning unwanted materials from human skin. In order to test administration of the preferred composition, Applicants applied the compound directly to the skin as a liquid emulsion and removed the emulsion from the hands by washing with water. In addition, Applicants were successful in soaking towellets, formed of standard absorbent material such as paper, cloth and the like, in the liquid emulsion so that a towellet would become impregnanted with the cleaning composition. These towellets can be hermetically sealed in standard foil packages, as known in the industry, so that the user can simply remove from the skin any of the described unwanted materials with a pre-moistened towellet. This is particularly useful in situations where water is not readily available. Further, individualized packets of pre-moistened towellets are convenient for portability and on-the-job use.

From the foregoing, the inventors have concluded that a suitable skin cleaning composition can be prepared wherein the skin composition has a first ingredient of between 5% and 60% by volume of orange oil, a second ingredient being a pharmaceutical acceptable moisturizer for human skin and a third ingredient being an emulsifying agent. Preferably, the moisturizer is either one or more of a group of moisturizes selected from the following: glycerin, aloe vera, jojoba oil, safflower oil. However, other pharmaceutically acceptable moisturizers are within the scope of this invention as could be developed without undue experimentation by the ordinarily skilled chemist according to the teachings of the present invention. One example of such a moisturizer is glycerin stearate. These other compositions are thus intended, unless otherwise specifically limited, to be encompassed by the general phrase "moisturizer" both in this specification and in the appended claims. In any event, it is preferred that the resultant composition have a pH between 4.5 to 6.0 and can be so buffered if necessary by the utilization of aloe vera or a buffering agent, such as baking soda.

Accordingly, the present invention has been described with some degree of particularity directed to the preferred embodiment of the present invention. It should be appreciated, though, that the present invention is defined by the following claims construed in light of the prior art so that modifications or changes may be made to the preferred embodiment of the present inven-

5,063,062

9

tion without departing from the inventive concepts contained herein.

We claim:

1. A skin cleaning composition adapted for external use on human tissues, comprising a first ingredient being between five percent (5%) and sixty percent (60%) by volume of orange oil, a second ingredient being a pharmaceutically acceptable moisturizer for human skin and a third ingredient being an emulsifying agent in the form of an oat grain derivative product.

2. A skin cleaning composition according to claim 1 wherein said moisturizer is selected from a group consisting of: glycerin, aloe vera, jojoba oil, and safflower oil.

3. A skin cleaning composition according to claim 1 wherein said oat grain derivative product is one of oat gum and oatmeal.

4. A skin cleaning composition according to claim 1 wherein said first, second and third ingredients are selected and mixed in a ratio such that the resulting skin cleaning composition has a pH range of between 4.5 to 6.0, inclusively.

5. A skin cleaning composition according to claim 1 including as a fourth ingredient a buffering compound in a proportion such that the resulting composition is pH balanced within a range of 4.5 to 6.0, inclusively.

10

6. A skin cleaning composition for external use on human tissues, comprising orange oil, a pharmaceutically acceptable moisturizer for human skin and an oat grain derivative product as an emulsifying agent, wherein said composition has a pH within a range of 4.5 to 6.0, inclusively.

7. A skin cleaning composition according to claim 5 including a buffering compound.

8. A skin cleaning composition according to claim 5 wherein said moisturizer is selected from a group consisting of: glycerin, aloe vera, jojoba oil, safflower oil and glycerol stearate.

9. A cleaning composition for use on human skin comprising forty-five percent (45%) or less by volume of orange oil, forty-five percent (45%) or less by volume of oatmeal and a pharmaceutically acceptable moisturizer.

10. A cleaning composition according to claim 8 wherein said moisturizer is a mixture of jojoba oil, aloe vera and glycerin.

11. A cleaning composition according to claim 1 wherein said mixture includes by volume two parts jojoba oil, two parts aloe vera and one part glycerin.

12. A cleaning composition according to claim 9 wherein said mixture includes safflower oil.

* * * * *

合衆国地方裁判所
デラウェア地区

| | |
|---|---|
| LP MATTHEWS, L.L.C.（LP マシューズ L.L.C.） ）<br><br>原告 ）<br><br>対 ）<br><br>BATH & BODY WORKS, INC.（バス・アンド・ボ ）<br>ディ・ワークス・インク）、LIMITED BRANDS, ）<br>INC.（リミテッド・ブランズ・インク）、KAO ）<br>BRANDS CO.（花王ブランズ・カンパニー）（旧 ）<br>称 THE ANDREW JERGENS COMPANY）、および ）<br>花王株式会社 ）<br><br>被告 ）<br>_____ ） | 民事訴訟番号 04-1507-SLR<br><br><br><br>陪審裁判の要求 |

### 原告の特許権侵害に対する修正告訴状
### および陪審員裁判要求

　　　　原告 LP Matthews, L.L.C.（LP マシューズ L.L.C.）は、被告 Bath & Body Works, Inc.（バス・アン

ド・ボディ・ワークス・インク）および Limited Brands, Inc.（リミテッド・ブランズ・インク）（集合的

に「BBW」とする）ならびに被告 Kao Brands Co.（花王ブランズ・カンパニー）（旧称「The Andrew

Jergens Company」）および花王株式会社（集合的に「花王」とする）に対するその訴状において、下記

のとおり述べ主張する。

### 訴訟の性質

1.　　　　本件は、米国の特許法、合衆国法律集第 35 編第 101 条*以下*に基づく特許権侵害に対する訴訟で

ある。

### 当事者

2.　　　　原告 LP Matthews は、その主たる営業所を 211 North Union Street, Alexandria, Virginia, 22314 に有

