**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

LP MATTHEWS, L.L.C.          )
                                        )
           Plaintiff,           )
                                          )     Civil Action No. 04-1507-SLR
          v.                 )
                                          )
BATH & BODY WORKS, INC.; LIMITED  )
BRANDS, INC.; KAO BRANDS CO.     )
(f/k/a THE ANDREW JERGENS        )
COMPANY); and KAO CORPORATION  )
                                          )
          Defendants.        )
_____ )

## STIPULATED JOINT PROTECTIVE ORDER

WHEREAS, plaintiff LP Matthews, Inc. and defendants Kao Brands Company and Kao Corporation (collectively, "Kao") and defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively, "BBW") believe that certain information encompassed by discovery requests made in this Action may constitute trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure or local rules of the Court; and

WHEREAS, the parties believe that it would serve their interests to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED that:

1.     This Protective Order shall apply to all information, documents and things subject to discovery in this Action and within the possession, custody or control of the parties, or their related entities, and believed by a party or its related entity or nonparty to contain trade secrets or other confidential research, development and/or commercial information within the meaning of Rule 26(c) (hereafter "Confidential Material"), including, without limitation, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents produced, information obtained from inspection of premises or things, and answers to requests for admission, or information disclosed pursuant to subpoena under Fed. R. Civ. P. 45. As used herein, "Action" shall mean this litigation and any adjunct proceeding incident hereto before any other tribunal. Confidential Material shall include all information, documents, and things referring or relating to the foregoing, including but not limited to copies, summaries, or abstracts of the foregoing.

2.     In determining the scope of information which a party may designate as its Confidential Material, each party acknowledges the importance of client access to all party-specific

information material to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Confidential Material and responses to requests to permit further disclosure of Confidential Material shall be made in good faith.

3.    Nothing in this Protective Order shall preclude any party from disclosing or using, in any matter or for any purpose, any information which: (i) is public knowledge; (ii) was lawfully in the receiving party's possession prior to being designated as Confidential Material in this Action; or (iii) was obtained from a third party having the apparent right to disclose such information without restriction or obligation of confidentiality.  Such restrictions and obligations shall not be deemed to prohibit discussions regarding any Confidential Material with any person if said person already has or obtains legitimate possession thereof without restriction or obligation of confidentiality

4.    The producing party shall label or mark each document and thing that it deems to be Confidential Material with the legend "CONFIDENTIAL."

5.    The labeling or marking of a document with the designation "CONFIDENTIAL" shall be made when a copy of the document or thing is provided to the receiving party. Any such designation that is inadvertently omitted may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL," and such material shall be subject to this Protective Order as if it had been initially so designated. If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation in respect to the information disseminated.

6.    In the case of deposition upon oral examination or written questions, such testimony shall be deemed "CONFIDENTIAL" until the expiration of thirty (30) days after the deposition. Pages or entire transcripts of testimony given at a deposition or hearing may be designated as Confidential Material by an appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) days after the deposition.

7.    In the absence of written permission from the producing party or an Order of this Court, no Confidential Material, including material previously produced as confidential, shall be shown, nor shall the form or substance of the contents thereof be disclosed to or discussed with, any person other than:

      (a)    the United States District Court for the District of Delaware and its officers;

      (b)    counsel of record (including local and trial counsel), partners, associates and employees of counsel of record, including any member of the support staff assisting such counsel, independent legal translators retained by counsel of record to translate in connection with this Action,

      (c)    outside experts, consultants, or investigators (collectively, referred to hereinafter as "experts") who are engaged for the purpose of this Action by the party receiving such

2

information and their support personnel, but only after compliance with the provisions of paragraph 9 below;

(d)    court reporters taking testimony involving such Confidential Material and their support personnel; and

(e)    anyone else to whom the parties consent in writing.

8.    In the case of discovery from non-parties under Fed. R. Civ. P. 45, all discovery (document, deposition, or otherwise) shall be conducted on an outside counsel only basis (including local and trial counsel) unless the non-party agrees in writing that persons other than outside counsel may have access to Confidential Information.

9.    Counsel desiring to disclose Confidential Material to experts referred to in Paragraph 7(c) above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such party representative or expert, and such counsel shall retain in his/her files the original of each such signed undertaking. A copy of the proposed undertaking shall be forwarded to opposing counsel, and with respect to experts, shall be accompanied by a current curriculum vitae. The curriculum vitae should specify prior expert testimony for the past five years. No Confidential Material shall be disclosed to party representative, expert or consultant until after the expiration of a ten (10) business day period commencing with the receipt by opposing counsel of a copy of the proposed undertaking and curriculum vitae, provided, however, that if during that ten (10) business day period opposing counsel makes an objection to such disclosure, there shall be no disclosure of Confidential Material to such party representative or expert, except by mutual agreement of the parties or further order of the Court.

10.    Confidential Material shall not be made available to any person otherwise qualified to receive such information under the terms of this Protective Order until he or she shall have first received, read and agreed to be bound by this Order.

11.    No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

12.    To the extent that any Confidential Material subject to this Protective Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Material, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "CONFIDENTIAL INFORMATION FILED UNDER SEAL." All public versions shall be redacted in black line.

13.    Nothing herein shall restrict any person who is qualified to receive Confidential Material from making working copies, abstracts, digests or analyses of such information for use in connection with this Action and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with

3

this Action, provided that access to such information, in whatever form stored or reproduced, shall be limited to persons qualified to receive such information.

