IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-1507-SLR |
| v. ) | |
| ) | |
| BATH & BODY WORKS, INC.; LIMITED ) | |
| BRANDS, INC.; KAO BRANDS CO. ) | |
| (f/k/a THE ANDREW JERGENS ) | |
| COMPANY); and KAO CORPORATION ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NOTICE OF DEPOSITION PURSUANT TO
RULE 30(b)(6) OF DEFENDANT LIMITED BRANDS, INC.**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), the Court's Scheduling Order, and the Court's Local Rules, plaintiff LP Matthews, L.L.C., will take the deposition upon oral examination of Limited Brands, Inc. ("Limited Brands") through one (or more) of its representatives offered to testify for Limited Brands who is (or are) most knowledgeable with respect to the deposition topics set forth in the attached Schedule B. The deposition will commence at the offices of Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W. in Washington D.C. on October 17, 2005 at 9:00 a.m. or at another mutually agreed-upon time and location. The deposition will be taken upon oral examination before a court reporter, notary public, or other person authorized by the laws of the United States to administer oaths and will be recorded using stenographic, audiographic, and videographic means. The deposition will continue from day to day until concluded or as agreed to between the parties.

Limited Brands should (1) provide a written designation of the name(s) and position(s) of the person(s) designated to testify at least one week in advance of the date of deposition, and, (2)

at least two business days before the deposition, Limited Brands should produce pursuant to Fed. R. Civ. P. 34, any documents reviewed or considered in preparation for the deposition, except that documents produced in response to LP Matthews' discovery requests may be identified by production number.

ASHBY & GEDDES

/s/ *John G. Day*

--------

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office: 800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
Office: 202-775-0725

Dated: September 30, 2005
161956.1

## SCHEDULE A

### INSTRUCTIONS AND DEFINITIONS

A.  "The '062 patent" refers to United States Patent No. 5,063,062, entitled "Cleaning Compositions with Orange Oil."

B.  "Limited Brands" or "defendant" means Limited Brands, Inc., its officers, employees, counsel, agents, consultants, and representatives.

C.  The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiffs, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

D.  To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address.

E.  The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of Limited Brands.

F.  To "identify" any document or thing means:

   i.  to provide a brief description of such documents sufficient to support a request under Rule 34;

   ii.  to state the custodian of the document or the thing by name, job title, employer, and address; and

   iii.  to state the place where the document or thing may be inspected.

G.  "LP Matthews discovery requests" means LP Matthews' Rule 34 Requests and Interrogatories attached to this Notice.

H.   In construing the topics below, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## SCHEDULE B

## DEPOSITION TOPICS

1. Identification of the most likely custodians of documents or things, including electronic documents and things, that are called for by each of LP Matthews' discovery requests (attached).

2. The communication of LP Matthews' discovery requests from counsel to each custodian, including the date of each communication and the exact questions posed.

3. The search conducted by each custodian, including identification of each person to whom that custodian spoke and the search that person conducted.

4. The criteria used to identify, search for, or gather documents and things, including electronic documents and things, in response to LP Matthews' requests.

5. The locations from which, and persons from whom, documents and things, including electronic documents and things, were actually sought or gathered in response to LP Matthews' discovery requests.

6. Any otherwise responsive, non-duplicative, tangible or electronic documents and things called for by LP Matthews' discovery requests that exist but were excluded from discovery because they were **created on, stored on, or used with electronic media no longer in use, maintained in redundant or distant electronic storage media, involve substantial costs to retrieve or collect,** or for any other reason.

7. Any otherwise responsive, non-duplicative, tangible or electronic documents and things called for by LP Matthews' discovery requests that were excluded from discovery or production because they were **permanently deleted or destroyed in the ordinary course of business** (*e.g.* pursuant to a document retention policy), or for any other reason.

8.      Defendants' corporate structure **as that structure relates to** Defendants' search for or gathering of documents and things in response to LP Matthews' discovery requests.

9.      Defendants' disclosures made pursuant to the Court's Default Standard for Discovery of Electronic Documents **as those disclosures relate to** Defendants' search for or gathering of documents and things in response to LP Matthews' discovery requests, including the relevant electronic platforms and systems in place at all relevant times and the nature, scope, character, organization, and formats employed in each system.

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of September, 2005, the attached **NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF DEFENDANT LIMITED BRANDS, INC.** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | HAND DELIVERY |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | VIA ELECTRONIC MAIL |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE 19899 | HAND DELIVERY |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017 | VIA ELECTRONIC MAIL |

/s/ *John G. Day*
_____
John G. Day