# TAB 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04-1507-SLR |
| v. | ) | |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF RULE 34 REQUESTS
## TO DEFENDANTS BATH & BODY WORKS, INC. AND LIMITED BRANDS, INC.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff LP Matthews, L.L.C. requests that defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively "BBW") produce the documents and things requested herein at the law offices of Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Washington, D.C. 20006, or some other location as may be agreed to between the parties, within thirty (30) days of service of these Rule 34 requests. BBW should produce the responsive documents as they are kept in the usual course of business or organize and label them to correspond with the document requests to which they are responsive. If no responsive documents and things exist for a particular Rule 34 Request, LP Matthews requests that BBW so state in writing. If responsive documents and things for a particular Rule 34 request have already been produced, LP Matthews requests that BBW so state in writing.

If BBW withholds from production any documents and things on the basis of a claim of attorney-client privilege or work product immunity, LP Matthews requests that BBW provide to LP Matthews a list separately identifying each withheld document or thing and specifying: (1) the identity of all persons who prepared and signed the document; (2) the identity of all persons designated as addressees; (3) the identity of all persons who received any copy of the document; (4) the date of the document; (5) the subject matter of the document; (6) the type of document (memorandum, pamphlet, report, etc.); (7) for each disclosure outside of BBW's officers and contract employees, the identification and production number of any and all confidentiality agreements that govern the disclosure; and (8) the basis for withholding the document.

If BBW comes into possession, custody, or control of responsive documents and things between the time of service of these Rule 34 Requests and trial, LP Matthews requests that BBW supplement its production by promptly producing such documents.

## DEFINITIONS

A.    "The '062 patent" refers to United States Patent No. 5,063,062, entitled "Cleaning Compositions with Orange Oil."

B.    "BBW," "defendants," "you," or "your" refers to Bath & Body Works, Inc. and Limited Brands, Inc., their officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by Bath & Body Works, Inc. and Limited Brands, Inc., either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

C.    The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiffs, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

D.    To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address.

E.    The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of BBW.

F.    To "identify" any document or thing means:

　　　i.    to provide a brief description of such documents sufficient to support a request under Rule 34;

　　　ii.    to state the custodian of the document or the thing by name, job title, employer, and address;

　　　iii.    to state the place where the document or thing may be inspected; and

　　　iv.    if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

G.    Unless it otherwise appears from the context, a request for identity of a person relates to all persons in such classification or category.

H.    In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively

- 3 -

or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## <u>RULE 34 REQUESTS</u>

1.    Three representative samples from three different manufacturing lots of each of the following products:

a.    Davies Gate Lavender Oatmeal and Rice Bath;

b.    Davies Gate Oat Paste Face Cleanser;

c.    Davies Gate White Clover Oatmeal & Rice Bath;

d.    Davies Gate Lemon Thyme Oatmeal and Rice Bath;

e.    Murad Resurgence Sheet Lustre Day Moisture SPF 15;

f.    Murad Resurgence Age-Diffusing Serum;

g.    Murad Resurgence Age-Balancing Night Cream;

h.    Murad Skin Perfecting Lotion;

i.    Murad Acne Spot Treatment;

j.    Burt's Bees Citrus Facial Scrub;

k.    Burt's Bees Orange Essence Facial Cleanser;

l.    True Blue Spa Better Lather Than Never Bubble Bath and Shower Cream;

m.    True Blue Spa Good Clean Foam Face Wash;

n.    True Blue Spa Three-Ring Citrus Facial Scrub;

o.    Zia Ultimate Body Moisture;

p.    Zia Ultimate Eye Crème;

q.    Zia Ultimate Hydrating Mask;

r.    Pure Simplicity Ginger Rejuvenating Body Scrub;

s.     Pure Simplicity Oat Oil-Control Face Cleanser;

t.     Pure Simplicity Everlasting Flower Night Nourisher;

u.     Pure Simplicity Oat Oil-Control Face Moisturizer;

v.     Pure Simplicity Burdock Root Skin Mattifier;

w.     Pure Simplicity Ginger Rejuvenating Shower Foam;

x.     Pure Simplicity Fig Hydrating Body Bar;

y.     Pure Simplicity Ginger Rejuvenating Body Bar;

z.     Pure Simplicity Ginger Rejuvenating Body Lotion;

aa.     Pure Simplicity Fig Hydrating Body Balm;

bb.     Pure Simplicity Ginger Rejuvenating Body Balm;

cc.     Pure Simplicity Salt Toning Body Balm;

dd.     Pure Simplicity Cocoa Restorative Body Balm;

ee.     Pure Simplicity Fig Hydrating Hand & Nail Cream;

ff.     Pure Simplicity Ginger Rejuvenating Hand & Nail Cream;

gg.     Bath & Body Works Cool Citrus Basil Body Lotion;

hh.     Bath & Body Works Cool Citrus Basil Creamy Body Wash;

ii.     Bath & Body Works Mango Mandarin Body Lotion;

jj.     Bath & Body Works Mango Mandarin Skin Refining Body Scrub;

kk.     Bath & Body Works Mango Mandarin Skin Renewal & Anti-Aging Body Wash;

ll.     Bath & Body Works Mango Mandarin Creamy Body Wash;

mm.     Bath & Body Works Skin Repair & Healing Body Butter; and

nn.     Bath & Body Works Mango Mandarin Hand Repair & Healing Hand Cream.

