TAB 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LP MATTHEWS, L.L.C.,        )
                      )
      Plaintiff,        )
                      )     Civil Action No. 04-1507-SLR
      v.             )
                      )
BATH & BODY WORKS, INC.; LIMITED  )
BRANDS, INC.; KAO BRANDS CO.   )
(f/k/a THE ANDREW JERGENS     )
COMPANY); and KAO CORPORATION,  )
                      )
      Defendants.     )

### PLAINTIFF'S FIRST SET OF RULE 34 REQUESTS
### TO DEFENDANTS KAO BRANDS COMPANY AND KAO CORPORATION

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff LP Matthews, L.L.C. requests

that defendants Kao Brands Co. (f/k/a The Andrew Jergens Company) and Kao Corporation

(collectively "Kao") produce the documents and things requested herein at the law offices of

Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Washington, D.C. 20006, or some

other location as may be agreed to between the parties, within thirty (30) days of service of these

Rule 34 requests.  Kao should produce the responsive documents as they are kept in the usual

course of business or organize and label them to correspond with the document requests to which

they are responsive.  If no responsive documents and things exist for a particular Rule 34

Request, LP Matthews requests that Kao so state in writing.  If responsive documents and things

for a particular Rule 34 request have already been produced, LP Matthews requests that Kao so

state in writing.

If Kao withholds from production any documents and things on the basis of a claim of

attorney-client privilege or work product immunity, LP Matthews requests that Kao provide to

LP Matthews a list separately identifying each withheld document or thing and specifying:
(1) the identity of all persons who prepared and signed the document; (2) the identity of all persons designated as addressees; (3) the identity of all persons who received any copy of the document; (4) the date of the document; (5) the subject matter of the document; (6) the type of document (memorandum, pamphlet, report, etc.); (7) for each disclosure outside of Kao's officers and contract employees, the identification and production number of any and all confidentiality agreements that govern the disclosure; and (8) the basis for withholding the document.

If Kao comes into possession, custody, or control of responsive documents and things between the time of service of these Rule 34 Requests and trial, LP Matthews requests that Kao supplement its production by promptly producing such documents.

## DEFINITIONS

A.    "The '062 patent" refers to United States Patent No. 5,063,062, entitled "Cleaning Compositions with Orange Oil."

B.    "Kao," "defendants," "you," or "your" refers to Kao Brands Co. (f/k/a The Andrew Jergens Company) and Kao Corporation, their officers, employees, counsel, agents, consultants, and representatives and includes joint ventures and other legal entities which are wholly or partially owned or controlled by Kao Brands Co. (f/k/a The Andrew Jergens Company) and Kao Corporation, either directly or indirectly, and the officers, employees, counsel, agents, consultants, and representatives of these divisions, subsidiaries, and joint ventures.

C.    The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiffs, and the acts "of" a person are

defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

D.    To "identify" a person means to state the person's name, occupation, job title, and current business address, or if unknown, the last-known business and home address.

E.    The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of Kao.

F.    To "identify" any document or thing means:

    i.    to provide a brief description of such documents sufficient to support a request under Rule 34;

    ii.    to state the custodian of the document or the thing by name, job title, employer, and address;

    iii.    to state the place where the document or thing may be inspected; and

    iv.    if a copy of the document has been previously supplied to defendants to so state and to specifically identify the previously supplied copy by reference to production numbers or other identifying information.

G.    Unless it otherwise appears from the context, a request for identity of a person relates to all persons in such classification or category.

H.    In construing these Requests, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## RULE 34 REQUESTS

1.      Three representative samples from three different manufacturing lots of Curél Ultra Healing Daily Moisture Therapy.

2.      A representative manufacturing record for Curél Ultra Healing Daily Moisture Therapy.

3.      All documents that refer to, relate to, or reflect pH testing, the results of pH testing, and the analysis of those results, including testing, results or analysis during or after manufacture of Curél Ultra Healing Daily Moisture Therapy.

4.      All documents that reflect the percentage by weight and volume of each ingredient of Curél Ultra Healing Daily Moisture Therapy.

5.      All documents that refer to or relate to the function of each ingredient of Curél Ultra Healing Daily Moisture Therapy.

6.      Representative corporate organization charts for Kao, including parents, subsidiaries, affiliates, divisions, wholly owned business entities, predecessors or successors, sufficient to show: (a) the general organization of Kao and each such parent, subsidiary, affiliate, division, wholly owned business entity, predecessor or successor; (b) the names, addresses and telephone numbers of each past (since 1991) and present corporate officer and director of Kao and each such parent, subsidiary, affiliate, division, wholly owned business entity, predecessor, or successor; and (c) the detailed organization of each department, section, or group of Kao responsible for designing, developing, testing, manufacturing, exporting, importing, distribution, marketing, advertising, selling, or using a cosmetic product containing orange oil, including Curél Ultra Healing Daily Moisture Therapy.

7.      All of Kao's annual and interim financial statements covering the years 1991 to the present.

-4-

8.    All documents that reflect gross and net sales figures and distribution (by unit sales volume and by dollar sales volume) since 1991, whether inside or outside the United States, for Curél Ultra Healing Daily Moisture Therapy on a monthly, quarterly, and annual basis, or on whatever timeframe Kao regularly keeps records of gross and net sales figures and distribution records.

