

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

www.potteranderson.com

October 26, 2005

<u>VIA ELECTRONIC FILING
AND HAND DELIVERY</u>

The Honorable Sue L. Robinson
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE  19801

> Re:  <u>LP Matthews, L.L.C. v. Bath & Body Works, Inc., et al.
> C. A. No. 04-1507 (SLR)</u>

Dear Chief Judge Robinson:

  We write in response to Mr. Balick's October 17 email to the Court, which raised at great length the alleged complaints Plaintiff LP Matthews ("LPM") has with certain discovery responses of Defendants Kao Brands Company ("KBC") and Kao Corporation ("Kao").  We feel compelled to provide Your Honor with our response to LPM's lengthy email to assist the Court in preparing for today's 3:00 p.m. conference with the Court.

  KBC and Kao look forward to the hearing this afternoon, in order to finally resolve these purported discovery issues, so the parties and the Court can direct their attention to the merits of this case.  KBC has produced the relevant documents, and has also produced what we believe are responsive but non-relevant documents in an attempt to end LPM's unceasing complaints.  It appears that LPM's interest is not in obtaining information or documents but in writing letters to the Court with further complaints.

  KBC has already complied with LPM's discovery requests as it relates to the issues in this case.

  There is one patent in suit, the '062 patent, which is directed to a hand cleaning composition or, more simply, a hand cleaner.  The inventors supposedly discovered that the use of orange oil in a hand cleaner produces good results.  The asserted claims call for a hand cleaner comprised of orange oil, a moisturizer, oatmeal or oat grain (to reduce skin irritation) and a pH suitable for skin.  (As noted during the last conference, the Patent Office Board of Appeals in a continuation-in-part application of the '062 patent held that such a composition was unpatentable over the prior art.  This application then went abandoned.)

The Honorable Sue L. Robinson
October 26, 2005
Page 2

There is only one current KBC product accused of infringement, KBC's Curél Ultra Healing moisturizing lotion. There are also three discontinued products accused of infringement. Each of these products has and had only a trace of orange oil, less than one tenth of one percent. The '062 patent abstract states that the orange oil should preferably be 40% with a lower limit of 5%. The asserted claims recite "orange oil." LPM's contention is that any amount of orange oil, no matter how miniscule, constitutes infringement. As is apparent, this is a legal issue.

After receiving LPM's document requests, KBC searched for all documents relating to the accused products and then produced them to LPM. As LPM has asked for more and more documents, KBC has produced them even though they are not relevant since it is easier to produce them than to argue over their non-relevance.

To give the Court an idea of the scope of KBC's production, KBC has produced the following documents and things:

> Sample of Curel Ultra Healing lotion
> Sample packs of Curel Extreme Care body cleanser
> Sample packs of Curel Extreme Care body lotion
> Product composition and manufacturing procedure
> Ingredient function and identification chart
> Document retention policy
> Licensing policy
> Certificates of analysis and material safety data sheets for orange oil
> Certificates of analysis and material safety data sheets for oat meal extract
> Advertisement copy
> Kao Corp annual reports from 1999
> Sales/cost data
> Panel study of compositions with orange oil
> Notebook records
> Literature references relating to orange oil
> Skin irritation study for oat meal extract composition
> pH testing methods
> 30 certificates of analysis for Curel Ultra Healing lotion
> 26 certificates of analysis for Curel Extreme Care facial wash
> 30 certificates of analysis for Curel Extreme Care body lotion
> 30 certificates of analysis for Curel Extreme Care body cleanser
> Corporate organization charts
> Anti-perspirant patent license agreement
> Literature showing uses of orange oil

KBC will be prepared at the October 26 conference to discuss the assertions in LPM's October 17 e-mail to the Court. These assertions are very misleading. For example, LPM asserts that KBC did not identify the "custodian" of KBC documents. However, there is no such custodian. KBC does not have a central depository with a librarian who could be

The Honorable Sue L. Robinson
October 26, 2005
Page 3

considered to be a custodian. Rather, the search was conducted by speaking with the knowledgeable people and having them search for responsive documents. However, to LPM, this is nothing more than a refusal to identify the "custodian."

Notwithstanding LPM's assertion, KBC did complete its document production by September 16. However, when LPM asked for additional documents after September 16, KBC produced further (non-relevant) documents. However, to LPM, this subsequent production of (non-relevant) documents in response to LPM's further requests merely meant that KBC did not complete its document production by September 16.

LPM originally requested representative manufacturing and production records. KBC produced such records. LPM then asked for executed manufacturing and production records which KBC then produced. KBC has produced its manufacturing and production records as requested by LPM.

KBC also produced its sales records for the one current accused product and the three discontinued products and its cost of product for these sales.

Contrary to LPM's assertion, KBC did produce corporate organization documents, a patent license for an anti-perspirant *which KBC did not negotiate but acquired when it acquired the Ban product*, its certificates of analysis, its manufacturing records, its pH testing information and information about raw materials. Further, it did make an e-mail search. Also, it did track down and contact a former KBC employee who is now working for a Kao subsidiary in Bangkok, Thailand.

In contrast to KBC, Kao does not make any of the accused products. The products were developed by KBC, are made by KBC in the United States and are sold by KBC. This is set forth on the label of the product. Further, Kao has no cleaning, moisturizing or cosmetic products which include orange oil. Although LPM contends that only a trace of orange oil infringes, it does not contend that a product without that trace infringes. LPM appears to have brought suit against Kao only because a Kao annual report referred to Kao's subsidiary KBC.

Contrary to LPM's assertions, KBC's David Story, Senior Manager, Product Development, testified to the reasonable search that was performed. He explained that outside counsel spoke with Mr. Dennis Ward, KBC's general counsel, concerning LPM's document requests and it was decided that Mr. Ward would be in charge of searching for responsive non-technical documents and Mr. Story would be in charge of searching for responsive technical documents. Mr. Story then explained how he contacted the relevant people at KBC to ascertain whether they had any responsive documents. Many of the documents requested by LPM were technical rather than non-technical. Mr. Story also explained how Mr. Ward went about his search for responsive non-technical documents. The relevant people were contacted, the relevant files were searched and the responsive documents were produced for LPM.

The Honorable Sue L. Robinson
October 26, 2005
Page 4

      Counsel look forward to addressing these issues with the Court this afternoon.

      Respectfully,

      */s/ Richard L. Horwitz*

      Richard L. Horwitz

RLH/msb
704946

cc:  Clerk of the Court (via hand delivery)
     John G. Day (via hand delivery)
     Francis G.X. Pileggi (via hand delivery)
     Jason R. Buratti (via facsimile)
     Michael Zinna (via facsimile)
     Arthur I. Neustadt (via facsimile)