# FOX • ROTHSCHILD LLP
### ATTORNEYS AT LAW

CITIZENS BANK CENTER • SUITE 1300 • 919 NORTH MARKET STREET • P.O. BOX 2323 • WILMINGTON, DE 19899-2323
302.654.7444 • FAX 302.656.8920 • www.foxrothschild.com

Francis G.X. Pileggi
Direct Dial: (302) 655-3667
Internet Address: fpileggi@foxrothschild.com

October 26, 2005

VIA ELECTRONIC FILING AND HAND DELIVERY

The Honorable Sue L. Robinson
United States District Court
   for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:   LP Matthews, L.L.C. v. Bath & Body Works, Inc., et al.
             C.A. No. 04-1507 (SLR)

Dear Chief Judge Robinson:

      I am local counsel for Bath & Body Works, Inc. and Limited Brands, Inc. We write in response to Mr. Balick's e-mail to the Court of October 17, 2005, to assist the Court in preparing for today's conference at 3:00 p.m.

      In four recent letters dated October 17, 18, 20 and 25, 2005, LP Matthews' counsel articulated a series of alleged document production deficiencies and other issues with respect to defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively the "Limited Defendants"). Those concerns are misplaced or now moot. For example, with regard to document production:

1.   Historical cost information has been produced to the extent it exists.

2.   Sales information has been provided from the date of first sale for all accused products.

3.   Costing information has been provided for all accused products.

PENNSYLVANIA • NEW JERSEY • DELAWARE

WM1A 66597v1 10/26/05

The Honorable Sue L. Robinson
October 26, 2005
Page 2

    4. All responsive documents related to a reasonable royalty analysis have been produced. LP Matthews' continued assertion that more documents must exist is baseless.

    5. Documents related to pH testing methods have been produced to the extent they exist.

    6. Manufacturing records from contract manufacturers (such as Vee-Pak) have been produced to the extent they exist.

The Limited Defendants performed an extensive document search prior to the close of discovery. That search involved more than three dozen primary searchers across several departments, office locations, and even states. That search yielded approximately 4,000 documents, which were sent to LP Matthews' attorney beginning on August 15, 2005. When the Court requested a follow-up search at the September 21, 2005 discovery conference, the Limited Defendants took that request seriously. They had their original searchers revisit their files – electronic, hard copy, archives – paying particular attention to the areas where LP Matthews noted some perceived production deficiencies.

Two significant sources of additional documents were uncovered. The first was the files of a former employee who collected documents, but only forwarded some of these materials prior to his recent termination. The second source was a previously unidentified off-site archive. The Limited Defendants began shipping documents uncovered during their follow-up search to plaintiff's counsel on October 18, 2005. The Limited Defendants will have completed production by no later than October 28, 2005.

LP Matthews' four recent letters also raise issues with regard to the timing of the Limited Defendants' document deposition and the Limited Defendants' refusal to provide certain information about their document search to LP Matthews prior to the deposition. Both of these issues are now moot; the deposition will begin at 9 a.m. this morning.

In short, the Limited Defendants have now conducted two full-scale document searches and have or will provide the results of that search to the plaintiff by no later than this Friday. The Limited Defendants attempted to resolve the plaintiff's outstanding issues in a letter dated October 23, 2005, and other efforts, to no avail. LP Matthews' primary problem with the Limited Defendants' production appears to be that it assumes, without any basis, that many more documents simply must be in the possession of the Limited Defendants. Plaintiff is simply wrong. The overwhelming majority of the documents LP Matthews seeks, including most of the originals, reside with the third parties that supply the Limited Defendants with all of the accused

FOX • ROTHSCHILD LLP
ATTORNEYS AT LAW

The Honorable Sue L. Robinson
October 26, 2005
Page 3

products. These third parties were identified by the Limited Defendants months ago, but LP Matthews has only recently served subpoenas requesting production from these parties.

Respectfully,

*Francis G.X. Pileggi*

Francis G.X. Pileggi

FGXP:mar

cc:  Clerk of the Court (via hand delivery)
    John Ward, Esquire (via facsimile)
    John G. Day, Esquire (via hand delivery)
    Richard L. Horwitz, Esquire (via facsimile)
    Jason R. Buratti, Esquire (via facsimile)
    Michael Zinna, Esquire (via facsimile)
    Arthur I. Neustadt, Esquire (via facsimile)

FOX • ROTHSCHILD LLP
ATTORNEYS AT LAW