IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1507-SLR |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**LP MATTHEWS' ANSWERING BRIEF IN OPPOSITION
TO KBC'S MOTION TO DISMISS FOR LACK OF STANDING**

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office: 800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
Office: 202-775-0725

Dated: October 28, 2005

ASHBY & GEDDES
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ................................................................ 1

SUMMARY OF THE ARGUMENT ..................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 2

    A.    The '062 Patent-in-Suit ............................................................................... 2

    B.    The Assignment of the '062 Patent to LP Matthews ................................. 2

ARGUMENT ........................................................................................................................... 3

    A.    The '062 Patent Assignment Is Not Champertous ..................................... 3

    B.    LP Matthews, the Lawful Owner of the '062 Patent, Has a Legal Interest in the Subject Matter of this Dispute ............................................ 5

    C.    The '062 Patent Agreement Is Valid and Enforceable Under Colorado Law Which This Court Should Apply ....................................... 8

    D.    KBC Should Not Be Heard To Challenge The Validity of the '062 Patent Assignment ..................................................................................... 9

CONCLUSION ....................................................................................................................... 10

## TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

**Cases**         **Page**

*Arachnid, Inc. v. Merit Indus., Inc.*,
939 F.2d 1574 (Fed. Cir. 1991) ............................................................................. 4

*Butler v. Davies*,
109 F.2d 88 (10th Cir. 1940) ............................................................................. 2, 8

*Chemipal Ltd. v. Slim-Fast Nutritional Foods International, Inc.*,
350 F. Supp.2d 582 (D. Del. 2004) ...................................................................... 8

*Florida Prepaid Postsecondary Education Expense Bd. v. College Savings Bank*,
527 U.S. 627 (1999) .......................................................................................... 3, 4

*Graham v. John Deere Co.*,
383 U.S. 1 (1966) .................................................................................................. 3

*Hall v. Delaware*,
655 A.2d 827 (Del. Super. 1994) .................................................................. 5, 6, 7

*In re Emerging Communications, Inc. Shareholders Litigation*,
No. 16415, 2004 Del. Ch. LEXIS 70 (Del. Ch. June 4, 2004) ............................ 9

*Mas-Hamilton Group v. LaGard, Inc.*,
156 F.3d 1206 (Fed. Cir. 1998) ............................................................................ 2

*Pfizer Inc. v. Elan Pharmaceutical Research Corp.*,
812 F. Supp. 1352 (D. Del. 1993) ........................................................................ 8

*Refac International, Inc. v. Lotus Dev. Corp.*,
131 F.R.D. 56 (S.D.N.Y. 1990) ........................................................................... 7

*Wilden Pump & Engineering Co. v. Versa-Matic Tool, Inc.*,
No. 91-1562 SVW (Sx), 1991 U.S. Dist. LEXIS 12316 (C.D. Cal. July 29, 1991) ...... 6

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*,
944 F.2d 870 (Fed. Cir. 1991) ............................................................................. 4

**Statutes**

35 U.S.C. §281 (1994) ................................................................................................ 4, 5

## NATURE AND STAGE OF THE PROCEEDINGS

On December 8, 2004, plaintiff LP Matthews, L.L.C. filed a Complaint for patent infringement against defendants Kao Brands Company (formerly known as The Andrew Jergens Company) ("KBC"), Kao Corporation, Limited Brands, Inc., and Bath and Body Works, Inc. (D.I. 1). LP Matthews amended its Complaint on February 2, 2005. (D.I. 5, 8). This Court entered a Scheduling Order on June 9, 2005 (D.I. 39).

LP Matthews submits this Memorandum in opposition to KBC's September 30, 2005 Motion to Dismiss for Lack of Standing if LPM Refuses to Join Greenspan. (D.I. 88).

## SUMMARY OF THE ARGUMENT

The Assignment of U.S. Patent No. 5,063,062 ("the '062 patent") is neither champertous nor void. First, the Patent Assignment ("Assignment") is a valid assignment of a property right -- a United States patent -- and not a mere claim or cause of action. (LPM Ex. A at LPM 000034-35).[1] Champerty is the assignment of a claim or cause of action.

Second, the Patent Assignment Agreement[2] ("Agreement") that LP Matthews, LLC ("LP Matthews") and The Greenspan Company ("Greenspan Co.") negotiated and executed is governed by and construed in accordance with Colorado law. This Court should deny KBC's motion challenging the enforceability of a valid assignment of a property right under an inapplicable legal theory that is not even recognized under the governing law. (LPM Ex. B at LPM 000020). Applicable choice of law rules require giving that clause effect and

---

[1] In this Memorandum, "KBC Br." refers to KBC's Memorandum in Support of Its Motion to Dismiss for Lack of Standing if LPM Refuses to Join Greenspan filed September 30, 2005. (D.I. 89). "KBC Ex." refers to exhibits to KBC Br. Finally, "LPM Ex." refers to exhibits attached to this Memorandum.

