IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 04-1507 (SLR) |
| BATH & BODY WORKS, INC.; LIMITED | ) |
| BRANDS, INC.; KAO BRANDS CO. | ) **PUBLIC VERSION** |
| (f/k/a THE ANDREW JERGENS | ) |
| COMPANY); and KAO CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**KBC'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS FOR LACK OF STANDING IF LPM
<u>REFUSES TO JOIN GREENSPAN</u>**

OF COUNSEL:

Arthur I. Neustadt, Esq.
Stephen G. Baxter, Esq.
Richard L. Chinn, Esq.
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000
Fax: (703) 413-2220

Dated: November 7, 2005
Public Version Dated: November 9, 2005

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Kao Brands Co*

## Table of Contents

Table of Contents ............................................................................................................. i

Table of Authorities ......................................................................................................... ii

KBC's Motion and LPM's Response ............................................................................... 1

Whether the Agreement Is Valid in Colorado Is Immaterial to Whether
It Is Enforceable in Delaware ........................................................................................... 1

███████████████████████████████████ .......................................................................... 3

REFAC Cannot Be Distinguished .................................................................................... 4

Conclusion ........................................................................................................................ 4

# Table of Authorities

*Cases*

*Accrued Financial Services, Inc. v. Prime Retail, Inc.*,
298 F.3d 291 (4th Cir. 2002) ........................................................................................... 2

*American Optical Co. v. Curtiss,*
56 F.R.D. 26 (S.D.N.Y. 1971) ..................................................................................... 3, 4

*Compaq Computer Corp. v. Horton,*
631 A.2d 1 (Del. 1993) .................................................................................................... 3

*Drake v. Northwest Natural Gas Co.,*
165 A.2d 452 (Del. Ch. 1960) ......................................................................................... 3

*Gibson v. Gillespie,*
152 A. 589 (Del. Super. Ct. 1928) .................................................................................. 3

*Hall v. Delaware,*
655 A.2d 827 (Del. Super. Ct. 1994) .............................................................................. 3

*Hannigan v. Italo Petroleum Corp. of America,*
178 A. 589 (Del. Super. Ct. 1935) .................................................................................. 3

*Jamison Coal & Coke Co. v. Goltra,*
143 F.2d 889 (8th Cir. 1944) .......................................................................................... 2

*Kenrich Corp. v. Miller,*
377 F.2d 312 (3d Cir. 1967) ........................................................................................... 2

*Koro Co. v. Bristol-Myers Co.,*
568 F.Supp. 280 (D.D.C. 1983) ...................................................................................... 4

*REFAC Int'l Ltd. v. Lotus Development Corp.,*
131 F.R.D. 56 (S.D.N.Y. 1990) ...................................................................................... 4

**KBC's Motion and LPM's Response**

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

KBC's motion requests dismissal of the suit for lack of standing if LPM refuses to join Greenspan. Rather than join Greenspan, LPM opposes the motion on non-meritorious and baseless grounds.

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████

**Whether the Agreement Is Valid in Colorado Is Immaterial
to Whether It Is Enforceable in Delaware**

██████████████████████████████████████████████

██████████████████████████████████████ However, whether the agreement would be enforceable in Colorado is of no moment since the suit was brought in Delaware. A federal court will not enforce a contract which is against the public policy of the state in which it sits. "Federal courts consistently refuse to enforce

contracts which are against the public policy of the state in which the court sits."

*Jamison Coal & Co. v. Goltra*, 143 F.2d 889, 895 (8th Cir. 1944) (refusal by Missouri court to enforce champertous contract made in Pennsylvania because of Missouri's public policy against champerty).

This is the law in the Third Circuit.

> As the district court recognized, these facts raise a serious question of champerty *which must be decided in accordance with the law of Pennsylvania, since Pennsylvania is the forum of this diversity action.* Under the common law of Pennsylvania, an arrangement offends public policy against champerty and is illegal if it provides for the institution of litigation by and at the expense of a person who, but for that agreement, has no interest in it, with the understanding that his reward is to be a share of whatever proceeds the litigation may yield. [citations omitted] A plaintiff who sues on what would be another's claim except for such a champertous agreement will not be permitted to maintain an action.

