IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 04-1507-SLR |
| v. | ) |
| | ) |
| BATH & BODY WORKS, INC.; LIMITED BRANDS, INC.; KAO BRANDS CO. (f/k/a THE ANDREW JERGENS COMPANY); and KAO CORPORATION | ) ) ) ) |
| | ) |
| Defendants. | ) ) |

**NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF
DEFENDANT KAO BRANDS COMPANY**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), the Court's Scheduling Order, and the Court's Local Rules, plaintiff LP Matthews, L.L.C., requests to take a deposition upon oral examination of Kao Brands Company (formerly known as The Andrew Jergens Company) ("defendant") through one (or more) of its representatives offered to testify for defendant who is (or are) most knowledgeable with respect to the deposition topics set forth in the attached Schedule B. The deposition will commence at the offices of Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Suite 1200, in Washington, DC on December 19, 2005 at 9:00 a.m. or at another mutually agreed-upon time and location. The deposition will be taken upon oral examination before a court reporter, notary public, or other person authorized by the laws of the United States to administer oaths and will be recorded using stenographic, audiographic, and/or videographic means. The deposition will continue from day to day until concluded or as agreed to between the parties.

Defendant should (1) provide a written designation of the name(s) and position(s) of the person(s) designated to testify at least one week in advance of the date of deposition, and (2) at least two business days before the deposition, defendant should produce pursuant to Fed. R. Civ. P. 34, any documents reviewed or considered in preparation for the deposition, except that documents produced in response to LP Matthews' discovery requests may be identified by production number.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. # 4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office: 800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
Office: 202-775-0725

Dated: November 18, 2005
163780.1

## SCHEDULE A

### INSTRUCTIONS AND DEFINITIONS

A.  "The '062 patent" means United States Patent No. 5,063,062, entitled "Cleaning Compositions with Orange Oil."

B.  "Defendant" means Kao Brands Company, its officers, employees, counsel, agents, consultants, representatives, and any predecessor entity to defendant (including the Andrew Jergens Company and Curél).

C.  "Person" means natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiffs, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

D.  To "identify" a person means to state the person's name, occupation, job title, and current business address, or, if unknown, the last-known business and home address.

E.  The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of defendant.

F.  To "identify" any document or thing means:

  1.  to provide a brief description of such documents or things sufficient to support a request under Rule 34;

  2.  to identify the manufacturer(s) and custodian(s) of the document(s) or thing(s) by company's or person's name, job title, employer, and address; and

  3.  to state the place where the document or thing originated and may be inspected.

G. Unless it otherwise appears from the context, a request to identify a person relates to all persons in such classification or category.

H. In construing the topics below, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

I. "Accused Products" means:

1. Curél Ultra Healing;

2. Curél Extreme Care facial wash;

3. Curél Extreme Care body wash; and

4. Curél Extreme Care body lotion.

J. "Date" means the exact month, day, and year.

## SCHEDULE B

## DEPOSITION TOPICS

1. The date that each accused product was first made by or for defendant or was supplied to defendant.

2. The date that defendant first sold each accused product.

3. The percentage of orange oil in each accused product since the time that product was first made by or for defendant or was supplied to defendant.

4. The identity of each document that shows the percentage of orange oil in each accused product since the time that product was first made by or for defendant or was supplied to defendant.

5. Each effect of the orange oil in each accused product since the time that product was first made by or for defendant.

6. The identity of each document that shows that the orange oil in each accused product does not have a cleaning effect.

7. The identity of each oat grain derivative product in each accused product since the time that product was first made by or for defendant or was supplied to defendant.

8. The percentage of each oat grain derivative product in each accused product since the time that product was first made by or for defendant or was supplied to defendant.

9. The identity of each document that shows the percentage of orange oil in each accused product since the time that product was first made by or for defendant or was supplied to defendant.

10. Each effect of each oat grain derivative product in each accused product since the time that product was first made by or for defendant or was supplied to defendant.

11. The identity of each document that shows that the oat grain derivative product in each accused product does not have an emulsifying effect.

12. The process by which each oat grain derivative product has been introduced during manufacture into each accused product since the time that product was first made by or for defendant or was supplied to defendant.

13. The identity of each moisturizer in each accused product since the time that product was first made by or for defendant or was supplied to defendant.

14. The pH finished product specification for each accused product since the time that product was first made by or for defendant or was supplied to defendant.

15. The test method used to determine whether the pH finished product specification is met for each accused product since the time that product was first made by or for defendant or was supplied to defendant.

16. The analysis and reporting of the pH tests for each accused product since the time that product was first made by or for defendant or was supplied to defendant

17. The identity of each document showing that the pH of each accused product since the time that product was first made by or for defendant or supplied to defendant falls in the range of 4.5 to 6.0, inclusive.

18. The identity of each document showing that the pH of each accused product since the time that product was first made by or for defendant or supplied to defendant falls in the range of 3.5 to 7.0, inclusive.

19. All factual bases for defendant's responses to LP Matthews' Interrogatory No. 2-3 and 8.

20. The identity of each document supporting or refuting the factual bases for defendant's responses to Matthews' Interrogatory Nos. 2-3 and 8.

21. All factual bases underlying defendant's March 8, 2005 motion for summary judgment of non-infringement.

22. The identity of each document supporting or refuting the factual bases underlying defendant's March 8, 2005 motion for summary judgment of non-infringement.

23. The identity of each document considered, relied upon, referred to, or referenced in defendant's responses to LP Matthews' Interrogatories.

24. All factual bases for the allegations set forth in defendant's Answer to the Amended Complaint.

25. The identity of each document supporting or refuting each factual basis for the allegations set forth in defendant's Answer to the Amended Complaint.

26. The date on which defendant first learned of the '062 patent.

27. The circumstances under which defendant first learned of the '062 patent.

28. Each action taken by defendant after learning of the '062 patent to avoid infringing the '062 patent.

29. The identity of each document that reflects each action taken by defendant after learning of the '062 patent to avoid infringing the '062 patent.

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2005, the attached **NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF DEFENDANT KAO BRANDS COMPANY** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE  19899-0951 | HAND DELIVERY |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA  22314 | VIA ELECTRONIC MAIL |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE  19899 | HAND DELIVERY |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY  10017 | VIA ELECTRONIC MAIL |

/s/ *Lauren E. Maguire*
_____
Lauren E. Maguire