IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1507-SLR |
| v. | ) | |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF
DEFENDANT KAO BRANDS COMPANY**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), the
Court's Scheduling Order, and the Court's Local Rules, plaintiff LP Matthews, L.L.C., requests
to take a deposition upon oral examination of Kao Brands Company (formerly known as The
Andrew Jergens Company) ("defendant") through one (or more) of its representatives offered to
testify for defendant who is (or are) most knowledgeable with respect to the deposition topics set
forth in the attached Schedule B. The deposition will commence at the offices of Robins,
Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Suite 1200, Washington, D.C. on
January 5, 2006 at 9:00 a.m. or at another mutually agreed-upon time and location. The
deposition will be taken upon oral examination before a court reporter, notary public, or other
person authorized by the laws of the United States to administer oaths and will be recorded using
stenographic, audiographic, and/or videographic means. The deposition will continue from day
to day until concluded or as agreed to between the parties.

At least one week in advance of the date of deposition, defendant should (1) provide a written designation of the name(s) and position(s) of the person(s) designated to testify, and (2) produce pursuant to Fed. R. Civ. P. 34 any documents reviewed or considered in preparation for the deposition, except that documents produced in response to LP Matthews' discovery requests may be identified by production number.

ASHBY & GEDDES

/s/ Lauren E. Maguire

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*
Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated: November 22, 2005
163877.1

2

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

A.    "The '062 patent" means United States Patent No. 5,063,062, entitled "Cleaning Compositions with Orange Oil."

B.    "Defendant" means Kao Brands Company, its officers, employees, counsel, agents, consultants, representatives, and any predecessor entity to defendant (including The Andrew Jergens Company, Curél, Bioré, and John Frieda Professional Hair Care, Inc.).

C.    "Person" means natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiffs, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents, or attorneys acting on the person's behalf.

D.    To "identify" a person means to state the person's name, occupation, job title, and current business address or, if unknown, the last-known business and home address.

E.    The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of defendant.

F.    To "identify" any document or thing means:

1.    to provide a brief description of such documents or things sufficient to support a request under Rule 34;

2.    to state the manufacturer and custodian of the document or thing by company's or person's name, job title, employer, and address; and

3.    to state the place where the document or thing originated and may be inspected.

G.      Unless it otherwise appears from the context, a request to identify a person relates to all persons in such classification or category.

H.      In construing the topics below, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

I.      "Accused Products" means:

    1.      Curél Ultra Healing;

    2.      Curél Extreme Care facial wash;

    3.      Curél Extreme Care body wash; and

    4.      Curél Extreme Care body lotion.

J.      "Date" means the exact month, day, and year.

**SCHEDULE B**

**DEPOSITION TOPICS**

1.      Sales of each accused product in (a) the United States or (b) anywhere else in the world since 1991.

2.      The defendant's pricing of each accused product since the time that product was first made by or for defendant or was supplied to defendant.

3.      Gross and net sales figures and distribution (by unit sales volume and by dollar sales volume) since 1991, whether inside or outside the United States, for the accused products on a monthly, quarterly, and annual basis, or on whatever timeframe defendant regularly keeps records of gross and net sales figures and distribution records.

4.      Defendant's fixed and variable costs for each accused product sold since 1991.

5.      The defendant's profits from sales of each accused product since the time that product was first made by or for defendant or was supplied to defendant.

6.      Gross and net profits (by unit sales volume and by dollar sales volume) since 1991, whether inside or outside the United States, for the accused products on a monthly, quarterly, and annual basis, or on whatever timeframe defendant regularly keeps records of gross and net sales figures and distribution records.

7.      Each marketing, pricing, advertising, sales, sales projection, market study, license, memorandum of understanding, agreement, royalty payment, promotional document, advertisement, or audiovisual aid relating to or referring to each accused product since the time that product was first made by or for defendant or was supplied to defendant.

8.      Defendant's licensing policies for cosmetic products since 1990.

9.    Each patent licensing or royalty agreement for cosmetic products dated in or after 1990 that defendant has in its possession, custody, or control.

10.    The relationship between the parties to each of defendants' patent licensing or royalty agreements for cosmetic products dated in or after 1990, including whether the parties are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

11.    The monetary or other valuation of each of defendants' patent licensing or royalty agreements for cosmetic products dated in or after 1990 that does not contain terms for royalty payments.

12.    The extent to which defendant has made use of the invention of the patents identified in each of defendants' patent licensing or royalty agreements for cosmetic products dated in or after 1990.

13.    Each patent licensing or royalty agreement or provision thereof considered but not entered into by defendant for cosmetic products since 1990.

14.    Any royalty or license fees received or paid by defendant since 1990 for cosmetic products.

15.    The policies of defendant to maintain its patent monopolies by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

16.    The selling price or profit margin that is customary for the sale of cosmetic products since 1990.

17.    Each of defendant's annual and interim financial statements covering the years 1991 to the present.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2005, the attached **NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF DEFENDANT KAO BRANDS COMPANY** was served upon the below-named counsel of record at the address and in the manner indicated:

Richard L. Horwitz, Esquire                                     HAND DELIVERY
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Arthur I. Neustadt, Esquire                                     VIA ELECTRONIC MAIL
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

Francis G.X. Pileggi, Esquire                                   HAND DELIVERY
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE 19899

John Ward, Esquire                                              VIA ELECTRONIC MAIL
Ward & Olivo
708 Third Avenue
New York, NY 10017

/s/ *Lauren E. Maguire*
_____
Lauren E. Maguire