IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 04-1507-SLR |
| v. ) | |
| ) | |
| BATH & BODY WORKS, INC.; LIMITED ) | |
| BRANDS, INC.; KAO BRANDS CO. ) | |
| (f/k/a THE ANDREW JERGENS ) | |
| COMPANY); and KAO CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF
DEFENDANT BATH & BODY WORKS, INC.**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), the Court's Scheduling Order, and the Court's Local Rules, plaintiff LP Matthews, L.L.C., requests to take a deposition upon oral examination of Bath & Body Works, Inc. ("defendant") through one (or more) of its representatives offered to testify for defendant who is (or are) most knowledgeable with respect to the deposition topics set forth in the attached Schedule B. The deposition will commence at the offices of Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Suite 1200, Washington, D.C. on January 18, 2006 at 9:00 a.m. or at another mutually agreed-upon time and location. The deposition will be taken upon oral examination before a court reporter, notary public, or other person authorized by the laws of the United States to administer oaths and will be recorded using stenographic, audiographic, and/or videographic means. The deposition will continue from day to day until concluded or as agreed to between the parties, including according to the parties' agreement that LP Matthews may examine

defendant's designee for an additional 30 minutes for each accused product after the first 5 products that are covered by the noticed topics.

At least one week in advance of the date of deposition, defendant should (1) provide a written designation of the name(s) and position(s) of the person(s) designated to testify, and (2) produce pursuant to Fed. R. Civ. P. 34 any documents reviewed or considered in preparation for the deposition, except that documents produced in response to LP Matthews' discovery requests may be identified by production number.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC  20006

Dated: November 23, 2005
163942.1

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

A. "The '062 patent" means United States Patent No. 5,063,062, entitled "Cleaning Compositions with Orange Oil."

B. "Defendant" means Bath & Body Works, Inc., its officers, employees, counsel, agents, consultants, representatives, and its parent corporation, Limited Brands, Inc.

C. "Person" means natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiffs, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents, or attorneys acting on the person's behalf.

D. To "identify" a person means to state the person's name, occupation, job title, and current business address or, if unknown, the last-known business and home address.

E. The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of defendant.

F. To "identify" any document or thing means:

    1. to provide a brief description of such documents or things sufficient to support a request under Rule 34;

    2. to state the manufacturer and custodian of the document or thing by company's or person's name, job title, employer, and address; and

    3. to state the place where the document or thing originated and may be inspected.

G.  Unless it otherwise appears from the context, a request to identify a person relates to all persons in such classification or category.

H.  In construing the topics below, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

I.  "Accused Products" means:

1. True Blue Spa Better Lather Than Never Bubble Bath and Shower Cream
2. True Blue Spa Three-Ring Citrus Facial Scrub
3. True Blue Spa Good Clean Foam Face Wash
4. Pure Simplicity Oat Oil-Control Face Cleanser
5. Bath & Body Works Cool Citrus Basil Creamy Body Wash
6. Bath & Body Works Mango Mandarin Creamy Body Wash
7. Bath & Body Works Mango Mandarin Skin Renewal & Anti-Aging Body Wash
8. Pure Simplicity Ginger Rejuvenating Body Scrub
9. Bath & Body Works Mango Mandarin Skin Refining Body Scrub
10. Pure Simplicity Ginger Rejuvenating Shower Foam
11. Bath & Body Works Mango Mandarin Skin Repair & Healing Body Butter
12. Pure Simplicity Everlasting Flower Night Nourisher
13. Bath & Body Works Mango Mandarin Body Lotion
14. Bath & Body Works Mango Mandarin Hand Repair & Healing Hand Cream
15. Pure Simplicity Ginger Rejuvenating Body Lotion
16. Bath & Body Works Cool Citrus Basil Body Lotion
17. Pure Simplicity Fig Hydrating Hand & Nail Cream
18. Pure Simplicity Ginger Rejuvenating Hand & Nail Cream
19. Pure Simplicity Oat Oil-Control Face Moisturizer
20. Davies Gate Lavender Oatmeal and Rice Bath
21. Davies Gate Lemon Thyme Oatmeal and Rice Bath
22. Pure Simplicity Ginger Rejuvenating Body Bar
23. Pure Simplicity Fig Hydrating Body Bar
24. Pure Simplicity Fig Hydrating Body Balm

25. Pure Simplicity Ginger Rejuvenating Body Balm
26. Pure Simplicity Salt Toning Body Balm
27. Pure Simplicity Cocoa Restorative Body Balm
28. Pure Simplicity Burdock Root Skin Mattifier
29. Davies Gate Oat Paste Face Cleanser
30. Davies Gate White Clover Oatmeal & Rice Bath
31. Murad Resurgence Sheer Lustre Day Moisture SPF 15
32. Murad Resurgence Age-Diffusing Serum
33. Murad Resurgence Age-Balancing Night Cream
34. Murad Skin Perfecting Lotion
35. Murad Acne Spot Treatment
36. Burt's Bees Citrus Facial Scrub
37. Burt's Bees Orange Essence Facial Cleanser

J. "Date" means the exact month, day, and year.

## SCHEDULE B

## DEPOSITION TOPICS

1. Sales of each accused product in (a) the United States or (b) anywhere else in the world since 1991.

2. The defendant's pricing of each accused product since the time that product was first made by or for defendant or was supplied to defendant.

3. Gross and net sales figures and distribution (by unit sales volume and by dollar sales volume) since 1991, whether inside or outside the United States, for the accused products on a monthly, quarterly, and annual basis, or on whatever timeframe defendant regularly keeps records of gross and net sales figures and distribution records.

4. Defendant's fixed and variable costs for each accused product sold since 1991.

5. The defendant's profits from sales of each accused product since the time that product was first made by or for defendant or was supplied to defendant.

6. Profits (by unit sales volume and by dollar sales volume) since 1991, whether inside or outside the United States, for the accused products on a monthly, quarterly, and annual basis, or on whatever timeframe defendant regularly keeps records of gross and net sales figures and distribution records.

7. Each marketing, pricing, advertising, sales, sales projection, market study, license, memorandum of understanding, agreement, royalty payment, promotional document, advertisement, or audiovisual aid relating to or referring to each accused product since the time that product was first made by or for defendant or was supplied to defendant.

8. Defendant's licensing policies for cosmetic products since 1990.

9. Each patent licensing or royalty agreement for cosmetic products dated in or after 1990 that defendant has in its possession, custody, or control.

10. The relationship between the parties to each of defendants' patent licensing or royalty agreements for cosmetic products dated in or after 1990, including whether the parties are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

11. The monetary or other valuation of each of defendant's patent licensing or royalty agreements for cosmetic products dated in or after 1990 that does not contain terms for royalty payments.

12. The extent to which defendant has made use of the invention of the patents identified in each of defendant's patent licensing or royalty agreements for cosmetic products dated in or after 1990.

13. Each patent licensing or royalty agreement or provision thereof considered but not entered into by defendant for cosmetic products since 1990.

14. Any royalty or license fees received or paid by defendant since 1990 for cosmetic products.

15. The policies of defendant to maintain its patent monopolies by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

16. The selling price or profit margin that is customary for the sale of cosmetic products since 1990.

17. Each of defendant's annual and interim financial statements covering the years 1991 to the present.

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2005, the attached **NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF DEFENDANT BATH & BODY WORKS, INC.** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | <u>HAND DELIVERY</u> |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | <u>VIA ELECTRONIC MAIL</u> |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE 19899 | <u>HAND DELIVERY</u> |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017 | <u>VIA ELECTRONIC MAIL</u> |

/s/ *Lauren E. Maguire*
_____
Lauren E. Maguire