IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-1507 (SLR) |
| v. ) | |
| ) | |
| BATH & BODY WORKS, INC.; LIMITED ) | |
| BRANDS, INC.; KAO BRANDS CO. ) | |
| (f/k/a THE ANDREW JERGENS ) | |
| COMPANY); and KAO CORPORATION ) | |
| ) | |
| Defendants. ) | |

**AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF
DEFENDANT BATH & BODY WORKS, INC.**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), the Court's Scheduling Order, and the Court's Local Rules, plaintiff LP Matthews, L.L.C., requests to take a deposition upon oral examination of Bath & Body Works, Inc. ("defendant") through one (or more) of its representatives offered to testify for defendant who is (or are) most knowledgeable with respect to the deposition topics set forth in the attached Schedule B. The deposition will commence at the offices of Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street, N.W., Suite 1200, in Washington, DC on January 18, 2006 at 9:00 a.m. or at another mutually agreed-upon time and location. The deposition will be taken upon oral examination before a court reporter, notary public, or other person authorized by the laws of the United States to administer oaths and will be recorded using stenographic, audiographic, and/or videographic means. The deposition will continue from day to day until concluded or as agreed to between the parties, including according to the parties' agreement that LP Matthews may examine

defendant's designee for an additional 30 minutes for each accused product after the first 5 products that are covered by the noticed topics.

At least one week in advance of the date of deposition, defendant should (1) provide a written designation of the name(s) and position(s) of the person(s) designated to testify, and (2) produce pursuant to Fed. R. Civ. P. 34, any documents reviewed or considered in preparation for the deposition, except that documents produced in response to LP Matthews' discovery requests may be identified by production number.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated: December 2, 2005
164232.1

## SCHEDULE A

### INSTRUCTIONS AND DEFINITIONS

A. "The '062 patent" means United States Patent No. 5,063,062, entitled "Cleaning Compositions with Orange Oil."

B. "Defendant" means Bath & Body Works, Inc., its officers, employees, counsel, agents, consultants, representatives, and its parent corporation, Limited Brands, Inc.

C. "Person" means natural persons, organizations, firms, corporations, and other legal entities, whether or not in the employ of plaintiffs, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

D. To "identify" a person means to state the person's name, occupation, job title, and current business address, or, if unknown, the last-known business and home address.

E. The term "document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a) and includes the original and every non-identical copy or reproduction in the possession, custody or control of defendant.

F. To "identify" any document or thing means:

    1. to provide a brief description of such documents or things sufficient to support a request under Rule 34;

    2. to identify the manufacturer(s) and custodian(s) of the document(s) or thing(s) by company's or person's name, job title, employer, and address; and

    3. to state the place where the document or thing originated and may be inspected.

G.  Unless it otherwise appears from the context, a request to identify a person relates to all persons in such classification or category.

H.  In construing the topics below, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

I.  "Accused Products" means:

1. True Blue Spa Better Lather Than Never Bubble Bath and Shower Cream
2. True Blue Spa Three-Ring Citrus Facial Scrub
3. True Blue Spa Good Clean Foam Face Wash
4. Pure Simplicity Oat Oil-Control Face Cleanser
5. Bath & Body Works Cool Citrus Basil Creamy Body Wash
6. Bath & Body Works Mango Mandarin Creamy Body Wash
7. Bath & Body Works Mango Mandarin Skin Renewal & Anti-Aging Body Wash
8. Pure Simplicity Ginger Rejuvenating Body Scrub
9. Bath & Body Works Mango Mandarin Skin Refining Body Scrub
10. Pure Simplicity Ginger Rejuvenating Shower Foam
11. Bath & Body Works Mango Mandarin Skin Repair & Healing Body Butter
12. Pure Simplicity Everlasting Flower Night Nourisher
13. Bath & Body Works Mango Mandarin Body Lotion
14. Bath & Body Works Mango Mandarin Hand Repair & Healing Hand Cream
15. Pure Simplicity Ginger Rejuvenating Body Lotion
16. Bath & Body Works Cool Citrus Basil Body Lotion
17. Pure Simplicity Fig Hydrating Hand & Nail Cream
18. Pure Simplicity Ginger Rejuvenating Hand & Nail Cream

