IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-1507-SLR |
| | ) Jury Trial Demanded |
| BATH & BODY WORKS, INC., | ) |
| LIMITED BRANDS, INC., | ) **PUBLIC VERSION** |
| KAO BRANDS CO. (f/k/a THE ANDREW | ) |
| JERGENS COMPANY), and | ) |
| KAO CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**THE LIMITED DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO JOIN AN INDISPENSABLE PARTY**

> FOX ROTHSCHILD, L.L.P.
> Francis G.X. Pileggi (Del. Bar No. 2624)
> Sheldon K. Rennie (Del. Bar No. 3772)
> 919 North Market Street, Suite 1300
> Wilmington, Delaware 19801
> Phone: (302) 655-3667
> Fax: (302) 656-8920
>
> *Attorneys for Defendants Bath & Body
> Works, Inc. and Limited Brands, Inc.*

OF COUNSEL:

WARD & OLIVO
John F. Ward
David M. Hill
Michael J. Zinna
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax: (212) 972-5866

Dated:  December 6, 2005
Public Version Filed:  December 12, 2005

**TABLE OF CONTENTS**

STATEMENT OF NATURE AND STAGE OF PROCEEDING .................................... 1

SUMMARY OF ARGUMENT ........................................................................................ 2

STATEMENT OF FACTS ............................................................................................... 3

ARGUMENT ..................................................................................................................... 6

    THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO
    RULE 12(B)(7) FOR FAILURE TO JOIN AN INDISPENSABLE PARTY UNDER
    RULE 19(B) ................................................................................................................. 6

        A. The Greenspan Company And Messrs. Greenspan And Ingram Are
        Necessary Parties Under Rule 19(a) ................................................................. 7

        B. Dismissal Is Appropriate Under Rule 19(b) .................................................... 8

            1. Both Defendants And The Greenspan Parties Would Be
            Prejudiced If The Greenspan Parties Are Not Joined ...................... 9

            2. The Prejudice To Defendants And The Greenspan Parties
            Cannot Be Cured By The Shaping Of Relief .................................. 9

            3. The Absence Of The Greenspan Parties Cannot Be Cured
            Short Of Voluntary Joinder ............................................................ 10

            4. Permissive Joinder Of The Principals Of The Plaintiff Is
            Appropriate ..................................................................................... 10

CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**CASES**

Agrashell, Inc. v. Hammons Products Co., 352 F.2d 443 (8th Cir. 1965) .......................... 7

American Optical Company v. Curtiss, 59 F.R.D. 644 (S.D.N.Y. 1973) .......................... 7

Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971) .......................................................................................................... 9

Followay Productions, Inc. v. Maurer, 603 F.2d 72 (9th Cir. 1979) ............................... 10

Gibbs v. Emerson Electrical Manufacturing Co., 29 F. Supp. 810 (D. Mo. 1939) .......... 10

Stevens v. Loomis, 334 F.2d 775 (1st Cir. 1964) .............................................................. 6

Union Trust National Bank v. Audio Devices, Inc., 235 F. Supp. 25 (S.D.N.Y. 1969) ...... 7

United States v. Pisani, 646 F.2d 83 (3d Cir. 1981) ........................................................ 11

Valutron N.V. v. NCR Corp., 99 F.R.D. 254 (S.D. Ohio 1982) ......................................... 8

Waterman v. Mackenzie, 138 U.S. 252 (1891) .................................................................. 7

Willingham v. Star Cutter Co., 555 F.2d 1340 (6th Cir. 1977) ......................................... 8

**STATUES**

Fed. R. Civ. P.  12(b)(7) ............................................................................................... 1, 6
                  19(a) ...................................................................................................... 7
                  19(b) ............................................................................................... 6, 8, 9
                  19(c) ...................................................................................................... 7

**OTHER AUTHORITIES**

Wright, Miller & Kane, Federal Practice and Procedure, § 1625 (1986) .......................... 6

**Statement of Nature and Stage of Proceeding**

The present action alleges infringement of United States Patent No. 5,063,062 (the "Greenspan patent"). Pursuant to a June 8, 2005 Scheduling Order entered by the Court, the parties are currently engaged in fact discovery. Trial is scheduled to commence on December 4, 2006.

Defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively the "Limited Defendants") move to dismiss the complaint of Plaintiff LP Matthews, L.L.C. ("LP Matthews") pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join an indispensable party, namely additional owners of rights in the patent at issue in this infringement action. The Limited Defendants also request permissive joinder of the principals of LP Matthews, Philip Florenzo, Esq. and Lisa LeDonne, Esq.

