IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BATH & BODY WORKS, INC.; LIMITED ) <br> BRANDS, INC.; KAO BRANDS CO. ) <br> (f/k/a THE ANDREW JERGENS ) <br> COMPANY); and KAO CORPORATION ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Civil Action No. 04-1507 (SLR) |

**NOTICE OF DEPOSITION AND SUBPOENA** *DUCES TECUM* **AND**
*AD TESTIFICANDUM* **DIRECTED TO MANE USA**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rules 30(b)(6), 31, 34 and 45 of the Federal Rules of Civil Procedure and the Local Rules, plaintiff LP Matthews, L.L.C., by and through its counsel, will serve a subpoena *duces tecum* and *ad testificandum* on Mane USA, to take a deposition and to produce documents. Attached hereto is a true and correct copy of that subpoena.

PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30 and 31, the deposition of Mane USA will be taken through one or more of its representatives offered to testify and who is or are most knowledgeable with respect to the documents and things called for by the topics of the attached Schedule B. The deposition will be taken upon written or oral examination before a court reporter, notary public, or other person authorized by the laws of the United States to administer oaths and will be recorded using stenographic or audiographic means. For purposes

1

of Rule 31(a)(3), plaintiff designates Henderson Legal Services, 1120 G Street, N.W., Suite 1010, Washington, D.C. 20005, as an officer before whom the deposition(s) will be conducted.

As indicated in the subpoena, Mane USA shall produce documents and things called for by the topics of the attached Schedule B on January 5, 2006 and the deposition will take place on January 9, 2006 at Mane USA's place of business at 60 Demarest Drive, Wayne, NJ 07470 commencing at 9:00 a.m. or at another mutually agreed-upon time and location. The deposition will continue from day to day until concluded or as agreed.

Mane USA should (1) provide a written designation of the name(s) and position(s) of the person(s) designated to testify by January 5, 2006 and (2) produce any documents reviewed or considered in preparation for the deposition, except that documents produced prior to January 9, 2006 may be identified by production number.

    ASHBY & GEDDES

    */s/ Lauren E. Maguire*
    _____
    Steven J. Balick (I.D. # 2114)
    John G. Day (I.D. # 2403)
    Lauren E. Maguire (I.D. # 4261)
    222 Delaware Avenue, 17th Floor
    P.O. Box 1150
    Wilmington, Delaware 19899
    302-654-1888
    sbalick@ashby-geddes.com
    jday@ashby-geddes.com
    lmaguire@ashby-geddes.com

    *Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC  20006

Dated:    December 22, 2005
164936.1

## SCHEDULE A

### INSTRUCTIONS AND DEFINITIONS

A.  "You" or "Supplier" means Mane USA, including its officers, employees, agents, representatives, and any other legal entities that are wholly or partially owned or controlled either directly or indirectly by Mane USA, including, if applicable, Mane Inc., Mane California, Mane – Mexico, and Mane – Brazil.

B.  Please produce documents and things as they are kept in the ordinary course of business or organize and label the documents to correspond with the document requests to which they are responsive.

C.  If no responsive documents and things exist for a particular Request, please state that in writing.

D.  If you withhold from production any of the requested documents or things on the basis of a claim of attorney-client privilege or work product immunity, please provide within thirty (30) days of service of these Topics a list separately identifying each withheld document or thing by specifying: (1) the identity of all persons who prepared and signed the document; (2) the identity of all persons designated as addressees; (3) the identity of all persons who received a copy of the document; (4) the date of the document; (5) the subject matter of the document; (6) the type of document (memorandum, pamphlet, report, etc.); and (7) the basis for withholding the document.

E.  "BBW" means Bath & Body Works, Inc. and Limited Brands, Inc., including their officers, employees, agents, representatives, and any other legal entities that are wholly or partially owned or controlled either directly or indirectly by BBW.

F.    "Kao" means Kao Brands Co. (f/k/a The Andrew Jergens Company) and Kao Corporation, ., including their officers, employees, agents, representatives, and any other legal entities that are wholly or partially owned or controlled either directly or indirectly by Kao.

G.    The term "person" means any individual or natural person, organization, firm, corporation, joint venture, proprietorship, governmental body or agency, quasi-public entity, and other business or legal entity, whether or not employees of Mane USA, and the "acts" of a person are defined to include the acts of directors, officers, managers, owners, members, employees, agents, or attorneys acting on the person's behalf.

