## ATTACHMENT A

The definitions set forth in *Defendants Bath & Body Works, Inc.'s and Limited Brands, Inc.'s First Set of Rule 34 Requests to Plaintiff LP Matthews, L.L.C.* are incorporated by reference herein and shall apply to this Notice of Deposition.

## DEPOSITION TOPICS

1.    The organizational structure and history of LP Matthews, including its formation, members, purpose, business activities, and relationship to any parent, sister, and/or wholly or partly owned subsidiary companies.

2.    The ownership of the '062 patent, including, but not limited to, all agreements and/or assignments regarding the '062 patent, whether or not they were recorded with the United States Patent and Trademark Office, and LP Matthews' decision to purchase the '062 patent.

3.    The relationship among and between each of the following parties: LP Matthews, the Greenspan Co., Phillip Florenzo, Lisa LeDonne, William Ingram, Douglas Greenspan, and Phillip Low, including, but not limited to, any communications, agreements, and/or assignment rights of the '062 patent by and between any of these parties.

4.    The relationship between LP Matthews and the Greenspan Co., including any oral or written agreements regarding that relationship.

5.    All license agreements, royalty agreements, settlement agreements, or the like, which refer to, relate to, or concern the '062 patent.

6.    Any agreements (including, but not limited to, licensing agreements) to which LP Matthews is or was a party concerning the transfer of rights to intellectual property, including the subject matter, technology, negotiations, and terms thereof.

7.    LP Matthews' licensing policies for cleaning or cosmetic products since 1991.

8.    LP Matthews' efforts to respond to the Limited Defendants' interrogatories and document requests in this action, including, but not limited to, (1) instructions, directives, or guidance of any kind given by LP Matthews or its agents (including counsel) regarding persons contacted or to be contacted in order to obtain responsive documents; (2) the process by which the individual(s) who searched for documents were chosen; (3) the identity of documents, files, offices, or other locations searched, or to be searched, for documents responsive to the Limited Defendants' discovery requests; (4) the steps taken to identify, locate, and search for documents responsive to the Limited Defendants' discovery requests; (5) the procedures and practices for determining which documents were responsive to the Limited Defendants' discovery requests; (6) the procedures and practices for determining which documents were privileged or otherwise

withheld from production to the Limited Defendants; and (7) the procedures and practices for producing documents in response to the Limited Defendants' discovery requests.

9. LP Matthews' bases for its assertion of privilege for each of the items identified on its Privilege Log.

10. LP Matthews' knowledge and awareness of each product identified in *Plaintiff's First Set of Rule 34 Requests to Defendants Bath & Body Works, Inc. and Limited Brands, Inc.*, including, but not limited to, the formulations, ingredient functionality, and pH values of such products, and any tests and/or analyses of such products performed by or for LP Matthews, or its predecessor companies, prior to the filing date of the present action.

11. All facts and evidence that form the basis of every allegation in LP Matthews' Complaint, Amended Complaint, and Answer to the Limited Defendants' Counterclaims.

12. All facts and factual bases supporting LP Matthews' contention that the products identified in LP Matthews' Response to the Limited Defendants' Interrogatory No. 7 infringe claims 6 and/or 9 of the '062 patent, either literally or under the doctrine of equivalents.

13. The identity of each document considered, relied upon, referred to, or referenced in LP Matthews' Responses to the Limited Defendants' Interrogatories.

14. All facts and evidence that form the bases for LP Matthews' contention that it is entitled to damages, including, but not limited to, LP Matthews' theory of damages in this action, any license that LP Matthews contends sets an established royalty rate for the '062 patent, and all bases for that contention as well as all other bases supporting LP Matthews' contention that a reasonable royalty is in the range of 6-18%.

15. LP Matthews' knowledge and awareness of the selling price or profit margin that is customary for the sale of cleaning or cosmetic products since 1991.

16. Any analysis performed by or for LP Matthews, and the results of any such analysis, concerning the validity, enforceability, or patentability of the '062 patent.

17. The conception and reduction to practice of the invention of the '062 patent.

18. The prosecution of the '062 patent before the United States Patent and Trademark Office, including any and all continuations, divisionals, continuation-in-parts, and foreign counterparts, and LP Matthews' knowledge and awareness of same.

19. All testing performed by or on behalf of any of the inventors of the '062 patent prior to or after filing the application which led to the '062 patent, including, but not limited to, testing performed to ascertain the benefits of using undistilled orange oil in cleaning compositions and/or the ability of oatmeal or oat grain derivatives to act as drawing agents to remove certain oils or other materials from a surface to be cleaned.

20. The level of ordinary skill in the art as it relates to the '062 patent.

21.  The conception, development, manufacture, distribution or sale of any product embodying the subject matter of the '062 patent, including, but not limited to, Healthy Kleaner or any other product conceived, developed, manufactured, distributed, or sold by the Greenspan Co.

22.  LP Matthews' knowledge of cleaning or cosmetic compositions containing orange oil, a pharmaceutically acceptable moisturizer, and oatmeal or an oat grain derivative as an emulsifying agent that do not infringe the cleaning compositions claimed in the '062 patent.

23.  LP Matthews' knowledge and awareness of the use of orange oil and/or oat grain derivatives in cosmetic products, including, but not limited to, the purpose of each ingredient.

24.  The date on and circumstances under which LP Matthews first put each of the Limited Defendants on notice of the '062 patent.