IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1507-SLR |
| v. | ) | |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED BRANDS, INC.; KAO BRANDS CO. (f/k/a THE ANDREW JERGENS COMPANY); and KAO CORPORATION, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**LP MATTHEWS' ANSWERING MEMORANDUM
IN OPPOSITION TO THE LIMITED DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY**

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office: 800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
Office: 202-775-0725

Dated: January 6, 2006

ASHBY & GEDDES
Steven J. Balick, Esq. (I.D. # 2114)
John G. Day, Esq. (I.D. # 2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Office: 302-654-1888

*Counsel for Plaintiff LP Matthews*

## TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

SUMMARY OF THE ARGUMENT ..................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 3

ARGUMENT ........................................................................................................................... 4

    A.    LP Matthews Is the Sole Assignee of the '062 Patent and Has Standing to Sue Alone .................................................................................................... 4

    B.    The Greenspan Non-Parties Cannot Be Joined Because They Do Not Have Standing to Sue for Infringement of the '062 patent ............................................. 7

    C.    Independent Analysis Under Rule 19 Without Consideration of the Assignment Also Does Not Make The Greenspan Non-Parties Necessary .......... 7

        1.    The Greenspan Non-Parties Are Not "Necessary" under Rule 19(a) ........ 8

        2.    Even if the Greenspan Non-Parties Were Necessary Under Rule 19(a), Balancing the Equities as Required by Rule 19(b) Favors Proceeding Without Them ............................................................ 9

    D.    The Limited Defendants Do Not and Should Not Be Heard To Challenge The Validity of the '062 Patent Assignment or Related Agreement ................... 11

    E.    Rule 19 Does Not Support Jointer of Ms. LeDonne and Mr. Florenzo ............... 12

    F.    The Court Should Disregard the Limited Defendants' Complaints about the Date of the Original Assignment ..................................................................... 13

CONCLUSION ....................................................................................................................... 14

## TABLE OF AUTHORITIES

**Page**

**Cases**

Abbot Labs. v. Diamedix Corp.,
47 F.3d 1128, 1132 (Fed. Cir. 1995) .......... 5

Bell Intercontinental Corp. v. United States,
381 F.2d 1004, 1011 (Ct. Cl. 1967) .......... 5, 6

Cambridge Biotech Corp.,
186 F.3d 1356, 1372 (Fed. Cir. 1999) .......... 7, 9, 10

Ciba-Geigy Corp. v. Alza Corp.,
804 F. Supp. 614, 633 (D.N.J. 1992) .......... 6

Crown Die & Tool Co. v. Nye Tool & Mach. Works,
261 U.S. 24, 42 (1923) .......... 4

Emerging Communications, Inc. Shareholders Litigation,
No. 16415, 2004 Del. Ch. LEXIS 70 at *105 n.122 (Del. Ch. June 4, 2004) .......... 11

Gamble v. Stevenson,
305 S.C. 104, 406 S.E.2d 350, 353 (S.C. 1991) .......... 11, 12

Howes v. Medical Comp., Inc.,
698 F. Supp. 574, 576 (E.D. Pa. 1988) .......... 7, 10, 11

Kalman v. Berlyn Corp.,
914 F.2d 1473, 1481 (Fed. Cir. 1990) .......... 7

Nicolson Pavement Co. v. Jenkins,
81 U.S. (14 Wall.) 452, 456 (1871) .......... 5

Para-Ordnance Mfg., Inc. v. SGS Importers Int'l, Inc.,
73 F.3d 1085, 1087 (Fed. Cir. 1995) .......... 6

Tycom Corp. v. Redactron Corp.,
380 F. Supp. 1183, 1187 (D. Del. 1974) .......... 7

Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA,
944 F.2d 875 (Fed. Cir. 1991) .......... 2, 5, 6, 7

