IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LP MATTHEWS, L.L.C.,                        )
                                            )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )
                                            )  Civil Action No. 04-1507-SLR
                                            )  Jury Trial Demanded
BATH & BODY WORKS, INC.,                    )
LIMITED BRANDS, INC.,                       )
KAO BRANDS CO. (f/k/a THE ANDREW            )
JERGENS COMPANY), and                       )
KAO CORPORATION,                            )
                                            )
                    Defendants.             )

## DEFENDANT BATH & BODY WORKS, INC.'S
## NOTICE OF DEPOSITION OF WILLIAM J. INGRAM

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, on January 26, 2006 beginning at 9:00 AM MST, and continuing until completed, at

the Marriott Boulder, Telluride Conference Room, 2660 Canyon Boulevard, Boulder, Colorado

80302, or at such other time and place as may be mutually agreed upon by the parties, Defendant

Bath & Body Works, Inc., by its attorneys Ward & Olivo, shall take the deposition by oral

examination of William J. Ingram.

The above-noticed deposition shall be recorded by stenographic and/or videographic

means before a Notary Public or other officer authorized by law and pursuant to the Federal Rule

of Civil Procedure 30. The deposition will continue from day to day until completed, with such

adjournments as to time and place as may be necessary.

Counsel for LP Matthews is invited to attend.

Respectfully submitted,

Dated:  January 6, 2006

By:  ___/s/ Francis G.X. Pileggi_____
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
Suite 1300
919 North Market Street
Wilmington, Delaware  19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York  10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath and Body Works, Inc.
Limited Brands, Inc.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

| **FOR THE** | **DISTRICT OF** | **COLORADO** |

LP Matthews, L.L.C.,

### V.

Bath & Body Works, Inc., et al.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]    04-cv-01507-SLR (Delaware)

TO:    William J. Ingram
1535 Findlay Way
Boulder, Colorado 80305

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Marriott Boulder, Telluride Conference Room, 2660 Canyon Boulevard, Boulder, Colorado  80302 | 9:00 AM MST, 1/26/2006 |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Francis G. X. Pileggi*    Attorney for Defendants Bath & Body Works, Inc. and Limited Brands. Inc. | 01/06/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Francis G.X. Pileggi
919 North Market Street, Suite 1300, Wilmington, Delaware  19801  Phone: (302) 655-3667

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this 6th

day of January 2006 upon counsel of record via United States first class mail, postage

prepaid, at the address listed below:

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi LLP
1801 K Street, Northwest
Washington, D.C. 20006

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899

Richard L. Horowitz
David Moore
Potter, Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 54402

Arthur I. Neustadt
Richard Chinn
Oblon, Spivak, McClelland, Maier & Neustadt PC
1940 Duke Street
Alexandria, Virginia 22314

Patrick R. Colsher