IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1507-SLR |
| v. | ) | |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED BRANDS, INC.; KAO BRANDS CO. (f/k/a THE ANDREW JERGENS COMPANY); and KAO CORPORATION | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF LP MATTHEWS, L.L.C.'S OBJECTIONS TO LIMITED DEFENDANTS' NOTICE OF DEPOSITION OF LP MATTHEWS, L.L.C. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Plaintiff LP Matthews, L.L.C. ("LP Matthews") objects to defendant Bath and Body Works, Inc. and Limited Brands, Inc. (collectively the "Limited Defendants") December 30, 2005 Notice of Deposition under Fed. R. Civ. P. 30(b)(6) as follows.

**GENERAL OBJECTIONS**

LP Matthews has the following General Objections to the Limited Defendants' topics and the stated and incorporated instructions and definitions.

A.   LP Matthews objects to these topics to the extent they impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.  LP Matthews does not consider itself bound by the Limited Defendants' instructions and definitions.

B.  LP Matthews objects to these topics as vague, overly broad, unduly burdensome, not relevant to a claim or defense of any party, not reasonably calculated to lead to the discovery of admissible evidence, or as otherwise exceeding the scope of permissible discovery.

C.  LP Matthews objects to these topics to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. No part of LP Matthews' response constitutes a waiver of any privilege or immunity.

D.  LP Matthews objects to these topics to the extent they seek information that is not in its possession, custody or control or that is publicly available or has already been provided to the defendants.

E.  LP Matthews objects to these topics to the extent they assume incorrect facts.

F.  LP Matthews objects to these topics to the extent that they call for premature expert discovery.

## OBJECTIONS BY TOPIC

1.  LP Matthews incorporates its General Objections and specifically General Objections A, B, and C.

2.  LP Matthews incorporates its General Objections and specifically General Objections A, B, C, D, and F.

3.  LP Matthews incorporates each of its General Objections.

4.  LP Matthews incorporates its General Objections and specifically General Objections A, B, C, D, and F. LP Matthews also objects to this topic as duplicative of no. 3, above

5.  LP Matthews incorporates its General Objections and specifically General Objections B,

C and D.

6.  LP Matthews incorporates its General Objections and specifically General Objections A and B.

7.  No such policies exist.

8.  LP Matthews incorporates its General Objections and specifically General Objections A, B, and C.

9.  LP Matthews incorporates its General Objections and specifically General Objections A and C. The bases for the assertion of privilege for each of the LP Matthews documents identified on the Omnibus Privilege Log are stated in the log. No further information should be required, particularly in view of the severely deficient descriptions of documents identified on the Limited Defendants' Privilege Log – many of which are not dated, do not identify attorneys, and fail to provide a basic description to establish a *prima facie* case of privilege.

10. LP Matthews incorporates its General Objections and specifically General Objections A, B, and C.

11. LP Matthews incorporates its General Objections and specifically General Objections A and C.

12. LP Matthews incorporates its General Objections and specifically General Objections A, C, D, and F.

13. LP Matthews incorporates its General Objections and specifically General Objections A and C. LP Matthews also states that, as noted in its responses to interrogatories, no officer of LP Matthews reviewed any confidential information (in accordance with the Stipulated Joint Protective Order).

14. LP Matthews incorporates its General Objections and specifically General Objections A,

C, D, and F.

15.     LP Matthews incorporates its General Objections and specifically General Objections B, C and F.

16.     LP Matthews incorporates its General Objections and specifically General Objections C and F.

17.     LP Matthews incorporates its General Objections and specifically General Objections C, D and F.

18.     LP Matthews incorporates its General Objections and specifically General Objections C, D and F.

19.     LP Matthews incorporates its General Objections and specifically General Objections B, C, D and F.

20.     LP Matthews incorporates its General Objections and specifically General Objection F, particularly because the Limited Defendants' responses to interrogatories include objections based on the phrase "person having ordinary skill in the art."

21.     LP Matthews incorporates its General Objections and specifically General Objections B, C, and D.

22.     LP Matthews incorporates its General Objections and specifically General Objections B, C and F.  LP Matthews further objects to this topic as unintelligible.

23.     LP Matthews incorporates its General Objections and specifically General Objections C and F.

24.     LP Matthews incorporates its General Objections and specifically General Objections B and C.

        ASHBY & GEDDES

        /s/ *Lauren E. Maguire*
        _____
        Steven J. Balick (I.D. #2114)
        John G. Day (I.D. #2403)
        Lauren E. Maguire (I.D. #4261)
        222 Delaware Avenue, 17th Floor
        P.O. Box 1150
        Wilmington, Delaware 19899
        Office: 302-654-1888
        sbalick@ashby-geddes.com
        jday@ashby-geddes.com
        lmaguire@ashby-geddes.com

        *Attorneys for Plaintiff LP Matthews, L.L.C.*
        *and non-party Philip A. Low*

*Of Counsel*:

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
Office:   800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C.  20006
Office:   202-775-0725

Dated:  January 17, 2006
165710.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2006, the attached **PLAINTIFF LP MATTHEWS, L.L.C.'S OBJECTIONS TO LIMITED DEFENDANTS' NOTICE OF DEPOSITION OF LP MATTHEWS, L.L.C. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | **HAND DELIVERY** |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | **VIA ELECTRONIC MAIL** |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE 19899 | **HAND DELIVERY** |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017 | **VIA ELECTRONIC MAIL** |

/s/ *Lauren E. Maguire*
_____
Lauren E. Maguire