PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, LLC<br><br>    Plaintiff,<br><br>v.<br><br>BATH AND BODY WORKS, INC.<br>LIMITED BRANDS, INC.<br>KAO BRANDS CO. (f.k.a. THE ANDREW<br>JERGENS COMPANY), and<br>KAO CORPORATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action NO. 04-1507-SLR<br>)  Jury Trial Demanded<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THE LIMITED DEFENDANTS' REPLY TO LP MATTHEWS' ANSWERING MEMORANDUM IN OPPOSITION TO THE LIMITED DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY**

FOX ROTHSCHILD, LLP
Francis G.X. Pileggi, Esquire(Del. Bar 2624)
Sheldon K. Rennie, Esquire(Del. Bar 3772)
919 N. Market Street
Suite 1300
Wilmington, Delaware 19801
Phone: (302) 622-4201
Fax: (302) 656-8920

*Attorneys for Defendants Bath
and Body Works, Inc. and Limited
Brands, Inc.*

OF COUNSEL:

WARD & OLIVO
John F. Ward
David M. Hill
Michael J. Zinna
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax: (212) 972-5866

Dated: January 13, 2006
Public Version Filed: January 23, 2006

WM1A 71315v1 01/13/06

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................. 1

ARGUMENT ..................................................................................................... 1

    I.   LP Matthews Lacks Standing To Sue ....................................................... 1

        A.   **<u>REDACTED</u>** Document Is Not An Assignment ................................. 1

        B.   Messrs. Greenspan And Ingram Previously Admitted That They Did Not Assign The Patent To The Greenspan Company ........... 2

        C.   The Assignment Defects Here Run Too Deep To Be Fixed *Nunc Pro Tunc* ........................................... 3

    II.   The Greenspan Parties Should Be Joined ............................................... 4

        A.   LP Matthews' Response Confuses Consideration And Reversion ..................................................... 4

        B.   The Simplest Solution Is To Add The Greenspan Parties ......................................................... 5

    III. Mr. Florenzo And Ms. LeDonne Should Also Be Joined ........................... 6

CONCLUSION ................................................................................................. 7

## TABLE OF AUTHORITIES

**CASES**

Emerging Communications, Inc. Shareholders Litigation, No. 16415, 2004 Del. Ch. LEXIS 70 (Del. Ch. June 4, 2004) ................................................................................ 3

Enzo Apa & Son, Inc., et al. v. Geapag A.G., et al., 134 F.3d 1090 (Fed. Cir. 1998) ........ 1

Gaia Techs v. Reconversion Techs, 93 F.3d 774 (Fed. Cir. 1996) ................................. 1, 3

Katz v. Lear Siegler, et al., 909 F.2d 1459 (Fed. Cir. 1990) ............................................. 5

Newman-Green, Inc. v. Alfonso-Larrian, 490 U.S. 826 (1989) ......................................... 3

United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) ..................................... 5

United States v. Pisani, 646 F.2d 83 (3d Cir. 1981) ......................................................... 6

Waterman v. Mackenzie, 138 U.S. 252 (1891) .................................................................. 1

**STATUTES**

37 C.F.R. § 3.54 (1995) ...................................................................................................... 3

### Introduction

LP Matthews' opposition brief is largely off-point and glosses over the key issues as to fundamental defects in the assignment documents relating to the patent-in-suit. Instead, it merely highlights the strawman issue of reversion, while ignoring the real issues that demand joinder of the Greenspan Parties, as well as the principals of LP Matthews.

### Argument

I.   **LP Matthews Lacks Standing To Sue**

    A.   **REDACTED**   Document Is Not An Assignment

**REDACTED**

An assignment of legal title in a patent can be conveyed in the form of the entire patent, an undivided part or share of the entire patent, or all rights under the patent in a specified geographical region of the United States. See Waterman v. Mackenzie, 138 U.S. 252 (1891). Any less than a complete transfer of these rights is merely a license, in which case the title remains with the owner of the patent and suit must be brought in its name. Id.

    **REDACTED**   which must be in writing. See Enzo Apa & Son, Inc., et al. v. Geapag A.G., et al., 134 F.3d 1090 (Fed. Cir. 1998). The Federal Circuit encountered a very similar fact pattern in Gaia Techs v. Reconversion Techs, 93 F.3d 774, 770 (Fed. Cir. 1996):

On appeal, Gaia argues that the minutes of the meeting of the Banstar Board of Directors constituted an assignment from Banstar to Gaia necessary to transfer legal title of the Intellectual Property to Gaia, thus conferring standing upon Gaia to sue. We reject this argument. Indeed, the evidence compels us to reach the opposite conclusion: that a proper assignment of the Intellectual Property from Banstar to Gaia never took place prior to filing the lawsuit on October 20, 1993.

