# EXHIBIT "G"

**EXHIBIT G**



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

```
RE: Patent Application for      :   Date: July 2, 1992
    Greenspan et al             :   Group: Art Unit 1502
Serial No.: 07/786,804          :   Examiner:
Filed:   November 4, 1991       :   Action: TERMINAL
For: CITRUS OIL COMPOSITIONS AND :          DISCLAIMER TO
     USES THEREOF               :           OBVIATE A DOUBLE
                                :           PATENTING REJECTION
```

TO: The Commissioner of Patents and Trademark Office
    Washington, DC   20231

RECEIVED
JUL 27 1992
GROUP 150

TERMINAL DISCLAIMER TO OBVIATE
A DOUBLE PATENTING REJECTION

Sir:

Your petitioner, Douglas Greenspan, residing at 200 Lois Circle, Louisville, Colorado 80027 in the County of Boulder and State of Colorado represents that he, along with Phillip A. Low, filed the Parent Patent Application Serial No. 07/413,395 as joint inventors. Phillip A. Low later assigned his rights to the invention contained in Patent Application Serial No. 07/413,395, which matured into Patent No. 5,063,062 on November 5, 1991 to William J. Ingram and Douglas Greenspan recorded on September 7, 1990 on frame 5426, reel 0580 in the Patent and Trademark Office. Douglas Greenspan, therefore, represents that he is both an inventor and an assignee of the invention contained in Divisional Patent Application Serial No. 07/786,804 filed on November 4, 1991 for Citrus Oil Compositions and Uses Thereof. Your petitioner, Douglas Greenspan hereby disclaims the terminal part of any patent granted on the above-identified Divisional Patent Application, which would extend beyond the expiration date of Patent No. 5,063,062 and hereby agrees that any patent so granted

1

on the above-identified Divisional Patent Application shall be enforceable only for and during such period that the legal title to said patent shall be the same as the legal title to United States Patent No. 5,063,062, this agreement to run with any patent granted on the above-identified Divisional Patent Application and to be binding upon the grantee, its successors or assigns.

Dated: 7-10-92      _____
                     Douglas H. Greenspan

2

BBW   008469

# EXHIBIT "H"

> EXHIBIT H



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

```
RE:  Patent Application for        :  Date: July 2, 1992
     Greenspan et al               :  Group: Art Unit 1502
Serial No.: 07/786,804             :  Examiner:
Filed:   November 4, 1991          :  Action: TERMINAL
For:  CITRUS OIL COMPOSITIONS AND  :          DISCLAIMER TO
      USES THEREOF                 :          OBVIATE A DOUBLE
                                   :          PATENTING REJECTION
```

TO:  The Commissioner of Patents and Trademark Office
     Washington, DC  20231

TERMINAL DISCLAIMER TO OBVIATE
A DOUBLE PATENTING REJECTION

Sir:

Your petitioner, William J. Ingram, residing at 1535 Findlay Way, Boulder, Colorado 80027 in the County of Boulder and State of Colorado represents that he, is an assignee along with Douglas H. Greenspan to the rights previously owned by joint inventor, Phillip A. Low, in the invention underlying Patent Application Serial No. 07/413,395, which matured into Patent No. 5,063,062. This assignment was recorded on September 7, 1990 on frame 5426, reel 0580 in the United States Patent and Trademark Office. William J. Ingram therefore, represents he is an assignee of the invention contained in Division Patent Application Serial No. 07/413,395 filed on November 4, 1991 for Citrus Oil Compositions and Uses Thereof. Your petitioner, William J. Ingram hereby disclaims the terminal part of any patent granted on the above-identified Divisional Patent Application, which would extend beyond the expiration date of Patent No. 5,063,062 and hereby agrees that any patent so granted on the above-identified Divisional Patent Application shall be enforceable only for and

1

during such period that the legal title to said patent shall be the same as the legal title to United States Patent No. 5,063,062, this agreement to run with any patent granted on the above-identified Divisional Patent Application and to be binding upon the grantee, its successors or assigns.

