IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 04-1507-SLR |
| | ) Jury Trial Demanded |
| BATH & BODY WORKS, INC., | ) |
| LIMITED BRANDS, INC., | ) |
| KAO BRANDS CO. (f/k/a THE ANDREW | ) |
| JERGENS COMPANY), and | ) |
| KAO CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT BATH & BODY WORKS, INC.'S RESPONSE
TO PLAINTIFF'S AMENDED NOTICE OF DEPOSITION PURSUANT
TO RULE 30(B)(6) OF DEFENDANT BATH & BODY WORKS, INC.**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Defendant Bath & Body Works, Inc. ("BBW") hereby responds to Plaintiff LP Matthews, L.L.C.'s ("LP Matthews") *Amended Notice of Deposition Pursuant Rule 30(b)(6) of Defendant Bath & Body Works, Inc.*

**GENERAL OBJECTIONS AND COMMENTS**

A. BBW objects to each topic in LP Matthews' Rule 30(b)(6) deposition notice to the extent that it encompasses discovery prepared in anticipation of litigation or for trial, or which is otherwise protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

B. BBW objects to each topic to the extent that it encompasses confidential and proprietary information belonging to third parties with whom BBW may have

entered into non-disclosure or confidentiality agreements or agreements having non-disclosure or confidentiality provisions which prohibit the disclosure by BBW of third parties' confidential and proprietary information or other information which BBW has no right to disclose. Assuming the requisite consent from any third party has been obtained, BBW will agree to disclose relevant and responsive information, so long as such information does not include legal contentions, beliefs, assertions or other confidential information, or information protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege.

C. BBW objects to each instruction, definition, or topic that purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable local rules of the District of Delaware and thus does not consider itself bound by any such instructions or definitions.

D. BBW objects to each topic to the extent that such topic is vague, overly broad, unduly burdensome, not related to a claim or defense of any party, and not reasonably calculated to lead to the discovery of admissible information.

E. BBW objects to each topic to the extent that such topic seeks proprietary information of BBW, except insofar as such discovery is in accordance with a protective order entered in this case.

F. BBW objects to each topic to the extent that such topic seeks BBW's legal contentions. Such contentions, and the bases for those contentions, are best discovered through contention interrogatories, which have been served by LP Matthews and responded to in this case.

G. BBW objects to each topic to the extent that such topic seeks expert discovery and should be addressed to BBW's experts in accordance with the Court's Scheduling Order.

H. BBW objects to each topic to the extent that such topic includes incorrect facts.

I. BBW objects to each topic to the extent that such topic seeks discovery that is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

J. BBW incorporates every general objection set forth above into each response set forth below. A response may repeat a general objection for emphasis or for some other reason. The failure to include any general objection or any specific objection does not waive any general objection to that request. Moreover, BBW reserves the right to amend and/or supplement these objections.

## DESIGNATIONS

In response to Plaintiff's 30(b)(6) deposition notice regarding damages issues, BBW provides the following designations:

| | |
|---|---|
| 1. | Phil Wood. |
| 2. | Kevin Wadhams. |
| 3. | Phil Wood to the extent that this topic relates to sales. Kevin Wadhams to the extent that this topic relates to distribution. |
| 4. | Kevin Wadhams. |
| 5. | Phil Wood. |
| 6. | Phil Wood. |
| 7. | Erin Elliot to the extent that this topic relates to marketing, advertising, market studies, promotional documentation, advertisements, or audiovisual products referring or relating to the accused products. |
| 8. | Danielle Demko. |
| 9. | Danielle Demko. |
| 10. | Danielle Demko. |
| 11. | Danielle Demko. |

|     |                 |
| --- | --------------- |
| 12. | Jack Krause.    |
| 13. | Danielle Demko. |
| 14. | Danielle Demko. |
| 15. | Danielle Demko. |
| 16. | Jack Krause.    |
| 17. | Phil Wood.      |

Respectfully submitted,

FOX ROTHSCHILD, L.L.P.

Dated: January 23, 2006

By:   /s/ Francis G.X. Pileggi
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
Fox Rothschild, LLP
Suite 1300
919 North Market Street
Wilmington, Delaware 19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath and Body Works, Inc.
Limited Brands, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2006, I caused to be served a copy of Defendant Bath & Body Works, Inc.'s Response to Plaintiff's Amended Notice of Deposition Pursuant to Rule 30(b)(6) of Defendant Bath & Body Works, Inc. upon the following in the manner indicated:

**VIA E-MAIL**

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi LLP
1801 K Street, NW
Washington, DC  20006

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE 19801

Richard L. Horwitz
David Moore
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 54402

Arthur I. Neustadt
Richard Chinn
Oblon, Spivak, McClelland,
   Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314


I hereby certify that on January 24, 2006, I electronically filed Defendant Bath & Body Works, Inc.'s Response to Plaintiff's Amended Notice of Deposition Pursuant to

WM1A 71852v1 01/24/06

Rule 30(b)(6) of Defendant Bath & Body Works, Inc. with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard L. Horwitz, Esquire
David Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951

Arthur I. Neustadt, Esquire
Richard Chinn, Esquire
Oblon, Spivak, McClelland
   Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

Jason R. Buratti, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, NW
Washington, DC 20006

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Robert A. Auchter, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
1801 K Street, NW
Washington, DC 20006

                       /s/ Francis G.X. Pileggi
               Francis G.X. Pileggi (Del. Bar No. 2624)