IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1507-SLR |
| v. | ) | |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## PARTIES' PROPOSED ELEMENT-BY-ELEMENT CLAIM CONSTRUCTION CHART

*Of Counsel:*
Ronald J Schutz
Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C.  20006
Tel: (202) 736-2717
Fax: (202) 223-8604

ASHBY & GEDDES
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
Tel: (302) 654-1888
Fax: (302) 654-2067
Sbalick@ashby-geddes.com
Jday@ashby-geddes.com
Lmaguire@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, Inc.*

*Of Counsel:*
Arthur I. Neustadt
Richard L. Chinn
Oblon, Spivak, McClelland, Maier &
    Neustadt, P.C.
1755 Jefferson Davis Highway
Arlington, VA  22202
Tel: (703) 413-3000
Fax: (703) 413-2220

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (I.D. # 2246)
David E. Moore (I.D. # 3983)
1313 N. Market Street
Wilmington, DE  19899-0951
Tel: (302) 984-6000
Fax (302) 658-1192
Rhorwitz@potteranderson.com
Dmoore@potteranderson.com

*Attorneys for Defendants Kao Corporation and Kao Brands Company*

*Of Counsel:*
John F. Ward
David M. Hill
Michael Zinna
Ward & Olivo
708 Third Avenue
New York, NY  10017
Tel: (212) 697-6262
Fax: (212) 972-5866

FOX ROTHSCHILD L.L.P
Francis G.X. Pileggi (I.D. # 2624)
Sheldon K. Rennie (I.D. # 3772)
919 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 654-7444
Fax: (302) 654-8920
Fpileggi@foxrothschild.com
Srennie@foxrothschild.com

Dated: June 15, 2006

**Claim Chart:  Parties' Proposed Element-by-Element Claim Construction**

| Claim Term | LP Matthews | Kao Defendants | Limited Defendants |
|---|---|---|---|
| "Skin cleaning composition for external use on human tissues" (6) & "Cleaning composition for use on human skin" (9) | *Ordinary Meaning*:  composition that has an effect of treating unwanted substances so that the unwanted substance is easier to remove from the skin<br><br>**INTRINSIC EVIDENCE**<br><br>"The present invention generally relates to cleaning compositions suitable for external application to human skin tissue in order to remover unwanted substances…."  ('062 patent at 1:5-7)<br><br>"effective in cleaning compounds otherwise difficult to remove from the tissues of the skin" (*id.* at 1:59-61)<br><br>"Still a further object of the present invention is to provide a skin cleaning composition that not only removes unwanted substances from the human skin but also acts to help clean and revitalize the human skin."  (*id.* at 2:22-25)<br><br>"Applicants determined that | a skin cleaning compound suitable for cleaning non-water soluble products such as grease, caulking, adhesives, sealants, tar, oils, ink, cosmetics and the like<br><br>**INTRINSIC EVIDENCE**<br><br>"Another object of the present invention is to provide a skin cleaning compound suitable for cleaning non-water soluble products such as grease, caulking, adhesives, sealants, tar oils, ink and the like.<br><br>Yet another object of the present invention is to provide a skin cleaning composition which is non-toxic.<br><br>It is a further object of the present invention is to provide a skin cleaning composition that is derived from natural vegetable and plant sources.<br><br>Still a further object of the present invention is to provide a skin cleaning composition that not only removes unwanted substances | a composition for removing unwanted non-water soluble substances from the skin having as little as 5% orange oil, but preferably at least 25% orange oil<br><br>**INTRINSIC EVIDENCE**<br><br>"Applicants concluded that, with respect to cosmetics, a composition according to the present invention could have as little as 5% by volume of orange oil although it was preferable to have a cleaning composition having at least 25% by volume of orange oil." Col. 6, lns. 56-61.<br><br>"The present invention generally relates to cleaning compositions suitable for external application to human skin tissue in order to remove unwanted substances such as tar, caulking compounds, sealants, adhesives and the like." Col. 1, lns. 5-9; see also Col. 1, lns. 11-14.<br><br>"The present invention, then, provides a skin cleaning composition which is adapted for external use on human tissues. Broadly, this |

