# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1507 (SLR) |
| ) | Honorable Sue L. Robinson |
| BATH & BODY WORKS, INC., ) | JURY TRIAL DEMANDED |
| and ) | |
| LIMITED BRANDS, INC., ) | |
| and ) | |
| KAO BRANDS CO. (f/k/a THE ANDREW ) | |
| JERGENS COMPANY), ) | |
| and ) | |
| KAO CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF THE LIMITED DEFENDANTS'
MOTION TO EXCLUDE EXPERT TESTIMONY OF LARRY W. EVANS**

FOX ROTHSCHILD, L.L.P.
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
919 North Market Street, Suite 1300
Wilmington, Delaware 19801
Phone: (302) 655-3667
Fax: (302) 656-8920

*Attorneys for Defendants Bath & Body
Works, Inc. and Limited Brands, Inc.*

OF COUNSEL:

WARD & OLIVO
John F. Ward
David M. Hill
Michael J. Zinna
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax: (212) 972-5866

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF ATHAURITIES ........................................................................................... ii

STATEMENT OF NATURE AND STAGE OF PROCEEDING ......................................1

STATEMENT OF FACTS ................................................................................................2

ARGUMENT .....................................................................................................................3

    A.    The Standard for Admissibility of Expert Testimony..................................3

    B.    Evans' Testimony on the Substance and Applicability of Case Law or Substantive Areas of the Patent Law Should be Excluded Because It Invades the Judge's Role in Instructing the Jury on the Applicable Law....5

    C.    Evans' Testimony Regarding Substantive Areas of Patent Law and Technical Subject Matter of This Case Should Be Excluded Because Such Testimony is Pure Speculation and Because LPM Has Not Established that Evans Is Qualified to Give Such Testimony .....................7

CONCLUSION ...................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Cryovac Inc. v. Pechiney Plastic Pkg.*, 2006 U.S. Dist. LEXIS 27099 (D. Del. April 17, 2006) .................................................................................................................. 6, 7

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ..................... 4, 5, 7

*In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717 (3d Cir. 1994) ........................... 5

*Izumi Products Co. v. Koninklijke Philips Electronics N.V.*, 315 F.Supp.2d 589 (D. Del. 2004) .......................................................................................................................... 3-5

*Maxwell v. Baker*, 86 F.3d 1098 (Fed. Cir. 1996) ................................................. 1-3, 5-7

*O'Connell v. LeBloch*, 2000 Del. Super. LEXIS 128 (Sup. Ct. April 19, 2000) ............. 5

*Oddi v. Ford Motor Co.*, 234 F.3d 136 (3d Cir. 2000) ...................................................... 5

*Revlon Consumer Products Corp. v. L'Oreal S.A.*, 1997 U.S. Dist. LEXIS 4117 (D. Del. March 26, 1997) ............................................................................................................. 6

*State Farm Fire and Casualty Co. v. Holmes Products*, 165 Fed. Appx. 182 (3d Cir. 2006) ................................................................................................................................. 4

*United States v. Leo*, 941 F.2d 181 (3d Cir. 1991) ........................................................... 6

**Statutes**

Federal Rule of Evidence 702 ............................................................................... 3-4, 6, 8

Federal Rule of Evidence 104 ............................................................................................ 5

**Statement of Nature and Stage of Proceeding**

Plaintiff LP Matthews, L.L.C. ("plaintiff" or "LPM") filed this action against Defendants Bath & Body Works, Inc. and Limited Brands, Inc. (hereinafter collectively referred to as the "Limited Defendants") alleging that certain of the Limited Defendants' products infringe United States Patent No. 5,053,062 ("the '062 patent") and seeking an award of damages for this alleged infringement. Pursuant to the Court's Scheduling Order, the parties exchanged expert reports on February 28, 2006 and rebuttal reports on March 31, 2006. (Sched. Order, ¶ 2(c)(1)). In accordance with the Scheduling Order, plaintiff's damages expert Larry W. Evans ("Evans") submitted an Expert Report dated February 28, 2006 on the subject of damages in this case. (Attached as Exhibit 1). Two months later, Evans submitted a Supplemental Expert Report dated April 24, 2006. (Attached as Exhibit 2). Evans was deposed on May 10, 2006, and expert discovery closed on May 12, 2006. (Sched. Order, in ¶ 2(c)(1)).

