IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 04-1507 (SLR) |
| BATH & BODY WORKS, INC.; LIMITED | ) |
| BRANDS, INC.; KAO BRANDS CO. | ) |
| (f/k/a THE ANDREW JERGENS | ) |
| COMPANY); and KAO CORPORATION, | ) |
| | ) |
| Defendants. | ) |

### KBC'S OPENING CLAIM CONSTRUCTION BRIEF

OF COUNSEL:

Arthur I. Neustadt
Stephen G. Baxter
Richard L. Chinn
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000
Fax: (703) 413-2220

Dated: June 29, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Kao Brands Co.*

Pursuant to paragraph 7 of the Court's June 8, 2005 Scheduling Order, defendant Kao Brands Co. ("KBC") submits its opening claim construction brief.

## INTRODUCTION

Paragraph 7 specifically provides that "[i]ssues of claim construction shall be considered by the Court in conjunction with the summary judgment motions." The Federal Circuit has recently emphasized that claim construction is best done with knowledge of the accused products.

> In addition, this record on appeal *does not supply any meaningful comparison of the accused products to the asserted claims*. Without knowledge of the accused products, this court cannot assess the accuracy of the infringement judgment under review *and lacks a proper context for an accurate claim construction*. "While a trial court should certainly not prejudge the ultimate infringement analysis by construing claims with an aim to include or exclude an accused product or process, *knowledge of that product or process provides meaningful context for the first step of the infringement analysis, claim construction.*" [citing cases] *Without the vital contextual knowledge of the accused products or processes*, this appeal takes on the attributes of something akin to an advisory opinion on the scope of the '982 patent. The problems with such an appeal, even if within this court's jurisdiction, have been noted in many of the court's prior cases. [citing cases]

*Lava Trading Inc. v. Sonic Trading Management LLC*, 78 USPQ2d 1624, 1625 (Fed. Cir. 2006), emphasis added.

The LPM-KBC claim construction involves only two terms, i.e., "skin cleaning composition" (claim 6) and "orange oil" (claims 6 and 9). Claim 9 is similar to claim 6 with respect to "skin cleaning composition" but instead recites "cleaning composition for use on human skin."

## "Orange Oil"

Turning first to the term "orange oil" and as set forth in detail in KBC's motions for summary judgment of non-infringement and invalidity based upon lack of written description filed herewith, the specification of the '062 patent in suit plainly provides that the orange oil percentage (by volume) in the skin cleaning composition must be at least 5%.

> From these tests, Applicants concluded that, with respect to cosmetics [the easiest to clean], a composition according to the present invention could have as little as 5% by volume of orange oil although it was preferable to have a cleaning composition having at least 25% by volume of orange oil. Col. 6, ll. 56-61.

Although the accused products include orange oil, they only include a miniscule amount, far less than even 1% of the accused composition.

Based upon the fact that the specification plainly provides that the orange oil percentage must be at least 5% to obtain satisfactory cleaning, the term "orange oil" in claims 6 and 9 should be construed to mean at least 5% by volume of orange oil.

2

## "Skin Cleaning Composition"

The construction of the term "skin cleaning composition" is best done with reference to the accused products. As set forth in KBC's motions for summary judgment of non-infringement and lack of written description, the primary accused product is not a skin cleaning composition but, rather, is a moisturizing lotion for extra dry skin.

LPM's suggested construction which tries to be vague enough to encompass a moisturizing lotion is a "composition that has an effect of treating unwanted substances so that the unwanted substance is easier to remove from the skin."

KBC's suggested construction -- "a skin cleaning compound suitable for cleaning non-water soluble products such as grease, caulking, adhesives, sealants, tar, oils, ink, cosmetics and the like" -- which would exclude a moisturizing lotion, is primarily taken from the '062 specification.

> Another object of the present invention is to provide a skin cleaning compound suitable for cleaning non-water soluble products such as grease, caulking, adhesives, sealants, tar, oils, ink and the like." Col. 2, ll. 12-15.

KBC has added the term "cosmetics" to this definition in the specification since the examples include testing of cosmetics and since the 5% restriction set forth in the specification refers to cosmetics which were the easiest substance to clean. As set forth in KBC's motions for summary judgment of non-infringement and lack of written description, the other substances to be cleaned listed above required a greater orange oil percentage.

It is submitted that KBC's suggested construction which is primarily a quote from the specification is the preferred construction. However, the real dispute with respect to this claim term is whether it includes a moisturizing lotion.

3

## CONCLUSION

For the reasons noted above, the term "orange oil" should be construed to include the 5% restriction set forth in the specification and the term "skin cleaning composition" should be construed so as to not include a moisturizing lotion for extra dry skin.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt
Stephen G. Baxter
Richard L. Chinn
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000
Fax: (703) 413-2220

Dated: June 29, 2006

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Kao Brands Co.*

739118

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 29, 2006, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE 19801

Francis G.X. Pileggi
Fox Rothschild LLP
919 Market Street
Suite 1300
Wilmington, DE 19801

I hereby certify that on June 29, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
rjschutz@rkmc.com

John F. Ward
Ward & Olivo
382 Springfield Avenue
Summit, NJ 07901
wardj@wardolivo.com

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, NW
Washington, DC 20006
raauchter@rkmc.com
jrburatti@rkmc.com

By:   /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

673089