IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) C.A. No. 04-1507 (SLR) | |
| BATH & BODY WORKS, INC.; LIMITED ) | |
| BRANDS, INC.; KAO BRANDS CO. ) | |
| (f/k/a THE ANDREW JERGENS ) | |
| COMPANY); and KAO CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**KBC'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT OF INVALIDITY
BASED UPON A SUBSEQUENT BOARD DECISION**

OF COUNSEL:

Arthur I. Neustadt
Stephen G. Baxter
Richard L. Chinn
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000
Fax: (703) 413-2220

Dated: June 29, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Kao Brands Co.*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES .................................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS ....................................................................... 1

SUMMARY OF ARGUMENT ............................................................................................... 1

CONCISE STATEMENT OF FACTs ..................................................................................... 1

    The '062 Patent .................................................................................................................. 1

    The CIP Application .......................................................................................................... 2

    The Examination of the CIP Application .......................................................................... 5

    The Board's Prior Art Rejection of Claim 25 in the CIP Application ............................... 5

ARGUMENT ........................................................................................................................... 8

    Standard for Summary Judgment ...................................................................................... 8

    The Board Decision Constitutes Clear and Convincing Evidence of the
    Unpatentability of the Subject Matter of Claims 6 and 9 of the '062 Patent .................... 8

    There Is No Genuine Issue As to Any Material Fact and KBC Is Entitled
    To Judgment As a Matter of Law ................................................................................... 10

CONCLUSION ...................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

*Cases*

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................................... 8

*Becton Dickinson and Co. v. C.R. Bard, Inc.*,
  922 F.2d 792 (Fed. Cir. 1990) ............................................................................... 8

*Medichem S.A. v. Rolabo, S.L.*,
  437 F.3d 1157 (Fed. Cir. 2006) ............................................................................. 9

*Richardson-Vicks Inc. v. The Upjohn Co.*,
  122 F.3d 1476 (Fed. Cir. 1997) ........................................................................... 11

*Rules*

Fed. R. Civ. P. 56 ....................................................................................................... 8

Fed. R. Civ. P. 56(c) .................................................................................................. 8

Fed. R. Civ. P. 56(e) .................................................................................................. 8

*Statutes*

35 U.S.C. § 103 .......................................................................................................... 6

35 U.S.C. §112 ........................................................................................................... 1

35 U.S.C. §282 ........................................................................................................... 9

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff LP Matthews, L.L.P. ("LPM") filed its complaint for patent infringement on December 8, 2004 (D.I. 1), fact discovery and expert discovery have been completed and motions for summary judgment are due on June 29.

## SUMMARY OF ARGUMENT

The '062 patent in suit entitled CLEANING COMPOSITIONS WITH ORANGE OIL claims a skin cleaning composition comprising *orange oil*, a *moisturizer*, *oatmeal* and an appropriate *pH*. The patentee filed a continuation-in-part (CIP) application directed to the use of this composition to treat skin conditions such as sunburn and acne. The examiner rejected the CIP application under 35 U.S.C. §112 but did not reject it over prior art. The patentee appealed the §112 rejection to the Board of Appeals. The Board questioned the adequacy of the examiner's prior art search, uncovered significant prior art on its own and entered its own prior art rejection. In doing so, the Board held that the prior art disclosed a skin cleaning composition which included *orange oil*, a *moisturizer*, *oatmeal* and an appropriate *pH*, the precise subject matter of the '062 patent claims. Thus, the Board's prior art rejection is equally applicable to asserted claims 6 and 9 of the '062 patent and constitutes clear and convincing evidence of the unpatentability of the subject matter of these claims.

## CONCISE STATEMENT OF FACTS

### The '062 Patent

The '062 patent (Exhibit A hereto) is directed to "a skin cleaning compound suitable for cleaning non-water soluble products such as grease, caulking, adhesives, sealants, tar, oils, ink and the like." Col. 2, ll. 12-15.

Only claims 6 and 9 are asserted to be infringed. Claim 9 is directed to a skin cleaning composition comprising *orange oil*, *oatmeal* and a *moisturizer*.

> 9. A cleaning composition for use on human skin comprising forty-five percent (45%) or less by volume of *orange oil*, forty-five percent (45%) or less by volume of *oatmeal* and a pharmaceutically acceptable *moisturizer*.

