# **EXHIBIT D**



UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/413,395 | 09/27/89 | GREENSPAN | 1286 |

TIMOTHY J. MARTIN
44 UNION BLVD., STE. 620
LAKEWOOD, CO 80228

| EXAMINER |
|---|
| SPEAR, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 152 | 4 |

DATE MAILED: 06/18/90

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined   ☐ Responsive to communication filed on _____   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133.

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims __1-18__ are pending in the application.

    Of the above, claims __16-18__ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims __1-15__ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

EXAMINER'S ACTION

PTOL-326 (Rev.9-89)

LPM 000177

Serial No. 413,395 -2-

Art Unit 152

This action is in response to the election with traverse of claims 1-15 submitted May 17, 1990 by Timothy J. Martin. The applicants' arguments have been considered but they are not deemed to be persuasive.

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) and (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

Claim 1 is rejected under 35 U.S.C. 103 as being unpatentable over Coleman, The Citrus Industry Pub., November 1975.

Coleman shows a lotion hand cleaner comprising approximately 57% d-limonene, moisturizer (lanolin) and emulsifying agents (Arlacel and Tween). Although distilled citrus oil (94% d-limonene) is used it would be obvious to use orange oil, if it were not the source in this case. Page 24-25.

Claim 2 is rejected under 35 U.S.C. 103 as being

LPM 000178

Serial No. 413,395                                              -3-

Art Unit 152

unpatentable over Coleman as applied to claim 1 above, and further in view of Dellutri US 4,620,937.

Dellutri shows a skin cleaner comprising d-limonene and further comprising aloe vera. To use aloe vera in the Coleman invention would be obvious since both inventors teach hand cleaners of similar compositions containing moisturizers. Col. 1, lines 60-65. Col. 3, lines 23-28.

Claims 3-7; 9-15 are rejected under 35 U.S.C. 103 as being unpatentable over Coleman and Dellutri as applied to claim 2 above, and further in view of Juliano et al US 4,014,995.

Juliano for claim 3 shows compositions for use on the skin containing oat flour. Juliano further shows oat flour as an emulsifier. Col. 1, lines 34-40. Col. 3, lines 16-25. To use the oat flour in the invention described above would be obvious in as much as the use of emulsifiers is a well recognized art. Nothing unobvious is seen by using oatmeal in claim 4, since oatmeal by definition is ground oats of a larger particle size than flour.

For claim 5 both Dellutri and Juliano teach compositions having a ph of 5.5. Juliano col. 2, lines 3-13, col. 3, lines 5-15. Dellurti col. 3, lines 52-59.

LPM 000179

The motivation to produce cleaning compositions for use on the skin arises from the teachings of Coleman, Dellutri, Juliano and Jones who suggest the desirability to prepare cleaners comprised of orange oil having enhanced cleaning properties. The formulations are non-toxic, stable and non irritating to the skin. Claims 1-15 are rejected.

The Group and/or Art Unit location of your application in the Patent and Trademark Office has changed. To aid in correlating any papers for this application, all further correspondence regarding this application should be directed to Group 150, Art Unit 152.

Any inquiry concerning this communication should be directed to James M. Spear at telephone number 703-557-6525.

Spear:pla
(703) 557-6525
06/11/90

Merrell C Cashion
SPE
AU152

LPM 000181

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP-APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 413395 | GROUP ART UNIT 152 | ATTACHMENT TO PAPER NUMBER 4 |
|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) Greenspan et al. | | |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 4014995 | 3-77 | Juliano et al. | 514 | 783 | |
| | B | 4533487 | 8-85 | Jones | 252 | 173 | |
| | C | 4620937 | 11-86 | Pellutri | 252 | 162 | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

**OTHER REFERENCES** (Including Author, Title, Date, Pertinent Pages, Etc.)

R. D-Limonene as a Degreasing Agent Richard L. Coleman, The Citrus Industry Vol. 56, No. 11, November, 1975, pages 23-25

| EXAMINER | DATE |
|---|---|
| James M. Spear | 6-1-90 |

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

LPM 000182