# **EXHIBIT F**



UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/786,804 | 11/04/91 | GREENSPAN   D | DN-1364 |

D.6-

TIMOTHY J. MARTIN
44 UNION BLVD., STE. 620
LAKEWOOD, CO 80228

| EXAMINER |
|---|
| BAWA, R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1502 | 6 |

DATE MAILED: 04/06/92

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined  ☐ Responsive to communication filed on _____  ☐ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), ____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I  THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.   2. ☐ Notice re Patent Drawing, PTO-948.
3. ☒ Notice of Art Cited by Applicant, PTO-1449.   4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.   6. ☐ _____

**Part II  SUMMARY OF ACTION**

1. ☒ Claims _1-25_ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.
2. ☐ Claims _____ have been cancelled.
3. ☐ Claims _____ are allowed.
4. ☒ Claims _1-25_ are rejected.
5. ☐ Claims _____ are objected to.
6. ☐ Claims _____ are subject to restriction or election requirement.
7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.
8. ☐ Formal drawings are required in response to this Office action.
9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).
10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).
11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).
12. ☐ Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.
13. ☐ Since this application apppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev.9-89)

Serial No. 786,804                                    -2-
Art Unit   1502

Claims 1-25 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The following phrases are vague and indefinite and must either be deleted from the claimed or clearly specified/defined:

"external use on tissues" (replaced with "external use on human tissues"); "citrus oil" (replaced with "orange oil"); "oat grain derivative product" (specify); "harmful solar radiation" (delete "harmful" or clearly specify the phrase); "over-exposure of the tissue area"; "inflammatory condition of the skin" (specify); "reducing peeling of the human skin;" "damaged tissue" and "human tissue" (replace with "skin" or specify the tissue); "rash-causing poisonous plant"; "emulsifying agent" (specify the agent or replace with "emulsifying agent in the form of oat gum or "soothing" oatmeal").

Note that in claim 25, "ingredient" is repeated. Appropriate correction required.

Claims 1-6, and 17-25 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-12 of U.S. Patent No. 5,063,062. Although the conflicting claims are not identical, they are not patentably distinct from each other because they both disclose a

BBW  008448

Serial No. 786,804                                   -3-
Art Unit   1502


cleaning composition containing the <u>same ingredients</u> and in the <u>same ratios</u>. The terms "rash," "burn," "acne" etc. are all skin conditions. The terms "orange oil" and "citrus oil" are equivalent.

    The obviousness-type double patenting rejection is a judicially established doctrine based upon public policy and is primarily intended to prevent prolongation of the patent term by prohibiting claims in a second patent not patentably distinct from claims in a first patent. *In re Vogel*, 164 USPQ 619 (CCPA 1970). A timely filed terminal disclaimer in compliance with 37 C.F.R. § 1.321(b) would overcome an actual or provisional rejection on this ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 C.F.R. § 1.78(d).

    The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

    Claim 16 is rejected under 35 U.S.C. § 103 as being unpatentable over Grant et al.

    Grant et al. clearly discloses that orange oil is used as a mosquito repellant. Hence, it would be obvious to formulate a

BBW   008449

Serial No. 786,804 -4-

Art Unit 1502

compostion containing orange oil to repell insects. Accordingly, claim 16 is prima facie obvious.

Claims 7-15 would be allowable if rewritten to overcome the rejection under 35 U.S.C. § 112 and to include all of the limitations of the base claim and any intervening claims.

The title of the invention is not descriptive. A new title is required that is clearly indicative of the invention to which the claims are directed.

This application does not contain an Abstract of the Disclosure as required by 37 C.F.R. § 1.72(b). An Abstract on a separate sheet is required.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Raj Bawa, Ph.D. whose telephone number is (703) 308-2423.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 308-2351.

R. Bawa:mbb
April 03, 1992

THURMAN K. PAGE
SUPERVISORY PATENT EXAMINER
ART UNIT 152

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP–APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE NOTICE OF REFERENCES CITED | SERIAL NO. 786804 | GROUP ART UNIT 1502 | ATTACHMENT TO PAPER NUMBER 6 |
|---|---|---|---|
| APPLICANT(S) Greenspan et al. | | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 5063062 | 11-91 | Greenspan | 424 | 401 | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | Grant et al. (1987). Grant & Hackh's chemical Dictionary, page 139. |
| S | |
| T | |
| U | |

| EXAMINER R. BAWA | DATE 2/29/92 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)