# **<u>EXHIBIT H</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-1507 (SLR) |
| v. ) | |
| ) | |
| BATH & BODY WORKS, INC.; LIMITED ) | |
| BRANDS, INC.; KAO BRANDS CO. ) | |
| (f/k/a THE ANDREW JERGENS ) | CONFIDENTIAL |
| COMPANY); and KAO CORPORATION ) | |
| ) | |
| Defendants. ) | |
| ) | |

**UPDATED EXPERT REPORT OF CHRISTOPHER T. RHODES
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(2)(b)**

Pursuant to Rule 26(A)(2)(B), Fed. R. Civ. P., and on behalf of Plaintiff L.P. Matthews, LLC ("Matthews"), I submit the following report updating my opinions in this matter. Updating is necessary because, on February 28, 2006 (the same day my original report was submitted), Defendants Limited Brands, Inc. and Bath & Body Works, Inc., et al. (collectively, "the Limited defendants") provided to plaintiff's counsel a February 10, 2006 declaration from one of their suppliers. I reserve the right to supplement or modify the opinions expressed herein and the bases for these opinions depending on the proofs presented by the Limited defendants and by Kao Corporation and Kao Brands Company (collectively "the Kao defendants") or on additional discovery or other information provided by any defendant.

*AS FILED IN ORIGINAL REPORT FEBRUARY 28, 2006*

**INTRODUCTION**

**I.    ENGAGEMENT AND COMPENSATION**

I have been engaged by the law firm of Robins, Kaplan, Miller & Ciresi L.L.P. to render an opinion regarding whether the claims of U.S. Patent No. 5,063,062 ("the '062 patent") read on

CONFIDENTIAL                                                                                                   - 1 -

be cleaned, as by rinsing, wiping, or the like. Such cleaning composition may have surfactants and organic solvents such as oils. In these systems, the organic solvent (hydrophobic) has cleaning properties. The surfactant, which also has cleaning properties, disperses organic solvent by acting as stabilizing agent.

In the context of the '062 patent, the oat ingredients, which are surfactants, function as stabilizing agents (emulsifying agents). Other such agents may also be present in the system and play a role in the emulsification process. The orange oil is an organic solvent, though other such agents also may be present in the system.

## IV.    CLAIM ELEMENTS

The language used in claims 6 and 9 of the '062 patent would be simple and easy for a person of ordinary skill in the art of that patent to understand. My opinion about that understanding follows.

The claim preambles of both claims call for a cleaning composition for use on human skin. Such a composition is one that is used to treat a substance on the skin in order that the substance may be removed. According to the Limited defendants' corporate designee, the perception of the consumer is a reliable test for the effect of a particular product. (Ex. 3, Transcript of Rule 30(b)(6) Deposition of Konstantinos Lahanas at 597:11-20.) This is consistent with the kind of testing reported in the specification of the '062 patent to evaluate the cleaning effect of the invention. (Ex. 2 at 3:14-17.)

The claim term "orange oil" means the non-water soluble part of an orange. (*E.g.* Ex. 25 (defining orange[1]); Ex. 3 at 149:12-151:14.) Based on U.S. Patent No. 5,013,485 ("the '485 patent"), I conclude that orange oil can perform cleaning at levels of 0.01% or lower. (Ex. 4.)

---

[1] Mandarin oranges, Navel oranges, bitter oranges, sour oranges, Seville oranges, sweet oranges, and tangerines are oranges. Should the Court construe the term "orange" inconsistent with this ordinary meaning, then, at a minimum, there are insubstantial differences between each of these types of oranges.

# **REDACTED**

## VII. DOCUMENTS CONSIDERED

In forming these opinions, I considered information provided to me by plaintiff's counsel and publicly available information. That information is listed in the Appendix that follows.

## VIII. SUPPLEMENTATION

My report represents my present and best opinion regarding the above matters. Should additional information or testimony become available, I reserve the right to revise or supplement my opinions, analysis or conclusions and the bases for them. I understand that I may also be called upon to provide an opinion and expert testimony to rebut opinions or proofs presented by the Limited or Kao defendants.

By: _____
Christopher T. Rhodes, Ph. D.

On: March 6, 2006