# **EXHIBIT I**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1507 (SLR) |
| | ) | Honorable Sue L. Robinson |
| BATH & BODY WORKS, INC., | ) | JURY TRIAL DEMANDED |
| and | ) | |
| LIMITED BRANDS, INC., | ) | |
| and | ) | |
| KAO BRANDS CO. (f/k/a THE ANDREW | ) | |
| JERGENS COMPANY), | ) | |
| and | ) | |
| KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**Rebuttal Expert Report of John C. Carson, M.S.**
**Regarding Greenspan United States Patent No. 5,063,062**

requires that the composition be "used to treat a substance… to be removed." The "lotions," "creams," "balms," "body butters," "moisturizers," and other products listed in Category B of Table 1 found in Dr. Rhodes' report are not cleaning compositions. Far from being intended to remove anything, these products are intended to remain on the skin for extended periods.

Dr. Rhodes further concludes, again without support, that the accused products either (A) directly indicate cleaning or (B) have an expected cleaning function, Dr. Rhodes asserts:

> "my evaluation of the component information on the two categories of products reveals substantial similarities between products in the two categories. Thus, since the products in Category A are explicitly labeled to perform a cleaning function, it is difficult to conceive that the products in Category B do not also perform some cleaning functions." Rhodes Reports, p. 7.

This statement is flawed. Many cosmetic compositions contain similar ingredients that form a base, or delivery vehicle, for the active ingredient. However, the mere fact that the bases are similar in no way indicates that the products perform the same or similar functions. In addition, Dr. Rhodes has offered no proof that any of the products listed in his Category B perform a cleaning function.

As a result, it is my opinion that the term "cleaning composition" as used in both the art and common parlance is simply a composition that removes unwanted substances from the skin.

2.   **"Orange Oil"**

   a.   **Definition**

Dr. Rhodes asserts that the term orange oil is "the non-water soluble part of an orange." This statement contradicts the '062 patent, which describes orange oil as "a natural product derived from the *rind* of oranges." (Emphasis added). Col. 1, Lns. 50-51. In my opinion, one of ordinary skill in the art would consider the term "orange oil" to mean the non-water soluble

liquid portion of the orange rind. *See* Julia F. Morton, Fruits of Warm Climates (1987); CTFA, International Cosmetic Ingredient Dictionary and Handbook (2002). It is well known, and the '062 patent notes, that orange oil is only contained in the peel of an orange (as opposed to the fruit and pith).

### b.  Orange Oil is Merely Used as a Fragrance

In addition, all of the products-in-suit merely utilize orange oil as a fragrance component. Utilizing orange oil as a fragrance component is not new. Indeed, the use of citrus oil, and orange oil in particular, as a fragrance is thousands of years old. *See* Pauline W. Thomas, Perfume Fashion History, for Fashion-Era.com (2006).

### c.  A Mandarin is not an Orange

In addition, it is my opinion that the term orange refers to the readily available varieties *citrus sinensis* or *citrus aurantium dulcis*. Other species of orange-like citrus fruits are not considered oranges. My conclusion is confirmed by the varying biological classifications of these citrus fruits. For example, the mandarin (*citrus reticulata blanco*) is not classified as an orange but as a tangerine. *See* Julia F. Morton, Fruits of Warm Climates (1987); CTFA, International Cosmetic Ingredient Dictionary and Handbook (2002). Therefore, it is my opinion that one of ordinary skill in the art will appreciate that an orange is not a tangerine, and that tangerine oil is not orange oil. Dr. Rhodes apparently agrees; when calculating the total percentage of orange oil in the products-in-suit, Dr. Rhodes does not include the ingredient "tangerine peel oil." Updated Rhodes Report, p. 27.[7] Dr. Rhodes should have excluded mandarin oil as well.

## VII. CONCLUDING REMARKS

I have based the opinions expressed in this report on established scientific principles and my analysis of the claim language. I used standard methodology to conduct my investigation, to consider the information listed above, and, to analyze the information.

I may modify the opinions expressed if I receive new information through discovery or other means. I understand that as trial preparation continues, I will have the right, pursuant to Rules 26(a)(2)(c) and 26(e)(1), to supplement or amend this report in the event that I receive additional information pertinent to my opinions. I may testify in more detail within my area of expertise on the issue of claim infringement to inform the court as to the basis for my opinions, and/or as stipulated to by the parties.

I reserve the right to state further opinions in response to additional subject matter properly raised during discovery or at trial that lies within my area of expertise. In addition, I understand that I may express opinions in rebuttal of matters that Plaintiff raises at trial.

In addition to the documents cited in this report, I may develop demonstrative and summary exhibits to enable me to present my opinions clearly to the Court. Counsel for the Limited will provide these exhibits to opposing counsel when and as required by orders from the Court. I declare that all statements made herein of my own knowledge are true and that those made on information and belief are believed to be true. I further declare that the report is accurate, true, and correct to the best of my information and belief.

Date: March 31, 2006

John C. Carson, M.S.

1:04-CV-01507