**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1507 (SLR) |
| | ) | JURY TRIAL DEMANDED |
| BATH & BODY WORKS, INC., | ) | |
| and | ) | |
| LIMITED BRANDS, INC., | ) | |
| and | ) | |
| KAO BRANDS CO. (f/k/a THE ANDREW | ) | |
| JERGENS COMPANY), | ) | |
| and | ) | |
| KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS BATH &
BODY WORKS, INC. AND LIMITED BRANDS, INC.'S MOTION FOR
SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 102**

FOX ROTHSCHILD LLP
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
Citizens Bank Center
Suite 1300
919 North Market Street
Wilmington, Delaware  19801-2323
Phone: (302) 655-3667
Fax: (302) 656-8920

*Attorneys for Defendants Bath & Body
Works, Inc. and Limited Brands, Inc.*

OF COUNSEL:

WARD & OLIVO
John F. Ward
David M. Hill
Michael J. Zinna
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax : (212) 972-5866

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

SUMMARY OF THE ARGUMENT ..............................................................................2

STATEMENT OF FACTS ............................................................................................3

    A.    The '062 Patent And Asserted Claims ........................................................3

    B.    The Prior Art Soaps Manual ......................................................................6

    C.    The Prior Art Juliano Patent ......................................................................7

ARGUMENT ..............................................................................................................8

    A.    The Asserted Claims Are Invalid As Being Anticipated ...........................8

        1.    The legal standard for summary judgment ......................................8

        2.    The legal standard for anticipation ..................................................9

        3.    The Soaps Manual anticipates claim 9 of the '062 patent .............11

        4.    The Juliano patent anticipates claims 6 and 9
            of the '062 patent ..........................................................................14

    B.    The Limited Defendants Do Not Infringe If The Court Adopts A Claim
        Construction Which Precludes Anticipation.............................................18

CONCLUSION ........................................................................................................19

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................... 8, 9

*Becton Dickinson and Co. v. C.R. Bard, Inc.*, 922 F.2d 792 (Fed. Cir. 1990) ................... 8

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141 (1989) ............................. 9

*Brown v. 3M*, 265 F.3d 1349 (Fed. Cir. 2001) ................................................................. 10

*Continental Can Co. v. Monsanto Co.*, 948 F.2d 1264 (Fed. Cir. 1991) ......................... 10

*Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571 (Fed. Cir. 1995) ...................................... 10

*General Electric Co. v. Nintendo Co., Ltd.*, 179 F.3d 1350 (Fed. Cir. 1999) ................... 9

*Glaxo Inc. v. Novopharm Ltd.*, 52 F.3d 1043 (Fed. Cir. 1995) ........................................ 10

*In re Paulsen*, 30 F.3d 1475 (Fed. Cir. 1994) ....................................................... 10, 12, 14

*In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997) ................................................. 9, 17

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ......................... 8

*Oney v. Ratliff*, 182 F.3d 893 (Fed. Cir. 1999). ................................................................. 9

*Quad Envtl. Techs. Corp. v. Union Sanitary Dist.*, 946 F.2d 870 (Fed. Cir. 1991) .......... 11

*Rockwell Int'l Corp. v. United States*, 147 F.3d 1358 (Fed. Cir. 1998) ..................... 10, 11

*Titanium Metals Corp. of Am. v. Banner*, 778 F.2d 775 (Fed. Cir. 1985) ....................... 10

*Upsher-Smith Laboratories, Inc. v. PamLab, L.L.C.*, 412 F.3d 1319 (Fed. Cir. 2005) ...... 9

*Verdegaal Bros., Inc. v. Union Oil Co.*, 814 F.2d 628 (Fed. Cir. 1987) ..................... 9, 17

**Statutes**

35 U.S.C. § 102 ......................................................................................................... passim

35 U.S.C. § 103 ................................................................................................................ 18

35 U.S.C. § 112 ................................................................................................................ 18

**<u>Rules</u>**

Fed.R.Civ.P. 56(c) .................................................................................................... 7

## INTRODUCTION

Limited Brands, Inc. and Bath & Body Works, Inc. (hereinafter collectively referred to as the "Limited Defendants") respectfully request that the Court grant summary judgment that the asserted claims (Claims 6 and 9) of Greenspan et al. United States Patent No. 5,063,062 ("the '062 patent"; attached as Ex. A to the Declaration of David M. Hill, Esq. in Support of the Opening Brief in Support of Defendants Bath & Body Works, Inc. and Limited Brands, Inc.'s Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 102)[1] are invalid under 35 U.S.C. § 102 as being anticipated by Juliano United States Patent No. 4,014,995 (Ex. B; the "Juliano patent") and/or *Soaps, A Practical Manual of the Manufacture of Domestic, Toilet and Other Soaps*, by George Hurst (2D 1907) (Ex. C; the "Soaps Manual"). During the prosecution of a continuation-in-part application of the '062 patent, the Board of Patent Appeals & Interferences (the "Board"), unaware of the Soaps Manual, recognized that the invention was disclosed by prior art.

