# **EXHIBIT K**



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/413,395 | 09/27/89 | GREENSPAN | D 1286 |

EXAMINER: SPEAR, J

TIMOTHY J. MARTIN
44 UNION BLVD., STE. 620
LAKEWOOD, CO 80228

| ART UNIT | PAPER NUMBER |
|---|---|
| 152 | 6 |

DATE MAILED: 12/20/90

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined ☐ Responsive to communication filed on ______ ☒ This action is made final.

A shortened statutory period for response to this action is set to expire 3 month(s), ______ ~~days~~ from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

Part I THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ ______

Part II SUMMARY OF ACTION

1. ☒ Claims 1-15 are pending in the application.

   Of the above, claims ______ are withdrawn from consideration.

2. ☐ Claims ______ have been cancelled.
3. ☐ Claims ______ are allowed.
4. ☒ Claims 1-2, 5-9 and 11 are rejected.
5. ☒ Claims 3-4, 10 and 12-15 are objected to.
6. ☐ Claims ______ are subject to restriction or election requirement.
7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.
8. ☐ Formal drawings are required in response to this Office action.
9. ☐ The corrected or substitute drawings have been received on ______. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).
10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on ______, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).
11. ☐ The proposed drawing correction, filed ______, has been ☐ approved; ☐ disapproved (see explanation).
12. ☐ Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. ______; filed on ______.
13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. ☐ Other

g

PTOL-326 (Rev. 9-89)

EXAMINER'S ACTION

15.

Applicant's arguments filed September 18, 1990 have been fully considered but they are not deemed to be persuasive.

16.

The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

17.

Claims 1-2, 9 and 11 are rejected under 35 U.S.C. § 103 as being unpatentable over Dellutri US 4,620,937.

For claim 1, Dellutri shows compositions wherein 20-90% citric oil is used in combination with stearic acid, oleic acid and aloe vera. See col. 2, lines 10-13, Claims 1 and 7. Note that the stearic and oleic acids emulsify the composition. Col. 2, lines 33-38. Aloe Vera acts as a moisturizer as in applicants' claimed invention. Col. 3, lines 23-28. Dellutri

does not specify orange oil. IT would have been obvious to one of ordinary skill in the art to the use orange oil the motivation factor being suggested by Dellutri's use of undistilled citrus oil. Although distilled D-Limonene is preferred, Dellutri teaches that citrus oil, which can be derived from oranges, is suitable for the invention. Col. 2, lines 10-17, thus negating applicants' claim of unobviousness.

For claims 2, 9 and 11, see Dellutri as explained above.

18.

Claims 5-8 are rejected under 35 U.S.C. § 103 as being unpatentable over Dellutri as applied to claim 1 above, and further in view of Juliano US 4,014,995.

Juliano teaches the inclusion of substances to maintain a specific pH. Both Juliano and Dellutri teach compositions having teach compositions having a pH of 5.5 Juliano col. 2, lines 3-13; col. 3, lines 5-15. Dellutri col. 3, lines 52-59. To use Juliano's agent in the Dellutri invention would have been obvious to one of ordinary skill in the art. The motivation to do so is suggested by Dellutri's use of emulsifiers in view of Juliano's teaching emulsifiers in maintaining pH.

Claims 1-2, 5-9 and 11 are rejected.

19.

Claims 3-4, 10 and 12-15 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten

in independent form including all of the limitations of the base claim and any intervening claims.

20.

THIS ACTION IS MADE FINAL. Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

21.

The Group and/or Art Unit location of your application in the PTO has changed. To aid in correlating any papers for this application, all further correspondence regarding this application should be directed to Group Art Unit 152.

Serial No. 413,395

Art Unit 152

-5-

22. Any inquiry concerning this communication should be directed to James M. Spear at telephone number (703) 308-2457.

Spear:ltd
December 18, 1990
(703) 308-2351

THURMAN PAGE
PRIMARY EXAMINER
ART UNIT 152