# **<u>EXHIBIT L</u>**



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/786,804 | 11/04/91 | GREENSPAN | D | DN-1364 |

D.6-

TIMOTHY J. MARTIN
44 UNION BLVD., STE. 620
LAKEWOOD, CO 80228

| EXAMINER |
|---|
| BAWA, R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1502 | 6 |

DATE MAILED: 04/06/92

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined    ☐ Responsive to communication filed on_____    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice re Patent Drawing, PTO-948.
3. ☒ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims _1 - 25_ _____ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims_____ have been cancelled.

3. ☐ Claims_____ are allowed.

4. ☒ Claims _1 - 25_ _____ are rejected.

5. ☐ Claims_____ are objected to.

6. ☐ Claims_____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____. has (have) been ☐ approved by the
examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev.9-89)

BBW    008446

Dear Client:

This is the best copy available, of the attached page(s), due to the condition of the source document.

Please be assured that every effort has been made to supply you with the highest quality documentation.

---

Patent Imaging Corporation
*Patent Legal & Scientific Information Service*
2001 Jefferson Davis Highway
Crystal Plaza One, Suite 600
Arlington, VA 22202-3610
(703) 553-000

BBW    008447

Serial No. 786,804                                    -2-

Art Unit   1502

Claims 1-25 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The following phrases are vague and indefinite and must either be deleted from the claimed or clearly specified/defined: "external use on tissues" (replaced with "external use on human tissues"); "citrus oil" (replaced with "orange oil"); "oat grain derivative product" (specify); "harmful solar radiation" (delete "harmful" or clearly specify the phrase); "over-exposure of the tissue area"; "inflammatory condition of the skin" (specify); "reducing peeling of the human skin;" "damaged tissue" and "human tissue" (replace with "skin" or specify the tissue); "rash-causing poisonous plant"; "emulsifying agent" (specify the agent or replace with "emulsifying agent in the form of oat gum or "soothing" oatmeal").

Note that in claim 25, "ingredient" is repeated. Appropriate correction required.

Claims 1-6, and 17-25 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-12 of U.S. Patent No. 5,063,062. Although the conflicting claims are not identical, they are not patentably distinct from each other because they both disclose a

BBW   008448

Serial No. 786,804                    -3-

Art Unit  1502

cleaning composition containing the <u>same ingredients</u> and in the
<u>same ratios</u>. The terms "rash," "burn," "acne" etc. are all skin
conditions. The terms "orange oil" and "citrus oil" are
equivalent.

The obviousness-type double patenting rejection is a
judicially established doctrine based upon public policy and is
primarily intended to prevent prolongation of the patent term by
prohibiting claims in a second patent not patentably distinct
from claims in a first patent. *In re Vogel*, 164 USPQ 619 (CCPA
1970). A timely filed terminal disclaimer in compliance with 37
C.F.R. § 1.321(b) would overcome an actual or provisional
rejection on this ground provided the conflicting application or
patent is shown to be commonly owned with this application. See
37 C.F.R. § 1.78(d).

The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

A patent may not be obtained though the invention is not
identically disclosed or described as set forth in section
102 of this title, if the differences between the subject
matter sought to be patented and the prior art are such that
the subject matter as a whole would have been obvious at the
time the invention was made to a person having ordinary
skill in the art to which said subject matter pertains.
Patentability shall not be negatived by the manner in which
the invention was made.

Subject matter developed by another person, which qualifies
as prior art only under subsection (f) or (g) of section 102
of this title, shall not preclude patentability under this
section where the subject matter and the claimed invention
were, at the time the invention was made, owned by the same
person or subject to an obligation of assignment to the same
person.

Claim 16 is rejected under 35 U.S.C. § 103 as being
unpatentable over Grant et al.

Grant et al. clearly discloses that orange oil is used as a
mosquito repellant. Hence, it would be obvious to formulate a

BBW  008449

Serial No. 786,804                          -4-

Art Unit    1502

compostion containing orange oil to repell insects.  Accordingly,

claim 16 is prima facie obvious.

Claims 7-15 would be allowable if rewritten to overcome the

rejection under 35 U.S.C. § 112 and to include all of the

limitations of the base claim and any intervening claims.

The title of the invention is not descriptive.  A new title

is required that is clearly indicative of the invention to which

the claims are directed.

This application does not contain an Abstract of the

Disclosure as required by 37 C.F.R. § 1.72(b).  An Abstract on a

separate sheet is required.

Any inquiry concerning this communication or earlier
communications from the examiner should be directed to Raj Bawa,
Ph.D. whose telephone number is (703) 308-2423.

Any inquiry of a general nature or relating to the status of
this application should be directed to the Group receptionist
whose telephone number is (703) 308-2351.

R. Bawa:mbb
April 03, 1992

THURMAN K. PAGE
SUPERVISORY PATENT EXAMINER
ART UNIT 152

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP–APART AND DISCARD CARBON

| FORM PTO-892<br>(REV. 3–78) | U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | SERIAL NO.<br>786804 | GROUP ART UNIT<br>1502 | ATTACHMENT<br>TO<br>PAPER<br>NUMBER 6 |
|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S)<br>Greenspan et al. | | |

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 5 0 6 3 0 6 2 | 11-91 | Greenspan | 424 | 401 | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | Grant et al. (1987). Grant & Hackh's chemical Dictionary, page 139. |
| S | |
| T | |
| U | |

| EXAMINER<br>R. BAWA | DATE<br>2/29/92 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

BBW  008451