**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LP MATTHEWS, L.L.C., | ) |
|  | ) |
|     Plaintiff, | ) |
|  | ) |
| v. | )    C.A. No. 04-1507 (SLR) |
|  | )    Honorable Sue L. Robinson |
| BATH & BODY WORKS, INC., | )    JURY TRIAL DEMANDED |
|     and | ) |
| LIMITED BRANDS, INC., | ) |
|     and | ) |
| KAO BRANDS CO. (f/k/a THE ANDREW | ) |
| JERGENS COMPANY), | ) |
|     and | ) |
| KAO CORPORATION, | ) |
|  | ) |
|     Defendants. | ) |

**OPENING BRIEF IN SUPPORT OF BBW'S AND
LIMITED BRANDS' MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY UNDER 35 U.S.C. §112**

                                            FOX ROTHSCHILD LLP
                                            Francis G.X. Pileggi (Del. Bar No. 2624)
                                            Sheldon K. Rennie (Del. Bar No. 3772)
                                            Citizens Bank Center
                                            Suite 1300
                                            919 North Market Street
                                            Wilmington, Delaware 19801-2323
                                            Phone: (302) 655-3667
                                            Fax: (302) 656-8920

                                            *Attorneys for Defendants Bath & Body
                                            Works, Inc. and Limited Brands, Inc.*

OF COUNSEL:

WARD & OLIVO
John F. Ward
David M. Hill
Michael J. Zinna
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax : (212) 972-5866

**TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS .........................................................1

SUMMARY OF THE ARGUMENT ..............................................................................1

STATEMENT OF FACTS ..........................................................................................2

    A.  The '062 Patent ......................................................................................2

ARGUMENT..........................................................................................................4

    A.  The Legal Standard For Summary Judgment ............................................4

    B.  The Legal Standard For Invalidity Under 35 U.S.C. §112, ¶1 ....................5

    C.  Claims 6 And 9 Are Invalid For Lack of a Written Description .................9

CONCLUSION .....................................................................................................10

i

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)……………………………….5

*Amgen, Inc. v. Chugai Pharma. Co., Ltd.*, 927 F.2d 1200 (Fed. Cir. 1991) ....................... 8

*Becton Dickinson and Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 795 (Fed. Cir. 1990)……….5

*Boston Scientific SciMed, Inc. v. Cordis Corp.*, 392 F.Supp.2d 676 (D. Del. October 14, 2005) ................................................................................................................................. 8

*Enzo Biochem, Inc.* v. Calgene, Inc., 188 F.3d 1362 (Fed. Cir. 1999) ......................... 6, 8-9

*Fiers v. Revel*, 984 F.2d 1164, 1171 (Fed. Cir. 1993)……………………………………7

*Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361 (Fed. Cir. 1997) ........................... 6-7

*In re Goodman*, 11 F.3d 1046 (Fed. Cir. 1993) ................................................................. 8

*In re Vaeck*, 947 F.2d 488 (Fed. Cir. 1991) .................................................................... 6-8

*In re Wands*, 858 F.2d 731 (Fed. Cir. 1988) ............................................................... 6, 8-10

*In re Wright*, 999 F.2d 1557 (Fed. Cir. 1993) .................................................................... 8

*Koito Mfg. Co., Ltd. v. North Am. Lighting, Inc.*, 381 F.3d 1142 (Fed. Cir. 2004) ............ 6

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986)……...5

*Monsanto Co. v. Syngenta Seeds, Inc.*, 2006 U.S. Dist. LEXIS 27512 (D. Del. May 10, 2006) ............................................................................................................................... 7-8

*Nat'l Recovery Techs. v. Magnetic Separation Sys., Inc.*, 166 F.3d 1190 (Fed. Cir. 1999) 9

*Rasmusson v. Smithline Beecham Corp.*, 2005 WL 1501450 (Fed. Cir. 2005).................. 7

