IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 04-1507 (SLR) |
| BATH & BODY WORKS, INC.; | ) |
| LIMITED BRANDS, INC.; | ) |
| KAO BRANDS CO. (f/k/a THE ANDREW | ) |
| JERGENS COMPANY); and | ) |
| KAO CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**KBC'S MEMORANDUM IN OPPOSITION TO LPM'S *DAUBERT* MOTION
TO STRIKE THE EXPERT REPORT AND EXCLUDE THE TRIAL
TESTIMONY OF THE KAO DEFENDANTS' DAMAGES EXPERT**

OF COUNSEL:

Arthur I. Neustadt
Stephen G. Baxter
Richard L. Chinn
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
Tel: (703) 413-3000
Fax: (703) 413-2220

Dated: July 7, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Kao Brands Co.*

# TABLE OF CONTENTS

Table of Authorities .................................................................................................. ii

Introduction ............................................................................................................ 1

Factual Background ................................................................................................ 1

Argument ................................................................................................................ 2

    LPM's Assertions ............................................................................................... 2

    LPM's Non Assertions ........................................................................................ 5

Conclusion .............................................................................................................. 5

# TABLE OF AUTHORITIES

*Cases*

*Georgia-Pacific Corp. v. U.S. Plywood Corporation,*
   318 F. Supp. 1116 (S.D.N.Y. 1970) .................................................................... 2, 3

*Riles v. Shell Exploration and Production Co.,*
   298 F.3d 1302 (Fed. Cir. 2002) ............................................................................ 3

*Rules*

Fed. R. Civ. P. 56 ........................................................................................................ 1

## Introduction

Defendant Kao Brands Co. ("KBC") opposes the motion of plaintiff LP Matthews L.L.C. ("LPM") as follows. LPM's motion is baseless and, indeed frivolous. Further, although deceptively packaged as a *Daubert* motion, it is nothing more than a baseless summary judgment motion as to which the provisions of Rule 56, Fed. R. Civ. P., are applicable.

## Factual Background

The '062 patent in suit is directed to a hand cleaner. The claimed composition (asserted claims 6 and 9) consists of orange oil, moisturizer and oatmeal (or an oat grain derivative product). Orange oil is included in the product for its ability to clean. Col. 1, ll. 50-64. The '062 patent specifies the minimum amount of orange oil in the product as 5% "although it was preferable to have a cleaning composition having at least 25% by volume of orange oil." Col. 6, ll. 56-61.

The accused products include orange oil for its use as a masking agent to mask any odor. Story declaration, ¶4. The amount of orange oil in the accused products is far less than 5%, far less than 1% and, indeed, is miniscule. See KBC's memorandum in support of its motion for summary judgment of non-infringement at 4 (D.I. 250).

In this case, LPM seeks a reasonable royalty. A reasonable royalty is based upon a hypothetical negotiation between a willing licensor (LPM) and a willing licensee (KBC). At this hypothetical negotiation, one of the choices that would have been available to the willing licensee was the adoption of a non-infringing alternative. In this case, an option for KBC at the hypothetical negotiation would have been not to include orange oil in its products. KBC could have done so by using another masking agent, a

fragrance or not using any masking agent. Story declaration, ¶5. Thus, at the hypothetical negotiation, rather than pay a large running royalty to LPM, KBC could have simply decided to adopt a non-infringing alternative.

In short, since the patented invention would not have been of any great value to KBC since it could have readily adopted a non-infringing alternative, KBC would have been willing to pay only a small lump sum payment of $25,000 or, at most, $50,000. Story declaration, ¶6.

## Argument

### LPM's Assertions

Although LPM does not dispute that the presence of a non-infringing alternative is pertinent with respect to a determination of a reasonable royalty, LPM asserts that a non-infringing alternative is not one of the *Georgia-Pacific* factors and, therefore, Dr. Jizmagian was supposedly wrong when he stated that "I have considered the *Georgia-Pacific* factors in my analysis and the overriding factor is that KBC could avoid the infringement assertion by not using orange oil in the accused products." However, Dr. Jizmagian was correct.

The presence of a non-infringing alternative is pertinent with respect to *Georgia-Pacific* factors 9-11. Factor 9 pertains to "[t]he utility and advantages of the patent property," factor 10 pertains to "the benefits to those who have used the [patented] invention" and factor 11 pertains to "evidence probative of the value of that use." *Georgia-Pacific Corp. v. U.S. Plywood Corporation*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Since KBC could have adopted a non-infringing alternative rather than pay LPM a large running royalty, there was no great "utility or advantage" of the patented

2

invention to KBC, there was no great "benefit" to KBC to using the patented invention and the "value" of the patented invention to KBC was slight with the result that KBC would have been willing to make a lump sum payment of only $25,000 and certainly less than $50,000 for a paid-up license.

