IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1507 (SLR) |
| | ) |
| BATH & BODY WORKS, INC.; LIMITED BRANDS, INC.; KAO BRANDS CO. (f/k/a THE ANDREW JERGENS COMPANY); and KAO CORPORATION, | ) **PUBLIC VERSION** |
| | ) |
| Defendants. | ) |

**KBC'S MEMORANDUM IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

OF COUNSEL:

Arthur I. Neustadt
Stephen G. Baxter
Richard L. Chinn
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000
Fax: (703) 413-2220

Dated: June 29, 2006
Public Version Dated: July 7, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Kao Brands Co.*

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS .................................................................... 1

SUMMARY OF ARGUMENT ............................................................................................ 1

CONCISE STATEMENT OF FACTS ................................................................................. 1

    The '062 Patent-In-Suit ................................................................................................. 1

    The Accused KBC Products ......................................................................................... 4

ARGUMENT ........................................................................................................................ 5

    Summary Judgment Is Appropriate .............................................................................. 5

    The Accused KBC Products Do Not Have The Necessary 5% Orange Oil ................ 6

    The Accused KBC Lotions Are Not Skin Cleaning Compositions ............................. 8

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

*Cases*

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................ 5

*Becton Dickinson and Co. v. C.R. Bard, Inc.*,
  922 F.2d 792 (Fed. Cir. 1990) ................................................................................ 6

*Inpro II Licensing, S.A.R.L. v. T-Mobile USA, Inc.*,
  2006 U.S. App. LEXIS 11675 (Fed. Cir. May 11, 2006) ....................................... 7

*Netword, LLC v. Centraal Corp.*,
  242 F.3d 1347 (Fed. Cir. 2001) .............................................................................. 7

*SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*,
  242 F.3d 1337 (Fed. Cir. 2001) .............................................................................. 7

*Rules*

Fed. R. Civ. P. 56 ......................................................................................................... 6

Fed. R. Civ. P. 56(c) .................................................................................................... 5

Fed. R. Civ. P. 56(e) .................................................................................................... 5

## NATURE AND STAGE OF PROCEEDINGS

In this patent infringement action, the complaint was filed on December 8, 2004 (D.I. 1), both fact and expert discovery have been completed and summary judgment motions are due on June 29. This motion updates and replaces the pending non-infringement summary judgment motion filed March 8, 2005 (D.I. 12).

## SUMMARY OF ARGUMENT

The '062 patent-in-suit, entitled CLEANING COMPOSITIONS WITH ORANGE OIL, is directed to a skin cleaning composition with orange oil to remove unwanted substances such as tar, caulking compounds and the like. Although the claims asserted to be infringed do not recite a lower limit for the orange oil, the specification states that at least 5% orange oil is necessary for sufficient cleaning. Although the accused products include orange oil, the amount of orange oil in each product is ▓▓▓▓▓▓, *less* than ▓▓▓▓▓▓ of the 5% necessary for sufficient cleaning as stated in the specification. Additionally, apart from the lack of sufficient orange oil as noted above, two of the four accused products are lotions and are not cleaning compositions. Accordingly, there can be no infringement.

## CONCISE STATEMENT OF FACTS

### The '062 Patent-In-Suit

The '062 patent-in-suit (5,063,062, Exhibit A hereto) is entitled CLEANING COMPOSITIONS WITH ORANGE OIL.

The FIELD OF THE INVENTION states that "[t]he present invention generally relates to cleaning compositions suitable for external application to human skin tissue in

order to remove unwanted substances such as tar, caulking compounds, sealants, adhesives and the like." Col. 1, ll. 5-9.

The BACKGROUND OF THE INVENTION states that "[d]espite the long felt need for better cleaners, the suitability of orange oil has thus not been recognized, and the inventors of the subject invention have found success by examining this substance contrary to the direction of inquiry adopted by the industry at large." Col. 2, ll. 2-7.

The '062 invention is described as follows.

> The present invention, then, provides a skin cleaning composition which is adapted for external use on human tissues. Broadly, this composition comprises *a first ingredient being between five percent (5%) and sixty percent (60%) by volume of orange oil*, a second ingredient being a pharmaceutically acceptable moisturizer for human skin and a third ingredient being an emulsifying agent.

Col. 2, ll. 25-33, emphasis added.

The specification reports testing where the percentage of orange oil was varied to determine cleaning ability at various percentages.

> *In order to evaluate cleaning properties as a function of percent volume of orange oil*, additional samples were prepared wherein the weight percentages of the ingredients other than orange oil was held constant *while the amount of orange oil was varied to provide differing volume percentages of orange oil*. Accordingly, Samples XIV-XVII were prepared to have volume percents of orange oil approximately *5%, 10%, 15% and 25%*, respectively. In each case, the emulsions were stable. These Samples XIV-XVII were given to the test group to subjectively evaluate cleaning effectiveness.

Col. 6, ll. 29-41, emphasis added.

