**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LP MATTHEWS, L.L.C.,   )<br>                                        )<br>     Plaintiff,                    )<br>                                        )<br>v.                                     )<br>                                        )<br>BATH & BODY WORKS, INC.,   )<br>   and                                )<br>LIMITED BRANDS, INC.,        )<br>   and                                )<br>KAO BRANDS CO. (f/k/a THE ANDREW   )<br>JERGENS COMPANY),         )<br>   and                                )<br>KAO CORPORATION,            )<br>                                        )<br>     Defendants.                 ) | C.A. No. 04-1507 (SLR)<br>JURY TRIAL DEMANDED |

**DEFENDANTS BATH & BODY WORKS, INC. AND LIMITED BRANDS,
INC.'S ANSWERING BRIEF IN OPPOSITION TO LP MATTHEWS'** *DAUBERT*
**MOTION TO STRIKE THE EXPERT REPORT AND TRIAL TESTIMONY OF
THE LIMITED DEFENDANTS' PATENT LAW EXPERT, MICHAEL H. DAVIS**

                                  FOX ROTHSCHILD LLP
                                  Francis G.X. Pileggi (Del. Bar No. 2624)
                                  Sheldon K. Rennie (Del. Bar No. 3772)
                                  919 North Market Street, Suite 1300
                                  Wilmington, Delaware  19801
                                  Phone: (302) 655-3667
                                  Fax: (302) 656-8920

                                  *Attorneys for Defendants Bath & Body Works, Inc.
                                  and Limited Brands, Inc*.

OF COUNSEL:

WARD & OLIVO
John F. Ward
David M. Hill
Michael J. Zinna
708 Third Avenue
New York, New York  10017
Phone: (212) 697-6262
Fax: (212) 972-5866

# TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS ..........................................................1

SUMMARY OF THE ARGUMENT ................................................................................1

STATEMENT OF THE FACTS .......................................................................................2

ARGUMENT.....................................................................................................................4

CONCLUSION .................................................................................................................7

## **TABLE OF AUTHORITIES**

**CASES**

*Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 1998 U.S. Dist. LEXIS 3833
    (D. Del. 1998) ................................................................................................ 6

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ........................................ 2, 5

*Hammond v. Int'l Harvester Co.*, 691 F.2d 646 (3d Cir. 1982).......................................... 5

*In re Paoli*, 35 F.3d 717 (3d Cir. 1994) ............................................................................ 5

*Schneider v. Fried*, 320 F.396 (3d Cir. 2003)..................................................................... 5

## NATURE AND STAGE OF THE PROCEEDINGS

On December 8, 2004, plaintiff LP Matthews, Inc. ("LPM" or "plaintiff"), filed a Complaint against Bath & Body Works, Inc, Limited Brands, Inc. (collectively "the Limited Defendants"), KAO Brands Co., and KAO Corp. alleging infringement of the United States Patent No. 5,063,062 ("the '062 patent"). (D.I. 1). This Court entered a Scheduling Order on June 9, 2005. (D.I. 39). Fact discovery closed on January 26, 2006 (*Id.* at 1) and expert discovery closed on May 12, 2006. (*Id.* at 3). Daubert motions and opening briefs were filed on June 22, 2006. (*Id.*). Answering Briefs are due by July 7, 2006. (*Id.*).

## SUMMARY OF THE ARGUMENT

Contrary to LPM's assertions, The Expert Report of Professor Michael H. Davis ("the Davis Report") is in accordance with *Daubert* and was submitted on time. The Davis Report was submitted on March 31, 2006 as a rebuttal to the reports of LPM's experts, Dr. Rhodes and Mr. Evans. Rebuttal reports were due on March 31, 2006.

Mr. Evans' "economic" report is filled with legal conclusions on issues such as willful patent infringement, and Dr. Rhodes' report misapplies several important patent law doctrines. Both reports also ignore the prosecution of the '062 patent's continuation-in-part, a crucial oversight.

Also contrary to LPM's assertions, Mr. Davis exceeds the well-settled qualifications of an expert. He has practiced and taught intellectual property law for over 25 years, and is a prolific author on patent law.

