IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1507 (SLR) |
| | ) | |
| BATH & BODY WORKS, INC.; | ) | |
| LIMITED BRANDS, INC.; | ) | **PUBLIC VERSION** |
| KAO BRANDS CO. (f/k/a THE ANDREW | ) | |
| JERGENS COMPANY); and | ) | |
| KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**KBC'S MEMORANDUM IN OPPOSITION TO LPM'S *DAUBERT* MOTION TO STRIKE THE EXPERT REPORT AND EXCLUDE THE TRIAL TESTIMONY OF THE KAO DEFENDANTS' LIABILITY EXPERT, ROBERT Y. LOCHHEAD**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Kao Brands Co.*

OF COUNSEL:

Arthur I. Neustadt
Stephen G. Baxter
Richard L. Chinn
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
Tel: (703) 413-3000
Fax: (703) 413-2220

Dated: July 7, 2006
Public Version Dated: July 13, 2006

# TABLE OF CONTENTS

Table of Authorities ........ ii

Introduction ........ 1

Factual Background ........ 1

Argument ........ 2

LPM's Assertions ........ 2

LPM's Non Assertions ........ 6

Conclusion ........ 6

# TABLE OF AUTHORITIES

***Statutes***

35 U.S.C. §112 .......... 1

***Rules***

Fed. R. Civ. P. 56 .......... 1

F.R.E. 401 .......... 5

F.R.E. 403 .......... 5

## Introduction

Defendant Kao Brands Co. ("KBC") opposes the motion of plaintiff LP Matthews L.L.C. ("LPM") as follows. LPM's motion is baseless and, indeed, frivolous. Further, although deceptively packaged as a *Daubert* motion, it is nothing more than a baseless summary judgment motion as to which the provisions of Rule 56, Fed. R. Civ. P., are applicable.

## Factual Background

The '062 patent in suit entitled CLEANING COMPOSITIONS WITH ORANGE OIL claims a skin cleaning composition comprising *orange oil*, a *moisturizer*, *oatmeal* and an appropriate *pH*. The '062 patentee filed a continuation-in-part (CIP) application directed to the use of this composition to treat skin conditions such as sunburn and acne. The examiner rejected the CIP application under 35 U.S.C. §112 but did not reject it over prior art. The '062 patentee appealed the §112 rejection to the Board of Appeals. The Board questioned the adequacy of the examiner's prior art search, uncovered significant prior art on its own and entered its own prior art rejection. In doing so, the Board held that the prior art disclosed a skin cleaning composition which included *orange oil*, a *moisturizer*, *oatmeal* and an appropriate *pH*, the precise subject matter of claims 6 and 9 of the '062 patent, the claims asserted to be infringed in this suit. Thus, the Board's prior art rejection is equally applicable to claims 6 and 9 of the '062 patent and constitutes clear and convincing evidence of the unpatentability of the subject matter of these claims.

The details concerning this matter are set forth in KBC's memorandum in support of its motion for summary judgment of invalidity based upon a subsequent Board decision filed June 29, 2006 (D.I. 246).

## Argument

### LPM's Assertions

LPM asserts (at 1) that Dr. Lochhead "regurgitates a 1997 non-final decision of the Board of Patent Appeals and Interferences (the "Board") handed down in an abandoned, continuation-in-part patent application involving different claims, a different examination and a different burden of proof ("the CIP"). LPM is wrong. Contrary to LPM's assertion, Dr. Lochhead formed his own independent opinion that the Board's decision was, indeed, correct. Exhibit B to LPM's motion, ¶ 13. This is hardly remarkable since the Board cited to prior art which showed a skin cleaning composition comprising orange oil, a moisturizer, oatmeal and an appropriate pH. There is no prohibition against Dr. Lochhead relying upon the same prior art and reaching the same conclusion especially since, as noted above, the conclusion is hardly remarkable.

Also, contrary to LPM's assertion, it was a final decision since the '062 patentee permitted the CIP application to go abandoned, thereby ending prosecution. Further contrary to LPM's assertion, it can hardly be a strike against the Board's decision that the CIP application went abandoned since this was under the '062 patentee's control. Also contrary to LPM's assertion, claims 6 and 9 of the '062 patent and the rejected claims of the CIP application had a common nucleus (a skin cleaning composition comprising orange oil, a moisturizer and oatmeal) and were in this sense the same and not "different." Also contrary to LPM's assertion, the unremarkable decision by the Board based upon the art before it constitutes clear and convincing evidence of the unpatentability of the subject matter of claims 6 and 9 of the '062 patent.

LPM also asserts (at 1) that "Dr. Lochhead could not identify a single chemical entity in orange oil other than d-limonene." However, this is of no significance whatsoever since there is no need to consider any chemical entity in orange oil other than its primary component d-limonene. The Board considered only d-limonene and rejected "orange oil" claims on this basis. "Coleman describes the use of d-limonene obtained from citrus oils, such as orange oil, as a hand cleaner." Exhibit C to LPM's motion at 9. "Dellutri also describes cleaning agents that can be used as a hand cleaner which include d-limonene obtained from orange oil."

