## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-1507-SLR |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## LP MATTHEWS' MEMORANDUM SUPPORTING ITS MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT BY THE LIMITED DEFENDANTS

ASHBY & GEDDES
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302)-654-1888

*Attorneys for Plaintiff LP Matthews*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
(202) 775-0725

Dated: July 13, 2006
171048.v1

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF PROCEEDINGS ........................................................................ 1

SUMMARY OF THE ARGUMENT ................................................................................ 2

STATEMENT OF FACTS ................................................................................................ 2

    A.    The '062 Patent-in-Suit ............................................................................ 2

    B.    The Limited Defendants' Accused Products ............................................ 4

        1.    The Limited Defendants' Accused Products Are Cleaning Compositions for Use on Human Skin ................................................ 4

        2.    The Limited Defendants' Accused Products Contain an Infringing Amount of Orange Oil ................................................ 6

        3.    The Limited Defendants' Accused Products Contain an Infringing Oat Ingredient ................................................ 11

        4.    The Limited Defendants' Accused Products Contain an Infringing Moisturizer ................................................ 15

        5.    Most of the Limited Defendants' Accused Products Meet the pH Element of Claim 6 According to the Limited Defendants' Product Specifications or Certificates of Analysis ............................ 20

ARGUMENT .................................................................................................................. 22

    A.    Summary Judgment Standard ................................................................ 22

    B.    Properly Construed, the Limited Defendants' Accused Products Literally Meet Each Limitation of Claims 6 Or 9 (Or Both) of the '062 Patent ................................................................................................ 22

CONCLUSION .............................................................................................................. 25

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986)..................................................................................22

*Markman v. Westview Instr., Inc.,*
   52 F.3d 967 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996)...........22

*Paragon Podiatry Lab. v. KLM Lab.,*
   984 F.2d 1182 (Fed. Cir. 1993)................................................................22

*Scripps Clinic & Research Found. v. Genetech, Inc.,*
   927 F.2d 1565 (Fed. Cir. 1991)................................................................22

**Statutes**

Fed. R. Civ. P. 56(c) ...................................................................................22

## NATURE AND STAGE OF PROCEEDINGS

On December 8, 2004, plaintiff LP Matthews, L.L.C. filed a Complaint for patent infringement against defendants Kao Brands Company (formerly known as The Andrew Jergens Company) ("KBC"), Kao Corporation, Limited Brands, Inc., and Bath and Body Works, Inc. (D.I. 1.)  LP Matthews amended its Complaint on February 2, 2005.  (D.I. 5, 8.)  This Court entered a Scheduling Order on June 9, 2005.  (D.I. 39).  Fact discovery closed on January 27, 2006.  (D.I. 39).  Expert discovery closed on May 12, 2006.  (D.I. 39.)  On June 15, 2006, the parties filed a Joint Claim Construction Statement.  (D.I. 228.)  The Limited defendants served four expert reports on (1) patent law (Michael H. Davis, Esq.), (2) invalidity (John C. Carson, M.S.), (3) noninfringement (John C. Carson, M.S.), and (4) damages (Christopher L. Fern).  On June 22, 2006, LP Matthews filed *Daubert* motions to exclude Mr. Davis' opinions (D.I. 234, 238) and part of Mr. Carson's opinions (D.I. 232, 236).  On June 29, 2006, the parties filed Opening Claim Construction Briefs.  (D.I. 244, 254, 255.)  The deadline for filing opening summary judgment motions was extended from June 29 until July 6, 2006 in response to an emergency request resulting from the Limited defendants' production of new documents that could bear on the issue of their infringement.  (D.I. 243.)

LP Matthews submits this Memorandum in support of its motion for summary judgment that the Limited defendants infringe the patent-in-suit.  The Limited defendants admit that their accused products meet each claim element of one or both of the asserted claims of the '062 patent-in-suit.  Applying LP Matthews' proposed claim construction, each of the Limited defendants' accused products indisputably meets every element of the asserted claims.  Under either LP Matthews' or the Limited defendants' proposed claim constructions, partial summary judgment on one or more claim elements will reduce the issues for trial.

## SUMMARY OF THE ARGUMENT

LP Matthews' U.S. Patent No. 5,063,062 ("the '062 patent") claims compositions that clean human skin and contain more than 0.01% orange oil, an oat ingredient, and a moisturizer. (Ex. A at 9:3-10:25.) LP Matthews asserts that the Limited defendants infringe claims 6 and 9 of the '062 patent by at least making and selling 27 accused products. (Ex. B.[1]) Each accused product contains more than 0.01% orange oil (a volume sufficient for the orange oil to act as a solvent and therefore clean), an oat ingredient, and a moisturizer. Each accused product contains an oat ingredient that meets the oat claim element of claim 6 or claim 9, or both, as applicable. Each accused product contains a pharmaceutically-acceptable moisturizer. And Claim 6 requires an accused product to have an approximate pH. Whether the required pH range in Claim 6 is 4.5-6.0 or 4.0-6.5 is a question of law that will be resolved at claim construction. According to the Limited defendants' accused product specifications and certificates of analysis, each accused product meets the pH claim element of claim 6 as well.

