IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1507-SLR |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED BRANDS, INC.; KAO BRANDS CO. (f/k/a THE ANDREW JERGENS COMPANY); and KAO CORPORATION | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**LP MATTHEWS' REPLY IN SUPPORT OF *DAUBERT* MOTION TO STRIKE THE EXPERT REPORT AND EXCLUDE THE TRIAL TESTIMONY OF THE LIMITED DEFENDANTS' PATENT LAW EXPERT MICHAEL H. DAVIS**

*Of Counsel*:

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
202-775-0725

Dated: July 13, 2006

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C.*

Plaintiff LP Matthews, L.L.C. ("LP Matthews") submits this reply in support of its *Daubert* Motion to Strike the Expert Report and Exclude the Trial Testimony of the Limited Defendants' Patent Law Expert, Michael H. Davis. (D.I. 234).

The Limited Defendants failed to meet their burden of establishing by a preponderance of the evidence that Mr. Davis's alleged expert report is reliable and relevant under the Supreme Court's *Daubert* standard. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 n.10 (1993). Mr. Davis is not the Limited defendants' damages expert – Mr. Christopher Fern is. Mr. Davis is not the Limited defendants' expert on infringement or invalidity – Mr. John Carson is. If permitted to testify, Mr. Davis will testify on patent law and patent office procedures, neither of which are permitted in this Court and, even if they were, should have been presented in an affirmative expert report, not a rebuttal expert report.

Mr. Davis is, in fact, not proffering rebuttal testimony on any issues – as made clear by the headings in his report: The Parts of Patent Applications and Patents, The Examination of Patent Applications in the PTO, Claim Construction, Utility, Obviousness, Novelty, and the Presumption of Validity. His testimony is relevant only to claim construction and validity. With respect to claim construction, that is a legal issue that will be addressed by this Court before the trial. *Markman v. Westview Instr., Inc.*, 52 F.3d 967 (Fed. Cir. 1995). With respect to validity, an issue on which the Limited defendants bear the burden of proof and were obliged to submit an affirmative report, the expert report of John Carson was timely served on February 28, 2006. Mr. Davis's report is untimely and his report and testimony should be excluded on that basis alone.

That is not the only reason Mr. Davis's report and testimony should be excluded. Mr. Davis proffers testimony on the law and patent office procedure. With respect to his proffered

1

testimony explaining what the law is, that is impermissible testimony. *Revlon Consumer Products Corp. v. L'Oreal S.A.*, 1997 U.S. Dist. LEXIS 4117, *6-7 (D. Del.)(*quoting United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991) ("it is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury..."). Mr. Davis's opinions on patent law and his legal analysis are impermissible testimony that should be excluded under Rule 702 of the Federal Rules of Evidence. *See Revlon*, 1997 U.S. Dist. LEXIS 4117, *6; *see also Cryovac Inc. v. Pechiney Plastic Pkg.*, 2006 U.S. Dist. LEXIS 27099, *48 (D. Del.) ("testimony on substantive areas of patent or contract law is impermissible"). As the Limited defendants noted in their *Daubert* motions, legal opinion and testimony is not the type of "specialized knowledge" contemplated by Rule 702 and the legal arguments proffered by Mr. Davis are appropriately set forth by an attorney requesting jury instructions.

With respect to Mr. Davis's testimony regarding patent office procedure, Mr. Davis has *never* been directly involved in any patent application on either side of the process (i.e., as an employee of the United States Patent & Trademark Office or representing an applicant). Although he may have graduated from Hofstra Law School in 1975, Mr. Davis did not become a registered patent attorney until 2000, many years after the prosecution in this matter.[1] Mr. Davis lacks the specialized knowledge that will assist the trier of fact in understanding or determining a fact in issue in this litigation. As the Supreme Court emphasized in *Daubert*, "the word 'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993). In order to be admissible, Mr. Davis's testimony must be based on good grounds - what is known. *See Daubert*, 509 U.S. at 591 ("Proposed testimony must be supported by appropriate validation – *i.e.*, 'good grounds,' based on what is known."). Mr. Davis can speculate about patent office procedure in the early

---

[1] *See* http://des.uspto.gov/OEDCI/details.do?regisNum=45863.

1990s, but, without any substantive involvement in patent prosecution at any time and not even being a registered patent attorney at that time, he does not have the specialized knowledge required to provide admissible expert testimony in that regard.

Mr. Davis's proposed testimony regarding the abandoned continuation-in-part application is legal advocacy that, even if it were admissible expert testimony (which it is not), should have been presented in an affirmative expert report on validity.[2] Paragraph 71 of Mr. Davis's report is illustrative on this point ("I further conclude ... doubt over the validity..."). Paragraph 74 of Mr. Davis's report is similarly directed to impermissible legal testimony on invalidity ("violated the utility requirement") and untimely. Likewise with Paragraph 75 ("the presumption of validity has been wholly overcome and rebutted."). Paragraph 72 of Mr. Davis's report is merely legal advocacy on claim construction ("impermissibly utilizes extrinsic evidence to establish the meaning and scope of the claims ...") that will confuse and mislead a jury that will be instructed on the claims by this Court and violates this Court's guidelines on legal expert testimony. There are no extraordinary circumstances justifying admission of Mr. Davis's untimely legal opinions; they are not admissible under *Daubert* or Rule 702 and they should not be presented to the jury.

For the foregoing reasons and the reasons stated in LP Matthews' opening brief, Mr. Davis's untimely legal opinion fails to meet the Supreme Court's requirements for admissibility or comply with this Court's requirements regarding expert reports and legal experts. LP Matthews requests that this Court grant LP Matthews' *Daubert* motion.

---

[2] LP Matthews moved to strike Mr. Davis's entire report as untimely and impermissibly directed at legal expert testimony, not just paragraphs 14-67, 68-70, 73 and 75. *See* LP Matthews' *Daubert* Motion to Strike the Expert Report and Exclude the Trial Testimony of the Limited Defendants' Patent Law Expert, Michael H. Davis, (D.I. 234).

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

---
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
202-775-0725

Dated: July 13, 2006

171251.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2006, the attached **LP MATTHEWS' REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO STRIKE THE EXPERT REPORT AND EXCLUDE THE TRIAL TESTIMONY OF THE LIMITED DEFENDANTS' PATENT LAW EXPERT MICHAEL H. DAVIS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | **VIA ELECTRONIC MAIL** |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017 | **VIA ELECTRONIC MAIL** |

/s/ *Tiffany Geyer Lydon*

Tiffany Geyer Lydon