# EXHIBIT 8

Christopher T. Rhodes          CONFIDENTIAL                April 26, 2006
Washington, DC

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - x

L.P. MATTHEWS, L.L.C.,              :

         Plaintiff,         :

      vs.                           : Civil Action

BATH & BODY WORKS, INC.;      : No. 04-1507 (SLR)

LIMITED BRANDS, INC.; KAO

BRANDS CO., (f/k/a THE         :

ANDREW JERGENS COMPANY);

and KAO CORPORATION,          :

        Defendants.    :

- - - - - - - - - - - - - x

Deposition of CHRISTOPHER T. RHODES, Ph.D., a witness

herein, called for examination by counsel for Defendant

in the above-entitled matter, pursuant to notice, the

witness being duly sworn by Robert M. Jakupciak, a

Notary Public in and for the District of Columbia, taken

at the offices of Robins, Kaplan, Miller & Ciresi, L.L.P.,

1801 K Street, N.W., Washington, D.C., 20006, at 9:00 a.m.,

on April 26, 2006, and the proceedings being taken down

by Stenotype by Robert M. Jakupciak, RPR.

2 (Pages 2 to 5)

**2**

1
2    APPEARANCES:
3    On behalf of the Plaintiff:
4       JASON R. BURATTI, ESQUIRE
5       Robins, Kaplan, Miller & Ciresi, L.L.P
6       1801 K Street, N.W
7       Washington, D.C., 20006
8       (202) 736-2710
9    On behalf of Limited Defendants:
10      JOHN F. WARD, ESQUIRE
11      Ward & Olivo
12      798 Third Avenue
13      New York, New York  10017
14      (212) 697-6262
15   On behalf of Kao Corporation:
16      STEPHEN G. BAXTER, ESQUIRE
17      RICHARD L. CHINN, ESQUIRE
18      Oblon, Spivak, McClelland
19      Maier & Neustadt, P.C.
20      1940 Duke Street
21      Alexandria, Virginia  22314
22      (703) 413-3000

**3**

1         C O N T E N T S
2    THE WITNESS: CHRISTOPHER T. RHODES, Ph.D.
3    EXAMINATION                    PAGE NO.
4       By Mr. Baxter ..................... 4
5
6
7
8         E X H I B I T S
9    RHODES EXHIBIT NUMBER              PAGE NO.
10   1   Curriculum Vitae ................ 49
11   2   Rhodes Report ................... 109
12   3   Rhodes Updated Report ........... 109
13   4   '062 Patent ..................... 133
14   5   '485 Patent ..................... 150
15   6   Rhodes Responsive Report ........ 216
16
17
18
19
20
21
22

**4**

1    Whereupon,
2          CHRISTOPHER T. RHODES, Ph.D.,
3    called for examination by counsel for Defendant and
4    having been duly sworn by the Notary Public, was
5    examined and testified as follows:
6          EXAMINATION BY COUNSEL FOR DEFENDANT
7    BY MR. BAXTER:
8       Q.   Good morning.
9       A.   **Good morning.**
10      Q.   Could you please state your full name
11   for the record?
12      A.   **Christopher Thomas Rhodes. R-H-O-D-E-S.**
13      Q.   Could you please state your current
14   address for the record?
15      A.   **28 Prospect Avenue, Narragansett, Rhode**
16   **Island.**
17      Q.   Is it Dr. Rhodes or Professor Rhodes or
18   Mr. Rhodes?
19      A.   **Professor Rhodes is perfectly**
20   **satisfactory, thank you, sir.**
21      Q.   My name is Steve Baxter, and I represent
22   the Kao defendants in this litigation.  Do you

**5**

1    understand that I'm going to be asking you a series
2    of questions today?
3       A.   **I do.**
4       Q.   And do you understand that if at any
5    time during the questioning you don't understand one
6    of my questions, you have the right to ask me for an
7    explanation?
8       A.   **I do.**
9       Q.   And do you understand that you have the
10   right to ask for a break at any time during the
11   deposition?
12      A.   **I do.**
13      Q.   Have you ever been deposed before?
14      A.   **Yes.**
15      Q.   How many times?
16      A.   **I can't give you an exact number.**
17      Q.   More than ten?
18      A.   **I don't know.  I think probably about**
19   **ten.  I cannot be certain.**
20      Q.   Have you ever -- have any of your prior
21   depositions been in the context of patent
22   litigation?

