IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1507-SLR |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**LP MATTHEWS' OPPOSITION TO THE LIMITED DEFENDANTS'
MOTION TO EXCLUDE THE EXPERT REPORT OF LARRY W. EVANS**

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
(202) 775-0725

Dated: July 14, 2006
171080.1

ASHBY & GEDDES
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302)-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS ..................................................................... 1

SUMMARY OF THE ARGUMENT ..................................................................................... 1

STATEMENT OF THE FACTS ............................................................................................ 2

ARGUMENT ........................................................................................................................... 3

    A.    Mr. Evans' Testimony Is Admissible Under Rule 702 And Not Excludable Under Rule 704 .................................................................................................. 3

    B.    Courts Consistently Admit Testimony Comparable To The Testimony Mr. Evans Will Offer In This Case .................................................................................. 6

    C.    Mr. Evans Proceeds Under An Assumption That The Patent Has Not Been Infringed And Subsequently Makes No Conclusions Regarding Substantive Areas Of Patent Law And Technical Subject Matter ............................................. 7

CONCLUSION ........................................................................................................................ 8

# TABLE OF AUTHORITIES

## CASES

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993)..................................................................................3, 4

*DSU Med. Corp. v. JMS Co. Ltd.*,
  296 F. Supp. 2d 1140 (N.D. Cal. 2003)...................................................4, 6

*Georgia-Pacific Corp. v. United States Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970)..............................................................2

*GNB Battery Tech., Inc. v. Exide Corp.*,
  886 F. Supp. 420 (D. Del. 1995)...................................................................5

*Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*,
  378 F. Supp. 2d 459 (D. Del. 2005).........................................................1, 6

*Maxwell v. Baker*,
  86 F.3d 1098 (Fed. Cir. 1996)...................................................................1, 2

*North American Philips Corp. v. Aetna Cas. & Sur., Co.*,
  1995 Del. Super. LEXIS 340 (Del. Super. Ct. Apr. 22, 1995) ...............3, 4, 7

*P&G v. Paragon Trade Brands*,
  989 F. Supp. 547 (D. Del. 1997).................................................................2, 7

*Smith v. Ingersoll-Rand Co.*,
  214 F.3d 1235 (10th Cir. 2000) ...............................................................3, 4, 7

*SmithKline Diag., Inc. v. Helena Labs., Corp.*,
  926 F.2d 1161 (Fed. Cir. 1991).....................................................................5

*St. Clair Intellectual Prop. Consultants, Inc. v. Canon, Inc.*,
  2004 U.S. Dist. LEXIS 19475 (D. Del. Sept. 28, 2004).........................5, 6, 7

*Tech. Licensing Corp. v. Gennum Corp.*,
  2004 U.S. Dist. LEXIS 10604 (N.D. Cal. Mar. 26, 2004)......................5, 6, 8

*Trio Process Corp. v. L. Goldstein's Sons, Inc.*,
  612 F.2d 1353 (3d Cir. 1980)........................................................................5

*United States v. Leo*,
  941 F.2d 181 (3d Cir. 1991)..........................................................................3

**FEDERAL STATUTES**

Fed. R. Evid. 702 .................................................................................................................3

35 U.S.C. § 284.....................................................................................................................5

## NATURE AND STAGE OF PROCEEDINGS

On December 8, 2004, plaintiff LP Matthews, L.L.C. ("LP Matthews") filed a complaint for patent infringement against defendants Kao Brands Company (formerly known as The Andrew Jergens Company), Kao Corporation, Limited Brands, Inc., and Bath and Body Works, Inc. (D.I. 1). LP Matthews amended its Complaint on February 2, 2005. (D.I. 5, 8). This Court entered a Scheduling Order on June 9, 2005. (D.I. 39). Pursuant to the Scheduling Order, expert discovery closed on May 12, 2006 (*id.* at 1), and *Daubert* motions were filed on June 22, 2006 (*id.* at 3).

