IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1507 (SLR) |
| | ) | JURY TRIAL DEMANDED |
| BATH & BODY WORKS, INC., | ) | |
| and | ) | |
| LIMITED BRANDS, INC., | ) | |
| and | ) | |
| KAO BRANDS CO. (f/k/a THE ANDREW | ) | |
| JERGENS COMPANY), | ) | |
| and | ) | |
| KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**THE LIMITED DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR *DAUBERT* MOTION TO EXCLUDE EXPERT TESTIMONY OF LARRY W. EVANS**

FOX ROTHSCHILD LLP
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
919 North Market Street, Suite 1300
Wilmington, Delaware 19801
Phone: (302) 655-3667
Fax: (302) 656-8920

*Attorneys for Defendants Bath & Body Works, Inc. and Limited Brands, Inc.*

OF COUNSEL:

WARD & OLIVO
John F. Ward
David M. Hill
Michael J. Zinna
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax: (212) 972-5866

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................1

ARGUMENT...................................................................................................................................2

    I.       Mr. Evans Should Only Be Permitted To Testify On Damages ..................2

    II.      Legal Grounds Of Expert Testimony Is Presented
              To The Court, Not The Jury................................................................................4

CONCLUSION................................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Cryovac Inc. v. Pechiney Plastic Pkg.*, 2006 U.S. Dist. LEXIS 27099
    (D. Del. April 17, 2006) ............................................................................ 1,2,5

*Green Machine Corp. v. Zurich American Insurance Group*, 2001 U.S. Dist. LEXIS
    13378 (E.D. Pa. Aug. 24, 2001), *aff'd* 313 F.3d 837 (3d Cir. 2002) ...................... 2

*Izumi Products Co. v. Koninklijke Philips Elec. N.V.*, 315 F.Supp.2d
    589 (D. Del. 2004) ...................................................................................... 4

*Maxwell v. Baker*, 86 F.3d 1098 (Fed. Cir. 1996) ............................................... 3

*Micro Chemical, Inc. v. Lextron, Inc.*, 317 F.3d 1387 (Fed. Cir. 2003) .................. 3

*North American Philips Corp.*, 1995 Del. Super. LEXIS 340, *9-10 (April 22, 1995) ..... 4

*Oddi v. Ford Motor Co.*, 234 F.3d 136 (3d Cir. 2000) ........................................ 4

*Revlon Consumer Products Corp. v. L'Oreal S.A.*, 1997 U.S. Dist.
    LEXIS 4117 (D. Del. March 26, 1997) ............................................................ 2

*Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235 (10th Cir. 2000) ............................. 4

*Tech. Licensing Corp. v. Gennum Corp.*, 2004 U.S. Dist. LEXIS
    10604 (N.D. Cal. Mar. 26, 2004) .................................................................. 3

*Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 2004 U.S. Dist. 10730
    (D. Del. June 9, 2004), *aff'd* 425 F.3d 1366 (Fed. Cir. 2005) ............................. 3

*United States v. Leo*, 941 F.2d 181 (3d Cir. 1991) ........................................ 2,3


**Rules**

Fed. R. Evid. 702 ............................................................................................ 3

## INTRODUCTION

Defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively referred to the "Limited Defendants") file this Reply Brief in support of their Motion to Exclude Expert Testimony of Larry W. Evans (D.I. 239) and in response to LP Matthews, L.L.C.'s ("LPM" or "plaintiff") Answering Memorandum in Opposition to this motion (D.I. 274).

