IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C. | ) | REDACTED PUBLIC VERSION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1507-SLR |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED BRANDS, INC.; KAO BRANDS CO. (f/k/a THE ANDREW JERGENS COMPANY); and KAO CORPORATION | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**LP MATTHEWS' ANSWERING BRIEF IN OPPOSITION TO KBC'S SECOND
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office: 800-553-9910

Robert A. Auchter
Jason R. Buratti, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
Office: 202-775-0725

ASHBY & GEDDES
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Office: 302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C.*

Dated: July 19, 2006

## NATURE AND STAGE OF PROCEEDINGS

On December 8, 2004, plaintiff LP Matthews, L.L.C. filed a Complaint for patent infringement against defendants Kao Brands Company (formerly known as The Andrew Jergens Company) ("KBC"), Kao Corporation, Limited Brands, Inc., and Bath & Body Works, Inc. (D.I. 1.) LP Matthews amended its Complaint on February 2, 2005. (D.I. 5, 8.) Defendant KBC filed an Answer to the Amended Complaint on February 28, 2005 (D.I. 9), but Kao Corporation (KBC's parent) did not authorize its counsel to accept service. At that time, LP Matthews had only identified one Kao defendant[1] accused product, Curél Ultra Healing.

On March 8, 2005, before Kao Corporation (or Limited Brands and Bath & Body Works) answered the Amended Complaint and before the Court entered its Scheduling Order (D.I. 39), KBC filed a Motion for Summary Judgment that its Ultra Healing product does not infringe the patent-in-suit, based solely on the claim element "orange oil" ("original motion"). (D.I. 12.) In its supporting memorandum (D.I. 13), KBC admitted that its accused Ultra Healing product contains orange oil as required by the literal language of the claims of the patent-in-suit. LP Matthews opposed KBC's original motion (D.I. 19) and, even though KBC admitted its Ultra Healing product literally meets the orange oil claim element,[2] waited for the dispositive motion date to file a cross-motion for summary judgment of infringement.

---

[1] "The Kao defendants" means KBC and Kao Corporation collectively.

[2] Claim 6 requires "orange oil" without any qualification as to quantity. Claim 9 requires "forty-five percent (45%) or less by volume of orange oil...." KBC admits that all four of its accused products contain about      orange oil.
**REDACTED**

- 1 -

During discovery, the Kao defendants admitted there were three other products that potentially infringed. (LPM Br.[3] at 6-8.) Last week, LP Matthews updated its original opposition and cross-moved for summary judgment of non-infringement by all four of the Kao defendants' accused products. (D.I. 263.)

On June 29, 2006, the same day the parties filed opening claim construction briefs, KBC filed a second Motion for Summary Judgment of Non-Infringement. (D.I. 249-50.) LP Matthews submits this answering brief in opposition to KBC's second motion in accordance with the Court's Scheduling Order and L.R. 7.1.2. (*See* D.I. 39.)

## ARGUMENT

LP Matthews' U.S. Patent No. 5,063,062 ("the '062 patent") claims compositions that clean human skin and contain orange oil and other components. (Ex. 1 at 9:3-10:25.) The Kao defendants waived their defenses to LP Matthews' charges of infringement based on the other components, leaving only the question of whether the four accused Kao products (1) contain orange oil and (2) are compositions that clean human skin. (Ex. 2 at 11:14-16:4; Ex. 3; Ex. 8.) The Kao defendants infringe asserted claims 6 and 9 of the '062 patent because they make, sell, and offer for sale four products that are cleaning compositions used on human skin that contain more than 0.01% orange oil, a volume sufficient to have a cleaning effect. (D.I. 254; LPM Br. generally.)

Because the Kao defendants raise no new arguments in their second summary judgment motion, KBC now has two motions for summary judgment on the same issue with the same arguments. Consequently, the second motion should be denied for the same reasons

---

[3] "LPM Br." means LP Matthews' Memorandum supporting its updated opposition and cross-motion. (D.I. No. 263.) "Ex." refers to exhibits attached to LPM Br. "KBC Br." refers to KBC's Memorandum in support of the second motion. (D.I. 250.)

stated in LP Matthews' combined opening brief in support of its motion for summary judgment of infringement and updated answering brief in opposition to KBC's first motion. (D.I. No. 263.)

