IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C. | ) | REDACTED PUBLIC VERSION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1507-SLR |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED BRANDS, INC.; KAO BRANDS CO. (f/k/a THE ANDREW JERGENS COMPANY); and KAO CORPORATION | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**LP MATTHEWS' REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO STRIKE THE EXPERT REPORT AND EXCLUDE THE TRIAL TESTIMONY OF THE KAO DEFENDANTS' DAMAGES EXPERT**

*Of Counsel*:

Ronald J. Schutz, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office: 800-553-9910

Robert A. Auchter, Esq.
Jason R. Buratti, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
Office: 202-775-0725

ASHBY & GEDDES
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Office: 302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C.*

Dated: July 19, 2006

Plaintiff LP Matthews, L.L.C. submits this Reply in Support of its Daubert Motion to strike the expert report, opinions, and proffered trial testimony of Defendants KAO Brands Company's and KAO Corporation's ("Kao defendants") alleged damages expert Dr. G. Stephen Jizmagian (D.I. 231).

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires an expert witness to submit a report that "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; ...." As discussed in LP Matthews' Daubert motion, Dr. Jizmagian's sparse expert report is devoid of any discussion of the individual *Georgia-Pacific* factors, any application of any *Georgia-Pacific* factor to anything, and any application of any recognized methodology. Accordingly, his testimony should be excluded on that basis alone, but that is not the only deficiency meriting exclusion. His testimony should also be excluded because it is speculative and not based on good grounds.

The sole "basis" for the opinion expressed in Dr. Jizmagian's report is a Kao employee's unsupported speculation about what the Kao defendants could have done to avoid infringement (see, e.g., Jizmagian Report at ¶¶ 6, 7 and 8 ("as set forth in the Story declaration ...").) Subjective belief and unsupported speculation about what might have occurred does not provide an adequate basis for expert testimony, irrespective of whether it comes from a putative expert or one of the defendants' employees. As the Supreme Court emphasized in *Daubert*, "the word 'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993). In order to be admissible, Dr. Jizmagian's testimony must be based on good grounds—what is known. *See Daubert*, 509 U.S. at 591 ("Proposed testimony must be supported by appropriate validation – *i.e.*, 'good grounds,' based on what is known."). Mr. Story's subjective speculation does not and cannot provide the

1

appropriate validation, and Dr. Jizmagian's testimony on a reasonable royalty should be excluded on that basis as well.

Dr. Jizmagian's expert report ignores the *Georgia-Pacific* factors and is limited to an unsupported assertion that the Kao defendants could have avoided infringement—something that is not a *Georgia-Pacific* factor and which Dr. Jizmagian does not even attempt to link to any *Georgia-Pacific* factors. The time and place for identification and application of the relevant *Georgia-Pacific* factors was Dr. Jizmagian's Report, not KBC's Memorandum in Opposition to LPM's *Daubert* Motion to Strike the Expert Report and Exclude the Trial Testimony of the Kao Defendants' Damages Expert (D.I. 271) ("Kao Mem.") Kao's attempt to salvage Dr. Jizmagian's Report by trying to identify *Georgia-Pacific* factors that purportedly relate to an allegedly non-infringing alternative (Kao Mem. at 2-3) necessarily fails because that is counsel for Kao, not Dr. Jizmagian, who are identifying and applying *Georgia-Pacific* factors. It is Kao's expert's methodology that must pass scrutiny under *Daubert* analysis, not that of Kao's counsel. And it is because Kao's expert, Dr. Jizmagian, did not apply a reliable methodology that his testimony should be excluded.

Dr. Jizmagian's astonishingly brief analysis of the *Georgia-Pacific* factors in his Report

**REDACTED**

is too superficial to provide a basis for Kao's counsel's unsupported *post hoc* speculation as to what *Georgia-Pacific* factors Dr. Jizmagian may have considered and thought applicable. Dr. Jizmagian's testimony should be excluded because he did not apply *any* *Georgia-Pacific* factors, irrespective of their possible relevance to a reasonable royalty compensating LP Matthews for Kao defendants' infringement of the '062 patent. Dr. Jizmagian's cavalier dismissal of *Georgia-*

*Pacific* and failure to substitute a reliable methodology therefor requires exclusion of his testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999) (affirming exclusion of testimony where district court found methodology employed by expert and scientific basis for opinion unreliable); Fed. R. Evid. 702 ("... a witness qualified as an expert .. may testify ... if ... (2) the testimony is the product of reliable principles and methods ..."). *See also O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1106-7 (7th Cir. 1994) (expert testimony that was unsupported by accepted methodology excluded as unreliable).

