IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C. | ) | REDACTED PUBLIC VERSION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1507-SLR |
| | ) | |
| BATH & BODY WORKS, INC.; | ) | |
| LIMITED BRANDS, INC.; | ) | |
| KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**LP MATTHEWS' REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO STRIKE THE EXPERT REPORTS AND EXCLUDE THE TRIAL TESTIMONY OF THE KAO DEFENDANTS' LIABILITY EXPERT, ROBERT Y. LOCHHEAD**

*Of Counsel*:

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
202-775-0725

Dated: July 20, 2006

ASHBY & GEDDES
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C.*

KBC failed to meet its burden to establish by a preponderance of the evidence that Dr. Robert Lochhead's alleged expert report is reliable and relevant under the Supreme Court's *Daubert* standard. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 n.10 (1993). KBC does not deny that Dr. Lochhead "applies no recognized methodology of any kind in paragraphs 12(b)-(f) of his report..." (LPM Br. at 5), "does not employ reasonable principles" (*id.* at 6), and "lacks preparation on the primary element of the Kao defendants' defense – orange oil...." (*Id.*) Consequently, his report and proposed expert testimony are neither reliable nor relevant. (See *id.* at 4-6.) LP Matthews' motion should be granted for this reason alone.

Rather than address, or even cite, *Daubert*, and rather than discuss, or even mention the relevance or reliability of Dr. Lochhead's opinions, KBC's entire opposition makes only two points, both wrong: (1) the applicants of the continuation application said the Board was right; and (2) the Board's opinion is admissible. KBC's first argument misreads the facts; its second misreads the law (and does not apply in a *Daubert* determination).

First, KBC unfairly interprets the continuation applicants' statement that "appellant does not disagree with the respective teachings of the references" cited by the Board of Patent Appeals and Interferences. (KBC Ex. A at 6.) KBC spins that statement (several times) as much more – an agreement with the Board's holding. (See, *e.g.*, KBC Br. at 3 ("the board had read this prior art correctly"), 5 ("he did not disagree with the board's holding....").) It is not; the plain statement merely acknowledges that the references cited by the board have specific teachings – they teach the use of d-limonene in compositions to clean human skin and (variously) the use of oatmeal and moisturizers in such compositions. KBC's arguments to the contrary should be disregarded.

Additionally, instead of addressing Dr. Lochhead's knowledge of orange oil, KBC argues *with no support* that orange oil

**REDACTED**

(KBC Br. at 3.) Thus, KBC wrongly suggests that there is

**REDACTED**                    that orange oil is different from d-limonene. (KBC Br. at 4.) Not true. During prosecution, the '062 patent applicants overcame a Section 103 rejection based on *exactly the same two d-limonene references* cited by the Board, Coleman and Dellutri. (See D.I. 284 at Exs. C, E.) The September 18, 1990 office action response (D.I. 284 at Ex. E), which the defendants have repeatedly cited in their papers for other propositions, traversed the Section 103 rejection, and the '062 patent issued. (Ex. A at cover page.)

Finally, KBC argues that                                    (KBC Br. at 4) and that the board's opinion rebuts **REDACTED**

(KBC Br. at 3). This bald attorney argument has no legal support or even factual argument as to how the record was developed or how the presumption is rebutted. In fact, KBC's entire brief fails to cite a single case for any of its arguments, including *Daubert*, which controls the instant issue.

Having failed to address either any relevance or reliability of Dr. Lochhead's proposed opinions, his expert report should be stricken and his proposed trial testimony excluded. (LP Matthews disagrees with KBC's positions concerning Fed. R. Evid. 401 and 403; the board's decision is inadmissible. Moreover, the court's ruling during a status conference last fall (D.I. 68 at 20-21) was, by KBC's own citation, a "relevance objection." That ruling was *not* that the board's decision was admissible. KBC's relevance argument is

irrelevant.)

For the foregoing reasons and the reasons stated in LP Matthews' opening brief, paragraphs 12(b)-(f) and 13 of Dr. Lochhead's opening report fail to meet the Supreme Court's requirements for admissibility, LP Matthews requests that this Court grant LP Matthews' *Daubert* motion.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
800-553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
202-775-0725

Dated: July 13, 2006
171250.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July, 2006, the attached **REDACTED PUBLIC VERSION OF LP MATTHEWS' REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO STRIKE THE EXPERT REPORTS AND EXCLUDE THE TRIAL TESTIMONY OF THE KAO DEFENDANTS' LIABILITY EXPERT, ROBERT Y. LOCHHEAD** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | **VIA ELECTRONIC MAIL** |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017 | **VIA ELECTRONIC MAIL** |

/s/ *Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon