## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1507-SLR |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## LP MATTHEWS' ANSWERING BRIEF TO THE LIMITED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 102

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(800) 553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
(202) 775-0725

Dated: July 20, 2006
171462.1

# TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

Page

**Cases**

*Atofina v. Great Lakes Chem. Corp.,*
    441 F.3d 991, 1000 (Fed. Cir. 2006)..................................................................... 1, 4

*In re Baird,*
    16 F.3d 380, 382 (Fed. Cir. 1994).......................................................................... 4

*Transclean Corp. v. Bridgewood Servs., Inc.,*
    290 F.3d 1364, 1373 (Fed. Cir. 2002).................................................................... 5

## NATURE AND STAGE OF PROCEEDINGS

On December 8, 2004, plaintiff LP Matthews, L.L.C. ("LP Matthews") filed a Complaint for patent infringement against defendants Limited Brands, Inc., and Bath & Body Works, Inc. (collectively, "Limited defendants"), Kao Brands Company (formerly known as The Andrew Jergens Company), and Kao Corporation. (D.I. 1.) LP Matthews amended its Complaint on February 2, 2005. (D.I. 5, 8.) Opening Claim construction briefs were filed on June 29, 2006. (D.I. 244, 254, 255.) On July 6, 2006, the Limited defendants filed a Motion for Summary Judgment of Invalidity under 35 U.S.C. § 102. (D.I. 265-66.) This Answering Brief opposes that motion.

## SUMMARY OF THE ARGUMENT

Neither reference identified in the Limited defendants' brief discloses a composition that contains all of the elements of either asserted claim of the patent-in-suit, as required for a factual finding of anticipation. The disclosure of a prior art composition that recites a genus, in this case "perfume," cannot anticipate a species, in this case "orange oil." *See Atofina v. Great Lakes Chem. Corp.*, 441 F.3d 991, 1000 (Fed. Cir. 2006). Neither reference discloses orange oil as a cleaning component – an aspect of that claim element all of the parties agree upon. (D.I. 254 at 9-11; D.I. at 244 at 2; 255 at 9-11.) Juliano does not even use the words "orange oil." The compositions that the Limited defendants rely upon in the Soaps Manual either need not or do not contain any perfume (including orange oil) or do not contain oatmeal. And the Limited defendants have not proven that the alleged moisturizers in two of the Soaps Manual compositions are, in fact, moisturizers. Not only have the Limited defendants failed to identify a Section 102 reference, but their responses to invalidity contention interrogatories do not include any Section 102 defense. Accordingly, this Court should not even consider their motion and should strike their Section 102 defense.

- 1 -

## STATEMENT OF FACTS

LP Matthews asserts that the defendants infringe claims 6 and 9 of its U.S. Patent No. 5,063,062 ("the '062 patent"). Both asserted claims recite an orange oil element that requires the skin cleaning composition to contain orange oil at a volume that has a cleaning effect. (D.I. 254 at 9-11; D.I. 255 at 11-12; D.I. 244 at 2.) Both claims require a pharmaceutically-acceptable moisturizer. (D.I. 254 at D.I. 255 at 15.) Claim 6 requires an oat grain derivative product as an emulsifying agent. (D.I. 254 at 11-12; D.I. 255 at 15.) Claim 9 requires oatmeal. (D.I. 254 at 11-12; D.I. 255 at 15.)

The Limited defendants argue that the Soaps Manual anticipates claim 9 of the '062 patent. But they do not identify a composition in that reference that contains orange oil as a cleaning component. Nor do they identify in that reference a composition that contains both a moisturizer and oatmeal, since there is no factual support for their argument that the "moisturizer(s)" are "moisturizing fats and/or oils…(e.g., tallow and palm oil)." (LBR[1] at 2, 12 (citing pages 164 (orange oil), 272-273 (Glycerin Soap formulae) and 311-314 (soap formulation).) LP Matthews agrees that glycerin is a pharmaceutically-accepted moisturizer (See LBR at 13 (citing LEx. C at 272, 300)), but the Soaps Manual only discloses glycerin in the single specific application ("Glycerin Soap") identified by the Limited defendants – not in the other two *dry* soaps identified by the Limited defendants, not even optionally. The Soaps Manual, to the extent it discusses the ingredients that the Limited defendants allege are moisturizers, says only that "[t]he soap ought to be made from fats, which, like tallow, palm oil or coconut oil, give hard soaps, while the addition of a small quantity of such oils as

---

[1] In this Memorandum, "LBR" refers to the Limited defendants' memorandum supporting Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 102. (D.I. 266.) "LEx." refers to exhibits to LBR. "Ex." refers to exhibits attached to this Memorandum.

cotton oil, linseed oil, rosin or other oils, or stock soap, which give soft kinds of soap, is not objectionable." (LEx. C at 312, cited in LBR at 13.) That quote speaks only to making soft or hard dry soaps, and says nothing of whether the ingredients are moisturizers.

The Juliano reference, which was before the examiner during prosecution of the '062 patent (LEx. A at cover page), does not even recite "orange oil" (LEx. B) (even though the Limited defendants misleadingly suggest otherwise: "perfume (e.g., orange oil)…" (*e.g.* LBR at 14, see also LBR at 7)). So the Limited defendants argue that Juliano "*inherently discloses* orange oil" in some of its examples that suggest using a nondescript "perfume," and that, inherent *within that inherent disclosure*, is the inherent disclosure of orange oil as a cleaning component. (LBR at 15 (emphasis added).) Double-inherent anticipation is a novel legal theory for which the Limited defendants did not cite any authority.

Finally, the Limited defendants' invalidity contention interrogatory responses do not identify a defense based on 35 U.S.C. § 102. (Ex. A.)

## ARGUMENT

Anticipation under Section 102 requires that "a single prior art reference disclose[] explicitly or inherently each and every limitation of the claim." (LBR at 9.) The defendants bear the burden to prove by clear and convincing evidence that a given prior art reference is anticipatory. (*Id.*) The Limited defendants bore the burden in their opening brief to establish that no genuine dispute of material facts exist as to that alleged clear and convincing evidence of anticipation. (*Id.* at 8, 10.) Neither the law nor the facts support granting their motion.

Neither reference discloses a composition that contains each element of claims 6 or 9, period. As a threshold matter of law, disclosure of a genus in the prior art is not a disclosure

of each species in the genus. *See Atofina v. Great Lakes Chem. Corp.*, 441 F.3d 991, 1000 (Fed. Cir. 2006) (citing *In re Baird*, 16 F.3d 380, 382 (Fed. Cir. 1994).) Applied to the <u>Soaps Manual</u> and Juliano, *Atofina* and *Baird* mean that the disclosure of the "perfume" genus in a given composition is not a disclosure of the perfume species orange oil. The <u>Soaps Manual</u>'s Oatmeal Dry Soap nondescript and possible "perfume" addition thus is not a disclosure of an orange oil species. Likewise, Juliano's "perfume" disclosure also is not a disclosure of orange oil. Absent the disclosure of a composition containing orange oil (at a minimum) neither reference can legally anticipate either asserted claim of the '062 patent. "Because anticipation by inherent disclosure is appropriate only when the reference discloses prior art that must necessarily include the unstated limitation, [Juliano or the <u>Soaps Manual</u>] cannot inherently anticipate the claims of the ['062 patent." *Atofina*, 441 F.3d at 1000 (citing *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1373 (Fed. Cir. 2002).) Inasmuch as perfume is only an optional ingredient and orange oil is just one of innumerable possible perfumes, it is completely unfounded to assert that "orange oil" is necessarily included in the disclosed dry soaps.

Even if the Court finds that either reference does disclose a composition containing orange oil, neither reference expressly discloses orange oil as a cleaning component. Any disclosure of orange oil in Juliano (which does not even say "orange oil") must come from the word "perfume." Orange oil in the <u>Soaps Manual</u> Oatmeal Dry Soap must be "perfume." Orange oil in "Orange Soap" and "Glycerin Soap," according to the Limited defendants themselves (LBR at 6) comes from a different ingredient, orange peel. But the Limited defendants know that orange peel is not orange oil, which is oil derived from an orange. (D.I. 255 at 9-11.)

The Limited defendants also do not establish in their opening brief that the <u>Soaps Manual</u> Oatmeal Dry Soap or Orange Soap contain a moisturizer. They do not give any evidence, clear and convincing or otherwise, that the <u>Soaps Manual</u> Oatmeal Dry Soap or Orange Soap contain a moisturizer.[2] They argue that those soaps contain "a moisturizer which *may* be water, tallow or any number of natural plant oils." (*Id.* (emphasis added).) But the <u>Soaps Manual</u> only discusses those products as a function of making soft or hard soaps, not as a moisturizer (or a pharmaceutically-acceptable moisturizer as required by claim 9). (LEx. C at 312.) The discussion of what may be used in a soap is far short of clear and convincing evidence that the soap necessarily includes a pharmaceutically-acceptable moisturizer. Unsupported attorney argument is not relevant; absent *clear and convincing evidence* that one of those materials is *both* a pharmaceutically-acceptable moisturizer *and* in the disclosed composition, summary judgment is not appropriate. Finally, the Limited defendants do not (and cannot) argue that the <u>Soaps Manual</u> Glycerin Soap contains oatmeal, which is required by claim 9. Thus, no composition disclosed in the <u>Soaps Manual</u> or Juliano expressly anticipates either of claims 6 or 9.

Nor does any disclosed composition inherently anticipate the that the perfume species orange oil might possibly be present in that composition in a sufficient volume to have a cleaning effect – at least raising fact issues in this regard. Again, possible "perfume" components must be the anchor for an orange oil disclosure in both references. But Juliano the Limited defendants must *combine* the Juliano and <u>Soaps Manual</u> references to make their

---

[2] LP Matthews does not dispute that the Glycerin Soap contains the pharmaceutically-acceptable moisturizer, glycerin. (Ex. C at 272.) No formulation of that composition, however, contains oatmeal – so it also does not anticipate claim 9. See *infra*.

argument, (LBR at 17), which, 8 pages earlier, they acknowledge is improper in a Section 102 analysis (LBR at 9). So Juliano cannot inherently anticipate claims 6 or 9.

The Soaps Manual also cannot inherently anticipate claim 9 of the '062 patent. In addition to the moisturizer and oatmeal deficiencies described above, the Soaps Manual's Oatmeal Dry Soap, even if it were to contain orange oil as a perfume, rather than any one of a thousand other perfumes that are not orange oil, still might not contain a sufficient amount of orange oil to have a cleaning effect. The reference does not specify the percentage of orange oil that can be used as a fragrance, only that it can. (LEx. C at 164.) This cannot be clear and convincing evidence that Oatmeal Dry Soap anticipates claim 9 of the '062 patent – at least presenting genuine disputes of material fact. Orange Soap and Glycerin Soap also cannot inherently anticipate claim 9 of the '062 patent because (1) neither contains oatmeal, (2) neither contains orange oil, instead containing orange peel (see D.I. 255 at 11-12 (Limited defendants' argument that "orange oil" is oil derived from an orange)), and (3) the Limited defendants have not proven that Orange Soap contains a moisturizer. See *infra*.

Thus, neither the Soaps Manual nor the Juliano reference anticipates, expressly or inherently, either asserted claim of the '062 patent. Should the Court somehow find that either reference discloses orange oil as a cleaning component, LP Matthews disputes genuine issues of fact regarding anticipation by either reference. The Limited defendants' motion for summary judgment of invalidity under Section 102 should be denied.

## MOTION TO STRIKE OPENING BRIEF AND DEFENSE

LP Matthews also moves to strike the Limited defendants' Section 102 defense. That defense was not stated in response to LP Matthews' interrogatory seeking the Limited defendants' contentions concerning invalidity. Because they failed to state the defense

during discovery, the Limited defendants have waived it. Additionally, the Limited

defendants failed to produce the <u>Soaps Manual</u> long after the close of fact and expert

discovery and have no explanation for failing to timely produce their document. (Ex. B.)

## CONCLUSION

For the foregoing reasons, the Court should deny the Limited defendants' motion for

summary judgment of invalidity under Section 102 and grant LP Matthews' motion to strike

that defense.


ASHBY & GEDDES

_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(800) 553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
(202) 775-0725

Dated: July 20, 2006
171462.1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LP MATTHEWS, L.L.C.,                      )
                                          )
              Plaintiff,                  )
                                          )
      v.                                  )
                                          )  Civil Action No. 04-1507-SLR
                                          )  Jury Trial Demanded
BATH & BODY WORKS, INC.,                  )
LIMITED BRANDS, INC.,                     )
KAO BRANDS CO. (f/k/a THE ANDREW          )
JERGENS COMPANY), and                     )
KAO CORPORATION,                          )
                                          )
              Defendants.                 )

### DEFENDANTS BATH & BODY WORKS, INC.'S AND LIMITED BRANDS, INC.'S JANUARY 27, 2006 SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS BATH & BODY WORKS, INC. AND LIMITED BRANDS, INC.

Pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively the "Limited Defendants") hereby supplement their responses to Plaintiff LP Matthews, L.L.C.'s ("LP Matthews") *First Set of Interrogatories to Defendants Bath & Body Works, Inc. and Limited Brands, Inc.* The Limited Defendants incorporate by reference the "General Objections and Comments" and specific objections and responses set forth in *Defendants Bath & Body Works, Inc.'s and Limited Brands, Inc.'s Response to Plaintiff's First Set of Interrogatories to Defendants Bath & Body Works, Inc. and Limited Brands, Inc.*

volume of orange oil, a pharmaceutically acceptable moisturizer, and "an oat grain derivative product as an emulsifying agent". Moreover, Claim 9 of the '062 patent further requires oatmeal rather than an "oat grain derivative". When properly construed, as set forth above, none of the accused products infringe any valid claim of the '062 patent.

## INTERROGATORY NO. 4

*To the extent that you contend that any claim of the patent-in-suit is invalid or unenforceable for failure to comply with the provisions of 35 U.S.C. §§101, 102, 103 and/or 112, or for any other reason, including without limitation, lack of utility, waiver, laches, abandonment, fraud, inequitable conduct, patent misuse, equitable estoppel, implied license, and/or new matter, state the basis for your contention.*

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4

The Limited Defendants incorporate by reference all of their objections to this Interrogatory No. 4 stated in their original response to *Plaintiff's First Set of Interrogatories to Defendants Bath & Body Works, Inc. and Limited Brands, Inc.* The Limited Defendants are only now beginning to take depositions and they have not yet received LP Matthews' complete contentions. The Limited Defendants further object to this interrogatory as calling for expert testing and discovery. The Limited Defendants' investigation regarding the invalidity and/or unenforceability of the patent-in-suit is therefore ongoing, and the Limited Defendants reserve the right to supplement their response to this interrogatory as that investigation continues. Further, LP Matthews, through it counsel, indicated that only claims 6 and 9 are being asserted. This response is therefore limited to those claims. Subject to the foregoing objections, and without waiving any additional objections to this interrogatory, the Limited Defendants supplement their earlier response to Interrogatory No. 4 as follows:

-36-

The Limited Defendants contend that the asserted claims of the patent-in-suit (Claims 6 and 9) are invalid under 35 U.S.C. §112, first paragraph, to the extent that these claims purport to cover cleaning compositions containing less than five percent (5%) or greater than sixty percent (60%) by volume of orange oil.  The patent-in-suit neither discloses nor suggests the use of orange oil having a quantity less than five percent or greater than (60%).  Specifically, the patent-in-suit states that "[a]pplicants concluded that, with respect to cosmetics, a composition according to the present invention could have as little as 5% by volume of orange oil although it was preferable to have a cleaning composition having at least 25% by volume of orange oil."  (Col. 6, ll. 30-61).

The asserted claims of the patent-in-suit (Claims 6 and 9) are also invalid under 35 U.S.C. §103 as being obvious in view of at least Matta U.S. Patent No. 4,511,488 in view of at least Juliano et al. U.S. Patent No. 4,014,995 or Musher U.S. Patent No. 2,436,818 or Goode U.S. Patent No. 1,550,026.  Matta discloses a cleaning composition comprising D-limonene (the active ingredient in orange oil), a surfactant, and water. According to Matta the D-limonene is derived from the rinds of orange peels, just like orange oil.  Matta further discloses that the cleaning composition can contain from 7.8-57.6% by volume d-limonene, a range very similar to the range of orange oil disclosed in the patent-in-suit.  Juliano discloses the use of moisturizers, and oat grain derivatives as emulsification agents in cleaning compositions having a pH value of approximately 5.5. Consequently, the use of D-limonene (the active ingredient in orange oil), a moisturizer, and oat grain derivative products as an emulsifying agent in cleaning compositions having a pH value of within the range of 4.5 to 6.0 was well known more than a year prior to the earliest date of the patent-in-suit.

In addition, one or more of the asserted claims of the patent-in-suit are invalid under 35 U.S.C. §§ 102 and/or 103 in view of products made, manufactured, distributed, sold, and/or offered for sale by Carmen Bires-Bergara of New World Soap Company (or a company of similar name) prior to the filing of the application which led to the patent-in-suit.

Finally, neither inventor (i.e., Douglas Greenspan and Phillip Low) nor LP Matthews, has produced any documentation supporting the testing purported in the '062 patent's specification and corresponding file history.

## INTERROGATORY NO. 5

*To the extent that you rely on any prior art reference or references to support a contention that any of the claims in the patent-in-suit are invalid, state the basis for your contention and provide the following information:*

(i)     *For each claim of the patent-in-suit you contend or may contend is invalid, identify the exact prior art reference or references on which you rely to support a contention that the claim in question is invalid, including providing a claim chart that identifies each claim element that you contend is met by the prior art and, if you contend the patent is invalid for obviousness, state how and where the motivation to combine prior art references is found;*

(ii)    *For each individual element or feature of each claim of the patent-in-suit that you contend or may contend is invalid, designate precisely and specifically where that element or feature is disclosed in each of said prior art references relied upon for any contended invalidity, and for any element or feature not shown or for any combination of references you employ to show alleged invalidity, explain any obviousness contentions you have under 35 U.S.C. § 103.*

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5

The Limited Defendants incorporate by reference all of their objections to this Interrogatory No. 5 stated in their original response to *Plaintiff's First Set of Interrogatories to Defendants Bath & Body Works, Inc. and Limited Brands, Inc.*  The Limited Defendants are only now beginning to take depositions and they have not yet

-38-

received LP Matthews' complete contentions. The Limited Defendants further object to this interrogatory as calling for expert testing and discovery. The Limited Defendants' investigation regarding the invalidity and/or unenforceability of the patent-in-suit is therefore ongoing, and the Limited Defendants reserve the right to supplement their response to this interrogatory as that investigation continues. Subject to the foregoing objections, and without waiving any additional objections to this interrogatory, the Limited Defendants supplement their earlier response to Interrogatory No. 5 as follows:

The asserted claims of the patent-in-suit (Claims 6 and 9) are invalid under 35 U.S.C. §103 as being obvious in view of at least Matta U.S. Patent No. 4,511,488 in view of at least Juliano et al. U.S. Patent No. 4,014,995 or Musher U.S. Patent No. 2,436,818 or Goode U.S. Patent No. 1,550,026. Matta discloses a cleaning composition comprising D-limonene (the active ingredient in orange oil), a surfactant, and water. According to Matta the D-limonene is derived from the rinds of orange peels. (Col. 1, ll. 64-68). Matta further discloses that the cleaning composition can contain from 7.8-57.6% by volume d-limonene. (Abstract, ll. 13-18; Col. 7, ll. 19-21). Juliano discloses the use of moisturizers, and oat grain derivatives as emulsification agents in compositions having a pH value of approximately 5.5. (Col. 1, l. 67 to Col. 2, l. 16; Col. 3, ll. 5-25). Consequently, the use of D-limonene (the active ingredient in orange oil), a moisturizer, and oat grain derivative products as an emulsifying agent in cleaning compositions having a pH value of within the range of 4.5 to 6.0 was well known prior to the earliest date of the patent-in-suit.

As set forth by the Board of Patent Appeals and Interferences (the "Board") with respect to U.S. Patent Application No. 07/786,804, it would have been obvious to treat human skin with a composition which comprises orange oil, aloe vera extract (i.e., a

moisturizer), and oatmeal. The Board further stated that "the hypothetical person or ordinary skill in the art would have understood that such compositions should have a high volume percentage of orange oil" and that the "hypothetical person would have fully understood and expected at the time of the present invention that treating human skin with a composition which comprises orange oil, aloe vera extract, and colloidal oatmeal would be soothing and help alleviate itching and irritation."

In addition, other prior art references that the Limited Defendants may rely on in support of their contentions that one or more of the asserted claims of the patent-in-suit is invalid include: United States Patent Nos. 1,550,026, 2,165,828, 2,436,818, 3,095,381, 3,733,277, 3,988,432, 3,993,674, 4,014,995, 4,336,151, 4,336,152, 4,362,638, 4,414,128, 4,438,009, 4,455,250, 4,511,488, 4,533,487, 4,540,505, 4,565,644, 4,620,937, 4,704,225 (Re. 33,210), 4,790,951, 4,859,359; European Patent Nos. 80749, 174711, 198516, and 316276; and "All purpose D-Limonen[sic] Cleaner" by Chemax, Inc. Jul. 1987, "D-Limonene Gel Handcleaner" by Chemex, Inc. Jun. 1987, "Water Rinsable D-Limonene Cleaner" by Chemax, Inc. Jul. 1987, "D. Limonene as a Degreasing Agent", Richard L. Coleman, The Citrus Industry, vol. 56, No. 11, Nov., 1975, pp. 23-25, "A Note about pH Measurement and d-Limonene," "Florida Citrus Oil", J.W. Keterson et al, December, 1971 published by Agricultural Experiment Station Institute of Food & Agricultural Sciences, University of Florida, Morton, Julia F., Fruits of Ward Climates, 1987, and "Perfume     Fashion     History," available     at     http://www.fashion-era.com/perfume_history.htm.

Further, documents previously produced by the Limited Defendants which contain information responsive to this interrogatory include BBW 000001-000595, 004367-004408, 006105-006114, and 008363-008656.

the patent-in-suit. Specifically, in order to sustain their validity pursuant to 35 U.S.C. § 112, each of the claims of the patent-in-suit must be construed to comprise at least five percent (5%) by volume of orange oil. LP Matthews knew or should have known through its pre-filing investigation that none of the accused products comprise five percent (5%) or more by volume of orange oil. In fact, some of the accused products do not contain any orange oil.

Pursuant to Rule 33(d), Fed.R.Civ.P., non-confidential documents responsive to this Interrogatory No. 7, to the extent any such documents exist that are not immune from discovery on the basis of the attorney-client or attorney work-product privileges include, for example, LPM 000001-000006, 000130-000238, and TM 0467-0786.

Respectfully submitted,

FOX ROTHSCHILD LLP

Dated: January 27, 2006

By:   /s/ Francis G.X. Pileggi
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
Fox Rothschild, LLP
Suite 1300
919 North Market Street
Wilmington, Delaware 19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com

E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath and Body Works, Inc.
Limited Brands, Inc.

## VERIFICATION

I, Carol M. Matorin, am Vice President, Senior Counsel of Limited Brands, Inc., and am authorized to execute this verification on behalf of Limited Brands, Inc. and Bath & Body Works, Inc. I have read *Defendants Bath & Body Works, Inc.'s and Limited Brands, Inc.'s January 27, 2006 Supplemental Response to Plaintiff's First Set of Interrogatories to Defendants Bath & Body Works, Inc. and Limited Brands, Inc., Defendants Bath & Body Works, Inc.'s and Limited Brands, Inc.'s January 13, 2006 Supplemental Response to Plaintiff's Second Set of Interrogatories to Defendants Bath & Body Works, Inc. and Limited Brands, Inc., Defendants Bath & Body Works, Inc.'s and Limited Brands, Inc.'s January 13, 2006 Supplemental Response to Plaintiff's Third Set of Interrogatories to Defendants Bath & Body Works, Inc. and Limited Brands, Inc., Defendants Bath & Body Works, Inc.'s and Limited Brands, Inc.'s Response to Plaintiff's Fourth Set of Interrogatories, and Defendants Bath & Body Works, Inc.'s and Limited Brands, Inc.'s January 13, 2006 Supplemental Response to Plaintiff's Fifth Set of Interrogatories to Defendants Bath & Body Works, Inc. and Limited Brands, Inc.,* and know the contents thereof. The matters stated in the responses of which I have personal knowledge are true and correct, and to those matters of which I lack personal knowledge, I am informed and believe, after reasonable investigation, that the facts stated therein are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 1/30/06

By: _____
Carol M. Matorin, Esq.

# EXHIBIT B

# WARD & OLIVO

ATTORNEYS AT LAW
708 THIRD AVENUE
NEW YORK, NEW YORK 10017
(212) 697-6262
FAX (212) 972-5866

---

382 SPRINGFIELD AVENUE
SUMMIT, NEW JERSEY 07901
(908) 277-3333
FAX (908) 277-6373

---

E-MAIL: mail@wardolivo.com

June 14, 2006

*Via Federal Express*

Jason R. Buratti, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street
Suite 1200
Washington, D.C. 20006-1307

Re: <u>LP Matthews v. Bath & Body Works, *et al.*</u>
04-cv-01507-SLR

Dear Jason:

Pursuant to Rule 26(e), Fed.R.Civ.P., enclosed please find documents bates numbered BBW 009106-009511. Also enclosed please find a CD containing color versions of the photos bates numbered BBW 009106-009164.

Very truly yours,

David M. Hill

Enclosures

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July, 2006, the attached **LP MATTHEWS'**

**ANSWERING BRIEF TO THE LIMITED DEFENDANTS' MOTION FOR SUMMARY**

**JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 102** was served upon the below-named

counsel of record at the address and in the manner indicated:

Richard L. Horwitz, Esquire                                    HAND DELIVERY
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801

Arthur I. Neustadt, Esquire                            VIA FEDERAL EXPRESS
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

Francis G.X. Pileggi, Esquire                                  HAND DELIVERY
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE 19801


John Ward, Esquire                                     VIA FEDERAL EXPRESS
Ward & Olivo
708 Third Avenue
New York, NY 10017


Tiffany Geyer Lydon