IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1507-SLR |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## LP MATTHEWS' ANSWERING BRIEF IN OPPOSITION TO THE LIMITED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR LACK OF STANDING

ASHBY & GEDDES
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC  20006

Dated:  July 25, 2006

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS.....................................................................1

SUMMARY OF THE ARGUMENT...............................................................................1

STATEMENT OF FACTS...........................................................................................2

ARGUMENT............................................................................................................4

      A.    The Principals and Owners of the Greenspan Corporation, Greenspan
            Company, and the '062 Patent Both Considered Greenspan Company
            and Greenspan Corporation As the Same Entity ................................................4

      B.    The Assignment Documents, In Accordance With the Intent of the
            Parties to the Assignments, Transfer Ownership of the '062 Patent From
            Messrs. Greenspan and Ingram to the Greenspan Company/Corporation
            and From the Greenspan Company/Corporation to LP Matthews....................6

      C.    This Court Should Effectuate the Strong Judicial Policy Toward
            Merit-Based Decisions...........................................................................9

CONCLUSION........................................................................................................10

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986)..................................................................................4

*Gaia Techs, Inc. v. Reconversion Techs, Inc.,*
93 F.3d 774 (Fed. Cir. 1996)......................................................................8

*Minco, Inc. v. Combustion Eng'g, Inc.,*
95 F.3d 1109 (Fed. Cir. 1996)....................................................................6

*Quiedan Co., Inc. v. Central Valley Builders Supply Co., Inc., et al,*
1993 U.S. Dist. LEXIS 15238 (N.D. Cal. 1993) .........................................8

### STATE CASES

*D.C. Concrete Management, Inc. v. Mid-Century Ins. Co.,*
39 P.3d 1205 (Colo. App. 2001) ..............................................................7, 8

*Dorman v. Petrol Aspen, Inc.,*
914 P.2d 909 (Colo. 1996)..........................................................................7

*Federal Deposit Insurance Corp. v. American Casualty Co.,*
843 P.2d 1285 (Colo. 1992) ........................................................................8

*Griffin v. United Bank of Denver,*
198 Colo. 239, 599 P.2d 866 (1979)............................................................7

*Kincaid v. Western Operating Co.,*
890 P.2d 249 (Colo. App. 1994) ..................................................................7

*Radiology Professional Corp. v. Trinidad Area Health Ass'n,*
195 Colo. 253, 577 P.2d 748 (1978) ............................................................7

### FEDERAL STATUTES

35 U.S.C. § 101(d).......................................................................................4

35 U.S.C. § 281............................................................................................4

U.S.C. §§ 100(d)..........................................................................................4

## NATURE AND STAGE OF PROCEEDINGS

On December 8, 2004, plaintiff LP Matthews, L.L.C. ("LP Matthews") filed a Complaint for patent infringement against defendants Limited Brands, Inc., and Bath & Body Works, Inc. (collectively, "Limited defendants"), Kao Brands Company (formerly known as The Andrew Jergens Company), and Kao Corporation. (D.I. 1.) LP Matthews amended its Complaint on February 2, 2005. (D.I. 5, 8.) Opening Claim construction briefs were filed on June 29, 2006. (D.I. 244, 254, 255.) On July 3, 2006, the Limited defendants filed a Motion for Summary Judgment for Lack of Standing. (D.I. 256.) This Answering Brief opposes that motion.

## SUMMARY OF THE ARGUMENT

The Limited defendants' effort to elevate form over substance should be rejected by this Court. None of the inventors, assignors, or assignees dispute the assignments. Rather, one of the inventor's (Douglas Greenspan) use of eponymous business entities (e.g., The GreenSpan, GreenSpan Corporation, and GreenSpan Company) produced the minor discrepancies grasped at by the Limited defendants.

The GreenSpan Corporation has consistently operated as the GreenSpan Company in both its internal and external communications. Both principals of the GreenSpan Corporation/Company (Douglas Greenspan and William Ingram) treat the GreenSpan Company as interchangeable with the GreenSpan Corporation. There is no question that it was the intent of Messrs. Greenspan and Ingram to transfer ownership of U.S. Patent No. 5,063,062 ("the '062 patent") first to and then from the entity operating as the GreenSpan Company through the various assignment documents. Under Colorado law, which applies to these agreements, the assignments are valid and enforceable contracts that convey ownership of the '062 patent.

A little common sense goes a long way in avoiding the waste of judicial and party resources that would result if this court threw out this case because of a minor technicality and deferred a merit-based decision on the Limited defendants' infringement of the '062 patent until a later-filed suit. LP Matthews owns the '062 patent. LP Matthew had standing to sue the Limited defendants for infringement of the '062 patent when this suit was filed and has standing now. The Limited defendants' willful infringement of the '062 patent should be resolved on the merits.

## STATEMENT OF FACTS

The United States Patent and Trademark Office (PTO) issued the '062 patent on November 5, 1991. The joint inventors of the '062 patent are Douglas Greenspan and Philip Low. Prior to issuance, one of the inventors (Philip Low) assigned his rights to the '062 patent to Douglas Greenspan and William Ingram. (LD Ex. A[1]) Messrs. Greenspan and Ingram subsequently assigned their rights to the '062 patent to The Greenspan Company (LD Ex. B and E.) The Greenspan Company subsequently assigned its rights to the '062 patent to LP Matthews. (LD Ex. F.) By that Assignment, LP Matthews acquired the entire right, title and interest in and to the '062 patent from Greenspan Company. (See LD Ex. F.) The Assignment to LP Matthews provides that:

> [F]or good and valuable consideration, the receipt of which is hereby acknowledged, The Greenspan Company hereby sells, assigns and transfers to LP Matthews, LLC the entire right, title and interest in and to the ['062 patent], including without limitation, the right to sue for past, present and future infringement of the Patents, and the right to collect and receive any damages,

---

[1] In this Memorandum, "LD Br." refers to the Opening Brief in Support of Defendants Bath & Body Works, Inc. and Limited Brands, Inc.'s Motion for Summary Judgment for Lack of Standing (D.I. 257.) "LD Ex." refers to exhibits to LD Br. "LPM Ex." refers to exhibits attached to this Memorandum.

royalties, or settlements for such infringements and any and all causes of action related to any of the inventions or discoveries described in the patents.

(LD Ex. F at LPM 7.)

LP Matthews and The Greenspan Company also executed a Patent Assignment Agreement. (LD Ex. D.)

**REDACTED**

Mr. Greenspan uses the terms Greenspan Company and Greenspan Corporation interchangeably. (LPM Ex. A at 442.) To Mr. Ingram, there is no difference between the Greenspan Company and the Greenspan Corporation. (LPM Ex. B at 40.) Mr. Greenspan used Greenspan Company letterhead in official correspondence with the Food and Drug Administration (LPM Ex. C, Greenspan Dep. Ex. 3) and was identified as President of the Greenspan Company in correspondence from the Proctor & Gamble Company. (LPM Ex. D, Greenspan Dep. Ex. 10.) The Greenspan Company and the Greenspan Corporation are the same entity to both owners and were treated as such by them and businesses corresponding with them.

---

[2] The Patent Assignment Agreement defines the "Patents" as U.S. Patent No. 5,063,062 and its foreign counterpart, Canadian Patent No. 2,026,304. (LD Ex. D. at LPM 23.)

Mr. Greenspan and Mr. Ingram intended to and did convey their rights in the '062 patent to the Greenspan Company in 1990 (LPM Ex. A at 330, 341). They confirmed that intention in 2004. (LD Ex. E). Mr. Greenspan and Mr. Ingram intended to and did convey the rights to the '062 patent from the Greenspan Company to LP Matthews in 2004. (LD Ex. D and F; LPM Ex. A at 443.) When this suit was filed, LP Matthews owned the '062 patent (LD Ex. F) and had standing to file suit for infringement of the '062 patent. *See* U.S.C. §§ 100(d) and 281.

## ARGUMENT

The Limited defendants bear the burden to show that no dispute of material fact exists that LP Matthews lacks standing to pursue this litigation. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). When the '062 patent assignment documents are construed in order to effectuate the intent of the parties, as they must be under governing Colorado state law, it is undisputed that LP Matthews owned the '062 patent when this case was filed and has standing to file suit for infringement of the '062 patent under 35 U.S.C. § 281 as the patentee. *See* 35 U.S.C. § 100(d) ("The word 'patentee' includes not only the patentee to whom the patent was issued but also the successors in title to the patentee.")

    **A.**    **The Principals and Owners of the Greenspan Corporation, Greenspan Company, and the '062 Patent Both Considered Greenspan Company and Greenspan Corporation As the Same Entity.**

Although an attorney recognizes the distinctions between the terms "incorporated" and "company," these distinctions are not typically made by businessmen or inventors, particularly when they habitually refer to their business entity as the Company, notwithstanding its proper designation as a corporation. The undisputed evidence establishes that Mr. Greenspan, notwithstanding his incorporation of the eponymous Greenspan

Corporation, identified the business entity that owned and commercialized the '062 patent as the Greenspan Company.

Mr. Greenspan unambiguously testified that the entity that was incorporated was the Greenspan company.

**REDACTED**

As Mr. Greenspan further testified, he continues to refer to the Greenspan Corporation as the Greenspan Company.

**REDACTED**

Mr. Greenspan's testimony is corroborated by contemporaneous letters from and to the Greenspan Company. In a letter from the Procter & Gamble Company dated August 8, 1991, Mr. Greenspan is addressed as President of the Greenspan Company. (LPM Ex. D, Greenspan Dep. Ex. 10.) When he corresponded with the Food and Drug Administration in July 1992, Mr. Greenspan used Greenspan Company letterhead and identified himself as the president thereof in official correspondence. (LPM Ex. C, Greenspan Dep. Ex. 3).

Mr. Greenspan is not the only officer of the Greenspan Corporation and Greenspan Company who considers them to be a single entity. Mr. William Ingram, Vice President and Secretary (LD Ex. D), testified that he is unaware of any difference between the two.

Q. Can you tell me, do you know if there is a

difference between The GreenSpan Company and The
GreenSpan Corporation?
A. No.
Q. You weren't involved in the incorporation?
A. No.

(LPM Ex. B at 40-41.)  Mr. Greenspan and Mr. Ingram were the owners of the '062 patent

on July 12, 1990.  (LD Ex. A.)                    **REDACTED**

                            (LPM Ex. A at 443; Ex. B at 40.)  They are the parties to

the assignment of the '062 patent to the Greenspan Company.  (LD Ex. B and E.)  Mr.

Greenspan, the president of the Greenspan Company/Corporation, is a party to the

assignment of the '062 patent to plaintiff LP Matthews.  (LD Ex. D and F.)  It was and is their

undisputed intent to transfer ownership of the '062 patent, first to the entity doing business as

the Greenspan Company and, second, from the entity doing business as Greenspan Company

to plaintiff LP Matthews.  This intent, established by the written agreements (i.e, contracts)

of the '062 patent assignments, should be effectuated by this.

> **B.**    **The Assignment Documents, In Accordance With the Intent of the Parties
> to the Assignments, Transfer Ownership of the '062 Patent From Messrs.
> Greenspan and Ingram to the Greenspan Company/Corporation and
> From the Greenspan Company/Corporation to LP Matthews.**

"Determining whether the right to sue ... has been transferred turns on the proper

construction of the assignment agreements, which is a matter of state contract law." *Minco,*

*Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996).  In this case, the '062

patent assignments are governed by Colorado state law.  Mr. Greenspan and Mr. Ingram are

Coloradans and Greenspan Company/Corporation had its principal place of business in

Colorado.

                            **REDACTED**

Under Colorado law, "[a] contract must be construed in order to effectuate the intent of the parties." *Griffin v. United Bank of Denver*, 198 Colo. 239, 242, 599 P.2d 866, 867 (1979) (citation omitted). Even if it contains ambiguities or unclear language, a written documents must be construed in accordance with the intent of the parties. *D.C. Concrete Management, Inc. v. Mid-Century Ins. Co.*, 39 P.3d 1205, 1207 (Colo. App. 2001) (citing *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909 (Colo. 1996)). Extrinsic evidence can be considered in determining whether a contract is ambiguous. *Id.* "If there is an ambiguity as to the terms of a contract, extrinsic evidence is admissible to prove the intent of the parties to that contract." *Kincaid v. Western Operating Co.*, 890 P.2d 249, 252 (Colo. App. 1994) (citing *Radiology Professional Corp. v. Trinidad Area Health Ass'n*, 195 Colo. 253, 577 P.2d 748 (1978)).

The principals and sole shareholders of the Greenspan Company considered it to be the business entity that they owned (and which owned the '062 patent), notwithstanding the incorporation of the Greenspan Corporation. That is undisputed. They intended to transfer ownership of the '062 patent to the business entity that they owned and operated. That is undisputed. They also intended to transfer ownership of the '062 patent from the business entity they owned and operated to LP Matthews. That is also undisputed. The intent of the parties is plain.

To the extent there is any ambiguity in the assignment documents, that ambiguity derives solely from extrinsic evidence. However, when *all* of the extrinsic evidence is considered, the *actual* intentions of the parties to the '062 patent assignments is unambiguous and construing the '062 patents to effectuate the intent of the parties is straightforward – the '062 patent assignments transfer ownership of the '062 patent from Messrs. Greenspan and

Ingram to the Greenspan Company/Corporation and then to plaintiff LP Matthews.[3] This Court should apply the applicable governing law and construe the '062 patent assignments to effectuate the undisputed intent of the parties – to transfer ownership of the '062 patent to plaintiff LP Matthews.

The *Quiedan Co.* cases cited by the Limited defendants do not suggest otherwise.[4] As an initial matter, *Quiedan* involved a *license*, not an assignment and the plaintiff in *Quiedan* was not a patentee. The patentee was not a party to the litigation. *See Quiedan Co., Inc. v. Central Valley Builders Supply Co., Inc., et al*, 1993 U.S. Dist. LEXIS 15238 (N.D. Cal. 1993). Perhaps more significantly, the license at issue in *Quiedan* was construed under California law and void thereunder. *Quiedan*, 1993 U.S. Dist. LEXIS 15238, *3. Thus, it is inapplicable to patent assignments properly construed under Colorado law.

This Court also should not be misled by the Limited Defendants' citation of *Gaia Techs, Inc.* The assignment *nunc pro tunc* in *Gaia Techs, Inc.* was executed more than one year after that suit was filed. *Gaia Techs, Inc. v. Reconversion Techs, Inc.*, 93 F.3d 774, 779 (Fed. Cir. 1996). However, the assignment *nunc pro tunc* in the instant case (LD Ex. E) was executed *before* suit was filed. Accordingly, *Gaia Techs, Inc.* is inapposite.

When the '062 patent assignments are construed to effectuate the intent of the parties, there are no genuine issues of material fact regarding LP Matthews's ownership of the '062

---

[3] Colorado courts apply these contract law principles to insurance contracts in which the designation of the named insured was ambiguous or unclear. *See, e.g.*, *D.C. Concrete Management, Inc. v. Mid-Century Insurance. Co.*, 39 P.3d 1205 (Colo. App. 2001). *See also Federal Deposit Insurance Corp. v. American Casualty Co.*, 843 P.2d 1285 (Colo. 1992) (Insurance contracts are construed in accordance with the general law of contracts.).
[4] The Limited defendants' citations to the Federal Circuit's decision in *Quiedan* should be disregarded as that decision issued under Fed. Cir. R. 47.6(b), which prohibits its citation as precedent.

patent and standing to sue for infringement of the '062 patent.  Accordingly, the Limited

defendants motion for summary judgment for lack of standing should be denied.

    **C.**    **This Court Should Effectuate the Strong Judicial Policy Toward Merit-Based Decisions.**

    The Limited defendants' efforts to elevate form over substance in an effort to avoid a

decision on the merits regarding their willful infringement of the '062 patent should be

rejected by this Court.  In the standing context, as the Court of Federal Claims has noted, a

little common sense goes a long way when addressing a mere misnomer.  *See Hemphill*

*Contracting Company v. United States*, 34 F3.d C. 82, 86 (Fed. Cl. 1995).  The claims

asserted in the complaint are real and it is clear that a party – LP Matthews, the real party in

interest – possesses the substantive right to sue here.  The Greenspan Company is not a

business entity that never existed – quite the contrary.  The fact that there is another

Greenspan Company (albeit in the insurance business in California) does not erase the

existence of Doug Greenspan's Greenspan Company.  Nor does the incorporation of the

Greenspan Corporation and the apparent confusion regarding the Greenspan

Company/Corporation.  "[T]he disparity between the disputed corporation names is

characterized more as a very thin crack than a chasm."  *Id.*

    Elevating form over substance and ignoring Colorado law as urged by the Limited

defendants "would create a system that would make the medieval writ system look highly

functional and modern."  *Id.*  Instead, this Court should deny the Limited defendants motion

and follow the "strong judicial policy toward merit-based decisions, and against throwing out

claims because of a minor technicality."  *Id.*

## CONCLUSION

For the foregoing reasons, the Court should deny the Limited defendants' motion for summary judgment for lack of standing.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated: July 18, 2006

171386.1

# EXHIBIT A

**REDACTED**

# EXHIBIT B

William J. Ingram                                    January 26, 2006
                        Boulder, CO

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE                **ORIGINAL**

LP MATTHEWS, LLC,              )

            Plaintiff,         )

            v.                 )

BATH & BODY WORKS, INC.;       )   CASE NO.:

LIMITED BRANDS, INC.;          )   04-CV-01507 SLR

KAO BRANDS CO. (f/k/a THE      )

ANDREW JERGENS COMPANY);       )

and KAO CORPORATION,           )

            Defendants.        )

            - - - - - - - - - -


VIDEOTAPE DEPOSITION OF WILLIAM J. INGRAM

Thursday, January 26, 2006


Reported by:

Craig L. Knowles, CM

            Boulder, Colorado

            Thursday, January 26, 2006

William J. Ingram                              January 26, 2006
                        Boulder, CO

2

1

2           Deposition of WILLIAM J. INGRAM, a witness

3    herein, called for examination by counsel for

4    Defendants in the above-entitled matter, pursuant

5    to notice and the Federal Rules of Civil Procedure,

6    the witness being previously duly sworn by CRAIG

7    KNOWLES, a Notary Public in and for the State of

8    Colorado, taken at the Hotel Boulderado, Evergreen

9    Room, 215 Thirteenth Street, Boulder, Colorado, at

10   9:02 a.m., on Thursday, January 26, 2006, and the

11   proceedings being taken down in Stenotype by CRAIG

12   KNOWLES and transcribed under his direction.

13

14

15

16

17

18

19

20

21

22

William J. Ingram                                    January 26, 2006
                         Boulder, CO

                                                                 3

1                        APPEARANCES

2

3    For Plaintiff:

4         Robert A. Auchter, Esquire

5         ROBINS, KAPLAN, MILLER & CIRESI, LLP

6         Suite 1200

7         1801 K Street, Northwest

8         Washington, D.C. 20006-1307

9         202-775-0725

10

11   For Defendants Bath & Body Works and Limited

12   Brands:

13        John F. Ward, Esquire

14        WARD & OLIVO

15        708 Third Avenue

16        New York, New York 10017

17        212-697-6262

18

19

20

21

22

William J. Ingram                                    January 26, 2006
                            Boulder, CO

                                                                    40

1        Q.     With regard to The GreenSpan Company, Mr.

2    Ingram, who owns The GreenSpan Company?

3        A.     Myself and Doug.

4        Q.     Does anybody else own any portion of The

5    GreenSpan company?

6        A.     None that I am aware of at all.

7        Q.     What is your understanding of the

8    relationship between assets that are owned by The

9    GreenSpan Company as between assets that are owned

10   by you and Doug?

11       A.     The assets would be owned by Doug and

12   myself.

13       MR. AUCHTER:   No further questions.   Thank

14   you, very much.

15       MR. WARD:   I just have one for you.

16   FURTHER EXAMINATION BY COUNSEL FOR DEFENDANTS

17       BATH AND BODYWORKS AND LIMITED BRANDS

18       BY MR. WARD:

19       Q.     Can you tell me, do you know if there is a

20   difference between The GreenSpan Company and The

21   GreenSpan Corporation?

22       A.     No.

William J. Ingram                                     January 26, 2006

Boulder, CO

41

1       Q.    You weren't involved in the incorporation?

2       A.    No.

3             MR. WARD:  I have nothing further.

4             THE VIDEOGRAPHER:  The time is 10:08.  This

5       is the conclusion of the deposition.

6             THE REPORTER:  He will read and sign?

7             MR. AUCHTER:  Yes, he will read and sign.

8             (Whereupon, at 10:08 a.m., the taking of

9       the instant deposition ceased.)

10

11             _____

12                   WILLIAM J. INGRAM

13

14      SUBSCRIBED AND SWORN to before me this _____ day

15      of _____, 2006.

16

17             _____

18                   Notary Public

19      My Commission Expires:_____

20

21

22

# EXHIBIT C

**REDACTED**

# EXHIBIT D

**REDACTED**

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2006, the attached **REDACTED PUBLIC VERSION OF LP MATTHEWS' ANSWERING BRIEF IN OPPOSITION TO THE LIMITED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR LACK OF STANDING** was served upon the below-named counsel of record at the address and in the manner indicated:

Richard L. Horwitz, Esquire                                     HAND DELIVERY
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801

Arthur I. Neustadt, Esquire                                     VIA FEDERAL EXPRESS
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

Francis G.X. Pileggi, Esquire                                   HAND DELIVERY
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE 19801

John Ward, Esquire                                              VIA FEDERAL EXPRESS
Ward & Olivo
708 Third Avenue
New York, NY 10017


*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon