IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BATH & BODY WORKS, INC.; LIMITED ) <br> BRANDS, INC.; KAO BRANDS CO. ) <br> (f/k/a THE ANDREW JERGENS ) <br> COMPANY); and KAO CORPORATION, ) <br> ) <br> Defendants. ) | **REDACTED PUBLIC VERSION** <br><br> C.A. No. 04-1507-SLR |

**LP MATTHEWS' REPLY SUPPORTING ITS *DAUBERT* MOTION TO STRIKE THE EXPERT REPORTS AND EXCLUDE THE TRIAL TESTIMONY OF THE LIMITED DEFENDANTS' LIABILITY EXPERT, JOHN C. CARSON**

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated: July 26, 2006

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C.*

## NATURE AND STAGE OF PROCEEDINGS

On December 8, 2004, plaintiff LP Matthews, L.L.C. filed a Complaint for patent infringement against defendants Kao Brands Company (formerly known as The Andrew Jergens Company), Kao Corporation, Limited Brands, Inc., and Bath & Body Works, Inc. (D.I. 1.) LP Matthews amended its Complaint on February 2, 2005. (D.I. 5, 8.) This Court entered a Scheduling Order on June 9, 2005. (D.I. 39.) Expert discovery closed on May 12, 2006. (D.I. 39 at 3.) On June 22, 2006, LP Matthews moved under *Daubert* to strike the expert reports and exclude the trial testimony of Mr. John C. Carson. (D.I. 232, 236.) On July 7, 2006, The Limited defendants opposed LP Matthews' Motion. (D.I. 282.) This Memorandum is LP Matthews' reply in support of its motion.

## ARGUMENT

**1.    Mr. Carson's Experiments Are Not Reliable**

**REDACTED**                                      (LPM Br.[1] at 4.) They do not dispute that the scientific method calls for quantitative, objective measurement methods, representative samples, use of independent observers, or validation of methods. (*Id.* at 6-7 & Ex. F at 6-11.) They do not deny that artifacts of Mr. Carson's testing likely tainted his conclusions and opinions. (LPM Br. at 8-10.) They do not deny that Mr. Carson took the easy way out or that "'easier' is not the appropriate standard for admissibility. (LPM Br. at 11.)

   a.    *Mr. Carson's Cleaning Experiments Are Unreliable*

The Limited defendants do not deny that Mr. Carson's cleaning experiments failed to

---

[1] "LPM Br." means LP Matthews' opening brief, D.I. 236. "LBR" means the Limited defendants opposition, D.I. 282.)

- 1 -

use independent observers, or that quantitative, objective measurement methods that are more accurate were readily available to him, and were quick and easy to perform. (*Id.* at 7-8.) The cleaning tests are unreliable under *Daubert*.

The Limited defendants say "Mr. Carson employed reliable inferences" in his cleaning experiments. (LBR at 5.) What those inferences are and why they are reliable remains a mystery; the Limited defendants do not explain the references, let alone explain why they are reliable.

    b.    *Mr. Carson's Emulsion Experiments Are Unreliable*

The Limited defendants admit that "Standards, both objective and subjective, exist in the field for ... determining the emulsifying ability of a product." (LBR at 5.) They do not deny that Mr. Carson's emulsion experiments failed to use independent observers or quantitative, objective measurement methods that are more accurate, were readily available to him, and were quick and easy to perform. (*Id.* at 7-8.) The emulsion tests are unreliable under *Daubert*.

The Limited defendants argue that "peer reviewed publications [] support [Mr. Carson's] analysis and use of Critical Micelle Concentration ("CMC") values for the oat ingredients found in the accused products to determine whether they form an emulsion in a system." (*Id.* at 6.) In fact, they do not. LP Matthews does not dispute that CMC analysis may be used; however, Mr. Carson simply did not use it. He did not determine the CMC. (LPM Br. at 5-6.) Rather, the Limited defendants actually admit he "did not need to determine the CMC for each oat ingredient" (LBR at 10). How, then, could he have "compared those [CMC] values to the actual known concentration of the oat ingredients in each of the accused products" as the Limited defendants argue? (*Id.* at 10.) It is not possible.

His opinions concerning the oat ingredients acting as emulsifiers simply are not reliable and should be excluded.

c. *Mr. Carson's Experiments Do Not Follow the '062 Patent*

The Limited defendants spend 4 pages attempting to make Mr. Carson's tests "similar to those described in the '062 patent" (LBR at 11-15.) They were not. Mr. Carson absolutely did not "simply repeat[] the tests and methods for testing orange oil and d-limonene in the cleaning compositions as disclosed in the '062 patent." (LBR at 11.) The '062 patent clearly uses independent observers – ten, actually, none of whom were interested in this action – to evaluate the cleaning effectiveness of the compositions claimed in the '062 patent. The Limited defendants do not dispute that the use of independent evaluators is a critical aspect of the scientific method. (LPM Br. at 7-8.) (Because Mr. Carson did not follow the '062 tests, his method also cannot have had a "prior, non-judicial use" in the '062 patent, as argued by the Limited defendants. (LBR at 11.) Likewise, and even though *Eclipse* does not stand for the proposition that "reliance on the '062 patent is permissible" (*id.* at 13), the Limited defendants' argument that he "is not required to 'reinvent the wheel'" is misplaced. (*Id.* 13.)

d. *Mr. Carson Did Not Use Standards or Controls, And Subjective Methods are Not Encouraged*

The Limited defendants repeatedly pretend that Mr. Carson used "standards" and "controls" in his experiments, though what standards and controls were used, or how they were used, is never elucidated. (See LBR Br. at 5 ("standards in the methodology"), 11 ("standards at various stages of his testing to control the techniques' operation(s)"), 12 ("controlled all the experiments"), 14 ("standards in how the testing technique(s) were performed").) Perhaps that is because whatever those standards or controls were, they were

"not included in the report." (LBR at 12.) Mr. Carson testified,

**REDACTED** (LBR at 12.) If the standards or controls that the Limited defendants' attorneys think Mr. Carson used but did not put in his report (or his laboratory notebook) did somehow satisfy the requirements for a Rule 26 report or the Limited defendants' discovery obligations (see LPM Br. at 6-7 n. 6), then those controls and standards still do not meet scientific method requirements.

Finally, Mr. Carson says that subjective methods are "encouraged." (LBR at 6, 9 n.2.) They are not. The scientific method requires the use of objective methods where possible, which the Limited defendants do not dispute. (LPM Br. at 7-8 & Ex. F.) Mr. Carson's own testimony contradicts the scientific method, seriously undermining his credibility.

2. **Mr. Carson Is Not Qualified to Opine About Orange or Oat Ingredients or Legal Matters**

LP Matthews does not dispute that Mr. Carson is an expert in formulating cosmetics.

He is not, however, "qualified to give expert opinion testimony regarding… ingredients." (*Id.* at 2.) While the Limited defendants argue that expertise in specific ingredients *is not required* in this case (LBR at 1-2, 7), they also cite the Federal Circuit's *Izumi* decision for the proposition that "specialized knowledge in a technical area" is required to opine about "individual claim elements." (LBR at 7 (citing *Izumi Products*, 315 F. Supp. 2d at 600.).) As between the two, the Federal Circuit precedent should control – specialized knowledge is required to opine about claim elements. The Limited defendants' own brief confirms this. They say Mr. Carson has opined that "orange oil in an amount … less than 1% does not clean" (*Id.* at 2), orange oil must be a "primary cleaner" (*id.* at 1), "orange oil is not a better cleaning agent than d-limonene" (*Id.* at 2). Those opinions are about the ingredient, not the composition. They contend that "the oat ingredients in the Limited Defendants'

products ... are not emulsifying agents" (LBR at 2) or must be a "primary emulsifying agent" (*Id.* at 1). Those opinions also are about the ingredient, not the composition.[2]

Nor is Mr. Carson "qualified to render opinions...on invalidity of the '062 patent" (LBR at 15) or about "unenforceability due to inequitable conduct" (*id.* at 4). Not only are Section 102 and inequitable conduct not asserted defenses, but Mr. Carson is not an attorney and has no legal experience.

3. **Mr. Carson's Only Real Data, pH Data, Contradicts the Limited Defendants' Own Product Specifications and Renders the Conclusions Based Thereon Unreliable or Meaningless**

The only actual "tested scientific data" (LBR at 1) or "actual scientific data and results" (*id.* at 2) is the "actual pH measurements of most of the accused products." (*Id.* at 2, 9-10; LPM Br. at 4-10.) From those tests, Mr. Carson concludes the accused products have a pH "outside the claimed range" (*Id.* at 2.) Besides, his pH test results *fall outside the Limited defendants' own product specifications* for the accused products, which is fully explained in LP Matthews' Memorandum Supporting Its Motion for Summary Judgment of Infringement by the Limited Defendants, D.I. 269 at page 21-22.) Either his method is unreliable or the products are not representative. Either way, his opinions about the pH tests for those products are not reliable and should not be in this case.

4. **The Remaining Limited Arguments Are Irrelevant under *Daubert***

Twice, the Limited defendants claim LP Matthews mischaracterizes Mr. Carson's testimony. (LBR at 2, 14.) They do not identify any mischaracterization, however, because there is none.

---

[2] LP Matthews does not dispute that Mr. Carson has used d-limonene. (LBR at 5.) But he and every other expert in this case, and the Limited defendants' corporate designee, have testified that d-limonene is different from orange oil. (See LPM Br. at 4-5 (Carson).)

The following statements in their brief also are not relevant to their *Daubert* opposition, but, for the record, LP Matthews disagrees with them: "LPM has offered none of its own evidence of infringement" (LBR at 1) – the Limited defendants have essentially admitted infringement; there are no "unsubstantiated claims of the inventors or its expert" (LBR at 2); Dr. Rhodes used 'subjective belief or unsupported speculation'" (LBR at 9); "Mr. Carson was an emulsion and formulation chemist at the time of the invention in the late 1980s" (LBR at 15) – which, if true, is not supported by citation; and Mr. Carson's "tests provided sufficient data to compare with co-inventors Greenspan's and Low's statements to the PTO in the '062 patent file history" (LBR at 7).

## CONCLUSION

This is not a matter of a "mere difference in opinion between Dr. Rhodes and Mr. Carson" (LBR at 12.) Mr. Carson's cleaning and emulsion experiments do not provide "cold, hard scientific data," (LBR Br. at 14), let alone "sufficient data to compare with co-inventors Greenspan's and Low's statements to the PTO in the '062 patent file history." (LBR at 7.) And his pH opinions are so suspect that they must be unreliable. Mr. Carson's methodology is unreliable under the Supreme Court's *Daubert* guidelines for admitting expert testimony. For these reasons and the reasons stated in LP Matthews' opening brief, his opinions based on experiment and literature should be stricken and excluded.

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated: July 14, 2006

171285.1

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July, 2006, the attached **REDACTED PUBLIC VERSION OF LP MATTHEWS' REPLY SUPPORTING ITS *DAUBERT* MOTION TO STRIKE THE EXPERT REPORTS AND EXCLUDE THE TRIAL TESTIMONY OF THE LIMITED DEFENDANTS' LIABILITY EXPERT, JOHN C. CARSON** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | **VIA FEDERAL EXPRESS** |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017 | **VIA FEDERAL EXPRESS** |

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon