IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., ) | REDACTED PUBLIC VERSION |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1507-SLR |
| ) | |
| BATH & BODY WORKS, INC.; LIMITED ) | |
| BRANDS, INC.; KAO BRANDS CO. ) | |
| (f/k/a THE ANDREW JERGENS ) | |
| COMPANY); and KAO CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**LP MATTHEWS' CORRECTED ANSWERING BRIEF IN OPPOSITION
TO KBC'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY BASED
UPON LACK OF WRITTEN DESCRIPTION**

*Of Counsel:*

Ronald J. Schutz
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office: 800-553-9910

Robert A. Auchter
Jason R. Buratti
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
(202) 775-0725

Dated: July 26, 2006
171301.1

ASHBY & GEDDES
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302)-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C.*

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS..................................................................1

SUMMARY OF THE ARGUMENT.............................................................................1

STATEMENT OF FACTS..............................................................................................2

      A.      The '062 Patent-in-Suit....................................................................................2

      B.      The '062 Patent Specification Describes Cleaning Compositions that Moisturize and Rejuvenate Skin – Not Just Clean it...........................................2

      C.      Orange Oil Volumes Less Than 5% are Described in the '062 Patent Specification....................................................................................................3

ARGUMENT....................................................................................................................4

      A.      The '062 Patent Describes Compositions that Clean and Moisturize............4

      B.      The '062 Patent Specification Describes Orange Oil, Not 5% or More Orange Oil......................................................................................................5

CONCLUSION.................................................................................................................7

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................4

*Catalina Mktg. Int'l, Inc. v. Coolsavings.com Inc.*,
    289 F.3d 801 (Fed. Cir. 2002)....................................................................6

*Cordis Corp. v. Medtronic AVE, Inc.*,
    339 F.3d 1352 (Fed. Cir. 2003)..................................................................4

*DeGeorge v. Bernier*,
    768 F.2d 1318 (Fed. Cir. 1985)..................................................................5

*LizardTech, Inc. v. Earth Res. Mapping, Inc.*,
    424 F.3d 1336 (Fed. Cir. 2005)..................................................................7

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
    360 F.3d 1295 (Fed. Cir. 2004)..................................................................6

## NATURE AND STAGE OF PROCEEDINGS

On December 8, 2004, plaintiff LP Matthews, L.L.C. ("LP Matthews") filed a Complaint for patent infringement against defendants Kao Brands Company (formerly known as The Andrew Jergens Company) ("KBC"), Kao Corporation, Limited Brands, Inc., and Bath & Body Works, Inc.[1] (D.I. 1.) LP Matthews amended its Complaint on February 2, 2005. (D.I. 5, 8.) Opening Claim construction briefs were filed on June 29, 2006. (D.I. 244, 254, 255.) On June 29, 2006, KBC filed a Motion for Summary Judgment of Invalidity Based Upon Lack of Written Description. (D.I. 247.) This Memorandum opposes that motion.

## SUMMARY OF THE ARGUMENT

LP Matthews' U.S. Patent No. 5,063,062 ("the '062 patent") claims compositions that contain orange oil and other components. (KBC Ex. A at 9:3-10:25.[2]) Neither claim 6 nor claim 9 of the '062 patent requires a minimum percentage of orange oil provided that the orange oil has a cleaning effect. (*Id.* at 10:1-6, 13-17.) The original claims, which are part of the specification, do not require a minimum percentage of orange oil. The specification discusses test compositions with many volumes of orange oil, illustrating the breadth of the claim term. One of those test compositions contained 5% orange oil – but still cleaned cosmetics, which are a specified "hard to clean" substance specifically contemplated by the patent.

---

[1] KBC and Kao Corporation are collectively "the Kao defendants." Limited Brands, Inc. and Bath & Body Works, Inc. are collectively "the Limited defendants."

[2] In this Memorandum, "KBC Br." refers to KBC's Memorandum in Support of Its Motion for Summary Judgment of Invalidity Based Upon Lack of Written Description. (D.I. 248.) "KBC Ex." refers to exhibits to KBC Br. "LPM Ex." refers to exhibits attached to this Memorandum.

With respect to the "cleaning composition" claim element, the objects of the invention clearly relate a composition that also moisturizes and rejuvenates the skin. The claims recite cleaning, and use the open-ended transitional phrase "comprising" that permits an accused composition to do more than just clean – like a cleaning or moisturizing lotion such as the commercial embodiment of the '062 patent ("Healthy Kleaner"). The Court should deny KBC's motion since the '062 patent specification fully describes a cleaning composition, including lotions, for use on human skin that contains orange oil and may also moisturize.

## STATEMENT OF FACTS

### A. The '062 Patent-in-Suit

The United States Patent and Trademark Office ("PTO") issued the '062 patent to Douglas Greenspan and Philip Low on November 5, 1991. (KBC Ex. A at cover page.) The '062 patent claims compositions for cleaning human skin that contain orange oil, an oat ingredient, and a moisturizer. (*Id.* at 9:3-10:25.) LP Matthews asserts that KBC infringes claims 6 and 9 of the '062 patent.

### B. The '062 Patent Specification Describes Cleaning Compositions that Moisturize and Rejuvenate Skin – Not Just Clean It

As an initial point, "a pharmaceutically acceptable moisturizer" is a *required claim element* of both of the asserted claims. (*Id.* at 10:13-18, 10:1-6.) In fact, the invention "provide[s] a skin cleaning composition that not only removes unwanted substances from the human skin, but also acts to help clean and *revitalize* the human skin." (*Id.* at 2:21-25 (emphasis added).) Inventors Greenspan and Low actually tested the "skin effecting property" (*id., e.g.*, at 6:62-64) and "softening effect" (*id., e.g.*, at 2:68), not just the "cleaning properties" (*id., e.g.*, at 1:24-28, 6:30-31), of their invention. The tests described in

the specification included "determining that test Samples...performed adequately in cleaning the hands *and in moisturizing the hands....*" (*Id.* at 4:19-20 (emphasis added).) The "Samples...were submitted to the test group [of independent evaluators] to evaluate cleaning effectiveness and *moisturizing ability.*" (*Id., e.g.,* at 66-67.)

The '062 patent fully describes a composition that both cleans and moisturizes. That composition can be a lotion, like the commercial embodiment, Healthy Kleaner, and like the accused KBC lotions. Notably, in neither this motion nor their two summary judgment motions have the Kao defendants offered proof that their lotions do not clean.

### C. Orange Oil Volumes Less Than 5% are Described in the '062 Patent Specification

Claims 6 and 9 of the '062 patent read on products that contain less than 5% orange oil. (See D.I. 254, LP Matthews Opening Claim Construction Brief.) KBC must argue for the 5% minimum limitation, because it represented to the U.S. Patent Office, under oath, in 1989 that 0.01% orange oil is expected to have a cleaning effect. (D.I. 263 (LPM Opening Brief in Support of Cross-Motion for Summary Judgment) at 2-3.) It attempts to duck that representation with this invalidity motion by misreading the '062 patent specification.

The patent specification provides that orange oil can be used to clean human skin. (KBC Ex. A at 1:53-54.) Mssrs. Greenspan and Low observed that in its "broadest form," their novel "composition includes orange oil" with no minimum percentage restriction. (KBC Ex. A at 2:68.) Further, "the more specific composition according to the preferred embodiment... comprises *forty-five percent (45%) or less* by volume of orange oil." (*Id.* at 2:45-48.) Thus, even more specific compositions do not have a minimum percentage restriction on the orange oil component.

Asserted claim 9 calls for "forty-five percent (45%) or less by volume of orange oil" and claim 6 simply for "orange oil" – this claim language was in the original application. (*Id.* at 10:13-18, 10:1-6.) In contrast to claims 6 and 9, the applicants drafted claim 1 to recite a minimum percentage: "between five percent (5%) and sixty percent (60%) orange oil...." (*Id.* at 9:4-10.[3])

## ARGUMENT

KBC bears the burden to show that no dispute of material fact exists that claims 6 and 9 of the '062 patent are invalid. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Those undisputed facts must meet the clear and convincing evidence standard required to invalidate an issued patent. *Cordis Corp. v. Medtronic AVE, Inc.*, 339 F.3d 1352, 1364 (Fed. Cir. 2003).

To meet its burden, KBC ignores the clear language of the claims and the written description of the '062 patent. That may be why it does not cite a single case that directly supports its vague assertions that the '062 patent does not comply with Section 112, first paragraph. Once again, KBC has filed a motion for summary judgment that depends upon unsupported attorney argument to misread the '062 patent. KBC's motion should be denied.

### A.   The '062 Patent Describes Compositions that Clean and Moisturize

"To fulfill the written description requirement, the patent specification must describe an invention in sufficient detail that one skilled in the art can clearly conclude that the inventor invented what is claimed." *Cordis*, 339 F.3d at 1364. KBC wrongly argues that the '062 patent does not describe a cleaning composition that moisturizes. Claims 6 and 9 unequivocally require a "moisturizer." Objects of the invention include rejuvenating

---

[3] LP Matthews does not assert that KBC infringes claim 1.

-4-

and revitalizing. The samples tested were specifically evaluated for moisturizing. Claims 6 and 9 therefore do not lack written description of a composition that moisturizes as well as cleans.

Moreover, the claims read on compositions that do more than just clean. The asserted claims use the open-ended transitional phrase "comprising," which permits the inclusion of unrecited features in an accused product. *DeGeorge v. Bernier*, 768 F.2d 1318, 1322 (Fed. Cir. 1985). One such feature may be that an accused product moisturizes while still cleaning. For this reason, KBC's motion fails.

### B. The '062 Patent Specification Describes Orange Oil, Not 5% Or More Orange Oil

KBC also erroneously asserts that "claims 6 and 9 are invalid for lack of written description since the specification provides that the orange oil must be at least 5% by volume." (KBC Br. at 7.) Nowhere does the '062 patent "plainly state[] that an orange oil percentage below 5% is not satisfactory to achieve sufficient cleaning." (*Id.* at 7-8.)

Quite the contrary, KBC cites three excerpts from the '062 patent specification that do not state a 5% oil orange minimum. Asserted claims 6 and 9 do not specify a minimum percent. Nor do originally-filed claims, which are part of the specification. The excerpts KBC cites concerning a 5% embodiment also *support* judgment that the specification describes an invention with less than 5% orange oil. That 5% embodiment effectively cleans difficult to remove substances specifically contemplated by the invention.

KBC cited these excerpts:

> Samples XIV-XVII were given to the test group [of 10 people] to subjectively evaluate cleaning effectiveness.
>
> Sample XIV was only effective in removing cosmetics from the skin.

> From these tests, Applicants concluded that, with respect to cosmetics, a composition according to the present invention could have as little as 5% by volume of orange oil although it was preferable to have a cleaning composition having at least 25% by volume orange oil.

(KBC Ex. A at 6:56-61 (cited at KBC Br. at 3).) That testing included an *embodiment* of the invention with 5% orange oil that removed cosmetics from the skin. (KBC Ex. A at 6:44-45.) Cosmetics are among the "examples of substances that are difficult to remove" that led to the conception of this invention. (KBC Ex. A at 1:26.) Accordingly, this excerpt suggests that a composition with less than 5% orange oil would clean. (LPM Ex. A at 322 - 325 (Carson Dep. Tr.) ("I think that you see cleaning down to the 1 percent range.").) Mr. Greenspan in fact testified that cosmetics were among the substances that a commercial embodiment of the inventions of the '062 patent were intended to clean. This recitation also militates against KBC's limited interpretation of the claim language that ignores other uses, including (for example) softening, moisturizing, rejuvenation,[4] or the healing and prevention of dry skin. *Accord Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1301 (Fed. Cir. 2004) (rejecting a similar argument by The Andrew Jergens Co. (now KBC) for importing an unstated minimum percentage limitation from the specification into the claims). KBC's accused products heal dry skin, likely due in part to their removing (*e.g.*, cleaning) unwanted dead or dry skin. (See LPM Exs. B, C.)

Since the '062 patent discloses many volumes of orange oil, *LizardTech* (and *Tronzo*) does not support KBC's reading of the '062 patent specification. In *Tronzo*, the patent specification touted only conical shapes, but the claims recited shapes generically.

---

[4] Some of these aspects of the invention are described in the specification, though an applicant is not required to conceive of every use to which his invention may be put, as discussed in the next Section. *See Catalina Mktg. Int'l, Inc. v. Coolsavings.com Inc.*, 289 F.3d 801, 809 (Fed. Cir. 2002) (citing 35 U.S.C. § 271 (1994) and *Roberts v. Ryer*, 91 U.S. 150, 157 (1875)).

*LizardTech, Inc. v. Earth Res. Mapping, Inc.*, 424 F.3d 1336, 1345-46 (Fed. Cir. 2005) (citing *Tronzo v. Biomet, Inc.*, 156 F.3d 1154 (Fed. Cir. 1998)). Thus, the *LizardTech* court held "that there was nothing in the patent's specification 'to suggest that shapes other than conical are necessarily a part of the disclosure.'" *Id.* at 1346 (citing *Tronzo*, 156 F.3d at 1159)). In contrast, the '062 patent specification clearly contemplates, describes, enables, and even tests orange oil volumes both lower and higher than five percent. *LizardTech* does not apply.

## CONCLUSION

For the foregoing reasons, the Court should deny KBC's motion for summary judgment of invalidity based upon a purported lack of written description.

*Of Counsel:*

Ronald J. Schutz
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office: 800-553-9910

Robert A. Auchter
Jason R. Buratti
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
(202) 775-0725

Dated: July 17, 2006
171301.1

ASHBY & GEDDES

/s/ Tiffany Geyer Lydon
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302)-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C.*

# EXHIBIT A

# REDACTED

# EXHIBIT B

**Curél**

GO TO CUREL SITE →

Whatever your dry skin care needs, the Curél® brand has the perfect solution. Each formula is dermatologist tested, won't clog pores, and is gentle enough to use on your face.

Curél® lotions begin with the superior moisturizing capability of a cationic base formula to lock moisture in to dry skin. People prefer Curél® products because of the "cationic technology" that works not only to heal dry skin – but to leave it feeling soft without feeling greasy.

Whatever your ideal Curél® lotion is, from Fragrance Free to Ultra Healing to Age Defying and Firming, Curél® lotions provide the perfect cure for dry skin.

Visit our brand sites ▼

Age Corporation

# Curél

- **PRODUCTS**
  - ORIGINAL
  - FRAGRANCE FREE
  - AGE DEFYING & FIRMING
  - SOOTHING HANDS
  - ULTRA HEALING
  - SMOOTH LESS
- **MEDIA CENTER**
- **ABOUT CUREL**

FAQ  |  TELL US MORE

## Ultra Healing™
## Daily Moisture Therapy Lotion





▲ Extra dry skin can be irritating and uncomfortable, and so can greasy creams. Curél® Ultra Healing® Daily Moisture Therapy Lotion for Extra Dry Skin - Moisturizes like a cream but feels like a lotion. Curél® Ultra Healing® lotion is a unique formula that penetrates deeply to heal and prevent extra dry skin. It's clinically proven to quadruple skin's natural moisture level, while its high humectant moisturizing formula absorbs quickly and feels non-greasy. Make dry, uncomfortable skin a problem of the past.

**Ingredients**
Water, Glycerin, Petrolatum, Cetearyl Alcohol, Behentrimonium Chloride, Cetyl-PG Hydroxyethyl Palmitamide, Isopropyl Palmitate, Avena Sativa (Oat) Meal Extract, Eucalyptus Globulus Leaf Extract, Citrus Aurantium Dulcis (Orange) Oil, Cyclomethicone, Dimethicone, Cholesteryl Isostearate, BIS-PEG-15 Dimethicone/IPDI Copolymer, DMDM Hydantoin.

Copyright . 2005 Curel.  All Rights Reserved    Privacy Policy | Legal

# EXHIBIT C

LookSmart's FindArticles - Essence: Ash begone! Your guide to smooth, glowing skin - Beauty Solutions

Page 1 of 2

**looksmart**
http://www.looksmart.com/

**findarticles**
http://www.findarticles.com/

FindArticles > Essence > Feb 2004 > Article - Print friendly

## Ash begone! Your guide to smooth, glowing skin - Beauty Solutions

Julia Chance

Let's just call winter what it is: ash season. It's the time of year when the combination of cold weather and the things we do to feel warm work against us. "There's a drop in humidity during the winter, which means that the drier air extracts moisture from our skin," says Hema Sundaram, M.D., a dermatologist and the author of Face Value (Rodale), a beauty guide. Another reason our skin is so dry in the winter, says Jeanine Downie, a dermatologist in Montclair, New Jersey, is that "we have dry, forced hot-air heat in our homes and offices, which makes matters worse." And when it's cold, we enjoy taking long, hot showers and baths, but they remove the skin's natural oils. The result: parched, flaky skin that can itch to high heaven.

"It's important to switch to more hydrating products in the winter months, especially if you live in the Northeast and Midwest," says Susan Taylor, M.D., director of the Skin of Color Center in New York City. Two body lotions to turn to when you need some serious moisture: Curel Ultra Healing Daily Moisture Therapy Lotion and Jergens Ultra Healing Intense Moisture Therapy. But banishing ash and the discomfort associated with it requires more than just slathering on creams, oils or lotions, our specialists say. Instead they suggest starting your shower routine with a body-exfoliation treatment once or twice a week. Sloughing off dead-skin cells allows moisturizing creams and lotions to penetrate the skin more deeply, resulting in better hydration and less ash. We like L'Oreal Exfotonic New Skin Revealing Exfoliator.

In addition, all our doctors agree that adding moisture to your environment, with a humidifier or even by placing household plants around, is an effective skin saver.

### WHEN IT'S MORE THAN DRY SKIN

Severe dry skin, accompanied by scaling, flaking and itching that no amount of moisturizing seems to relieve, could be a sign of a more serious problem. "You could have seborrheic dermatitis, psoriasis or eczema," Downie says. These conditions (often inherited) can be triggered by stress and are often worse in winter. (Eczema has also been linked to allergies and asthma.)

Don't try to remedy these problems yourself. "Visit a board-certified dermatologist if itching and flaking persist," Downie says. While these conditions cannot be cured, a doctor can prescribe a cortisone-based cream or lotion that will heal lesions or sores and soothe itching.

do's and don't's

DO:

☐ "Make sure to use superfatted soaps and cleaners (which include a high degree of moisturizing agents) to clean and impart moisture," Taylor says.

☐ Pat skin dry after bathing, and apply lotion, oil or cream while your body is still damp to lock in moisture.

☐ Mix a bit of massage oil into your favorite moisturizer to seal hydration.

DON'T:

☐ Scratch your skin raw. For persistent itching, use a 1-percent hydrocortisone cream, like Cortaid Intensive Therapy Moisturizing Cream, under or over an unscented lotion twice daily for no more than seven consecutive days.

☐ Lick your lips. It dries them out more. Keep them moist with a creamy protectant worn under lipstick.

☐ Take long, hot showers or baths. "The hotter the water, the more your skin will dry out," says Sundaram.

Ash Busters

Select products that contain the following ingredients to keep your skin smooth and flake-free:

* Glycerin, vitamin E and panthenol—humectants that draw and hold moisture to skin.

* Lactic, fruit and glycolic acids that exfoliate dead skin and promote cell renewal.

COPYRIGHT 2004 Essence Communications, Inc.
COPYRIGHT 2004 Gale Group

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July, 2006, the attached **REDACTED PUBLIC VERSION OF LP MATTHEWS' CORRECTED ANSWERING BRIEF IN OPPOSITION TO KBC'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY BASED UPON LACK OF WRITTEN DESCRIPTION** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801 | HAND DELIVERY |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | VIA FEDERAL EXPRESS |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE 19801 | HAND DELIVERY |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017 | VIA FEDERAL EXPRESS |

/s/ Tiffany Geyer Lydon
_____
Tiffany Geyer Lydon