IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1507 (SLR) |
| | ) |
| BATH & BODY WORKS, INC.; LIMITED | ) |
| BRANDS, INC.; KAO BRANDS CO. | ) |
| (f/k/a THE ANDREW JERGENS | ) **PUBLIC VERSION** |
| COMPANY); and KAO CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**KBC'S REPLY IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT OF INVALIDITY BASED
UPON A SUBSEQUENT BOARD DECISION**

OF COUNSEL:

Arthur I. Neustadt
Stephen G. Baxter
Richard L. Chinn
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
Tel: (703) 413-3000
Fax: (703) 413-2220

Dated: July 24, 2006
Public Version Dated: July 27, 2006

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Kao Brands Co.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

FACTUAL BACKGROUND ................................................................................................. 3

ARGUMENT ........................................................................................................................... 4

    Contrary to LPM's Assertion, the Presumption of Validity Is Not Irrebuttable ............... 4

    Contrary to LPM's Assertion, the Board Described the Motivation for
    the Combination .................................................................................................................. 4

    Contrary to LPM's Assertion, the Board's Decision Is Clearly Applicable to the
    Asserted Claims of the '062 Patent .................................................................................... 6

    Contrary to LPM's Assertion, the Board's Decision Is Admissible ................................. 7

    Contrary to LPM's Assertion, the Board's Decision Does Constitute Clear and
    Convincing Evidence ......................................................................................................... 8

    Contrary to LPM's Assertion, the Board's Decision Was A Final Decision ................... 8

    Contrary to LPM's Assertion, A Comparison of Claim 25 of the CIP
    Application and Claims 6 and 9 of the '062 Patent Shows That the
    Board's Rejection of Claim 25 Is Equally Applicable to Claims 6 and 9 ........................ 9

    Contrary to LPM's Assertion, the '062 Examiner Did Not Accept LPM's
    "Orange Oil - D-Limonene" Argument ............................................................................ 10

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

*Cases*
*Medichem S.A. v. Rolabo, S.L.*,
   437 F.3d 1157 (Fed. Cir. 2006) ............................................................................. 5


*Statutes*
35 U.S.C. §112 ............................................................................................................. 1

KBC replies as follows to LPM's opposition to KBC's motion. The due date for LPM's opposition was Friday, July 14. However, LPM did not file its opposition until Saturday, July 15. Accordingly, KBC's reply is being timely filed today.

## FACTUAL BACKGROUND

Asserted claims 6 and 9 of the '062 patent recite a skin cleaning composition comprising *orange oil*, a *moisturizer*, *oatmeal* and an appropriate *pH*. The '062 inventors also filed a continuation-in-part (CIP) application directed to the use of this composition to treat skin conditions such as sunburn and acne. The CIP examiner rejected the CIP application under 35 U.S.C. §112 but did not reject it over prior art. The '062 inventors appealed the §112 rejection to the Board of Appeals. The Board recognized that a skin cleaning composition comprising *orange oil*, a *moisturizer*, *oatmeal* and an appropriate *pH* was in the prior art and rejected claims on this basis. The '062 inventors then permitted the CIP application to go abandoned.

The Board's decision is, of course, highly pertinent to the issue of the patentability of the subject matter of claims 6 and 9. The Board was alarmed that the CIP examiner could consider such a composition not to be shown by the prior art and entered its own rejection based upon prior art it had little difficulty in locating.

LPM, in its opposition, disparages everything about the Board's decision but there is no way of avoiding the incontrovertible fact that a skin cleaning composition comprising *orange oil*, a *moisturizer* and *oatmeal* was known in the prior art.

## ARGUMENT

### Contrary to LPM's Assertion, the Presumption of Validity Is Not Irrebuttable

LPM's primary argument is that claims 6 and 9 must recite patentable subject matter because the '062 examiner allowed these claims. However, the presumption of validity is not irrebuttable. Here, the Board was alarmed that the CIP examiner could consider such a composition not to be shown by the prior art and entered its own rejection based upon clear, plain and easy to find prior art. It is no answer whatsoever to the Board's well supported prior art rejection to say it must be wrong since the '062 examiner allowed claims 6 and 9.

### Contrary to LPM's Assertion, the Board Described the Motivation for the Combination

Even a cursory examination of the Board's decision reveals the abundant motivation to combine references.

As held by the Board, the prior art Coleman publication describes the use of d-limonene obtained from citrus oils, such as *orange oil*, as a hand cleaner in combination with a *moisturizer*.

> *Coleman describes the use of d-limonene obtained from citrus oils, such as orange oil, as a hand cleaner.* As seen from the formulation set forth on page 24 of Coleman, *emollients or moisturizers* such as stearic acid, oleic acid, and lanolin *are conventionally used in combination with d-limonene.* As seen in the paragraph which bridges pages 24-25 of the reference, *citrus oil-containing compositions were preferred because they cause less skin irritation and had a pleasant odor*

Board decision at 9, emphasis added. Thus, as held by the Board, it would have been obvious to use orange oil in a hand cleaner because it causes less skin irritation and has a pleasant odor.

4

Similarly, the Board also held that the prior art Dellutri patent also describes cleaning agents that can be used as a hand cleaner which include d-limonene obtained from orange oil in combination with the moisturizer aloe vera extract.

> *Dellutri also describes cleaning agents that can be used as a hand cleaner which include d-limonene obtained from orange oil. .... Also note that aloe vera extract may be used as an optional ingredient.* See column 3, lines 23-38 of the reference. As set forth in this portion of the reference, *the aloe vera extract serves to protect the user's hands and reduces the risk of irritation.*

*Id.*, emphasis added. Thus, as held by the Board, it would have been obvious to include aloe vera extract (a moisturizer) in a hand cleaner since it serves to protect the user's hands and reduces the risk of irritation.

As to the use of oatmeal in the claimed composition, the Board held that "colloidal oatmeal has long been used to treat skin in general" and "is a well-known additive in skin care compositions to provide relief from itching and irritation." *Id.* at 10. Thus, the Board concluded that it would have been obvious to combine *orange oil*, a *moisturizer* (aloe vera extract) and (colloidal) *oatmeal*.

> On the basis of combined disclosures of these three references, *we hold that one of ordinary skill in the art would have found it obvious* to treat human skin with a composition which comprises *orange oil, aloe vera extract,* and *colloidal oatmeal*. As seen from Dellutri, the hypothetical person of ordinary skill in the art would have understood that such compositions should have a high volume percentage of *orange oil. That hypothetical person would have fully understood and expected at the time of the present invention that treating human skin with a composition which comprises orange oil, aloe vera extract, and colloidal oatmeal would be soothing and help alleviate itching and irritation.* Specifically, the hypothetical person would have found it obvious to use such a composition to treat damaged skin as claimed including skin which has been burned, acne, rashes, and poison ivy.

*Id.* at 10-11, emphasis added. Thus, as held by the Board, it would have been obvious to include oatmeal since it soothes and helps alleviate itching and irritation.

Thus, contrary to LPM's assertion, the Board did set forth its motivation for combining *orange oil*, a *moisturizer* and *oatmeal* and, also, described why this combination would have been obvious to one of ordinary skill in the art.

### Contrary to LPM's Assertion, the Board's Decision Is Clearly Applicable to the Asserted Claims of the '062 Patent

LPM's assertion (D.I. 300 at 8) that the Board's decision is not applicable to claims 6 and 9 of the '062 patent is baseless. The Board's decision plainly holds that the prior art discloses the obviousness of a skin cleaning composition comprising *orange oil*, *moisturizer*, *oatmeal* and an appropriate *pH*.

LPM notes (at 8) that the Board employed for its rejection two of the references cited by the '062 examiner. However, this fact does not help LPM, it hurts it. The Board pointed out that these references clearly show the obviousness of this combination. The '062 examiner did nothing to refute the obviousness of this combination other than to allow claims 6 and 9 without any good reason therefor. LPM provides no reason in its opposition to KBC's motion other than the unsupported conclusion that the Board did not cite its motivation for this combination. However, as noted above, the Board clearly set forth this motivation. Further, this motivation is simplicity itself. Thus, as stated by the Board, it would have been obvious to include a moisturizer in a hand cleaner since it serves to protect the user's hands and reduces the risk of irritation and it would have been obvious to include oatmeal since it soothes and helps alleviate itching and irritation which, of course, is a desirable characteristic for a hand cleaner. Board decision at 9-11.

6

LPM further asserts (at 8) that "the Board specified that the CIP deficiency arose because the subsequent examiner searched only one subclass for prior art" and "the original examiner searched *three* subclasses for prior art ... ." Emphasis by LPM. However, even though the '062 examiner searched three subclasses and found two of the prior art references which the Board used for its rejection, the incontrovertible error by the '062 examiner was that he did not recognize that this prior art disclosed the obviousness of a skin cleaning composition comprising *orange oil*, a *moisturizer* and *oatmeal* at a particular *pH*. Performing a more complete search and uncovering appropriate prior art is of no moment if the clear and plain disclosure of the prior art is not appreciated. Although the CIP examiner and the '062 examiner made different searches, they both made the fundamental error particularly noted by the Board in its decision – they both failed to appreciate that the prior art plainly discloses the obviousness of a skin cleaning composition comprising *orange oil*, a *moisturizer* and *oatmeal* with appropriate *pH*.

### Contrary to LPM's Assertion, the Board's Decision Is Admissible

LPM asserts that the Board decision is inadmissible as not relevant. However, the Board, in a CIP application to the '062 patent, plainly held that a skin cleaning composition comprising *orange oil*, a *moisturizer* and *oatmeal* (and an appropriate *pH*) is not patentable over the prior art. This is the epitome of relevance. A most effective way to rebut the presumption of validity for the '062 patent is to refer to a decision by the Board in a continuing application for the same composition in which the Board specifically held that the prior art disclosed this composition. As held by the Federal Circuit in *Medichem S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1163 (Fed. Cir. 2006), although a Board decision is not controlling, "Board decisions nevertheless represent the views of

7

a panel of specialists in the area of patent law." Further, this official panel of specialists is impartial and not affiliated with any party to this suit.

### Contrary to LPM's Assertion, the Board's Decision Does Constitute Clear and Convincing Evidence

This is not a case in which the Board merely affirmed a rejection by the examiner that a skin cleaning composition comprising *orange oil*, a *moisturizer* and *oatmeal* was not patentable. Rather, the Board took the unusual step of entering its own rejection since the CIP examiner had failed to reject this clearly unpatentable subject matter. The Board would not have done so had it not been convinced that it was appropriate to do so. Also, contrary to LPM's assertion, whether evidence is clear and convincing depends upon the strength of the evidence and not upon whether the Board was technically applying a clear and convincing standard. Here, as is apparent from the Board's decision, it had no doubt whatsoever that the prior art disclosed this subject matter. The Board's evidence is extremely strong and, at a minimum, constitutes clear and convincing evidence.

### Contrary to LPM's Assertion, the Board's Decision Was A Final Decision

LPM's assertion that the Board's decision was not a final decision is a red herring. The Board's decision is an unrefuted holding that the *orange oil*, *moisturizer* and *oatmeal* combination did not constitute patentable subject matter. The '062 inventors could have attempted to persuade the Board to change its mind but, instead, they abandoned their CIP application. Thus, the Board's decision is unrefuted whether it is characterized as a final decision or otherwise. Further, contrary to LPM's assertion, the Board's suggestion as to a possible further search does not mean that the Board had any doubt as to the correctness of its decision. Rather, since claims may be amended and

further limited after a rejection by the Board to try to obtain patentable subject matter, the Board was cautioning the examiner to make an adequate search before allowing any such amended claims.

### Contrary to LPM's Assertion, A Comparison of Claim 25 of the CIP Application and Claims 6 and 9 of the '062 Patent Shows That the Board's Rejection of Claim 25 Is Equally Applicable to Claims 6 and 9

LPM, in its opposition (at 9), compares claim 6 and 9 with rejected claim 25 of the CIP application. As is apparent, claims 6, 9 and 25 recite a skin cleaning composition comprising *orange oil*, a *moisturizer* and *oatmeal*. The fact that the *orange oil*, *moisturizer* and *oatmeal* are recited more restrictively in claim 25 does not benefit LPM. If the prior art were sufficient to reject the more restrictively defined claim, it would certainly be sufficient to reject the less restrictively defined claims. Thus, LPM's assertion of "difference" is meaningless since it was rejected claim 25 of the CIP application, not claims 6 and 9, that is the more restrictively defined claim.

As to the recited pH range in '062 claim 6, the Board specifically rejected claims 5 and 6 of the CIP application which recited this pH range on the basis that "skin care compositions should be adjusted to have a pH approximate to that of normal skin." Board decision at 11 ("In regard to the requirements of claims 5 and 6 that the resulting composition have a pH range of between 4.5 to 6.0 ... , we point to the disclosure in [prior art] PDR 1969 that skin care compositions should be adjusted to have a pH approximate to that of normal skin.").

### Contrary to LPM's Assertion, the '062 Examiner Did Not Accept LPM's "Orange Oil - D-Limonene" Argument

LPM argues (at 3) that the '062 examiner accepted its argument that there was a distinction between orange oil and its primary constituent d-limonene. However, the '062 examiner refused to accept this argument. Exhibit 3 to LPM's opposition at LPM 191-92. In any event, the Board rejected an orange oil claim and the '062 inventors did not argue any orange oil - d-limonene distinction. Board decision at 9.

### CONCLUSION

For the foregoing reasons, KBC's motion should be granted.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt
Stephen G. Baxter
Richard L. Chinn
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
Tel: (703) 413-3000
Fax: (703) 413-2220

Dated:  July 24, 2006
Public Version Dated:  July 27, 2006

743067

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Kao Brands Co.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

      I, David E. Moore, hereby certify that on July 27, 2006, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE 19801

Francis G.X. Pileggi
Fox Rothschild LLP
919 Market Street
Suite 1300
Wilmington, DE 19801

      I hereby certify that on July 27, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
rjschutz@rkmc.com

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, NW
Washington, DC 20006
raauchter@rkmc.com
jrburatti@rkmc.com

John F. Ward
Ward & Olivo
382 Springfield Avenue
Summit, NJ 07901
wardj@wardolivo.com

By:   */s/ David E. Moore*
      Richard L. Horwitz
      David E. Moore
      Potter Anderson & Corroon LLP
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE 19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

673089