IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C. | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1507-SLR |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED BRANDS, INC.; KAO BRANDS CO. (f/k/a THE ANDREW JERGENS COMPANY); and KAO CORPORATION | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**LP MATTHEWS' ANSWERING BRIEF TO THE LIMITED DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 112**

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(800) 553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
(202) 775-0725

Dated: July 27, 2006
171466.1

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for LP Matthews, L.L.C.*

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS..................................................................1

SUMMARY OF THE ARGUMENT................................................................................1

STATEMENT OF FACTS.................................................................................................2

      A.     The '062 Patent-in-Suit......................................................................................2

      B.     Orange Oil Volumes Less Than 5% are Described in the '062 Patent
            Specification...................................................................................................2

ARGUMENT......................................................................................................................3

     The '062 Patent Specification Describes Orange Oil, Not 5% or More
     Orange Oil.........................................................................................................3

CONCLUSION...................................................................................................................7

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................3

*Chiron Corp. v. Genentech, Inc.*,
    363 F.3d 1247 (Fed. Cir. 2004)................................................................4, 5

*Cordis Corp. v. Medtronic AVE, Inc.*,
    339 F.3d 1352 (Fed. Cir. 2003)..................................................................3

*Enzo Biochem, Inc. v. Calgene, Inc.*,
    188 F.3d 1362 (Fed. Cir. 1999)..................................................................5

*In re Wands*,
    858 F.2d 731 (Fed. Cir. 1988)....................................................................5

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*,
    449 F.3d 1209 (Fed. Cir. 2006)...............................................................5, 6

*Moba, B.V. v. Diamond Automation, Inc.*,
    325 F.3d 1306 (Fed. Cir. 2003)..................................................................6

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
    360 F.3d 1295 (Fed. Cir. 2004)..................................................................4

## NATURE AND STAGE OF PROCEEDINGS

On December 8, 2004, plaintiff LP Matthews, L.L.C. filed a complaint for patent infringement against defendants Kao Brands Company (formerly known as The Andrew Jergens Company), Kao Corporation, Limited Brands, Inc., and Bath & Body Works, Inc.[1] (D.I. 1.) LP Matthews amended the Complaint on February 2, 2005. (D.I. 5, 8.) The parties filed opening claim construction briefs on June 29, 2006. (D.I. 244, 254, 255.) The deadline for filing opening summary judgment motions was extended from June 29 until July 6, 2006. (D.I. 243.) On July 6, 2006, the Limited defendants filed a Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 112. (D.I. 272.) This Memorandum opposes that motion.

## SUMMARY OF THE ARGUMENT

LP Matthews' U.S. Patent No. 5,063,062 claims compositions that contain orange oil and other components. (Ltd Ex. A at 9:3-10:25.[2]) Neither claim 6 nor claim 9 of the '062 patent requires a minimum percentage of orange oil, provided that the orange oil has a cleaning effect. (*Id.* at 10:1-6, 13-17.) The original claims, which are part of the specification, do not require a minimum percentage of orange oil. The specification discusses test compositions with many volumes of orange oil, illustrating the breadth of this element in the claims. One of those test compositions contained 5% orange oil – but still cleaned cosmetics, which are designated a "hard to clean" substance specifically contemplated by the patent. Furthermore, the '062 patent specification provides guidance and working examples, such that a person skilled in the art could produce a cleaning composition with less than 5% orange oil. Accordingly, the Court should deny the Limited

---

[1] Limited Brands, Inc. and Bath & Body Works, Inc. are collectively "the Limited defendants."

[2] In this Memorandum, "Ltd Br." refers to the Opening Brief in Support of BBW's and Limited Brands' Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 112. (D.I. 273.) "Ltd Ex." refers to exhibits to the Hill Declaration, filed in support of Ltd Br. "LPM Ex." refers to exhibits attached to this Memorandum.

defendants' motion because the '062 patent specification fully describes a cleaning composition for use on human skin that contains orange oil with no minimum percentage.

## STATEMENT OF FACTS

### A.  The '062 Patent-in-Suit

The United States Patent and Trademark Office issued the '062 patent to Douglas Greenspan and Philip Low on November 5, 1991. (Ltd Ex. A at cover page.) It describes and claims compositions for cleaning human skin that contain orange oil, an oat ingredient, and a moisturizer. (*Id.* at 9:3-10:25.) LP Matthews asserts that the Limited defendants infringe claims 6 and 9 of the '062 patent.

### B.  Orange Oil Volumes Less Than 5% are Described in the '062 Patent Specification

Claims 6 and 9 of the '062 patent read on products that contain less than 5% orange oil. (See D.I. 254, LP Matthews Opening Claim Construction Brief.) The patent specification provides that orange oil can be used to clean human skin. (*Id.* at 1:53-54.) Messrs. Greenspan and Low observed that in its "broadest form," their novel "composition includes orange oil" with no mention of a minimum percentage restriction. (*Id.* at 2:68.) Further, "the more specific composition according to the preferred embodiment ... comprises *forty-five percent (45%) or less* by volume of orange oil." (*Id.* at 2:45-48.) Thus, even more specific compositions identified in the written description do not include a minimum percentage restriction on the orange oil component.

Asserted claim 9 calls for "forty-five percent (45%) or less by volume of orange oil" and claim 6 simply for "orange oil" – this claim language was in the original application. (*Id.* at 10:13-18, 10:1-6.) In contrast to claims 6 and 9, the applicants drafted claim 1 to recite a minimum percentage: "between five percent (5%) and sixty percent (60%) orange oil ...."

(*Id.* at 9:4-10.[3])

## ARGUMENT

### The '062 Patent Specification Describes Orange Oil, Not 5% Or More Orange Oil

The Limited defendants must prove that no genuine issue of material fact exists and that claims 6 and 9 of the '062 patent are invalid as matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Defendants' proof must satisfy the clear and convincing evidence standard required to invalidate an issued patent. *Cordis Corp. v. Medtronic AVE, Inc.*, 339 F.3d 1352, 1364 (Fed. Cir. 2003). The Limited defendants both mischaracterize the '062 patent itself, and misunderstand the legal requirements of section 112 of the Patent Code, in attempting to meet their high burden. The plain language of the patent and an accurate reading of the law leave no doubt that the Limited defendants come nowhere near satisfying the threshold for summary judgment.

The Limited defendants wrongly contend that claims 6 and 9 are invalid for lack of an adequate written description, based on their false premise that the specification provides that the orange oil must be at least 5% by volume. Contrary to these defendants' assertions, nowhere does the '062 patent state that "the cleaning composition must contain at least 5% orange oil." (Ltd Br. at 4.) Of course, claims 6 and 9 do not specify a minimum percent – no one disputes that. Nor did the originally-filed claims, which remain part of the specification. Likewise, the excerpt cited by the Limited defendants concerning a 5% embodiment *supports* the conclusion that the specification describes an invention with less than 5% orange oil. Meanwhile, the example referring to 5% was described as one formulation that effectively cleans difficult-to-remove substances specifically contemplated by the invention.

---

[3] LP Matthews does not assert that the Limited defendants infringe claim 1.

This excerpt, in full, reads:

> <u>From these tests</u>, Applicants concluded that, with respect to cosmetics, a composition according to the present invention could have as little as 5% by volume of orange oil although it was preferable to have a cleaning composition having at least 25% by volume orange oil.

(Ltd Ex. A at 6:56-61 (cited at Ltd Br. at 3-4).)

That testing demonstrated in operation an *embodiment* of the invention with 5% orange oil that removed cosmetics from the skin. (*Id.* at 6:44-45.) Cosmetics are among the "examples of substances that are difficult to remove" that led to the conception of this invention. (*Id.* at 1:26.) Accordingly, this excerpt suggests that a composition with less than 5% orange oil would clean, as well.

**REDACTED**           Mr. Greenspan in fact testified that cosmetics were among the substances that a commercial embodiment of the inventions of the '062 patent were intended to clean. Hence, no reason arises to import a minimum percentage into claims 6 and 9 of the '062 patent, especially where no minimum percentage is stated. *Accord Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1301 (Fed. Cir. 2004) (rejecting a similar argument by The Andrew Jergens Co. (now KBC) for importing an unstated minimum percentage limitation from the specification into the claims).

With respect to the Limited defendants' enablement argument, also made under 35 U.S.C. § 112, claims 6 and 9 do not require undue experimentation merely because the specification does not explicitly include test samples of compositions with less than 5% orange oil. Defendants self-servingly ask the wrong question here. The correct question is whether these sophisticated cosmetics companies can practice – after reading the '062 patent, and taking into account the knowledge of one of ordinary skill in the art – a formulation with 4% or 3% or 1% orange oil, as well as one with 5%. *See Chiron Corp. v. Genentech, Inc.*,

363 F.3d 1247, 1253 (Fed. Cir. 2004) (specification need not describe how to make every possible variant of claimed invention because artisan's knowledge and routine experimentation can often fill gaps and extrapolate beyond disclosed embodiments). Amazingly, the Limited defendants would have the Court believe that they can make a composition with anywhere from 60% to 5% orange oil, but somehow they suddenly become incompetent at that point and cannot reduce the orange oil to 4%.

Enablement is not precluded by the need for *some* experimentation, as long as the experimentation is not "undue." *In re Wands*, 858 F.2d 731, 736-37 (Fed. Cir. 1988). This is *not* an instance where the invention disclosed is complicated or complex, such that one of ordinary skill in the art cannot figure out how to practice the invention. *See, e.g., Chiron*, 363 F.3d at 1255-56 (claims of patent for monoclonal antibodies were not enabled where method required significant expertise and experimentation that was still emerging at time of the application); *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1370-75 (Fed. Cir. 1999) (patent for genetic antisense technology was not enabled because quantity of experimentation required to practice invention was quite high and the technology was unpredictable). The '062 patent specification "provides considerable direction and guidance on how to practice the invention and presents working examples." *In re Wands*, 858 F.2d at 740. And although samples with less than 5% orange oil were not reported, both defendants, and one skilled in the art generally, could easily extrapolate from the reported tests with 5% orange oil that effectively removed cosmetics from the skin. It thus defies credibility for defendants to contend that it is excessively or unduly difficult to practice a cleaning composition with an orange oil component of less than 5%. *Id.* (no undue experimentation where amount of effort needed to practice invention was not excessive); *Liquid Dynamics*

*Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 (Fed. Cir. 2006) (although patent did not discuss specific combination of elements to create helical flow, person of ordinary skill in the art could produce it without undue experimentation).

Furthermore, the Limited defendants offer no testimony, no evidence, no test results – absolutely nothing – to support their assertion that "undue experimentation is required for using orange oil at levels below five percent (5%)." (Ltd Br. at 9.) Conclusory allegations are insufficient to establish undue experimentation. *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1321 (Fed. Cir. 2003) (substantial evidence supported jury verdict that patent was not invalid for lack of enablement where alleged infringer presented no record evidence recounting the amount of experimentation one of skill in the art would require to develop the conveyor lifting system in view of patent disclosure).

The '062 patent specification thus clearly contemplates, describes, enables, and even tests orange oil volumes both lower and higher than five percent. Because the '062 patent discloses many volumes of orange oil, it is not invalid under section 112. The Limited defendants' motion must therefore be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny the Limited defendants' motion for summary judgment of invalidity under 35 U.S.C. § 112.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(800) 553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
(202) 775-0725

Dated:   July 20, 2006
171466.1

# EXHIBIT A

# REDACTED

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2006, the attached **REDACTED PUBLIC VERSION OF LP MATTHEWS' ANSWERING BRIEF TO THE LIMITED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 112** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | **VIA FEDERAL EXPRESS** |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017 | **VIA FEDERAL EXPRESS** |

*/s/ John G. Day*
_____
John G. Day