IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 04-1507-SLR |
| | ) |
| BATH & BODY WORKS, INC.; LIMITED | ) |
| BRANDS, INC.; KAO BRANDS CO. | ) |
| (f/k/a THE ANDREW JERGENS | ) |
| COMPANY); and KAO CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**LP MATTHEWS' REPLY BRIEF SUPPORTING
ITS CROSS-MOTION FOR SUMMARY JUDGMENT
OF INFRINGEMENT AGAINST THE KAO DEFENDANTS**

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated: July 27, 2006

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff LP Matthews, L.L.C.*

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS..................................................................1

ARGUMENT..................................................................................................................2

    A.    Defendants' Accused Products Contain an Infringing
          Amount of Orange Oil..........................................................................2

    B.    The Accused Lotions Are Skin Cleaning Compositions.............................4

CONCLUSION................................................................................................................6

# TABLE OF AUTHORITIES

*Catalina Mktg. Int'l, Inc. v. Coolsavings.com Inc.*,
    289 F.3d 801 (Fed. Cir. 2002)..................................................................................4

*Inpro II Licensing, S.A.R.L. v. T-Mobile USA, Inc.*,
    450 F.3d 1350 (Fed. Cir. 2006)................................................................................3

*Interactive Gift Express, Inc. v. CompuServe, Inc.*,
    256 F.3d 1323 (Fed. Cir. 2001)................................................................................2

*K-2 Corp. v. Salomon S.A.*,
    191 F.3d 1356 (Fed. Cir. 1999)................................................................................2

*Leibel-Flarsheim Co. v. Medrad, Inc.*,
    358 F.3d 898 (Fed. Cir. 2004)..................................................................................2

*SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*,
    242 F.3d 1337 (Fed. Cir. 2001)................................................................................3

*Teleflex, Inc. v. Ficosa N. Am. Corp.*,
    299 F.3d 1313 (Fed. Cir. 2002)................................................................................3

*Varco, L.P. v. Pason Sys. USA Corp.*,
    436 F.3d 1368 (Fed. Cir. 2006)................................................................................4

## NATURE AND STAGE OF PROCEEDINGS

On December 8, 2004, plaintiff LP Matthews, L.L.C. filed a Complaint for patent infringement against defendants Kao Brands Company (formerly known as The Andrew Jergens Company) ("KBC"), Kao Corporation, Limited Brands, Inc., and Bath & Body Works, Inc.[1] (D.I. 1.) LP Matthews amended its Complaint on February 2, 2005. (D.I. 5, 8.)

On March 8, 2005, before Kao Corporation (or Limited Brands and Bath & Body Works) answered the Amended Complaint and before the Court entered its Scheduling Order (D.I. 39), KBC filed a Motion for Summary Judgment that its Ultra Healing product does not infringe the patent-in-suit, based solely on the claim element "orange oil" ("original motion"). (D.I. 12.) In its supporting memorandum, KBC admitted that its accused Ultra Healing product contains orange oil as required by the literal language of the claims of the patent-in-suit. LP Matthews opposed KBC's motion and, even though KBC admitted its Ultra Healing product literally meets the orange oil claim element, waited for the dispositive motion date to file a cross-motion for summary judgment of infringement.

On July 6, 2006, LP Matthews filed an Opening Brief in Support of its Cross-Motion for Summary Judgment of Infringement Against the Kao Defendants and Updated Answering Brief in Opposition to KBC's March 8, 2005 Motion for Summary Judgment of Non-Infringement (D.I. 263). That Memorandum *updates and replaces* LP Matthews' opposition (D.I. 19) and supports LP Matthews' cross-motion for summary judgment that the Kao defendants infringe the '062 patent (D.I. 262). LP Matthews' motion includes three other infringing products that the Kao defendants did not disclose until after their original motion. Two of those products,

---

[1] KBC and Kao Corporation are collectively "the Kao defendants."

Extreme Care Facial Wash and Extreme Care Body Wash, are indisputably cleaning compositions. The third product, Extreme Care Lotion, has a cleaning effect.

On July 20, 2006, the Kao defendants opposed LP Matthews' motion. (D.I. 307.) This Memorandum is LP Matthews' reply in support of its cross-motion.

## ARGUMENT

### A. Defendants' Accused Products Contain an Infringing Amount of Orange Oil

The Kao defendants cannot deny the evidence from their own patent that orange oil has a cleaning effect in concentrations as low as 0.01%. They do not deny that the accused products treat dry skin and other unwanted substances on the skin so those substances are more easily removed. Nor can they deny that the accused Kao products include orange oil. And it is indisputable that the accused Kao products meet the oat, pH, and moisturizer elements of the asserted claims of the '062 patent.

Faced with these undisputed facts, the Kao defendants argue that this Court should add a numeric (5%) limitation that does not appear in either of the asserted claims (but does appear in an unasserted claim) from the description of the preferred embodiments in the patent specification. But it is the language of the claims that govern, *Interactive Gift Express, Inc. v. CompuServe, Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001), and neither claim 6 nor claim 9 contain Kao's 5% orange oil percentage limitation. The claims are clear and unambiguous and Kao has not demonstrated why this Court should add a 5% limitation to claims in which it does not appear. "[A] party wishing to alter the meaning of a clear claim term must overcome the presumption that the ordinary and accustomed meaning is the proper one, *demonstrating why such an alteration is required.*" *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1362-63 (Fed. Cir. 1999) (emphasis added); *see also Leibel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 906 (Fed.

2

Cir. 2004) ("[T]he claims of the patent will not be read restrictively unless the patentee has demonstrated a clear intention to limit the claim scope..."). This presumption is not overcome by pointing to testing of the low percentage embodiment in the specification. *See Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1327 (Fed. Cir. 2002) (accused infringer cannot overcome heavy presumption of ordinary meaning "simply by pointing to the preferred embodiment or other structures or steps disclosed in the specification").

Defendants' reliance on *Inpro* continues to be misplaced. In *Inpro*, the Federal Circuit said: "The district court correctly observed that the only host interface described in the specification is a direct parallel bus interface...." *Inpro II Licensing, S.A.R.L. v. T-Mobile USA, Inc.*, 450 F.3d 1350, 1354 (Fed. Cir. 2006). That simply is not the case here, as the '062 patent described in the specification numerous compositions with various percentages of orange oil (and other ingredients) and specified that orange oil cleans cosmetics and other difficult to clean types of dirt at a volume of 5%. A person of ordinary skill in the art would recognize that an ingredient that cleans substances difficult to remove at 5% will remove other substances that are not as difficult to clean at lower percentages. *Inpro* does not apply.

Nor does *Scimed*. In *SciMed*, the patents' specifications noted in several places that the invention only disclosed coaxial lumen configurations, not the accused infringer's dual lumen configurations. *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337 (Fed. Cir. 2001). Indeed, the specifications described the coaxial structure as being "the basic sleeve structure for *all embodiments of the present invention contemplated and disclosed herein...*" *Id.* at 1343 (emphasis in original). This language unequivocally excluded the dual lumen configuration. *Id.* The '062 patent specification, on the other hand, does not contain the

3

*SciMed* "all embodiment" language or anything similar that particularly disclaims orange oil levels below 5%.

Simply put, the '062 patent requires at least 0.01% orange oil. A person of ordinary skill in the art when the '062 patent was filed would have known that 0.01% is the percentage of orange oil required to have a cleaning effect. Because the Kao defendants freely admit that the accused products contain more than 0.01% orange oil, these products literally meet the orange oil element of claims 6 and 9.

### B. The Accused Lotions Are Skin Cleaning Compositions

The Kao defendants also present no genuine issue of disputed fact that the accused lotions clean. KBC's Rule 30(b)(6) designee admitted that the accused lotions treat unwanted substances on the skin to facilitate removal of the substances – or in other words, clean human skin. The Kao defendants do not argue anything different. Rather, they assert that, since the accused products do not remove "tar, caulking compounds, sealants, adhesives, and the like" described in the specification, they do not infringe. Their argument has no merit. While some aspects of the invention may be described in the specification, an applicant is not required to conceive of every use to which his invention may be put. *See Catalina Mktg. Int'l, Inc. v. Coolsavings.com Inc.*, 289 F.3d 801, 809 (Fed. Cir. 2002) (citing 35 U.S.C. § 271 (1994) and *Roberts v. Ryer*, 91 U.S. 150, 157 (1875)). More importantly, this amounts to nothing more than a statement of one use of the invention, one that is not a claim element and should not be imported into the claims from the specification. *Varco, L.P. v. Pason Sys. USA Corp.*, 436 F.3d 1368, 1373 (Fed. Cir. 2006) ("In examining the specification for proper context, however, this court will not at any time import limitations from the specification into the claims.").

4

In addition, the specification of the '062 patent describes lotion properties of the disclosed embodiments, noting that testers' "hands were left soft after a two week period of using the compounds. Indeed, after two weeks of use, certain male members of the test group who had dry hands resulting from the use of other solvents noted substantial improvement in the texture and softness of their hands." ('062 patent at 4:10-15.) Thus, contrary to the Kao defendants' assertions, the '062 patent specification would disclose to a person of ordinary skill in the art that the claimed compositions act as lotions which may result in the flaking off of dead skin.

That the accused Kao lotions may have other effects besides cleaning does not render them non-infringing. The Kao defendants do not dispute that treating dry skin and other unwanted substances on the skin is "cleaning" in accordance with that term's ordinary and customary meaning to a person of ordinary skill in the art. Nor do they dispute that the accused Kao products have these capabilities (and other cleaning effects). The accused Kao lotions have a cleaning effect as well as softening and improving the texture of the skin, just like the compositions disclosed and claimed in the '062 patent.

The Kao defendants do not contend that the accused lotion products do not clean – just that they don't clean hard-to-remove substances like tar – even though they do clean soap film. The accused lotions are cleaning compositions as that term is used in the asserted claims of the '062 patent and this Court should grant summary judgment of infringement.[2]

---

[2] The Kao defendants purport that LP Matthews has somehow waived asserting infringement under the doctrine of equivalents because it allegedly failed to state that basis in its interrogatory responses. But the Kao defendants never specifically asked LP Matthews to do so. In Interrogatory No. 3, defendants only asked LP Matthews to "Identify each claim of the '062 patent asserted to infringe and, as to each such claim, provide an element by element reading for each accused product." Nothing in LP Matthews' response limits its assertion to literal infringement. Moreover, LP Matthews raised the doctrine of equivalents in its March 22, 2005 opposition to KBC's first motion for summary judgment of non-infringement (see D.I. 19), and again throughout Dr. Rhodes' Updated Expert Report.

5

## CONCLUSION

For the foregoing reasons and the reasons stated in its opening brief, LP Matthews respectfully requests that this Court grant its cross-motion for summary judgment of infringement against the Kao defendants.

          ASHBY & GEDDES

          /s/ *John G. Day*

          Steven J. Balick (I.D. #2114)
          John G. Day (I.D. #2403)
          Tiffany Geyer Lydon (I.D. #3950)
          222 Delaware Avenue, 17th Floor
          P.O. Box 1150
          Wilmington, Delaware 19899
          302-654-1888
          sbalick@ashby-geddes.com
          jday@ashby-geddes.com
          tlydon@ashby-geddes.com

          *Attorneys for Plaintiff LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006

Dated: July 27, 2006

171688.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th of July, 2006, the attached **LP MATTHEWS' REPLY BRIEF SUPPORTING ITS CROSS-MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT AGAINST THE KAO DEFENDANTS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE  19801 | HAND DELIVERY |
| Arthur I. Neustadt, Esquire<br>Oblon, Spivak, McClelland, Maier & Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA  22314 | VIA FEDERAL EXPRESS |
| Francis G.X. Pileggi, Esquire<br>Fox Rothschild LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, DE  19801 | HAND DELIVERY |
| John Ward, Esquire<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY  10017 | VIA FEDERAL EXPRESS |

/s/ John G. Day
_____
John G. Day