**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LP MATTHEWS, L.L.C., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BATH & BODY WORKS, INC., )<br>   and )<br>LIMITED BRANDS, INC., )<br>   and )<br>KAO BRANDS CO. (f/k/a THE ANDREW )<br>JERGENS COMPANY), )<br>   and )<br>KAO CORPORATION, )<br>)<br>    Defendants. ) | C.A. No. 04-1507 (SLR)<br>JURY TRIAL DEMANDED |

**REPLY BRIEF IN SUPPORT OF THE LIMITED DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 102**

                                                                    FOX ROTHSCHILD LLP
                                                                    Francis G.X. Pileggi (Del. Bar No. 2624)
                                                                    Sheldon K. Rennie (Del. Bar No. 3772)
                                                                    919 North Market Street, Suite 1300
                                                                    Wilmington, Delaware  19801
                                                                    Phone: (302) 655-3667
                                                                    Fax: (302) 656-8920

                                                                    *Attorneys for Defendants Bath & Body
                                                                    Works, Inc. and Limited Brands, Inc*.

OF COUNSEL:

WARD & OLIVO
John F. Ward
David M. Hill
Michael J. Zinna
708 Third Avenue
New York, New York  10017
Phone: (212) 697-6262
Fax: (212) 972-5866

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

ARGUMENT........................................................................................................1

    A.  Compositions Containing Orange Oil, Oatmeal and a Moisturizer
        Have Long Been Known...................................................................................2

        1.  Under LPM's broad claim construction, the Soaps Manual
            anticipates at least Claim 9 of the '062 patent .....................................2

        2.  The Juliano patent inherently teaches the use of orange oil
            in a cleaning composition with oatmeal and moisturizers....................4

    B.  Public Policy Favors Exposing Invalid Patents.................................................6

CONCLUSION.........................................................................................................8

i

# TABLE OF AUTHORITIES

**Cases**

*Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83 (1993) ...................................................... 7

*Continental Can Co. v. Monsanto Co.*, 948 F.2d 1264 (Fed. Cir. 1991) ............................ 5

*In re Paulsen*, 30 F.3d 1475 (Fed. Cir. 1994) ................................................................. 4, 6

*Medtronic, Inc., v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563 (Fed. Cir. 1983). ............... 6

*Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373 (Fed. Cir. 2003) ......................... 1

*SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331 (Fed. Cir. 2005) .................... 7

*Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570 (Fed. Cir. 1995) ........................ 8

*Ultra-Precision Mfg. v. Ford Motor Co.*, 411 F.3d 1369 (Fed. Cir. 2005) ......................... 7

*Upsher-Smith Labs. v. Pamlab, L.L.C.*, 412 F.3d 1319 (Fed. Cir. 2005) ....................... 1, 3

*Verdegaal Bros., Inc. v. Union Oil Co.*, 814 F.2d 628 (Fed. Cir. 1987) ............................. 6

**Statutes**

35 U.S.C. § 102 ............................................................................................................ passim

**INTRODUCTION**

Limited Brands, Inc. and Bath & Body Works, Inc. (hereinafter collectively referred to as the "Limited Defendants") file this Reply Brief in support of their Motion for Summary Judgment of Invalidity under 35 U.S.C. § 102 (D.I. 266) and in response to LP Matthews, L.L.C.'s ("plaintiff" or "LPM") Answering Brief in Opposition to this motion (D.I. 306). If the Court agrees with LPM's proposed claim constructions, then at least the asserted claims of the '062 patent are invalid as being anticipated.

**ARGUMENT**

LPM's overly broad construction of the asserted claims in this case has them between a rock and a hard place. On the one hand, LPM argues for an overly broad interpretation of its patent to support its allegations of infringement by the Limited Defendants. (*See* D.I. 254). On the other hand, the same overly broad reading of its patent renders it invalid. It is axiomatic that "a product 'which would literally infringe if later in time anticipates if earlier.'" *Upsher-Smith Labs. v. Pamlab, L.L.C.*, 412 F.3d 1319, 1322 (Fed. Cir. 2005) (quoting *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1379 (Fed. Cir. 2003)). Here, cleaning compositions (i.e., soaps) containing orange oil, oatmeal, and a moisturizer have been known for almost a century.

In its Answering brief, LPM argues that the Limited Defendants' products contain an "oat" ingredient, moisturizer, and orange oil (in extremely small quantities),[1] and thus infringe Claims 6 and 9 of the '062 patent. At the same time, LPM argues that the prior art, which includes soaps (i.e., cleaning compositions) having oatmeal, one or more moisturizers, and orange oil as a fragrance or perfume, does not anticipate these same

---

[1] Some of the products in this suit do not contain any orange oil. (*See* D.I. 260).

1

claims. LPM cannot have it both ways – either the Limited Defendants' products do not infringe or the asserted claims are simply not valid. Because there are no genuine issues of material fact, summary judgment of patent invalidity is appropriate.

    A.    Compositions Containing Orange Oil, Oatmeal and a Moisturizer Have Long Been Known

Cleaning compositions containing oatmeal, a moisturizer, and orange oil as fragrance have long been known. Indeed, as early as 1907, use of orange oil as a fragrance in such cleaning compositions was well known. (D.I. 266, Ex. C, pp. 272, 300, 312 (George H. Hurst, *Soaps, A Practical Manual of the Manufacture of Domestic, Toilet and Other Soaps* (2D 1907) (the "Soaps Manual"))). The Limited Defendants' Accused Products merely follow a practice, in relevant part, that has been around for almost a century.

    1.    Under LPM's broad claim construction, the Soaps Manual anticipates at least Claim 9 of the '062 patent

Claim 9 of the '062 patent is directed to cleaning compositions comprising forty-five percent (45%) or less by volume orange oil, forty-five percent (45%) or less by volume oatmeal and a pharmaceutically acceptable moisturizer. (D.I. 266, Ex. A, Col. 10, lns. 13-17). LPM broadly asserts that Claim 9 only requires a cleaning composition having 45% or less processed oat kernel, 0.01% orange oil, and a moisturizer. (D.I. 254 at pp. 8-16). Despite LPM's assertions to the contrary, the Soaps Manual teaches all of the elements of Claim 9 as construed by LPM.

As previously stated (D.I. 266), the Soaps Manual teaches methods and formulae for making cleaning compositions for use on human skin comprising orange oil (D.I. 266, Ex. C, p. 164), oatmeal (D.I. 266, Ex. C, pp. 311-314), and a moisturizer (D.I. 266, Ex. C,

2

pp. 272-273). More specifically, the Soaps Manual discloses the manner of making oatmeal soap, which comprises, for example, the moisturizer cottonseed oil and a perfume (which may be orange oil). (D.I. 266, Ex. C, pp. 164, 272-273, 311-314). Importantly, the Soaps Manual expressly discloses that perfume can be added to Oatmeal Soap "*to any extent* and of any character the soap-maker desires." (Emphasis added). (D.I. 266, Ex. C, p. 314).

Oddly, LPM asserts that orange oil is not expressly disclosed in the Soaps Manual.[2] This is simply not true. Orange oil is specifically enumerated in the Soaps Manual as a well known perfume or fragrance (D.I. 266, Ex. C, p. 164), and the Soaps Manual specifically teaches incorporating this perfume into various cleaning compositions (i.e., soap), including the oatmeal soap. (D.I. 266, Ex. C, p. 314). The Soaps Manual plainly teaches the use of orange oil as a perfume in various cleaning compositions comprising, *inter alia*, oatmeal and moisturizers.

LPM's unsupported assertion that, because perfume is an optional ingredient, it is not necessarily included in a soap composition also fails. The use of an optional ingredient necessarily discloses two compositions: one which contains the ingredient and one which does not contain the ingredient. *See Upsher-Smith Labs.,* 412 F.3d at 1322. Thus, even if the Soaps Manual discloses the perfume as an optional ingredient, it is still taught.

Lastly, LPM inexplicably contends that the Soaps Manual does not disclose a pharmaceutically acceptable moisturizer. (D.I. 306 at 5). Again, this is just not true. The

---

[2] LPM also attempts to assert that orange oil is merely a "species" of the "genus" perfume and that the disclosure of a genus in the prior art is not a disclosure of each species in the genus. (D.I. 306 at 4). This statement is irrelevant here since the Soaps Manual expressly lists orange oil as a preferred perfume additive. (D.I. 266, Ex. C, p. 164).

3

Soaps Manual discloses the moisturizers coconut oil, cottonseed oil, linseed oil, tallow, and glycerine, to name a few. (D.I. 266, Ex. C., pp. 272, 300, 312). LPM conveniently forgets that it has acknowledged that, for example, coconut oil (found in both the Oatmeal Dry Soap disclosed in the Soaps Manual (D.I. 266, Ex. C, pp. 311-14) and the accused product Bath & Body Works Mango Mandarin Body Scrub (Smoother) (D.I. 269 at 16)) is a pharmaceutically acceptable moisturizer.

Accordingly, LPM's arguments must fail. The Soaps Manual plainly teaches a cleaning composition containing at least orange oil, oatmeal, and a moisturizer. Since a patent claim is invalid where it describes nothing new or novel over the prior art, *see* 35 U.S.C. § 102; *In re Paulsen*, 30 F.3d 1475, 1478-79 (Fed. Cir. 1994) and the Soaps Manual discloses each and every element of Claim 9 as broadly construed by LPM, at least Claim 9 is anticipated.

        2. The Juliano patent inherently teaches the use of orange oil in a <u>cleaning composition with oatmeal and moisturizers</u>

LPM asserts that Claims 6 and 9 require: (1) at least 0.01% orange oil; (2) a moisturizer; (3) 45 percent (45%) or less processed oat kernel (Claim 9) or a processed oat grain that acts as an emulsifier (Claim 6); and (4) a composition with a pH of 4.0 to 6.5 (Claim 6). (*See* D.I. 254). Such a broad interpretation of these claims reads directly on the disclosure of Juliano United States Patent No. 4,014,995 (the "Juliano patent").

As discussed in the Limited Defendants' Opening Brief (D.I. 266), the Juliano patent teaches methods and formulae for preparing cosmetic compositions, such as lotions and moisturizers, like the accused products. (D.I. 266, Ex. B, Col. 1, lns. 14-17). More specifically, the Juliano patent discloses the inclusion of oatmeal, moisturizers, and perfume (e.g., orange oil) in theses compositions. (*See,* e.g., D.I. 266, Ex. B, Examples 7,

4

10, 12, 13, 16, 32, and 51). According to the Juliano patent, the oatmeal provides emulsifying properties, and the overall compositions should be adjusted to a pH of approximately 5.5. (D.I. 266, Ex. B, Col. 5, lns. 5-13; *see,* e.g., Examples 7, 10, 12, 13, 16, 32, and 51). Again, LPM cannot have it both ways – the Accused Products are the same thing as the teachings of the Juliano patent. Either the asserted claims are invalid in view of Juliano, or the Accused Products cannot infringe.

In its Answering Brief, LPM admits that the Juliano patent discloses compositions comprising an oat grain derivative as an emulsifying agent, oatmeal, a moisturizer, and/or having a pH between 4.5 and 6.0, inclusively. (D.I. 306 at pp. 3-5). LPM also does not refute that Juliano discloses the use of perfume or fragrance with such compositions. (D.I. 266, Ex. B, Col. 5, lns. 5-13; *see* e.g., Examples 7, 10, 12, 13, 16, 32, and 51). Rather, LPM's lone argument is that the Juliano patent does not expressly teach the use of orange oil in the disclosed perfume or fragrance. However, orange oil has been used for decades in scenting perfumes. (*See supra*, p. 2). It is well settled that there is "modest flexibility in the rule that 'anticipation' requires that every element of the claims appear in a single reference [to accommodate] situations where the common knowledge of technologists is not recorded in the reference; that is where technological facts are known to those in the field of the invention, albeit not known to judges." *Continental Can Co. v. Monsanto Co.*, 948 F.2d 1264, 1269 (Fed. Cir. 1991). Here, orange oil has long been known to be a principal component of many perfumes or fragrances. (*See*, e.g., D.I. 266, Ex. C, p. 164). Juliano expressly discloses the use of perfumes. (*See*, e.g., D.I. 266, Examples 7, 10, 12, 13, 16, 32, and 51). As such, the Juliano patent inherently discloses the use of orange oil in its compositions. It is well settled that an inherent

5

disclosure can be utilized to invalidate a patent under 35 U.S.C. § 102. *Verdegaal Bros., Inc. v. Union Oil Co.*, 814 F.2d 628, 631 (Fed. Cir. 1987).

LPM's attempts to distinguish Juliano from its overly broad interpretation of Claims 6 and 9 of the '062 patent are futile. LPM suggests that the Juliano reference does not expressly disclose that the perfume (e.g., orange oil) – disclosed as anywhere from 0% to 66%[3] – acts as a cleaning agent in its respective composition. Tellingly, LPM also alleges that the perfume in the Limited Defendants' products, which uses only trace amounts of orange oil, if any, acts as a cleaning agent. (*See* D.I. 254). LPM cannot have it both ways. Either the Limited Defendants' products cannot infringe the asserted claims because, for one, the orange oil does not clean, or Juliano anticipates the asserted claims. *See Medtronic, Inc., v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983)

In short, under LPM's broad interpretation of the asserted claims, the Juliano patent anticipates. The Juliano patent plainly teaches all of the elements of the claimed cleaning composition, as construed by LPM. Because a patent claim is invalid where it describes nothing new or novel, *see* 35 U.S.C. § 102; *In re Paulsen*, 30 F.3d at 1478-79 and the Juliano patent discloses each and every element of Claims 6 and 9, these claims are invalid.

B.   Public Policy Favors Exposing Invalid Patents

LPM's "motion" to strike should be denied, if even entertained. LPM alleges that the Limited Defendants waived the right to assert a 35 U.S.C § 102 defense because it

---

[3] Perfume, water, and color are disclosed as "QS" in each example. The other ingredients disclosed are approximately 33% of the composition. (*See*, e.g., D.I. 266, Ex. B, Examples 7, 10, 12, 13, 16, 32, and 51). The term "QS" is well known to mean "quantity sufficient," shorthand for as much as is desired.

6

was not raised during discovery. (D.I. 306 at 6-7). This is not true. On numerous occasions, the Limited Defendants asserted that the '062 patent is invalid, including under 35 U.S.C. § 102. (*See*, e.g., D.I. 22, the Limited Defendants' Answer; and D.I. 306, Ex. A, p. 38, the Limited Defendants' Supp. Resp. to LPM's First Set of Interrog.). Indeed, even the Exhibit relied upon by LPM contains a 35 U.S.C. § 102 invalidity contention. (D.I. 306, Ex. A, p. 38). Moreover, failure to raise an affirmative defense by responsive pleading does not necessarily result in waiver. *See Ultra-Precision Mfg. v. Ford Motor Co.*, 411 F.3d 1369, 1376 (Fed. Cir. 2005). The purpose of Fed. R. Civ. P. 8(c) is merely to give the opposing party notice of the affirmative defense and a chance to respond. *See id.*

Further, public policy heavily favors exposing invalid patents. *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331 (Fed. Cir. 2005) ("Both this court and the Supreme Court have recognized that there is a significant public policy interest in removing invalid patents from the public arena") (citing *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 100-101 (1993)). The Limited Defendants therefore have continued to search for prior art even after the close of discovery and continue to do so today. The Limited Defendants only recently became aware of the Soaps Manual and produced it immediately.

Similarly, the Limited Defendants did not fully appreciate the relevance of the Juliano patent to the asserted claims until it received LPM's opening claim construction brief (only one week before summary judgment motions were due). (D.I. 255). LPM was certainly already well aware of the Juliano patent – it was cited during the prosecution of the '062 patent. In view of LPM's overly broad assertions regarding the

7

scope of its claims, the Limited Defendants recognized that under LPM's proposed claim constructions, the asserted claims are invalid in view of the Juliano patent. LPM cannot argue one way to obtain its patent and another way to allege infringement. *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1576 (Fed. Cir. 1995) ("Claims may not be construed one way in order to obtain their allowance and in a different way against accused infringers"). Should the Court agree with LPM's overly broad claim construction, the asserted claims should also be found invalid.

## **CONCLUSION**

For the foregoing reasons, the Limited Defendants respectfully request that this Court grant their Motion for Summary Judgment of Invalidity under 35 U.S.C. § 102.

Respectfully submitted,

FOX ROTHSCHILD LLP

Dated:  July 27, 2006

By:    /s/ Sheldon K. Rennie
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
FOX ROTHSCHILD LLP
Suite 1300
919 North Market Street
Wilmington, Delaware  19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York  10017

Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath & Body Works, Inc.
Limited Brands, Inc.

9