**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LP MATTHEWS, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1507 (SLR) |
| ) | JURY TRIAL DEMANDED |
| BATH & BODY WORKS, INC., ) | |
| and ) | |
| LIMITED BRANDS, INC., ) | |
| and ) | |
| KAO BRANDS CO. (f/k/a THE ANDREW ) | |
| JERGENS COMPANY), ) | |
| and ) | |
| KAO CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**REPLY BRIEF IN SUPPORT OF THE LIMITED DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 112**

FOX ROTHSCHILD LLP
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
919 North Market Street, Suite 1300
Wilmington, Delaware  19801
Phone: (302) 655-3667
Fax: (302) 656-8920

*Attorneys for Defendants Bath & Body
Works, Inc. and Limited Brands, Inc*.

OF COUNSEL:

WARD & OLIVO
John F. Ward
David M. Hill
Michael J. Zinna
708 Third Avenue
New York, New York  10017
Phone: (212) 697-6262
Fax: (212) 972-5866

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ARGUMENT.........................................................................................................................1

    A.    The Inventors Of The '062 Patent Concluded That Their Invention Was For A Cleaning Composition Having At Least 5% Orange Oil ..................3

    B.    LPM's Unsupported Hypotheses Are Not Sufficient To Render The Disclosure Enabling At Orange Oil Concentrations Less Than 5% ............5

CONCLUSION......................................................................................................................7

# **TABLE OF AUTHORITIES**

**Cases**

*Chiron Corp. v. Genentech, Inc.,* 363 F.3d 1247 (Fed. Cir. 2004) ................................................. 6

*Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362 (Fed. Cir. 1999) ........................................... 6

*In re Vaeck,* 947 F.2d 488 (Fed. Cir. 1991) ................................................................................... 1

*In re Wands*, 858 F.2d 731 (Fed. Cir. 1988) .................................................................................. 4

*Moba, B.V. et al. v. Diamond Automation, Inc.,* 325 F.3d 1306 (Fed. Cir. 2003) .......................... 4

*Monsanto Co. v. Syngenta Seeds, Inc.*, 2006 U.S. Dist. LEXIS 27512 (D. Del. May 10, 2006) ... 3

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559 (Fed. Cir. 1997) ............................ 3

*Q-Pharma, Inc. v. The Andrew Jergens Co.,* 360 F.3d 1295 (Fed. Cir. 2004) ............................... 3

*Rasmusson v. Smithkline Beecham Corp.*, 413 F.3d 1318 (Fed. Cir. 2005) ............................... 2, 6

*Reiffin v. Microsoft Corp.*, 214 F.3d 1342 (Fed. Cir. 2000) ........................................................... 3

**Statutes**

35 U.S.C. § 112 ...................................................................................................................... 1, 5, 7

## INTRODUCTION

Defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively referred to as the "Limited Defendants") file this Reply Brief in support of their Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 112 (D.I. 272) and in response to LP Matthews, L.L.C.'s ("LPM" or "plaintiff") Answering Memorandum to this motion (D.I. 309). Should the Court agree with LPM's proposed claim constructions, the asserted claims of the '062 patent should be found invalid.

## ARGUMENT

The specification preceding the claims must provide an adequate description of the invention to enable one of skill in the art to make or use the claimed invention. *See In re Vaeck,* 947 F.2d 488, 495 (Fed. Cir. 1991). The evidence is clear – the '062 patent's specification lacks a written description of a cleaning composition containing less than 5% orange oil, and therefore does not enable the asserted broad scope of Claims 6 and 9. To prove its infringement allegations, LPM argues that orange oil has cleaning effects at concentrations well below 5%, yet the specification does not support this. Undue experimentation would be needed to confirm whether orange oil has any cleaning effect at these lesser concentrations, especially below 1% and as low as 0.01% as LPM hypothesizes. The Limited Defendants' expert did do this and found that it does not have a cleaning effect at such low concentrations. (D.I. 270, Ex. N, App. D-2, D-5). LPM merely cites numerous phrases from different parts of the '062 patent's specification and takes them out of context in an attempt to prove otherwise. (D.I. 309, p. 2). Its efforts fail.

The law is clear – mere possibilities and unproven hypotheses are insufficient to satisfy the requirements of 35 U.S.C. § 112. *See Rasmusson v. Smithkline Beecham Corp.*, 413 F.3d 1318 (Fed. Cir. 2005). The '062 patent does not suggest LPM's hypothetical possibility that orange oil cleans at these lower concentrations. Rather, the patent plainly states:

> With respect to cosmetics, a composition according to the present invention could have **as little as** 5% by volume of orange oil although it was preferable to have a cleaning composition having at least 25% by volume of orange oil. (D.I. 273, Ex. A, Col. 6, lns. 56-61) (emphasis added).

Notably, the inventors disclose twenty-three (23) sample compositions in the '062 patent – none of which include orange oil at a concentration below 5%. (D.I. 273, *see generally*, Ex. A, Col. 3 – Col. 8, Examples I - XXIII). Nowhere does the '062 patent describe, enable, or test orange oil at a concentration less than 5%. Indeed, one inventor admitted they tested orange oil at concentrations less than 5%, but found that these were not sufficient for their cleaning composition. (Low Dep. Trans., 26 and 86-87, Ex. B attached hereto).

Also, LPM admits that the claimed invention requires orange oil to have a cleaning effect. (D.I. 309, p. 1). In its Answering Brief, LPM states that "[n]either claim 6 nor claim 9 of the '062 patent requires a minimum percentage of orange oil, ***provided that the orange oil has a cleaning effect***." (D.I. 309, p. 1) (emphasis added). As previously stated, the '062 patent teaches that 5% was the minimum percentage of orange oil for a cleaning effect. To prove infringement, LPM should not now be permitted to expand the scope of the claims beyond what the inventors invented. Otherwise, the patent is invalid.

      A.      The Inventors Of The '062 Patent Concluded That Their Invention Was For A Cleaning Composition Having At Least 5% Orange Oil

The specification must reasonably convey to a skilled artisan that, as of the filing date of the application, the inventor possessed the claimed subject matter. *See Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1566 (Fed. Cir. 1997). The scope of the claims must be equal to or less than the scope of the enablement as set forth in the specification. *Monsanto Co. v. Syngenta Seeds, Inc.*, 2006 U.S. Dist. LEXIS 27512, *16 (D. Del. May 10, 2006). In this way, the written description ensures that the scope of the claimed invention "does not overreach the scope of the inventor's contribution" as described in the specification. *See Reiffin v. Microsoft Corp.*, 214 F.3d 1342, 1345 (Fed. Cir. 2000).

Neither the specification nor the inventors' own words support LPM's conclusion that orange oil cleans at concentrations below 5%. (D.I. 273, Ex. A) (Ex. B, 26 and 86-87). LPM cannot demonstrate otherwise. In its strained effort to create a supporting written description, LPM takes out of context and mischaracterizes numerous portions of the specification. (D.I. 309, p. 2). This does not help them either. The specification plainly describes a cleaning composition with orange oil *as little as* 5% of the total composition. (D.I. 273, Ex. A). Throughout the '062 patent the invention is described as having at least five percent (5%) orange oil, which is supported by one of the inventors. (D.I. 273, Ex. A, Col. 3 – Col. 8) (Ex. B, 26 and 86-87). The asserted claims should be so limited – or rendered invalid.

LPM's reliance on *Q-Pharma, Inc. v. The Andrew Jergens Co.,* 360 F.3d 1295 (Fed. Cir. 2004) to support its position is also misplaced. (D.I. 309, p. 4). In *Q-Pharma*, Andrew Jergens requested Rule 11 sanctions against Q-Pharma, stating nothing about

3

enablement or written description. *See id.* The patentee withdrew his infringement claim once it was informed of the low level of $CoQ_{10}$ in the accused product. *See id.* at 1298. This case is not applicable.

Moreover, undue experimentation is necessary for a person of skill in the art to determine whether orange oil has any cleaning effect at concentrations less than 5%. *See In re Wands*, 858 F.2d 731, 736-737 (Fed. Cir. 1988). While the patent describes twenty-three (23) samples used by the inventors to determine the full range of workable and optimal cleaning compositions according to the invention, none suggest that a composition having less than 5% orange oil.[1] In addition, none suggest that such a composition will have a pH appropriate for use on the skin, or will even be stable. Significant additional testing is necessary to find out.

Unlike the plaintiff in *Moba, B.V. et al. v. Diamond Automation, Inc.*, 325 F.3d 1306 (Fed. Cir. 2003)[2], another case relied on by LPM, the Limited Defendants have demonstrated that the record supports a finding that undue experimentation is necessary. Specifically, the extensive number of samples and the various factors tested for (e.g., pH, emulsification ability, and cleaning) constitute clear and convincing evidence that undue experimentation is necessary to practice the full scope of the invention in Claims 6 and 9 under LPM's broad interpretation, and that the inventors did not reduce to practice this overly broad scope of the invention.

The evidence is plain and simple – the written description does not support or disclose a cleaning composition having orange oil at concentrations less than 5%. Under

---

[1] Reference to the § 102 Brief (D.I. 266) and the Soaps Manual show less than 5% orange oil in a cleaning composition. A person of skill in the art does not know if orange oil cleans, whether the pH is right, or if it will emulsify at the lower concentration(s).
[2] Plaintiff filed suit for a declaratory judgment of noninfringement and invalidity of defendant's patents.

4

LPM's proposed interpretation, the asserted claims overreach the boundaries of the disclosure and are invalid.

>    B.   LPM's Unsupported Hypotheses Are Not Sufficient To Render The Disclosure Enabling At Orange Oil Concentrations Less Than 5%

LPM incorrectly states that the test for enablement is "whether these sophisticated cosmetics companies can practice [the claimed invention below 5%] after reading the '062 patent," taking into consideration a person having ordinary skill in the art. (D.I. 309, p. 4). The proper question is whether the specification enables a "person skilled in the art to which it pertains…to make and use the same." 35 U.S.C. § 112. The '062 patent plainly discloses to a skilled artisan that the minimum amount of orange oil for use in the invention is 5%. (D.I. 273, Ex. A, Col. 2, lns. 27-29; Col. 6, lns. 41-45). Anything below that is not taught.

LPM conveniently ignores the testing performed by the Limited Defendants' expert, John Carson ("Carson"), probably because it disproves LPM's hypotheses. (D.I. 270, Ex. N, App. D-2, D-5). Carson tested sample compositions containing orange oil at concentrations greater and less than 5% and found "some cleaning with d-limonene at 1 percent, but *nothing with orange oil at 1 percent*." (D.I. 309, Ex. A, 325:5-7) (emphasis added). Although LPM hypothesized during Carson's deposition that it is likely or simply possible that orange oil could clean at concentrations below 5%, this is insufficient to demonstrate that orange oil has a cleaning effect at these lesser concentrations. Similarly, LPM fails to show whether the compositions would be stable, or if they would have an appropriate pH for use on the human skin. The Limited Defendants' expert provided test results that demonstrate orange oil does not have a

5

cleaning effect at concentrations below 5%, including 1%. (D.I. 270, Ex. N, App. D-2, D-5).

In its Answering Brief, LPM relies on two cases where the patents-in-issue were found invalid precisely because they lacked an enabling disclosure. *See, e.g., Chiron Corp. v. Genentech, Inc.,* 363 F.3d 1247, 1258 (Fed. Cir. 2004); *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1375 (Fed. Cir. 1999). (D.I. 309, pp. 4-5). Like here, in both *Chiron* and *Enzo*, the patents failed to disclose a reduction to practice of the claimed invention as of the filing date. Therefore, the scope of the issued claims were found to be broader than the scope of the patents' disclosures. Under LPM's proposed interpretation in the present action, the scope of the claims would be much broader than the enabling disclosure, and the '062 patent fails to disclose that the inventors reduced such an invention to practice.

The Federal Circuit has recently stated that the use of hypothetical possibilities is not sufficient for an enabling disclosure. *See, e.g., Rasmusson*, 413 F.3d at 1325; *Chiron*, 363 F.3d at 1254. Nothing in the '062 patent demonstrates that orange oil can have a cleaning effect at concentrations less than 5%. LPM merely hypothesizes that it is possible. (D.I. 309, p. 5). Contrary to LPM's assertion, nowhere does the specification "clearly contemplate[], describe[], enable[], and even test[] orange oil volumes both lower and higher than five percent." (D.I. 309, p. 6). LPM impermissibly relies on unsupported statements and unproven hypotheticals in an attempt to support something that simply is not there.

## **CONCLUSION**

For the foregoing reasons, in view of LPM's infringement allegations, the Limited Defendants submit that at least Claims 6 and 9 of the '062 patent are invalid under 35 U.S.C. § 112.

Respectfully submitted,

FOX ROTHSCHILD LLP

Dated: July 27, 2006

By:  /s/ Sheldon K. Rennie
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
FOX ROTHSCHILD LLP
Suite 1300
919 North Market Street
Wilmington, Delaware  19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York  10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath and Body Works, Inc.
Limited Brands, Inc.

7