**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LP MATTHEWS, L.L.C., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BATH & BODY WORKS, INC., )<br>  and )<br>LIMITED BRANDS, INC., )<br>  and )<br>KAO BRANDS CO. (f/k/a THE ANDREW )<br>JERGENS COMPANY), )<br>  and )<br>KAO CORPORATION, )<br>)<br>    Defendants. ) | C.A. No. 04-1507 (SLR)<br>JURY TRIAL DEMANDED<br><br>**PUBLIC VERSION<br>FILED: AUGUST 1, 2006**<br><br>**DATED: JULY 25, 2006** |

**REPLY BRIEF IN SUPPORT OF THE LIMITED DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT FOR LACK OF STANDING**

                              Francis G.X. Pileggi (Del. Bar No. 2624)
                              Sheldon K. Rennie (Del. Bar No. 3772)
                              FOX ROTHSCHILD LLP
                              919 North Market Street, Suite 1300
                              Wilmington, Delaware  19801
                              Phone: (302) 655-3667
                              Fax: (302) 656-8920

                              *Attorneys for Defendants Bath & Body Works, Inc.
                              and Limited Brands, Inc.*

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York  10017
Phone: (212) 697-6262
Fax: (212) 972-5866

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................1

ARGUMENT...............................................................................................................1

    I.    LPM Admits That The Pertinent Assignments Name The Wrong Party...............2

    II.    LPM's Excuses Do Not Raise Genuine Issues Of Material Fact..........................4

        A.  Continually Using the Wrong Name Doesn't Make It Right .......................4

        B.  Standing is an Issue of Federal, not State, Law ..........................................5

CONCLUSION.............................................................................................................6

## TABLE OF AUTHORITIES

**Cases**

*Afros S.P.A. v. Krauss-Maffei Corp.*, 671 F. Supp. 1402 (D. Del. 1987), *aff'd* 848 F.2d 1244 (Fed. Cir. 1988) .................................................................................................. 1, 2, 3

*FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990) ................................................................ 1

*Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774 (Fed. Cir. 1996) ............................... 2

*Maruzen Int'l, Co. v. Bridgeport Merchandise, Inc.*, 770 F. Supp. 155 (S.D.N.Y. 1991) ............. 1

*Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109 (Fed. Cir. 1996) ........................................ 5

*Pfizer Inc. v. Elan Pharm. Research Corp.*, 812 F. Supp. 1352 (D. Del. 1993) ............................ 1

*Quiedan Co., Inc. v. Central Valley Builders Supply Co., Inc.,* 1994 U.S. App. LEXIS 19682 (Fed. Cir. July 28, 1994) ........................................................................................ 3, 4, 5

**INTRODUCTION**

Defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively referred to as the "Limited Defendants") file this Reply Brief in support of their Motion for Summary Judgment for Lack of Standing (D.I. 256) and in response to LP Matthews, L.L.C.'s ("LPM" or "plaintiff") Answering Brief in Opposition to this motion (D.I. 302).

LPM mangles the facts and law in its brief, yet fails to raise a genuine issue of material fact regarding its lack of standing here. Dismissal is appropriate.

**ARGUMENT**

The federal courts are mandated to examine standing as a threshold question in every case. *See e.g., Pfizer Inc. v. Elan Pharm. Research Corp.*, 812 F. Supp. 1352, 1356 (D. Del. 1993); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). In patent cases, "status as an assignee or patentee is a crucial prerequisite to bringing suit on infringement grounds." *Pfizer,* 812 F. Supp. at 1370 (*quoting Maruzen Int'l, Co. v. Bridgeport Merchandise, Inc.*, 770 F. Supp. 155, 158 (S.D.N.Y. 1991)). The plaintiff must be the owner of the patent. *Id.*

Here, LPM lacks standing as plaintiff because all of the assignment documents fail to name the **REDACTED** the actual party entitled to ownership rights in the patent-in-suit, United States Patent No. 5,063,062 ("the '062 patent"). LPM possesses no substantive rights to the '062 patent – either now or at the time this lawsuit was filed. A *nunc pro tunc* document cannot fix this error. *See Afros S.P.A. v. Krauss-Maffei Corp.*, 671 F. Supp. 1402, 1445-1446 (D. Del. 1987), *aff'd* 848 F.2d 1244 (Fed. Cir. 1988). This is clearly a case where the Court has sufficient bases for dismissing this

lawsuit for plaintiff's lack of standing.

### I. LPM Admits That The Pertinent Assignments Name The Wrong Party

LPM's right to recover depends on whether it held title to the '062 patent at the inception of the lawsuit. *See Gaia Technologies., Inc. v. Reconversion Technologies, Inc.*, 93 F.3d 774, 777-778 (Fed. Cir. 1996). A *nunc pro tunc* assignment cannot cure this fatal defect. *See Afros S.P.A.*, 671 F. Supp. at 1446. LPM did not have legal title to the '062 patent because it remained with William Ingram ("Ingram") and Douglas Greenspan ("Greenspan"). (D.I. 257, Ex. A).

**REDACTED**

No transfer of patent rights could occur because these documents do not identify the proper parties to the agreement (i.e., those with actual rights to grant or assign) and therefore, do not comply with the law.

**REDACTED**

---

[1]     **REDACTED**

**REDACTED**

The facts are clear and indisputable. None of these documents transfer patent rights. Courts have previously concluded that assignment documents containing a mistake such as misnaming one of the parties due to a drafting error were not correctable *nunc pro tunc*. *See Quiedan Co. Inc. v. Central Valley Builders Supply Co.*, 1994 U.S. App. LEXIS 19682, *3-5 (Fed. Cir. July 28, 1994). A plaintiff does not escape summary judgment where it lacks standing at the time suit was filed. *See Afros*, 671 F. Supp. at 1445-1446. LPM and Greenspan Corporation cannot correct this assignment mess *nunc pro tunc* and it is against public policy to do so. *See id.*

Even if it could correct the assignment foul-up, LPM does not deny that it might not be able to re-file an infringement action. LPM must be diligent with respect to its obligation under Rule 11 of the Federal Rules of Civil Procedure, in light of the continuation-in-part ("CIP") application to the '062 patent. A claim in the CIP application virtually identical to the asserted claims of the '062 patent was rejected by the Board of Patent Appeals on several grounds, including obviousness. In short, this is a case that must go away – and should not come back.

___

**REDACTED**

3

**II.     LPM's Excuses Do Not Raise Genuine Issues Of Material Fact**

Since the facts cannot be disputed, LPM is reduced to arguing that the Court should excuse its lack of standing. It offers two alternative theories. First, that the Greenspan "entity" has historically used Company and Corporation interchangeably. Second, that the Assignments (and therefore the patent rights) should be interpreted according to the intent of the parties pursuant to Colorado law. Neither argument holds water.

A.     <u>Continually Using the Wrong Name Doesn't Make It Right</u>

The first lesson in any Corporate Law course is that a corporation is accorded the legal status of a fictitious person. A corporation can enter into contracts in its own name, but the name must be right. Certainly, an assignment of the '062 patent to or from any of the other Douglas Greenspans across the country (there are several) would not be valid. An assignment to or from the unrelated Greenspan Company is to the same effect.

The only actual "evidence" presented in support of this interchangeability argument is a letter from **REDACTED** addressed to **REDACTED** as **REDACTED** The initial letter from **REDACTED** was not produced, but it is undoubtedly similar to the attached letter from **REDACTED** **REDACTED** (attached as Ex. K). Is it any wonder a response would be addressed to **REDACTED** The letter is printed on **REDACTED** letterhead! Of course, the wrong name is still the wrong name no matter how consistently it is used. Mistake is no defense. *See Quiedan*, 1994 U.S. App. LEXIS 19682 (Fed. Cir. 1994).

4

B.     Standing is an Issue of Federal, not State, Law

LPM is also wrong in its attempt to convert the invalidity of its patent assignments into a state law question. For this novel proposition it relies on *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996). LPM provides the following partial quote:

> Determining whether the right to sue…has been transferred turns on the proper construction of the assignment agreements, which is a matter of state contract law. *Id.*

However, the full quote reads as follows:

> Determining whether the right to sue *for prior infringement* has been transferred turns on the proper construction of the assignment agreements, which is a matter of state contract law. *Id.* (emphasis added).

Just a few words, but what a difference they make. LPM's partial quote conveys the impression that standing is a creature of state law. It is not. When the quote is read in its entirety, it is clear that the *Minco* court was addressing the contractual rights of the parties to several valid assignments. The Federal Circuit said the same in *Quiedan* when it noted: "[t]hat the *nunc pro tunc* agreement may be enforceable under state law as between the parties named in it is simply not relevant to the issue of standing which is controlled by Federal law. One may not create standing by later action if it did not exist at the time the suit was brought." *Quiedan*, 1994 U.S. App. LEXIS 19682, *4-5. This is precisely the situation here. However the rights of Greenspan, Ingram, the Greenspan Corporation and LPM may eventually be sorted out, as of this moment none of those rights have been properly conveyed to LPM.

5

**CONCLUSION**

The Limited Defendants have demonstrated that no genuine issue of material fact exists as to standing.  LPM did not have standing on the day this lawsuit was filed.  It does not have standing today.

For the foregoing reasons, the Limited Defendants respectfully request that this Court grant their Motion for Summary Judgment for Lack of Standing.

                                              Respectfully submitted,

                                              FOX ROTHSCHILD LLP

Dated:  July 25, 2006                By:___/s/ Sheldon K. Rennie_____
                                              Francis G.X. Pileggi (Del. Bar No. 2624)
                                              Sheldon K. Rennie (Del. Bar No. 3772)
                                              FOX ROTHSCHILD LLP
                                              Suite 1300
                                              919 North Market Street
                                              Wilmington, Delaware  19801
                                              Phone: (302) 655-3667
                                              Fax: (302) 656-8920
                                              E-mail: fpileggi@foxrothschild.com
                                              E-mail: srennie@foxrothschild.com

                                              OF COUNSEL:

                                              John F. Ward
                                              David M. Hill
                                              Michael J. Zinna
                                              WARD & OLIVO
                                              708 Third Avenue
                                              New York, New York 10017
                                              Phone: (212) 697-6262
                                              Fax: (212) 972-5866
                                              E-mail: wardj@wardolivo.com
                                              E-mail: hilld@wardolivo.com
                                              E-mail: zinnam@wardolivo.com

                                              *Attorneys for Defendants*
                                              Bath and Body Works, Inc.
                                              Limited Brands, Inc.