**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LP MATTHEWS, L.L.C., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BATH & BODY WORKS, INC., )<br>   and )<br>LIMITED BRANDS, INC., )<br>   and )<br>KAO BRANDS CO. (f/k/a THE ANDREW )<br>JERGENS COMPANY), )<br>   and )<br>KAO CORPORATION, )<br>)<br>    Defendants. ) | C.A. No. 04-1507 (SLR)<br>JURY TRIAL DEMANDED<br><br>**PUBLIC VERSION<br>FILED: AUGUST 2, 2006**<br><br><br>**DATED: JULY 27, 2006** |

**REPLY BRIEF IN SUPPORT OF THE LIMITED
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
OF UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT**

                                               FOX ROTHSCHILD LLP
                                               Francis G.X. Pileggi (Del. Bar No. 2624)
                                               Sheldon K. Rennie (Del. Bar No. 3772)
                                             919 North Market Street, Suite 1300
                                             Wilmington, Delaware 19801
                                             Phone: (302) 655-3667
                                             Fax: (302) 656-8920

                                             *Attorneys for Defendants Bath & Body*
                                             *Works, Inc. and Limited Brands, Inc*.

OF COUNSEL:

WARD & OLIVO
John F. Ward
David M. Hill
Michael J. Zinna
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax: (212) 972-5866

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

ARGUMENT..........................................................................................................................2

    I.   LPM Raises No Issues Of Material Fact With Regard
        To The '062 Patent Applicants' Misrepresentation Of Coleman .....................2

    II.  LPM Raises No Issues Of Material Fact With Regard
        The Orange Oil v. D-Limonene Tests ................................................................5

    III. The Limited Defendants' Motion Should Not Be Stricken ..............................6

CONCLUSION.......................................................................................................................7

## **TABLE OF AUTHORITIES**

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .......................................................... 6

*Bio-Technology Gen. Corp. v. Novo Nordisk A/S*, 2004 U.S. Dist. LEXIS
  14959 (D. Del. 2004) ........................................................................................................ 2

*Bristol-Meyers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 326 F.3d 1226
  (Fed. Cir. 2003) ............................................................................................................ 2, 4

*Lear, Inc. v. Adkins*, 395 U.S. 653 (1969) ........................................................................ 7

*Mendenhall v. CMI Corp.*, 26 F.3d 1573 (Fed. Cir. 1994) ................................................... 7

*Merck & Co. v. Danbury Pharmacal*, 873 F.2d 1418 (Fed. Cir. 1989) ............................... 4

*Novo Nordisk Pharmaceuticals, Inc. v. Bio-Technology General Corp.*,
  424 F.3d 1347 (Fed. Cir. 2005) ...................................................................................... 2

*Rohm & Haas Co. v. Crystal Chem. Co.*, 722 F.2d 1556 (Fed. Cir. 1983) ........................ 2

*Tenneco Automotive Op. Co. v. Visteon Corp.*, 375 F. Supp. 2d 366 (D. Del. 2005) ........ 4

*Ultra-Precision Mfg. v. Ford Motor Co.*, 411 F.3d 1369 (Fed. Cir. 2005) ......................... 6

**REGULATIONS**

37 C.F.R. § 1.56 ................................................................................................................ 1, 2

# INTRODUCTION

Defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively "the Limited Defendants") file this Reply Brief in support of their Motion for Summary Judgment of Unenforceability Due to Inequitable Conduct (D.I. 258) and in response to L.P. Matthews, L.L.C.'s ("LPM" or "plaintiff") Answering Brief in Opposition to that motion (D.I. 310).

Applicants owe a duty of candor to the Patent Office. 35 U.S.C. § 1.56. Because of the ever-growing crush of patent applications and the ever dwindling amount of time Examiners can devote to each application, our patent system would quickly collapse under the weight of invalid patents if significant numbers of applicants failed to deal openly and honestly with the Patent Office. This is what happened here.

By misrepresenting a critical prior art reference and by offering to provide fictitious test results "should the Examiner request any further information," Applicants hoodwinked the Examiner into allowing the '062 patent. The Board of Patent Appeals was not so gullible – it rejected claims in a continuation-in-part application which were virtually identical to the claims issued here.

LPM should not be rewarded for the fraud perpetrated on the Patent Office by its predecessors. Dismissal for invalidity and/or unenforceability of the '062 patent due to inequitable conduct is appropriate and warranted.

**ARGUMENT**

Inequitable conduct occurs when a patent applicant breaches his or her "duty of candor and good faith" to the Patent & Trademark Office. 37 C.F.R. § 1.56(a); *see Novo Nordisk Pharmaceuticals, Inc. v. Bio-Technology General Corp.*, 424 F.3d 1347, 1359 (Fed. Cir. 2005). Inequitable conduct includes "affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." *See Novo Nordisk,* 424 F.3d at 1359. This Court has recognized that affirmative misrepresentations by the patentee, in contrast to misleading omissions, are more likely to be regarded as material. *See Bio-Technology Gen. Corp. v. Novo Nordisk A/S*, 2004 U.S. Dist. LEXIS 14959 (D. Del. 2004); *see also Rohm & Haas Co. v. Crystal Chem. Co.*, 722 F.2d 1556, 1571 (Fed. Cir. 1983). Intent to mislead does not require direct evidence, and is typically inferred from the facts. *See Bristol-Meyers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 326 F.3d 1226, 1239 (Fed. Cir. 2003). Here, the Applicants made affirmative misrepresentations that convinced the Examiner to grant the '062 Patent. Now, LPM attempts to pull the wool over this Court's eyes in much the same way the Applicants misled the Patent Office.

    I.    LPM Raises No Issues Of Material Fact With Regard
           To The '062 Patent Applicants' Misrepresentation Of Coleman

LPM agrees that Coleman is a material reference. (D.I. 310, p. 5). The Applicants' statements regarding why their invention was patentable over Coleman are therefore equally material.

LPM admits that Coleman is easy to grasp, but then proceeds to mischaracterize it, stating "simply put, Coleman discloses d-limonene in cleaning compositions." (D.I.

2

310, p. 5). This is wrong, so wrong in fact that it can only be viewed as deliberate. Coleman discloses *citrus oil* in cleaning compositions. The reference speaks for itself: "distilled citrus oil (~94% d-limonene) was obtained from a chemical supplier and used in the following formulations." (D.I. 284, Ex. D., p. 24). Coleman later states that, "they found the citrus oil products to be as effective as commercial cleaners." *Id.* (Emphasis added). Coleman then goes so far as to conclude, "they expressed a definite preference for the citrus oil-containing" cleaners. *Id.* (Emphasis added). As these quotes make clear, there can be no doubt that Coleman discloses citrus oil in cleaning compositions. LPM's untenable and unsupported position that Coleman only used purified d-limonene which "happened to come from" citrus oil flies in the face of the clear wording of the reference itself.

There is also no doubt that the Applicants' mischaracterized Coleman with the intent to deceive the Patent Office. With no other way to distinguish the reference, they were forced to make one up (much along the same lines as their fictitious tests, discussed *infra*). LPM does not dispute that the Applicants argued orange oil, (an oil containing approximately 90 percent d-limonene), was different from d-limonene in order to obtain the '062 patent. (D.I. 284, Ex. E, pp. 2-4). It is implausible, then, for the Applicants to have read Coleman's statement "citrus oil (~94% d-limonene)" as disclosing only d-limonene. Anyone of skill in the art would interpret the term "citrus oil (~94% d-limonene)" to mean citrus oil, not d-limonene. LPM's conclusion that the inventors' reading of Coleman was "at least reasonable," is nothing more than a poor attempt at an excuse.

3

LPM's assertion that the Limited Defendants have not proffered enough evidence to prove intent to mislead also has no merit. Intent is usually inferred from the facts, and where misrepresented information is material and the patentee knew or should have known of that materiality, he or she can expect to have great difficulty in establishing subjective good faith sufficient to overcome an inference of intent to mislead. *See Bristol-Myers*, 326 F.3d at 1239; s*ee also Tenneco Automotive Op. Co. v. Visteon Corp.*, 375 F. Supp. 2d 366, 372 (D. Del. 2005)*; see also Merck & Co. v. Danbury Pharmacal*, 873 F.2d 1418, 1422 (Fed. Cir. 1989). Furthermore, when balanced against high materiality, the showing of intent can be proportionally less. *See Tenneco,* 375 F. Supp. 2d at 372; *Bristol-Myers*, 326 F.3d at 1234. Considering how highly material Coleman is, and how egregious the misrepresentation, the facts presented by the Limited Defendants are more than enough to infer that there was intent to deceive here. (*See generally*, D.I. 284).

Thus, no genuine issues of material fact remain. The Applicants engaged in inequitable conduct because (1) Coleman is material, (2) Coleman discloses citrus oil in cleaning compositions, (3) the Applicants appreciated the difference between citrus oil and d-limonene and could not have reasonably believed that Coleman only disclosed the latter, (4) the Applicants intended to misrepresent Coleman to the Examiner, and (5) LPM has produced no evidence to refute or even question any of these points.

Based on the forgoing, summary judgment is appropriate.

### II. LPM Raises No Issues Of Material Fact With Regard To The Orange Oil v. D-Limonene Testing

LPM also fails to establish any issues of material fact with regard to the alleged orange oil v. d-limonene testing.

LPM does not dispute that the tests are material and it is unable to prove that the tests were ever performed. All it has is Mr. Greenspan's vague recollection of performing such tests. The uncorroborated testimony of inventors is frequently excluded, for the simple reason that they have a strong incentive to lie. Here, it is even worse. There is no documentary evidence of the tests.

**REDACTED**

LPM's attempts to discredit Phillip Low as having been "out of the loop" by the time the d-limonene tests were performed makes no sense.

**REDACTED**

Also telling is the fact that no test results were ever provided to the patent attorney or the Patent Office. There is only the one statement about the Applicants' alleged willingness to provide the results *if* the Examiner asked. Convenient, isn't it?

LPM essentially expects this Court to accept Mr. Greenspan's position that "it happened, but I can't remember anything about it, and I have no documents to prove it," rather than look at the lack of evidence head-on. This implausible position is not enough to create a genuine fact dispute. At best, Mr. Greenspan's testimony could be considered

5

a "mere scintilla" of evidence, which is insufficient to defeat the present motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Thus, there are no genuine issues of material fact. These alleged tests and their results are material, and LPM has proffered no evidence to counter the weight of evidence which suggests that they were never performed and/or that they did not yield the results reported to the Patent Office.[1]

Based on the forgoing, summary judgment is appropriate.

### III.   The Limited Defendants' Motion Should Not Be Stricken

LPM's attempt to strike the Limited Defendants' motion is a last-ditch effort to avoid a judgment on the merits. As a threshold matter, by the time the Limited Defendants knew about the Applicants' inequitable conduct, the deadline for amending their Answer (December 6, 2005) had passed. (D.I. 39, p. 4). The Limited Defendants were not aware of the Applicants' inequitable conduct until discovery closed and depositions were completed in February of 2006. It was only then that the Limited Defendants learned there was no evidence to support the Applicants' position on Coleman or to substantiate their d-limonene test reports.

In any event, failure to raise an affirmative defense by responsive pleading need not result in waiver. *See Ultra-Precision Mfg. v. Ford Motor Co*., 411 F.3d 1369, 1376 (Fed. Cir. 2005). The purpose of Fed. R. Civ. P. 8(c) is to give the opposing party notice

---

[1] It is interesting to note that either way, the patent is invalid. If there were no tests (which seems extremely likely) then inequitable conduct is clear. But even if the tests were performed (which seems extremely unlikely) the '062 patent is invalid because it is based on faulty tests. The Limited Defendants' expert ran extensive tests comparing the cleaning capabilities of orange oil v. d-limonene and could find no observable difference. So, either the tests were never performed, or they were performed so shoddily that the results were wrong. The '062 patent is invalid under either scenario.

of the affirmative defense and a chance to respond. *See id.* Here, LPM admits that the Limited Defendants' January 13, 2006 and January 27, 2006 interrogatory responses referenced inequitable conduct. (D.I. 310, p. 4). As such, it was aware that the Limited Defendants were investigating inequitable conduct and it had more than ample time to mount a defense to that allegation.

Alternatively, if the Court so wishes, the Limited Defendants will file for leave to amend their Answer. However, the Court can consider this motion without that procedural step. The public interest in reaching decisions on the merits which promote candor during patent prosecution is paramount over the proprieties of pleading practice. *See Mendenhall v. CMI Corp.*, 26 F.3d 1573, 1578 (Fed. Cir. 1994); *see also Lear, Inc. v. Adkins*, 395 U.S. 653 (1969). As such, it is against public policy, and Federal Circuit precedent to allow the Applicants to get away with inequitable conduct because of an alleged pleading deficiency.

Based on the forgoing, LPM's Motion to Strike should be denied.

## **CONCLUSION**

The Limited Defendants have demonstrated that there are no issues of material fact with regard to inequitable conduct. Thus, for the forgoing reasons, the Limited Defendants respectfully request that this Court grant their Motion for Summary Judgment of Unenforceability Due To Inequitable Conduct and deny LPM's Motion to Strike.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | FOX ROTHSCHILD LLP |
| Dated: July 27, 2006 | By:___/s/ Sheldon K. Rennie_____<br>Francis G.X. Pileggi (Del. Bar No. 2624)<br>Sheldon K. Rennie (Del. Bar No. 3772)<br>FOX ROTHSCHILD LLP<br>Suite 1300<br>919 North Market Street<br>Wilmington, Delaware  19801<br>Phone: (302) 655-3667<br>Fax: (302) 656-8920<br>E-mail: fpileggi@foxrothschild.com<br>E-mail: srennie@foxrothschild.com |

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York  10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath and Body Works, Inc.
Limited Brands, Inc