**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

LP MATTHEWS, L.L.C.,

Plaintiff,

v.

BATH & BODY WORKS, INC.; LIMITED BRANDS, INC.; KAO BRANDS CO. (f/k/a THE ANDREW JERGENS COMPANY); and KAO CORPORATION,

Defendants.

**REDACTED PUBLIC VERSION**

C.A. No. 04-1507-SLR

**LP MATTHEWS' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT BY THE LIMITED DEFENDANTS**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(800) 553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
(202) 775-0725

Dated: August 3, 2006
171678.1

## TABLE OF CONTENTS


**Page**

NATURE AND STAGE OF PROCEEDINGS ........ 1

SUMMARY OF THE ARGUMENT ........ 1

ARGUMENT ........ 3

A. The Accused Limited Products Satisfy The Orange Oil Limitation of the Asserted Claims. ........ 4

B. The Limited Defendants' Sworn Testimony Establishes That the Accused Products Clean. ........ 5

C. The Limited Defendants' Accused Products Contain Infringing Oat Ingredients. ........ 5

D. The Limited Defendants' Accused Products Satisfy the pH Limitation of Claim 6. ........ 6

CONCLUSION ........ 7

## TABLE OF AUTHORITIES

### Cases

*Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*,
289 F.3d 809 (Fed. Cir. 2002) ........ 4

*Laitram Corp. v. NEC Corp.*,
163 F.3d 1342, 1347 (Fed. Cir. 1998) ........ 4

*Media Services Group, Inc. v. Lesso, Inc.*,
45 F.Supp.2d 1237, 1254 (D. Kan 1999) ........ 5

*Sun Tiger Inc. v. ScientificResearch Funding Group*,
189 F.3d 1327, 1336 (Fed. Cir. 1999) ........ 5

## NATURE AND STAGE OF PROCEEDINGS

On December 8, 2004, plaintiff LP Matthews, L.L.C. filed a Complaint alleging infringement of U.S. Patent No. 5,063,062 ("the '062 patent") by defendants Kao Brands Company (formerly known as The Andrew Jergens Company) ("KBC"), Kao Corporation, Limited Brands, Inc., and Bath and Body Works, Inc. (D.I. 1.) LP Matthews amended its Complaint on February 2, 2005. (D.I. 5, 8.) This Court entered a Scheduling Order on June 9, 2005. (D.I. 39). Fact discovery closed on January 27, 2006. (D.I. 39). Expert discovery closed on May 12, 2006. (D.I. 39.) On June 15, 2006, the parties filed a Joint Claim Construction Statement. (D.I. 228.) On June 29, 2006, the parties filed Opening Claim Construction Briefs. (D.I. 244, 254, 255.) The deadline for filing opening summary judgment motions was extended from June 29 until July 6, 2006 in response to an emergency request resulting from the Limited defendants' production of new documents that could bear on the issue of their infringement. (D.I. 243.)

LP Matthews timely filed its Motion for Summary Judgment of Infringement (D.I. 267) and Memorandum in support thereof (D.I. 269) on July 6, 2006. The Limited Defendants filed an opposition thereto on July 20, 2006 (D.I. 311). LP Mathews submits this Reply in support of its motion for summary judgment that the Limited defendants infringe the patent-in-suit.

## SUMMARY OF THE ARGUMENT

In their effort to avoid infringement, the Limited defendants urge this Court to improperly limit the claims to the preferred embodiments disclosed in the specification and disregard the plain language of the asserted claims of the '062 patent. However, as discussed in LP Matthews' Claim Construction briefing and related briefs, the claims of

the '062 patent are not properly so limited. If the claims are construed in accordance with their ordinary and customary meaning to a person of ordinary skill in the art, each of the Limited defendants' accused products meets every element of the asserted claims. The Limited defendants' accused products include orange oil and oatmeal in an oil and water system, meet the claimed pH limitations (for those products that LP Matthews identified as so doing in its opening brief), and have a cleaning effect.[1] Each of the accused products[2] infringes at least one claim of the '062 patent and summary judgment of infringement should be granted.

---

[1] The Limited defendants do not dispute that the accused products meet the "pharmaceutically acceptable moisturizer" claim limitation of claims 6 and 9.

[2] The 27 accused products are:

1. BBW Mango Mandarin Creamy Body Wash,
2. TBS Better Lather Than Never Bubble Bath and Shower Cream,
3. BBW Mango Mandarin Skin Refining Body Scrub,
4. BBW Mango Mandarin Skin Renewal & Anti-Aging Body Wash,
5. Burt's Bees Citrus Facial Scrub,
6. Burt's Bees Orange Essence Facial Cleanser,
7. TBS Good Clean Foam Face Wash,
8. PS Ginger Rejuvenating Shower Foam, and
9. PS Ginger Rejuvenating Body Scrub.
10. BBW Mango Mandarin Body Lotion,
11. BBW Cool Citrus Basil Body Lotion,
12. BBW Mango Mandarin Hand Repair & Healing Hand Cream,
13. BBW Mango Mandarin Skin Repair & Healing Body Butter,
14. PS Salt Toning Body Balm,
15. Murad Resurgence Sheer Lustre Day Moisture,
16. Murad Resurgence Age-Diffusing Serum,
17. Murad Resurgence Age-Balancing Night Cream,
18. Murad Skin Perfecting Lotion,
19. Murad Acne Spot Treatment,
20. PS Ginger Rejuvenating Body Lotion,

*Footnote continued on next page...*

## ARGUMENT

The asserted claims of the '062 patent do not require a 5% minimum percentage of orange oil, an oat grain derivative product as a "primary" emulsifier, or that cleaning be the only effect of the claimed composition. The asserted '062 patent claims compositions for cleaning human skin that contain orange oil, an oat ingredient, and a moisturizer. ('062 patent at 9:3-10:25.) Claims 6 and 9 of the '062 patent simply read as follows:

> 6. A skin cleaning composition for external use on human tissues, comprising orange oil, a pharmaceutically acceptable moisturizer for human skin and an oat grain derivative product as an emulsifying agent, wherein said composition has a pH within a range of 4.5 to 6.0, inclusively.
>
> 9. A cleaning composition for use on human skin comprising forty-five percent (45%) or less by volume of orange oil, forty-five percent (45%) or less by volume of oatmeal and a pharmaceutically acceptable moisturizer.

('062 Patent at 10:1-6, 13-17.)

The claims of the '062 patent should not be limited to the preferred embodiments disclosed in the specification. When the terms of the asserted claims are construed in accordance with their ordinary and customary meaning to a person of ordinary skill in the

---

*... footnote continued from previous page*

21. PS Oat Oil-Control Face Moisturizer,
22. PS Burdock Root Skin Mattifier,
23. PS Ginger Rejuvenating Body Balm,
24. PS Ginger Rejuvenating Hand & Nail Cream,
25. PS Fig Hydrating Body Balm,
26. PS Fig Hydrating Hand & Nail Cream, and
27. PS Everlasting Flower Night Nourisher.

art, the accused products infringe the asserted claims, both literally and under the doctrine of equivalents.

**A. The Accused Limited Products Satisfy The Orange Oil Limitation of the Asserted Claims.**

The Limited defendants' argument that the accused products do not contain at least 5% orange oil (D.I. 311 at 13-14) should be rejected by this Court for the simple reason that the asserted claims of the '062 patent do not require 5% orange oil. "It is the *claims*, not the written description, which define the scope of the patent right...." *Catalina Mktg. Int'l Inc. v. Coolsavings.com, Inc.*, 289 F.3d at 809 (Fed. Cir. 2002) (citing *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1347 (Fed. Cir. 1998) (emphasis in original)). Neither claim 6 nor claim 9 recites a minimum percentage of orange oil in the composition. ('062 patent at 10:1-6, 13-17.) Claim 6 of the '062 patent simply claims a composition "comprising orange oil." (*Id.* at 10:1-6.) Claim 9 requires "forty-five percent (45%) or less by volume of orange oil." (*Id.* at 10:13-17.)

The Limited defendants do not dispute that a person of ordinary skill in the art of the '062 patent would have understood that orange oil has a cleaning effect in concentrations as low as 0.01%. Nor do they dispute that at least 19 of the 27 accused products have this much (or more) orange oil (if defined in accordance with the ordinary and customary meaning of orange oil).[3] (D.I. 311 at Ex. A.[4]) Accordingly, partial summary judgment of infringement is appropriate for at least those products.

---

[3] The Limited defendants' arguments that a Mandarin Orange is not an orange or that orange oil is only orange oil if it is derived solely from the rind (and not any other portion of the orange) are contradicted by the ordinary and customary meaning of orange oil to a person of ordinary skill in the art when the '062 patent issued, and should therefore be rejected by this Court.

[4]

**REDACTED**

**B. The Limited Defendants' Sworn Testimony Establishes That the Accused Products Clean.**

The deposition testimony of a Rule 30(b)(6) designee is an evidentiary admission. *See, e.g., Media Services Group, Inc. v. Lesso, Inc.*, 45 F. Supp. 2d 1237, 1254 (D. Kan 1999).

**REDACTED**

The Limited defendants do not dispute that accused product nos. 1 – 9 are cleaning products, and

**REDACTED**

This ability to remove unwanted substances from the skin is natural consequence of the ingredients in these compositions. The ingredients that clean in a product marketed as a cleaner will also clean in a product marketed as a lotion – the properties of the ingredients are not altered by the label on a container. The accused products have a cleaning effect; that they may have other effects and uses does not alter the fact that they are cleaning compositions. *See, e.g., Sun Tiger Inc. v. Scientific Research Funding Group*, 189 F.3d 1327, 1336 (Fed. Cir. 1999) ("If a claim reads merely on a part of an accused device, that is enough for infringement.").

**C. The Limited Defendants' Accused Products Contain Infringing Oat Ingredients.**

**REDACTED**

**REDACTED**

This limitation of claim 9 is met by the processed oat kernel admittedly found in each of the Limited defendants' accused products.

Claim 6 of the '062 patent simply requires an oat grain derivative product such as "oat kernel protein, oat extract, sodium lauroyl oat amino acids, Unitanical oats, Actiphyte of oat, hydrolyzed oat protein, oat kernel oil, and oat protein powder." (D.I. 312, Ex. C at 2-3.) Because oat grain derivative products have both hydrophilic and lypophilic regions, they are emulsifying agents in an oil and water system. (D.I. 266 at 7, 15; D.I. 312, Ex. A at 143:10-13; D.I. 269, Ex. E at 11-13.) The Limited defendants' assertion that the oat grain derivative product must be the "primary" emulsifying agent is irrelevant because the term "primary" does not appear in claim 6 and there is nothing in claim 6 suggesting that the claimed oat grain derivative product is the "primary" emulsifying agent – merely that it is "an emulsifying agent."

### D. The Limited Defendants' Accused Products Satisfy the pH Limitation of Claim 6.

The Limited defendants do not dispute that accused product nos. 5, 22, and 27 satisfy the pH limitation of claim 6 under their proposed claim construction. Moreover, a person of ordinary skill in the art reviewing the '062 patent would understand that the inventors used colorimetric methods to measure pH – a method that does not permit precise measurements. (D.I. 260, Ex. J at 5; D.I. 312, Ex. D at 130 - 131). pH measured colorimetrically has a precision of ± 0.5 pH units, which is consistent with the '062 patent's labeling of pH in Tables 1-3 as "approximate." (D.I. 260, Ex. J at 5-6.) All the pH values in the patent, save one, are either an integer or half of a pH unit. (*Id.* at 6; D.I.

312, Ex. D at 130:17 – 131:2.) The pH range limitations expressed in the '062 patent are only approximate values because of the precision limits imposed by the colorimetric method. (D.I. 260, Ex. J at 6; D.I. 312, Ex. D at 129-130.) Thus, "pH within a range 4.5 to 6.0, inclusively" as recited claim 6 encompasses potentiometrically measured pH values as low as 4.0 and as high as 6.5. The Limited defendants do not dispute that the accused products fall within this range. Nor do they dispute that there is an insubstantial difference between a composition with a pH between 4.0 and 6.5 and a composition with a pH between 4.5 and 6.0. Accordingly, the twenty-one (21) products accused of infringing claim 6 satisfy this limitation.

## CONCLUSION

Accused products 1, 2, 4-11, 15-22, 24, 26, and 27 infringe claim 6 of the '062 patent and all 27 products infringe claim 9 of the '062 patent. Accordingly, for the reasons set forth in its opening Memorandum and this Reply, LP Matthews' Motion for Partial Summary Judgment of Infringement should be granted.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for LP Matthews, L.L.C.*

*Of Counsel:*

Ronald J. Schutz
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(800) 553-9910

Robert A. Auchter
Jason R. Buratti
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
(202) 775-0725

Dated: July 27, 2006
171678.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 3rd of August, 2006, the attached **REDACTED PUBLIC VERSION OF LP MATTHEWS' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT BY THE LIMITED DEFENDANTS** was served upon the below-named counsel of record at the address and in the manner indicated:

Richard L. Horwitz, Esquire
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801

HAND DELIVERY

Arthur I. Neustadt, Esquire
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA 22314

VIA ELECTRONIC MAIL

Francis G.X. Pileggi, Esquire
Fox Rothschild LLP
Suite 1300
919 North Market Street
Wilmington, DE 19801

HAND DELIVERY

John Ward, Esquire
Ward & Olivo
708 Third Avenue
New York, NY 10017

VIA ELECTRONIC MAIL

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon