# EXHIBIT K



RECEIVED: GROUP 150
1991 MAR 26 AM 9:34

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

RE: Patent Application for D. Greenspan
Serial No.: 07/413,395
Filed: September 27, 1989
For: CLEANING COMPOSITIONS WITH ORANGE OIL

Date: March 18, 1991
Group: At Unit 152
Examiner: Thurman Page
Action: AMENDMENT

TO: The Commissioner of Patents and Trademark Office
Washington, DC 20231

Sir:

In response to the Office Action dated 20 December 1990, finally rejecting this application, please enter this proposed amendment in the above identified application:

In the Claims:



1. (Once Amended) A skin cleaning composition adapted for external use on human tissues, comprising a first ingredient being between five percent (5%) and sixty percent (60%) by volume of orange oil, a second ingredient being a pharmaceutically acceptable moisturizer for human skin and a third ingredient being an emulsifying agent in the form of an oat grain derivative product.

Claim 4, line 2, kindly cancel "3", and substitute --1--.

6, 10 (Once Amended) A skin cleaning composition for external use on human tissues, comprising orange oil, a pharmaceutically acceptable moisturizer for human skin and an oat grain derivative product as an emulsifying agent, wherein said composition has a pH within a range of 4.5 to 6.0, inclusively.

(once amended)
4-3-91 9. 11. A cleaning composition for use on human skin comprising forty-five percent (45%) or less by volume of orange oil, forty-five percent (45%) or less by volume of [an emulsifying agent,] oatmeal and a pharmaceutically acceptable moisturizer.

Claim 13, line 1, kindly cancel "12" and substitute --11--.

Kindly delete Claims 3 and 10.

REMARKS

This action is in response to the Examiner's Office Action of 20 December 1990 in which Claims 1-2, 5-9 and 11 were rejected and Claims 3-4, 10 and 12-15 were objected to in a final action.

Pursuant to the Examiner's suggestion Claim 1 has been amended to include the language of allowable claim 3. Claim 3 has been canceled. The dependency of Claim 4 has been accordingly changed. Claims 5 and 6 which depend from newly amended Claim 1 are believed allowable as written.

Independent Claim 7 now incorporates the language of allowable Claim 10 so that Claim 7 specifies the emulsifying agent is an oat grain derivative product. Claim 10 has been canceled. It is believed that claims 8 and 9 which depend from newly amended Claim 7 are patentable as written without further amendment.

Claim 11 now incorporates the additional language found in allowable Claim 12, and Claim 12 has been canceled. The dependency of Claim 13 has been correspondingly changed. These amendments have been made without prejudice to Applicants' right

to file a continuation or continuation-in-part of the original independent claims.

It is believed that the claims are now in condition for allowance. The Examiner is respectfully requested to enter this amendment and grant allowance in this manner, as the references do not fully and fairly disclose the invention as now claimed.

Respectfully submitted,

TIMOTHY J. MARTIN, P.C.

Timothy J. Martin, #28,640
Dana Rewoldt, #33,762
44 Union Blvd., Suite 620
Lakewood, Colorado 80228
(303) 988-0800

CERTIFICATE OF MAILING UNDER 37 C.F.R. 1.8

I hereby certify that the foregoing AMENDMENT is being deposited with the United States Postal Service as first-class mail, postage prepaid, in an envelope addressed to The Commissioner of Patents and Trademarks, Washington, DC 20231, on this 19th day of March, 1991.

# EXHIBIT L

**REDACTED**

# EXHIBIT M

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

RE: Patent Application for Douglas Greenspan et al
Serial No.: 07/786,804
Filed: November 4, 1991
For: CITRUS OIL COMPOSITIONS AND USES THEREOF

Date: June 16, 1997
Art Unit: 1500
Examiner: R. Bawa
Action: AMENDMENT

TO: The Commissioner of Patents and Trademarks
Washington, DC 20231

Sir:

In response the Decision by the Board of Patent Appeals and Interferences mailed April 15, 1997, Applicant elects to further prosecute this case before the Primary Examiner and requests that the application be amended as follows:

In the claims:

1. A method of externally treating human skin including the steps of:

applying to said skin a composition having a first ingredient being between five percent (5%) and sixty percent (60%) by volume of orange oil, a second ingredient being a pharmaceutically acceptable moisturizer for human skin [including] containing a plant material [such as plant oils and plant extract] and a third ingredient being an emulsifying agent in the form of a grain based derivative.

15. A method according to claim 1 wherein said composition is [operative] adapted when applied to human skin which is sunburned to reduce the peeling of the human skin resulting from said sunburn.

16. A method according to claim 1 wherein said composition is [operative] adapted when applied to human skin to repel insects from human tissue.



OCT. 3.1997 12:02PM TIMOTHY MARTIN PC NO.013 P.4

17. A method for treating acne on human skin comprising the step of applying a composition including forth-five percent (45%) or less by volume of orange oil, forty-five percent (45%) or less by volume of a grain based emulsifying agent in the form of a grain based derivative, and a pharmaceutically acceptable moisturizer including plant material [such as] selected from a group consisting of plant oils and plant extract to said acne on the human skin.

18. A [composition] method according to claim 17 wherein said emulsifying agent is oatmeal.

19. A [composition] method according to claim 17 wherein said moisturizer is a mixture of jojoba oil, aloe vera and glycerine.

20. A [composition] method according to claim [17] 19 wherein said mixture includes by volume four parts jojoba oil, five parts aloe vera and two parts glycerin.

21. A [composition] method according to claim [17] 19 wherein said mixture includes safflower oil.

25. A cleaning product comprising a towellet formed of an absorbent material, said towellet being impregnated with a cleaning composition and hermetically sealed in a packet member wherein said cleaning composition comprises a first ingredient being between five percent (5%) and sixty percent (60%) by volume of orange oil, a second ingredient being a pharmaceutically acceptable moisturizer for human skin including a plant material [such as] selected from a group consisting of plant oils and plant extract[, for human skin] and a third ingredient being a grain based emulsifying agent in the form of an oat grain based



OCT. 3.1997 12:03PM TIMOTHY MARTIN PC NO.013 P.5

BBW 008588

derivative product.

Kindly add the following claim:

26. A method according to claim 1 wherein said plant material is selected from a group consisting of: plant oils and plant extracts.

## Remarks

The present Amendment is in response to the Decision by the Board of Patent of Appeals and Interferences and is submitted in accordance with 37 C.F.R. §1.196(b)(1) for consideration by the Primary Examiner.

In its decision, the Board noted that the Examiner has not, to date, relied upon any prior art in rejecting the claims on appeal. With respect to the Examiner's rejections of claims 1-3, 5-21 and 25 under 35 U.S.C. §112(a), this has been reversed by the Board. The Board has, however, affirmed the rejection of these claims under 35 U.S.C. §112(b). In addition, the Board has entered new grounds of rejection pursuant to 37 C.F.R. §1.196(b) as well as raised various issues requiring the Examiner's attention. This response is specifically directed to these new grounds of rejection.

With respect to the new grounds of rejection, the Board has rejected claims 1-3, 5-21 and 25 under 35 U.S.C. §112(b) as being indefinite. Specifically, the Board maintains that the use of the phrase "such as" in claims 1, 17 and 25 raises the question as whether plant oils and plant extracts are exemplary or limiting. In response to this, an amendment is made to each of claims 17 and 25 to now recite, without being limiting, a plant material is selected from a group consisting of plant oils and

plant extract . . It is believed that the exemplary wording adequately addresses the Board's concerns under §112(b). Claim 1 has been amended to reflect that the second ingredient contains a plant material.

A new claim 26 has been added to include the deleted language from claim 1 that the plant material is either a plant oil or a plant extract. This claim makes a positive recitation of this limitation. No additional fling fee is believed necessary for this added claim, however, due to previous cancellation of claims for which the full filing fee was paid. The Commissioner is hereby authorized to charge any deficiency in the payment of the required fee(s) or credit any overpayment to Deposit Account No. 13-1940.

The Board also maintains that the scope of claims 15 and 16 is unclear in that there is no indication what, if anything, needs to be done so that the composition is "operative" for the stated purposes. In an effort to address these concerns of the Board, Appellant has amended claims 15 and 16 tea now recite that the composition is adapted to perform the stated purposes when applied to the human skin. Again, Appellant respectfully disagrees with the Board that the recitation "operative" is unclear by necessarily requiring that something actually be done to the composition in order for it to effectuate these results. Notwithstanding this, the word adapted is incorporated to remove any such perceived unclarity. That is, when the composition having the ingredients recited in claim 1 is applied to the skin, it is adapted to both reduce skin peeling and repel insects. Only application of the composition to human skin is required for

these things to happen.

The Board has correctly pointed out that claims 17-21 are indefinite and that claim 17 is directed to a method for treating acne on human skin while claims 18-21 are directed to compositions. Upon review of the previous amendments filed in this case, it appears that this inadvertent mistake arose as a result of an amendment filed on February 9, 1993. In the communication, claim 17 was amended to recite a method as opposed to a composition; however, Applicant inadvertently neglected to amend claims 18-21 accordingly. Therefore, the Examiner will please note that each of claims 18-19 has now been amended to recite a method, with claims 20 and 21 also amended to properly recite their dependence from dependent claim 19. These amendments fully address the Board's concerns and do not add any new matter to this application.

Claims 1, 2, 5-17 and 19-21 are rejected under 35 U.S.C. §112(a) as being non-enabled by the supporting specification. The Board deems certain statements made in the specification as an admission that the weed based derivatives recited in claims 1 and 17 are not useful as an emulsifying agent. The Examiner will please note that on May 15, 1997, Appellant submitted a request for modification of this portion of the Board's decision, maintaining that no such admissions of any kind were made. The Board has yet to render its decision on such request for modification. Accordingly, it is believed that a substantive response to the Board's enablement rejection, articulated on page 8 of its decision on appeal, is premature until such decision is rendered. Nonetheless, a copy of Appellant's request for



OCT. 3.1997 12:05PM TIMOTHY MARTIN PC NO.013 P.8

modification of decision on appeal is attached hereto and incorporated herein by reference.

Finally, the Board has entered two new rejections of some of the claims over the prior art. Specifically, claims 1-3 and 5-18 are rejected under 35 U.S.C. §103 as being obvious over the combination of Coleman, Dellutri and PDR 1969. Claim 25 is rejected as being obvious under 35 U.S.C. §103 over the combination above and further in view of PDR 1989. With respect to the first of these rejections, the Board briefly summarizes the respective teachings of Coleman, Dellutri and PDR 1969 and then maintains that the hypothetical person having knowledge of these references would have found it obvious to use the claimed composition to treat damaged skin.

While Appellant does not disagree with the respective teachings of the references, it is submitted that one of ordinary skill in this field would not be motivated to arrive at the claimed combination based on these teachings alone. With respect to each of independent claims 1, 17 and 25 a composition is required which broadly contains three ingredients - orange oil, a pharmaceutically acceptable moisturizer and an emulsifying agent in the form of a grain based derivative. The closest reference is Dellutri which describes a cleaning agent in the form of a hand cleaner which includes de-limonene obtained from orange oil and may also include, as an optional ingredient, aloe vera extract. Individually, Coleman describes the use of de-limonene obtained from citrus oils, such as orange oil, as a hand cleaner. Individually, PDR 1969 shows that colloidal oatmeal may be used to treat various skin conditions. There is nothing in

the prior art, however, to suggest that one would be inclined to utilize oatmeal in a hand cleaner that may or may not include aloe vera extract. Dellutri is specifically directed to a non-toxic cleaning agent which can provide heavy duty industrial cleaning, yet which is mild enough to prevent irritation of the user's skin. Column 1, lines 30-33. Accordingly, Dellutri is in no way concerned with a composition for externally treating human skin which has been damaged. As such, and notwithstanding the teachings of PDR 1969 and PDR 1989, there would be no reason to combine these teachings. At most, one of ordinary skill having knowledge of Coleman and Dellutri would look to other sources of art for additives that might enhance the cleansing properties of a hand cleaning agent. One having knowledge of Dellutri would also look to other art for cleansers which are particularly useful in industrial cleaning applications. The PDR 1969 and PDR 1989 references, on the other hand, are more particularly directed to damaged skin, not unclean hands. Accordingly, it is suggested that any such combination of the prior art as suggested by the Board would be arbitrary because Coleman/Dellutri are actually directed to addressing different needs than the PDR references. At most, Coleman/Dellutri teach compositions which may be applied to human skin but do not teach compositions which are directed to alleviating or treating skin which has been damaged.

Notwithstanding the above, it is anticipated that the Examiner will need to conduct a new prior art search based on the Board's recommendations and its decision. Moreover, there are no outstanding rejections to date of claims 19-21. Therefore,

while Appellant disagrees with the Board's determination of obviousness based on the new grounds of rejection, Appellant should be entitled to more fully address this issue after the Examiner has re-searched and re-evaluated the patentability of the pending claims in this application. It is also believed that any subsequent action by the Examiner in this regard should not be made final as it would necessarily contain new grounds of rejection.

Based on the foregoing, it is respectfully requested that the Examiner conduct a new prior art search based on the Board's recommendations and its decision. It is also respectfully requested that with the Board's determination of obviousness based on the new grounds of rejection, Appellant should be entitled to more fully address this issue after the Examiner has re-searched and re-evaluated the patentability of the pending claims in this application. It is also believed that any subsequent action by the Examiner in this regard should not be made final as it would necessarily contain new grounds of rejection. If any issues remain to be resolved prior to the granting of this application, it is requested that the Examiner contact the undersigned attorney for the Appellant.

Respectfully submitted,

TIMOTHY J. MARTIN, P.C.

[signature]

Timothy J. Martin, #28,640
9250 W. 5th Avenue, Suite 200
Lakewood, Colorado 80226
(303) 232-3388



OCT. 3.1997 12:02PM TIMOTHY MARTIN PC NO.013 P.11

**CERT_ICATE OF MAILING UNDER 37 F.R. 1.8**

I hereby certify that the attached AMENDMENT INCLUDING COPY OF REQUEST FOR MODIFICATION OF DECISION ON APPEAL is being deposited with the United States Postal Service as first-class mail in an envelope addressed to the Assistant Commissioner of Patents Office, Washington, DC 20231, on this 16th day of June, 1997.

[signature]



OCT. 3.1997 12:07PM TIMOTHY MARTIN PC NO.013 P.12