するバージニア州法人である。

-1-

3.     情報および信じるところによれば、被告 Bath & Body Works は、その主たる営業所を Seven Limited Parkway East, Reynoldsburg, Ohio, 43068 に有するデラウェア州法人である。

4.     情報および信じるところによれば、被告 Limited Brands, Inc.は、その主たる営業所を Three Limited Parkway, Columbus Ohio, 43216 に有するデラウェア州法人である。Limited Brands は、Bath & Body Works の親会社である。

5.     情報および信じるところによれば、被告 BBW は、米国内で消費者および法人顧客向けの化粧品の製造・販売事業に従事している。

6.     情報および信じるところによれば、被告 Kao Brands Co.（旧称「The Andrew Jergens Company」）は、その主たる営業所を 2535 Spring Grove Avenue, Cincinnati, Ohio, 45214-1773 に有するデラウェア州法人である。

7.     情報および信じるところによれば、被告、花王株式会社は、日本国法の下で組織された法人で、その主たる営業所を〒103-8210 東京都中央区日本橋茅場町一丁目 14 番 10 号に有する。花王株式会社は、Kao Brands Co.の親会社である。

8.     情報および信じるところによれば、被告、花王は、米国内で消費者および法人顧客向けの化粧品の製造・販売事業に従事している。

### 司法管轄権および裁判地

9.     情報および信じるところによれば、被告 Bath & Body Works は、本司法管轄地区内で法人組織され、また同地区内で事業活動、化粧品の製造および販売（もしくはそのいずれか）の契約、日常的な営業活動をこれまでに行い、また現在も引き続き行っている。

10.     情報および信じるところによれば、被告 Limited Brands は、本司法管轄地区内で法人組織され、また同地区内で事業活動、化粧品の製造および販売（もしくはそのいずれか）の契約、日常的な営業活動をこれまでに行い、また現在も引き続き行っている。

11.     情報および信じるところによれば、被告 Kao Brands Co.は、本司法管轄地区内で法人組織され、また同地区内で事業活動、化粧品の製造および販売（もしくはそのいずれか）の契約、日常的な営業活動をこれまでに行い、また現在も引き続き行っている。

12.　　情報および信じるところによれば、被告、花王株式会社は、司法管轄地区内で事業活動、化粧品の製造および販売（もしくはそのいずれか）の契約、日常的な営業活動をこれまでに行い、また現在も引き続き行っている。

13.　　本裁判所は、合衆国法律集第 28 編第 1331 条、1332 条および 1338 条(a)項に基づき司法管轄権がある。

14.　　裁判地は、合衆国法律集第 28 編第 1391 条(b)項、(c)項および第 1400 条(b)項に基づき適切である。

### 米国特許証第 5,063,062 号

15.　　1991 年 11 月 5 日、「オレンジ油配合洗浄性組成物（Cleaning Compositions with Orange Oil）」と題した米国特許証第 5,063,062 号（「第 062 号特許」とする）（D. Del. L.R. 3.2 に基づき添付書類 1 として本訴状に添付）が、正式かつ合法的に発行された。原告は、第 062 号特許の譲受人である。

16.　　第 062 号特許は、原告 LP Matthews に譲渡された。

### 被告 BBW に対する特許権侵害の訴因

17.　　情報および信じるところによれば、被告 BBW は、オレンジ油を含有する製品の製造、使用、売り出しおよび販売（もしくはそのいずれか）をすることより、第 062 号特許の一つまたは複数の請求項を、これまでに侵害し、また現在も侵害しており、当裁判所による命令がないかぎり今後も侵害し続けるであろう。

18.　　情報および信じるところによれば、被告 BBW は、第 062 号特許の実際の知識を持っており、故意、意図的、および意識的に第 062 号特許の一つまたは複数の請求項を侵害している。

### 被告花王に対する特許権侵害の訴因

19.　　情報および信じるところによれば、被告花王は、オレンジ油を含有する製品の製造、使用、売り出しおよび販売（もしくはそのいずれか）をすることより、第 062 号特許の一つまたは複数の請求項を、これまでに侵害し、また現在も侵害しており、当裁判所による命令がないかぎり今後も侵害し続けるであろう。

20.　　情報および信じるところによれば、被告花王は、第 062 号特許の実際の知識を持っており、故意、意図的、および意識的に第 062 号特許の一つまたは複数の請求項を侵害している。

### 陪審裁判

21.　　LP Matthews は、本訴訟において陪審裁判の可能な全ての争点について、謹んで陪審裁判を請求する。

### 救済請求趣旨申立て

　　　従って、LP Matthews は、同社に対して有利であり、被告 BBW および花王に対して不利な判決登録を嘆願し、LP Matthews に以下の救済が与えられることを謹んで要請する。

A.　　合衆国法律集第 35 編第 283 条に従い、BBW、その役員、代理人、使用人、および従業員、ならびにそのいずれかと実際に協力関係にあるかまたはそれに関与する者に対して、第 062 号特許の侵害の禁止を命ずる終局的差止命令が出されること。

B.　　合衆国法律集第 35 編第 284 条に従い、BBW の第 062 号特許権利侵害に対して、LP Matthews を補償するのに十分な、適切とされるロイヤルティを下回らない額の損害賠償が付与されること。

C.　　合衆国法律集第 35 編第 284 条に従い、本書に主張される、BBW による故意、意図的、および意識的な侵害に対して、かかる損害賠償が三倍額賠償されること。

D.　　合衆国法律集第 35 編第 283 条に従い、花王、その役員、代理人、使用人、および従業員、ならびにそのいずれかと実際に協力関係にあるかまたはそれに関与する者に対して、第 062 号特許の侵害の禁止を命ずる終局的差止命令が出されること。

E.　　合衆国法律集第 35 編第 284 条に従い、花王の第 062 号特許権利侵害に対して、LP Matthews を補償するのに十分な、適切とされるロイヤルティを下回らない額の損害賠償が付与されること。

F.　　合衆国法律集第 35 編第 284 条に従い、本書に主張される、花王による故意、意図的、および意識的な侵害に対して、かかる損害賠償が三倍額賠償されること。

G.　　合衆国法律集第 35 編第 284 条に従い、判決前利息が与えられること。

H.　　公判で確定される損害期間以降の、第 062 号特許の権利侵害期間についての、判決後の公正な損害賠償清算。

I.　　LP Matthews の訴訟費用。

J.　　当裁判所が適切とみなすその他の救済。

RFL1-2836783-1

4

日付：2005 年 2 月 2 日

Frederick L. Cottrell, III（フレデリック
L．コットレル III)　(#2555)
Alyssa M. Schwartz（アリッサ M. シュ
ワルツ）　(#4351)
Richards, Layton & Finger, P.A.
One Rodney Square,
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
原告 LP Matthews, L.L.C.側弁護士

弁護士：

Ronald J. Schutz（ロナルド J. シュッツ）
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Robert A. Auchter（ロバート A. オークター）
Jason R. Buratti（ジェイソン R. ブラッティ）
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, N.W.
Washington, D.C. 20006
(202) 775-0725

証拠書類　A

米国特許 [19]

グリーンスパン他（Greenspan, et al.）

[11] 特許公開番号：　　　　　5,063,062

[45] 特許日付：　　　1991 年 11 月 5 日

[54]　オレンジ油配合洗浄性組成物
[75]　発明者：　　ダグラス H. グリーンスパン
　　　　　　　　　（Douglas H. Greenspan）、ルイビ
　　　　　　　　　ル；
　　　　　　　　　フィリップ A. ロー（Phillip A.
　　　　　　　　　Low）、リトルトン、どちらもコロラ
　　　　　　　　　ド州
[73]　出願人：　　D. グリーンスパン（D.
　　　　　　　　　Greenspan）；W. イングラム（W.
　　　　　　　　　Ingram）、どちらもカリフォルニア
　　　　　　　　　州ルイビル
[21]　出願番号：　413,395
[22]　出願日::　　1989 年 9 月 27 日
[51]　国際分類第 5 版 ........................... A61F 013/00
[52]　米国分類 ........................... 424/443; 424/195.1;
　　　　　　　424/401; 252/142; 514/783; 514/846
[58]　検索の分野： ................. 424/443,401; 514/783
[56]　　　　　　　引用した参考文献

米国特許文献

4,014,995　3/1977　Juliano 他 .......... 514/783
4,533,487　8/1985　Jonces ................... 252/173
4,620,937　11/1986　Dellutri ............... 252/162

その他の刊行物

「脱脂剤としての D. リモネン」リチャード L.
コールマン、『かんきつ類産業』第 56 巻 11 号、
1975 年 11 月 23～25 ページ（D. Limonene as a
Degreasing Agent Richard L. Coleman, The
Citrus Industry, vol. 56, No. 11, Nov., 1975, pp.
23-25.）

主審査官―サーマン K. ページ（Thurman K. Page）
審査官補―ジェームズ M. スピア（James M. Spear）
代理人、弁理士または事務所―ティモシー J. マー
ティン（Timothy J. Martin）

[57]　　　　　　　　要約書

オレンジ油、医薬品として容認できる保湿剤、および
乳化剤を含有する皮膚洗浄用の洗浄性組成物で、オ
レンジ油は、容積で 5%～60%を占めることが好ましく、
この成分は、容積で 40%のオレンジ油を含有している
ことがさらに好ましい。保湿剤は、グリセリン、アロエ、
ホホバ油、ベニバナ油またはその組み合わせのいず
れかである。乳化剤は、オートミールであることが好ま
しい。この組成物の pH 値は 4.5～6.0 の間であり、また
この組成物は、ウェットナプキンとして密封パケットに
入れて包装できる。

請求項数 12、図面なし

5,063,062

オレンジ油配合洗浄性組成物

発明の利用範囲

　本発明は、概して、タール、コーキング材、シーラント、接着剤、およびこれに類するものなどの不要な物質を除去する目的での、人の皮膚組織への外部用途に適した洗浄性組成物に関連する。ただし、さらに具体的に言えば、本発明は、植物をベースとする成分のみを利用した天然洗浄性組成物を対象としている。従って、本発明は特に、人の皮膚についた非水溶性物質の安全で効果的な洗浄用に適合される。

発明の背景

　汚れや不要な物質を除去するための皮膚組織への外部用途には、非常に多様な洗浄性組成物が知られている。これらの洗浄性組成物には、各種の固形せっけんや液状せっけんがあり、これらは人の皮膚、特に手の洗浄に使用可能である。ところが、手を汚していると考えられる数多くの物質は、普通のせっけん成分には反応しない。除去が困難な物質の例には、グリース、タール、油、インク、コーキング材、接着剤、シーラント、ゴム、化粧品およびその他の非水溶性の物質などがある。

　これらの物質用の洗浄性組成物がいくつか開発されてきたが、一般的なクリーナーは、刺激性が強く、特に長期に渡って使用すると皮膚を損傷しうる。これらの化合物の例としては、テレピン油、アセトン、トルエンをはじめ、その他の石油生成物や、アンモニアを主成分とする製品などがある。ところが、これらの製品は、しばしば皮膚を損傷することがあり、また他に高いレベルの毒性を示すことがある。その上、使用中に吸入した場合、これらの石油三成物は、呼吸器の損傷を招くこともある。皮膚を通して吸収されると、石油生成物は、人体の主な器官の損傷を招くことがあり、また、適用箇所に皮膚の乾燥や剥けけといったそれほど深刻ではない副作用が発生することがある。こうして、石油は天然の物質であるが、人体にとって毒物学的には健全とはいえないことが認識されるべきである。従って、皮膚の洗浄用に適切な代替物質を探すためのかなりの努力がなされてきた。一部の合成的に生成された物質が開発されたが、これらの物質の多くは医学的に疑問があり、一部の場合では、副作用が発生して、日常的な使用には不適切なものがある。

　オレンジの外皮から抽出される天然物質としてのオレンジ油は、過去において、いくらかの洗浄力があることが認識されてきた。ところが、本発明以前には、人の皮膚の洗浄用途にオレンジ油が適しているとは考えられていなかった。オレンジ油はそれ自体では、皮膚に刺激があり組織の炎症を招くことがある。単独で使用するとき、オレンジ油からのにおいが、頭痛、めまい、その他の副作用の原因となることがある。従って、別の方法では皮膚組織からの除去が困難な合成物の洗浄に、オレンジ油単体または他の物質との組み合わせが有効であることを証明できるかが明白ではなかったため、むしろ、過去における努力は、オレンジ油と他の洗浄溶剤を組み合わせて、床クリーナー、ガラス クリーナー、およびこれに類するものを生成することに向けられてきた。

　上記のことから、せっけん以外の皮膚洗浄剤の従来的な開発の重点は、石油生成物やアンモニアを主成分とする製品に向けられ、また業界では皮膚洗浄剤の成分としてのオレンジ油の潜在性は無視されてきたことが理解されるべきである。より優れたクリーナーの必要性が長く感じられてきたにもかかわらず、このようにオレンジ油の適合性は認識されず、主題の発明の発明者は、業界で広く採用されている探求の方向性に反して、この物質を調査することで成果を収めた。

発明の要約

　本発明の目的は、人の皮膚洗浄用に新しい有用な化合物を提供することである。

　本発明の別の目的は、グリース、コーキング、接着剤、シーラント、タール、油、インク、およびこれに類するものなど非水溶性の物質の洗浄に適した皮膚の洗浄化合物を提供することである。

　本発明のさらにまた別の目的は、無毒性の皮膚洗浄性組成物を提供することである。

　本発明のさらなる目的は、天然の植物資源から抽出される皮膚洗浄性組成物を提供することである。

　さらに本発明のまた別の目的は、不要な物質を人の皮膚から除去するだけでなく、人の皮膚を洗浄し活性化する作用もある皮膚洗浄性組成物を提供することである。

　さらに、本発明は、人の組織の外部用途に適合させた皮膚洗浄性組成物を提供する。おおまかには、この組成物は、容積で五（5）％～六十（60）％のオレンジ油である第一の成分、人の皮膚用に医薬品として容認できる保湿剤である第二の成分、および乳化剤である第三の成分から構成される。保湿剤は、グリセリン、アロエ、ホホバ油、およびベニバナ油から構成される群から選択することが好ましい。さらに、乳化剤は、エモリアント（皮膚軟化剤）としても機能することが好ましい。乳化剤は、天然の穀物由来であることが好ましく、オートゴムまたはオートミールのいずれかであることが好ましい。さらに、第一、第二および第三の成分は、結果として生成される皮膚洗浄性組成物のpH値の範囲が4.5と6.0の範囲となるような比率で、選択・混合さ

5,063,062

れることが好ましい。この目的で、第四の成分を、緩衝作用のある化合物（緩衝剤）の形でこの組成物に加えることもできる。

好ましい実施例によるさらに具体的な組成物において、洗浄性組成物は、容積で四十五（45）%以下のオレンジ油、容積で四十五（45）%以下の乳化剤および医薬品として容認できる保湿剤から構成される。この洗浄性組成物において、好ましい乳化剤はオートミールで、好ましい保湿剤は、ホホバ油、アロエおよびグリセリンの混合物で、容積比でおよそホホバ油 2、アロエ 2、グリセリン 1 の割合で混合したものである。さらに、保湿剤として、また安定した乳濁液の形成を助けるためにも、少量のベニバナ油を使用することが望ましい。

本発明のこれらの目的およびその他の目的は、下記の望ましい実施例の詳細な説明を考察することでさらによく認識・理解される。

## 望ましい実施例の詳細な説明

本発明は、皮膚組織上に利用され、その洗浄成分として、オレンジの外皮から抽出されるオレンジ油として知られる市販の物質を含有する、洗浄性組成物を対象とするものである。大まかには、組成物には、オレンジ油、乳化剤および医薬品として容認できる保湿剤が含まれる。本発明の好ましい組成を決定するために、異なる特性を有する一連のサンプルを評価して、望ましい pH 値の範囲を確立し、また適切な洗浄を得るために必要なオレンジ油の比率を確立した。これらの試験サンプルは、以下に記載するとおりである。

本発明に従っての洗浄性組成物の調査において、まず出願人は、オレンジ油、水、保湿剤およびビタミン E の混合物である数種の組成物を調査した。これらのサンプルは、オレンジ油の洗浄特性を試験し、保湿剤と混合したオレンジ油を評価するために生成されたものである。男性・女性からなる 10 名の試験グループが選抜され、これらのサンプルの結果を主観的に評価した。はじめに、そうした 3 つのサンプルを準備したが、組成物は下記にサンプル I〜III として記載したとおりである。

### サンプル I

| 成分 | 容量百分率<br>（概略値） |
|---|---|
| オレンジ油 | 39 |
| 水 | 33 |
| グリセリン* | 12 |
| アロエ* | 12 |
| ホホバ油* | 3 |
| ビタミン E | 1 |

*保湿剤全体の占める割合は、容積で約 27%である。

### サンプル II

| 成分 | 容量百分率<br>（概略値） |
|---|---|
| オレンジ油 | 34.5 |
| 水 | 27.5 |
| グリセリン* | 17 |
| アロエ* | 14 |
| ホホバ油* | 3.5 |
| ビタミン E | 3.5 |

*保湿剤全体の占める割合は、容積で約 34.5%である。

### サンプル III

| 成分 | 容量百分率<br>（概略値） |
|---|---|
| オレンジ油 | 37 |
| 水 | 26 |
| グリセリン* | 14.75 |
| アロエ* | 14.75 |
| ホホバ油* | 3.5 |
| ビタミン E | 4 |

*保湿剤全体の占める割合は、容積で約 33%である。

これらのサンプルを試験グループに提示する前に、出願人は、酸性や塩基性が強すぎる組成物を避けるのが望ましいと考えられていたため、サンプルの相対的な酸性度を試験した。サンプルとの相関関係を示す、この酸性度測定値の結果を、下記の表 1 に記載した。

### 表 1

| サンプル | pH<br>（概略値） |
|---|---|
| I | 4.5 |
| II | 5 |
| III | 4.7 |

各サンプル I〜III において、それぞれの成分を、乳濁液を形成する目的で混合した。ところが、各サンプルにおいて、初期的に、約 1〜2 日後に乳濁液の分離、つまり「分解」するという問題がみられた。サンプルの再混合はごく簡単であったため、サンプル I〜III を試験グループに渡して評価を依頼した。一般的に、組成物の結果は、サンプル I〜III のどれについても良好で、ポリウレタンやシリコーンベースのコーキング材、タール、グリース、油および接着剤（いずれも除去が難しいとされる産業用物質）は、人の手から簡単に除去された。試験グループの 10 人全員が、遜色のない洗浄特

5,063,062

性を報告するとともに、また2週間の化合物使用期間後も、手の柔らかさが残ったとの報告をした。実際に、試験グループのある特定の男性メンバーは他の溶剤の使用が原因で手が乾燥していたが、2週間の使用後、手のきめと柔らかさに相当な改善を認めた。試験グループのどのメンバーからも、アレルギー反応は報告されなかった。

手の洗浄および保湿効果において、試験サンプルI〜IIIに十分な性能があることを確認した後、時間経過とともに分離しないようにオレンジ油と保湿剤乳濁液を安定化しうるかどうかの判断が必要となった。ある天然成分が乳化剤としての役目を果たしうるかどうかを判断するために、出願人は、穀物から抽出される物質を乳化剤として選択した。この目的で、出願人は、オートミールガムおよびオートミールが主要な乳化剤として作用するかを試験した。従って、さらに2種の試験サンプル、サンプルIVおよびVを下記の組成に準備した。

サンプルIV

| 成分 | 容量百分率<br>（概略値） |
| --- | --- |
| オレンジ油 | 42.75 |
| アロエ* | 7 |
| ホホバ油* | 3.5 |
| ベニバナ油* | 4 |
| オートミールガム | 42.75 |

*保湿剤全体の占める割合は、容積で約14.5%である。

サンプルV

| 成分 | 容量百分率<br>（概略値） |
| --- | --- |
| オレンジ油 | 36.5 |
| アロエ | 14 |
| ホホバ油* | 14 |
| グリセリン* | 7 |
| ベニバナ油* | 0.5 |
| オートミール | 28 |

*保湿剤全体の占める割合は、容積で約35.5%である。

サンプルIVおよびVでは、ビタミンEと水の両方が組成物から除外されているのに気づくかもしれないが、サンプルIVのオートミールガムおよびサンプルVのオートミールにはどちらもそれぞれいくらかの水が含まれていることに注意すべきである。サンプルIVでは、オートミールガムは、押しオート麦を水で煮て、その結果できる塊を濾して外皮を除去することで準備した。サンプルVでは、押しオート麦を、水で煮て、その結果できる塊（約50%の水分を含有）を使用して組成物を準備した。相対的に等しい分量のオレンジ油とオート麦由来の物質を使用して、少量のベニバナ油を加えた。ここでも、相対的酸性度を試験し、サンプルIVのpH値は、約5.0で、サンプルVのpH値は5.5であることが分かった。

サンプルIVおよびVを、試験グループに渡して洗浄効果と保湿力を評価してもらった。さらに、乳濁液が分離するかどうかを判断するために、この2つの組成物の観察を行った。この研究の結果から、サンプルIVの乳濁液が約7日後に分離し、サンプルVによる乳濁液は観察した期間（数ヶ月）において分離しないことが判断された。試験グループは、サンプルIVおよびVの洗浄特性は、サンプルI〜IIIの洗浄特性ほぼ（全く同一でない）同様の効果があることを認めたが、洗浄効果はサンプルI〜IIIの約90%であると推定される。サンプルIVに関しては、試験グループは、手は荒くはならなかったものの、そのサンプルを手につけても心地よさは感じられなかったと報告している。サンプルVに関しては、試験グループは、この乳濁液は、手につけたときに心地よさを感じただけでなく、約5日間の規則正しい使用期間にも手の柔らかさが残ったと報告している。いずれの場合にも、乳濁液は、皮膚についたシリコーンやポリウレタンベースのコーキング材をはじめ、油やグリースなどを含めたコーキング材やタールを全て洗浄することができた。オレンジ油の量をわずかに増やし、残りの成分は一定にして、サンプルVと類似した組成物についてさらに試験を実施し、これを乳濁液が分離するまで続けた。これらの組成物では、オレンジ油が容積で組成物の約38%を占めると乳濁液が分離することがわかった。

上記のことから、出願人は、サンプルVは、乳濁液の安定性、洗浄効果、および表皮効果を最もよく併せ持っていると判断した。従って、サンプルVを基準として使用して、オレンジ油の分量を調整（乳濁液が分離するかどうかは無視）して、組成物を人の手につけたとき心地よさを感じる有効なpH範囲を決定した。下記にサンプルVI〜IXとして記載した最初のサンプル群は、サンプルVよりも酸性度が低くなるように準備し、下記にサンプルX〜XIIIとして記載した第二の試験サンプル群は、サンプルVよりも酸性度が高い組成物について試験したものである。サンプルVI〜IXは、サンプルVを単純に異なる量の重炭酸ナトリウムで緩衝することで準備した。結果として生成されるサンプルは、下記の表2に従うpH値となるように緩衝させた。

表2

| サンプル | pH<br>（概略値） |
| --- | --- |
| VI | 9.0 |

5,063,062

| VII | 8.0 |
| VIII | 7.0 |
| IX | 6.0 |

　サンプル VI〜IX のそれぞれは、試験グループにより評価された。サンプル VI および VII は、それぞれの組成物を最初に塗布して水でその組成物を除去すると、その直後に手が乾燥することが報告された。サンプル VIII および IX に関しては、試験グループは、サンプル VI や VII よりは程度が低いが望ましサンプル V よりは手の乾燥がみられることを報告した。これらの経験的観察をもとに、出願人は、少なくとも pH 6.0 の酸性度が望まれること、つまり、望ましい塩基性は、pH 6.0 を超えるべきではないと結論付けた。

　過度の酸性度についての試験組成物の評価をするために、出願人は、単に試験サンプル V におけるオレンジ油の量を増やし、残りの成分は一定に保ち、下記の表 3 に従って希望の酸性度レベルを得た。

表 3

| サンプル | pH（概略値） |
| X | 2.5 |
| XI | 3.0 |
| XII | 3.5 |
| XIII | 4.0 |

　試験サンプル X には容量百分率で約 80% のオレンジ油、サンプル IX には容積で約 70% のオレンジ油、サンプル XII には容積で約 60% のオレンジ油、サンプル XIII には容積で約 50% のオレンジ油がそれぞれ含まれている。

　オレンジ油単体では、優れた洗浄特性が示されたが、手がかなり乾燥・収斂（しゅうれん）した状態になったことがこれまでに分かっている。サンプル X〜XIII に関しては、いずれの場合にも、乳濁液は形成されなかった。試験グループは、サンプル X〜XIII のいずれも優れた洗浄特性を持つが、乳濁液は、少し使用しただけでも、手にかなりの収斂（しゅうれん）作用を感じたと報告した。従って、出願人は、乳化した成分の pH 値は約 4.5 であることが望ましいと結論付けた。こうして、出願人はさらに、本発明の好ましい実施例による組成物は、pH 値が 4.5 以上 6.0 以下であるべきであると結論付けた。

　上記の例で述べたとおり、サンプル V による乳濁液は、オレンジ油が容積で約 38% で分離した。洗浄特性をオレンジ油の百分率量の関数として評価するために、オレンジ油以外の成分の重量百分率は一定に保ち、オレンジ油の量を変化させて異なるオレンジ油の容量百分率となるようにして、追加のサンプルを準備した。従って、オレンジ油の容量百分率がそれぞれ約 5%、

10%、15%、および 25% となるようにサンプル XIV〜XVII を準備した。いずれの場合にも、乳濁液は安定したものであった。これらのサンプル XIV〜XVII を試験グループに渡し、洗浄効果を主観的に評価してもらった。サンプル XIV に関しては、試験グループは、洗浄特性ははかなり低減されたことを報告した。サンプル XIV は、タールやコーキング材を効果的に洗浄できず、実のところ、サンプル XIV は皮膚からの化粧品の除去のみに有効であった。サンプル XV は、最終的にはシリコーンコーキング材を除去しえたが、ポリウレタンコーキング材やタールは除去できなかった。サンプル XVI に関しては、試験グループは、サンプル V の約 50%〜60% の洗浄効果しかなく、皮膚の軟化という利点においても著しい増大はなかったことを報告した。サンプル XVII は、全ての試験材料の除去についてサンプル V の約 80% の洗浄効果があったが、この場合もサンプル V よりも皮膚が改善されるとの報告はなかった。

　これらの試験から、出願人は、化粧品に関しては、本発明による組成物は、容積でわずか 5% のオレンジ油でもよいが、洗浄性組成物は、容積で少なくとも 25% のオレンジ油を含有することが望ましいと結論付けた。

　保湿剤が組成物に対して何らかの影響を及ぼすかどうか、また pH が支配的な皮膚効果特性であるかどうかを判断するため、出願人は、さらに追加のサンプル、サンプル XVIII を準備したが、ここにおいて 100% のオレンジ油を重炭酸ナトリウムで緩衝させ、pH 値が 5.5 となるようにした。このサンプル XVIII を試験した結果、人の手が異常なまでに乾燥・収斂（しゅうれん）した状態になることが判断された。実際に、サンプル XVIII では、サンプル X と同程度の乾燥・収斂（しゅうれん）性があることが実証された。

　オレンジ油の量を増やすために、出願人は、さらにサンプル V を変形させたものを試験したが、ここにおいて、オレンジ油の量およびオートミールの量の両方を増やし、保湿剤の量を減らした。このサンプル XIX は、下記のとおり準備した。

サンプル XIX

| 成分 | 容量百分率（概略値） |
| オレンジ油 | 40.5 |
| アロエ* | 7.75 |
| ホホバ油* | 7.75 |
| グリセリン* | 4.5 |
| ベニバナ油* | 0.5 |
| オートミール | 39 |

*保湿剤全体の占める割合は、容積で 20.5% である。

5,063,062

サンプルXIXから、組成物に含まれるオレンジ油が容積で約45%になるまで、オート麦種子由来の物質の増加に対応させて、オレンジ油を増加させることができることを結論付けた。オレンジ油の量がこの基を超えると、保湿剤が減少して、好ましい発明による手の洗浄性組成物の持つ軟化作用が打ち消されることになる。

他の物質を利用して、下記にサンプルXX〜XXIIIとして記載したその他のサンプルを準備した。これらのサンプルは下記のとおりである。

サンプルXX

| 成分 | 容量百分率（概略値） |
|---|---|
| オレンジ油 | 50 |
| オリーブ油 | 25 |
| ホホバ油 | 25 |
| 重曹 | 微量 |

サンプルXXI

| 成分 | 容量百分率（概略値） |
|---|---|
| オレンジ油 | 50 |
| グリセリン | 50 |

サンプルXXII

| 成分 | 容量百分率（概略値） |
|---|---|
| オレンジ油 | 50 |
| アロエ | 50 |

サンプルXXIII

| 成分 | 容量百分率（概略値） |
|---|---|
| オレンジ油 | 12.5 |
| ビタミンE | 87.5 |

サンプルXXのpH値は約8.5であることがわかった。一方、サンプルXXは、洗浄については効果的であるとみなされるが、サンプルVに比べると洗浄効果はいくらか劣り、組成物は皮膚からぬぐったときに乾燥した状態を残す。さらに、乳濁液はほとんど直ちに分離した。サンプルXXIおよびXXIIに関しては、どちらのサンプルも手に粘着性の残留物が残ったが、洗浄効果についてはサンプルVとほぼ同等であった。サンプルXXIのpH値は、2.0をわずかに上回り、サンプルXXIIのpH値は約3.5であった。こうして、アロエにはオレン

ジ油の酸性度に対していくらかの緩衝効果があることが観察された。サンプルXXIとXXIIはそれぞれ、かなりの収斂（しゅうれん）性があり、水で洗った後に試験グループの手に乾燥状態が残った。サンプルXXIIIに関しては、このサンプルは、化粧品の除去には効果的であることが実証されたが、コーキング材、接着剤、タール、およびこれに類似するものなど、より粘度の高い産業用物質の除去には効果がなかった。ただし、オレンジ油およびビタミンEは、分離することなく混合され、結果としての酸性度はpH 5.0であった。

上述の全てのサンプルから導かれた情報から、出願人は、グリセリンおよびベニバナ油はどちらも望ましい組成物において望ましいと判断した。一方、グリセリンは、乳濁液を安定化するだけでなく、保湿剤としての役目を果たすとみられるが、その一方で、ベニバナ油は、乳化安定剤、乳化剤および保湿剤の役目を果たすとみられる。

上記のことから、出願人は、人の皮膚についた不要な物質の洗浄に使用するためには、サンプルVおよびサンプルXIXに記載した組成物を好ましいものとする。この好ましい組成物の投与を試験するために、出願人は、この化合物を、乳濁液として皮膚に直接塗布し、水で洗って乳濁液を手から除去した。さらに、出願人は、紙、布、およびこれに類似した標準的な吸収材料で形成されたナプキンにこの乳濁液を浸して、ナプキンに洗浄性組成物を染み込ませることに成功した。これらのナプキンは、業界で知られている標準的なホイル包装で密閉して、利用者が予め湿らせておいたナプキンを用いて前記の不要な物質を皮膚から簡単に除去することができるようにすることが可能である。これは、水がすぐに手に入らない状況で特に有用である。さらに、予め湿らせておいたナプキンを個別パケットで包装すれば、携帯および職場での使用に便利である。

上記から、発明者は、適切な皮膚洗浄性組成物を準備できると結論付けたが、これは、容積で5%〜60%のオレンジ油である第一の成分、人の皮膚用の医薬品として容認できる保湿剤である第二の成分、乳化剤である第三の成分を含有する皮膚用組成物である。保湿剤は、グリセリン、アロエ、ホホバ油、ベニバナ油の群から選択した単一または複数の保湿剤であることが好ましい。ただし、通常の技能を有する化学者が本発明の技法に従い、過度の実験をすることなく開発可能な医薬品として容認できるその他の保湿剤は、本発明の範囲に含まれる。こうした保湿剤の一例にステアリン酸グリセリンがある。こうして、これらのその他の組成物は、別途に具体的に制限されない限り、本明細書および添付の請求項の両方において、一般的な「保湿剤」という語句に含まれることが意図される。いかなる場合

5,063,062

でも、結果としての組成物の pH 値は 4.5 から 6.0 であり、必要に応じてアロエ、または重曹などの緩衝剤を利用して緩衝できることが望ましい。

従って、本発明を、本発明の好ましい実施例に対してある程度の詳細を交えて記述した。ただし、本発明は、下記の請求項を従来の技術に照らして解釈することにより定義されることが認識されるべきで、本書に記載された発明の概念から逸脱することなく、本発明の好ましい実施例に対する改良や変更がなされうる。

下記のとおり請求する。

1. 人の組織の外部用途に適合させた皮膚洗浄性組成物で、容積で五 (5) ％〜六十 (60) ％のオレンジ油である第一の成分、人の皮膚用に医薬品として容認できる保湿剤である第二の成分、およびオート麦種子由来の物質の形態の乳化剤である第二の成分から構成されるもの。

2. 請求 1 による皮膚洗浄性組成物で、この保湿剤が、グリセリン、アロエ、ホホバ油、およびベニバナ油で構成される群から選択されるもの。

3. 請求 1 による皮膚洗浄性組成物で、このオート麦種子由来の物質がオートゴム (oat gum) とオートミールのいずれかであるもの。

4. 請求 1 による皮膚洗浄性組成物で、この第一、第二および第三の成分が、結果として生成される皮膚洗浄性組成物の pH 値の範囲が 4.5 以上 6.0 以下の範囲となるような比率で、選択・混合されるもの。

5. 請求 1 による皮膚洗浄性組成物で、第四の成分として、緩衝作用のある化合物 (緩衝剤) の形で、結果として生成される皮膚洗浄性組成物の pH 値の範囲が 4.5 以上 6.0 以下の範囲で均衡するような比率で、この組成物に含むもの。

6. 人の組織の外部用途に適合させた皮膚洗浄性組成物で、オレンジ油、人の皮膚用に医薬品として容認できる保湿剤、および乳化剤としてオート麦種子由来の物質から構成され、この組成物の pH 値が 4.5 以上 6.0 以下であるもの。

7. 請求 5 による皮膚洗浄性組成物で、緩衝作用のある化合物 (緩衝剤) を含むもの。

8. 請求 5 による皮膚洗浄性組成物で、この保湿剤がグリセリン、アロエ、ホホバ油、ベニバナ油、およびステアリン酸グリセリンから構成される群から選択されるもの。

9. 人の皮膚用に洗浄性組成物で、容積で四十五 (45) ％以下のオレンジ油、容積で四十五 (45) ％以下のオートミールおよび医薬品として容認できる保湿剤から構成されるもの。

10. 請求 8 による洗浄性組成物で、この保湿剤がホホバ油、アロエおよびグリセリンの混合物であるもの。

11. 請求 1 による洗浄性組成物で、この混合物に、容積比でホホバ油 2、アロエ 2、グリセリン 1 の割合で含まれるもの。

12. 請求 9 による洗浄性組成物で、この混合物にベニバナ油が含まれるもの。

* * * * *

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2005, the attached **AFFIDAVIT OF**

**SERVICE** was served upon the below-named counsel of record at the address and in the manner

indicated:

Richard L. Horwitz, Esquire                                    VIA ECF FILE & SERVE
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951

Arthur I. Neustadt, Esquire                                    VIA ELECTRONIC MAIL
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                                  VIA ECF FILE & SERVE
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19899

John Ward, Esquire                                             VIA ELECTRONIC MAIL
Ward & Olivo
708 Third Avenue
New York, NY  10017


                                                 */s/ John G. Day*
                                                 _____
                                                 John G. Day