14.    Nothing in this Protective Order shall require disclosure of material which a party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity or any other applicable privilege. This shall not preclude any party from moving the Court for an Order directing the disclosure of such material.

15.    The acceptance by a party of documents or things designated as Confidential Material shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Fed. R. Civ. P.26(c), or some other basis. Documents and things designated as Confidential Material shall be treated in accordance with the provisions of this Protective Order, except that any party may at any time seek an Order from the Court determining that specified information or categories of information are not properly designated as Confidential, provided that prior to making such a motion the parties shall meet and confer in good faith to resolve any differences over the designation. On such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential Material in question is protectable under Fed. R. Civ. P.26 (c) or some other basis. A party shall not be obligated to challenge the propriety of a designation of Confidential Material at the time made, and failure to do so shall not preclude subsequent challenge. Should any party (or non-party) seek an Order from the Court to determine whether specified information or categories of information are not properly designated as Confidential Material, the claimed designation shall remain operative and respected by all the parties and non-parties pending the Court's ruling.

16.    Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents or information, including all copies thereof, shall be returned to the producing party immediately upon request. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned, provided, however, that the receiving party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact of the inadvertent production. In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify counsel for the party or non-party whose Confidential Material is at issue of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential Material from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Material in any form. Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

17.    The recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential

4

Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care. Each recipient of any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

18.    This Protective Order shall not prevent the parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves, subject to approval of the Court, to modifications of this Protective Order.

19.    Confidential Material shall be used solely for the purposes of this Action, subject to the provisions of this Protective Order and any further Order regarding confidentiality as the Court may enter. Confidential Material shall not be used for any purpose other than this Action.

20.    In the event that a party desires to provide access to or disseminate Confidential Material to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

21.    Within sixty (60) days after the final conclusion of this Action, including any appeals, all Confidential Material produced by any party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed. Counsel of record may retain, subject to the confidentiality provisions of this Protective Order, a copy of all correspondence, pleadings, motion papers, discovery responses, deposition, trial transcripts and exhibits, legal memoranda and work product.

22.    This Protective Order shall survive the final termination of this Action with respect to any retained Confidential Material.

23.    If a party wishes to use Confidential Material at the deposition of any witness not entitled to have access to such Confidential Material (for instance if Confidential Material may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential Material will be used as exhibits during examination), such party shall so obtain the consent of the party producing the Confidential Material, in advance where possible, and the failure of the examining attorney to obtain such consent shall not be grounds for delaying the deposition or progress of the deposition, without the consent of all persons attending or scheduled to attend the deposition. No consent is necessary if the witness is the author or recipient of the confidential material. The witness shall abide by the terms of this protective order.

24.    No copy of any transcript of any deposition which is designated, in part or in whole, as Confidential Material in accordance with paragraph 6 shall be furnished by any court reporter to any person other than to counsel of record and counsel for a non-party if the furnished transcript is of the non-party's own deposition (and further in accordance with paragraph 8 above). If any transcript or portions thereof are designated as Confidential Material are to be filed with the Court, the transcript or relevant portions thereof shall be filed with the Court under seal in accordance with paragraph 12.

STIPULATED AND AGREED this 11th day of August, 2005:

*Of Counsel:*

    Ronald J Schutz

    Robert A. Auchter

    Jason R. Buratti

    Robins, Kaplan, Miller & Ciresi L.L.P.

    1801 K Street, Suite 1200

    Washington, D.C.  20006

    Tel: (202) 736-2717

    Fax: (202) 223-8604

By:          */s/ John G. Day*

Steven J. Balick (I.D. # 2114)

John G. Day (I.D. # 2403)

222 Delaware Avenue, 17th Floor

P.O. Box 1150

Wilmington, DE  19899

Tel: (302) 654-1888

Fax: (302) 654-2067

Sbalick@ashby-geddes.com

Jday@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, Inc.*

*Of Counsel:*

    Arthur I. Neustadt

    Richard L. Chinn

    Oblon, Spivak, McClelland, Maier &

        Neustadt, P.C.

    1755 Jefferson Davis Highway

    Arlington, VA  22202

    Tel: (703) 413-3000

    Fax: (703) 413-2220

By:          */s/ Richard L. Horwitz*

Richard L. Horwitz (I.D. # 2246)

David E. Moore (I.D. # 3983)

Potter Anderson & Corroon LLP

1313 N. Market Street

Wilmington, DE  19899-0951

Tel: (302) 984-6000

Fax (302) 658-1192

Rhorwitz@potteranderson.com

Dmoore@potteranderson.com

*Attorneys for Defendants Kao Corporation and Kao Brands Company*

*Of Counsel:*

    John F. Ward

    David M. Hill

    Michael Zinna

    Ward & Olivo

    708 Third Avenue

    New York, NY  10017

    Tel: (212) 697-6262

    Fax: (212) 972-5866

By          */s/ Sheldon K. Rennie*

Francis G.X. Pileggi (I.D. # 2624)

Sheldon K. Rennie (I.D. # 3772)

Fox Rothschild L.L.P

919 North Market Street, Suite 1300

Wilmington, DE 19801

Tel: (302) 654-7444

Fax: (302) 654-8920

Fpileggi@foxrothschild.com

Srennie@foxrothschild.com

*Attorneys for defendants Bath & Body Works, Inc. and Limited Brands, Inc.*

**SO ORDERED:**

Dated: _____, 2005

_____

Chief Judge