2.    A representative manufacturing record for each of the products identified in Request No. 1 above.

3.    All documents that refer to, relate to, or reflect pH testing, the results of pH testing, and the analysis of those results for each of the products identified in Request No. 1 above, including testing, results or analysis during or after manufacture of those products.

4.    All documents that reflect the percentage by weight and volume of each ingredient of each of the products identified in Request No. 1 above.

5.    All documents that refer or relate to the function of each ingredient of each of the products identified in Request No. 1 above.

6.    Representative corporate organization charts for BBW, including parents, subsidiaries, affiliates, divisions, wholly owned business entities, predecessors or successors, sufficient to show: (a) the general organization of BBW and each such parent, subsidiary, affiliate, division, wholly owned business entity, predecessor or successor; (b) the names, addresses and telephone numbers of each past and present corporate officer and director of BBW and each such parent, subsidiary, affiliate, division, wholly owned business entity, predecessor, or successor; and (c) the detailed organization of each department, section, or group of BBW responsible for designing, developing, testing, manufacturing, exporting, importing, distribution, marketing, advertising, selling, or using a cosmetic product containing orange oil, including the products identified in Request No. 1 above.

7.    All marketing, pricing, advertising, sales, sales projection, market studies, licenses, memoranda of understanding, agreements, royalty payments, promotional documents or audio-visual aids relating to or referring to products that contain orange oil, including products identified in Request No. 1 above, whether the information originated from BBW or from

- 6 -

another entity.

8.   All BBW's annual and interim financial statements covering the years 1991 to the present.

9.   All documents that reflect gross and net sales figures and distribution (by unit sales volume and by dollar sales volume) since 1991, whether inside or outside the United States, for each product identified in Request No. 1 on a monthly, quarterly, and annual basis, or on whatever timeframe BBW regularly keeps records of gross and net sales figures and distribution records.

10.   All documents that reflect gross and net sales figures and distribution (by unit sales volume and by dollar sales volume) since 1991, whether inside or outside the United States, for each product that BBW makes, uses, sells, offers for sale, or imports into the United States that contains orange oil other than the products identified in Request No. 1 on a monthly, quarterly, and annual basis, or on whatever timeframe BBW regularly keeps records of gross and net sales figures and distribution records.

11.   All documents that constitute, relate to, or refer to BBW's document control and retention policies, including for its electronic documents.

12.   All documents that refer to, relate to, or constitute a patent licensing or royalty agreement entered into by BBW for cosmetic products since 1991.

13.   Documents sufficient to show the relationship between the parties to each patent licensing or royalty agreement entered into by BBW for cosmetic products since 1991, including but not limited to whether the parties are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

14.    Documents sufficient to show the extent to which BBW has made use of the invention of the patents identified in each patent licensing or royalty agreement entered into by BBW for cosmetic products since 1991.

15.    All documents that refer to, relate to, or constitute patent licensing or royalty agreements or provisions thereof considered but not entered into by BBW for cosmetic products since 1991.

16.    All documents that refer to, relate to, reflect, or constitute the licensing policies of BBW for cosmetic products since 1991.

17.    All documents that describe, refer, or relate to any royalty or license fees received or paid by BBW with respect to products that contain orange oil.

18.    All documents that refer to, relate to, reflect, or constitute the policies of BBW to maintain its patent monopolies by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

19.    All documents relating to the portion of the selling price that may be customary in the cosmetic sales industry, whether originating at BBW or from another entity, to allow for the use of analogous inventions to those inventions in the '062 patent.

20.    All documents that relate to pricing of the products identified in Request No. 1 above.

21.    All documents that refer to, relate to, or constitute opinions of counsel or legal advice by or for BBW regarding infringement, non-infringement, validity, invalidity, enforceability, or unenforceability of the '062 patent.

22.    All attorney work product underlying the documents requested in Request No. 25 above.

23.    All prior art to the '062 patent.

24.    All documents that refer to or relate to orange oil in cosmetic products.

25.    All documents that refer to or relate to oat grain derivatives in cosmetic products.

- 8 -

26.    All documents that BBW will offer at trial to support its claims or defenses.

27.    All documents that refer to, relate to, or constitute communications with any consultants retained to assist BBW regarding this litigation.

28.    All documents that relate to or refer to the factual allegations set forth in BBW's Answer to the Complaint.

29.    All documents that relate to or refer to the factual allegations set forth in BBW's Counterclaims.

30.    All documents that refer or relate to BBW's pre-filing investigation that support or refute the allegations made in Paragraphs 14 and 15 of BBW's Counterclaim.

31.    All documents considered, relied upon, referred to, or referenced in BBW's responses to LP Matthews' Interrogatories.

32.    All documents that refer to, relate to, or constitute communications between BBW personnel that concern this litigation.

33.    All factual information concerning the analyses of BBW formulas referred to in the January 26, 2005 email from M. Zinna to J. Buratti, attached.

34.    All documents that refer or relate to the results of the analyses of BBW formulas referred to in the January 26, 2005 email from M. Zinna to J. Buratti, attached.

35.    All factual information obtained from or given to BBW's third party vendors regarding the analyses of formulas referred to in the January 26, 2005 email from M. Zinna to J. Buratti, attached.

36.    All documents that refer or relate to the results of the analyses of third party formulas referred to in the January 26, 2005 email from M. Zinna to J. Buratti, attached.

37.    All factual information obtained from or given to any other of BBW's third party vendors

regarding the analyses of formulas identified in Request No. 1 above.

38.    All documents that refer or relate to the results of the analyses of third party formulas identified in Request No. 1 above.

39.    All confidentiality agreements that relate to the subject matter of this suit or that form any part of the basis of a claim of privilege for any information called for by any discovery request from LP Matthews to defendant.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC  20006

Dated: May 18, 2005
157381.1

## SBalick

| | |
|---|---|
| **From:** | Michael Zinna [zinnam@wardolivo.com] |
| **Sent:** | Wednesday, January 26, 2005 8:17 PM |
| **To:** | jrburatti@rkmc.com |
| **Subject:** | update |

Dear Mr. Buratti:

The status of our ongoing inquiry is as follows. We have analyzed the BBW formulas. About half of them will require further testing in order for us to determine whether all of the claim limitations are met. I expect those results by the end of next week.

With regard to the third parties, we have fully analyzed the formulas from Davies Gate and expect formulas from Murad by the end of this week. Our contact at Burt's Bees and I have been missing each other's calls, but we requested the relevant formulas from him in a letter late last week. I expect the information to be forthcoming once he and I can discuss the terms of the NDA, however, that may not be before the beginning of next week.

Obviously, you will do what you believe to be in your client's best interest, but we are diligently attempting to collect the relevant information so this matter can be resolved short of service – our client is not interested in unnecessary litigation.

Please let me know how your client will proceed. If they delay service, I will give you another update no later than next Thursday.

Very truly yours,

Michael Zinna

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2005, the attached **PLAINTIFF'S FIRST SET OF RULE 34 REQUESTS TO DEFENDANTS BATH & BODY WORKS, INC. AND LIMITED BRANDS, INC.** was served upon the below-named counsel of record at the address and in the manner indicated:

Richard L. Horwitz, Esquire                                 **HAND DELIVERY**
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951

Arthur I. Neustadt, Esquire                                 **VIA FEDERAL EXPRESS**
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                               **HAND DELIVERY**
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19899

John Ward, Esquire                                          **VIA FEDERAL EXPRESS**
Ward & Olivo
708 Third Avenue
New York, NY  10017

Steven J. Balick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LP MATTHEWS, L.L.C.,                    )
                                         )
                Plaintiff,               )
                                         )        Civil Action No. 04-1507-SLR
        v.                               )
                                         )
BATH & BODY WORKS, INC.; et al.,         )
                                         )
                Defendants.              )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 18th day of May, 2005, **PLAINTIFF'S**

**FIRST SET OF RULE 34 REQUESTS TO DEFENDANTS BATH & BODY WORKS,**

**INC. AND LIMITED BRANDS, INC.** was served upon the following counsel of record at the

address and in the manner

indicated:

Richard L. Horwitz, Esquire                    <u>HAND DELIVERY</u>
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market
Wilmington, DE 19801

Arthur I. Neustadt, Esquire                    <u>VIA FEDERAL EXPRESS</u>
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

Francis G.X. Pileggi, Esquire                  <u>HAND DELIVERY</u>
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE 19801

John Ward, Esquire                             <u>VIA FEDERAL EXPRESS</u>
Ward & Olivo
708 Third Avenue
New York, NY 10017

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC  20006

Dated: May 18, 2005
155563.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2005, the attached **NOTICE OF SERVICE** was served upon the below-named counsel of record at the address and in the manner indicated:

Richard L. Horwitz, Esquire                              **HAND DELIVERY**
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

Arthur I. Neustadt, Esquire                              **VIA FEDERAL EXPRESS**
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                            **HAND DELIVERY**
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19801

John Ward, Esquire                                       **VIA FEDERAL EXPRESS**
Ward & Olivo
708 Third Avenue
New York, NY  10017


                                    /s/ Steven J. Balick
                                    Steven J. Balick

CM/ECF LIVE - U.S. District Court:ded                                                      Page 1 of 1

## Discovery Documents

1:04-cv-01507-SLR LP Matthews LLC v. Bath & Body Works, et al

**U.S. District Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Balick, Steven entered on 5/19/2005 at 9:48 AM EDT and filed on 5/19/2005

**Case Name:**      LP Matthews LLC v. Bath & Body Works, et al
**Case Number:**    1:04-cv-1507
**Filer:**          LP Matthews LLC
**Document Number:** 30

**Docket Text:**
NOTICE OF SERVICE of Plaintiff's First Set of Rule 34 Requests to Defendants Bath & Body Works, Inc. and Limited Brands, Inc. by LP Matthews LLC.(Balick, Steven)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/19/2005] [FileNumber=44880-0]
[3c4cad74a4ccffc202f56508691d0c60b2081b6c3aaa582723144fc3e8486ede28c93
75b36f1a613795aa6d83d6013de13421e6304554f38f3f8a69cf5fd776a]]

**1:04-cv-1507 Notice will be electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, jday@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, sbalick@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

Richard L. Horwitz    rhorwitz@potteranderson.com, dmoore@potteranderson.com;nmcmenamin@potteranderson.com;achin@potteranderson.com;mbaker@

David Ellis Moore    dmoore@potteranderson.com, slynch@potteranderson.com

Francis G.X. Pileggi    fpileggi@foxrothschild.com, mrutkowski@foxrothschild.com

**1:04-cv-1507 Notice will be delivered by other means to:**

TAB 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1507-SLR |
| v. | ) | |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S SECOND SET OF RULE 34 REQUESTS
## TO LIMITED BRANDS, INC. AND BATH & BODY WORKS, INC. (NOS. 40-56)

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff LP Matthews, L.L.C. requests

that defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively "BBW")

produce the documents and things requested herein at the law offices of Robins, Kaplan, Miller

& Ciresi, L.L.P., 1801 K Street, N.W., Washington, D.C. 20006, or some other location as may

be agreed to between the parties, within thirty (30) days of service of these Rule 34 requests.

BBW should produce the responsive documents as they are kept in the usual course of business

or organize and label them to correspond with the document requests to which they are

responsive.  If no responsive documents and things exist for a particular Rule 34 Request, LP

Matthews requests that BBW so state in writing.  If responsive documents and things for a

particular Rule 34 request have already been produced, LP Matthews requests that BBW so state

in writing.

If BBW withholds from production any documents and things on the basis of a claim of

attorney-client privilege or work product immunity, LP Matthews requests that BBW provide to

LP Matthews within thirty (30) days of service of these Rule 34 requests a list separately

identifying each withheld document or thing and specifying: (1) the identity of all persons who

prepared and signed the document; (2) the identity of all persons designated as addressees; (3)

the identity of all persons who received any copy of the document; (4) the date of the document;

(5) the subject matter of the document; (6) the type of document (memorandum, pamphlet,

report, etc.); (7) for each disclosure outside of BBW's officers and contract employees, the

identification and production number of any and all confidentiality agreements that govern the

disclosure; and (8) the basis for withholding the document.

If BBW comes into possession, custody, or control of responsive documents and things

between the time of service of these Rule 34 Requests and trial, LP Matthews requests that BBW

supplement its production by promptly producing such documents.

## DEFINITIONS

LP Matthews incorporates the definitions in its First Set of Rule 34 Requests to BBW.

## RULE 34 REQUESTS

40.     Documents that refer or relate to the decision to include orange oil in each product

identified in Rule 34 Request No. 1, or identified in response to Interrogatory Nos. 2 and 8.

41.     Documents that refer or relate to the decision to include each moisturizer in each product

identified in Rule 34 Request No. 1, or identified in response to Interrogatory No. 8.

42.     Documents that refer or relate to the decision to include each oat grain derivative in each

product identified in Rule 34 Request No. 1, or identified in response to Interrogatory No. 8.

43.     Three representative samples of each product identified in response to Interrogatory

No. 8.

44.    A representative manufacturing record for each product identified in response to Interrogatory No. 8.

45.    All documents that refer to, relate to, or reflect pH testing, the results of pH testing, and the analysis of those results for each product identified in response to Interrogatory No. 8, including testing, results or analysis during or after manufacture of those products.

46.    All documents that reflect the percentage by weight and volume of each ingredient of each product identified in response to Interrogatory No. 8.

47.    All documents that refer or relate to the function of each ingredient of each product identified in response to Interrogatory No. 8.

48.    All documents that refer or relate to the function of orange oil in each product identified in response to Interrogatory No. 2.

49.    All marketing, pricing, advertising, sales, sales projection, market studies, licenses, memoranda of understanding, agreements, royalty payments, promotional documents or audio-visual aids relating to or referring to products that contain orange oil, including products identified in response to Interrogatory No. 8, whether the information originated from BBW or from another entity.

50.    All marketing, pricing, advertising, sales, sales projection, market studies, licenses, memoranda of understanding, agreements, royalty payments, promotional documents or audio-visual aids relating to or referring to products that contain orange oil, including products identified in response to Interrogatory No. 2, whether the information originated from BBW or from another entity.

51.    All documents that reflect gross and net sales figures and distribution (by unit sales volume and by dollar sales volume) since 1991, whether inside or outside the United States, for

each product identified in response to Interrogatory No. 8 on a monthly, quarterly, and annual basis, or on whatever timeframe BBW regularly keeps records of gross and net sales figures and distribution records.

52.    All documents that reflect gross and net sales figures and distribution (by unit sales volume and by dollar sales volume) since 1991, whether inside or outside the United States, for each product identified in response to Interrogatory No. 2 on a monthly, quarterly, and annual basis, or on whatever timeframe BBW regularly keeps records of gross and net sales figures and distribution records.

53.    All documents that relate to pricing of the products identified in response to Interrogatory No. 8.

54.    All documents that relate to pricing of the products identified in response to Interrogatory No. 2.

55.    All documents that refer to, relate to, or constitute communications between BBW personnel that concern products identified in Rule 34 Request No. 1, or identified in response to Interrogatory No. 8.

56.    All documents that refer or relate to the results of the analyses of BBW or third party formulas for products identified in response to Interrogatory No. 8.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C.*

- 4 -

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C.  20006
202-775-0725


Dated: August 10, 2005
160252.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2005, the attached **PLAINTIFF'S**

**SECOND SET OF RULE 34 REQUESTS TO LIMITED BRANDS, INC. AND BATH &**

**BODY WORKS, INC. (NOS. 40-56)** was served upon the below-named counsel of record at

the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | **HAND DELIVERY** |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | **VIA ELECTRONIC MAIL** |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE 19899 | **HAND DELIVERY** |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017 | **VIA ELECTRONIC MAIL** |

John G. Day

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1507-SLR |
| v. | ) | |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 10th day of August, 2005, **PLAINTIFF'S**

**SECOND SET OF RULE 34 REQUESTS TO LIMITED BRANDS, INC. AND BATH &**

**BODY WORKS, INC. (NOS. 40-56)** was served upon the following counsel of record at the

address and in the manner indicated:

Richard L. Horwitz, Esquire                                    <u>**HAND DELIVERY**</u>
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market
Wilmington, DE 19801

Arthur I. Neustadt, Esquire                                    <u>**VIA ELECTRONIC MAIL**</u>
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

Francis G.X. Pileggi, Esquire                                 <u>**HAND DELIVERY**</u>
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE 19801

John Ward, Esquire                                    <u>VIA ELECTRONIC MAIL</u>
Ward & Olivo
708 Third Avenue
New York, NY 10017


                                              ASHBY & GEDDES

                                              /s/ John G. Day
                                              _____
                                              Steven J. Balick (I.D. # 2114)
                                              John G. Day (I.D. # 2403)
                                              222 Delaware Avenue, 17th Floor
                                              P.O. Box 1150
                                              Wilmington, Delaware 19899
                                              302-654-1888
                                              sbalick@ashby-geddes.com
                                              jday@ashby-geddes.com

                                              *Attorneys for Plaintiff LP Matthews, L.L.C*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated: August 10, 2005
155563.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2005, the attached **NOTICE OF**

**SERVICE** was served upon the below-named counsel of record at the address and in the manner

indicated:

Richard L. Horwitz, Esquire                                    <u>HAND DELIVERY</u>
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

Arthur I. Neustadt, Esquire                                   <u>VIA ELECTRONIC MAIL</u>
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                                 <u>HAND DELIVERY</u>
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19801

John Ward, Esquire                                            <u>VIA ELECTRONIC MAIL</u>
Ward & Olivo
708 Third Avenue
New York, NY  10017

                                        <u>/s/ John G. Day</u>
                                        John G. Day

# TAB 3

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04-1507-SLR |
| v. | ) | |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANTS BATH & BODY WORKS, INC. AND LIMITED BRANDS, INC.

Pursuant to Federal Rule of Civil Procedure 33, defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively "BBW") are requested and required to furnish answers to the following Interrogatories to counsel for Plaintiff, LP Matthews, L.L.C., Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Suite 1200, Washington, D.C. 20006, within thirty (30) days of service of these Interrogatories. These Interrogatories are continuing and require supplemental answers if additional pertinent information is obtained. The following instructions and definitions are applicable to all Interrogatories contained herein.

### INSTRUCTIONS AND DEFINITIONS

A.    LP Matthews incorporates the definitions in its First Set of Rule 34 Requests to BBW.

B.    Each paragraph herein shall be construed independently and not referenced to another paragraph for the purpose of limitation.

C.    If any document is produced in response to an Interrogatory below, then pursuant to Federal Rule of Civil Procedure 33(d), designate the Interrogatory or Interrogatories to which each such document responds. If any information specified by an Interrogatory below is not available in the full detail requested, that Interrogatory shall be deemed to require information that is responsive in such detail as is available. In the event you provide an estimate in response to an Interrogatory, identify the estimate and describe the method by which the estimate was made. If you find the meaning of any term in these Interrogatories to be unclear, then assume a reasonable meaning, state what that assumed meaning is, and answer the Interrogatory on the basis of that assumed meaning.

D.    If all or any part of any Interrogatory is objected to as seeking privileged information, for each objection, state the Interrogatory to which the information responds and the nature of the privilege asserted. If all or any part of any document that is or otherwise would be produced pursuant to Federal Rule of Civil Procedure 33(d) in response to any Interrogatory is withheld under any claim of privilege, for each such claim provide the following: (1) the identity of all persons who prepared and signed the document; (2) the identity of all persons designated as addressees; (3) the identity of all persons who received any copy of the document; (4) the date of the document; (5) the subject matter of the document; (6) the type of document (memorandum, pamphlet, report, etc.); (7) for each disclosure outside of Kao's officers and contract employees, the identification and production number of any and all confidentiality agreements that govern the disclosure; and (8) the basis for withholding the document.

2

E.    If objection is taken to any Interrogatory, the grounds for the objection and the categories of information to which the objection applies should be stated with specificity and the request should be answered insofar as it is not deemed objectionable.

F.    Whenever the singular is used, it shall also be taken to include the plural, and vice versa. The words "and" and "or" shall be construed conjunctively or disjunctively to make the Interrogatories inclusive rather than exclusive. Regardless of the tense employed, all verbs shall be read as applying to past, present, and future as is necessary to make any phrase more, rather than less, inclusive.

G.    Each Interrogatory herein shall be construed independently and not referenced to another request for the purpose of limitation.

H.    The obligation imposed by these Interrogatories is, to the extent provided by Federal Rule of Civil Procedure 26(e)(2), continuing, so that any information acquired by defendant after its answers to these requests have been served shall be furnished to plaintiff promptly upon acquisition.

I.    "State the basis" as used in an Interrogatory that calls for defendant to state the basis for a particular claim, assertion, allegation, or contention, means that defendant shall: (1) describe in detail all facts that support the claim, assertion, allegation, or contention; (2) identify all documents, persons and other evidence that form any part of the source for and on which you rely to support your claim, assertion, allegation, or contention, including, where pertinent, the section, article, or subparagraph thereof, including, for example, designations of deposition testimony by page and line number, and identification of production documents by production number); (3) identify each person possessing information relating to the response to

3

the Interrogatory; (4) identify each and every communication which forms any part of the source

of defendant's information regarding the alleged facts or legal conclusions referred to by the

Interrogatory; (5) state separately the acts or omissions to act on the part of any person

(identifying the acts or omissions to act by stating their nature, time and place, and identifying

the person or persons involved), which form any part of defendant's information regarding the

alleged facts or legal conclusions referred to in the Interrogatory; and (5) state separately any

other fact or facts that forms the basis of defendant's information regarding the alleged facts or

legal conclusions referred to in the interrogatory and identify all documents concerning those

facts and all persons possessing information about those facts.

J.      "Date" means the exact day, month and year, if ascertainable, or, if not, the closest

approximation that can be made thereto by means of a relationship to other events, locations, or

matters. Identify each instance in which the given date is an approximation, and state your basis

for making such approximation.

## INTERROGATORIES

1.      Identify each person who possesses information from the timeframe of 1991 to present

concerning the composition, manufacture, use, sale, offer for sale or importation into the United

States of the products identified in LP Matthews' Rule 34 Request No. 1 to BBW and describe

the nature of the information possessed.

2.      Identify each product that defendant made, used, sold, offered for sale, or imported into

the United States since 1991 that contains orange oil.

3.      To the extent that you contend that any product identified in LP Matthews' Rule 34

Request No. 1 to BBW does not infringe the '062 patent, state the basis for that contention and

4

provide a detailed claim chart specifically identifying what claim element(s) you contend is (are) not met.

4.     To the extent that you contend that any claim of the patent-in-suit is invalid or unenforceable for failure to comply with the provisions of 35 U.S.C. §§101, 102, 103 and/or 112, or for any other reason, including without limitation, lack of utility, waiver, laches, abandonment, fraud, inequitable conduct, patent misuse, equitable estoppel, implied license, and/or new matter, state the basis for your contention.

5.     To the extent that you rely on any prior art reference or references to support a contention that any of the claims in the patent-in-suit are invalid, state the basis for your contention and provide the following information:

      (i)     For each claim of the patent-in-suit that you contend or may contend is invalid, identify the exact prior art reference or references on which you rely to support a contention that the claim in question is invalid, including providing a claim chart that identifies each claim element that you contend is met by the prior art and, if you contend the patent is invalid for obviousness, state how and where the motivation to combine prior art references is found;

      (ii)     For each individual element or feature of each claim of the patent-in-suit that you contend or may contend is invalid, designate precisely and specifically where that element or feature is disclosed in each of the said prior art references relied upon for any contended invalidity, and for any element or feature not shown or for any combination of references you employ to show alleged invalidity, explain any obviousness contentions you have under 35 U.S.C. § 103.

5

6.    If you contend that your infringement, if any, has not been willful or does not continue to be willful, state the basis for your contention and (i) state the date on which defendant first became aware of the patent-in-suit (or any foreign or United States patent application or patent related thereto), and (ii) identify all documents, persons and other evidence on which you rely to establish the date on which you first became aware of the patent-in-suit (or any foreign or United States patent application or patent related thereto).

7.    State your basis for the allegations in Paragraphs 14-15 of BBW's Counterclaim on the date that Counterclaim was filed.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated: May 18, 2005
157380.1

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2005, the attached **PLAINTIFF'S FIRST**

**SET OF INTERROGATORIES TO DEFENDANTS BATH & BODY WORKS, INC. AND**

**LIMITED BRANDS, INC.** was served upon the below-named counsel of record at the address

and in the manner indicated:

Richard L. Horwitz, Esquire                              **HAND DELIVERY**
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951

Arthur I. Neustadt, Esquire                              **VIA FEDERAL EXPRESS**
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                            **HAND DELIVERY**
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19899

John Ward, Esquire                                       **VIA FEDERAL EXPRESS**
Ward & Olivo
708 Third Avenue
New York, NY  10017

Steven J. Balick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LP MATTHEWS, L.L.C.,                    )
                                        )
            Plaintiff,                  )
                                        )        Civil Action No. 04-1507-SLR
      v.                                )
                                        )
BATH & BODY WORKS, INC.; et al.,        )
                                        )
            Defendants.                 )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 18th day of May, 2005, **PLAINTIFF'S**

**FIRST SET OF INTERROGATORIES TO DEFENDANTS BATH & BODY WORKS,**

**INC. AND LIMITED BRANDS, INC.** was served upon the following counsel of record at the

address and in the manner

indicated:

Richard L. Horwitz, Esquire                    <u>HAND DELIVERY</u>
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market
Wilmington, DE  19801

Arthur I. Neustadt, Esquire                    <u>VIA FEDERAL EXPRESS</u>
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                  <u>HAND DELIVERY</u>
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19801

John Ward, Esquire                             <u>VIA FEDERAL EXPRESS</u>
Ward & Olivo
708 Third Avenue
New York, NY  10017

ASHBY & GEDDES

/s/ Steven J. Balick

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated: May 18, 2005
155563.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2005, the attached **NOTICE OF SERVICE**
was served upon the below-named counsel of record at the address and in the manner indicated:

Richard L. Horwitz, Esquire                                   <u>HAND DELIVERY</u>
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801

Arthur I. Neustadt, Esquire                                   <u>VIA FEDERAL EXPRESS</u>
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

Francis G.X. Pileggi, Esquire                                 <u>HAND DELIVERY</u>
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE 19801

John Ward, Esquire                                            <u>VIA FEDERAL EXPRESS</u>
Ward & Olivo
708 Third Avenue
New York, NY 10017


                                        /s/ *Steven J. Balick*
                                        Steven J. Balick

## Discovery Documents

1:04-cv-01507-SLR LP Matthews LLC v. Bath & Body Works, et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Balick, Steven entered on 5/19/2005 at 9:46 AM EDT and filed on 5/19/2005

| | |
|---|---|
| **Case Name:** | LP Matthews LLC v. Bath & Body Works, et al |
| **Case Number:** | 1:04-cv-1507 |
| **Filer:** | LP Matthews LLC |
| **Document Number:** | 29 |

**Docket Text:**
NOTICE OF SERVICE of Plaintiff's First Set of Interrogatories to Defendants Bath & Body Works, Inc. and Limited Brands, Inc. by LP Matthews LLC.(Balick, Steven)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/19/2005] [FileNumber=44872-0]
[4e1422115ece9a5e6b99a376e7d4993cdf5ced561acc4c0e1a3b288ab4ec688a93ec6
16c22acc6967152623d073130acb1ad9449941f3af3a66452453c272e3a]]

**1:04-cv-1507 Notice will be electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, jday@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, sbalick@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

Richard L. Horwitz    rhorwitz@potteranderson.com,
dmoore@potteranderson.com;nmcmenamin@potteranderson.com;achin@potteranderson.com;mbaker@

David Ellis Moore    dmoore@potteranderson.com, slynch@potteranderson.com

Francis G.X. Pileggi    fpileggi@foxrothschild.com, mrutkowski@foxrothschild.com

**1:04-cv-1507 Notice will be delivered by other means to:**

TAB 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1507-SLR |
| v. | ) | |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO
## DEFENDANTS BATH & BODY WORKS, INC. AND LIMITED BRANDS, INC. (NO. 8)

Pursuant to Federal Rule of Civil Procedure 33, defendants Bath & Body Works, Inc. and

Limited Brands, Inc. (collectively "BBW") are requested and required to furnish answers to the

following Interrogatories to counsel for Plaintiff, LP Matthews, L.L.C., Robins, Kaplan, Miller &

Ciresi L.L.P., 1801 K Street, N.W., Suite 1200, Washington, D.C. 20006, within thirty (30) days

of service of these Interrogatories. These Interrogatories are continuing and require supplemental

answers if additional pertinent information is obtained. The following instructions and

definitions are applicable to all Interrogatories contained herein.

## INSTRUCTIONS AND DEFINITIONS

LP Matthews incorporates the definitions in its First Set of Interrogatories to BBW.

## INTERROGATORY

8.      Identify each product that defendant made, used, sold, offered for sale, or imported into the United States since 1991 that contains at least orange oil, one or more moisturizers, and one or more oat grain derivatives and identify each moisturizer and oat grain derivative in that product.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
202-775-0725

Dated:    August 9, 2005
160256.1

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2005, the attached **PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS BATH & BODY WORKS, INC. AND LIMITED BRANDS, INC. (NO. 8)** was served upon the below-named counsel of record at the address and in the manner indicated:

Richard L. Horwitz, Esquire                    **HAND DELIVERY**
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Arthur I. Neustadt, Esquire                    **VIA ELECTRONIC MAIL**
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

Francis G.X. Pileggi, Esquire                  **HAND DELIVERY**
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE 19899

John Ward, Esquire                             **VIA ELECTRONIC MAIL**
Ward & Olivo
708 Third Avenue
New York, NY 10017

John G. Day

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LP MATTHEWS, L.L.C.,              )
                                  )
            Plaintiff,            )
                                  )         C.A. No. 04-1507-SLR
      v.                          )
                                  )
BATH & BODY WORKS, INC.; LIMITED  )
BRANDS, INC.; KAO BRANDS CO.      )
(f/k/a THE ANDREW JERGENS         )
COMPANY); and KAO CORPORATION,    )
                                  )
            Defendants.           )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 9th day of August, 2005, **PLAINTIFF'S**

**SECOND SET OF INTERROGATORIES TO DEFENDANTS BATH & BODY WORKS,**

**INC. AND LIMITED BRANDS, INC. (NO. 8)** was served upon the following counsel of

record at the address and in the manner indicated:

Richard L. Horwitz, Esquire                    **HAND DELIVERY**
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market
Wilmington, DE  19801

Arthur I. Neustadt, Esquire                    **VIA ELECTRONIC MAIL**
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                  **HAND DELIVERY**
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19801

John Ward, Esquire
Ward & Olivo
708 Third Avenue
New York, NY 10017

VIA ELECTRONIC MAIL

ASHBY & GEDDES

/s/ John G. Day

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated: August 9, 2005
155563.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2005, the attached **NOTICE OF**

**SERVICE** was served upon the below-named counsel of record at the address and in the manner

indicated:

Richard L. Horwitz, Esquire                          **HAND DELIVERY**
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

Arthur I. Neustadt, Esquire                          **VIA ELECTRONIC MAIL**
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                        **HAND DELIVERY**
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19801

John Ward, Esquire                                   **VIA ELECTRONIC MAIL**
Ward & Olivo
708 Third Avenue
New York, NY  10017

                                        /s/ John G. Day
                                        John G. Day