9.    All documents that reflect gross and net sales figures and distribution (by unit sales volume and by dollar sales volume) since 1991, whether inside or outside the United States, for each product that Kao makes, uses, sells, offers for sale, or imports into the United States other than Curél Ultra Healing Daily Moisture Therapy on a monthly, quarterly, and annual basis, or on whatever timeframe Kao regularly keeps records of gross and net sales figures and distribution records.

10.    All documents that constitute, relate to, or refer to Kao's document control and retention policies, including for its electronic documents.

11.    All documents that refer to, relate to, or constitute a patent licensing or royalty agreement entered into by Kao for cosmetic products since 1991.

12.    Documents sufficient to show the relationship between the parties to each patent licensing or royalty agreement entered into by Kao for cosmetic products since 1991, including but not limited to whether the parties are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

13.    Documents sufficient to show the extent to which Kao has made use of the invention of the patents identified in each patent licensing or royalty agreement entered into by Kao for cosmetic products since 1991.

14.    All documents that refer to, relate to, or constitute patent licensing or royalty agreements or provisions thereof considered but not entered into by Kao for cosmetic products since 1991.

15.    All documents that refer to, relate to, reflect, or constitute the licensing policies of Kao for cosmetic products since 1991.

16.    All documents that describe, refer, or relate to any royalty or license fees received or paid by Kao with respect to products that contain orange oil.

17.    All documents that refer to, relate to, reflect, or constitute the policies of Kao to maintain its patent monopolies by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

18.    All documents relating to the portion of the selling price that may be customary in the cosmetic sales industry, whether originating at Kao or from another entity, to allow for the use of analogous inventions to those inventions in the '062 patent.

19.    All documents relating to pricing of Curél Ultra Healing Daily Moisture Therapy.

20.    All documents that refer to, relate to, reflect, or constitute opinions of counsel or legal advice by or for Kao regarding infringement, non-infringement, validity, invalidity, enforceability, or unenforceability of the '062 patent.

21.    All attorney work product underlying the documents requested in Request No. 25 above.

22.    All prior art to the '062 patent.

23.    All documents that refer to or relate to orange oil in cosmetic products.

24.    All documents that refer to or relate to oat grain derivatives in cosmetic products.

25.    All documents that Kao will offer at trial to support its claims or defenses.

26.    All documents that support or refute the factual allegations and arguments in "KBC's Motion for Summary Judgment of Non-Infringement," filed on March 8, 2005.

- 6 -

27.    All documents that support or refute the legal arguments in "KBC's Motion for Summary Judgment of Non-Infringement," filed on March 8, 2005.

28.    All documents that refer to, relate to, or constitute communications with any consultants retained to assist Kao regarding this litigation.

29.    All documents that relate to or refer to the factual allegations set forth in Kao's Answer to the Complaint.

30.    All documents considered, relied upon, referred to, or referenced in Kao's responses to LP Matthews' Interrogatories.

31.    All documents that refer to, relate to, or constitute communications between Kao personnel that are related or refer to this litigation.

32.    All confidentiality agreements that relate to the subject matter of this suit or that form any part of the basis of a claim of privilege for any information called for by any discovery request from LP Matthews to defendant.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated:   May 18, 2005
157382.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2005, the attached **PLAINTIFF'S FIRST**

**SET OF RULE 34 REQUESTS TO DEFENDANTS KAO BRANDS COMPANY AND**

**KAO CORPORATION** was served upon the below-named counsel of record at the address and

in the manner indicated:

Richard L. Horwitz, Esquire                                      **HAND DELIVERY**
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951

Arthur I. Neustadt, Esquire                                    **VIA FEDERAL EXPRESS**
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                                   **HAND DELIVERY**
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19899

John Ward, Esquire                                           **VIA FEDERAL EXPRESS**
Ward & Olivo
708 Third Avenue
New York, NY  10017

Steven J. Balick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LP MATTHEWS, L.L.C.,                )
                                    )
            Plaintiff,              )
                                    )        Civil Action No. 04-1507-SLR
      v.                            )
                                    )
BATH & BODY WORKS, INC.; et al.,    )
                                    )
            Defendants.             )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 18th day of May, 2005, **PLAINTIFF'S**

**FIRST SET OF RULE 34 REQUESTS TO DEFENDANTS KAO BRANDS COMPANY**

**AND KAO CORPORATION** was served upon the following counsel of record at the address

and in the manner

indicated:

Richard L. Horwitz, Esquire                    HAND DELIVERY
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market
Wilmington, DE  19801

Arthur I. Neustadt, Esquire                    VIA FEDERAL EXPRESS
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                  HAND DELIVERY
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19801

John Ward, Esquire                             VIA FEDERAL EXPRESS
Ward & Olivo
708 Third Avenue
New York, NY  10017

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC  20006

Dated: May 18, 2005
155563.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2005, the attached **NOTICE OF SERVICE** was served upon the below-named counsel of record at the address and in the manner indicated:

Richard L. Horwitz, Esquire                                          <u>HAND DELIVERY</u>
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

Arthur I. Neustadt, Esquire                                          <u>VIA FEDERAL EXPRESS</u>
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                                        <u>HAND DELIVERY</u>
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19801

John Ward, Esquire                                                   <u>VIA FEDERAL EXPRESS</u>
Ward & Olivo
708 Third Avenue
New York, NY  10017


                                                    /s/ Steven J. Balick
                                                    Steven J. Balick

# Discovery Documents

1:04-cv-01507-SLR LP Matthews LLC v. Bath & Body Works, et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Balick, Steven entered on 5/19/2005 at 9:55 AM EDT and filed on 5/19/2005

**Case Name:**         LP Matthews LLC v. Bath & Body Works, et al
**Case Number:**     1:04-cv-1507
**Filer:**             LP Matthews LLC
**Document Number:** 32

**Docket Text:**
NOTICE OF SERVICE of Plaintiff's First Set of Rule 34 Requests to Defendants Kao Brands Company and Kao Corporation by LP Matthews LLC.(Balick, Steven)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/19/2005] [FileNumber=44894-0]
[b16b20b920080535565a81d18cb68f42662a4d1181737b754bfe5e585df89ab3627b9
1eebffa1db8f3e6863f6fe82ad72bd201942e6c8fc6d7864b833b3fc4ee]]

**1:04-cv-1507 Notice will be electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, jday@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, sbalick@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

Richard L. Horwitz    rhorwitz@potteranderson.com,
dmoore@potteranderson.com;nmcmenamin@potteranderson.com;achin@potteranderson.com;mbaker@

David Ellis Moore    dmoore@potteranderson.com, slynch@potteranderson.com

Francis G.X. Pileggi    fpileggi@foxrothschild.com, mrutkowski@foxrothschild.com

**1:04-cv-1507 Notice will be delivered by other means to:**

# TAB 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LP MATTHEWS, L.L.C.                     )
                                        )
            Plaintiff,                  )
                                        )        C.A. No. 04-1507-SLR
        v.                              )
                                        )
BATH & BODY WORKS, INC.; LIMITED        )
BRANDS, INC.; KAO BRANDS CO.            )
(f/k/a THE ANDREW JERGENS               )
COMPANY); and KAO CORPORATION           )
                                        )
            Defendants.                 )

## PLAINTIFF'S SECOND SET OF RULE 34 REQUESTS
## TO DEFENDANTS KAO BRANDS COMPANY AND KAO CORPORATION

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff LP Matthews, L.L.C., requests

that defendants Kao Brands Co. (f/k/a The Andrew Jergens Company) and Kao Corporation

(collectively "Kao"), produce the documents and things requested herein at the law offices of

Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Washington, D.C. 20006, or some

other location as may be agreed to between the parties, within thirty (30) days of service of these

Rule 34 requests. Kao should produce the responsive documents as they are kept in the usual

course of business or organize and label them to correspond with the document requests to which

they are responsive. If no responsive documents and things exist for a particular Rule 34

Request, LP Matthews requests that Kao so state in writing. If responsive documents and things

for a particular Rule 34 request have already been produced, LP Matthews requests that Kao so

state in writing.

If Kao withholds from production any documents and things on the basis of a claim of

attorney-client privilege or work product immunity, LP Matthews requests that Kao provide to

LP Matthews a list separately identifying each withheld document or thing and specifying:
(1) the identity of all persons who prepared and signed the document; (2) the identity of all
persons designated as addressees; (3) the identity of all persons who received any copy of the
document; (4) the date of the document; (5) the subject matter of the document; (6) the type of
document (memorandum, pamphlet, report, etc.); (7) for each disclosure outside of Kao's
officers and contract employees, the identification and production number of any and all
confidentiality agreements that govern the disclosure; and (8) the basis for withholding the
document.

If Kao comes into possession, custody, or control of responsive documents and things
between the time of service of these Rule 34 Requests and trial, LP Matthews requests that Kao
supplement its production by promptly producing such documents.

## DEFINITIONS

LP Matthews incorporates the definitions from its First Set of Rule 34 Requests to Kao.

## RULE 34 REQUESTS

40.     Three representative samples from three different manufacturing lots of Curél Extreme
Care body lotion, body cleanser, and facial wash.

41.     A representative manufacturing record for Curél Extreme Care body lotion, body
cleanser, and facial wash.

42.     All documents that refer to, relate to, or reflect pH testing, the results of pH testing, and
the analysis of those results, including testing, results or analysis during or after manufacture of
Curél Extreme Care body lotion, body cleanser, and facial wash.

43.     All documents that reflect the percentage by weight and volume of each ingredient of
Curél Extreme Care body lotion, body cleanser, and facial wash.

44.    All documents that refer to or relate to the function of each ingredient of Curél Extreme

Care body lotion, body cleanser, and facial wash.

45.    All documents relating to pricing of Curél Extreme Care body lotion, body cleanser, and

facial wash.

46.    Documents sufficient to identify all sales of Curél Extreme Care body lotion, body

cleanser, and facial wash (a) in the United States and (b) anywhere else in the world.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated:    July 12, 2005
159388.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2005, the attached **PLAINTIFF'S SECOND**

**SET OF RULE 34 REQUESTS TO DEFENDANTS KAO BRANDS COMPANY AND**

**KAO CORPORATION** was served upon the below-named counsel of record at the address and

in the manner indicated:

Richard L. Horwitz, Esquire                                    **HAND DELIVERY**
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951

Arthur I. Neustadt, Esquire                                    **VIA ELECTRONIC MAIL**
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                                 **HAND DELIVERY**
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19899

John Ward, Esquire                                            **VIA ELECTRONIC MAIL**
Ward & Olivo
708 Third Avenue
New York, NY  10017


John G. Day

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LP MATTHEWS, L.L.C.,                    )
                                        )
            Plaintiff,                  )
                                        )          C.A. No. 04-1507-SLR
      v.                                )
                                        )
BATH & BODY WORKS, INC.; LIMITED        )
BRANDS, INC.; KAO BRANDS CO.            )
(f/k/a THE ANDREW JERGENS               )
COMPANY); and KAO CORPORATION,          )
                                        )
            Defendants.                 )

## <u>NOTICE OF SERVICE</u>

The undersigned hereby certifies that on the 12th day of July, 2005, **PLAINTIFF'S**

**SECOND SET OF RULE 34 REQUESTS TO DEFENDANTS KAO BRANDS COMPANY**

**AND KAO CORPORATION** was served upon the following counsel of record at the address

and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire | <u>HAND DELIVERY</u> |
| Potter Anderson & Corroon, LLP | |
| Hercules Plaza, 6th Floor | |
| 1313 North Market | |
| Wilmington, DE 19801 | |
| | |
| Arthur I. Neustadt, Esquire | <u>VIA ELECTRONIC MAIL</u> |
| Oblon, Spivak, McClelland, Maier & Neustadt, P.C. | |
| 1940 Duke Street | |
| Alexandria, VA 22314 | |
| | |
| Francis G.X. Pileggi, Esquire | <u>HAND DELIVERY</u> |
| Fox Rothschild LLP | |
| Suite 1300 | |
| 919 North Market Street | |
| Wilmington, DE 19801 | |

John Ward, Esquire                                    VIA ELECTRONIC MAIL
Ward & Olivo
708 Third Avenue
New York, NY  10017


                                    ASHBY & GEDDES

                                    /s/ *John G. Day*
                                    _____
                                    Steven J. Balick (I.D. # 2114)
                                    John G. Day (I.D. # 2403)
                                    222 Delaware Avenue, 17th Floor
                                    P.O. Box 1150
                                    Wilmington, Delaware 19899
                                    302-654-1888
                                    sbalick@ashby-geddes.com
                                    jday@ashby-geddes.com

                                    *Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC  20006

Dated: July 12, 2005
155563.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of July, 2005, the attached **NOTICE OF SERVICE**

was served upon the below-named counsel of record at the address and in the manner indicated:


Richard L. Horwitz, Esquire                     <u>HAND DELIVERY</u>
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

Arthur I. Neustadt, Esquire                     <u>VIA ELECTRONIC MAIL</u>
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                   <u>HAND DELIVERY</u>
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19801

John Ward, Esquire                              <u>VIA ELECTRONIC MAIL</u>
Ward & Olivo
708 Third Avenue
New York, NY  10017


                            /s/ John G. Day
                            John G. Day

**From:**       <ded_nefreply@ded.uscourts.gov>

**To:**         <ded_ecf@ded.uscourts.gov>

**Date:**       7/12/2005 2:56:15 PM

**Subject:**    Activity in Case 1:04-cv-01507-SLR LP Matthews LLC v. Bath & Body Works, et al "Notice of Service"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Day, John entered on 7/12/2005 at 2:55 PM EDT and filed on 7/12/2005

| | |
|---|---|
| **Case Name:** | LP Matthews LLC v. Bath & Body Works, et al |
| **Case Number:** | 1:04-cv-1507 |
| **Filer:** | LP Matthews LLC |
| **Document Number:** | 50 |

**Docket Text:**
NOTICE OF SERVICE of Plaintiff's Second Set of Rule 34 Requests to Defendants Kao Brands Company and Kao Corporation by LP Matthews LLC.(Day, John)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=7/12/2005] [FileNumber=68718-0]
[46039125087b6d207bec7207ed1abffac5714bf2556e783c6b80422feb282ada53624
07fcd663134562cf5a31a7ca3d6aafba4e8e0e6cbd7e3126989e1393a2d]]

**1:04-cv-1507 Notice will be electronically mailed to:**

Robert Auchter     raauchter@rkmc.com,

Steven J. Balick     sbalick@ashby-geddes.com, jday@ashby-geddes.com;mkipp@ashby-

geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

Jason R. Buratti     jrburatti@rkmc.com,

Richard L. Chinn     rchinn@oblon.com

John G. Day     jday@ashby-geddes.com, sbalick@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

Richard L. Horwitz     rhorwitz@potteranderson.com, dmoore@potteranderson.com;nmcmenamin@potteranderson.com;achin@potteranderson.com;mbaker@potteranderson.com;ebroyles@potteranderson.com;kharris@potteranderson.com
David Ellis Moore     dmoore@potteranderson.com, slynch@potteranderson.com

Arthur I. Neustadt     aneustadt@oblon.com

Francis G.X. Pileggi     fpileggi@foxrothschild.com, mrutkowski@foxrothschild.com

**1:04-cv-1507 Notice will be delivered by other means to:**

TAB 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1507-SLR |
| v. | ) | |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S THIRD SET OF RULE 34 REQUESTS TO
### DEFENDANTS KAO BRANDS COMPANY AND KAO CORPORATION (NOS. 47-49)

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff LP Matthews, L.L.C. requests

that defendants Kao Brands Co. (f/k/a The Andrew Jergens Company) and Kao Corporation

(collectively "Kao") produce the documents and things requested herein at the law offices of

Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Washington, D.C. 20006, or some

other location as may be agreed to between the parties, within thirty (30) days of service of these

Rule 34 requests.  Kao should produce the responsive documents as they are kept in the usual

course of business or organize and label them to correspond with the document requests to which

they are responsive.  If no responsive documents and things exist for a particular Rule 34

Request, LP Matthews requests that Kao so state in writing.  If responsive documents and things

for a particular Rule 34 request have already been produced, LP Matthews requests that Kao so

state in writing.

If Kao withholds from production any documents and things on the basis of a claim of

attorney-client privilege or work product immunity, LP Matthews requests that Kao provide to

LP Matthews a list separately identifying each withheld document or thing and specifying:
(1) the identity of all persons who prepared and signed the document; (2) the identity of all
persons designated as addressees; (3) the identity of all persons who received any copy of the
document; (4) the date of the document; (5) the subject matter of the document; (6) the type of
document (memorandum, pamphlet, report, etc.); (7) for each disclosure outside of Kao's
officers and contract employees, the identification and production number of any and all
confidentiality agreements that govern the disclosure; and (8) the basis for withholding the
document.

If Kao comes into possession, custody, or control of responsive documents and things
between the time of service of these Rule 34 Requests and trial, LP Matthews requests that Kao
supplement its production by promptly producing such documents.

## DEFINITIONS

LP Matthews incorporates the definitions from its First Set of Rule 34 Requests to Kao.

## RULE 34 REQUESTS

47.    Documents that refer or relate to the decision to include orange oil in Curél Ultra Healing
or Curél Extreme Care body lotion, body cleanser, or facial wash.

48.    Documents that refer or relate to the decision to include any moisturizer in Curél Ultra
Healing or Curél Extreme Care body lotion, body cleanser, or facial wash.

49.    Documents that refer or relate to the decision to include any oat grain derivative in Curél
Ultra Healing or Curél Extreme Care body lotion, body cleanser, or facial wash.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C.  20006
202-775-0725

Dated:   August 9, 2005
160261.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2005, the attached **PLAINTIFF'S THIRD SET OF RULE 34 REQUESTS TO DEFENDANTS KAO BRANDS COMPANY AND KAO CORPORATION (NOS. 47-49)** was served upon the below-named counsel of record at the address and in the manner indicated:

Richard L. Horwitz, Esquire                                    HAND DELIVERY
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Arthur I. Neustadt, Esquire                                    VIA ELECTRONIC MAIL
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

Francis G.X. Pileggi, Esquire                                  HAND DELIVERY
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE 19899

John Ward, Esquire                                             VIA ELECTRONIC MAIL
Ward & Olivo
708 Third Avenue
New York, NY 10017


                                        John G. Day

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1507-SLR |
| v. | ) | |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 9th day of August, 2005, **PLAINTIFF'S**

**THIRD SET OF RULE 34 REQUESTS TO DEFENDANTS KAO BRANDS COMPANY**

**AND KAO CORPORATION (NOS. 47-49)** was served upon the following counsel of record

at the address and in the manner indicated:

Richard L. Horwitz, Esquire                          HAND DELIVERY
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market
Wilmington, DE 19801

Arthur I. Neustadt, Esquire                          VIA ELECTRONIC MAIL
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

Francis G.X. Pileggi, Esquire                        HAND DELIVERY
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE 19801

John Ward, Esquire
Ward & Olivo
708 Third Avenue
New York, NY 10017

<u>VIA ELECTRONIC MAIL</u>

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated: August 9, 2005
155563.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of August, 2005, the attached **NOTICE OF**

**SERVICE** was served upon the below-named counsel of record at the address and in the manner

indicated:

Richard L. Horwitz, Esquire                                    **HAND DELIVERY**
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801

Arthur I. Neustadt, Esquire                                    **VIA ELECTRONIC MAIL**
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

Francis G.X. Pileggi, Esquire                                  **HAND DELIVERY**
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE 19801

John Ward, Esquire                                             **VIA ELECTRONIC MAIL**
Ward & Olivo
708 Third Avenue
New York, NY 10017


/s/ John G. Day
John G. Day

TAB 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LP MATTHEWS, L.L.C.,          )
                               )
        Plaintiff,        )
                               )    Civil Action No. 04-1507-SLR
        v.              )
                               )
BATH & BODY WORKS, INC.; LIMITED  )
BRANDS, INC.; KAO BRANDS CO.     )
(f/k/a THE ANDREW JERGENS      )
COMPANY); and KAO CORPORATION,  )
                               )
        Defendants.     )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANTS KAO BRANDS COMPANY AND KAO CORPORATION

Pursuant to Federal Rule of Civil Procedure 33, defendants Kao Brands Co. (formerly

known as The Andrew Jergens Company) and Kao Corporation (collectively "Kao") are

requested and required to furnish answers to the following Interrogatories to counsel for Plaintiff,

LP Matthews, L.L.C., Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Suite 1200,

Washington, D.C. 20006, within thirty (30) days of service of these Interrogatories.  These

Interrogatories are continuing and require supplemental answers if additional pertinent

information is obtained.  The following instructions and definitions are applicable to all

Interrogatories contained herein.

## INSTRUCTIONS AND DEFINITIONS

     A.     LP Matthews incorporates the definitions in its First Set of Rule 34 Requests to

Kao.

     B.     Each paragraph herein shall be construed independently and not referenced to

another paragraph for the purpose of limitation.

C.     If any document is produced in response to an Interrogatory below, then pursuant to Federal Rule of Civil Procedure 33(d), designate the Interrogatory or Interrogatories to which each such document responds.  If any information specified by an Interrogatory below is not available in the full detail requested, that Interrogatory shall be deemed to require information that is responsive in such detail as is available.  In the event you provide an estimate in response to an Interrogatory, identify the estimate and describe the method by which the estimate was made.  If you find the meaning of any term in these Interrogatories to be unclear, then assume a reasonable meaning, state what that assumed meaning is, and answer the Interrogatory on the basis of that assumed meaning.

D.     If all or any part of any Interrogatory is objected to as seeking privileged information, for each objection, state the Interrogatory to which the information responds and the nature of the privilege asserted.  If all or any part of any document that is or otherwise would be produced pursuant to Federal Rule of Civil Procedure 33(d) in response to any Interrogatory is withheld under any claim of privilege, for each such claim provide the following:  (1) the identity of all persons who prepared and signed the document; (2) the identity of all persons designated as addressees; (3) the identity of all persons who received any copy of the document; (4) the date of the document; (5) the subject matter of the document; (6) the type of document (memorandum, pamphlet, report, etc.); (7) for each disclosure outside of Kao's officers and contract employees, the identification and production number of any and all confidentiality agreements that govern the disclosure; and (8) the basis for withholding the document.

2

E.     If objection is taken to any Interrogatory, the grounds for the objection and the categories of information to which the objection applies should be stated with specificity and the request should be answered insofar as it is not deemed objectionable.

F.     Whenever the singular is used, it shall also be taken to include the plural, and vice versa. The words "and" and "or" shall be construed conjunctively or disjunctively to make the Interrogatories inclusive rather than exclusive. Regardless of the tense employed, all verbs shall be read as applying to past, present, and future as is necessary to make any phrase more, rather than less, inclusive.

G.     Each Interrogatory herein shall be construed independently and not referenced to another request for the purpose of limitation.

H.     The obligation imposed by these Interrogatories is, to the extent provided by Federal Rule of Civil Procedure 26(e)(2), continuing, so that any information acquired by defendant after its answers to these requests have been served shall be furnished to plaintiff promptly upon acquisition.

I.     "State the basis" as used in an Interrogatory that calls for defendant to state the basis for a particular claim, assertion, allegation, or contention, means that defendant shall: (1) describe in detail all facts that support the claim, assertion, allegation, or contention; (2) identify all documents, persons and other evidence that form any part of the source for and on which you rely to support your claim, assertion, allegation, or contention, including, where pertinent, the section, article, or subparagraph thereof, including, for example, designations of deposition testimony by page and line number, and identification of production documents by production number); (3) identify each person possessing information relating to the response to

3

the Interrogatory; (4) identify each and every communication which forms any part of the source of defendant's information regarding the alleged facts or legal conclusions referred to by the Interrogatory; (5) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time and place, and identifying the person or persons involved), which form any part of defendant's information regarding the alleged facts or legal conclusions referred to in the Interrogatory; and (5) state separately any other fact or facts that forms the basis of defendant's information regarding the alleged facts or legal conclusions referred to in the interrogatory and identify all documents concerning those facts and all persons possessing information about those facts.

J.      "Date" means the exact day, month and year, if ascertainable, or, if not, the closest approximation that can be made thereto by means of a relationship to other events, locations, or matters. Identify each instance in which the given date is an approximation, and state your basis for making such approximation.

## INTERROGATORIES

1.      Identify each person who possesses information from the timeframe of 1991 to present concerning the composition, manufacture, use, sale, offer for sale or importation into the United States of Curél Ultra Healing Daily Moisture Therapy and describe the nature of the information possessed.

2.      Identify each product that defendant made, used, sold, offered for sale, or imported into the United States since 1991 that contains orange oil.

4

3.     To the extent that you contend that Curél Ultra Healing Daily Moisture Therapy does not infringe the '062 patent, state the basis for that contention and provide a detailed claim chart specifically identifying what claim element(s) you contend is (are) not met.

4.     To the extent that you contend that any claim of the '062 patent is invalid or unenforceable for failure to comply with the provisions of 35 U.S.C. §§101, 102, 103 and/or 112, or for any other reason, including without limitation, lack of utility, waiver, laches, abandonment, fraud, inequitable conduct, patent misuse, equitable estoppel, implied license, and/or new matter, state the basis for your contention.

5.     To the extent that you rely on any prior art reference or references to support a contention that any of the claims in the patent-in-suit are invalid, state the basis for your contention and provide the following information:

    (i)     For each claim of the patent-in-suit that you contend or may contend is invalid, identify the exact prior art reference or references on which you rely to support a contention that the claim in question is invalid, including providing a claim chart that identifies each claim element that you contend is met by the prior art and, if you contend the patent is invalid for obviousness, state how and where the motivation to combine prior art references is found;

    (ii)     For each individual element or feature of each claim of the patent-in-suit that you contend or may contend is invalid, designate precisely and specifically where that element or feature is disclosed in each of the said prior art references relied upon for any contended invalidity, and for any element or feature not shown or for any

combination of references you employ to show alleged invalidity, explain any

obviousness contentions you have under 35 U.S.C. § 103.

6.      If you contend that your infringement, if any, has not been willful or does not continue to

be willful, state the basis for your contention and (i) state the date on which defendant first

became aware of the patent-in-suit (or any foreign or United States patent application or patent

related thereto), and (ii) identify all documents, persons and other evidence on which you rely to

establish the date on which you first became aware of the patent-in-suit (or any foreign or United

States patent application or patent related thereto).

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated:   May 18, 2005
157379.1

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2005, the attached **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS KAO BRANDS COMPANY AND KAO CORPORATION** was served upon the below-named counsel of record at the address and in the manner indicated:

Richard L. Horwitz, Esquire                                    HAND DELIVERY
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951

Arthur I. Neustadt, Esquire                                    VIA FEDERAL EXPRESS
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                                  HAND DELIVERY
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19899

John Ward, Esquire                                             VIA FEDERAL EXPRESS
Ward & Olivo
708 Third Avenue
New York, NY  10017


                                        Steven J. Balick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LP MATTHEWS, L.L.C.,                    )
                                        )
            Plaintiff,                  )
                                        )       Civil Action No. 04-1507-SLR
        v.                              )
                                        )
BATH & BODY WORKS, INC.; et al.,        )
                                        )
            Defendants.                 )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 18th day of May, 2005, **PLAINTIFF'S**

**FIRST SET OF INTERROGATORIES TO DEFENDANTS KAO BRANDS COMPANY**

**AND KAO CORPORATION** was served upon the following counsel of record at the address

and in the manner

indicated:

Richard L. Horwitz, Esquire                    **HAND DELIVERY**
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market
Wilmington, DE  19801

Arthur I. Neustadt, Esquire                    **VIA FEDERAL EXPRESS**
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                  **HAND DELIVERY**
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19801

John Ward, Esquire                             **VIA FEDERAL EXPRESS**
Ward & Olivo
708 Third Avenue
New York, NY  10017

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated: May 18, 2005
155563.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2005, the attached **NOTICE OF SERVICE** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | **VIA FEDERAL EXPRESS** |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017 | **VIA FEDERAL EXPRESS** |

/s/ *Steven J. Balick*
Steven J. Balick

# Discovery Documents

1:04-cv-01507-SLR LP Matthews LLC v. Bath & Body Works, et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Balick, Steven entered on 5/19/2005 at 9:52 AM EDT and filed on 5/19/2005

| | |
|---|---|
| **Case Name:** | LP Matthews LLC v. Bath & Body Works, et al |
| **Case Number:** | 1:04-cv-1507 |
| **Filer:** | LP Matthews LLC |
| **Document Number:** | 31 |

**Docket Text:**
NOTICE OF SERVICE of Plaintiff's First Set of Interrogatories to Defendants Kao Brands Company and Kao Corporation by LP Matthews LLC.(Balick, Steven)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/19/2005] [FileNumber=44888-0]
[120f227d6ccb1577c64526865244480a3627f38ab2281888918835353534908f8045b4f
6f275b8f3de726e0a2ec354894bfd3bb06db1885176521a9a4ffe36e5db]]

**1:04-cv-1507 Notice will be electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, jday@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, sbalick@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

Richard L. Horwitz    rhorwitz@potteranderson.com,
dmoore@potteranderson.com;nmcmenamin@potteranderson.com;achin@potteranderson.com;mbaker@;

David Ellis Moore    dmoore@potteranderson.com, slynch@potteranderson.com

Francis G.X. Pileggi    fpileggi@foxrothschild.com, mrutkowski@foxrothschild.com

**1:04-cv-1507 Notice will be delivered by other means to:**

# TAB 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LP MATTHEWS, L.L.C.          )
                                 )
       Plaintiff,          )
                                 )     C.A. No. 04–1507-SLR
       v.                 )
                                 )
BATH & BODY WORKS, INC.; LIMITED   )
BRANDS, INC.; KAO BRANDS CO.     )
(f/k/a THE ANDREW JERGENS       )
COMPANY); and KAO CORPORATION   )
                                 )
       Defendants.      )

## PLAINTIFF'S SECOND SET OF INTERROGATORIES
## TO DEFENDANTS KAO BRANDS COMPANY AND KAO CORPORATION

Pursuant to Federal Rule of Civil Procedure 33, defendants Kao Brands Co. (formerly

known as The Andrew Jergens Company) and Kao Corporation (collectively "Kao") are

requested and required to furnish answers to the following Interrogatories to counsel for Plaintiff,

LP Matthews, L.L.C., Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Suite 1200,

Washington, D.C. 20006, within thirty (30) days of service of these Interrogatories. These

Interrogatories are continuing and require supplemental answers if additional pertinent

information is obtained. The following instructions and definitions are applicable to all

Interrogatories contained herein.

## INSTRUCTIONS AND DEFINITIONS

LP Matthews incorporates the instructions and definitions in its First Set of

Interrogatories to Kao.

## INTERROGATORIES

7.    For Kao's Curel Extreme Care body lotion, body cleanser, and facial wash identified by

Kao in its Response to LP Matthews' Interrogatory No. 2, identify the pH of the product, identify

each ingredient by weight and volume percent, and state the time period during which Kao made

and/or sold that product line since 1991.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC  20006

Dated: July 12, 2005
159387.1

2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 12th day of July, 2005, the attached **PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS KAO BRANDS COMPANY AND KAO CORPORATION** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE  19899-0951 | <u>HAND DELIVERY</u> |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA  22314 | <u>VIA ELECTRONIC MAIL</u> |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE  19899 | <u>HAND DELIVERY</u> |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY  10017 | <u>VIA ELECTRONIC MAIL</u> |

John G. Day

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LP MATTHEWS, L.L.C.,                    )
                                        )
            Plaintiff,                  )
                                        )    C.A. No. 04-1507-SLR
      v.                                )
                                        )
BATH & BODY WORKS, INC.; LIMITED        )
BRANDS, INC.; KAO BRANDS CO.            )
(f/k/a THE ANDREW JERGENS               )
COMPANY); and KAO CORPORATION,          )
                                        )
            Defendants.                 )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 12th day of July, 2005, **PLAINTIFF'S**

**SECOND SET OF INTERROGATORIES TO DEFENDANTS KAO BRANDS**

**COMPANY AND KAO CORPORATION** was served upon the following counsel of record at

the address and in the manner indicated:

Richard L. Horwitz, Esquire                    HAND DELIVERY
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market
Wilmington, DE  19801

Arthur I. Neustadt, Esquire                    VIA ELECTRONIC MAIL
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                  HAND DELIVERY
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19801

John Ward, Esquire                                    VIA ELECTRONIC MAIL
Ward & Olivo
708 Third Avenue
New York, NY 10017


                                                      ASHBY & GEDDES

                                                      /s/ John G. Day
                                                      _____
                                                      Steven J. Balick (I.D. # 2114)
                                                      John G. Day (I.D. # 2403)
                                                      222 Delaware Avenue, 17th Floor
                                                      P.O. Box 1150
                                                      Wilmington, Delaware 19899
                                                      302-654-1888
                                                      sbalick@ashby-geddes.com
                                                      jday@ashby-geddes.com

                                                      *Attorneys for Plaintiff LP Matthews, L.L.C*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated: July 12, 2005
155563.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2005, the attached **NOTICE OF SERVICE**

was served upon the below-named counsel of record at the address and in the manner indicated:

Richard L. Horwitz, Esquire                                  HAND DELIVERY
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

Arthur I. Neustadt, Esquire                                  VIA ELECTRONIC MAIL
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                                HAND DELIVERY
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19801

John Ward, Esquire                                           VIA ELECTRONIC MAIL
Ward & Olivo
708 Third Avenue
New York, NY  10017


                                        /s/ John G. Day
                                        John G. Day

**From:**        <ded_nefreply@ded.uscourts.gov>

**To:**          <ded_ecf@ded.uscourts.gov>

**Date:**        7/12/2005 2:58:18 PM

**Subject:**     Activity in Case 1:04-cv-01507-SLR LP Matthews LLC v. Bath & Body Works, et al "Notice of Service"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. District Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Day, John entered on 7/12/2005 at 2:57 PM EDT and filed on 7/12/2005

**Case Name:**        LP Matthews LLC v. Bath & Body Works, et al
**Case Number:**      1:04-cv-1507
**Filer:**            LP Matthews LLC
**Document Number:** 51

**Docket Text:**
NOTICE OF SERVICE of Plaintiff's Second Set of Interrogatories to Defendants Kao Brands Company and Kao Corporation by LP Matthews LLC.(Day, John)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=7/12/2005] [FileNumber=68727-0]
[7198bb35e4bd504473a8a763baaf8e32e65ef568d254f5f6997269954d14c65fe5f2c
8453aa5012d614b06e1739fc09bb610fa7163c9fb9b621d0e8111b31393]]

**1:04-cv-1507 Notice will be electronically mailed to:**

Robert Auchter    raauchter@rkmc.com,

Steven J. Balick    sbalick@ashby-geddes.com, jday@ashby-geddes.com;mkipp@ashby-

geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

Jason R. Buratti    jrburatti@rkmc.com,

Richard L. Chinn    rchinn@oblon.com

John G. Day    jday@ashby-geddes.com, sbalick@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

Richard L. Horwitz    rhorwitz@potteranderson.com,
dmoore@potteranderson.com;nmcmenamin@potteranderson.com;achin@potteranderson.com;mbaker@potteranderson.com;ebroyles@potteranderson.com;kharris@potteranderson.com
David Ellis Moore    dmoore@potteranderson.com, slynch@potteranderson.com

Arthur I. Neustadt    aneustadt@oblon.com

Francis G.X. Pileggi    fpileggi@foxrothschild.com, mrutkowski@foxrothschild.com

**1:04-cv-1507 Notice will be delivered by other means to:**