Colorado law does not recognize champerty. Accordingly, the Patent Assignment is not champertous under the relevant law.

## STATEMENT OF FACTS

A. **The '062 Patent-in-Suit**

The United States Patent and Trademark Office (PTO) issued the '062 patent on November 5, 1991. (LPM Ex. C). Prior to issuance, rights to the '062 patent were assigned to Douglas Greenspan (one of the named inventors) and William Ingram. (LPM Ex. D at LPM 000026-27). Douglas Greenspan and William Ingram subsequently assigned their rights to the '062 patent to Greenspan Co. (LPM Ex. E at LPM 000028-32). Greenspan Co. subsequently assigned its rights to the '062 patent to LP Matthews. (LPM Ex. A).

B. **The Assignment of the '062 Patent to LP Matthews**

LP Matthews acquired the entire right, title and interest in and to the '062 patent from Greenspan Co. through a written Patent Assignment. (LPM Ex. A). LP Matthews and Greenspan Co. executed this Assignment on March 4, 2004, over 9 months before this case was filed. The Assignment explicitly includes the right to collect past damages in complete accordance with governing Federal Circuit law. *See Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1210 (Fed. Cir. 1998). However, the Assignment neither requires LP Matthews to file suit nor references this litigation or these defendants. (LPM Ex. A).

---

*... footnote continued from previous page*
[2] Kao Brands Co. confusingly refers to as this Agreement as the Assignment. (KBC Br. at 1).

LP Matthews and Greenspan Co. also executed a Patent Assignment Agreement (LPM Ex. B). They agreed that Colorado law governs this Agreement and that the Agreement shall be construed in accordance with Colorado state law. The Agreement explicitly recites that choice of law. (*Id.* at LPM 000020). Colorado law does not recognize champerty. *Butler v. Davies*, 109 F.2d 88, 89 (10th Cir. 1940) ("Champerty as it existed at common law does not obtain in Colorado.").

The Assignment does not require any litigation and does not impose any obligation to litigate on the assignee, LP Matthews. The Agreement, like the Assignment, neither requires LP Matthews to file suit nor references this litigation or these defendants. (LPM Ex. B). To the contrary, the Agreement requires that the

**REDACTED**

The Agreement further requires that

**REDACTED**

In addition, the Agreement provides for an

**REDACTED**

The Agreement, like the Assignment, relates to a valid assignment of title to property and is not champertous.

## ARGUMENT

A.  **The '062 Patent Assignment Is Not Champertous**

Article I, Section 8, Clause 8 of the United States Constitution provides the foundation for the patent grant. *See Graham v. John Deere Co.*, 383 U.S. 1, 5-6 (1966). The very nature of the patent grant, and the established law recognizing both the propriety of

assigning rights to collect past damages and the necessity of bringing suit to enforce these rights, militate against ruling that a patent assignment is champertous.

A United States patent is a species of property including the right to exclude others from infringing the patentee's rights by civil action. *Florida Prepaid Postsecondary Education Expense Bd. v. College Savings Bank*, 527 U.S. 627, 653 (1999) ("Every valid patent 'gives the patentee or his assignee the 'exclusive right to make, use, and vend the invention or discovery' for a limited period.'" *Id.*, 527 U.S. at 653 (J. Stevens, dissenting) (quoting *Transparent-Wrap Machine Corp. v. Stokes & Smith Co.*, 329 U.S. 637, 643 (1947)); 35 U.S.C. § 281 ("A patentee shall have remedy by civil action for infringement of his patent."). Indeed, "[t]he term 'assignment' has a particular meaning in patent law, implying formal transfer of title." *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991).

The Patent Assignment in this case formally transferred title of property – the '062 patent – to LP Matthews. The Assignment explicitly recognizes these rights, stating "that for good and valuable consideration, the receipt of which is hereby acknowledged, The Greenspan Company hereby sells, assigns and transfers to LP Matthews, LLC the entire right, title and interest in and to the foregoing Patents, including without limitation, the right to sue for past, present and future infringement of the Patents, and the right to collect and receive any damages, royalties, or settlements for such infringements and any and all causes of action relating to any of the inventions or discoveries described in the Patents." (LPM Ex. A). Binding Federal Circuit precedent mandates including these terms because any assignment of a right of action for past infringements must be express and cannot be inferred. *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 n.7 (Fed. Cir. 1991) (citing *Moore*

*v. Marsh*, 74 U.S. 515, 522 (1868)). As the Federal Circuit noted in *Arachnid*, "[a] patent is a creature of statute, as is the right of a patentee to have a remedy for infringement of his patent." 939 F.2d at 1578. The court further noted that "[s]uit must be brought on the patent, as ownership only of the invention gives no right to exclude, which is obtained only from the patent grant." *Id.* at 1578-79 (emphasis omitted).

Contrary to KBC's apparent argument, a patent is *not* simply a cause of action or a claim. A patent is a statutory property right founded in our constitution that permits the patentee to exclude others from practicing that which is granted by the patent. A patentee who chooses to exercise that right must file suit against those who are infringing that right. *Id.; see also* 35 U.S.C. § 281. Because Greenspan Co. assigned the '062 patent to LP Matthews, Greenspan's rights are not being violated by defendants' ongoing infringement – it is LP Matthews, the lawful owner of the '062 patent, whose rights are being violated. These fundamental differences distinguish the assignment of a patent from the assignments of claims held to be unenforceable, even under Delaware law.

**B.  LP Matthews, the Lawful Owner of the '062 Patent, Has a Legal Interest in the Subject Matter of this Dispute**

As the lawful owner of the '062 patent, LP Matthews is *not* a volunteer or stranger with no legal interest in the subject matter of the dispute. Thus, the doctrines of champerty and maintenance do not apply to LP Matthews. *See Hall v. Delaware*, 655 A.2d 827, 829 (Del. Super. 1994).

There was no ongoing litigation when the '062 patent was assigned to LP Matthews on March 15, 2004. (LPM Ex. A at 000035). Nothing in the Assignment or the Agreement requires litigation. Rather, LP Matthews is obligated to try to license and enforce the '062

patent using reasonable commercial efforts. (LPM Ex. B at LPM 000016). If there is any litigation involving the '062 patent, it is the patent owner – LP Matthews – who decides whether to pursue it, taking into account all the circumstances. (*Id.*).

Greenspan Co. owned a *patent*, not a mere claim or cause of action. Greenspan Co. assigned that patent to LP Matthews, not a claim or a cause of action. KBC (and the other defendants) continue to infringe that patent with each sale of an infringing product creating a separate cause of action. *Wilden Pump & Engineering Co. v. Versa-Matic Tool, Inc.*, No. 91-1562 SVW (Sx), 1991 U.S. Dist. LEXIS 12316, at *9 (C.D. Cal. July 29, 1991) ("Patent infringement, on the other hand, creates a cause of action every time an infringing product is sold.").[3] LP Matthews' right to recover damages for past infringement is incidental to LP Matthews' lawful ownership of the '062 patent and its unquestioned right to enforce its patent rights in the face of ongoing infringement.

*Hall v. Delaware*, cited by KBC in its brief and at the August 24, 2005 status conference, (D.I. 68 at 18:4 – 20:8), did not involve the transfer of an analogous property right. The only thing transferred in *Hall* was a *claim* to already lost or seized property (a missing automobile and seized play money that were owned by an alleged con artist), not the property itself, and certainly nothing that could give rise to additional causes of action. *Hall*, 655 A.2d at 829. As the court noted in *Hall*, the allegedly seized currency was taken from the assignor, not the assignee, limiting the assignee's *entire* connection to the subject matter of the dispute to the assignment. *Id.* at 830. In contrast, every infringing product sold by the

---

[3] A copy of *Wilden Pump & Engineering Co. v. Versa-Matic Tool, Inc.* is attached as Ex. F for the convenience of the Court.

defendants creates a new cause of action. LP Matthews' connection to the subject matter of this dispute is the '062 patent, *not* the assignment of the patent.

The court's decision in *Hall* was based, in part, on a public policy of conserving the State's resources that is inapposite here because there is no involvement of the executive branch and the State is not the defendant. *Id.* at 831. In view of the distinctions noted above and countervailing policy interests, this court should not extend *Hall* beyond its facts.

The *Refac* decision cited by KBC (KBC Br. at 4) is inapposite. In *Refac*, the license agreement at issue obligated the plaintiff to promptly file suit. *Refac International, Inc. v. Lotus Dev. Corp.*, 131 F.R.D. 56, 57 (S.D.N.Y. 1990) ("The crux of the license agreement is REFAC's obligation to sue alleged patent infringers on FRS's behalf."). Neither the Assignment nor the Agreement here obligates LP Matthews to file suit – ever. (LPM Ex. B at LPM 000016). In *Refac*, the assignor retained 95% ownership of the patent-in-suit and "substantial rights to control and direct the litigation conducted by REFAC." *Refac*, 131 F.R.D. at 57. Greenspan Co. retained *no* ownership of the '062 patent and has *no* rights to control or direct litigation. (LPM Ex. A). In *Refac*, the assignee could not practice the licensed patent and any license to others required assignor approval. 131 F.R.D. at 57-8. LP Matthews is able to practice the '062 patent or license it without restriction. (LPM Ex. B at LPM 000017). LP Matthews, the assignee of "the entire right, title and interest in and to the" '062 patent, (LPM Ex. A), is the real party in interest. KBC's motion should be denied.

C.  **The '062 Patent Agreement Is Valid and Enforceable Under Colorado Law Which This Court Should Apply**

LP Matthews and Greenspan Co. executed a Patent Assignment Agreement[4] (LPM Ex. B) relating to the Patent Assignment. They decided that Colorado law should govern the Agreement and included an express provision to that effect.

**REDACTED**

The Agreement is governed by and construed in accordance with Colorado state law. Colorado law does not recognize champerty. *Butler v. Davies*, 109 F.2d 88, 89 (10th Cir. 1940) ("Champerty as it existed at common law does not obtain in Colorado."). Accordingly, Colorado law does not recognize the basis for KBC's motion.

Federal choice of law rules dictate that Colorado's substantive law should apply because this is a federal question case with subject matter jurisdiction based on 28 U.S.C. § 1338. *Pfizer Inc. v. Elan Pharmaceutical Research Corp.*, 812 F. Supp. 1352, 1359-60 (D. Del. 1993). Under applicable federal common law choice of law rules, this Court looks to the Restatement (Second) of Conflict of Law as a source of federal common law principles. *Id.* at 1360. "Pursuant to section 187 of the Restatement, if reasonable, a contractual choice of law provision should be given effect." *Id.* This is also true under Delaware law. *Chemipal Ltd. v. Slim-Fast Nutritional Foods International, Inc.*, 350 F. Supp.2d 582, 595 (D. Del. 2004) ("Under Delaware law, express choice of law provisions in contracts are generally given effect.") (citations omitted).

---

[4] It is this Agreement that KBC refers to as the Assignment in its brief. See KBC Br. at 1.

Section 10.3 of the Agreement is an express choice of law provision in a contract by a party in Colorado relating to an invention made and commercialized in Colorado. It is a manifestly reasonable choice of law and this Court should give it the effect that Greenspan and LP Matthews intended. Because champerty does not obtain in Colorado, KBC should not be permitted to void the Agreement on grounds that are neither available to nor contemplated by either of the parties to the Agreement.

### D.   KBC Should Not Be Heard To Challenge The Validity of the '062 Patent Assignment

The Court of Chancery recognizes that there is authority holding that only a party to an assignment can contest its validity. *In re Emerging Communications, Inc. Shareholders Litigation*, No. 16415, 2004 Del. Ch. LEXIS 70 at *105 n.122 (Del. Ch. June 4, 2004) (citing *Wagner v. United States*, 573 F.2d 447 (7th Cir. 1978); *Gamble v. Stevenson*, 305 S.C. 104, 406 S.E.2d 350, 353 (S.C. 1991); 6A C.J.S. Assignments § 71 (1975)).[5] Although the Court of Chancery recognized this authority without deciding whether it applies in Delaware or not, this Court should follow that authority, especially here where the Assignment is valid and enforceable under the governing law. Neither Greenspan Co. nor LP Matthews can void the Assignment under the governing law. It would be manifestly unjust to allow a "stranger" to do so. A stranger should not be permitted to void this valid and enforceable transfer of ownership in contravention of the plainly stated intentions of the parties to the Agreement. LP Matthews is the real party in interest in this litigation because it is LP Matthews that

---

[5] A copy of *In re Emerging Communications, Inc. Shareholders Litigation* is attached as Ex. G for the convenience of the Court.

lawfully owns the '062 patent and LP Matthews that is being injured by the continuing infringement of the '062 patent.

## CONCLUSION

The Assignment of the '062 Patent is not champertous. LP Matthews owns the '062 patent and is the real party in interest here. It is LP Matthews whose property rights are being violated by the continuing tortious acts of patent infringement; LP Matthews is not a mere stranger with no legal interest in the subject matter of the dispute – LP Matthews owns the '062 patent. Furthermore, champerty does not even apply in this case as the assignment of the patent-in-suit is governed by Colorado law and Colorado does not recognize champerty. Neither party to the Assignment can void the Assignment as champertous; KBC, neither assignor nor assignee, should not be permitted to do so. Accordingly, KBC's Motion to Dismiss should be denied.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office: 800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
Office: 202-775-0725

Dated: October 24, 2005
162690.1