*Kenrich Corp. v. Miller*, 377 F.2d 312, 314 (3d Cir. 1967), emphasis added.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

> While the assignments in this case contain a choice-of-law provision providing that California law governs, *the parties' choice of law provision is enforceable only to the extent that the chosen law does not violate a fundamental public policy of the forum state, Maryland.*

*Accrued Financial Services, Inc. v. Prime Retail, Inc.*, 298 F.3d 291, 297 (4th Cir. 2002) (Maryland's public policy against champertous suits), emphasis added.

Whether the agreement is valid under Colorado law is of no moment. "However, we need not concern ourselves with the validity of the Agreement under Michigan law, since the Agreement, on its face, is contrary to the public policy of New York [against

2

champerty]. [footnote omitted]." *American Optical Co. v. Curtiss*, 56 F.R.D. 26, 29-30 (S.D.N.Y. 1971), emphasis added.

Delaware has a public policy against champertous suits.

> *It is the duty of the court to dismiss a case in which the evidence discloses that the assignment of the cause of action sued upon was tainted with champerty. Gibson, 152 A. at 593.* See also *Hannigan v. Italo Petroleum Corp. of America*, Del. Super., 178 A. 589, 591c (1935) ("our courts have held that agreements of [champertous] character are necessarily absolutely void"). Although *Hannigan* and *Gibson* were decided at a time when champerty was still a criminal offense in Delaware, see *Hannigan*, 178 A. at 591 and *Gibson*, 152 A. at 593, the doctrine continues to have vitality in this State. In *Compaq*, the Supreme Court noted that the activities of the plaintiff constituted neither champerty nor maintenance, *implicitly recognizing the continuing vitality of the doctrines under Delaware law. 631 A.2d at 5 n.1.* See also *Drake*, 165 A.2d at 454 ("it is the mere volunteer who takes a claim for the purpose of collecting and dividing the proceeds with its owner, if they prevail, who is condemned as a champertor in Delaware").

*Hall v. Delaware*, 655 A.2d 827, 830 (Del. Super. 1994), emphasis added.



## REFAC Cannot Be Distinguished

LPM tries to distinguish *REFAC Int'l Ltd. v. Lotus Development Corp.*, 131 F.R.D. 56, 57 (S.D.N.Y. 1990) on the basis that only a 5% interest was assigned in that case. However, the percentage interest was of no moment. The evil was that the real party in interest remained outside the litigation. "As in *American Optical* and *Koro*, the primary purpose for the assignment here was to enable REFAC to commence actions as FRS's surrogate plaintiff. REFAC may not recover on a champertous assignment while FRS remains outside the litigation as the real party in interest." *Id.* at 58. Likewise, in the case at bar, Greenspan, the real party in interest, remains outside the litigation.

## Conclusion

For the foregoing reasons, since LPM refuses to join Greenspan, this action should be dismissed, with prejudice, for lack of standing.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt, Esq.
Stephen G. Baxter, Esq.
Richard L. Chinn, Esq.
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000
Fax: (703) 413-2220

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Kao Brands Co*

Dated: November 7, 2005
Public Version Dated: November 9, 2005
706754 / 16138-788

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on November 9, 2005, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Steven J. Balick | Francis G.X. Pileggi |
| John G. Day | Fox Rothschild LLP |
| Ashby & Geddes | 919 Market Street |
| 222 Delaware Avenue | Suite 1300 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |

I hereby certify that on November 9, 2005, I have Federal Expressed the documents to the following non-registered participants:

| | |
|---|---|
| Ronald J. Schutz | Robert A. Auchter |
| Robins, Kaplan, Miller & Ciresi L.L.P. | Jason R. Buratti |
| 2800 LaSalle Plaza | Robins, Kaplan, Miller & Ciresi L.L.P. |
| 800 LaSalle Avenue | 1801 K Street, NW |
| Minneapolis, MN 55402-2015 | Washington, DC 20006 |

John F. Ward
Ward & Olivo
708 Third Avenue
New York, NY 10017

By:   /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

673089