   19. Pure Simplicity Oat Oil-Control Face Moisturizer

   20. Davies Gate Lavender Oatmeal and Rice Bath

   21. Davies Gate Lemon Thyme Oatmeal and Rice Bath

   22. Pure Simplicity Ginger Rejuvenating Body Bar

   23. Pure Simplicity Fig Hydrating Body Bar

   24. Pure Simplicity Fig Hydrating Body Balm

   25. Pure Simplicity Ginger Rejuvenating Body Balm

   26. Pure Simplicity Salt Toning Body Balm

   27. Pure Simplicity Cocoa Restorative Body Balm

   28. Pure Simplicity Burdock Root Skin Mattifier

   29. Davies Gate Oat Paste Face Cleanser

   30. Davies Gate White Clover Oatmeal & Rice Bath

   31. Murad Resurgence Sheer Lustre Day Moisture SPF 15

   32. Murad Resurgence Age-Diffusing Serum

   33. Murad Resurgence Age-Balancing Night Cream

   34. Murad Skin Perfecting Lotion

   35. Murad Acne Spot Treatment

   36. Burt's Bees Citrus Facial Scrub

   37. Burt's Bees Orange Essence Facial Cleanser

J. "Date" means the exact month, day, and year.

## SCHEDULE B

## DEPOSITION TOPICS

1. The date that each accused product was first made by or for defendant or was supplied to defendant.

2. The date that defendant first sold each accused product.

3. The percentage of orange oil in each accused product since the time that product was first made by or for defendant or was supplied to defendant.

4. The identity of each document that shows the percentage of orange oil in each accused product since the time that product was first made by or for defendant or was supplied to defendant.

5. Each effect of the orange oil in each accused product since the time that product was first made by or for defendant.

6. The identity of each document that shows that the orange oil in each accused product does not have a cleaning effect.

7. The identity of each oat grain derivative product in each accused product since the time that product was first made by or for defendant or was supplied to defendant.

8. The percentage of each oat grain derivative product in each accused product since the time that product was first made by or for defendant or was supplied to defendant.

9. The identity of each document that shows the percentage of orange oil in each accused product since the time that product was first made by or for defendant or was supplied to defendant.

10. Each effect of each oat grain derivative product in each accused product since the time that product was first made by or for defendant or was supplied to defendant.

11. The identity of each document that shows that the oat grain derivative product in each accused product does not have an emulsifying effect.

12. The process by which each oat grain derivative product has been introduced during manufacture into each accused product since the time that product was first made by or for defendant or was supplied to defendant.

13. The identity of each moisturizer in each accused product since the time that product was first made by or for defendant or was supplied to defendant.

14. The pH finished product specification for each accused product since the time that product was first made by or for defendant or was supplied to defendant.

15. The test method used to determine whether the pH finished product specification is met for each accused product since the time that product was first made by or for defendant or was supplied to defendant.

16. The analysis and reporting of the pH tests for each accused product since the time that product was first made by or for defendant or was supplied to defendant

17. The identity of each document showing that the pH of each accused product since the time that product was first made by or for defendant or supplied to defendant falls in the range of 4.5 to 6.0, inclusive.

18. The identity of each document showing that the pH of each accused product since the time that product was first made by or for defendant or supplied to defendant falls in the range of 3.5 to 7.0, inclusive.

19. All factual bases for defendant's responses to LP Matthews' Interrogatory No. 2-3 and 8.

20. The identity of each document supporting or refuting the factual bases for defendant's responses to Matthews' Interrogatory Nos. 2-3 and 8.

21.  All factual bases underlying defendant's March 8, 2005 motion for summary judgment of non-infringement.

22.  The identity of each document supporting or refuting the factual bases underlying defendant's March 8, 2005 motion for summary judgment of non-infringement.

23.  The identity of each document considered, relied upon, referred to, or referenced in defendant's responses to LP Matthews' Interrogatories.

24.  All factual bases for the allegations set forth in defendant's Answer to the Amended Complaint.

25.  The identity of each document supporting or refuting each factual basis for the allegations set forth in defendant's Answer to the Amended Complaint.

26.  The date on which defendant first learned of the '062 patent.

27.  The circumstances under which defendant first learned of the '062 patent.

28.  Each action taken by defendant after learning of the '062 patent to avoid infringing the '062 patent.

29.  The identity of each document that reflects each action taken by defendant after learning of the '062 patent to avoid infringing the '062 patent.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2005, the attached **AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF DEFENDANT BATH & BODY WORKS, INC.** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE  19899-0951 | HAND DELIVERY |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA  22314 | VIA ELECTRONIC MAIL |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE  19899 | HAND DELIVERY |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY  10017 | VIA ELECTRONIC MAIL |

/s/ *Lauren E. Maguire*
_____
Lauren E. Maguire