## Summary of Argument

**REDACTED**

Apparently, LP Matthews' only business is this lawsuit. LP Matthews seeks an injunction, damages and attorneys' fees based upon a purported assignment of the Greenspan patent. What the skeletal complaint fails to state, among other things, is that LP Matthews' entire interest amounts to no more than an option on the patent-in-suit, acquired shortly before the complaint was filed.

**REDACTED**

Litigating this action without all the owners of rights under the patent would seriously prejudice both the absent owners and the defendants. The Limited Defendants should not be required to defend themselves here, and risk potential multiple litigation, while the Greenspan Company and Messrs. Greenspan and Ingram avoid the discovery obligations of a party by hiding behind their surrogate litigator, LP Matthews. Nor should the validity and enforceability of the Greenspan patent be resolved in a proceeding in which the Greenspan parties do not participate. Under circumstances such as these, well-established patent principles and the equitable and practical dictates of Rule 19 require that this action be dismissed unless the Greenspan parties are joined as plaintiffs.

## Statement of Facts

The application for the Greenspan patent, entitled "Cleaning Compositions with Orange Oil", was filed by Douglas H. Greenspan and Phillip A. Low on September 27, 1989. While pending, Low assigned his rights in the application to Greenspan and Ingram (July 12, 1990 Assignment, attached as Exhibit A). This Assignment was recorded at the United States Patent and Trademark Office.

**REDACTED**

**REDACTED**

The result of this "assignment" mess is that a number of entities still retain substantial rights under the Greenspan patent:

1.

**REDACTED**

2.

**REDACTED**

It is extremely prejudicial to force the Limited Defendants to defend the present action while leaving open the prospect of additional actions by the Greenspan Company, Douglas Greenspan and/or William Ingram.

**Argument**

THE AMENDED COMPLAINT SHOULD BE DISMISSED
PURSUANT TO RULE 12(B)(7) FOR FAILURE TO
JOIN AN INDISPENSABLE PARTY UNDER RULE 19(B)

**REDACTED**

LP Matthews' failure to join the Greenspan Company in this action mandates dismissal because (1) the defendants would be severely prejudiced by being subjected to the specter of multiple lawsuits with possibly inconsistent results and multiple recoveries if the Greenspan Company, Douglas Greenspan and William Ingram are not joined as parties; (2) a determination of the validity or non-infringement of the patent in the owner's absence could impede the absent owner's interest in the patent and result in a judgment seriously prejudicial to those interests; (3) the prejudice to the Greenspan Company and defendants cannot be cured by the shaping of relief; and (4) the absence of the Greenspan Company and Messrs. Greenspan and Ingram apparently cannot be cured without voluntary joinder.

Moreover, LP Matthews' failure to notify the Court of the Greenspan Company's substantial interest in this litigation, as required by Rule 19(b), is itself a basis for a "dismissal of [its] case" or for the "court to assume facts damaging to [LP Matthews]". See Wright, Miller & Kane, Federal Practice and Procedure, § 1625, at 361-62 (1986); see also Stevens v. Loomis, 334 F.2d 775, 776 n.1 (1st Cir. 1964) ("We are engaged in a lawsuit, not in a poker game, and if plaintiff chooses not to recite the facts about the other beneficiaries under these circumstances particularly where she was obligated to do so by

Fed. R. Civ. P. 19(c), we will assume that there are other beneficiaries who, if joined, would destroy diversity.").

    A.    The Greenspan Company And Messrs. Greenspan And Ingram Are Necessary Parties Under Rule 19(a)

The determination of whether a party is necessary is governed by Rule 19(a), which provides in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

**REDACTED**

it is well established law that a co-owner of a patent cannot sue for infringement without joining the other co-owners. See Waterman v. Mackenzie, 138 U.S. 252 (1891); Agrashell, Inc. v. Hammons Products Co., 352 F.2d 443 (8th Cir. 1965); Union Trust National Bank v. Audio Devices, Inc., 235 F. Supp. 25, 26 (S.D.N.Y. 1969); American Optical Company v. Curtiss, 59 F.R.D. 644, 650 (S.D.N.Y. 1973). Courts considering this issue have reached this conclusion based on three primary grounds, each of which is independently sufficient to require joinder:

> (1) [T]he interest of a co-owner in being able to license third parties under his or her patent without harassing suits by other co-owners;
>
> (2) the interest of a co-owner in avoiding the estoppel effect of a judgment declaring the patent invalid in which he or she did not participate; and

(3) the interest of a defendant in avoiding multiple suits concerning infringement of the same patent.

Willingham v. Star Cutter Co., 555 F.2d 1340, 1344 (6th Cir. 1977); see also Valutron N.V. v. NCR Corp., 99 F.R.D. 254 (S.D. Ohio 1982).

All of these factors exist in the present suit.

**REDACTED**

B.    Dismissal Is Appropriate Under Rule 19(b).

Where joinder is required, but is not feasible because of lack of personal jurisdiction, Rule 19(b) mandates that the Court must "determine whether in equity and good conscience the action . . . should be dismissed, the absent person being regarded as indispensable", taking into account the following four considerations:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

If the Greenspan Company and Messrs. Greenspan and Ingram are not subject to the jurisdiction of this Court and therefore cannot be forced to become parties, dismissal is appropriate under Rule 19(b) unless the Greenspan parties join as voluntary plaintiffs.

    1.    Both Defendants And The Greenspan Parties Would Be Prejudiced If the Greenspan Parties Are Not Joined

The probability of multiple litigation with possibly inconsistent results and multiple recoveries against defendants mandates dismissal of this action if the Greenspan Company and Messrs. Greenspan and Ingram are not joined as plaintiffs.

**REDACTED**

Additionally, even if the defendants were to prevail on the issue of patent invalidity here, it is not clear on this record that the Greenspan Company would be barred from subsequent litigation. See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971) (holding that a determination of patent invalidity is not necessarily binding against a nonparty in subsequent litigation). Such duplicative litigation would be both costly and unfair to the defendants and result in an inefficient allocation of judicial resources.

**REDACTED**

    2.    The Prejudice To Defendants And The Greenspan Parties Cannot Be Cured By The Shaping Of Relief

Given the nature of the potential prejudice to the defendants and the Greenspan parties, it is evident that relief in this action could not be shaped to prevent prejudice to these parties without impairing the effectiveness of the judgment.

**REDACTED**

**REDACTED**

3. The Absence of the Greenspan Parties
   Cannot Be Cured Short of Voluntary Joinder

There is substantial doubt whether Messrs. Greenspan and Ingram (Colorado citizens) or the Greenspan Company, a Colorado corporation (which so far as the Limited Defendants are aware does no business in Delaware), may be involuntarily joined in this litigation as plaintiffs. See Gibbs v. Emerson Electrical Manufacturing Co., 29 F. Supp. 810 (D. Mo. 1939) (joinder of party as involuntary plaintiff is based upon trust relationship between parties which, absent agreement, does not exist between co-owners); see also Followay Productions, Inc. v. Maurer, 603 F.2d 72 (9th Cir. 1979).

Defendants are not privy to all of the details of the relationship between LP Matthews and the Greenspan parties.
                                **REDACTED**                    It is therefore likely that LP Matthews could easily persuade the Greenspan parties to join as plaintiffs, if it wished to do so. Unless it does, the Complaint should be dismissed.

4. Permissive Joinder Of The Principals Of The Plaintiff Is Appropriate

Finally, the Limited Defendants are so convinced that they do not infringe any valid claim of the Greenspan patent that they have alleged in their Answer that they consider this to be an "exceptional case" under the Patent Law, i.e., one for which they should be reimbursed for their attorneys fees and costs. We therefore request that if the Greenspan parties are added to this action to avoid dismissal, that LP Matthews' principals, LeDonne and Florenzo, be added as well.     **REDACTED**

-10-

**REDACTED**  LP Matthews is in no position to make defendants whole.  **REDACTED** it is appropriate to pierce the corporate veil.  See United States v. Pisani, 646 F.2d 83, 88 (3d Cir. 1981).

**Conclusion**

For the foregoing reasons, the Limited Defendants respectfully submit that, absent voluntary joinder of the Greenspan Company and Messrs. Greenspan and Ingram, LP Matthews' complaint should be dismissed.

Respectfully submitted,

FOX ROTHSCHILD, L.L.P.

Dated: December 6, 2005
Public Version Filed:
    December 12, 2005

By: /s/ Francis G.X. Pileggi
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
Fox Rothschild, LLP
Suite 1300
919 North Market Street
Wilmington, Delaware 19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath and Body Works, Inc.
Limited Brands, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2005, I electronically filed the foregoing The Limited Defendants' Motion to Dismiss for Failure to Join an Indispensable Party with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard L. Horwitz, Esquire
David Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Arthur I. Neustadt, Esquire
Richard Chinn, Esquire
Oblon, Spivak, McClelland
   Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

Robert A. Auchter, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, NW
Washington, DC 20006

Jason R. Buratti, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, NW
Washington, DC 20006

      /s/ Francis G.X. Pileggi
Francis G.X. Pileggi (Del. Bar No. 2624)