H.    "Document" has the meaning prescribed for "documents and things" in Fed. R. Civ. P. 34(a), and includes information that is written, produced by hand, or stored in computer memory, magnetic or hard-disk or other data storage medium (including, for example, written records, photographs and negatives, video images, notes, letters, electronic mail, communications, transcripts, minutes, records or summaries of meetings, facsimiles, memoranda, files, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts and chart descriptions, plans, drawings, diagrams, illustrations, engineering blueprints, product analysis, requests for proposals, documents related to proposed or actual product improvements or changes, user manuals or guides, product catalogs, product functional descriptions, reports of consultants, reports of patent searches and appraisals, brochures and pamphlets, press releases, and drafts of documents). You should produce all documents including originals, non-identical copies, drafts, and revisions.

I.    In construing the Topics, the singular shall include the plural, and the plural shall include the singular; and the conjunctions "and" and "or" shall be read either disjunctively or

conjunctively so as to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

## SCHEDULE B

## **TOPICS**

1. Documents sufficient to show the percentage of orange oil in any orange oil-containing products supplied to BBW or Kao since 1991, including these products, if they contain any ingredient derived from an orange, described with an identification number and/or name:

    a) 143390, including 143390 E, Everlasting Flower;

    b) 120586;

    c) 133158, Fig;

    d) 130767, Bamboo;

    e) 137282, Cocoa;

    f) 137263; and

    g) 133506, Simple Fig.

(Note: If the product does not contain an ingredient derived from an orange, please state that in writing. If the identification number and/or name is not yours, please state that in writing.)

2. Three representative samples from three different batches of each product responsive to Topic 1, above.

3. Master manufacturing records for each product responsive to Topic 1, above, including all prior revisions dating back to 1991 or the first supply of that product to BBW or Kao, whichever is later.

4. One executed manufacturing record corresponding to each master manufacturing record in Request No. 3.

5. Finished product specifications for each product responsive to Topic 1, above, including all prior revisions dating back to 1991 or the first supply of that product to BBW or Kao, whichever is later.

6. Five executed representative certificates of analysis from five separate batches of each product responsive to Topic 1, above.

7. A representative material safety data sheet for each product responsive to Topic 1, above, including all prior revisions dating back to 1991 or the first supply of that product to BBW or Kao, whichever is later.

8. All documents that reflect individual sales and pricing to BBW or Kao of each product responsive to Topic 1, above, dating back to 1991 or the first supply of that product to BBW or Kao, whichever is later.

9. All documents that refer to, relate to, or constitute any supply contracts, patent licensing agreements, or royalty agreements existing in or after 1990 and related to the supply of any orange oil-containing product to BBW or Kao.

10. All documents that constitute or refer or relate to U.S. patents or patent applications for any orange oil-containing product that you supply or have supplied to BBW or Kao.

164936.1

Issued by the
# UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

LP MATTHEWS, L.L.C.

## SUBPOENA IN A CIVIL CASE

V.

CASE NUMBER: 04-1507 (SLR)
United States District Court for the
District of Delaware

BATH & BODY WORKS, INC.; LIMITED BRANDS, INC.,
KAO BRANDS CO.; (f/k/a THE ANDREW JERGENS COMPANY);
and KAO CORPORATION

TO: Mane USA
60 Demarest Drive
Wayne, NJ 07470

☐ YOU ARE COMMANDED to appear in United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be recorded using stenographic or audiographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Mane USA<br>60 Demarest Drive<br>Wayne, NJ 07470 | 1/9/2006 |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Notice and Schedules

| PLACE | DATE AND TIME |
| --- | --- |
| Mane USA<br>60 Demarest Drive<br>Wayne, NJ 07470 | 1/5/2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE<br>12-21-05 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jason R. Buratti, Esq. Robins, Kaplan, Miller & Ciresi L.L.P., 1801 K Street N.W., Suite 1200,
Washington, D.C.; (202) 775-0725 (phone); (202) 223-8604 (fax)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

| | PROOF OF SERVICE | |
|---|---|---|
| DATE | | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) Protection of persons subject to **subpoenas.**
(1) A party or an attorney responsible for the issuance and service of a **subpoena** shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that **subpoena**. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)
(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the **subpoena** or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the **subpoena** written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the **subpoena** shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the **subpoena** may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)
(A) On timely motion, the Court shall quash or modify the **subpoena** if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this Rule, such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a **subpoena**
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, to protect a person subject to or affected by the **subpoena**, quash or modify the **subpoena** or, if the party in whose behalf the **subpoena** is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the **subpoena** is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) Duties in responding to **subpoena.**
(1) A person responding to a **subpoena** to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a **subpoena** is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2005, the attached **NOTICE OF DEPOSITION AND SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM* DIRECTED TO MANE USA** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | <u>HAND DELIVERY</u> |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | <u>VIA ELECTRONIC MAIL</u> |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE 19899 | <u>HAND DELIVERY</u> |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017 | <u>VIA ELECTRONIC MAIL</u> |

/s/ *Lauren E. Maguire*
_____
Lauren E. Maguire