Wagner v. United States,
573 F.2d 447 (7th Cir. 1978) .......... 11

# TABLE OF AUTHORITIES
## (continued)

Page

Waterman v. Mackenzie,
    138 U.S. 252, 255 (1891) .................................................................................................. 5

**Statutes**

35 U.S.C. § 100 ............................................................................................................................ 4

35 U.S.C. § 261 ............................................................................................................................ 5

35 U.S.C. § 281 ............................................................................................................................ 4

## NATURE AND STAGE OF THE PROCEEDINGS

On December 8, 2004, plaintiff LP Matthews, L.L.C. filed a Complaint for patent infringement against defendants Kao Brands Company (formerly known as The Andrew Jergens Company) ("KBC"), Kao Corporation, Limited Brands, Inc., and Bath and Body Works, Inc. (D.I. 1). LP Matthews amended its Complaint on February 2, 2005. (D.I. 5, 8). This Court entered a Scheduling Order on June 9, 2005. (D.I. 39). Fact discovery closes on January 27, 2006. (D.I. 39 at 1). The deadline to file motions to join other parties and amend the pleadings passed on December 6, 2005, (D.I. 39 at 4), the same day that the Limited defendants filed the instant motion.

LP Matthews submits this Answering Memorandum in opposition to the Limited defendants' December 6, 2005 Motion to Dismiss for Failure to Join an Indispensable Party. (D.I. 142.) LP Matthews has already opposed KBC's September 30, 2005 Motion to Dismiss If LPM Refuses to Join Greenspan, one of the parties that the Limited defendants incorrectly argue is necessary under Federal Rule of Civil Procedure 19(a). (D.I. 104; see D.I. 88, 89, 115.)

## SUMMARY OF THE ARGUMENT

The Limited defendants move to dismiss this case pursuant to Federal Rule of Civil Procedure 19(b) on the grounds that The Greenspan Co. and its only two shareholders (Douglas Greenspan and William Ingram) are necessary and indispensable parties. Under Federal Circuit precedent, however, the Greenspan non-parties are not necessary parties under Rule 19(a), making dismissal under Rule 19(b) inappropriate. In fact, LP Matthews is the only entity with standing to bring this action.

In the Patent Assignment in which The Greenspan Co. assigned to LP Matthews the entire title to and all rights in U.S. Patent No. 5,063,062 ("the '062 patent"), the Greenspan non-

parties retained no rights. (See LD Ex. F.)[1] The related Patent Assignment Agreement also does not give Messrs. Greenspan or Ingram any retained rights, and The Greenspan Co.'s retained rights (see LD Ex. D) are not substantial under Federal Circuit Precedent. The Greenspan Co.'s retained rights include (1) a non-exclusive license with no right to sublicense, and (2) a reversionary right in the event of **REDACTED** (for commercialization or enforcement of the patent). (LD Ex. D at LPM 16-18.) The Limited defendants rely solely on the reversionary right to support their position that the Greenspan non-parties are necessary and indispensable.

The Federal Circuit has expressly held that reversionary rights like this are "termination provisions...entirely consistent with an assignment." *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 875 (Fed. Cir. 1991). And the assignor in *Vaupel* retained more than just a reversionary right—additionally retaining the right to veto sublicenses, the right to obtain patents in other countries, and the right to infringement damages. *See id.* Even though the retained rights in *Vaupel* were greater than The Greenspan Co.'s retained rights, the assignee there had standing to sue alone. So does LP Matthews.

Under the controlling authority of *Vaupel*, neither The Greenspan Co. nor its two shareholders are necessary parties pursuant to Rule 19(a). For these reasons and the reasons below, the Limited defendants' motion to dismiss for failure to join an indispensable party should be denied.

---

[1] "LD Ex. __" refers to the exhibits to the Limited defendants' motion to dismiss (D.I. 142). "LPM Ex. __" refers to exhibits attached to this Answering Memorandum.

## STATEMENT OF FACTS

The United States Patent and Trademark Office (PTO) issued the '062 patent on November 5, 1991. (LPM Ex. A.) Prior to issuance, the inventors (Douglas Greenspan and Philip Low) assigned their rights to the '062 patent to Douglas Greenspan and William Ingram. (LD Ex. A.) Messrs. Greenspan and Ingram subsequently assigned their rights to the '062 patent to The Greenspan Co. (LD Ex. E.) The Greenspan Co. subsequently assigned its rights to the '062 patent to LP Matthews. (LD Ex. F.) By that Assignment, LP Matthews acquired the entire right, title and interest in and to the '062 patent from Greenspan Co. (See LD Ex. F.) That Assignment provides that:

> [F]or good and valuable consideration, the receipt of which is hereby acknowledged, The Greenspan Company hereby sells, assigns and transfers to LP Matthews, LLC the entire right, title and interest in and to the ['062 patent], including without limitation, the right to sue for past, present and future infringement of the Patents, and the right to collect and receive any damages, royalties, or settlements for such infringements and any and all causes of action related to any of the inventions or discoveries described in the patents.

(LD Ex. F at LPM 7.) The Limited defendants do not challenge the validity of these assignments or the chain of title.

LP Matthews and The Greenspan Co. also executed a Patent Assignment Agreement. (LD Ex. D.) Neither Mr. Greenspan nor Mr. Ingram have any rights under the Agreement. (See LD Ex. D.) The Agreement provides that The Greenspan Co.

### REDACTED

(LD Ex. D at LPM 16.) Unlike the Assignment, the Agreement provides The Greenspan Co. with two retained rights, the second of which is conditional:

- 3 -

1.                                     **REDACTED**

(LD Ex. D at LPM 16)

2. a reversionary right in LP Matthews' ownership interest of the '062 patent

**REDACTED**

', (*id.* at LPM 18-19).

The Agreement, like the Assignment, relates to a valid assignment of title to property. It is not an "option" (LD Br. at 2) and the Limited defendants do not argue that either the Assignment or the Agreement is invalid. And the payment terms are an initial **REDACTED** payment plus additional payments in the event of future commercialization under or enforcement of the '062 patent. (See LD Ex. D at LPM 16-17.) Contrary to the Limited defendants' opening line of their argument (LD Br. at 6), LP Matthews does not "owe The Greenspan Company $90,000.00." No moneys are presently due under the Agreement, which provided for a

**REDACTED** (LD Ex. D at LPM 17.) That is a simple contract payment term.

## ARGUMENT

### A.   LP Matthews Is the Sole Assignee of the '062 Patent and Has Standing to Sue Alone

The Patent Act provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281 (1994); *see also Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 42 (1923) (standing to sue for patent infringement "based on title as patentee, or as such assignee or grantee, to the whole or part of the patent"). A "patentee" includes the party to whom the patent was issued and the successors in title to the patent. 35 U.S.C. § 100(d). "The Patent Act provides that 'patents shall have the attributes of personal property...[;] any interest therein shall be assignable in law by an instrument in writing.'"

-4-

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 873 (Fed. Cir. 1991) (quoting 35 U.S.C. § 261). "The term 'assignment' has a particular meaning in patent law, implying formal transfer of title." *Id.* at 875. An assignee of formal title to a patent may bring suit alone. *See id.* at 873-74 (citing *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891)).

Because LP Matthews is the assignee of the '062 patent, it has standing to sue alone. The Limited defendants admit that they cannot challenge the validity of LP Matthews' Assignment (LD Ex. F). (See LD Br. at 2.) Federal Circuit precedent demonstrates that any such challenge would be futile.

LP Matthews' status as "assignee" under the patent law is clear because "all substantial rights" to the '062 patent were transferred to LP Matthews. *See id.* at 874 (citing *Nicolson Pavement Co. v. Jenkins*, 81 U.S. (14 Wall.) 452, 456 (1871) and *Bell Intercontinental Corp. v. United States*, 381 F.2d 1004, 1011 (Ct. Cl. 1967)). In *Vaupel*, assignor Marowsky transferred its rights in the patent-in-suit to assignee Vaupel and retained (1) a reversionary right in the event that Vaupel went bankrupt or ceased production, (2) a right to veto sublicenses by Vaupel, (3) a right to damages for infringement, and (4) a right to obtain patents in other countries. *See id.* at 875.

Importantly, "[a]s to Marowsky's reversionary right, the court noted that Waterman had made clear that a transfer does not lose its character as an assignment simply because it is liable to be defeated by nonperformance of a condition subsequent." *Abbot Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1132 (Fed. Cir. 1995) (applying *Vaupel*, 944 F.2d at 875-76 to transfer that did not include right to sue). Finally, the *Vaupel* Court found the transfer of the right to sue "particularly dispositive" when it held that Marowsky's retained rights were not substantial, that Vaupel had standing to sue alone, and that Marowsky was not a necessary party. *Id.* at 876.

*Vaupel* compels denial of the Limited defendants' motion and should have been addressed in their opening brief. The Assignment at issue here does not provide the Greenspan non-parties with any rights. (See LD Ex. F.) The Agreement here does not provide Messrs Greenspan and Ingram any rights. Under the Agreement, The Greenspan Co. retained (1) a reversionary right in the event LP Matthews **REDACTED** and (2) a non-exclusive license to commercialize a product (but not the ability to sublicense). (LD Ex. D at LPM 16, 18.) The Federal Circuit in *Vaupel* stated that the reversionary right is merely a common commercial safeguard against conditions subsequent that does not negate the assignment. *See Vaupel*, 944 F.2d at 875; *Bell Intercontinental*, 381 F.2d at 1011 (exclusive license clauses reserving certain rights to patentee are conditions subsequent). As in *Vaupel*, the transfer to LP Matthews of the right to sue (LD Ex. D at LPM 16; LD Ex. F at LPM 7) is "particularly dispositive." *Vaupel*, 944 F.2d at 875; *see also Para-Ordnance Mfg., Inc. v. SGS Importers Int'l, Inc.*, 73 F.3d 1085, 1087 (Fed. Cir. 1995) (suit by exclusive licensee with exclusive right to sue).

The '062 patent is assigned to LP Matthews within the meaning of the Patent Act and under Supreme Court and Federal Circuit precedent. For this reason, and especially in view of LP Matthews' undisputed ownership of the right to sue, LP Matthews has standing to sue alone and the Greenspan non-parties are not necessary under Rule 19(a). *See Vaupel*, 944 F.2d at 875-76; *accord Ciba-Geigy Corp. v. Alza Corp.*, 804 F. Supp. 614, 633 (D.N.J. 1992) (finding that because grantor "transferred substantial rights to exclusivity, to transfer, and to institute a lawsuit under the patent...[grantor] is not a necessary party to this action under Rule 19(a)") . Because Rule 19(a) does not apply, analysis under Rule 19(b) is unnecessary. *See Vaupel*, 944 F.2d at 876 n.1.

**B.   The Greenspan Non-Parties Cannot Be Joined Because They Do Not Have Standing to Sue for Infringement of the '062 Patent**

"It is well settled that a non-exclusive licensee of a patent has no standing to sue for infringement." *See Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1481 (Fed. Cir. 1990). The Greenspan Co., a non-exclusive licensee, does not have standing to sue; Messrs Greenspan and Ingram have no rights in the patent and thus no standing. LP Matthews alone owns the right to exclude, including the right to sue, under the '062 patent. The Greenspan non-parties do not have those rights and thus do not have standing. They are therefore not necessary under Rule 19(a), also making a Rule 19(b) analysis unnecessary. *See Vaupel*, 944 F.2d at 876 n.1.

**C.   Independent Analysis Under Rule 19 Without Consideration of the Assignment Also Does Not Make The Greenspan Non-Parties Necessary**

"Whether a party is 'indispensable' to an adjudication is determined by performing a two-step analysis under Rule 19.... The first step requires the court to inquire under Rule 19(a) whether the party should be joined if feasible, i.e., is the party 'necessary.' If the party is necessary...but it is not feasible to join that party, the court proceeds to step two, set forth in Rule 19(b)." *In re Cambridge Biotech Corp.*, 186 F.3d 1356, 1372 (Fed. Cir. 1999) (citation omitted). "Rule 19 'makes inappropriate any contention that patent co-owners are *per se* indispensable in infringement suits.'" *Howes v. Medical Comp., Inc.*, 698 F. Supp. 574, 576 (E.D. Pa. 1988). The Limited defendants, however, assert only joint ownership of the '062 patent as a basis for applying Rule 19(a) to the Greenspan non-parties. (LD Br. at 7-8.) That analysis must fail because the Limited defendants bear the burden to identify evidence that would permit this Court to "examine the factors suggested by Rule 19 before deciding whether to proceed in the absence of [a] patent owner," or an alleged patent owner. *Tycom Corp. v. Redactron Corp.*, 380 F. Supp. 1183, 1187 (D. Del. 1974). The Limited defendants cannot give

that evidence for the first time in their reply. But under the information they have identified, the analysis shows that the Greenspan non-parties are not necessary.

1. *The Greenspan Non-Parties Are Not "Necessary" under Rule 19(a)*

Rule 19(a) provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

No subpart of the Rule applies to the Greenspan non-parties.

    a.    Complete Relief Can Be Accorded Among Those Already Parties in the Absence of the Greenspan Non-parties

Neither Mr. Greenspan nor Mr. Ingram have any rights under either the Assignment or the Agreement. The Greenspan Co.'s non-exclusive license does not give it standing to sue and its reversionary right is no more than commercial protection for a condition subsequent. But the contract terms of the Agreement provide for payment if LP Matthews generates future revenues from its ownership of the '062 patent. (LD Ex. D at LPM 16.) The payment terms of the Agreement specifically account for resolution of this action in a manner negotiated and agreed to by the parties with remedy at contract. (LD Ex. F at LPM 16-17 (providing initial **REDACTED** payment plus condition subsequent payments from commercialization or enforcement action).)

      b.        The Greenspan Non-Parties Do Not and Cannot Claim an Interest Relating to the '062 Patent that Is the Subject of this Litigation And Are Not Situated So that Disposition of This Action Would Impair Their Interests Or Substantially Risk Multiple Litigation Against the Limited Defendants

No Greenspan non-party has any rights under the Assignment. The only rights retained by The Greenspan Co. are a non-exclusive license that does not convey standing and an unaccrued reversionary right. Even if The Greenspan Co.'s future conditional reversionary right were an interest contemplated by this Rule—which the Limited defendants did not argue and are estopped from arguing in their reply—that interest is not impaired by proceeding with this action.

      2.        *Even if the Greenspan Non-Parties Were Necessary Under Rule 19(a), Balancing the Equities as Required by Rule 19(b) Favors Proceeding Without Them*

In a Rule 19(b) analysis, "the court weighs four factors or 'interests' listed in Rule 19(b) 'to determine whether, in equity and good conscience,' the court should proceed without a party whose absence is compelled. Application of this test determines whether or not a party is 'indispensable.' Significantly, 'these factors…are not mutually exclusive, nor are they the only considerations that may be taken into account by the court in a particular case.' Indeed, the 'equity and good conscience' test is flexible; thus, whether a particular party will be deemed 'indispensable' will depend heavily on the circumstances of each case." *Cambridge Biotech*, 186 F.3d at 1372-73 (citations omitted). Despite the intensely factual nature of a Rule 19(b) analysis, the Limited defendants gloss over the interest factors (to the extent they address them at all) without factual support.

Rule 19(b) provides that:

> If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might

>be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

The four Rule 19(b) factors favor proceeding in the absence of the Greenspan non-parties, even if their presence were compelled.

The first factor (prejudice to the parties or non-parties) favors proceeding with the action. The only Greenspan non-party with any interest is The Greenspan Co., which does not retain an interest that even gives it standing to sue, let alone an interest that might be prejudiced by judgment. The Greenspan Co. also does not possess sublicensing rights, even for its non-exclusive license. *Accord Cambridge Biotech*, 186 F.3d at 1373 (approving under First Circuit law district court's finding of no prejudice to non-party that did not retain sublicensing rights). The Greenspan Co. contracted to transfer all other interests to LP Matthews in a manner that gives it a complete remedy at contract law. And, because the Greenspan parties do not have the right to sue, the Limited defendants face no risk of a second suit on the patent. Moreover, "the *stare decisis* effect of a decision of this Court and threat of attorney's fees under 35 U.S.C. §285 might deter [any patent co-owner] from relitigating claims determined here." *Howes*, 698 F. Supp. at 578. Finally, LP Matthews has "shown by [its] conduct in this drawn out litigation that [it] can adequately protect the interests of absent patent owners" (to the extent the Greenspan parties can be so considered). *Howes v. Medical Corp, Inc.*, 698 F. Supp. 574, 578 (E.D. Pa. 1988).

Because there is effectively no prejudice to the Greenspan non-parties or Limited defendants, the second factor (shaping judgment to lessen prejudice) also favors proceeding with the action. *See Cambridge Biotech*, 186 F.3d at 1373 ("the court needed to do nothing to reduce the prejudice...because there was none").

Because the Limited defendants have not provided any actual support for their arguments of prejudice (LD Br. at 10), the third factor (adequacy of the judgment) favors proceeding with this action. Contract terms protect the Greenspan non-parties' interests – as they agreed. (LD Ex. D).

The Limited defendants failed to address the fourth factor (adequacy of remedy for plaintiff if the case is dismissed). That factor must therefore support progressing with the litigation because it was the Limited defendants' burden. The fourth factor favors proceeding with this action, because plaintiff LP Matthews may not have an adequate remedy if the case is dismissed because a party without standing must be joined. Should that happen, the Limited defendants certainly would move in the corrected action to dismiss the case because any joined Greenspan non-party did not have standing to sue. "Given the remote, hypothetical prejudice to the defendant, this outcome is clearly contrary to equity and good conscience." *Howes*, 698 F. Supp. at 579.

### D. The Limited Defendants Do Not and Should Not Be Heard To Challenge The Validity of the '062 Patent Assignment or Related Agreement

According to their brief, "[p]rior to depositions, there is no way for the Limited Defendants to determine if this 'assignment' [from Greenspan Co. to LP Matthews] is effective." (LD Br. at 4.) If the Limited defendants challenge the validity of the Assignment, therefore, they ask this Court to issue an advisory opinion. Not only is that request improper, but they also cannot properly contest the validity of the Assignment under Delaware law.

The Court of Chancery recognizes that there is authority holding that only a party to an assignment can contest its validity. *In re Emerging Communications, Inc. Shareholders Litigation*, No. 16415, 2004 Del. Ch. LEXIS 70 at *105 n.122 (Del. Ch. June 4, 2004) (attached as LPM Ex. C) (citing *Wagner v. United States*, 573 F.2d 447 (7th Cir. 1978); *Gamble v.*

*Stevenson*, 305 S.C. 104, 406 S.E.2d 350, 353 (S.C. 1991); 6A C.J.S. Assignments § 71 (1975)). Although the Court of Chancery recognized this authority without deciding whether it applies in Delaware or not, this Court should follow that authority, especially here where the Limited defendants do not assert that the Assignment is valid and enforceable. A stranger (the Limited defendants) should not be permitted to void this valid and enforceable transfer of ownership in contravention of the plainly stated intentions of the parties to the Agreement. The Limited defendants have known about this law since LP Matthews opposed KBC's motion to dismiss on October 24, 2005 (see D.I. 104 at 9), but chose not to address it and should be estopped from doing so in their reply brief.

LP Matthews is the real party in interest in this litigation because it is LP Matthews that lawfully owns and is assigned the '062 patent and LP Matthews that is being injured by the continuing infringement of the '062 patent.

### E.  Rule 19 Does Not Support Jointer of Ms. LeDonne and Mr. Florenzo

The Limited defendants provide no legal or factual support for their argument that the Principals of LP Matthews, Lisa LeDonne and Philip Florenzo, should be joined under either Rule 19 or Rule 20. The Limited defendants had the burden to prove them indispensable under Rule 19(a), but they did not even try. Under Rule 20(a), this Court has discretion to deny permissive joinder to avoid jury confusion or undue delay in resolving this case. Fed R. Civ. P. 20(a). Less than three weeks will remain in the fact discovery period when briefing is complete. Adding non-parties now that are not necessary can only create delay in this action. There is no reason to join Ms. LeDonne or Mr. Florenzo in this action, even if the Greenspan non-parties were deemed necessary and indispensable.

In fact, Ms. LeDonne and Mr. Florenzo are the sole members of LP Matthews, L.L.C., which is a limited liability company organized under the Virginia Limited Liability Company

Act (the "Act"), Chapter 12, Title 13.1 of the Virginia Code. Title 13.1-1019 of the Act specifically states that "no member, manager or other agent of a limited liability company shall have any personal obligation for any liabilities of a limited liability company, whether such liabilities arise in contract, tort or otherwise, solely by reason of being a member, manager or agent of a limited liability company." The Limited defendants ignore the Act and ask the Court to join Ms. LeDonne and Mr. Florenzo without citing any authority in support of its request.

Finally, the Limited defendants brought this motion *after* the deadline for joining parties. They had the documents cited in their opening brief for over four months and should have made any request to join permissive parties before the deadline. Having made a strategic decision to delay filing this motion, the Limited defendants should not be permitted to evade the consequences of that decision.

## F. The Court Should Disregard the Limited Defendants' Complaints about the Date of the Original Assignment

The Limited defendants' arguments that an "'assignment' mess" exists depend exclusively upon the January 15, 2004 assignment post-dating the alleged ratification of the LP Matthews operating agreement. (See LD Br. at 4.) As a matter of public record, however, the Commonwealth of Virginia recognized LP Matthews as a Limited Liability Corporation under the Virginia Code on January 12, 2004. (LPM Ex. B.) The assignment documents are in order and the Court should disregard any arguments to the contrary.

## CONCLUSION

LP Matthews is the sole assignee and owner of the '062 Patent and has standing to sue alone. Messrs. Greenspan and Ingram have no rights under any operative document. The Greenspan Co. has retained no substantial right in the patent, presently holding only a non-exclusive license that cannot be sublicensed and does not even give it standing. It is LP Matthews whose property rights are being violated by the Limited defendants' continuing tortious acts of patent infringement; LP Matthews is the only entity with standing to assert a legal interest in the subject matter of the dispute—LP Matthews owns the '062 patent. Accordingly, the Limited defendants' Motion to Dismiss should be denied.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Office: 302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Counsel for Plaintiff LP Matthews*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office: 800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
Office:   202-775-0725

Dated: December 30, 2005
165163.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2006, the attached **REDACTED PUBLIC VERSION OF LP MATTHEWS' ANSWERING MEMORANDUM IN OPPOSITION TO THE LIMITED DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE  19899-0951 | HAND DELIVERY |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA  22314 | VIA ELECTRONIC MAIL |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE  19899 | HAND DELIVERY |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY  10017 | VIA ELECTRONIC MAIL |

/s/ *Lauren E. Maguire*

Lauren E. Maguire