* * *

The only pieces of evidence presented by Gaia of a written assignment prior to the filing of its lawsuit are minutes of the meetings of Banstar's shareholders and board of directors. Like the situation in Arachnid, these minutes, at most, are a memorialization of an agreement to sell all assets of Banstar to Gaia at some time in the future. Such an agreement to assign is not an assignment and thus does not vest legal title in Gaia of the Intellectual Property on August 4, 1991.

**REDACTED**

B.  **Messrs. Greenspan And Ingram Previously Admitted That They Did Not Assign The Patent To The Greenspan Company**

While Messrs. Greenspan and Ingram now allege that they intended **REDACTED** to be an assignment of their rights in the patent to the Greenspan Company, that is not what they told the United States Patent and Trademark Office in July 1992.

During prosecution of a continuation-in-part application, the question of ownership of the original patent (United States Patent No. 5,063,062) was raised by the Patent Office. Mr. Greenspan submitted a statement, dated July 10, 1992, representing that he (along with Mr. Low) was a co-inventor, that Mr. Low later assigned his rights to Messrs. Greenspan and Ingram, and that he, Mr. Greenspan, was therefore an inventor and assignee of the patent (attached as Exhibit G). In a separate statement on the same

-2-

day, Mr. Ingram represented to the Patent Office that he too was an assignee (attached as Exhibit H).

Somewhat later, in response to an Office Action, their attorney, Mr. Timothy Martin, stated that "Douglas Greenspan and William Ingram accepted Assignment of the Patent as individuals, not as corporate representatives, and personally own right and title to the Application/Patent." (June 3, 1994 Response, at p. 4, attached as Exhibit I).

Messrs. Greenspan and Ingram therefore retained their personal ownership of the patent until March 15, 2004 when they executed the Assignment *Nunc Pro Tunc*. Consequently, the January 15, 2004 Patent Assignment Agreement between the Greenspan Company and LP Matthews cannot be valid because the Greenspan Company had no assignable rights at that date.[1]

C. The Assignment Defects Here Run Too Deep To Be Fixed *Nunc Pro Tunc*

As Justice Kennedy noted in Newman-Green, Inc. v. Alfonso-Larrian, 490 U.S. 826, 840 (1989): "The charming utility of the nunc pro tunc device cannot obscure its outright fiction."

Using the "fiction" of a *nunc pro tunc* assignment, LP Matthews attempts to convert the **REDACTED** into an assignment effective as of **REDACTED** This it cannot do. The document is deficient on its face. Later statements made by Messrs. Greenspan and Ingram as well as their patent counsel make it clear that there was

---

[1] LP Matthews' reliance on Emerging Communications, Inc. Shareholders Litigation, No. 16415, 2004 Del. Ch. LEXIS 70 (Del. Ch. June 4, 2004) is odd, to say the least. While noting in a footnote that there is some authority holding that only a party can contest the validity of an assignment, the Court proceeded under the assumption that validity could be challenged by a non-party. Id., at 105. The great weight of authority is to the same effect. See, e.g., Gaia Techs, *supra*, at 778: "[T]he mere fact that as assignment was recorded in the PTO does not, without more, prove that a valid assignment actually took place." See 37 C.F.R. § 3.54 (1995) ("The recording of a document... is not a determination by the [PTO] of the validity of the document or the effect the document has on the title...").

-3-

never an intent to assign the patent to the Greenspan Company. The present attempt to rewrite history for purposes of standing should be seen for the "fiction" it so clearly is.

II. <u>The Greenspan Parties Should Be Joined</u>

    A. <u>LP Matthews' Response Confuses Consideration And Reversion</u>

LP Matthews contends that the "Limited Defendants rely solely on the reversionary right to support their position that the Greenspan non-parties are necessary and indispensable." (LP Matthews' Brief, at p. 2). This is simply wrong. Reversion of the patent is covered in **REDACTED** (Exhibit D to the Limited Defendants' Opening Brief). It merely provides that all rights were to revert to the Greenspan Company under certain circumstances, e.g., failure to make undisputed payment. The Limited Defendants agree that the presence of a reversion clause is typical and does not convert a valid assignment into a lesser right.

The Limited Defendants' concerns do not relate **REDACTED** but rather relate to

**REDACTED**

there appears to be nothing preventing the Greenspan Company from revoking the Agreement and filing its own infringement action.

In addition, there are no timeframes for performance, or provisions for incomplete performance. The Limited Defendants are convinced that they do not infringe the patent-

-4-

in-suit, and therefore there should be no recovery. However, the Agreement is silent about what happens if there is a nominal recovery, i.e., **REDACTED** It is unclear whether the Greenspan Company can revoke at that point and initiate another action against the Limited Defendants seeking further damages. Nothing in the Agreement explicitly prevents this.

B.  The Simplest Solution Is To Add The Greenspan Parties

Through no fault of their own, the Limited Defendants find themselves in the untenable and unjust position of facing multiple potential actions from multiple parties relating to the patent-in-suit. The Limited Defendants did not inartfully draft the terms of the **REDACTED** between the Greenspan Company and LP Matthews. Nor did the Limited Defendants botch repeated attempts to assign the patent-in-suit. Nevertheless, these failures by others could end up harming the Limited Defendants, unless all of the Greenspan Parties are joined to this action.

In a case similarly involving questions of ownership, *nunc pro tunc* assignments and multiple actions, the Federal Circuit ruled in favor of joinder. Katz v. Lear Siegler, et al., 909 F.2d 1459, 1462 (Fed. Cir. 1990):

> The district court determined that ASP was subject to service of process in Massachusetts, and that the joinder would not defeat the jurisdiction of the Massachusetts court over the subject matter of the action. The district court also determined that ASP had an interest in the subject matter of the Massachusetts action, and that joinder of ASP was appropriate to avoid possible injury to ASP, as well as Lear Siegler and Smith & Wesson. The court stated its intention to determine 'exactly who owns the beneficial interests in the disputed letters patent', an issue predicate to Katz' capacity to bring suit for infringement. We agree with the district court that such determination is facilitated by joinder of ASP in the Massachusetts action. *See generally United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966) ('joinder of claims, parties

and remedies is strongly encouraged.') The ruling joining ASP as a party is affirmed.

Joinder is appropriate here as well.

III.   <u>Mr. Florenzo And Ms. LeDonne Should Also Be Joined</u>

LP Matthews incorrectly states that the Limited Defendants "provide no legal or factual support for their argument that the Principals of LP Matthews, Lisa LeDonne and Philip Florenzo, should be joined under either Rule 19 or Rule 20." (LP Matthews' Brief, at p. 12). To the contrary, the Limited Defendants cited <u>United States v. Pisani</u>, 646 F.2d 83, 88 (3d Cir. 1981), in support of their request for permissive joinder. <u>Pisani</u> stands for the proposition that gross undercapitalization of a business can be sufficient grounds for piercing the corporate veil and adding principals.

**REDACTED**

This amount is far less than the attorneys' fees and costs requested by the Limited Defendants in their Counterclaims. LP Matthews' principals should therefore be joined.

## Conclusion

The Limited Defendants respectfully request that their Motion to Dismiss for Failure to Join an Indispensable Party be granted.

Respectfully submitted,

FOX ROTHSCHILD, L.L.P.

Dated: January 13, 2006
Public Version Filed:   January 23, 2006

By:___/s/ Francis G.X. Pileggi_____
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
Fox Rothschild, LLP
Suite 1300
919 North Market Street
Wilmington, Delaware  19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York  10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath and Body Works, Inc.
Limited Brands, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 23, 2006, I electronically filed the Redacted Version of The Limited Defendants' Reply to LP Matthews' Answering Memorandum in Opposition to the Limited Defendants' Motion to Dismiss for Failure to Join an Indispensable Party with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>David Moore, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, Delaware 19899-0951 | Steven J. Balick, Esquire<br>John G. Day, Esquire<br>Ashby & Geddes<br>222 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, DE 19899 |
| Arthur I. Neustadt, Esquire<br>Richard Chinn, Esquire<br>Oblon, Spivak, McClelland<br>   Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | Robert A. Auchter, Esquire<br>Robins, Kaplan, Miller & Ciresi, LLP<br>1801 K Street, NW<br>Washington, DC 20006 |

Jason R. Buratti, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, NW
Washington, DC 20006

                                          /s/ Francis G.X. Pileggi
                                      Francis G.X. Pileggi (Del. Bar No. 2624)