Dated: July 10 1992   _____
                      William J. Ingram

2

BBW   008504

**EXHIBIT "I"**

EXHIBIT I

JUN 03 '94 11:47 LAW OFFICE: (␣␣␣) 988-1568                                                              P.4

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

RE: Patent Application for      : Dated:    June 3, 1994
    Douglas Greenspan et al.    : Art Unit: 1502
Serial No.: 07/786,804          : Examiner: Bawa, R.
Filed: November 4, 1991         : Action:   AMENDMENT
For: CITRUS OIL COMPOSITIONS    :
     AND USES THEREOF           :

To: The Commissioner of Patents and Trademarks
    Washington, D.C.  20231

Sir:

In response to the Office Action dated December 7, 1993, finally rejecting the above-identified application, it is proposed to amend the application as follows:

In the Specification:

Page 9, line 19, delete "such as", substitute --examples being--.

In the Claims:

1. (Fourth Amendment)    A method of externally treating human skin including the steps of:

applying to said skin a composition having a first ingredient being between five percent (5%) and sixty percent (60%) by volume of orange oil, a second ingredient being a pharmaceutically acceptable moisturizer for human skin [including a plant material such as plant oils and plant extract] such moisturizer to include plant oils and aloe vera plant extract and

1

BBW    008519

a third ingredient being an emulsifying agent in the form of a grain based derivative.

17. (Fourth Amendment) A method for treating acne on human skin comprising the step of applying a composition including forty-five percent (45%) or less by volume of orange oil, forty-five percent (45%) or less by volume of an emulsifying agent in the form of a grain based derivative, and a pharmaceutically acceptable moisturizer [including plant material such as plant oils and plant extract] <u>such moisturizer to include plant oils and aloe vera plant extract</u> to said acne on the human skin.

25. (Fourth Amendment) A cleaning product comprising a towellet formed of an absorbent material, said towellet being impregnated with a cleaning composition and hermetically sealed in a packet member wherein said cleaning composition comprises a first ingredient being between five percent (5%) and sixty percent (60%) by volume of orange oil, a second ingredient being a pharmaceutically acceptable moisturizer [including a plant material such as plant oils and plant extract], <u>such moisturizer to include plant oils and aloe vera plant extract</u> for human skin and a third ingredient being a grain based emulsifying agent in the form of an oat grain based derivative product.

### REMARKS

This Amendment is in response to the Office Action dated December 7, 1993. Filed concurrently herewith by mail is a Request for a Three Month Extension of Time making this Amendment due June 7, 1994. A copy of this three (3) month request is also

2

BBW   008520

enclosed. Also filed concurrently herewith by facsimile transmission is an Associate Power of Attorney to Carl Schaukowitch.

The Examiner has rejected Claims 1-3, 5-21 and 25 under the judicially created doctrine of obviousness-type double patenting. In response to a previous rejection based on double patenting in the Office Action of May 25, 1993, Applicant filed a Terminal Disclaimer on July 30, 1992 disclaiming the terminal portion of any patent granted on this application which would extend beyond the expiration date of U.S. Patent No. 5,063,062. In the Office Action of December 7, 1993, the Examiner found this Terminal Disclaimer to be unacceptable in that it did not comply with 37 C.F.R. 1.321(a). As grounds for nonacceptance of the Terminal Disclaimer, the Examiner stated that the person who signed the Disclaimer did not state the extent of his interest in the Application/Patent; the person who signed the Terminal Disclaimer failed to state his capacity to sign for the corporation or other business entity; and that the Disclaimer failed to include a statement by the Assignee specifying that the evidentiary documents had been reviewed and certifying that, to the best of the Assignee's knowledge and belief, title was in the Assignee seeking to take action.

Thus, filed concurrently with this Amendment, the Applicant has submitted a new Common Terminal Disclaimer, signed by Douglas Greenspan, who is an original inventor and as an Assignee of his co-invention (Phillip Low) in the Patent, and signed by William Ingram, who is also an Assignee of the co-inventor (Phillip Low) of the Patent. The Terminal Disclaimer has been rewritten to

3

BBW   008521

include a statement of the extent of both Douglas Greenspan and William Ingram's interests in the Application/Patent, as well as a statement by both Assignees certifying that they personally own the entire right, title and interest in the Application/Patent.

Regarding the Examiner's statement that the person who signed the Terminal Disclaimer failed to state his or her capacity to sign for the "corporation or other business entity", the signors of the terminal disclaimer have not signed on behalf of a corporation or other business entity. Douglas Greenspan and William Ingram accepted Assignment of the Patent as individuals, not as corporate representatives, and personally own right and title to the Application/Patent.

Claims 1-3, 5-21 and 25 were rejected under 35 U.S.C. §112, second paragraph, on grounds that the phrases "plant material" and "plant extract" are vague and indefinite. As a result of the Office Action of May 25, 1993, Claims 1, 17 and 25 were amended so that the moisturizer was more completely described in the claims to include a plant material such as plant oils or plant extract. The plant oils and plant extract are clearly outlined and listed on Page 8, lines 2-27 of the specification. The claim referred to a single "plant extract," and the specifications designate aloe vera as the preferred extract. Applicant believes that the term "plant extract", when read with the specifications, is not vague and is clearly defined. However, Claims 1, 17 and 25 have been amended again to delete the term "plant material" and to specify aloe vera as the claimed "plant extract." Thus, this rejection should be removed.

Claims 1-3, 5-21 and 25 were also rejected under 35 U.S.C.

4

BBW   008522

§112, first paragraph. The Examiner stated that the disclosure enabled only claims limited to emulsifiers being derived from grains such as corn, rice, barley and oats. Applicant respectfully disagrees with this analysis. The list of grains included in the specification was meant to be considered only as examples of grain that could be used to create the emulsifiers. Emulsifiers could also be derived from other grains not included in the list of examples of the specification. Thus, to further illustrate that these five (5) types of grain were meant only as suggested examples, the specification has been changed on Page 9, line 19 from "such as corn, rice, . . ." to "_examples being_, corn, rice, wheat, barley and oats."

More specifically, the examples listed in the specification are merely a enumerated species of the genus, "grain," referred to in "grain-based derivatives" named in the claims. A specification may, within the meaning of 35 U.S.C. §112(1), contain a written description of a broadly claimed invention without describing all species that that claim encompasses. _Utter v. Hiraga_, 845 F. 2nd 993 (Fed. Cir. 1988). Case law has not fixed any definite number of species which will establish completion of a generic claim, and it is evident from these cases that the number will vary, depending on the circumstances of particular cases. Thus, in the case of a small genus such as the halogens, consisting of four species, a reduction to practice of three or perhaps even two, might serve to complete the generic invention, while in the case of a genus comprising hundreds of species, a considerably larger number of reductions to practice would probably be necessary. _Application of Shokal_, 242 F. 2nd

5

JUN 03 '94 11:49 LAW OFFICE: (302) 988-1568                          P.9

771 (Cust. Pat. App. 1957). Applicant may enumerate a considerable number of chemicals which he discloses as being usable for the purpose for which the invention was intended, however, he is not limited to the use of one specific substance. The broad class covered in the claims cover and include other species of and other chemicals than those enumerated in the Application. Wayne v. Kingsland, 80 U.S.P.Q. 486(D.C. 1948).

In the case at hand, Applicant's claim is for the genus of "grain" such grain to be used to form an emulsifying agent. The grains listed in the specifications, corn, rice, wheat, barley and oats, are species of that genus. Applicant is not required to disclose every type of grain from which its emulsifier could be made. The number of species of grain given as examples is sufficient to convey to one skilled in the art the nature of the substances which will accomplish the desired result, i.e., that grains similar to those listed will be suitable to create an emulsifier. Thus, the Applicant requests that its claim for the genus of "grain" referred to in its claims in the context of "grain-based derivatives" to be used as an emulsifying agent, be allowed and that the types of grain enumerated in the specifications be considered examples of species of that genus.

Based on the foregoing, it is respectfully requested that the Examiner reconsider the rejection of this application, enter this Amendment and allow the application. The Applicant submits that the present invention is now in its complete form and should be allowable as amended. In the event that the Examiner disagrees, it is requested that the Amendment be entered for purposes of appeal. Action to this affect is courteously

6

BBW    008524

JUN 03 '94 11:50 LAW OFFICE: (303) 988-1568                                P.10

solicited from the Examiner. The Examiner is requested to grant a timely allowance in this matter, so that Applicant may comply with impending time deadlines.

                           Respectfully submitted,

                           TIMOTHY J. MARTIN, P.C.

                           By: _____
                           Timothy J. Martin, #28,640
                           Carl Schaukowitch, #29,211
                           9250 W. 5th Avenue, Suite 200
                           Lakewood, Colorado   80226
                           (303) 232-3388

                           7

BBW   008525