| Claim Term | LP Matthews | Kao Defendants | Limited Defendants |
|---|---|---|---|
| | Sample V offered the best compromise among emulsion stability, cleaning effectiveness, and skin effect." (*id.* at 5:28-30)<br><br>"softening effect of the hand cleaning composition" (*id.* at 7:26-27) | from the human skin but also acts to help clean and revitalize the human skin."<br>Col. 2, ll. 12-25.<br><br>Also, see examples at col. 6, ll. 29-55 and col. 8, ll. 2-8. | composition comprises a first ingredient being between five percent (5%) and sixty percent (60%) by volume of orange oil, a second ingredient being a pharmaceutically acceptable moisturizer for human skin and a third ingredient being an emulsifying agent." Col. 2, lns. 25-33; see also Col. 8, lns. 39-46.<br><br>"The present invention is directed to a cleaning composition utilized on skin tissues and having, as its cleaning ingredient, the commercially available substance known as orange oil derived from the rinds of oranges." Col. 2, lns 64-67.<br><br>"In order to evaluate cleaning properties as a function of percent volume of orange oil, additional samples were prepared wherein the weight percentages of the ingredients other than orange oil was held constant while the amount of orange oil was varied to provide differing volume percentages of orange oil." Col. 6, lns. 30-35. |
| "Orange oil" (6) & "forty-five percent (45%) or less by volume of orange oil" | *Ordinary Meaning*: non-water soluble fraction of an orange (any reddish-yellow fruit of the Genus *Citrus*, including mandarin | at least 5% by volume of orange oil<br><br>**INTRINSIC EVIDENCE** | the non-water soluble liquid derived from the rind of oranges<br><br>**INTRINSIC EVIDENCE** |

| Claim Term | LP Matthews | Kao Defendants | Limited Defendants |
|---|---|---|---|
| (9) | oranges) with no minimum percentage required for either claim<br><br>**INTRINSIC EVIDENCE**<br><br>"A cleaning composition for cleaning the skin contains orange oil…." (*id.* at Abstract)<br><br>"orange oil alone or in combination with other substances could prove effective in cleaning compounds otherwise difficult to remove from the tissues of the skin" (*id.* at 1:58-61)<br><br>"In the more specific composition according to the preferred embodiment, the cleaning composition comprises forty-five percent (45%) or less by volume of orange oil…" (*id.* at 2:45-48)<br><br>"the composition includes orange oil…" (*id.* at 2:68) | "From these tests, Applicants concluded that, with respect to cosmetics, a composition according to the present invention could have as little as 5% by volume of orange oil although it was preferable to have a cleaning composition having at least 25% by volume of orange oil." Col. 6, ll. 56-61. | "Orange oil, as a natural product derived from the rind of oranges, has been recognized in the past to have some cleaning capabilities." Col. 1, lns. 50-52.<br><br>"The present invention is directed to a cleaning composition utilized on skin tissues and having, as its cleaning ingredient, the commercially available substance known as orange oil derived from the rinds of oranges." Col. 2, lns 64-67. |
| "Oat grain derivative product" (6) | *Ordinary Meaning*: material derived from the grain of an oat (which consists of the kernel and the husk of the grain) | | oat gum or oatmeal<br><br>**INTRINSIC EVIDENCE** |

| Claim Term | LP Matthews | Kao Defendants | Limited Defendants |
|---|---|---|---|
|  | **INTRINSIC EVIDENCE**<br><br>"In order to determine if a natural ingredient could act as an emulsifying agent, the Applicants selected a grain base derivative as an emulsifying agent. To this end, Applicants tested oatmeal gum and oatmeal to act as the primary emulsifier." (*id.* at 4:22-27.<br><br>Relatively equal parts of orange oil and oat derivatives were used…." (*id.* at 4:55-65) |  | "In order to determine if a natural ingredient could act as an emulsifying agent, the Applicants selected a grain base derivative as an emulsifying agent. To this end, Applicants tested oatmeal gum and oatmeal to act as the primary emulsifier."  Col. 4, lns. 22-27. |
| "Emulsifying agent" (6) | *Ordinary Meaning*:  material that has both hydrophilic and lipophilic regions and that by itself or in concert with other emulsifying agents helps to stabilize a dispersion of oil in water (whether the composition is an emulsion, solubilization, micro-emulsion, or dispersion)<br><br>**INTRINSIC EVIDENCE**<br><br>"A cleaning composition for cleaning the skin contains…an emulsifying agent." (*id.* at Abstract) |  | the primary ingredient added to form and stabilize an emulsion<br><br>**INTRINSIC EVIDENCE**<br><br>"Applicants tested oatmeal gum and oatmeal to act as the primary emulsifier."  Col. 4, lns. 25-27; see also Col. 3, ln. 64 through Col. 5 ln. 27. |

| Claim Term | LP Matthews | Kao Defendants | Limited Defendants |
|---|---|---|---|
|  | "the composition includes…an emulsifying agent…." (*id.* at 2:68-3:1)<br><br>"the Applicants selected a grain based derivative as an emulsifying agent." (*id.* at 4:24-25)<br><br>"it became necessary to determine whether the oil orange and moisturizer emulsion could be stabilized so that it would not break over a period of time" (*id.* at 4:19-22) |  |  |
| "Oatmeal" (9) | *Ordinary Meaning*: material that is derived from the kernel of an oat grain (including liquid extracts and powders)<br><br>**INTRINSIC EVIDENCE**<br><br>"In Sample IV, oatmeal gum was prepared by boiling rolled oats in water and straining the resultant mass to remove the hulls.  In Sample V, rolled oats were boiled in water and the resulting mass (containing approximately 50% water) was used to prepare the composition.  Relatively equal parts of orange oil and oat |  | rolled oats boiled in water<br><br>**INTRINSIC EVIDENCE**<br><br>"In Sample V, rolled oats were boiled in water and the resulting mass [i.e., oatmeal] (containing approximately 50% water) was used to prepare the composition."  Col. 4, lns. 57-60; see also Col. 4, lns. 53-55. |

| Claim Term | LP Matthews | Kao Defendants | Limited Defendants |
|---|---|---|---|
| | derivatives were used….” (*id.* at 4:55-65)<br><br>“In particular, those claims including the use of oat-grain derivatives and oatmeal [are believed allowable].  Here it has been found that the oatmeal may lend cleaning properties in that oatmeal acts as a drawing agent to help remove certain oils or other materials from the surface to be cleaned.  It also adds an abrasive quality to the cleaning compound to enhance the scrubbing ability.”  (‘062 File Paper 5 at 4) | | |
| “Pharmaceutically-acceptable moisturizer” (6 and 9) | *Ordinary Meaning*:  material that has the effect of adding moisture to or keeping moisture in human skin that is also safe and effective for use on human skin<br><br>**INTRINSIC EVIDENCE**<br><br>“A cleaning composition for cleaning the skin contains…a pharmaceutically acceptable moisturizer….”  (*id* at Abstract)<br><br>“the composition includes…a pharmaceutically acceptable | | a naturally occurring moisturizing substance<br><br>**INTRINSIC EVIDENCE**<br><br>“More specifically, however, the present invention is directed to a natural cleaning composition that utilizes only plant based ingredients.” Col. 1, lns. 9-10.<br><br>“It is a further object of the present invention is to provide a skin cleaning composition that is derived from natural vegetable and plant |

| Claim Term | LP Matthews | Kao Defendants | Limited Defendants |
|---|---|---|---|
| | moisturizer….”  (*id.* at 2:68-3:1)<br><br>“One example of such a moisturizer is glycerin stearate.” (*id.* at 8:53-54) | | sources.” Col. 2, lns. 18-20. |
| “pH in a range 4.5 to 6.0, inclusively” (6) | measure of hydrogen ions (pH) of 4.0-6.5 (with that range at least available under the doctrine of equivalents)<br><br>**INTRINSIC EVIDENCE**<br><br>pH “approximate” (*e.g.*, ‘062 patent at 3:5, 59, 4:62-65, 5:28-6:27, 7:59-8:10) | | “inclusively” means including but not exceeding the endpoints of the range<br><br>**INTRINSIC EVIDENCE**<br><br>“These empirical observations lead Applicants to conclude that an acidity of at least ph 6.0 is desirable.” Col. 5, lns. 60-63; see also, Col. 5, lns. 35-60.<br><br>“Applicants accordingly concluded that it was desirable that the emulsified composition have a pH that is approximately 4.5. Thus, Applicants further concluded that the composition according to the preferred embodiment of the present invention should have a pH of between 4.5 and 6.0, inclusively.” Col. 6, lns. 22-27; see also, Col. 5, ln. 64 through Col. 6, ln. 21.<br><br>“The composition is constituted to have a pH of between 4.5 and 6.0.” Abstract. |