The Limited Defendants' herein move to exclude expert testimony of Evans specifically as it relates to (1) substantive areas of patent law, (2) the substance and applicability of case law, and (3) scientific or technical subject matter in this case. Plaintiff has not established that Evans is qualified to testify as to these opinions, and such testimony impermissibly invades the Judge's role in instructing the jury as to the law of the case. This testimony should be excluded.

As set forth in his Expert Report, Evans purports to provide expert opinions for LPM on damages. (Ex. 1, ¶ 1). However, throughout the report, Evans opines on substantive areas of the patent law, and renders legal opinions as to the substance and applicability of the decision in *Maxwell v. Baker*, 86 F.3d 1098 (Fed. Cir. 1996) to the

present case. Such "legal" opinions constitute impermissible testimony and should be excluded. Evans Expert Report also renders baseless conclusion as to certain technical subject matter of this case – for example, Evans "belief that the '062 patent is fundamental." Such an opinion violates F.R.E. 702 because it is pure speculation. Moreover, LPM has not established that Evans is qualified to render such an opinion.

### Statement of Facts

As set forth in his reports, Evans purports to give testimony on substantive areas of patent law, the substance of the case law, and even the technical subject matter in this case. (See, e.g., Ex. 1, ¶¶ 21, 23, 27-28, 33, and 36). Evans states that he was engaged by counsel for LPM as a "damages" expert "to provide an expert opinion, with supporting analyses, on the subject of damages" (See Ex. 1, ¶ 1), yet his report is rife with baseless legal opinions on the substance of case law, as well as unfounded claims about the technical subject matter of the patent-in-suit. (See Ex. 1, ¶ 1). (See, e.g., Ex. 1, ¶¶ 21, 23, 27-28, 33, and 36)

Specifically, Evans opines on the substance, relevance and applicability of the *Maxwell* case in presenting his opinions on a reasonable royalty rate. Indeed, Evans sole basis for doubling his proposed reasonable royalty is his misguided reliance on *Maxwell*. (Evans Report, ¶¶ 33 and 36.); s*ee Maxwell*, 86 F.3d 1098. Evans asserts that in *Maxwell*:

> the District Court instructed the jury to answer two separate questions as to the amount of the reasonable royalty damages awarded. The first asked for the jury to determine a reasonable royalty for the infringement, and the second asked for the amount of additional damages suffered by the patentee, i.e., a "surcharge" for the infringement. The jury determined the reasonable royalty as "X%" and the total damages, i.e., the "reasonable royalty" plus the

> "surcharge", as "2 times X%". The Federal Circuit affirmed the decision, i.e., the reasonable-ness of the instruction. In other words, the Federal Circuit affirmed the conclusion that in a hypothetical negotiation between a patentee and a presumed infringer, the added leverage of the patentee could double the reasonable royalty which would have been negotiated at arms' length between truly willing parties. In the present case, if it is assumed that a "reasonable royalty" is from 3-6%, the hypothetically negotiated royalty would be from 6-12%.

(Ex. 1, ¶ 36). This is purely impermissible legal advocacy.

In addition to this legal advocacy regarding *Maxwell*, Evans' opines as to other areas of substantive patent law – for example, the rights granted in a patent (see, e.g., Ex. 1, ¶ 21). Again, such opinions amount to nothing more than impermissible legal argument.

Evans' also opines on certain aspects of the "technical" subject matter involved in this case (see, e.g., ¶ 27-28). Specifically, Evans' purports to testify as to the scope of the patent claims, the advantages of the patented composition, and the scope and nature of the '062 patent to the manufacture and sale of skin cleansing compositions. However, LPM has not established that Evans is qualified to render such opinions, which are based on pure speculation.

**Argument**

A.   <u>The Standard for Admissibility of Expert Testimony</u>

Federal Rule of Evidence 702 governs the admissibility of expert testimony. *Izumi Products Co. v. Koninklijke Philips Electronics N.V.*, 315 F.Supp.2d 589, 600 (D. Del. 2004). Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert

>    by knowledge, skill, experience, training, or education,
>    may testify thereto in the form of an opinion or otherwise,
>    if (1) the testimony is based upon sufficient facts or data,
>    (2) the testimony is the product of reliable principles and
>    methods, and (3) the witness has applied the principles and
>    methods reliably to the facts of the case.

Rule 702 "clearly contemplates some degree of regulation of the subjects and theories about which an expert may testify." *Id.; see Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

The "proposed testimony must be supported by appropriate validation – i.e., 'good grounds,' based on what is known." *Daubert*, 509 U.S. at 590. The requirement that an expert's testimony pertain to "scientific knowledge" establishes a standard of evidentiary reliability. *Id.* The proffered expert testimony must also "assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* at 591. The Third Circuit has construed Rule 702 to embody "three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability and fit." *Izumi Products*, 315 F.Supp.2d at 600.

Rule 702 requires examination of the method used by the expert in reaching his/her conclusions or opinions. *Daubert*, 509 U.S. at 594-595. An expert's opinion is reliable if it is not based on his "subjective belief or unsupported speculation." *State Farm Fire and Casualty Co. v. Holmes Products*, 165 Fed. Appx. 182 (3d Cir. 2006). "The expert must have 'good grounds' for his or her belief." *Izumi Products*, 315 F.Supp.2d at 600. The judge has considerable leeway in evaluating reliability and can consider the "specific factors identified in *Daubert* where they are reasonable measures of the reliability of expert testimony." *Izumi Products*, 315 F.Supp.2d at 601.

The proffered testimony must also "fit" the case – it must be relevant and it must assist the trier of fact. *Id.* This requirement applies to each step in an expert's analysis, including the step that connects the work of the expert to the particular case. *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 744 (3d Cir. 1994) ("Paoli II"). "Any step that renders the analysis unreliable under the *Daubert* factors renders the expert's testimony inadmissible." *Id.*, at 745.

The trial judge acts as the gatekeeper to ensure that all expert testimony admitted meets the requirements of qualification, reliability and fitness. *Daubert*, 509 U.S. at 597; *O'Connell v. LeBloch*, 2000 Del. Super. LEXIS 128, *8 (Sup. Ct. 2000) (Attached as Exhibit 3). "The trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific or specialized knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Izumi Products*, 315 F.Supp.2d at 601 (*quoting Daubert*, 509 U.S. at 597). The judge must conduct a preliminary assessment to ensure the expert's testimony fulfills these three requirements. *Id*. The party proffering the expert testimony must prove by a preponderance of the evidence that the opinion testimony is reliable. *Id.*; *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000).

B.      <u>Evans' Testimony on the Substance and Applicability of Case Law or Substantive Areas of the Patent Law Should be Excluded Because It Invades the Judge's Role in Instructing the Jury on the Applicable Law</u>

Evans' testimony opining as to the substance and applicability of *Maxwell v. Baker* and other substantive areas of patent law should be excluded because such testimony amounts to nothing more than impermissible legal advocacy. *See Izumi Products*, 315 F.Supp.2d at 601. Such testimony relates to issues of damages that are

properly included in jury instructions – not part of an expert's testimony. *See Maxwell v. Baker*, 86 F.3d at 1108; *Revlon Consumer Products Corp. v. L'Oreal S.A.*, 1997 U.S. Dist. LEXIS 4117, *6-7 (D. Del.)(*quoting United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991) ("it is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury…") (Attached as Exhibit 4). Such testimony on patent law and legal analysis should be excluded under Rule 702 because it is impermissible testimony. *Revlon*, 1997 U.S. Dist. LEXIS 4117, *6; *see also Cryovac Inc. v. Pechiney Plastic Pkg.*, 2006 U.S. Dist. LEXIS 27099, *48-49 (D. Del.) (Attached as Exhibit 5). Legal opinion and testimony is not the type of "specialized knowledge" contemplated by Rule 702. This Court has held that expert "testimony on substantive areas of patent or contract law is impermissible". *Cryovac,* 2006 U.S. Dist. LEXIS 27099 at *48. Despite this, Evans repeatedly interprets and renders conclusions of certain case law in his reports. (see, e.g., Ex. 1, ¶¶ 21, 23, 27-28, 33, and 36).

For example, Evans' relies on *Maxwell* in support of his opinions for doubling his actual proposed reasonable royalty rate. (Ex. 1, ¶ 33). Evans also presents the methodology of the hypothetical negotiation as if it reads directly from a Federal Circuit opinion. (Ex. 1, ¶ 23). Evans' quotes by Judge Markey and citation to several cases (see, e.g., Ex. 1, ¶ 23) are not facts relied upon by damages experts, and amount to impermissible legal advocacy. *Cryovac,* 2006 U.S. Dist. LEXIS 27099 at *48.

Legal arguments are more appropriate for an attorney's brief regarding proposed jury instructions. Evans' proposed testimony improperly includes legal analysis and conclusions in an attempt to make his damages opinion appear more

credible to the trier of fact. However, an expert is permitted to provide scientific or specialized knowledge only if it will assist the trier of fact. *Daubert*, 509 U.S. at 591. It is possible for Evans to present the methodology of the hypothetical negotiation without using misplaced legal argument. In *Cryovac*, Evans' testimony was limited to what the damages award should be -- he was not "permitted to advocate legal positions …by opining on the substance of case law". *Cryovac*, 2006 U.S. Dist. LEXIS 27099 at *49. It follows that Evans' testimony in this case should also be limited by excluding any testimony that is nothing more than legal advocacy.

Evans proposed testimony regarding *Maxwell* and other substantive areas of the patent law is improper because it is impermissibly advocating legal positions by opining on the substance of case law, and should be excluded.

C.  Evans' Testimony Regarding Substantive Areas of Patent Law and Technical Subject Matter of This Case Should Be Excluded Because Such Testimony is Pure Speculation and Because LPM Has Not Established that Evans Is Qualified to Give Such Testimony

LPM bears the burden of establishing that Evans is qualified to testify regarding each of the opinions he intends to offer in this case. General expertise in the field of patent law, and experience providing opinion testimony in litigation involving patents or technology does not necessarily qualify him to provide all of the opinions he intends to offer in this case. LPM must establish that Evans is qualified to render each opinion he intends to testify to in this case. Here, LPM has done nothing to establish that Evans is qualified to testify to substantive areas of patent law, on the substance of case law (both impermissible for other reasons as set forth herein), or even on the technical subject matter of this case (cleaning compositions).

Moreover, Evans' words alone demonstrate that his opinions as to the technical subject matter are pure speculation (e.g., where he states that it is his "belief that the '062 is fundamental"). (See Ex. 1, ¶ 27-28).  No basis or scientific methodology is provided for arriving at such baseless conclusions.  Such an opinion violates F.R.E. 702 because it is pure speculation.

## Conclusion

Mr. Evans' testimony and reports as they relate to substantive areas of patent law, and the technical subject matter in this case should be excluded because they constitute impermissible legal opinions, or are purely speculative and not based on any scientific methodology.  The Limited Defendants therefore respectfully request that the Court exclude Mr. Evans' testimony and expert reports from the evidence at trial to the extent that they relate to the advocacy of legal opinions, the substance of case law, and/or the technical subject matter in this case.

Respectfully submitted,

FOX ROTHSCHILD LLP

Dated:  June 22, 2006

By:   /s/ Francis G.X. Pileggi
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
Fox Rothschild, LLP
Suite 1300
919 North Market Street
Wilmington, Delaware  19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward

David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York  10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath and Body Works, Inc.
Limited Brands, Inc