Emphasis added.

Claim 6 is like claim 9 except that the oatmeal is more broadly described as "an oat grain derivative product as an emulsifying agent" and "a pH within a range of 4.5 to 6.0" is specified.

> 6. A skin cleaning composition for external use on human tissues, comprising *orange oil*, a pharmaceutically acceptable *moisturizer* for human skin and an *oat grain derivative product* as an emulsifying agent, wherein said composition has a *pH* within a range of 4.5 to 6.0, inclusively.

Emphasis added.

### The CIP Application

The Board decision in the CIP application is Exhibit 1 to the Chinn declaration filed herewith. Footnote 1 of the Board's decision identifies the appealed application as a CIP of the application which issued as the '062 patent.

As set forth at page 1 of the Board's decision, the '062 patentee appealed the final rejection of claims 1-3, 5-21 and 25 of the CIP application. The Board regarded claims 1, 17 and 25 as illustrative. These claims are set forth at page 2 of the Board's decision.

Claim 1 was directed to "[a] method of externally treating human skin" by applying to the skin a composition comprising *orange oil*, a *moisturizer* and an emulsifying agent in the form of *a grain based derivative*.

2

> 1. A method of externally treating human skin including the steps of:
>
> applying to said skin a composition having a first ingredient being between five percent (5%) and sixty percent (60%) by volume of *orange oil*, a second ingredient being a pharmaceutically acceptable *moisturizer* for human skin including a plant material such as plant oils and plant extract and a third ingredient being an emulsifying agent in the form *of a grain based derivative*.

*Id.* at 2, emphasis added.

Claim 17 was directed to "[a] method for treating acne on human skin" by applying a composition including *orange oil*, an emulsifying agent in the form of *a grain based derivative* and a *moisturizer*.

> 17. A method for treating acne on human skin comprising the step of applying a composition including forty-five percent (45%) or less by volume of *orange oil*, forty-five percent (45%) or less by volume of an emulsifying agent in the form of *a grain based derivative*, and a pharmaceutically acceptable *moisturizer* including plant material such as plant oils and plant extract to said acne on the human skin.

*Id.*, emphasis added.

Claim 25 was directed to "[a] cleaning product" comprising a towelette impregnated with a cleaning composition comprising *orange oil*, a *moisturizer* and a grain based emulsifying agent in the form of an *oat grain based derivative product*.

> 25. A cleaning product comprising a towellet [sic] formed of an absorbent material, said towellet [sic] being impregnated with a cleaning composition and hermetically sealed in a packet member wherein said cleaning composition comprises a first ingredient being between five percent (5%) and sixty percent (60%) by volume of *orange oil*, a second ingredient begin a pharmaceutically acceptable *moisturizer* including a plant material such as plant oils and plant extract, for human skin and a third ingredient being a grain based emulsifying agent in the form of an *oat grain based derivative product*.

*Id.*, emphasis added.

3

As is apparent, claim 25 of the CIP application is substantively the same as claims 6 and 9 of the '062 patent in that each recite *a skin cleaning composition* comprising *orange oil*, a *moisturizer* and an *oat grain derivative product* as an emulsifying agent. The only differences are the towelette recited in claim 25 of the CIP application which is impregnated with the cleaning composition and the pH range (4.5 to 6.0) recited in claim 6 of the '062 patent. Although the Board in its decision had no occasion to compare claims 6 and 9 of the '062 patent with claim 25 of the CIP application, the Board in its decision specifically held that the two minor differences noted above were insignificant.

As to the towelette, the Board noted in its rejection of claim 25 of the CIP application "the well known fact that skin care compositions were conventionally impregnated on a soft cloth towelette and hermetically sealed in [a] packet member." Exhibit *id.* at 12.

As to the 4.5 to 6.0 pH range, the Board specifically rejected claims 5 and 6 of the CIP application which recited this pH range on the basis that "skin care compositions should be adjusted to have a pH approximate to that of normal skin." *Id.* at 11 ("In regard to the requirements of claims 5 and 6 that the resulting composition have a pH range of between 4.5 to 6.0, optionally through use of a buffering compound, we point to the disclosure in [prior art] PDR 1969 that skin care compositions should be adjusted to have a pH approximate to that of normal skin.")

Thus, claim 25 of the CIP application and claims 6 and 9 of the '062 patent are directed to the very same subject matter, a *cleaning composition* comprising *orange oil*, a *moisturizer* and an *oat grain derivative product* (or *oatmeal*).

4

**The Examination of the CIP Application**

The Board was concerned that the examiner had not rejected such well known subject matter as unpatentable over the prior art, stating "[i]t does not appear that the examiner sought to determine whether any of the specific components used in the compositions in the claimed methods and products were used either individually or in combination with other ingredients for the purpose of treating human skin or any of the specific conditions set forth in the claims." The Board further held that, although it "has not undertaken a complete independent search of the subject matter on appeal," it "uncovered significant prior art" with only "a brief consultation of standard reference texts."

> *It does not appear that the examiner sought to determine whether any of the specific components used in the compositions in the claimed methods and products were used either individually or in combination with other ingredients for the purpose of treating human skin or any of the specific conditions set forth in the claims.* As is apparent from a reading of the specification, a key aspect of the present invention is the use of oatmeal to treat human skin. The examiner's search of the single subclass apparently did not result in any relevant prior art regarding the use of oatmeal in treating human skin. This merits panel has not undertaken a complete independent search of the subject matter on appeal. This is the examiner's responsibility in the first instance. *However, a brief consultation of standard reference texts such as the Physician's Desk Reference readily uncovered significant prior art regarding the use of oatmeal in skin care products.*

*Id.* at 6, emphasis added.

**The Board's Prior Art Rejection of Claim 25 in the CIP Application**

As previously noted, claims 1 and 17 of the CIP application were directed to a method for "treating" human skin whereas claim 25 was directed to a "cleaning product." The Board had little difficulty in applying the prior art used to reject claims 1 and 17 to

5

claim 25 since the prior art orange oil references (Coleman and Dellutri) were directed to a "hand cleaner." *Id.* at 9.

The Board rejected claim 25 as follows.

> Claim 25 is rejected under 35 U.S.C. § 103. As evidence of obviousness, we rely upon Coleman, Dellutri, and PDR 1969 as applied above, and PDR 1989.
>
> We held above that Coleman, Dellutri, and PDR 1969 would have suggested to one of ordinary skill in the art a skin treating composition which comprises *orange oil, aloe vera extract* [a moisturizer], and *oatmeal*. Claim 25 is directed to a cleaning product which comprises a towelette formed of an absorbent material being impregnated with such a cleaning composition. We rely upon PDR 1989 only for its disclosure of the well known fact that skin care compositions were conventionally impregnated on a soft cloth towelette and hermetically sealed in packet member at the time of the present invention.
>
> Thus, on the basis of these four references together, we hold that the subject matter of claim 25 would have been obvious to one of ordinary skill in the art.

*Id.* at 12, emphasis added.

As held by the Board, the prior art Coleman publication describes the use of d-limonene obtained from citrus oils, such as *orange oil*, as a hand cleaner in combination with a *moisturizer*.

> *Coleman describes the use of d-limonene obtained from citrus oils, such as orange oil, as a hand cleaner.* As seen from the formulation set forth on page 24 of Coleman, *emollients or moisturizers* such as stearic acid, oleic acid, and lanolin *are conventionally used in combination with d-limonene.* As seen in the paragraph which bridges pages 24-25 of the reference, *citrus oil-containing compositions were preferred because they cause less skin irritation and had a pleasant odor.*

*Id.* at 9, emphasis added.

6

Similarly, the Board also held that the prior art Dellutri patent also describes cleaning agents that can be used as a hand cleaner which include d-limonene obtained from orange oil in combination with the moisturizer aloe vera extract.

> *Dellutri also describes cleaning agents that can be used as a hand cleaner which include d-limonene obtained from orange oil ... Also note that aloe vera extract may be used as an optional ingredient.* See column 3, lines 23-38 of the reference. As set forth in this portion of the reference, the aloe vera extract serves to protect the user's hands and reduces the risk of irritation.

*Id.*, emphasis added.

As to the use of oatmeal in the claimed composition, the Board held that "colloidal oatmeal has long been used to treat skin in general" and "is a well-known additive in skin care compositions to provide relief from itching and irritation." *Id* at 10. Thus, the Board concluded that it would have been obvious to combine *orange oil*, a *moisturizer* (aloe vera extract) and (colloidal) *oatmeal*.

> On the basis of combined disclosures of these three references, *we hold that one of ordinary skill in the art would have found it obvious* to treat human skin with a composition which comprises *orange oil, aloe vera extract,* and *colloidal oatmeal*. As seen from Dellutri, the hypothetical person of ordinary skill in the art would have understood that such compositions should have a high volume percentage of *orange oil. That hypothetical person would have fully understood and expected at the time of the present invention that treating human skin with a composition which comprises orange oil, aloe vera extract, and colloidal oatmeal would be soothing and help alleviate itching and irritation.* Specifically, the hypothetical person would have found it obvious to use such a composition to treat damaged skin as claimed including skin which has been burned, acne, rashes, and poison ivy.

*Id.* at 10-11, emphasis added.

The CIP application was later abandoned. Exhibit 2 to the Chinn declaration filed herewith.

7

## ARGUMENT

### Standard for Summary Judgment

Rule 56(c), Fed. R. Civ. P., provides that "[t]he judgment sought shall be rendered forthwith if [the evidentiary materials upon which the motion is based] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(e) provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial" and "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

The Supreme Court in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) held that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" and, "[i]f the evidence is merely colorable [citation omitted] or is not significantly probative [citation omitted], summary judgment may be granted." *Id.* at 249-250.

The Federal Circuit in *Becton Dickinson and Co. v. C.R. Bard, Inc.*, 922 F.2d 792 (Fed. Cir. 1990) held that "the grant of summary judgment under Fed. R. Civ. P. 56 [footnote omitted] is appropriate in a patent case where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Id.* at 795.

### The Board Decision Constitutes Clear and Convincing Evidence of the Unpatentability of the Subject Matter of Claims 6 and 9 of the '062 Patent

Claims 6 and 9 of the '062 patent and rejected claim 25 of the CIP application are substantively the same. The Board held that the examination of the CIP application was

8

deficient because the prior art was not adequately searched and the examiner did not seek to determine whether the components used in the composition of the claimed product were used either individually or in combination in the prior art to treat or clean human skin. The Board's comments with respect to the critical deficiencies in the examination of the CIP application are equally applicable to the examination of the application which issued as the '062 patent. These deficiencies resulted in the issuance of claims 6 and 9 directed to subject matter that the Board found to be unpatentable in the CIP application. The Board's decision is strong evidence of unpatentability. As held by the Federal Circuit in *Medichem S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1163 (Fed. Cir. 2006), although a Board decision is not controlling, "Board decisions nevertheless represent the views of a panel of specialists in the area of patent law." In this case, the Board specifically held on the basis of uncontrovertable facts that a skin cleaning composition comprised of *orange oil*, a *moisturizer* and *oatmeal* would have been obvious in view of the prior art.

Although claims 6 and 9 of the '062 patent carry with them the presumption that the examiner properly allowed these claims (35 U.S.C. §282), this presumption is a rebuttable one and, in this case, is convincingly rebutted by the Board's decision. Rejected claim 25 of the CIP application recites a "*cleaning composition*" which comprises "*orange oil*," "a pharmaceutically acceptable *moisturizer*" and "a grain based emulsifying agent in the form of an *oat grain based derivative product*." Emphasis added. Likewise, claim 6 recites a "*cleaning composition*" comprising "*orange oil*," "a pharmaceutically acceptable *moisturizer*" and "an *oat grain derivative product* as an emulsifying agent." Emphasis added. Similarly, claim 9 recites a "*cleaning composition*," comprising "*orange oil*," "a pharmaceutically acceptable *moisturizer*" and

9

"*oatmeal*" (an oat grain derivative product). Emphasis added. Thus, the new ground of rejection of claim 25 by the Board as unpatentable over the prior art is equally applicable to the subject matter of claims 6 and 9 of the '062 patent. That claim 6 of the '062 patent also recites "a pH within a range of 4.5 to 6.0" is of little moment since the Board held that claims 5 and 6 of the CIP application reciting such a limitation were met by the prior art because "skin care compositions should be adjusted to have a pH approximate to that of normal skin." Exhibit 1 to the Chinn declaration at 11.

The Board's rejection of claim 25 on uncontroverted facts is essentially undisputable. Both Coleman and Dellutri disclose the use of *orange oil* as a hand cleaner. Similarly, both Coleman and Dellutri disclose the use of a *moisturizer* with orange oil apart from the fact that there is nothing unusual or unobvious about including a moisturizer in a hand cleaner to moisturize as well as to clean. PDR 1969 was cited by the Board to show that colloidal oatmeal has long been used to treat skin and is a well-known additive in skin care compositions to provide relief from itching and irritation. Plainly, and as held by the Board, it would not have been unusual or unobvious to include colloidal oatmeal in a hand cleaner to provide this benefit.

### There Is No Genuine Issue As to Any Material Fact and KBC Is Entitled To Judgment As a Matter of Law

There can be little doubt that this case is appropriate for summary judgment. As is apparent from the Board's decision, even though the examiner did not reject the claims over prior art, the Board saw that the claims were directed to well known subject matter and should have been rejected as unpatentable over prior art. Further, the Board had little difficulty in finding such prior art. Nor is the subject matter of the '062 patent complex or difficult to understand. The invention is directed to a skin cleaning composition

10

having orange oil, a moisturizer and oatmeal, each a well known constituent for a skin cleaning composition. The Board found with little difficulty two references (Coleman and Dellutri) directed to a hand cleaner with both orange oil and a moisturizer and simply consulted the PDR (Physician's Desk Reference) where it "readily uncovered significant prior art regarding the use of oatmeal in skin care products." *Id.* at 6 (oatmeal) and 9 (Coleman and Dellutri).

A pertinent case that such an issue is a matter of law rather than a factual issue is the Federal Circuit's decision in *Richardson-Vicks Inc. v. The Upjohn Co.*, 122 F.3d 1476 (Fed. Cir. 1997). In *Richardson*, as in the case at bar, the invention was directed to combining well known substances to take advantage of their known characteristics. More particularly, in *Richardson*, the patent was directed to "an over-the-counter ("OTC") medicine that combines, in various ratios, two well-known ingredients, the analgesic ibuprofen and the decongestant pseudoephedrine." *Id.* at 1477. The jury rejected the contention that the combination would have been obvious. *Id.* The district court (this Court) granted JMOL. *Id.* The Federal Circuit affirmed. *Id.*

The case at bar is even stronger for the grant of summary judgment than that in *Richardson* where there were unexpected results and commercial success. *Id.* at 1484 ("The unexpected results and commercial success of the claimed invention, although supported by substantial evidence, do not overcome the clear and convincing evidence that the subject matter sought to be patented is obvious."). This case is also stronger for summary judgment than *Richardson* since this case includes a Board decision in a continuing application that the claimed subject matter was well known and, accordingly, unpatentable over the prior art.

11

Thus, there is no genuine issue as to material fact and, accordingly, entry of summary judgment is appropriate.

## CONCLUSION

For the foregoing reasons, the subject matter of claims 6 and 9 of the '062 patent is unpatentable. Accordingly, summary judgment of invalidity is appropriate and should be entered.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt
Stephen G. Baxter
Richard L. Chinn
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000
Fax: (703) 413-2220

Dated: June 29, 2006

By: /s/ David E. Moore
　　Richard L. Horwitz (#2246)
　　David E. Moore (#3983)
　　Hercules Plaza, 6th Floor
　　1313 N. Market Street
　　P.O. Box 951
　　Wilmington, DE 19899-0951
　　Tel.: (302) 984-6000
　　rhorwitz@potteranderson.com
　　dmoore@potteranderson.com

*Attorneys for Defendants Kao Brands Co.*

739120

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 29, 2006, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE 19801

Francis G.X. Pileggi
Fox Rothschild LLP
919 Market Street
Suite 1300
Wilmington, DE 19801

I hereby certify that on June 29, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
rjschutz@rkmc.com

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, NW
Washington, DC 20006
raauchter@rkmc.com
jrburatti@rkmc.com

John F. Ward
Ward & Olivo
382 Springfield Avenue
Summit, NJ 07901
wardj@wardolivo.com

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

673089