## NATURE AND STAGE OF THE PROCEEDINGS

On December 8, 2004, plaintiff LP Matthews, L.L.C. (hereinafter "LPM"), filed a Complaint against the Limited Defendants, KAO Brands Co., and KAO Corp. alleging infringement of the '062 patent. (D.I. 1). This Court entered a Scheduling Order on June 9, 2005. (D.I. 39). Fact discovery closed on January 26, 2006 (*Id.* at 1) and expert

---

[1] The exhibits attached to the Declaration of David M. Hill, Esq. in Support of the Opening Brief in Support of Defendants Bath & Body Works, Inc. and Limited Brands, Inc.'s Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 102 will hereinafter be referenced as "Ex. __".

discovery closed on May 12, 2006. (*Id.* at 3).  Claim construction briefs were filed on

June 29, 2006, and summary judgment motions must be filed by July 6, 2006. (D.I. 243).

## SUMMARY OF THE ARGUMENT

This motion seeks summary judgment that the asserted claims of the '062 patent

(i.e., Claims 6 and 9) are invalid under 35 U.S.C. § 102 as being anticipated by the Soaps

Manual and/or the Juliano patent.  Very simply, the accused products, in all relevant

respects, are just like the products disclosed in the prior art Juliano patent.  So, if the

asserted claims are construed so broadly as to reach the accused products, they

necessarily encompass the prior art Juliano patent, and the asserted claims must be found

to be invalid as anticipated.  But if the asserted claims are construed to uphold their

validity, then they must fall short of reaching both the prior art and all of the accused

products, and there can be no infringement.

Despite the express, narrow teachings of the '062 patent, Claims 6 and 9 are

inexplicably asserted by LPM to be broadly directed at any composition for use on

human skin that includes trace amounts of orange oil, a moisturizer, and an "oat

ingredient" (i.e., either an oat grain derivative product as an emulsifying agent (Claim 6)

or oatmeal (Claim 9)).  If the Court adopts such a broad, unsupported construction of the

asserted claims, both are invalid as being taught by the Soaps Manual and/or the Juliano

patent.

Briefly, the Soaps Manual teaches cleaning compositions known as, among other

things, "dry soap," which contain moisturizing fats and/or oils as their base (e.g., tallow

and palm oil). (Ex. C, p. 312).  In addition, oatmeal and perfume can be added to the

composition to create an "oatmeal dry soap." (Ex. C, p. 314).  The Soaps Manual

discloses that essential oils such as orange oil are commonly utilized as perfumes. (Ex. C,

pp. 158-59, 164).  As a result, the Soaps Manual teaches each and every element of

LPM's broad assertion of Claim 9.

Similarly, the Juliano patent discloses the use of the oat grain derivative oat flour

in various cosmetic compositions such as moisturizers and lotions. (Ex. B, Col. 1, ln. 67-

Col. 2, ln. 5).  Also, perfume (e.g., orange oil) is added to many of the compositions.

Specifically, the Juliano patent teaches that when adding oat flour to a composition, the

overall composition should be adjusted to approximate normal skin pH (i.e., 5.5). (Ex. B,

Col. 2, lns. 3-13).  Accordingly, the Juliano patent teaches each and every element of

plaintiff's broad interpretation of both Claims 6 and 9.

LPM has turned a blind eye to the fact if the asserted claims are construed to find

infringement, they will also necessarily be invalid.  LPM is in the classic position of

being caught between a rock and a hard place.  There is no interpretation of the asserted

claims which permits a find of both validity and infringement.  As such, the asserted

claims of the '062 patent are invalid under 35 U.S.C. § 102 as being anticipated by either

the Soaps Manual or the Juliano patent.  Because there are no genuine issues of material

fact with respect to these issues, summary judgment of patent invalidity is appropriate.


**STATEMENT OF FACTS**

A.     The '062 Patent And Asserted Claims

The '062 patent, entitled CLEANING COMPOSITIONS WITH ORANGE OIL,

issued on November 5, 1991, from an application filed on September 27, 1989. (Ex. A,

Cover Page).  The catalyst for the invention was co-inventor Phillip Low's observation that the juices from an orange he was eating were dissolving the sealing caulk on his hands. (Ex. D; 1/14/06 Dep. Trans. of Phillip Low, 11-17).  After consulting his business advisor, the industrial-type cleaner disclosed in the '062 patent was developed. (Ex. D, 11-17).

The '062 patent issued with twelve (12) claims, of which only independent Claims 6 and 9 are asserted in this case.  They read as follows:

> 6.  A skin cleaning composition for external use on human tissues, comprising orange oil, a pharmaceutically acceptable moisturizer for human skin and an oat grain derivative product as an emulsifying agent, wherein said composition has a pH within a range of 4.5 to 6.0, inclusively. (Ex. A, Col. 10, lns. 1-6).
>
> 9.  A cleaning composition for use on human skin comprising forty-five percent (45%) or less by volume of orange oil, forty-five percent (45%) or less by volume of oatmeal and a pharmaceutically acceptable moisturizer. (Ex. A, Col. 10, lns. 13-17).

In order to determine the bounds of a suitable cleaning composition according to their invention, the Applicants evaluated various compositions and their respective physical properties to determine which combinations would effect cleaning. (*See generally* Ex. A, Col. 3-Col. 8).  They compared (subjectively) the amount of orange oil needed in the composition, the amount and type of natural product required to form an emulsion, and the effective pH range of a cleaner. (*See* Ex. A, Col. 3-Col. 8).

With regard to the effective amount of orange oil, the Applicants concluded that:

> With respect to cosmetics, a composition according to the present invention could have <u>as little as 5% by volume of orange oil</u> although it was preferable to have a cleaning composition having at least 25% by volume of orange oil. (Ex. A, Col. 6, lns. 56-61)(emphasis added).

4

Indeed, co-inventor Phillip Low testified that the inventors tested compositions down to almost no orange oil and concluded that anywhere from 5% to 60% provided adequate cleaning while also being comfortable on the skin. (Ex. D, 26, 86-87).

Regarding emulsifiers, the Applicants selected grain base derivatives (i.e., oatmeal gum and oatmeal) as the primary emulsifying agent. "In order to determine whether a natural ingredient could act as an emulsifying agent, the Applicants selected a grain base derivative as an emulsifying agent. To this end, Applicants tested oatmeal gum and oatmeal to act as the primary emulsifier." (Ex. A, Col. 4, lns. 22-27). The Applicants' tests revealed that these two substances could perform as primary emulsifiers. (Ex. A, Col. 4, ln. 27 - Col 5, ln. 27). The patent does not indicate that any other substances were tested or that the Applicants knew whether any other grain base derivatives would even work as primary emulsifiers in their composition. (Ex. A, Col. 4, ln. 27 – Col 5 ln. 27).

Regarding the appropriate pH for the composition, the Applicants concluded that the invention "should have a pH between 4.5 and 6.0, inclusively." (Ex. A, Col. 6, lns. 25-26; Col. 2, lns. 41-42).

Thus, a plain reading of the patent itself indicates that the inventors concluded: (1) the cleaning composition must contain at least 5% orange oil, (2) the only primary emulsifying agents known to be acceptable were oatmeal or oatmeal gum, and (3) the pH of the composition had to be within the range of 4.5 – 6.0, inclusively. The patent does not support another interpretation.

B.     The Prior Art Soaps Manual

Cleaning compositions with orange oil (such as those which utilize orange oil as a perfume) have been well known for over a century. (*See generally,* e.g., Ex. C). The Soaps Manual, published in 1907, is a comprehensive book describing modern and traditional methods of soap-making that were in use at the turn of the century. (Ex. C, Copyright Page, p. 273). This comprehensive manual is a practical guide to soap-making, including background information and materials for making good soaps (i.e., cleaning compositions). (*See generally,* Ex. C). The Soap Manual further comprises recipes, methodology, and instructions, including suggestions for overcoming problems commonly encountered in soap-making. (Ex. C, pp. 271-275, 295-301, 311-315). The manual states that any person of skill in the art (i.e., the soap-maker) "may use a large number of formulae and produce a great variety of toilet soaps" using the process and methodology described therein. (Ex. C, pp. 270).

More specifically, the soap formulae disclosed in the Soaps Manual include, for example, Oatmeal Dry Soap, Orange Soap and Glycerine Soap,[2] all of which comprise orange peel oil as one of the ingredients in combination with one or more natural or plant moisturizers such as glycerine and/or tallow. (Ex. C, pp. 272-273, 314). Of particular importance is the Oatmeal Dry Soap, which contains oatmeal, a moisturizer which may be water, tallow or any number of natural or plant oils, and a perfume "to any extent and of any character the soap-maker desires." (Ex. C, pp. 312-314). The Soaps Manual specifically identifies orange oil as one such perfume. (Ex. C, p. 164).

---

[2] Glycerine Soap lists the ingredient orange peel which contains orange peel oil.

C.     The Prior Art Juliano Patent

Like the Soaps Manual, the Juliano patent broadly discloses compositions containing orange oil (as a fragrance), oat flour, and a moisturizer.  The Juliano patent, entitled COSMETICS CONTAINING FINELY DIVIDED OAT FLOUR, was filed on April 7, 1975 and issued on March 29, 1977. (Ex. B, Cover Page).  Specifically, the Juliano patent is an improvement in cosmetic preparations that uses oat flour because of its compatibility with liquid or solid preparations (Ex. B, Col. 1, lns. 49-66; *see also* Ex. B, Abstract) and because it "impart[s] various desirable attributes such as, for example, absorbency, and to give a smooth feeling and look to the skin." (Ex. B, Col. 1, lns. 18-23).  The oat flour's lipophilic and hydrophilic nature also enable it to act as a primary emulsifier, and contribute to the enhanced effect of the lotions and other cosmetic preparations when placed on the skin. (Ex. B, Col. 3, lns. 19-21).

The oat flour, when combined with moisturizers such as water, glycerin, and/or propylene glycol, acts as a lubricant or emollient "to impart a soft, smooth residual feel to the skin."  (Ex. B, Col. 1, ln. 67 through Col. 2, ln. 3; *see* e.g., Examples 7, 9, and 10).  Also, the Juliano patent teaches that the oat flour compositions ideally have a pH value near to that of human skin (i.e., approximately 5.5) in order to prevent and/or soothe chapping or drying of the skin. (Ex. B, Col. 2, lns. 3-13).

According to the Juliano patent, perfumes (e.g., containing orange oil) can be added to provide fragrance or scent to the many different types of oat flour products including, *inter alia*, facial scrubs, face and body shampoos, skin care hand and body lotions, skin care hand and body creams, skin care cleaning creams, and skin care astringents and soaps. (Ex. B, Col. 5, lns. 5-13; *see* e.g., Examples 7, 10, 12, 13, 16, 32,

7

and 51).  At the time of the invention of the Juliano patent, it was well known that any or all reference to perfume may include orange oil. (Ex. C, p. 164).

## ARGUMENT

A.     The Asserted Claims Are Invalid As Being Anticipated

1.     The legal standard for summary judgment

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  The Federal Circuit has held that summary judgment "is appropriate in a patent case where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Becton Dickinson and Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 795 (Fed. Cir. 1990).  A genuine issue of material fact exists only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986).

In determining whether a genuine issue of material fact exists, the Court construes the facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of that party. *See Anderson,* 477 U.S. at 255.  The existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See id*., at 249.  A "mere

scintilla" of evidence in support of the non-movant's position is insufficient. *See id.,* at 252.


    2.    <u>The legal standard for anticipation</u>

The patent statutes provide in pertinent part at 35 U.S.C. §102:

> (b) the invention was patented or described in a printed
> publication in this or a foreign country or in public use or
> on sale in this country, more than one year prior to the date
> of the application for patent in the United States ….

Accordingly, a fundamental requirement for patentability is that the alleged invention must be novel – in other words, the invention for which the patent is sought must not have existed at the time the inventor made his alleged invention. 35 U.S.C. §102.  The novelty requirement ensures that the patent monopoly extends only to inventions that actually advance the state of the useful art. *See Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 148-149 (1989).

Anticipation is a question of fact. *Upsher-Smith Laboratories, Inc. v. PamLab, L.L.C.*, 412 F.3d 1319, 1322 (Fed. Cir. 2005) (*citation omitted*).  However, anticipation may still be decided on summary judgment if the record reveals no genuine issue of material fact exists. *General Electric Co. v. Nintendo Co., Ltd.*, 179 F.3d 1350, 1353 (Fed. Cir. 1999).  A party challenging a patent's validity must prove invalidity by clear and convincing evidence. *Oney v. Ratliff*, 182 F.3d 893, 895 (Fed. Cir. 1999).

A patent claim is not novel as being anticipated, and therefore invalid under 35 U.S.C. §102, if a single prior art reference discloses explicitly or inherently each and every limitation of the claim. *Verdegaal Bros., Inc. v. Union Oil Co.*, 814 F.2d 628, 631 (Fed. Cir. 1987); *In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997).  An invention is

anticipated if "the invention was patented or described in a printed publication in this or a foreign country…more than one year prior to the date of the application for patent in the United States…" 35 U.S.C. § 102; *Brown v. 3M*, 265 F.3d 1349, 1351-1352 (Fed. Cir. 2001); *Titanium Metals Corp. of Am. v. Banner*, 778 F.2d 775, 781-82 (Fed. Cir. 1985). The disclosure in the prior art reference need not be express; rather, the reference may anticipate by inherency where it would be appreciated by one having ordinary skill in the art. *Glaxo Inc. v. Novopharm Ltd.*, 52 F.3d 1043, 1047 (Fed. Cir. 1995). "Prior art" can include U.S. and foreign patents, or printed publications. *See* 35 U.S.C. § 102. The prior art reference may be considered together with extrinsic evidence regarding the knowledge of one with ordinary skill in the art, which may provide necessary descriptive matter that is missing from the reference. *In re Paulsen*, 30 F.3d 1475, 1480 (Fed. Cir. 1994). Thus, there is "modest flexibility in the rule that 'anticipation' requires that every element of the claims appear in a single reference [to accommodate] situations where the common knowledge of technologists is not recorded in the reference; that is, where technological facts are known to those in the field of the invention, albeit not know to judges." *Continental Can Co. v. Monsanto Co.*, 948 F.2d 1264, 1269 (Fed. Cir. 1991).

Determining whether a piece of prior art anticipates a claim requires a two-step analysis. *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1574 (Fed. Cir. 1995). The first step involves proper interpretation of the claims. *Id.* at 1574. The second step involves determining whether the limitations of the claims as properly construed are met by the prior art. *Id.*

Issued patents are presumed valid, and the "underlying determination of invalidity … must be predicated on facts established by clear and convincing evidence." *Rockwell*

*Int'l Corp. v. United States*, 147 F.3d 1358, 1362 (Fed. Cir. 1998). However, the "courts

are the final arbiter of patent validity and, although courts may take cognizance of, and

benefit from, the proceedings before the patent examiner, the question is ultimately for

the courts to decide, without deference to the rulings of the patent examiner." *Quad*

*Envtl. Techs. Corp. v. Union Sanitary Dist.*, 946 F.2d 870, 876 (Fed. Cir. 1991).

Because there is clear and convincing evidence that the Soaps Manual is prior art

and anticipates Claim 9 of the '062 patent, and that the Juliano patent is prior art and

anticipates both Claims 6 and 9 of the '062 patent, summary judgment of invalidity is

appropriate here and should be granted to the Limited Defendants.


3.  The Soaps Manual anticipates claim 9 of the '062 patent

As an initial matter, the Soaps Manual is a comprehensive practical guide for

making cleaning compositions (i.e., soaps) that was published in 1907, almost a century

before September 27, 1989, the filing date of the application leading to the '062 patent.

(Ex. C, Copyright Page; Ex. A, Cover Page). The Soaps Manual therefore clearly

constitutes prior art to the '062 patent under 35 U.S.C. § 102 (a).

Claim 9 of the '062 patent is invalid because the alleged invention, as broadly

interpreted by plaintiff, was disclosed in the Soaps Manual. The Soaps Manual was not

considered by the United States Patent and Trademark Office ("PTO") when it granted

the '062 patent. (Ex. A, Cover Page). If the PTO had been made aware of the Soaps

Manual, it would have seen that cleaning compositions such as ones claimed in Claim 9

of the '062 patent were already well known in the art.

A patent claim is invalid where it describes nothing new or novel. 35 U.S.C. §
102; *In re Paulsen*, 30 F.3d 1475, 1478-79 (Fed. Cir. 1994). Claim 9 of the '062 patent
contains nothing new over what was previously known and disclosed in the Soaps
Manual. The Soaps Manual teaches methods and formulae for making cleaning
compositions (i.e., soaps) for use on human skin. Some of these cleaning compositions
comprise orange oil, oatmeal, and a natural or plant-based moisturizer. (Ex. C, pp. 164,
272-273, 311-314).

As indicated above, Claim 9 of the '062 patent requires forty-five percent (45%)
or less by volume of orange oil, forty-five percent (45%) or less by volume of oatmeal
and a pharmaceutically acceptable moisturizer. (Ex. A, Col. 10, lns. 13-17). The Soaps
Manual teaches all of theses claimed elements, as shown in the chart below:

| CLAIM 9 OF U.S. PATENT NO. 5,063,062 | PRIOR ART – THE SOAPS MANUAL |
|---|---|
| A cleaning composition for use on human skin comprising | The Soaps Manual describes various cleaning compositions (i.e., soaps) for use on human tissues.<br><br>"Skin Soaps. – Soaps mixed with bran, oatmeal, cornflour, have been sold under the name of skin soaps." (Ex. C, p. 300).<br><br>Orange Soap comprising, *inter alia,* coconut oil, palm oil, tallow, and oil of orange peel. (Ex. C, p. 272).<br><br>"Oatmeal Dry Soap. – 15 lb. soap, 70 lb. soda crystals, 8 lb. refined alkali, and 7 lb. oatmeal.<br> Perfume may be added to any extent and of any character the soap-maker desires." (Ex. C, p. 314).<br><br>Glycerin Soap comprising, *inter alia*, palm oil, glycerine, and orange peel. (Ex. C, p. 272). |
| forty-five percent (45%) or less by volume of orange oil, | The Soaps Manual expressly discloses the use of orange oil in cleaning compositions (i.e., soaps).<br><br>"Orange oil has a golden-yellow colour, with an odour and taste of |

| | |
|---|---|
| | the fruit.… Two varieties are met with in commerce, that from the rind of the bitter orange and that from the rind of the sweet orange; there is very little difference between them.  They are employed in the preparation of perfumes, mineral waters, and in scenting soap." (Ex. C, p. 164)<br><br>"Oatmeal Dry Soap. – 15 lb. soap, 70 lb. soda crystals, 8 lb. refined alkali, and 7 lb. oatmeal.<br> Perfume may be added to any extent and of any character the soap-maker desires." (Ex. C, p. 314). |
| forty-give percent (45%) or less by volume of oatmeal | The Soaps Manual teaches the use of oatmeal in cleaning compositions (i.e., soaps) for use on the skin.<br><br>"Oatmeal Dry Soap. – 15 lb. soap, 70 lb. soda crystals, 8 lb. refined alkali, and 7 lb. oatmeal." (Ex. C, p. 314).<br><br>"Skin Soaps. – Soaps mixed with bran, oatmeal, cornflour, have been sold under the name of skin soaps." (Ex. C, p. 300). |
| and a pharmaceutically acceptable moisturizer. | The Soaps Manual teaches the use and incorporation of any variety of moisturizers in cleaning compositions (i.e., soaps), including, for example, the well-known moisturizer glycerine. (Ex. C, pp. 272, 300).<br><br>"The soap ought to be made from fats, which, like tallow, palm oil or coconut oil, give hard soaps, while the addition of a small quantity of such oils as cotton oil, linseed oil, rosin or other oils, or stock soap, which give soft kinds of soap, is not objectionable." (Ex. C, p. 312).<br><br>Tallow, palm oil, and coconut oil are all well known moisturizers. |

The Soaps Manual discloses all of the limitations of Claim 9 of the '062 patent. Under plaintiff's broad reading of the terms of the claim, it must be found invalid under 35 U.S.C. § 102.  Indeed as of 1907, orange oil was commonly used in the scenting of perfumes and soaps, just like in the accused products. (Ex. C, p. 164).  As a result, Claim 9, under LPM's broad construction, discloses nothing new over the prior art and is invalid under 35 U.S.C. § 102 (a).

2.    The Juliano Patent anticipates claims 6 and 9 of the '062 patent

Claims 6 and 9 of the '062 patent are invalid because the alleged invention was previously disclosed in the Juliano patent, which issued on March 29, 1977 – long before the application leading to the '062 patent was filed (September 27, 1989). (Ex. B, Cover Page; Ex. A, Cover Page).  The Juliano patent therefore constitutes prior art to the '062 patent under 35 U.S.C. § 102.

A patent claim is invalid where it describes nothing new or novel. 35 U.S.C. § 102; *In re Paulsen*, 30 F.3d 1475, 1478-79 (Fed. Cir. 1994).  Claims 6 and 9 of the '062 patent contain nothing new over what was previously known and disclosed in the Juliano patent.  Generally, the Juliano patent teaches methods and formulae for preparing cosmetic compositions, including moisturizers and lotions for use on human skin. (*See e.g.,* Ex. B., Col. 1, lns. 14-17).  The Juliano patent discloses compositions which are comprised of perfume (e.g., orange oil), oat flour and a natural or plant-based moisturizer, all elements of Claims 6 and 9.  The Juliano patent also discloses a composition comprising a pH of 5.5, i.e., squarely within the pH range (4.5-6.0) of Claim 9.

For the convenience of the Court, below is a chart summarizing the Juliano patent's teachings as they relate to each and every element of Claims 6 and 9 of the '062 patent, as shown in the charts below:

| CLAIM 6 OF U.S. PATENT NO. 5,063,062 | PRIOR ART – THE JULIANO PATENT |
| --- | --- |
| A skin cleaning composition for external use on human tissues, comprising | The Juliano patent discloses the use of oat flour in cleansing creams and lotions:<br><br>"Cleansing creams and lotions not only offer bland effective removal of 'make-ups,' environmental residue, such as dust and dirt, |

| | but they offer an excellent method for lubricating and moisturizing dry skin. Oat flour can be incorporated into cleansing creams and lotions for the individual who finds this method of cleaning more acceptable than soap." (Ex. B, Col. 2, lines 55-61). |
|---|---|
| orange oil, | The Juliano patent inherently discloses orange oil in the cleaning compositions. The Juliano patent describes a large number of working examples, many of which include a perfume for imparting a pleasant scent or aroma to the product. For example, Examples 7, 9, and 10-22 (among others) all disclose a cleaning composition comprising, *inter alia*, a perfume.

Orange oil has been used in perfumes for centuries due to its pleasant scent. Accordingly, it is inherent to one of skill in the art to use orange oil as the perfume in any of the working examples of the Juliano patent. |
| a pharmaceutically acceptable moisturizer for human skin, | Nearly every formulation example in the Juliano patent utilizes at least one pharmaceutically acceptable moisturizer:

"Moisturizing creams and lotions can be formulated with the oat flour, which functions along with other lubricants and emollients to impart a soft, smooth residual feel to the skin. Night creams and lotions can be compounded with the special oat flour. These systems can be formulated to achieve pH values which approximate those of normal skin." (Ex. B, Col. 1 line 67 – Col. 2, line 5; *See also*, Examples).

"Oat flour can be incorporated into cleansing lotions and creams not only to impart a skin conditioning effect by virtue of its protein content, but it offers moisturizing properties due to the presence of lipids." (Ex. B, Col. 2, lines 51-54). |
| and an oat grain derivative product as an emulsifying agent, | The Juliano patent discloses oat flour as an emulsifying agent. "Oat flour can also contribute to the stability of these emulsions by virtue of effect on the apparent viscosity of these systems as well as solubility characteristics. Oat flour appears to have hydrophilic (water loving) as well as lipophilic groups which are postulated to give the flour value as an emulsifier." (Ex. C, Col. 3, lns. 16-21). |
| wherein said composition has a pH within a range of 4.5 to 6.0 inclusively. | The Juliano patent discloses a composition comprising a pH of 5.5. "These systems can be formulated to achieve pH values which approximate those of normal skin. Since the oat flour is compatible with various ingredients of cosmetic formulations, it is possible to design the products having pH values of approximately 5.5 (approximate skin pH)." Ex. C, Col. 2, lns. 5-8). |

| CLAIM 9 OF U.S. PATENT NO. 5,063,062 | PRIOR ART – THE JULIANO PATENT |
|---|---|
| A cleaning compound for use on human skin comprising | The Juliano patent discloses the use of oat flour in cleansing creams and lotions:<br><br>"Cleansing creams and lotions not only offer bland effective removal of 'make-ups,' environmental residue, such as dust and dirt, but they offer an excellent method for lubricating and moisturizing dry skin.  Oat flour can be incorporated into cleansing creams and lotions for the individual who finds this method of cleaning more acceptable than soap." (Ex. B, Col. 2, lines 55-61). |
| forty-five percent (45%) or less by volume of orange oil, | The Juliano patent inherently discloses orange oil in the cleaning compositions.  Juliano describes a large number of working examples, many of which include a perfume for imparting a pleasant scent or aroma to the product.  For example, Examples 7, 9, and 10-22 (among others) all disclose a cleaning composition comprising, *inter alia*, a perfume.  Orange oil has been used in perfumes for centuries due to its pleasant scent.  Accordingly, it is inherent to one of skill in the art to use orange oil as the perfume in any of the working examples of the Juliano patent. |
| forty-five percent (45%) or less by volume of oatmeal, | The Juliano patent discloses oat flour.  "The flour is used in cosmetic formulations in amounts of from about 1 to 20% or more of the formulation by weight." (Ex. C, Col. 1, lns. 37-40).  Oat flour is ground oats of smaller particle size than oatmeal – their physical properties are similar. |
| and a pharmaceutically acceptable moisturizer. | Nearly every formulation example in the Juliano patent utilizes at least one pharmaceutically acceptable moisturizer:<br><br>"Moisturizing creams and lotions can be formulated with the oat flour, which functions along with other lubricants and emollients to impart a soft, smooth residual feel to the skin.  Night creams and lotions can be compounded with the special oat flour.  These systems can be formulated to achieve pH values which approximate those of normal skin."  (Ex. B, Col. 1 line 67 – Col. 2, line 5; *See also*, Examples).<br><br>"Oat flour can be incorporated into cleansing lotions and creams not only to impart a skin conditioning effect by virtue of its protein content, but it offers moisturizing properties due to the presence of lipids."  (Ex. B, Col. 2, lines 51-54). |

16

As plainly shown, the Juliano patent discloses compositions for use on human skin that comprise oatmeal or an oat grain derivative product as an emulsifying agent (i.e., oat flour), and a natural moisturizer in combination with a perfume (i.e., of the type that was well known to include orange oil) to add scent or fragrance to the composition. As is well known, orange oil has been used for decades in the scenting of perfumes. *See supra*, pp. 6 and 11-13. The Juliano patent lists perfumes to provide scent or fragrance to the various compositions (i.e., creams, lotions, etc.). Because orange oil has long been known for its fragrance and used as a perfume to provide a scent to the composition, the use of orange oil as the perfume described in Juliano's specification is inherent. (Ex. C, p. 164). It is well settled that an inherent disclosure can be utilized to invalidate a patent. V*erdegaal Bros., Inc. v. Union Oil Co.*, 814 F.2d 628, 631 (Fed. Cir. 1987); *In re Schreiber*, 128 F.3d at 1477.

The Juliano patent describes cleansing compositions that include oat flour, a moisturizer, and a perfume (for which orange oil was a well known component). The oat flour according to the Juliano patent is an oat grain that is derived from an oat kernel. As such, the oat flour functions as an emulsifying agent and stabilizes an oil and water system. (Ex. B, Col. 1, lns, 37-40 and Col. 3, lns. 19-21). Oat flour falls within plaintiff's definitions of the oat products in Claims 6 and 9, and clearly anticipates the use of oat flour in skin cleaning compositions. (Ex. E; Rhodes' Updated Expert Report, p. 5).

In fact, plaintiff's infringement analysis of the accused products (e.g., Burt's Bees Citrus Facial Scrub) reads directly on the disclosure in the Juliano patent. (Ex. E, pp. 26-27). According to the plaintiff, Burt's Bees Citrus Facial Scrub contains 0.1875% orange oil, oat flour, and has a pH within the range of 4.5 – 6.0, and thus infringes Claims 6 and

17

9.[3] (Ex. E, pp. 26-27).  However, this product, along with many other of the Limited

Defendants' accused products, are in all relevant respects the same or narrower than that

of the Juliano patent.  The '062 patent cannot be both valid and infringed by any such

products.  Plaintiff cannot have it both ways.

Claims 6 and 9 of the '062 patent as construed by plaintiff contain nothing new

over what was previously disclosed in the Juliano patent.  As shown above, the Juliano

patent is clear and convincing evidence that Claims 6 and 9 of the '062 patent are invalid

under 35 U.S.C. § 102.


B. <u>The Limited Defendants Do Not Infringe If The Court Adopts A Claim
Construction Which Precludes Anticipation</u>

The only real issue in regard to the '062 patent is whether the Court finds it to be

invalid as anticipated or obvious, or finds it to be not infringed.  Under a broader claim

construction as presented by plaintiff, the patent is necessarily invalid.  Moreover, such a

broad interpretation of the asserted claims is not supported by the patent's specification.[4]

If the Court in the alternative were to adopt a more appropriate narrower interpretation of

the claims, of the sort urged by the Limited Defendants (or the Kao defendants) (D.I.

229), then the Limited Defendants do not infringe since their accused products are just

like the prior art.  In other words, since the Limited Defendants' accused products are in

all relevant respects the same or narrower than that of the prior art, then the '062 patent

---

[3] Interestingly, plaintiff's infringement analysis makes no mention of whether Burt's Bees Citrus
Facial Scrub contains a pharmaceutically acceptable moisturizer as required by both Claims 6 and
9. (Ex. E, pp. 26-27).
[4] This broad interpretation serves as the basis for the Limited Defendants Motions for Summary
Judgment for Invalidity under 35 U.S.C. §§ 103, and 112, filed concurrently herewith.

cannot be both valid and infringed.  If that which is done after a patent infringes, then the same thing if done before anticipates.

Fundamentally, if the Court were to find that any element of the asserted claims is not met by the prior art, then for that same reason the accused products must be found not to infringe.

## CONCLUSION

For the foregoing reasons, the Limited Defendants respectfully request that summary judgment be granted in its favor regarding the invalidity of Claims 6 and 9 under 35 U.S.C. § 102.

Respectfully submitted,

FOX ROTHSCHILD LLP

Dated:  July 6, 2006

By:____/s/ Francis G.X. Pileggi_____
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
FOX ROTHSCHILD LLP
Suite 1300
919 North Market Street
Wilmington, Delaware  19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York  10017
Phone: (212) 697-6262
Fax: (212) 972-5866

E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath and Body Works, Inc.
Limited Brands, Inc