*Regents of the Univ. of Cal. V. Eli Lilly & Co.*, 119 F.3d 1559, 1566 (Fed. Cir. 1997) .... 6

*Reiffin v. Microsoft Corp.*, 214 F.3d 1342, 1345 (Fed. Cir. 2000)………………………..6

**Statutes**

35 U.S.C. § 112........................................................................................... 1, 2, 5, 7, 10

**<u>Rules</u>**

Fed. R. Civ. P. 56(c)……………………………………………………………………4

## INTRODUCTION

Limited Brands, Inc. and Bath & Body Works, Inc. (hereinafter collectively referred to as the "Limited Defendants") respectfully request that the Court grant summary judgment that the asserted claims (Claims 6 and 9) of United States Patent No. 5,053,062 ("the '062 patent") (attached as Ex. A to the Declaration of David M. Hill, Esq. in Support of the Opening Brief in Support of Defendants Bath & Body Works, Inc. and Limited Brands, Inc.'s Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 112) are invalid under 35 U.S.C. §112, ¶1. The asserted claims are invalid for lack of a written description because the '062 patent's specification plainly provides that the orange oil must be at least five percent (5%) of the overall composition, while plaintiff LP Matthews, L.L.C. (hereinafter "LPM") asserts that the orange oil can be significantly less than even one percent (1%) of the composition.

## NATURE AND STAGE OF THE PROCEEDINGS

On December 8, 2004, LPM filed a Complaint against the Limited Defendants, KAO Brands Co., and KAO Corp. alleging infringement of the '062 patent. (D.I. 1). This Court entered a Scheduling Order on June 9, 2005. (D.I. 39). Fact discovery closed on January 26, 2006 (*Id.* at 1) and expert discovery closed on May 12, 2006. (*Id.* at 3). Claim construction briefs were filed on June 29, 2006, and summary judgment motions must be filed by July 6, 2006. (D.I. 243).

## SUMMARY OF THE ARGUMENT

This motion seeks judgment that the asserted claims (Claims 6 and 9) of the '062 patent are invalid for failing to meet the written description requirements of 35 U.S.C. §112, ¶1. Claims 6 and 9 of the '062 patent are directed to a skin cleaning composition

1

comprising orange oil, a moisturizer, and either an oat grain derivative as an emulsifying agent (claim 6) or oatmeal (claim 9).

The specification of the '062 patent plainly provides that the invention is a skin cleaning composition comprising at least five percent (5%) orange oil. The asserted claims, however, are invalid for lack of a written description because the asserted claims simply recite orange oil without the five percent (5%) requirement while the '062 patent's specification plainly provides that the orange oil must be at least five percent (5%) of the overall composition, while LPM asserts that the orange oil can be significantly less than even one percent (1%) of the composition.

The Limited Defendants' accused products do not infringe the asserted claims of the '062 patent. However, the Court need not reach a decision on infringement in the present case because both of these claims are invalid as failing to meet the enablement and written description requirements of 35 U.S.C. §112, ¶1. Because there are no genuine issues of material fact with respect to these issues, summary judgment of patent invalidity is appropriate.

## STATEMENT OF FACTS

A.  <u>The '062 Patent</u>

The '062 patent, entitled "Cleaning Compositions with Orange Oil," issued on November 5, 1991, from an application filed on September 27, 1989. (Ex. A, Cover Page). In the Summary of the Invention, the inventors described their invention as "[t]he present invention, then, provides a skin cleaning composition which is adapted for external use on human tissues. Broadly, this composition comprises a first ingredient

2

being between five percent (5%) and sixty percent (60%) by volume of orange oil, a second ingredient being a pharmaceutically acceptable moisturizer for human skin and a third ingredient being an emulsifying agent." (Ex. A, Col. 2, lns. 25-33). Allegedly, the catalyst for the invention was co-inventor Phillip Low's observation that the juices from an orange he was eating were dissolving the sealing caulk on his hands. After consulting his business advisor, the industrial-type cleaner disclosed in the '062 patent was developed. (*See generally*, Ex. A).

The '062 patent issued with twelve (12) claims, of which only independent Claims 6 and 9 are asserted in this case. (*See* Ex. A). They read as follows:

> 6. A skin cleaning composition for external use on human tissues, comprising orange oil, a pharmaceutically acceptable moisturizer for human skin and an oat grain derivative product as an emulsifying agent, wherein said composition has a pH within a range of 4.5 to 6.0, inclusively. (Ex. A, Col. 10, lns. 1-6).
>
> 9. A cleaning composition for use on human skin comprising forty-five percent (45%) or less by volume of orange oil, forty-five percent (45%) or less by volume of oatmeal and a pharmaceutically acceptable moisturizer. (Ex. A, Col. 10, lns. 13-17).

In order to determine the bounds of a suitable cleaning composition according to their invention, the Applicants evaluated various compositions and their respective physical properties to determine which combinations would effect cleaning. (*See generally* Ex. A, Col. 3-Col. 8). They compared (subjectively) the amount of orange oil needed in the composition, the amount and type of natural product required to form an emulsion, and the effective pH range of a cleaner. (*See* Ex. A, Col. 3-Col. 8).

With regard to the effective amount of orange oil, the Applicants concluded that:

> With respect to cosmetics, a composition according to the present invention could have <u>as little as 5% by volume of orange oil</u>

3

> although it was preferable to have a cleaning composition having at least 25% by volume of orange oil. (Ex. A, Col. 6, lns. 56-61)(emphasis added).

Indeed, co-inventor Phillip Low testified that the inventors tested compositions down to almost no orange oil and concluded that anywhere from 5% to 60% provided adequate cleaning while also being comfortable on the skin. Furthermore, during the prosecution of the application leading to the '062 patent, the Applicants stated that orange oil is the "primary constituent" of the cleaning composition.

In short, "the inventors have concluded that a suitable skin cleaning composition can be prepared wherein the skin composition has a first ingredient of between 5% and 60% by volume of orange oil, a second ingredient being a pharmaceutical acceptable moisturizer for human skin and a third ingredient being an emulsifying agent." (Ex. A, Col. 8, lns 39-45).

Thus, a plain reading of the patent itself indicates that the inventors concluded that the cleaning composition must contain at least 5% orange oil. The patent does not support any other interpretation.

## ARGUMENT

### A. The Legal Standard For Summary Judgment

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Federal Circuit has held that summary judgment "is appropriate in a patent case where no genuine issue of material

fact exists and the movant is entitled to judgment as a matter of law." *Becton Dickinson and Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 795 (Fed. Cir. 1990). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986).

In determining whether a genuine issue of material fact exists, the Court construes the facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of that party. *See Anderson,* 477 U.S. at 255. The existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See id.*, at 249. A "mere scintilla" of evidence in support of the non-movant's position is insufficient. *See id.,* at 252.

B.    The Legal Standard For Invalidity Under 35 U.S.C. § 112, ¶1

Section 112, ¶1 of the Patent Laws states that the "specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same." 35 U.S.C. § 112, ¶ 1. The enablement requirement mandates that the specification adequately disclose to one of skill in the art how to make and use the claimed invention

5

without undue experimentation. *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1365 (Fed. Cir. 1997); *In re Vaeck*, 947 F.2d 488, 495 (Fed. Cir. 1991); s*ee also Koito Mfg. Co., Ltd. v. North Am. Lighting, Inc.*, 381 F.3d 1142 (Fed. Cir. 2004). The Federal Circuit has set forth a number of factors to guide courts in the determination of what constitutes undue experimentation, including:

> (1)  the quantity of experimentation necessary;
> (2)  the amount of direction or guidance presented;
> (3)  the presence or absence of working examples;
> (4)  the nature of the invention;
> (5)  the state of the prior art;
> (6)  the relative skill of those in the art;
> (7)  the predictability or unpredictability of the art; and
> (8)  the breadth of the claims.

*In re Wands*, 858 F.2d 731, 736-737 (Fed. Cir. 1988).

To fulfill the enablement requirement, the specification must do more than provide a plan or invitation for further research. *Genentech*, 108 F.3d at 1366; *Enzo Biochem Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1374 (Fed. Cir. 1999).

To comply with the written description requirement, the specification must reasonably convey to a person of skill in the art that, as of the filing of the application, the inventor had possession of the later claimed subject matter. *Regents of the Univ. of Cal. V. Eli Lilly & Co.*, 119 F.3d 1559, 1566 (Fed. Cir. 1997). The purpose of the written description requirement is to ensure that the scope of the claimed invention "does not overreach the scope of the inventor's contribution to the field of art as described in the patent specification." *Reiffin v. Microsoft Corp.*, 214 F.3d 1342, 1345 (Fed. Cir. 2000).

The written description requires that the specification provide a "'precise definition, such as by structure, formula, chemical name, or physical properties,' not a mere wish or plan for obtaining the claimed invention." *Eli Lilly*, 119 F.3d at 1566

(quoting *Fiers v. Revel*, 984 F.2d 1164, 1171 (Fed. Cir. 1993)). "The disclosure must adequately guide the art worker to determine, without undue experimentation, which species among all those encompassed by the claimed genus possess the disclosed utility." *In re Vaeck*, 947 F.2d 488, 496 (Fed. Cir. 1991). "Tossing out the mere germ of an idea does not constitute an enabling disclosure." *See Genentech*, 108 F.3d at 1366

The fundamental problem with the asserted claims is that the scope of the claimed compound is far broader than the examples disclosed in the '062 patent. Validity under § 112 does not look to whether one of skill in the art could reproduce the specific examples of the patent – the focus is on whether one of skill in the art could practice the full scope of the claimed invention. As the Federal Circuit recently observed:

> "If mere plausibility were the test for enablement under section 112, applicants could obtain patent rights to 'inventions' consisting of little more than respectable guesses as to the likelihood of their success. When one of the guesses later proved true, the 'inventor' would be rewarded the spoils instead of the party who demonstrated that the method actually worked. That scenario is not consistent with the statutory requirement that the inventor enable an invention rather than merely proposing an unproven hypothesis."

*Rasmusson v. Smithline Beecham Corp.*, 2005 WL 1501450 (Fed. Cir. 2005)

Moreover, Claims 6 and 9 of the '062 patent, if construed as broadly as LPM asserts, do not comply with the enablement requirement of § 112. "The scope of the [patent] claims must be less than or equal to the scope of the enablement. The scope of enablement, in turn, is that which is disclosed in the specification plus the scope of what would be known to one of ordinary skill in the art without undue experimentation." *Monsanto Co. v. Syngenta Seeds, Inc.*, 2006 U.S. Dist. LEXIS 27512, *16 (D. Del. May 10, 2006). The scope of the claims must bear a reasonable correlation to the scope of

7

enablement provided in the specification. *In re Vaeck*, 947 F.2d 488, 495 (Fed. Cir. 1991).

> The specification must teach either through written description or working examples so that a person of skill in the art could make or use the invention as broadly as it is claimed. *Boston Scientific SciMed, Inc. v. Cordis Corp.*, 392 F.Supp.2d 676, 681 (D. Del. October 14, 2005) (*citing In re Wright*, 999 F.2d 1557, 1561 (Fed. Cir. 1993)). The patent is not fatal where some experimentation is required, so long as the degree of experimentation is not undue. *In re Wands*, 858 F.2d 731, 736-737 (Fed. Cir. 1988).

These factors are not mandatory but rather, illustrative. *Amgen, Inc. v. Chugai Pharma. Co., Ltd.*, 927 F.2d 1200, 1213 (Fed. Cir. 1991). What factors are relevant depends upon the facts of the case. *Id.*

Where "the teachings set forth in the specification provide no more than a "plan" or "invitation" for those of skill in the art to experiment practicing [the claimed invention] they do not provide sufficient guidance or specificity as to how to execute that plan." *Enzo*, 188 F.3d at 1374 (citations omitted). A specification that contains a single example using specific materials has been found insufficient to enable broad claims. *In re Goodman*, 11 F.3d 1046, 1050 (Fed. Cir. 1993). Even where the specification discloses a number of working examples in its description, where this disclosure is "very narrow" it does not enable the wide breadth of the claims at issue. *Enzo Biochem, Inc.*, 188 F.3d at 1374-1375.

A failure to teach the claimed invention results in summary judgment of invalidity due to nonenablement. *Monsanto,* 2006 U.S. Dist. LEXIS 27512, *23. "Invalidity for lack of enablement is a conclusion of law and must be supported by facts proved by clear

8

and convincing evidence." *Nat'l Recovery Techs. v. Magnetic Separation Sys., Inc.,* 166 F.3d 1190, 1195 (Fed. Cir. 1999).

C.    <u>Claims 6 and 9 Are Invalid For Lack of a Written Description</u>

The specification of the '062 patent plainly provides that the composition must contain at least five percent (5%) orange oil. (Ex. A, Col. 2, lns. 25-33; Col. 6, lns. 29-45 and 55-60; and Col. 8, lns. 39-45). Specifically, the '062 patent states that "[a] composition according to the present invention could have as little as five percent (5%) by volume of orange oil although it was preferable to have a cleaning composition having at least twenty-five percent (25%) by volume of orange oil." (Ex. A, Col. 6, lns. 55-60). Just as in *Enzo*, the working examples disclosed in the specification do not teach one of skill in the art use of orange oil at concentrations below five percent (5%). *Enzo*, 188 F.3d at 1374-1375. Therefore, the '062 patent lacks a written description that supports claims directed to cleaning compositions containing less than 5% orange oil, let alone less than 1% orange oil like the Limited Defendants' accused products.

A *Wands* factors analysis further demonstrates that undue experimentation is required for using orange oil at levels below five percent (5%). *See Wands*, 858 F.2d at 736-737. Given the large number of testing samples described in the '062 patent to actually obtain working samples of the composition according to the invention, it is reasonable to expect that one of ordinary skill in the art would similarly need to run a significant tests and experiments to determine orange oil's cleaning ability below five percent (5%), as well as its effectiveness with moisturizers and varying pH's. The specification does not give direction or guidance towards, and actually teaches away

9

from, using orange oil below five percent (5%). The specification does not contain any working examples of the cleaning composition with orange oil at a concentration lower than five percent (5%). In fact, the alleged invention is the "surprising" ability of the natural ingredient "undistilled orange oil" to act as an effective cleaner (at 5% by volume) that does not cause irritation or reactions to the human skin. (Ex. A, Col. 2, lns. 2-7).

This *Wands* factors analysis is clear and convincing evidence for that undue experimentation is required for one of skill in the art to make or use the claimed invention at percentages of orange oil below 5%. As such, in view of LPM's broad assertion that Claims 6 and 9 cover cleaning compositions having significantly less than 5% orange oil, Claims 6 and 9 are invalid for lack of a written description.

## CONCLUSION

For the foregoing reasons, the Limited Defendants respectfully request that summary judgment be granted in its favor regarding the invalidity of Claim 6 and 9 of the '062 patent under 35 U.S.C. § 112.

Respectfully submitted,

FOX ROTHSCHILD LLP

Dated: July 6, 2006

By: /s/ Francis G.X. Pileggi
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
FOX ROTHSCHILD LLP
Suite 1300
919 North Market Street
Wilmington, Delaware 19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com

E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath and Body Works, Inc.
Limited Brands, Inc

11