LPM asserts (at 4) that "[c]hoosing to avoid infringement is *not* one of the (*Georgia Pacific*) factors." Emphasis by LPM. However, as noted above, the presence of a non-infringing alternative is part of the *Georgia-Pacific* factors. Contrary to LPM's assertion, KBC has not asserted that it would have paid nothing for a license but, rather, would have offered a small lump sum payment reflective of the value of the patented invention to KBC. In any event, non infringing alternatives are pertinent to damages. *Riles v. Shell Exploration and Production Co.*, 298 F.3d 1302, 1313 (Fed. Cir. 2002) ("The trial court may also consider any other evidence about non-infringing alternatives.").

Nor is there any substance to LPM's assertion (at 4) that Dr. Jizmagian was required to discuss in detail the numerous other *Georgia-Pacific* factors having no relevance to the instant factual situation. As Dr. Jizmagian stated in ¶5 of his expert report, "I have considered the *Georgia Pacific* factors in my analysis and the overriding factor is that KBC could avoid the infringement assertion by not using orange oil in the accused products."

LPM also asserts (at 5) that "Dr. Jizmagian contributes nothing, simply echoing David Story's unsubstantiated fact contentions." However, apart from the fact that David Story's fact contentions are substantiated and, indeed, are not remarkable in the least (KBC would have adopted a different masking agent, a fragrance or no masking agent

3

rather than pay a large running royalty), it is common and appropriate for damages experts as well as other experts to rely upon facts provided to them by others.

LPM's assertions (at 5) concerning the Story deposition are similarly baseless. Although Mr. Story was aware of an instance in which KBC had changed one fragrance to another, he was not aware of an instance in which KBC had changed one masking agent to another. However, this deposition testimony is not inconsistent with ¶5 of his declaration that "[s]hould it have been desired not to use orange oil in the accused KBC products, the orange oil could have been replaced by another masking agent or by a fragrance … [and] [a]lternatively it would have been possible not to use any masking agent." Similarly, Mr. Story's deposition testimony that he was not aware whether KBC ever desired to use any masking agent other than orange oil in its accused products is not inconsistent with ¶5 of his declaration that this could have been done should it have been desired not to use orange oil in the accused KBC products.

Similarly, Mr. Story's deposition testimony that a payment greater than $50,000 at the hypothetical negotiation would have required further review at KBC is not inconsistent with ¶6 of his declaration that "KBC might have been willing to pay a relatively small amount such as $25,000 … [for a paid-up license] but would not have been willing to pay an amount greater than $50,000." Since KBC at the hypothetical negotiation would not have been willing to pay more than $50,000 for a paid-up license, there would not have been any need to obtain authorization for a payment greater than $50,000.

4

## LPM's Non Assertions

Apart from its assertions concerning the facts set forth in Mr. Story's declaration, LPM has not contested Dr. Jizmagian's statements in his expert report with respect to the Evans expert report that:

KBC would not have agreed to pay "a reasonable royalty of at least 6-8%" (paragraph 53) since it could choose not to use orange oil in the accused products.

The average income after deduction for expenses for the years 2000-2004 expressed as a percentage of net sales (KBC documents 828 and 889) was less than 22%, not 78% (paragraph 57).

The term "payment of 8% of revenue from any commercialization by Matthews" (paragraph 32, referred to in paragraph 55) is not "evidence of a reasonable royalty rate" since it was not the result of an arms length transaction. Also, there is no statement that any such payment was ever made.

## Conclusion

For the foregoing reasons, LPM's motion should be denied.

Respectfully submitted,

OF COUNSEL:

Arthur I. Neustadt
Stephen G. Baxter
Richard L. Chinn
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
Tel: (703) 413-3000
Fax: (703) 413-2220

Dated: July 7, 2006

740011

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE 19899-0951
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendant Kao Brands Co.*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

      I, David E. Moore, hereby certify that on July 7, 2006, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Steven J. Balick | Francis G.X. Pileggi |
| John G. Day | Fox Rothschild LLP |
| Ashby & Geddes | 919 Market Street |
| 222 Delaware Avenue | Suite 1300 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |

      I hereby certify that on July 7, 2006, I have Electronically Mailed the documents to the following non-registered participants:

| | |
|---|---|
| Ronald J. Schutz | Robert A. Auchter |
| Robins, Kaplan, Miller & Ciresi L.L.P. | Jason R. Buratti |
| 2800 LaSalle Plaza | Robins, Kaplan, Miller & Ciresi L.L.P. |
| 800 LaSalle Avenue | 1801 K Street, NW |
| Minneapolis, MN 55402-2015 | Washington, DC 20006 |
| rjschutz@rkmc.com | raauchter@rkmc.com |
| | jrburatti@rkmc.com |

John F. Ward
Ward & Olivo
382 Springfield Avenue
Summit, NJ 07901
wardj@wardolivo.com

      By:   */s/ David E. Moore*
              Richard L. Horwitz
              David E. Moore
              Potter Anderson & Corroon LLP
              Hercules Plaza, 6th Floor
              1313 N. Market Street
              Wilmington, DE 19899-0951
              (302) 984-6000
              rhorwitz@potteranderson.com
              dmoore@potteranderson.com

673089