The 5% orange oil composition (Sample XIV) could not effectively clean tar or caulking compounds and, indeed, was only effective in removing cosmetics, the easiest to remove.

2

> With respect to Sample XIV, the test group reported that cleaning properties were substantially reduced; *Sample XIV could not effectively clean tar or caulking compounds. Indeed, Sample XIV was only effective in removing cosmetics from the skin.*

Col. 6, ll. 41-45, emphasis added.

From these tests, the '062 inventors concluded that it was preferable to have at least 25% by volume of orange oil although as little as 5% by volume could be used to clean the easier to remove cosmetics.

> From these tests, Applicants concluded that, *with respect to cosmetics*, a composition according to the present invention *could have as little as 5% by volume of orange oil* although it was preferable to have a cleaning composition having at least 25% by volume of orange oil.

Col. 6, ll. 56-61, emphasis added.

The specification sums up the '062 invention as follows.

> From the foregoing, the inventors have concluded that a suitable skin cleaning composition can be prepared wherein the skin composition has *a first ingredient of between 5% and 60% by volume of orange oil*, a second ingredient being a pharmaceutical acceptable moisturizer for human skin and a third ingredient being an emulsifying agent.

Col. 8, ll. 39-45, emphasis added.

Only claims 6 and 9 of the '062 patent are asserted to be infringed. Claim 6 is as follows.

> 6. A skin cleaning composition for external use on human tissues, comprising orange oil, a pharmaceutically acceptable moisturizer for human skin and an oat grain derivative product as an emulsifying agent, wherein said composition has a pH within a range of 4.5 to 6.0, inclusively.

Col. 10, ll. 1-6.

Claim 9 is as follows.

3

> 9. A cleaning composition for use on human skin comprising forty-five percent (45%) or less by volume of orange oil, forty-five percent (45%) or less by volume of oatmeal and a pharmaceutically acceptable moisturizer.

Col. 10, ll. 13-17.

### The Accused KBC Products

There are four accused KBC products, only one of which is a current product.

Curél Ultra Healing Lotion (current)

Curél Extreme Care Body Lotion (discontinued)

Curél Extreme Care Facial Wash (discontinued)

Curél Extreme Care Body Cleanser (discontinued)

Although each of these products includes orange oil, the amount of orange oil in each product is more than ▓▓▓▓ than the 5% lower limit for sufficient cleaning as stated in the '062 specification. Col. 6, ll. 28-61 and, in particular, ll. 56-61. The orange oil percentage by weight for each of these products is ▓▓▓▓ which translates into an orange oil percentage by volume of ▓▓▓▓. The master formula for each of these products with the percentage (by weight) of orange oil is set forth in Exhibits 1-4 to the Story declaration filed herewith.

Apart from having only a miniscule amount of orange oil, the Curél Ultra Healing Lotion is a lotion and not a cleaning composition as required by claims 6 and 9. The container for this product describes it as a "Daily Moisture Therapy Lotion" that "has all the healing power of a cream in a non-greasy lotion" and further states that "[i]ts unique formula penetrates deeply to heal and prevent extra dry skin" and "[i]t's clinically proven to quadruple skin's natural moisture level." The user of the product is instructed to

4

"[s]mooth onto dry skin daily" and "[r]e-apply liberally to especially rough, chapped or ashy areas." Exhibit 5 to the Story declaration.

Similarly, the Curél Extreme Care Body Lotion is a lotion and not a cleaning composition. Its container describes it as "designed to relieve frustrating itch problems and build healthy feeling skin" and further states that it "[h]elps prevent the return of severely dry, itchy skin," it "[l]ocks in moisture to deliver superior moisturization and build healthier skin" and it "[l]eaves your skin feeling soft and smooth." Exhibit 6 to the Story declaration.

## ARGUMENT

### Summary Judgment Is Appropriate

Rule 56(c), Fed. R. Civ. P., provides that "[t]he judgment sought shall be rendered forthwith if [the evidentiary materials upon which the motion is based] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(e) provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response … must set forth specific facts showing that there is a genuine issue for trial" and "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

The Supreme Court in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) held that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" and, "[i]f the evidence is merely

5

colorable [citation omitted] or is not significantly probative [citation omitted], summary judgment may be granted." *Id.* at 249-250.

The Federal Circuit in *Becton Dickinson and Co. v. C.R. Bard, Inc.*, 922 F.2d 792 (Fed. Cir. 1990) held that "the grant of summary judgment under Fed. R. Civ. P. 56 [footnote omitted] is appropriate in a patent case where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Id.* at 795.

### The Accused KBC Products Do Not Have The Necessary 5% Orange Oil

Asserted claims 6 and 9 each require a skin cleaning composition. The cleaning is provided by the orange oil. Col. 2, ll. 2-7. The '062 specification specifically states how much orange oil is necessary to obtain sufficient cleaning – "a composition according to the present invention *could have as little as 5% by volume of orange oil.* Col. 6, ll. 56-61, emphasis added. This conclusion was based upon the test result that the 5% Sample XIV was "effective in removing cosmetics from the skin" (col. 6, ll. 44-45) even though it "could not effectively clean tar or caulking compounds" (col. 6, ll. 41-44). Thus, the '062 specification plainly states that percentages below 5% do not provide sufficient cleaning.

Although the '062 specification draws the line at 5% orange oil for sufficient cleaning, this is not a case in which the accused product has 4.5%, 4% or even 1% orange oil. To the contrary, each of the accused products has an orange oil percentage of only ▇▇▇▇▇▇▇, *less* than ▇▇▇▇▇▇▇ of the necessary 5% for sufficient cleaning.

That claims 6 and 9 merely recite orange oil and do not recite any particular lower limit is of no moment. "Where the specification makes clear that the invention does not include a particular feature [percentages below 5%], that feature is deemed to be outside

the reach of the claims of the patent, even though the language of the claims, read without reference to the specification, might be considered broad enough to encompass the feature in question." *Inpro II Licensing, S.A.R.L. v. T-Mobile USA, Inc.*, 2006 U.S. App. LEXIS 11675, at *3 (Fed. Cir. May 11, 2006) quoting *SciMed Life Sys., Inc. v Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1341 (Fed. Cir. 2001). As further held by the Federal Circuit in *InPro, supra*, at *3, "neither do the claims enlarge what is patented beyond what the inventor has described as the invention [above 5%]," quoting *Network, LLC v. Centraal Corp.*, 242 F.3d 1347, 1352 (Fed. Cir. 2001).

LPM may argue the doctrine of claim differentiation since claim 1 recites a lower limit of 5% and claims 6 and 9 do not recite such a limit. However, a similar argument was made and rejected in *InPro, supra*. "InPro invokes the doctrine of claim differentiation, and points out that unasserted claims 2, 24, and 33 refer specifically to a 'parallel bus interface,' and that unasserted claims 3, 25 and 32 refer to a 'direct access' parallel bus. *InPro* argues that the presence of these limitations of the host interface in the unasserted claims demonstrates that the broader claim 34 is not limited to a parallel bus interface involving direct access." *InPro, supra* at *2. In rejecting this argument, the Federal Circuit noted that "[t]he boundaries of patented inventions are set forth in the claims, *construed in light of the description in the specification ....*" *Id.*, emphasis added.

Since the '062 specification plainly states that orange oil percentages below 5% will not provide sufficient cleaning and since each of the accused KBC products has an orange oil percentage of less than ▮▮▮▮▮ of 5%, none of these products can infringe claims 6 or 9.

7

### The Accused KBC Lotions Are Not Skin Cleaning Compositions

Claim 6 of the '062 patent requires "[a] skin cleaning composition for external use on human tissues" and claim 9 requires "[a] cleaning composition for use on human skin." The title of the '062 patent is *CLEANING COMPOSITIONS* WITH ORANGE OIL, emphasis added. The '062 specification states that "[t]he present invention generally relates to cleaning compositions suitable for external application to human skin tissue in order to remove unwanted substances such as tar, caulking compounds, sealants, adhesives and the like." Col. 1, ll. 5-9.

As is readily apparent, the Curél Ultra Healing Lotion and the Curél Extreme Care Body Lotion are not cleaning compositions and certainly do not remove unwanted substances such as tar, caulking compounds, sealants, adhesives and the like. On the contrary, they are lotions whose purpose is to heal and prevent extra dry skin. This essential difference is exemplified by the manner of use between a cleanser and a lotion. Whereas a cleanser is used to wash off and remove unwanted foreign substances such as tar, caulking compounds, sealants, adhesives and the like, a lotion is liberally applied (and re-applied) as a medicinal preparation to heal damaged areas of skin.

Accordingly, apart from lacking the necessary 5% orange oil for sufficient cleaning, the Curél Ultra Healing Lotion and the Curél Extreme Care Body Lotion also can not infringe since they are not cleaning compositions.

## CONCLUSION

For the foregoing reasons, there is no genuine issue as to any material fact and summary judgment of non-infringement of claims 6 and 9 should be entered.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt
Stephen G. Baxter
Richard L. Chinn
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel.: (703) 413-3000
Fax: (703) 413-2220

Dated: June 29, 2006
Public Version Dated: July 7, 2006

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899-0951
    Tel.: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants Kao Brands Co.*

740047

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 7, 2006, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE 19801

Francis G.X. Pileggi
Fox Rothschild LLP
919 Market Street
Suite 1300
Wilmington, DE 19801

I hereby certify that on July 7, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
rjschutz@rkmc.com

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, NW
Washington, DC 20006
rauchter@rkmc.com
jrburatti@rkmc.com

John F. Ward
Ward & Olivo
382 Springfield Avenue
Summit, NJ 07901
wardj@wardolivo.com

By:   /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

673089