Mr. Davis' testimony here satisfies the standard of admissibility set forth in *Daubert*. A greater understanding of patent office examination and appeal procedure will assist the jury here in weighing the testimony of each of LPM's experts, particularly in light of the evidence they chose to overlook in their analysis – the Board's decision to deny the continuation-in-part of the '062 patent. Here, the circumstances are extraordinary and this Court should deviate from its usual practice of not allowing expert legal testimony because without it, the jury may not have enough information to properly asses and weigh certain crucial pieces of evidence.

## STATEMENT OF THE FACTS

The United States Patent and Trademark Office ("PTO") issued "the '062 patent" to Douglas Greenspan and Phillip Low on November 5, 1991. (LP Ex. A; the '062 patent, Cover Page).[1] The '062 patent is directed to a cleaning composition that approximates the pH of human skin and utilizes 5%-60% orange oil as its cleaning agent, oatmeal or oat gum as its primary emulsifier, and a moisturizer. (*See generally*, LP Ex. A).

LPM now purports to own the '062 patent, and has filed the present lawsuit alleging that Claims 6 and 9 of the '062 patent are infringed by 27 products ("the Accused Products") sold by the Limited Defendants.

Opening expert reports were due on February 28, 2006. (D.I. 39 at 3). On that date, LPM submitted the Expert Report of Christopher T. Rhodes Pursuant to Federal

---

[1] Exhibits referenced as "LP Ex.___" refer to the Exhibits attached to LP Matthews' Opening Memorandum in Supporting its *Daubert* Motion to Strike the Expert Report and Exclude the Trial Testimony of the Limited Defendants' Liability Expert, Michael H. Davis. (D.I. 238).

2

Rule of Civil Procedure 26(A)(2)(b) and the Expert Report of Larry W. Evans ("the Evans Report"; Ex. A).[2]  Rhodes' report was later updated on March 6, 2006. ("the Rhodes Report"; Ex. B).

The Rhodes Report addresses Dr. Rhodes' opinion about whether Claims 6 and/or 9 of the '062 patent read on the Accused Products.  (Ex. B, pp. 1-2).  In reaching his conclusions that all 27 Accused Products infringe Claims 6 and/or 9, Dr. Rhodes misapplies several legal doctrines which he presents as having been explained to him by LPM's counsel, giving his position the air of legal correctness.  (Ex. B, pp. 7-8).  For example, Dr. Rhodes concludes that 18 of the Accused Products would infringe the '062 patent under the doctrine of equivalents.  (Ex. B, pp. 7-8).  After correctly stating that application of the doctrine of equivalents must be on an element-by-element basis, Dr. Rhodes proceeds to summarily conclude that Accused Products are equivalent to entire claims, without performing the very element-by-element analysis he articulated only lines earlier.  (Ex. B, pp. 7-8).

In preparing the Rhodes Report, Dr. Rhodes did not review several documents that should have had an impact on his legal conclusions, including the prosecution history of the '062 patent's continuation-in-part, or the Board of Patent Appeals' ("the Board") decision to deny that application. (Ex. B, Appendix).

Mr. Evans states that he was engaged to provide an expert opinion on damages. (Ex. A, p. 1).  However, his report is as much legal as it is economic.  No fewer than 12 paragraphs of the Evans Report state unsupported legal conclusions, discuss and analyze case law, and otherwise provide Mr. Evans' opinion on non-damages-related topics such

---

[2] Exhibits referenced as "Ex. _" are attached hereto.

3

as whether there should be a finding of willful infringement here. (Ex. A, ¶¶ 23, 28, 33, 36, 44-51).

The Limited Defendants submitted the Davis Report on March 31, 2006 in order to counter the misapplications of law and inappropriate legal opinions espoused in the Rhodes and Evans Reports, as well as to communicate the importance of certain prosecution-related documents that were not considered by Dr. Rhodes or Mr. Evans in the context of patent prosecution on the whole. (LP Ex. A, p. 2). The parts of a patent application, the examination process, the interrelatedness of a parent and child application, and the patent appeal process are all integral to an informed discussion on these topics.

Mr. Davis attended Harvard Law School, has practiced law since 1976, and has been a professor of intellectual property law since 1979. (Exhibit C of LP Ex. A, pp. 2-5). He has written several publications on intellectual property, including the popular "Nutshell" series' tome on patents, copyrights and trademarks. (Exhibit C of LP Ex. A, pp. 2-5).

## ARGUMENT

As a threshold matter, the Davis Report was not untimely; it was submitted in accordance with local rules on responsive briefing. (D.I. 39 at 3). Opening expert reports were due on February 28, 2006 and responses were due by March 31, 2006 pursuant to the Scheduling Order. (D.I. 39 at 3). The Davis Report was timely submitted on March 31, 2006. (LP Ex. A).

LPM's challenge to Mr. Davis' qualifications as an expert is unfounded and wholly unsupported. Mr. Davis is more than qualified to give expert testimony in this case. LPM bases its position solely on Mr. Davis' lack of practical experience, which is not the measure of expert qualifications. Tellingly, LPM fails to cite any authority to support its argument. Contrary to LPM's position, "a broad range of knowledge, skills, and training qualify an expert," *Schneider v. Fried*, 320 F.396, 404 (3d Cir. 2003) (*quoting In re Paoli*, 35 F.3d 717, 741-743 (3d Cir. 1994)). Courts have repeatedly "eschewed imposing overly rigorous requirements of expertise and have been satisfied with more generalized qualifications." *In re Paoli*, 35 F.3d at 741 (*citing Hammond v. Int'l Harvester*, 691 F.2d 646, 652-653 (3d Cir. 1982). Practical experience as well as academic training and credentials may be the basis of qualifications as an expert witness. *Hammond*, 691 F.2d at 652-653.

Mr. Davis attended Harvard Law School, has practiced law since 1976, and has been a professor of intellectual property law since 1979. (Exhibits B-C of LP Ex. A). He has written several publications on intellectual property, including the popular "Nutshell" series' tome on patents, copyrights and trademarks. (Exhibit C of LP Ex. A, pp. 2-5). This extensive background in intellectual property law more than qualifies Professor Davis to testify on patent matters.

Professor Davis' testimony here satisfies the standard for admissibility set forth in *Daubert*. A trial judge must ensure that proposed expert testimony will "assist the trier of fact" because that testimony is both "relevant" and "reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). The entire Davis Report meets these

qualifications, as does Professor Davis' expected trial testimony.[3] The paragraphs of the Davis Report challenged by LPM discuss in detail the parts of a patent, examination before the PTO, the proper procedure for construing a claim, utility, obviousness, novelty, the presumption of validity afforded to an issued patent, and the impact of the Board's decision in the '062 patent's continuation-in-part. The Limited Defendants agree that "An Introduction to the Patent System" is an excellent primer on patent practice for the jury. However, that video does not discuss intricacies of patent practice that are highly relevant to this particular case – for example, the interrelation between a first-filed patent application and its continuation-in-part.

LPM incorrectly states that this Court does not permit testimony on patent practices and procedures;[4] it does so in "extraordinary circumstances." Judge Robinson's *Guidelines: Legal Expert Testimony in Patent Cases*. The circumstances are extraordinary here because LPM's experts have misapplied the law in several areas, have improperly made several legal conclusions, have opined as expert legal witnesses even though they have been proffered for their opinions on other topics, and perhaps most importantly, have ignored certain crucial prosecution documents in formulating their opinions. The overview provided by "An Introduction to the Patent System" may not be enough to enable the jury to properly weigh and consider these missteps and omissions or give them all the information needed to properly understand and consider the import of the evidence that will be placed before them. The Davis Report is meant to fill that gap.

---

[3] LPM's motion only asserts that paragraphs 14-67 (the first one), 68-70, 73, and 75 do not meet the *Daubert* standard for admissibility. (D.I. 238 at 1). Other than its blanket attack on Professor Davis' qualifications (discussed and refuted *supra*), LPM does not assert that his opinions are unreliable.

[4] *See, e.g., Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 1998 U.S. Dist. LEXIS 3833 (D. Del. 1998).

## **CONCLUSION**

Because the Davis Report meets the standards of admissibility espoused in Daubert and because the facts here make this an extraordinary case in which expert legal testimony should be permitted, the Limited Defendants respectfully request that this Court deny LPM's *Daubert* motion.

Respectfully submitted,

FOX ROTHSCHILD LLP

Dated: July 7, 2006

By: /s/ Sheldon K. Rennie
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
FOX ROTHSCHILD LLP
Suite 1300
919 North Market Street
Wilmington, Delaware 19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath and Body Works, Inc.
Limited Brands, Inc.