LPM asserts (at 2) that the Board's decision is wrong because "the Dellutri and Coleman references [] disclosed d-limonene *and not* orange oil." Emphasis by LPM. However, as noted above, the '062 patentee specifically stated that he did not disagree with the Board's holding that the disclosure of "d-limonene obtained from citrus oils, such as orange oil" and "d-limonene obtained from orange oil" was a disclosure of the use of orange oil.

LPM asserts (at 3) that the statutory presumption of validity for the '062 patent trumps any Board decision. However, the statutory presumption of validity is rebuttable and the unremarkable holding by the Board based upon the prior art before it (that the

prior art discloses a skin cleaning composition comprising orange oil, a moisturizer and oatmeal) strongly rebuts the presumption.

LPM asserts (at 4) that Dr. Lochhead "should have compared the asserted claims to the prior art." However, Dr. Lochhead made precisely that comparison. Exhibit B to LPM's motion, ¶¶ 2-13.

LPM also asserts (at 4) that "Dr. Lochhead, like the Board, did not consider the differences between d-limonene and orange oil or the applicant's arguments based on those differences that overcome virtually the same rejection early in the prosecution of the '062 patent." However, LPM cites to no portion of the prosecution of the '062 patent to support this assertion. The fact of the matter is that the '062 examiner did not accept this argument and, as noted above, the '062 patentee specifically stated that he did not disagree with the Board's holding that the disclosure of d-limonene was the disclosure of orange oil.

LPM asserts (at 5) that the Board decision is not relevant since, supposedly, "the Board has no jurisdiction over issued patents." However, whatever the Board's jurisdiction, its holding that the prior art disclosed a skin cleaning composition comprising orange oil, a moisturizer and oatmeal, the subject matter of claims 6 and 9 of the '062 patent, is undeniably relevant to the issue whether the subject matter of claims 6 and 9 is patentable over the prior art.

LPM asserts (at 6) that "the Board cannot decide questions of patentability unless the record is 'fully developed before the Board.'" However, the record was fully developed before the Board. The '062 patentee had the opportunity to challenge the Board's decision and, instead, permitted the application to go abandoned. LPM can

hardly complain about the record not being further developed when it was the '062 patentee who permitted the application to go abandoned. Further, as noted above, the '062 patentee specifically stated that he did not disagree with the Board's holding that the prior art references disclosed orange oil even though they referred to d-limonene from orange oil.

LPM asserts (at 6-7) that "[t]he Board's decision is also unfairly prejudicial." Again, LPM is wrong. LPM cites rule 403, F.R.E. This rule balances probative value with unfair prejudice. Here, the probative value is exceedingly high (the Board of Appeals held that the prior art disclosed a skin cleaning composition comprising orange oil, a moisturizer and oatmeal, the subject matter of claims 6 and 9 of the '062 patent) and the unfair prejudice is non existent since there is nothing unfair about the jury being advised that the Board in a CIP application held that the subject matter of claims 6 and 9 was unpatentable over the prior art. LPM cannot rely upon the presumption of validity that the '062 patent examiner properly allowed claims 6 and 9 and then insist upon exclusion of the pertinent Patent Office evidence which effectively rebuts this presumption.

Lastly, LPM asserts (at 7) under rule 401, F.R.E., that the Board decision should be excluded as not relevant. However, the Board's decision is highly relevant since it holds that the subject matter of claims 6 and 9 of the '062 patent is unpatentable. In fact, this decision is so relevant that, as noted above, LPM seeks (at 7) to exclude it under rule 403 ("the statement of a Board identified to a lay person as the ultimate patent office appeals body would assuredly unduly influence a lay jury"). Of course, the Board "statement" referred to by LPM is the holding by the Board that the prior art discloses a

skin cleaning composition comprising orange oil, a moisturizer and oatmeal, the subject matter of claims 6 and 9 of the '062 patent. Further, LPM previously objected to the CIP application (which includes the Board decision) on the basis of relevance but this objection was overruled. D.I. 68 at 20-21 ("so the relevance objection will be overruled at this point").

**LPM's Non Assertions**

Dr. Lochhead also submitted an expert report on non-infringement. LPM's motion is not directed to this expert report.

LPM's motion is also not directed to ¶¶ 15-16 of Dr. Lochhead's invalidity report (lack of description) or to ¶ 14 (obviousness of adding a small amount of orange oil to impart a pleasant odor).

**Conclusion**

For the foregoing reasons, LPM's motion should be denied.

Respectfully submitted,

OF COUNSEL:

Arthur I. Neustadt
Stephen G. Baxter
Richard L. Chinn
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
Tel: (703) 413-3000
Fax: (703) 413-2220

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Kao Brands Co.*

Dated: July 7, 2006
Public Version Dated: July 13, 2006

741079

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on July 13, 2006, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE 19801

Francis G.X. Pileggi
Fox Rothschild LLP
919 Market Street
Suite 1300
Wilmington, DE 19801

I hereby certify that on July 13, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
rjschutz@rkmc.com

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, NW
Washington, DC 20006
raauchter@rkmc.com
jrburatti@rkmc.com

John F. Ward
Ward & Olivo
382 Springfield Avenue
Summit, NJ 07901
wardj@wardolivo.com

By: */s/ David E. Moore*

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

673089