## STATEMENT OF FACTS

### A.    The '062 Patent-in-Suit

The United States Patent and Trademark Office (PTO) issued the '062 patent to Douglas Greenspan and Philip Low on November 5, 1991. (Ex. A at cover page.) The '062 patent claims compositions for cleaning human skin that contain orange oil, an oat ingredient, and a moisturizer. (Ex. A at 9:3-10:25.) LP Matthews asserts that the Limited defendants infringe claims 6 and 9 of the '062 patent, which read:

> 6.    A skin cleaning composition for external use on human tissues, comprising orange oil, a pharmaceutically acceptable moisturizer for human skin and an oat grain derivative product as

---

[1] Ex. B is a list of the accused products in checklist format by claim element, for use by the Court.

an emulsifying agent, wherein said composition has a pH within a range of 4.5 to 6.0, inclusively.

9.      A cleaning composition for use on human skin comprising forty-five percent (45%) or less by volume of orange oil, forty-five percent (45%) or less by volume of oatmeal and a pharmaceutically acceptable moisturizer.

(Ex. A at 10:1-6, 13-17.)

In its Opening Claim Construction Brief, (D.I. 254), LP Matthews proposed that the simple, clear, and unambiguous claim terms should be given their ordinary meaning. Properly construed, claim 6 reads literally or under the doctrine of equivalents on any:

- composition that has a cleaning effect on human skin; *i.e.* treats unwanted substances on the skin in order to facilitate removal of those substances (for example, loosening or dissolving or drawing or sheering substances such as dead skin, dirt, oil, blemishes (*e.g.* ashen coloration) *etc...*), with no quantity or quality limitation;

- contains 0.01% orange oil (see LP Matthews' Opening Brief in Support of its Cross-Motion for Summary Judgment of Infringement Against the Kao Defendants and Updated Answering Brief in Opposition to KBC's March 8, 2005 Motion for Summary Judgment of Non-Infringement at 5-6, filed yesterday);

- contains one or more pharmaceutically-acceptable moisturizers;

- contains one or more oat grain derivative products, at least one of which must have an emulsifying effect (with no quantity or quality limitation on that effect); and

- has at least a portion thereof with a pH in the range of 4.0 to 6..

Properly construed as proposed in D.I. 254, claim 9 reads literally or under the doctrine of equivalents on any:

- composition that has a cleaning effect on human skin; *i.e.* treats unwanted substances on the skin in order to facilitate removal of those substances, (for example, loosening or dissolving or drawing or sheering substances such as dead skin, dirt, oil, blemishes (*e.g.* ashen coloration) *etc...*), with no quantity or quality limitation;

- contains 45% or less by volume orange oil, with at least 0.01% orange oil (see LP Matthews' Opening Brief in Support of its Cross-Motion for Summary

Judgment of Infringement Against the Kao Defendants and Updated
Answering Brief in Opposition to KBC's March 8, 2005 Motion for Summary
Judgment of Non-Infringement at 5-6, filed yesterday);

- contains one or more pharmaceutically-acceptable moisturizers; and

- contains 45% or less by volume of one or more products made from processed
  oat kernels, including extracts, powders or other derivatives.

**B.**    **The Limited Defendants' Accused Products**

The Limited defendants manufacture, sell and offer for sale 28 accused products from

three Bath & Body Works, Inc. product lines:  Bath & Body Works ("BBW"), True Blue Spa

("TBS") and Pure Simplicity ("PS").  Of the 37 products accused at the time of the Limited

defendants' Rule 30(b)(6) deposition on infringement issues, the 27 listed in Ex. B remain

accused.  (See Ex. C at Schedule A.)

*I.*    *The Limited Defendants' Accused Products Are Cleaning Compositions for Use
on Human Skin*

**REDACTED**

- 4 -

(Rhodes Ex.[2] 3 at 433:15-434:1 (referring to Ex. C at Schedule A).)  Separate from that blanket

admission, the Limited defendants indisputably market 9 accused products as cleaning

compositions for use on human skin:

> 1.[3] BBW Mango Mandarin Creamy Body Wash,
> 2. TBS Better Lather Than Never Bubble Bath and Shower Cream,
> 3. BBW Mango Mandarin Skin Refining Body Scrub,
> 4. BBW Mango Mandarin Skin Renewal & Anti-Aging Body Wash,
> 5. Burt's Bees Citrus Facial Scrub,
> 6. Burt's Bees Orange Essence Facial Cleanser,
> 7. TBS Good Clean Foam Face Wash,
> 8. PS Ginger Rejuvenating Shower Foam, and
> 9. PS Ginger Rejuvenating Body Scrub.

(See Ex. E at 6-7 (citing Rhodes Exhibits).)

The other 18 accused products have indisputable cleaning effects in addition to the

product claims for which they are marketed.  The Limited defendants' Rule 30(b)(6) designee

testified that each of these accused products removes unwanted substances from the skin, such as

soap film and dead skin.  (See Ex. E at 36 and Rhodes Ex. C.)  Moreover, each product contains

ingredients similar to those products marketed specifically for their cleaning effects, indicating

that, with respect to cleaning, the products perform substantially the same function in

substantially the same way to achieve substantially the same result.  (Ex. E at 6-7.)  No

reasonable juror could conclude that these products do not have a cleaning effect:

> 10. BBW Mango Mandarin Body Lotion,
> 11. BBW Cool Citrus Basil Body Lotion,
> 12. BBW Mango Mandarin Hand Repair & Healing Hand Cream,
> 13. BBW Mango Mandarin Skin Repair & Healing Body Butter,

---

[2] "Rhodes Ex." means exhibits to Dr. Rhodes' Updated Expert Report, which is Ex. E to this brief.

[3] For ease of reference, LP Matthews uses this number in this list and in the next list to refer to the products throughout this brief.

14. PS Salt Toning Body Balm,

15. Murad Resurgence Sheer Lustre Day Moisture,

16. Murad Resurgence Age-Diffusing Serum,

17. Murad Resurgence Age-Balancing Night Cream,

18. Murad Skin Perfecting Lotion,

19. Murad Acne Spot Treatment,

20. PS Ginger Rejuvenating Body Lotion,

21. PS Oat Oil-Control Face Moisturizer,

22. PS Burdock Root Skin Mattifier,

23. PS Ginger Rejuvenating Body Balm,

24. PS Ginger Rejuvenating Hand & Nail Cream,

25. PS Fig Hydrating Body Balm,

26. PS Fig Hydrating Hand & Nail Cream, and

27. PS Everlasting Flower Night Nourisher.

Thus, no dispute of fact exists that each of the 27 accused products either is or functions as a composition that cleans human skin.

Any defense based simply on the product as a whole – *i.e.* a "product claim" (*e.g.*, "a moisturizer, not a cleaner") – is nothing more than attorney argument and a red herring based on less than all the information and is therefore insufficient to create a fact issue. A "product claim" is what the cosmetic manufacturer/seller tells the public the product does – it does not mean that the product does not have other functions. (Rhodes Ex. 3 at 36:14-37:20.) Indeed, the products have many other functions or effects that the defendants have not told the public about – **REDACTED**

**REDACTED**    (Rhodes Ex. 3 at 474:3-475:7.) Oddly, several of the defendants' defenses appear to be based on these "product claims."

2.    *The Limited Defendants' Accused Products Contain an Infringing Amount of Orange Oil*

As a matter of law, claims 6 and 9 of the '062 patent read on products that contain more than 0.01% orange oil. (See D.I. 254, LP Matthews Opening Claim Construction Brief; LP

Matthews' Opening Brief in Support of its Cross-Motion for Summary Judgment of

Infringement Against the Kao Defendants and Updated Answering Brief in Opposition to KBC's

March 8, 2005 Motion for Summary Judgment of Non-Infringement at 5-6, filed yesterday.)  The

Limited defendants' own liability expert,                          **REDACTED**

                **REDACTED**                   able 1 shows those conclusions in the "Limited

Defense" column.  Mr. Carson, apparently following the Limited defendants' defense that

Mandarin oranges are not oranges, fails to include these oranges in his calculations.  (Ex. F at 11-

12.)  But, as a matter of law, Mandarin oranges are oranges.  (D.I. 254, LP Matthews Opening

Claim Construction Brief at 4.)    Table 1, in the "All Oranges" column, shows the complete

orange oil content, including oil from Mandarin oranges.  Table 1 references to Mr. Carson's

report (Ex. F) are noted in parentheses.  Under claim construction with or without Mandarin

oranges, product numbers 1-7, 10, 12-17, 21-22, and 26-27 meet the orange oil claim element of

claims 6 and 9 according to the Limited defendants' own expert.  The other products do, too, but

require discussion below Table 1.

### Table 1.  Undisputed Orange Oil Content Depending on Mandarin Orange Oil

| Accused Product | Limited Defense | Orange |
|---|---|---|
| 1. BBW Mango Mandarin Creamy Body Wash | | |
| 2. TBS Better Lather Than Never Bubble Bath and Shower Cream | | |
| 3. BBW Mango Mandarin Skin Refining Body Scrub | **REDACTED** | |
| 4. BBW Mango Mandarin Skin Renewal & Anti-Aging Body Wash | | |
| 5. Burt's Bees Citrus Facial Scrub | | |
| 6. Burt's Bees Orange Essence Facial Cleanser | | |
| 7. TBS Good Clean Foam Face Wash | | |
| 8. PS Ginger Rejuvenating Shower Foam | **REDACTED** | |
| 9. PS Ginger Rejuvenating Body Scrub | | |
| 10. BBW Mango Mandarin Body Lotion | | |

| | |
|---|---|
| 11. BBW Cool Citrus Basil Body Lotion | |
| 12. BBW Mango Mandarin Hand Repair & Healing Hand Cream | |
| 13. BBW Mango Mandarin Skin Repair & Healing Body Butter | **REDACTED** |
| 14. PS Salt Toning Body Balm | |
| 15. Murad Resurgence Sheer Lustre Day Moisture | |
| 16. Murad Resurgence Age-Diffusing Serum | |
| 17. Murad Resurgence Age-Balancing Night Cream | |
| 18. Murad Skin Perfecting Lotion | **REDACTED** |
| 19. Murad Acne Spot Treatment | |
| 20. PS Ginger Rejuvenating Body Lotion | |
| 21. PS Oat Oil-Control Face Moisturizer | |
| 22. PS Burdock Root Skin Mattifier | |
| 23. PS Ginger Rejuvenating Body Balm | **REDACTED** |
| 24. PS Ginger Rejuvenating Hand & Nail Cream | |
| 25. PS Fig Hydrating Body Balm | |
| 26. PS Fig Hydrating Hand & Nail Cream | |
| | **REDACTED** |
| 27. PS Everlasting Flower Night Nourisher | |

Products 11, 18, 19 and 25 indisputably meet the orange oil claim element of claims 6 and 9.  Document evidence shows that (11) BBW Cool Citrus Basil Body Lotion contains more than 0.01% orange oil.  This product contains **REDACTED** Mandarin Orange Blend.  (Rhodes Ex. 32.)

**REDACTED**

---

[4] The sole difference here is Mr. Carson's opinion that this product contains "tangerine oil and mandarin oil, which are not orange oil." (Ex. F at 39.) That's incorrect.

[5] For the purposes of this motion only, LP Matthews does not dispute this orange oil content calculated by Mr. Carson.

Murad (18) Skin Perfecting Lotion and (19) Acne Spot Treatment contain **REDACTED**

**REDACTED** Compare Ex. E at 25-26 (and Rhodes Exs. 40, 41)

with Ex. F at 29-31.[6])

**REDACTED**

Products 8, 9, 20, 23 and 24 are in Bath & Body Works' Pure Simplicity "Ginger Rejuvenating" line. The Limited defendants' counsel voluntarily obtained a Declaration of Colin MacIntosh from Firmenich that allegedly reported the orange oil content in Firmenich's ingredients. (See Rhodes Ex. 69; Ex. D at Tab C.) The Declaration did not include orange oil from Mandarin oranges, even though the Limited defendants had not formally asserted a defense that Mandarin oranges are not oranges until after the Declaration was provided to LP Matthews.[7] Since Mandarin oranges are oranges, however, Dr. Rhodes' conclusions about the "Ginger Rejuvenating" products are undisputed.

Product (8) PS Ginger Rejuvenating Shower Foam contains

**REDACTED**

(Ex. E at 28-29.) Dr. Rhodes assumed the maximum amount of this orange oil; the Limited defendants offered no proof to the contrary.

---

[6] Dr. Rhodes stated that these products contained "oil" instead of "extract." The disparity does not raise a fact issue, because Dr. Rhodes' assumption about the oil content of an extract remains intact and unchallenged by Mr. Carson.

[7] In January, the Limited defendants' counsel volunteered to obtain a Declaration from Firmenich, a fragrance supplier (as well as other suppliers), quantifying orange oils in their fragrances. (Ex. D at Tab A.) After opening expert reports the close of fact discovery, the Firmenich Declaration came, but the Limited defendants' counsel did not ask Firmenich about Mandarin oranges. (Ex. D at Tab E.) Counsel never got the other declarations it promised. Mr. Carson appears to have been misled as well. For example, for the "Ginger Rejuvenating" products, he opined that "the fragrance [125887] contains only distilled orange terpenes, which is not orange oil." (See Ex. F at 32, 35-37, 49-50; *cf.* Ex. E at 28-30, 32-33.) He didn't know about all the orange oils.

Product (9) PS Ginger Rejuvenating Body Scrub contains **REDACTED**

**REDACTED** (Ex. E at 29.) Since the Limited defendants

did not produce a formula sheet for that fragrance, Dr. Rhodes assumed that it contained the

**REDACTED** (*Id.* at 9-10.) The Limited

defendants offered no proof to the contrary.

Product (20) PS Ginger Rejuvenating Body Lotion contains **REDACTED**

of Firmenich Fragrance 125887 (Rhodes Ex. 47), which contains 0.05-1.0% Mandarin Oil

**REDACTED** (Ex. E at 30.) Dr. Rhodes assumed the maximum amount of this

orange oil; the Limited defendants offered no proof to the contrary.

Product (23) PS Ginger Rejuvenating Body Balm contains

**REDACTED**

(Ex. E at 32.) Dr. Rhodes assumed the maximum amount of this

orange oil; the Limited defendants offer no proof to the contrary.

Product (24) PS Ginger Rejuvenating Hand & Nail Cream contains **REDACTED**

**REDACTED** (Ex. E at 32-33.) Since the

Limited defendants did not produce a formula sheet for that fragrance, Dr. Rhodes assumed that

it contained the same amount of **REDACTED** (*Id.* at 9-

10.) The Limited defendants offered no proof to the contrary.

Finally, on the day summary judgment motions were originally due, June 29, 2006, LP

Matthews received a new document product from the Limited defendants. (Ex. G.) The new

documents showed the orange oil content of three orange ingredients, **REDACTED**

**REDACTED** in the Limited defendants' accused products – rendering

superfluous Dr. Rhodes' assumptions concerning these ingredients. With respect to the extracts,

Dr. Rhodes assumed 50% oil (Ex. E at 10); Mr. Carson did not dispute that assumption (Ex. F).

The orange oil content (including Mandarin oranges) of these three orange ingredients is set out

in Table 2. As shown below, the new documents do not create an issue of fact.

**Table 2.  Undisputed Orange Oil Ingredients in Limited Defendants' Products**

| Ingredient | Exhibit |
|---|---|
| REDACTED | Ex. G at 9517 |
| | Ex. G at 9512 |
| | Ex. G at 9516 |

Product (2) True Blue Spa Better Lather Than Never Bubble Bath and Shower Cream

contains   **REDACTED**   (Rhodes Ex. 28.)  The orange oil calculated according

to Dr. Rhodes' assumption regarding this ingredient was   **REDACTED**

**REDACTED**   Regardless of this new document, no fact issue exists that

product 2 contains more than 0.01% orange oil.

Product (3) Bath & Body Works Mango Mandarin Skin Refining Body Scrub contains

**REDACTED**

while the total

orange oil content was   **REDACTED**   as stated above.  Regardless of this new document, no fact issue

exists that product 3 contains more than 0.01% orange oil.

Product (7) True Blue Spa Good Clean Foam Face Wash contains   **REDACTED**

**REDACTED**   (Rhodes Exs. 43, 44.)  The orange oil calculated according to

Dr. Rhodes' assumption regarding this ingredient was   **REDACTED**   while the total orange oil content

**REDACTED**

was   as stated above.  Regardless of this new document, no fact issue exists that

product 7 contains more than 0.01% orange oil.

3.     *The Limited Defendants' Accused Products Contain an Infringing Oat Ingredient*

As a matter of law, claim 9 of the '062 patent requires "oatmeal." (See D.I. 254.)  Should

- 11 -

the Court adopt LP Matthews' proposed claim construction of either claim element, each oat ingredient in the accused product meets the limitation. (*Id.*) Applying LP Matthews' proposed claim construction that is consistent with the Limited defendants' corporate designee's and liability expert's testimony, oatmeal is a processed oat kernel. (*Id.*) The Limited defendants' corporate designee testified that each oat ingredient is a processed oat kernel. (See Ex. E at 11-13.)

As a matter of law, claim 6 of the '062 patent reads on products that contain an ingredient derived from an oat grain that acts as an emulsifying agent in an accused product (whether in concert with other surfactants or by itself). (See D.I. 254.) Dr. Rhodes opines that, based on the Limited defendants' corporate designee's own testimony, each of the "oat ingredients" is derived from an oat grain and can act as an emulsifying agent in the accused composition. (Ex. E at 11-13.) Because each ingredient is in an oil-and-water system, it necessarily does. (*Id.*) Thus, "In my opinion, each of the accused products contains oil and water components and the Table 3 oat ingredient (or ingredients) in that product functions (or function) as an emulsifying agent within the accused product that contains it." (Ex. E at 13.)

The Limited defendants admit that each accused product contains up to **REDACTED** of an "ingredient that could potentially be considered an oat grain derivative." (Rhodes Ex. 20 at 4.)

**REDACTED**

(Rhodes Ex. 21 at 2-3.) There is no dispute that each of the Limited defendants' accused products contains the amount of the oat ingredient listed in Table 3, meeting the oat claim elements of claims 6 and 9. (See Ex. E at 11-13.)

**Table 3.  Undisputed Oat Ingredient Content**

| Accused Product | Oat Ingredient |
|---|---|
| 1. BBW Mango Mandarin Creamy Body Wash | |
| 2. TBS Better Lather Than Never Bubble Bath and Shower Cream | |
| 3. BBW Mango Mandarin Skin Refining Body Scrub | |
| 4. BBW Mango Mandarin Skin Renewal & Anti-Aging Body Wash | **REDACTED** |
| 5. Burt's Bees Citrus Facial Scrub | |
| 6. Burt's Bees Orange Essence Facial Cleanser | |
| 7. TBS Good Clean Foam Face Wash | |
| 8. PS Ginger Rejuvenating Shower Foam | **REDACTED** |
| 9. PS Ginger Rejuvenating Body Scrub | |
| 10. BBW Mango Mandarin Body Lotion | |
| 11. BBW Cool Citrus Basil Body Lotion | |
| 12. BBW Mango Mandarin Hand Repair & Healing Hand Cream | |
| 13. BBW Mango Mandarin Skin Repair & Healing Body Butter | **REDACTED** |
| 14. PS Salt Toning Body Balm | |
| 15. Murad Resurgence Sheer Lustre Day Moisture | |
| 16. Murad Resurgence Age-Diffusing Serum | |
| 17. Murad Resurgence Age-Balancing Night Cream | **REDACTED** |
| 18. Murad Skin Perfecting Lotion | |

19. Murad Acne Spot Treatment

**REDACTED**

20. PS Ginger Rejuvenating Body Lotion

21. PS Oat Oil-Control Face Moisturizer

22. PS Burdock Root Skin Mattifier

23. PS Ginger Rejuvenating Body Balm

**REDACTED**

24. PS Ginger Rejuvenating Hand & Nail Cream

25. PS Fig Hydrating Body Balm

26. PS Fig Hydrating Hand & Nail Cream

27. PS Everlasting Flower Night Nourisher

**REDACTED**

These categories and the actual ingredients in the accused products are set out in Table 3 on page 12 of Dr. Rhodes' report (Ex. E). Mr. Carson simply disagrees and reports that

**REDACTED**

(Ex. F at 16.) But Mr. Carson did not calculate the CMC (and his experiments are unreliable for numerous other deficiencies), so his allegations do not create a fact issue. (See D.I. 232, LP Matthews' *Daubert* Motion regarding Mr. Carson.)

Finally, (19) Murad Acne Spot Treatment contains Hydrolyzed Oat Flour. For the same reasons that the Hydrolyzed Oat Protein in the other BBW products acts as an emulsifying agent, Dr. Rhodes concludes that it is more likely than not that the Hydrolyzed Oat Flour in this product acts as an emulsifying agent in the accused products and is made from processed oat kernels.

(Ex. E at 25-26.) The Limited defendants' expert, Mr. Carson did not dispute this conclusion.

Nor did he test this material. (See Ex. F at 31-32.) Therefore, this product meets the oat claim

elements of claims 6 and 9.

     4.     *The Limited Defendants' Accused Products Contain an Infringing Moisturizer*

The Limited defendants' corporate designee admitted that each accused product contains

a moisturizer:

**Table 4.  Limited Defendants' Corporate Designee's Admission that Accused Product Contains a Moisturizing Ingredient**

| Accused Product[8] | Transcript Cite (Rh. Ex. 3) |
|---|---|
| 1. BBW Mango Mandarin Creamy Body Wash | 299:10-12 |
| 2. TBS Better Lather Than Never Bubble Bath and Shower Cream | 397:13-17 |
| 3. BBW Mango Mandarin Skin Refining Body Scrub | 513:15-18 |
| 4. BBW Mango Mandarin Skin Renewal & Anti-Aging Body Wash | 537:19-550:8 |
| 7. TBS Good Clean Foam Face Wash | 517:9-16 |
| 8. PS Ginger Rejuvenating Shower Foam | see Table 5 |
| 9. PS Ginger Rejuvenating Body Scrub | 581:6-22 |
| 10. BBW Mango Mandarin Body Lotion | 594:3-12 |
| 11. BBW Cool Citrus Basil Body Lotion | 640:12-14 |
| 12. BBW Mango Mandarin Hand Repair & Healing Hand Cream | 667:17-19 |
| 13. BBW Mango Mandarin Skin Repair & Healing Body Butter | 665:22-666:3 |
| 14. PS Salt Toning Body Balm | 675:12-14 |
| 20. PS Ginger Rejuvenating Body Lotion | see Table 5 |
| 21. PS Oat Oil-Control Face Moisturizer | 652:16-653:8 |
| 22. PS Burdock Root Skin Mattifier | 656:8-10 |
| 23. PS Ginger Rejuvenating Body Balm | 700:7-9 |
| 24. PS Ginger Rejuvenating Hand & Nail Cream | 620:11-621:16 |
| 25. PS Fig Hydrating Body Balm | 705:12-14 |
| 26. PS Fig Hydrating Hand & Nail Cream | 642:3-16 |
| 27. PS Everlasting Flower Night Nourisher | 436:17-19 |

Further, Dr. Rhodes opines that each product contains a moisturizer. (Ex. E at 14.) Mr.

---

[8] Omitting products that the Limited defendants purchase from non-party suppliers Murad and Burt's Bees.

Carson does not state that any accused product does not contain a moisturizer. (See generally Ex. F.) In fact, according to the <u>CTFA Cosmetic Ingredient Handbook</u> ("CTFA"; Ex. H), each product indisputably contains a moisturizing ingredient (according to Mr. Carson's definition that moisturizers are **REDACTED** (Ex. I at 35:18-22)). The "Skin Conditioning" excerpt from the CTFA is attached as Ex. H. The CTFA is considered by the Limited defendants' corporate designee (Rhodes Ex. 3 at 121:14-122:4) and liability expert (Ex. I at 138:14-139:17) to be a reliable source of cosmetic ingredient information. Occlusive, humectant and "miscellaneous" (for which "A similar effect is attributed to…humectant; and…occlusive") moisturizers all meet the moisturizer claim element of claims 6 and 9. Those ingredients are for example: (Ex. H.)

### Table 5. Undisputed Moisturizing Ingredients (Ex. H)

| Accused Product | Moisturizing Ingredient(s) |
|---|---|
| 1. BBW Mango Mandarin Creamy Body Wash | **REDACTED** |
| 2. TBS Better Lather Than Never Bubble Bath and Shower Cream | **REDACTED** |
| 3. BBW Mango Mandarin Skin Refining Body Scrub | **REDACTED** |

4. BBW Mango Mandarin Skin Renewal &
   Anti-Aging Body Wash

**REDACTED**

5. Burt's Bees Citrus Facial Scrub

**REDACTED**

6. Burt's Bees Orange Essence Facial Cleanser

**REDACTED**

7. TBS Good Clean Foam Face Wash

**REDACTED**

8. PS Ginger Rejuvenating Shower Foam

**REDACTED**

9. PS Ginger Rejuvenating Body Scrub

**REDACTED**

10. BBW Mango Mandarin Body Lotion

**REDACTED**

11. BBW Cool Citrus Basil Body Lotion

**REDACTED**

12. BBW Mango Mandarin Hand Repair &
    Healing Hand Cream

**REDACTED**

13. BBW Mango Mandarin Skin Repair &
    Healing Body Butter

REDACTED

14. PS Salt Toning Body Balm

REDACTED

15. Murad Resurgence Sheer Lustre Day
    Moisture

REDACTED

16. Murad Resurgence Age-Diffusing Serum

REDACTED

17. Murad Resurgence Age-Balancing Night
    Cream

REDACTED

18. Murad Skin Perfecting Lotion

REDACTED

19. Murad Acne Spot Treatment

REDACTED

20. PS Ginger Rejuvenating Body Lotion

REDACTED

21. PS Oat Oil-Control Face Moisturizer

REDACTED

22. PS Burdock Root Skin Mattifier

REDACTED

23. PS Ginger Rejuvenating Body Balm

REDACTED

24. PS Ginger Rejuvenating Hand & Nail Cream

REDACTED

25. PS Fig Hydrating Body Balm

REDACTED

26. PS Fig Hydrating Hand & Nail Cream

REDACTED

27. PS Everlasting Flower Night Nourisher

REDACTED

5.    *Most of the Limited Defendants' Accused Products Meet the pH Element of Claim 6 According to the Limited Defendants' Product Specifications or Certificates of Analysis*

The Limited defendants' product specifications, reported in Dr. Rhodes' report, show that the accused products meet this claim element.  Dr. Rhodes also took the average pH for those products that the Limited defendants produced certificates of analysis for the accused products. Table 6, below, sets out this information from Dr. Rhodes' report and the Limited defendants' documents.

**Table 6.  Undisputed pH by Specification and Average as requested in Rh. Ex. 27[9] (unless otherwise noted)**

| Accused Product[10] | pH Spec | Avg. pH |
|---|---|---|
| 1. BBW Mango Mandarin Creamy Body Wash | | |
| 2. TBS Better Lather Than Never Bubble Bath and Shower Cream | | |
| 4. BBW Mango Mandarin Skin Renewal & Anti-Aging Body Wash | REDACTED | |
| 5. Burt's Bees Citrus Facial Scrub | | |
| 6. Burt's Bees Orange Essence Facial Cleanser | | — |
| 7. TBS Good Clean Foam Face Wash | — | — |
| 8. PS Ginger Rejuvenating Shower Foam | | |
| 9. PS Ginger Rejuvenating Body Scrub | REDACTED | |
| 10. BBW Mango Mandarin Body Lotion | | |
| 11. BBW Cool Citrus Basil Body Lotion | | — |
| 15. Murad Resurgence Sheer Lustre Day Moisture | | |
| 16. Murad Resurgence Age-Diffusing Serum | | |
| 17. Murad Resurgence Age-Balancing Night Cream | REDACTED | |
| 18. Murad Skin Perfecting Lotion | | |
| 19. Murad Acne Spot Treatment | | |
| 20. PS Ginger Rejuvenating Body Lotion | | — |
| 21. PS Oat Oil-Control Face Moisturizer | REDACTED | |

[9] Dr. Rhodes prepared Ex. 27 from certificates of analysis and product specifications produced by the Limited defendants. (Ex. E at 14-35.) Mr. Carson did not challenge Dr. Rhodes' compilation of those facts. Instead, Mr. Carson conducted his own pH tests on the accused products. (Ex. F at App. B.) But his test results either fall outside the specification range or support LP Matthews' position that the tested product meets the pH element of claim 9.

[10] Omitting products for which claim 6 is not asserted.

[11] Professor Edward Yeung, a non-testifying expert retained by plaintiff, tested the pH of this product. (Rhodes Ex. 62.) His pH test result confirms that this product literally meets the pH claim element of claim 6. The Limited defendants' expert does not challenge these results.

[12] Prof. Yeung's pH test result for this product confirms that this product meets the pH claim element of claim 6. (Rhodes Ex. 62.)

[13] For purposes of this motion only, LP Matthews does not dispute Mr. Carson's conclusion that the pH for this product falls within the claimed range. (Ex. F at App. B.)

[14] For purposes of this motion only, LP Matthews does not dispute Mr. Carson's conclusion that the pH for this product falls within the claimed range. (Ex. F at App. B.)

[15] For purposes of this motion only, LP Matthews does not dispute Mr. Carson's conclusion that the pH for this product falls within the claimed range. (Ex. F at App. B.)

22. PS Burdock Root Skin Mattifier
24. PS Ginger Rejuvenating Hand & Nail Cream
26. PS Fig Hydrating Hand & Nail Cream
27. PS Everlasting Flower Night Nourisher

**REDACTED**

## ARGUMENT

### A.    Summary Judgment Standard

Summary judgment is properly granted where no genuine issues of material fact exist.

Fed. R. Civ. P. 56(c). Though the evidence must be viewed in the light most favorable to the

nonmoving party, "if the evidence is merely colorable, or is not significantly probative, summary

judgment may be granted." *Scripps Clinic & Research Found. v. Genetech, Inc.*, 927 F.2d 1565,

1571 (Fed. Cir. 1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)).

Even so, "this standard provides that the mere existence of *some* alleged factual dispute between

the parties will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no *genuine* issue of *material* fact." *Paragon Podiatry Lab. v. KLM*

*Lab.*, 984 F.2d 1182, 1184-85 (Fed. Cir. 1993) (citing *Anderson*, 477 U.S. at 247-48 (emphasis

original)).

### B.    Properly Construed, the Limited Defendants' Accused Products Literally Meet Each Limitation of Claims 6 Or 9 (Or Both) of the '062 Patent

Determining infringement requires a two-step analysis. First, the court interprets the

claims of the patent as a matter of law. *Markman v. Westview Instr., Inc.*, 517 U.S. 370, 372

(1996). Second, the fact finder compares the construed claims to the accused products to

determine whether each claim element exists in that product. *See Markman v. Westview Instr.*,

---

[16] The Limited defendants did not produce a specification for this product; Prof. Yeung's pH test result shows this product literally meets the pH claim element of claim 6. (Rhodes Ex. 62.)

*Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996). Summary judgment of infringement is appropriate where no dispute of material fact exists or no reasonable juror could conclude there is no infringement. *See Anderson*, 477 U.S. 242, 249-50 (1986).

Under LP Matthews' proposed claim construction, the asserted claims of the '062 patent read literally on each accused product. LP Matthews' proposed claim construction is set forth in its Opening Claim Construction Brief. (D.I. 254.) The Court will determine these issues of law as a matter of claim construction:

1.  Claims 6 and 9 require that an accused composition clean human skin but do not require that the composition perform only a cleaning function.

2.  Claims 6 and 9 require that an accused composition contain 0.01% or more orange oil, which cleans at that volume.

3.  Orange oil includes Mandarin orange oil, since Mandarin oranges are oranges.

4.  Claim 6 requires that an accused product contain at least one oat grain derivative product that acts as an emulsifying agent, but does not require that the at least one oat grain derivative product be the only or even the primary emulsifier.

5.  Claim 9 requires that an accused product contain "oatmeal," which is a processed oat kernel.

6.  Claims 6 and 9 require that an accused product contain a "pharmaceutically-acceptable moisturizer," but do not require that the moisturizer be "natural." Indeed, the patent lists glycerin stearate and glycerol stearate, which are moisturizers that are not natural but are pharmaceutically-acceptable. (Ex. A at 8:54, 10:12.)

7. Claim 9 requires that an accused product have a pH within the range of approximately 4.0-6.5.

Under this state of the law, there are no disputed facts:

1. All 27 accused products have a cleaning effect. Products 1-9 are marketed for cleaning; products 10-27 have cleaning effects in addition to the product claims of other functions.

2. Products 1-7, 10, 12-19, 21-23 and 26-27 contain more than **REDACTED** **REDACTED**

3. Products 8-9, 11, 20, and 24-25 contain more than **REDACTED** **REDACTED**

4. All 27 products contain an oat grain derivative product that acts as an emulsifying agent in the emulsified product.

5. All 27 products contain an ingredient that is a processed oat kernel.

6. All 27 products contain one or more "pharmaceutically-acceptable moisturizers," including "natural" moisturizers like glycerin, aloe vera, shea butter, milk, silk, soy, sunflower oil, almond oil, soybean oil, honey, and olive oil. Products 1, 2, 9, 24, and 25 contain glycol stearate or glyceryl stearate, which are moisturizers that are not natural but are pharmaceutically acceptable, like the glycerin stearate and glycerol stearate contemplated by the inventors and set out in the '062 patent.

7.

**REDACTED**

**REDACTED**

meaning that the Limited defendants have and can continue to sell products in those pH ranges. Since no genuine issue of material fact exists for each of these seven points above, all 27 products literally infringe claim 9 of the '062 patent and products 1, 2, 4-11, 15-22, 24, 26, and 27 literally infringe claim 6 of the '062 patent.  No reasonable juror could conclude otherwise. Even if a fact issue exists as to one of the seven points above, the remaining points are properly the subject of partial summary judgment to narrow issues for trial.

## CONCLUSION

For the foregoing reasons, the Court should grant LP Matthews' motion for summary judgment that the Limited defendants infringe the '062 patent by making, selling, or offering for sale each of the 27 accused products.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302)-654-1888

*Attorneys for Plaintiff LP Matthews*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
Office:  800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C.  20006
Office:   202-775-0725

Dated: July 6, 2006
171048.v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2006, the attached **REDACTED PUBLIC VERSION OF LP MATTHEWS' MEMORANDUM SUPPORTING ITS MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT BY THE LIMITED DEFENDANTS** was served upon the below-named counsel of record at the address and in the manner indicated:

Richard L. Horwitz, Esquire                                  HAND DELIVERY
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801

Arthur I. Neustadt, Esquire                                  VIA FEDERAL EXPRESS
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Francis G.X. Pileggi, Esquire                                HAND DELIVERY
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE  19801

John Ward, Esquire                                           VIA FEDERAL EXPRESS
Ward & Olivo
708 Third Avenue
New York, NY  10017

/s/ *Tiffany Geyer Lydon*
———————————————————
Tiffany Geyer Lydon