Christopher T. Rhodes          CONFIDENTIAL          April 26, 2006
Washington, DC

42  (Pages 162 to 165)

162

1          MR. BURATTI:  Same objection.
2      A.   I'm still not quite sure I understand.
3  Are you asking me do you know why the inventors
4  didn't carry out tests at say 1 percent or 2
5  percent?  Is that what you are asking me?
6      Q.   No.
7      A.   No, you are not.  Could you -- I'm
8  regretting to say I'm quite lost.  Could you
9  rephrase the question?
10     Q.   Do you know how the inventors arrived at
11 the number 5 percent?  Why did they determine that
12 it would work with as little as 5 percent?
13         MR. BURATTI:  Objection to form.  Calls
14 for speculation.
15     Q.   Why didn't they say as little as one
16 percent?
17         MR. BURATTI:  Same objection.
18     A.   I'm not sure, I'm still not sure I
19 understand the question.  What they have done is
20 they presented data with various concentrations of
21 olive oil -- orange oil, and the lowest one they
22 have reported in the patent is 5 percent.

163

1      Q.   That's the lowest effective amount they
2  have reported in the patent?
3          MR. BURATTI:  Objection to the form and
4  misleading.
5      Q.   Is that correct?
6      A.   That's the product with the lowest
7  concentration that they report.
8      Q.   Isn't it true that that sentence says:
9  From these tests, applicants concluded that with
10 respect to cosmetics, a composition according to the
11 present invention could have as little as 5 percent
12 by volume of orange oil, although it was preferable
13 to have a cleaning composition having at least 25
14 percent by volume of orange oil?  Isn't that what it
15 says?
16     A.   You have read out that sentence
17 correctly.
18     Q.   Doesn't that indicate that 5 percent is
19 the lowest amount that they considered effective for
20 cleaning as the tests are set out in the
21 application?
22         MR. BURATTI:  Objection to form.

164

1      A.   I disagree.  I think what that's saying
2  is if you are interested particularly in having a
3  cleansing composition to remove the real toughies,
4  like calking compounds, et cetera, et cetera, then 5
5  percent may not be appropriate.  However, if you are
6  interested in removing cosmetics or other forms of
7  dirt which are less tenacious, then 5 percent or
8  even less may be perfectly appropriate.
9      Q.   Where does the even less come?  It
10 doesn't say as little as.  It doesn't say as little
11 as 5 percent or less, does it?
12         MR. BURATTI:  Object.
13     Q.   Where do you read in the or less?
14         MR. BURATTI:  Objection to form.
15     A.   What I read is this.  Applicants
16 concluded that with respect to cosmetics, a
17 composition according to the present invention could
18 have as little as 5 percent volume.  They can only
19 state that because that's all they've tested.  Since
20 they haven't tested below 5 percent, they don't make
21 a statement about it.  So they are being very
22 cautious, they are being very conservative and I'm

165

1  not taking issue with that statement.
2          What I'm saying is the person skilled in
3  the art who reads that is going to say I understand
4  what the authors -- sorry -- what the patentees did,
5  but I have good reason to believe that this product,
6  the teachings of this invention will still be
7  effective at lower concentrations.
8      Q.   Why do -- strike that.
9          So your understanding -- let me see if I
10 can put it this way.  Your understanding that that
11 sentence means you could use less than 5 percent is
12 based on an understanding that the inventors didn't
13 do any testing below 5 percent?  Is that what you
14 are saying?
15     A.   No.
16         MR. BURATTI:  Objection to form and
17 mischaracterizes testimony.
18     A.   That's not what I'm saying.  What I'm
19 saying is this.  In the patent the lowest
20 concentration of orange oil that the inventors
21 report that they evaluated was 5 percent.  At that
22 concentration the product is less effective than

Christopher T. Rhodes          CONFIDENTIAL                    April 26, 2006
                              Washington, DC

62  (Pages 242 to 243)

242

```
 1      _____
 2            CHRISTOPHER T. RHODES, Ph.D.
 3
 4
 5      SUBSCRIBED and SWORN TO before me this _____ day of
 6      _____, 2006.
 7
 8
 9
10
11
12
13
14            _____
15            NOTARY PUBLIC
16
17
18
19
20
21      My Commission expires: _____
22      UNITED STATES OF AMERICA  )
```

243

```
 1                    ss:
 2      DISTRICT OF COLUMBIA     )
 3            I, ROBERT M. JAKUPCIAK, an RPR and Notary
 4      Public within and for the District of Columbia do
 5      hereby certify:
 6            That the witness whose depostion is
 7      hereinbefore set forth, was duly sworn and that the
 8      within transcript is a true record of the testimony
 9      given by such witness.
10            I further certify that I am not related to
11      any of these parties to this action by blood or
12      marriage and that I am in no way interested in the
13      outcome of this matter.
14            IN WITNESS WHEREOF, I have hereunto set my
15      hand this _____ day of _____, 2006.
16
17            _____
18
19      My Commission Expires:
20      December 14, 2008
21
```

Henderson Legal Services
(202) 220-4158