## SUMMARY OF THE ARGUMENT

This Court should deny defendants Limited Brands, Inc., and Bath and Body Works, Inc.'s ("the Limited defendants") motion to exclude the expert testimony of LP Matthews' damages expert Larry W. Evans. Mr. Evans explained the basis for the methodology he applied when opining on a hypothetical negotiation and a reasonable royalty rate based on several decades of personal experience negotiating patent licenses. Defendants erroneously claim that Mr. Evans' testimony regarding the applicable standards for determining royalty rates in *Maxwell* are legal conclusions. *See Maxwell v. Baker*, 86 F.3d 1098 (Fed. Cir. 1996) (explaining the correct method of calculating reasonable royalty rates in a hypothetical negotiation). However, explaining the *Maxwell* hypothetical negotiation model is not impermissible legal advocacy, but rather an explanation of a court-mandated standard for calculating royalty rate damages. *See Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 378 F. Supp. 2d 459, 464 (D. Del. 2005) (stating that the Federal Circuit has made clear that hypothetical negotiations should be used in calculating damages). Additionally, Mr. Evans' discussion of patent

1

validity does not draw legal conclusions; it is a required step in a hypothetical negotiation model of calculating damages. *See, e.g., P&G v. Paragon Trade Brands*, 989 F. Supp. 547, 606 (D. Del. 1997) (stating that a hypothetical negotiation is a required step in the legal method of calculating a reasonable royalty rate). Therefore, Mr. Evans' testimony merely explains the basis for his methodology, does not impermissibly advocate a debatable legal conclusion, is admissible, and should not be excluded.

## STATEMENT OF THE FACTS

Mr. Evans will testify on the subject of damages. (Evans Report, ¶ 1)(Attached as Exhibit 1)[1]; (see also Evans Supplemental Report) (Attached as Exhibit 2). Specifically, Mr. Evans will address the determination of a reasonable royalty rate at a hypothetical negotiation, basing his calculation on the well-established methodology set forward in *Georgia Pacific* and *Maxwell*. Ex. 1, ¶¶ 33-34 (*citing Maxwell*, 86 F.3d 1098); *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). Mr. Evans bases his damages calculations on methodology that has been deemed reliable by this court and many others. (See Ex. 1, ¶¶ 23-24). He has been extensively involved in patent licensing for over forty (40) years (*id.*, ¶¶ 3-16), and his qualifications as a damages expert have not been questioned. His testimony will assist the trier of fact in determining the proper damages calculations in this matter.

---

[1] A supplemental report was filed in response to the Limited defendants' production of materials after the discovery cut-off date. Sections in the first report are redacted for information regarding the Kao defendants.

# ARGUMENT

### A. Mr. Evans' Testimony Is Admissible Under Rule 702 And Not Excludable Under Rule 704.

To be admissible, expert testimony must comply with Federal Rule of Evidence 702. Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles reliably to the facts of the case.

Thus, expert testimony must assist the trier of fact, must be reliable, and must be relevant. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 594-95, 97 (1993). In her role as "gate keeper," the trial judge must focus, "solely on [the expert's] principles and methodology, not on the conclusions they generate." *Id.* at 595.

The Limited defendants' motion is based on the flawed premise that, because Mr. Evans mentions the *Maxwell* standards, he improperly advocates a legal position. (Defs. Mem. at 5). While it is true that experts cannot make legal conclusions and usurp the role of the judge (*see United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991)[2]), Mr. Evans does not advocate a legal position. Rather, he relies on well-settled legal criteria for determining reasonable royalties in damages calculations. The Limited defendants simply fail to differentiate between an expert making legal conclusions and an expert explaining a complex legal standard upon which factual analysis is based. *Compare Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1245 (10th Cir. 2000) (allowing an expert to explain the principle of hedonic damages under New Mexico law) *with North American*

---

[2] Indeed, experts cannot testify about legal duties under the law. *Id.*

3

*Philips Corp. v. Aetna Cas. & Sur., Co.*, 1995 Del. Super. LEXIS 340 at *10 (Del. Super. Ct. Apr. 22, 1995) (finding an expert's testimony inadmissible when the expert testified as to the legal duties arising from a contract).

Courts consistently allow experts to clarify the legal criteria behind their methodology. Indeed, "an expert may be called upon to aid the jury in understanding the facts in evidence even though those facts are couched in legal terms." *Smith*, 214 F.3d at 1246 (internal citations omitted); *see also North American Philips Corp.*, 1995 Del. Super. LEXIS 340 at *10 (stating that the legal criteria behind expert opinions can be explored). Mr. Evans' discussion of *Maxwell* merely explains the reasoning behind using a hypothetical negotiations model – explaining legal criteria rather than a legal conclusion. (Ex. 1 ¶ 23). Mr. Evans' application of these standards is therefore not legal argument in violation of Rule 704. *See Smith*, 214 F.3d at 1246; *North American Philips Corp.*, 1995 Del. Super. LEXIS 340 at *10.

The proper inquiry into the admissibility of Mr. Evans' testimony under Rule 702 explores the reliability of Mr. Evans' methods and the value of Mr. Evans' testimony to the trier of fact. Under Rule 702, the trial court's sole job is to determine the reliability of the expert's opinion, which necessitates an examination of the expert's methods. *Daubert*, 509 U.S. at 592-93. "Reliable methodology requires that the legal grounds used by an expert to calculate damages be legally acceptable." *DSU Med. Corp. v. JMS Co. Ltd.*, 296 F. Supp. 2d 1140, 1148 (N.D. Cal. 2003). When experts fail to properly explain the legal basis for the methodology they use, their opinions are deemed inadmissible. *See id.* at 1156. Consequently, Mr. Evans, in explaining that the legal basis for his

4

methodology stems from *Maxwell*, provides the court with the necessary information to properly assess the reliability of his methodology.

The reliability of the legal basis behind Evans' methodology has been confirmed by numerous courts. First, Mr. Evans uses *Georgia-Pacific* and *Maxwell* standards, both of which have been widely accepted by the Federal and Third Circuits. *See SmithKline Diag., Inc. v. Helena Labs., Corp.*, 926 F.2d 1161, 1168 (Fed. Cir. 1991); *Trio Process Corp. v. L. Goldstein's Sons, Inc.*, 612 F.2d 1353, 1358 (3d Cir. 1980); *St. Clair Intellectual Prop. Consultants, Inc. v. Canon, Inc.*, 2004 U.S. Dist. LEXIS 19475 at *8-10 (D. Del. Sept. 28, 2004); *GNB Battery Tech., Inc. v. Exide Corp.*, 886 F. Supp. 420, 439 (D. Del. 1995), *aff'd*, 78 F.3d 605 (Fed. Cir. 1996). The *Maxwell* standard is so widely accepted that a damages expert who ignored it was found to have used an unreliable method and his testimony was excluded. *Tech. Licensing Corp. v. Gennum Corp.*, 2004 U.S. Dist. LEXIS 10604 at *20-23 (N.D. Cal. Mar. 26, 2004). Courts, in their role as "gate-keeper," have not only approved Mr. Evans' methods for damages calculations, but have required using these methods.

Additionally, Mr. Evans' opinion will assist the trier of fact. Experts may testify "as an aid to the determination…of what royalty would be reasonable under the circumstances." 35 U.S.C. § 284 (2006). As Mr. Evans lays out in his reports, he will explain how to determine a reasonable royalty rate under the court-mandated standards set forth in *Georgia-Pacific* and *Maxwell*. (*See, e.g.*, Ex. 1, ¶¶ 23, 24, 28, 29, 31, 36). He will also fully explain the hypothetical negotiation (based on, *inter alia*, his several decades of experience in negotiating patent licenses) and assist the fact-finder's determination of royalty rates. (*See, e.g.*, Ex. 1, ¶¶ 29-31). Accordingly, Mr. Evans'

5

testimony, based on reliable methodology, will aid the fact-finder in determining the royalty rate, thereby fulfilling the admissibility requirement of Rule 702.

**B.    Courts Consistently Admit Testimony Comparable To The Testimony Mr. Evans Will Offer In This Case.**

Courts consistently require calculation of reasonable royalty damages under the *Georgia-Pacific* factors and a *Maxwell*-type hypothetical negotiations model. *See Honeywell*, 378 F. Supp. 2d at 464; *Tech. Licensing Corp.*, 2004 U.S. Dist. LEXIS 10604 at *20-23. Recently, this Court upheld the validity, methodology, and principles of a damages expert's findings and testimony based on the *Georgia-Pacific* factors combined with a hypothetical negotiation, such as the one used in *Maxwell*. *St. Clair*, 2004 U.S. Dist. LEXIS 19475 at *8-10. This Court called the *Georgia-Pacific* factors and the hypothetical negotiation model "methods" of calculating damages, rather than legal conclusions, and found that these methods satisfied the first prong of Rule 702. *Id.* at *8. The *St. Clair* court thus denied a motion to strike the expert's testimony, stating that the expert's reliance on these methods of damages calculations was correct. *Id.* at *8-10.

Despite these well-established principles, the Limited defendants object to Mr. Evans' reliance on a *Maxwell*-type hypothetical negotiation model, specifically his mention and discussion of *Maxwell* in his expert report in paragraphs 21, 33, and 36. Yet, this is where he explains why he utilizes certain methodology in his calculation of reasonable royalty rates. These paragraphs therefore show the legal grounds for using the methodology, which courts may (and often do) require as a prerequisite for admitting the methodology. *See Tech. Licensing Corp.*, 2004 U.S. Dist. LEXIS 10604 at *20-23; *DSU Med. Corp.*, 296 F. Supp. 2d at 1148 (analyzing whether the expert properly used the correct underlying legal principles in computing damages in determining whether to

admit the expert's testimony). Additionally, even if not required by the court, this type of testimony does not render an expert's testimony inadmissible. *See Smith*, 214 F.3d at 1246; *North American Philips Corp.*, 1995 Del. Super. LEXIS 340 at *10 (allowing the expert to explore the legal criteria for forming an opinion). Defendants' objections are contrary to precedent and should not be sustained. Accordingly, their motion must be denied.

C. **Mr. Evans Proceeds Under An Assumption That The Patent Has Not Been Infringed And Subsequently Makes No Conclusions Regarding Substantive Areas Of Patent Law And Technical Subject Matter.**

Mr. Evans' statements on the rights that go along with a patent are not legal conclusions or comments on substantive areas of patent law. In calculating damages, "patents are presumed valid, enforceable, and infringed in the context of an expert's formulation of damages in a patent trial." *St. Clair*, 2004 U.S. Dist. LEXIS 19475 at *10. In fact, an assumption of a valid patent is necessary in calculating reasonable royalties based on a hypothetical negotiation. *See id.*; *P&G*, 989 F. Supp. at 606 (stating that a reasonable royalty rate must be determined through a hypothetical negotiation).

Mr. Evans' assertions regarding the fundamental nature and validity of a patent are therefore not only allowable, but necessary in a hypothetical negotiation analysis. In this regard, the Limited defendants specifically object to paragraphs 21, 23, 27, 28, and 36. (See Def. Mem. at 2). These sections of Mr. Evans' report merely explain that a patent is presumed to be valid and enforceable when determining damages. (See Ex. 1 at ¶¶ 21, 23, 27-28, 36). This is not impermissible legal advocacy; instead, he explains the court-approved methodology used in calculating reasonable royalty rates. As discussed above, this is not only acceptable, but often required. *See, e.g. Tech. Licensing Corp.*,

2004 U.S. Dist. LEXIS 10604 at *20-23. The Limited defendants' objections are misplaced and Mr. Evans' testimony should therefore be deemed admissible.

## CONCLUSION

For the foregoing reasons, LP Matthews requests that this Court deny the Limited defendants' motion to exclude the expert testimony of Larry W. Evans.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302)-654-1888

*Attorneys for Plaintiff LP Matthews*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
(202) 775-0725

Dated: July 6, 2006
171048.v1

# EXHIBIT 1

# REDACTED

# EXHIBIT 2

**REDACTED**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2006, the attached **REDACTED PUBLIC VERSION OF LP MATTHEWS' OPPOSITION TO THE LIMITED DEFENDANTS' MOTION TO EXCLUDE THE EXPERT REPORT OF LARRY W. EVANS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801 | HAND DELIVERY |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | VIA ELECTRONIC MAIL |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE 19801 | HAND DELIVERY |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017 | VIA ELECTRONIC MAIL |

/s/ Tiffany Geyer Lydon
_____
Tiffany Geyer Lydon