Contrary to LPM's assertions in its Answering Brief, Mr. Evans' "economic" report ("the Evans report") is rife with legal conclusions. (*See* D.I. 239, Ex. 1, ¶¶ 23-24, 33, 36). Although Mr. Evans was engaged to provide an expert opinion on damages, his report is as much legal as it is economic. LPM, and certainly Mr. Evans himself, must know this is impermissible – similar testimony by Mr. Evans was recently excluded by Judge Jordan in *Cryovac Inc. v. Pechiney Plastic Pkg.*, 2006 U.S. Dist. LEXIS 27099 (D. Del. April 17, 2006). Like the report he submitted in *Cryovac*, several paragraphs of Mr. Evans' report here state unsupported legal conclusions, discuss, analyze and opine on the law, speculate on certain technical aspects of the subject matter in this case, and otherwise provide Mr. Evans' opinion on non-damages related topics, such as whether there should be a finding of willful infringement here. (*See, e.g.*, D.I. 239, Ex. 1, ¶¶ 21, 23-24, 27-28, 33, 36, 44-51). Mr. Evans' expert testimony as it relates to these areas, including at least the legal and technical conclusions in Paragraphs 21, 23-24, 27-28, 33, and 36 of the Evans report, is impermissible and should be excluded. Mr. Evans is a damages expert, and his testimony should be limited to that topic.

**ARGUMENT**

This is not the first time Mr. Evans has proffered impermissible testimony in a patent case. *See Cryovac*, 2006 U.S. Dist. LEXIS 27099. This district has recently excluded similarly inappropriate testimony by Mr. Evans. *See id.* In *Cryovac*, Mr. Evans was precluded from opining on the substance of patent law. *See id.* As in that case, Mr. Evans' opinions here "go beyond opining on what the appropriate measure of damages should be, and make what amounts to legal argument." *Id.* at *47. The court in *Cryovac* ruled that "Mr. Evans will be confined at trial to the opining on what the damages in this case should be if [Defendant]'s legal positions are accepted. He will not be permitted to advocate legal positions... by opining on the substance of case law...." *Id.* at *49. The same result is appropriate here.

I.  Mr. Evans Should Only Be Permitted To Testify On Damages

As set forth in the Limited Defendants' Opening Brief, Mr. Evans should not be permitted to testify to the law or usurp the judge's role in giving jury instructions. *United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991); *see also Revlon Consumer Products Corp. v. L'Oreal S.A.*, 1997 U.S. Dist. LEXIS 4117, *6-7 (D. Del. March 26, 1997); *Green Machine Corp. v. Zurich American Insurance Group*, 2001 U.S. Dist. LEXIS 13378, *17 (E.D. Pa. Aug. 24, 2001), *aff'd* 313 F.3d 837 (3d Cir. 2002) ("Expert testimony that expresses a legal conclusion is improper."). While Mr. Evans' damages testimony may be admissible, he may not testify on the law before the jury. *Revlon*, 1997 U.S. Dist. LEXIS 4117 at *6-7. Rule 702 only permits testimony from a qualified expert that constitutes "specialized knowledge" that "will assist the trier of fact to understand

2

the evidence or to determine a fact in issue." Fed. R. Evid. 702.

The damages expert has the role of presenting an analysis of the facts and evidence of record using an accepted damages calculation method. *Micro Chemical, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392-1393 (Fed. Cir. 2003). The hypothetical negotiation is one such method that the courts consider reliable for purposes of admitting testimony. *See, e.g., Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 2004 U.S. Dist. 10730, *43-44 (D. Del. June 9, 2004), *aff'd* 425 F.3d 1366 (Fed. Cir. 2005). Mr. Evans must *apply facts* to the hypothetical negotiation methodology. Mr. Evans is not permitted, as LPM argues, to give a dissertation on the legal background and controlling law *surrounding* the hypothetical negotiation methodology. *See United States v. Leo*, 941 F.2d at 196; *Revlon*, 1997 U.S. Dist. LEXIS 4117 at *6-7. He is similarly not permitted to render legal opinions, but he certainly does so. For example, Mr. Evans opines that "[t]he Federal Circuit has upheld the concept of 'royalty for an infringer', at least in party [sic], by the absurdity of a hypothetical negotiation between 'willing parties', when the parties would not have reached agreement in the 'real world'." (D.I. 239, Ex. 1, ¶ 24) (emphasis in original). Similar legal opinions and conclusions are found throughout his report. (D.I. 239, Ex. 1, ¶¶ 23, 33, 36).

LPM attempts to hide Mr. Evans' legal conclusions under the guise that his testimony "merely explains the basis of his methodology." (D.I. 274 at 2). According to LPM, Mr. Evans is permitted to explain his use of a certain methodology by discussing substantive case law, including *Maxwell v. Baker*, 86 F.3d 1098 (Fed. Cir. 1996), in his calculation of a reasonable royalty rate. (D.I. 274 at 6; D.I. 239, Ex. 1, ¶¶ 23-24 33, 36). This is not the case nor do LPM's non-controlling citations state otherwise. *See Tech.*

3

*Licensing v. Gennum Corp.*, 2004 U.S. Dist. LEXIS 10604, *18-23 (N.D. Cal. Mar. 26, 2004).

> II. Legal Grounds Of Expert Testimony Is
> Presented To The Court, Not The Jury

It is up to the trial judge to decide "in a particular case how to go about determining whether particular expert testimony is reliable." *Izumi Products Co. v. Koninklijke Philips Elec. N.V.*, 315 F.Supp.2d 589, 601 (D. Del. 2004). "A court 'must examine the expert's conclusions in order to determine whether they could reliably flow from the facts known to the expert and the methodology used." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000).

LPM's arguments and citations are inapplicable to the issues raised in the Limited Defendants' motion. LPM relies on cases which merely indicate that the *Georgia-Pacific* factors and the hypothetical negotiation comprise a reliable method for calculating a reasonable royalty rate, which is not in dispute. (*See* D.I. 274). None of the cases relied on by LPM discuss or permit legal opinion testimony by damages experts.[1] (*See* D.I. 274 at 5). For example, the "legal criteria" mentioned in *North American Philips Corp. v. Aetna Casualty and Surety* involved <u>factual</u> testimony relating to a person's mental capacity, and did not include opinion testimony on the law. *North American Philips Corp. v. Aetna Casualty and Surety, Co.*, 1995 Del. Super. LEXIS 340, *9-10 (April 22, 1995) (D.I. 274 at 4).

Moreover, LPM asserts that "Mr. Evans' statements on the rights that go along with a patent are not legal conclusions or comments on substantive areas of patent law."

---

[1] Of note, LPM relies on the non-controlling case *Smith v. Ingersoll-Rand Co.*, which concerns the application of the state law of New Mexico. *See Smith*, 214 F.3d 1235, 1246 (10th Cir. 2000).

4

(D.I. 274 at 7). This argument fails for two reasons. First, Mr. Evans – a *damages expert* – cannot opine on patent rights. *Cryovac*, 2006 U.S. Dist. LEXIS 27099 at *47. Second, even if this were permissible, Mr. Evans' testimony goes beyond a mere discussion of "the rights that go along with a patent." For example, Mr. Evans opines that "the '062 patent is fundamental to the manufacture and sale of skin-cleansing compositions containing orange oil and an oat grain derivative." (D.I. 239, Ex. 1, ¶ 28). Mr. Evans has no experience in the cosmetic industry, and is not qualified to testify on the technical merits of the subject matter of the patent-in-suit. Mr. Evans' testimony regarding technical conclusions and arguments is improper and should be excluded.

## CONCLUSION

For the foregoing reasons, the Limited Defendants respectfully request that this Court grants their Motion to Exclude Expert Testimony of Larry W. Evans regarding his legal and technical arguments and conclusions, including those set forth in Paragraphs 21, 23-24, 27-28, 33, 36, and 44-51 of the Evans report. (D.I. 239, Ex. 1, 21, 23-24, 27-28, 33, 36, 44-51).

Respectfully submitted,

FOX ROTHSCHILD LLP

Dated: July 14, 2006

By: /s/ Sheldon K. Rennie
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
FOX ROTHSCHILD LLP
Suite 1300
919 North Market Street
Wilmington, Delaware 19801

Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath and Body Works, Inc.
Limited Brands, Inc.