As D.I. 263 demonstrates, under LP Matthews' proposed claim construction (D.I. No. 254), the Kao defendants' accused products literally infringe the asserted claims of the '062 patent. And, even under Kao's erroneous claim construction (D.I. 244), the Kao defendants infringe the asserted claims under the doctrine of equivalents. First, the Kao defendants' lotion argument (D.I. 250 at 8 **REDACTED** is unsupported attorney argument (and a red herring). A lotion may be a cleaning composition; the Kao defendants do not argue and have not argued that their lotions do not have a cleaning effect. Moreover, the accused lotions function (by treating unwanted substances on the skin to facilitate their removal) in the same way (by application to the skin) to achieve the same result (cleaning human skin). No reasonable juror could conclude that the accused lotions are not equivalents of the "cleaning composition" claim element called for by claims 6 and 9 of the '062 patent. KBC cites no evidence that contradicts that cited in LPM Br.

Second, the Kao defendants' accused products contain about **REDACTED** orange oil. (LPM Br. at 7-8.) That volume of orange oil is three times as much as the 0.01% that Kao's own patent indicates will function to clean. (LPM Br. at 5-6.) Should the Court import from the specification of the '062 patent a 5% minimum limitation, as the Kao defendants request, there is an insubstantial difference between that volume and the **REDACTED** orange oil in the Kao products; both volumes act a solvents to clean. Moreover, the percentage of orange oil in the accused products functions (as a solvent) in the same way (to treat an unwanted substance on the skin) to achieve the same result (cleaning human skin). No reasonable juror could

- 4 -

conclude that the accused products do not contain an amount of orange oil that has a cleaning effect based on Kao Corporation's own patent. (LPM Br. at 5-6, 9-10.) KBC cites no evidence that contradicts the representations its employees made to the Patent Office to procure issuance of the '062 patent.

Finally, KBC cites one new case in its present Memorandum that it did not rely upon originally. (D.I. 250 at 7.) That case, *Inpro II Licensing*, addresses a question of law, claim construction, and properly should have been raised in the Kao defendants' claim construction brief (filed the same day as their second motion). (D.I. 39; *see also* ¶ 7 of Chief Judge Sue L. Robinson's model scheduling order for patent cases (revised January 2006), available at http://www.ded.uscourts.gov/SLRmain.htm.) Regardless, *Inpro* does not pertain here. There, the Federal Circuit said: "The district court correctly observed that the only host interface described in the specification is a direct parallel bus interface...." *Inpro II Licensing, S.A.R.L., v. T-Mobile USA, Inc.*, 2006 U.S. App. Lexis 11675, *9 (Fed. Cir.) That simply is not the case here, as the '062 patent described in the specification numerous volumes of orange oil and specified that orange oil still has a cleaning effect at a volume of 5%. (LPM Br. at 5; Ex. 1 cols 4-8.) *Inpro* does not apply.

## CONCLUSION

For the same reasons that the Kao defendants' original motion should be denied, their second motion should also be denied.

        ASHBY & GEDDES

        */s/ Tiffany Geyer Lydon*

        _____
        Steven J. Balick (I.D. #2114)
        John G. Day (I.D. #2403)
        Tiffany Geyer Lydon (I.D. #3950)
        222 Delaware Avenue, 17th Floor
        P.O. Box 1150
        Wilmington, DE 19899
        (302) 654-1888
        sbalick@ashby-geddes.com
        jday@ashby-geddes.com
        tlydon@ashby-geddes.com

        *Attorneys for Plaintiff L.P. Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office: 800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
Office: 202-775-0725

Dated: July 13, 2006
171235.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July, 2006, the attached **REDACTED PUBLIC VERSION OF LP MATTHEWS' ANSWERING BRIEF IN OPPOSITION TO KBC'S SECOND MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | **VIA ELECTRONIC MAIL** |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017 | **VIA ELECTRONIC MAIL** |

/s/ Tiffany Geyer Lydon
_____
Tiffany Geyer Lydon