Where a purported damages expert does not follow proper reasonable royalty criteria, that expert's testimony does not provide an acceptable basis upon which a reasonable royalty can be determined. *Riles v. Shell Exploration and Production Co.*, 298 F.3d 1302, 1313 (Fed. Cir. 2002) ("In sum, [the damages expert's economic] models did not follow proper reasonable royalty criteria. Thus, the district court abused its discretion in overruling Shell's objections to [his economic] models."). Where, as here, the damages expert's testimony does not follow reasonable royalty criteria, that evidence will not satisfy the fundamental requirement of assisting the trier of fact and should be excluded. *See Daubert*, 509 U.S. at 589-92.

As discussed above, the sole basis upon which Dr. Jizmagian bases his opinion is the unsupported speculation of a low-level Kao employee (David Story) as to what might have been done in order to avoid infringement. Mr. Story's speculation in this regard is entirely unsupported because, although he opines that **REDACTED** in the accused Kao products, he has no knowledge *whatsoever* of any time that **REDACTED** was ever replaced by: (1) **REDACTED** (Exhibit C, Story Dep. Tr. at 72:21 – 73:1); (2) **REDACTED** (*id.* at 73:9-11, 74:22- 75:3); or (3) **REDACTED** (*id.* at 73:22 – 74:3). Mr. Story's declaration may well reflect his subjective belief, but it is based on nothing more than his

unsupported speculation. As such, it cannot provide an acceptable basis for Dr. Jizmagian's opinion which, in order to be admissible, must be based on good grounds -- what is known, not just "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. *Daubert* requires that an expert's opinion be based on knowledge, not subjective belief and unsupported speculation. But, as shown above, Mr. Story's declaration is nothing more than that. Accordingly, Dr. Jizmagian's testimony should be excluded on that basis as well.

Mr. Story's speculation regarding how much the Kao defendants would have been willing to pay at a hypothetical negotiation suffers from the same infirmities. Mr. Story arbitrarily selected a number, apparently based on the limits of his personal authority, notwithstanding his admission that the Kao defendants might be willing to pay more than that amount (Story Dep. Tr. at 179-80.) At that level, however, Mr. Story testified that he did not

**REDACTED**

(*Id.* at 183-184.) Mr. Story's declaration regarding the amount the Kao defendants would have been willing to pay is subjective belief and unsupported speculation, not the appropriate validation -- *i.e.*, 'good grounds,' based on what is known -- that proposed testimony must be supported by in order to be admissible under *Daubert*.

Dr. Jizmagian's expert report does not provide an acceptable basis for his opinion regarding a reasonable royalty in this case. Accordingly, there is no basis for Dr. Jizmagian's conclusory opinion that the Kao defendants would not have agreed to pay a reasonably royalty of at least **REDACTED** (Kao Mem. at 5), and Dr. Jizmagian should not be permitted to present inadmissible testimony under the guise of refuting LP Matthews damages expert opinion. As discussed at length in LP Matthews opening brief, Dr. Jizmagian's opinion that the Kao defendants could choose not to use orange oil in the accused products is not based on good

grounds and not based on an acceptable reliable methodology – as such, it should be excluded.

Dr. Jizmagian fails to apply the *Georgia-Pacific* factors for determining a reasonable royalty and merely repeats a Kao employee's entirely unsupported and self-serving speculation. Dr. Jizmagian's opinion is based on nothing more than pure speculation without underlying proof, classic *ipse dixit* that cannot provide the basis for an admissible expert opinion. Accordingly, Dr. Jizmagian's report and his proposed testimony at trial in this case should be excluded.

        ASHBY & GEDDES

        /s/ *Tiffany Geyer Lydon*

        _____
        Steven J. Balick (I.D. #2114)
        John G. Day (I.D. #2403)
        Tiffany Geyer Lydon (I.D. #3950)
        222 Delaware Avenue, 17th Floor
        P.O. Box 1150
        Wilmington, DE 19899
        (302) 654-1888
        sbalick@ashby-geddes.com
        jday@ashby-geddes.com
        tlydon@ashby-geddes.com

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office: 800-553-9910

        *Attorneys for Plaintiff L.P. Matthews, L.L.C.*

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
Office: 202-775-0725

Dated: July 13, 2006
171239.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July, 2006, the attached **REDACTED PUBLIC VERSION OF LP MATTHEWS' REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO STRIKE THE EXPERT REPORT AND EXCLUDE THE TRIAL TESTIMONY OF THE KAO DEFENDANTS' DAMAGES EXPERT** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801 | HAND DELIVERY |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | VIA ELECTRONIC MAIL |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE 19801 | HAND DELIVERY |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017 | VIA ELECTRONIC MAIL |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon