**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LP MATTHEWS, L.L.C. | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Civil Action No. 04-1507 (SLR) <br> ) |
| BATH & BODY WORKS, INC.; LIMITED BRANDS, INC.; KAO BRANDS CO. (f/k/a THE ANDREW JERGENS COMPANY); and KAO CORPORATION | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**PROPOSED JOINT FINAL PRETRIAL ORDER**

Pursuant to Local Rule 16.4 and the Court's Scheduling Order, Plaintiff LP Matthews, LLC ("LP Matthews" or "Plaintiff") and Defendants Bath & Body Works, Inc. ("BBW"), Limited Brands, Inc. ("Limited") (collectively "the Limited defendants"), Kao Brands Co. ("KBC"), and Kao Corporation ("Kao") (collectively "the Kao defendants") hereby file this Joint Pretrial Order. The following matters pertain to the trial scheduled to commence on December 4, 2006 before this Court.

**LP Matthews' Counsel:**

    Steven J. Balick, Esq. (I.D. # 2114)
    John G. Day, Esq. (I.D. # 2403)
    ASHBY & GEDDES
    222 Delaware Avenue
    17th Floor
    P.O. Box 1150
    Wilmington, DE 19899
    Office: 302-654-1888

Robert A. Auchter, Esq. (*pro hac vice*)
David P. Swenson, Esq. (*pro hac vice*)
Jeffrey I. Frey (*pro hac vice*)
T. Monique Jones, Esq. (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
Office:  202-775-0725

*Of Counsel*:  Ronald J. Schutz, Esq.
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office:  800-553-9910

**The Limited Defendants' Counsel:**

Francis G.X. Pileggi (#2624)
Sheldon K. Rennie (#3772)
FOX ROTHSCHILD LLP
919 North Market Street, Suite 1300
Wilmington, DE 19801
Office:  302-655-3667

*Of Counsel*:  John Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Ave
New York, NY 10017-4201

**The Kao Defendants' Counsel:**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Office:  302-984-6000

*Of Counsel*:  Arthur Neustadt
Stephen G. Baxter
Richard L. Chinn
OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
Office:  703-413-3000

## I.     NATURE OF THE CASE AND THE PLEADING

1.     This is a patent infringement action.  This action was initiated on December 8, 2004 when LP Matthews filed, but did not serve, a complaint charging defendants with infringement of U.S. Patent 5,063,062 ("the '062 patent") entitled "CLEANING COMPOSITIONS WITH ORANGE OIL."  (D.I. 1).  In its complaint, LP Matthews sought damages in an amount no less than a reasonable royalty, prejudgment interest, costs and injunctive relief.

2.     On February 2, 2005, LP Matthews filed an amended complaint in which it added an allegation of willful infringement and amended its prayer for relief to include a claim for treble damages based on alleged willfulness.  (D.I. 5).

3.     On February 28, 2005, KBC filed its answer to the amended complaint.  (D.I. 9).  In its answer, KBC denied LP Matthews' allegations of infringement and asserted defenses of non-infringement and invalidity of the '062 patent.

4.     On March 8, 2005, KBC filed a motion for summary judgment that KBC's Curel Ultra Healing Daily Moisture Therapy Lotion does not infringe the '062 patent.  (D.I. 12, 13).

5.     On March 22, 2005, LP Matthews filed a now withdrawn and replaced opposition to KBC's motion for summary judgment.  (D.I. 19).

6.     On April 4, 2005, the Limited defendants filed their answer, affirmative defenses and counterclaim.  (D.I. 22).  They also asserted affirmative defenses of non-infringement,

3

invalidity, prosecution history estoppel and lack of standing.  The Limited defendants also asserted counterclaims for a declaratory judgment of non-infringement and invalidity.

    7.    On April 5, 2005, Kao filed its answer to the amended complaint.  Kao's answer denied infringement and asserted affirmative defenses of invalidity and non-infringement.  (D.I. 23).

    8.    On September 30, 2005, KBC filed a motion to dismiss for lack of standing based on LP Matthews' failure to join a co-inventor Greenspan as a party.  (D.I. 88).  On October 24, 2006, LP Matthews filed its opposition to the motion to dismiss.  (D.I. 104).

    9.    On December 6, 2005, the Limited defendants filed a motion to dismiss for failure to join an indispensable party.  (D.I. 142).  LP Matthews opposed this motion.  (D.I. 164).

    10.    On June 29, 2006, KBC filed: (a) a motion for summary judgment of non-infringement as to all KBC products accused of infringement, (D.I. 249); (b) a motion for summary judgment of invalidity for lack of written description, (D.I. 247); and (c) a motion for summary judgment of invalidity based upon a subsequent Board of Appeals decision.  (D.I. 245).  LP Matthews opposed KBC's summary judgment motions (D.I. 290, 298 and 300) and filed separate motions for summary judgment of infringement.  (D.I. 263 and 267).

    11.    On July 3, 2006, the Limited defendants filed a motion for summary judgment for lack of standing.  (D.I. 256).  On July 6, 2006, they filed motions for summary judgment of unenforceability due to inequitable conduct (D.I. 258), non-infringement (D.I. 259), and invalidity under 35 U.S.C. § 102 (D.I. 265), § 103 (D.I. 268) and § 112 (D.I. 272).  LP Matthews opposed these motions.  (D.I. 302, 310, 312, 306, 313 and 309, respectively).

    12.    On September 21, 2006, the Court heard oral argument on the summary judgment and dismissal motions and other matters.  (D.I. 354).

**II.    JURISDICTION**

This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the parties are citizens of different states. Personal jurisdiction and venue are not disputed. The Limited defendants and the Kao defendants assert that LP Matthews lacks standing.

**III.    UNCONTROVERTED FACTS**

The following facts are not disputed or have been agreed to or stipulated to or by the parties:

1. There is one Plaintiff in this action: LP Matthews, LLC.

2. LP Matthews is a Virginia corporation having its principal place of business at 211 North Union Street, Alexandria, Virginia 22314.

3. There are four defendants in this action. Defendants are Bath & Body Works, Inc., Limited Brands, Inc., Kao Brands Co., and Kao Corporation.

4. Bath & Body Works, Inc. is a Delaware corporation having its principal place of business at Seven Limited Parkway East, Reynoldsburg, Ohio 43068.

5. Limited Brands, Inc. is a Delaware corporation having its principal place of business at Seven Limited Parkway East, Reynoldsburg, Ohio 43068.

6. The Limited defendants are engaged in the business of making and selling cosmetic products to consumers and corporate clients in the United States.

7. Kao Brands Co. is a Delaware corporation having its principal place of business at 2535 Spring Grove Avenue, Cincinnati, Ohio 45214-1773.

8.  Kao Corporation is a Japanese Corporation having its principal place of business at 14-10, Nihonbashi Kayabacho 1-chome, Chuo-ku, Tokyo 103-8210 Japan.

9.  There is only one patent at issue in this case: United States Patent No. 5,063,062 entitled "Cleaning Compositions with Orange Oil," issued on November 5, 1991.

10. The application for the '062 patent was filed in the United States on September 27, 1989.

11. Douglas H. Greenspan and Phillip A. Low are the named co-inventors of the '062 patent.

12. LP Matthews only asserts that defendants infringe claims 6 and 9 of the '062 patent.

13. Claim 1 of the '062 patent recites:

> 1. A skin cleaning composition adapted for external use on human tissues, comprising a first ingredient being between five percent (5%) and sixty percent (60%) by volume of orange oil, a second ingredient being a pharmaceutically acceptable moisturizer for human skin and a third ingredient being an emulsifying agent in the form of an oat grain derivative product.

14. Claim 2 of the '062 patent recites:

> 2. A skin cleaning composition according to claim 1 wherein said moisturizer is selected from a group consisting of: glycerin, aloe vera, jojoba oil, and safflower oil.

15. Claim 3 of the '062 patent recites:

> 3. A skin cleaning composition according to claim 1 wherein said oat grain derivative product is one of oat gum and oatmeal.

16. Claim 4 of the '062 patent recites:

> 4. A skin cleaning composition according to claim 1 wherein said first, second and third ingredients are selected and mixed in a ratio such that the resulting skin cleaning composition has a pH range of between 4.5 to 6.0, inclusively.

17. Claim 5 of the '062 patent recites:

   5. A skin cleaning composition according to claim 1 including as a fourth ingredient a buffering compound in a proportion such that the resulting composition is pH balanced within a range of 4.5 to 6.0, inclusively.

18. Claim 6 of the '062 patent reads:

   6. A skin cleaning composition for external use on human tissues, comprising orange oil, a pharmaceutically acceptable moisturizer for human skin and an oat grain derivative product as an emulsifying agent, wherein said composition has a pH within a range of 4.5 to 6.0, inclusively.

19. Claim 7 of the '062 patent reads:

   7. A skin cleaning composition according to claim 5 including a buffering compound.

20. Claim 8 of the '062 patent reads:

   8. A skin cleaning composition according to claim 5 wherein said moisturizer is selected from a group consisting of: glycerin, aloe vera, jojoba oil, safflower oil and glycerol stearate.

21. Claim 9 of the '062 patent reads:

   9. A cleaning composition for use on human skin comprising forty-five percent (45%) or less by volume of orange oil, forty-five percent (45%) or less by volume of oatmeal and a pharmaceutically acceptable moisturizer.

22. Claim 10 of the '062 patent reads:

   10. A cleaning composition according to claim 8 wherein said moisturizer is a mixture of jojoba oil, aloe vera and glycerin.

23. Claim 11 of the '062 patent reads:

   11. A cleaning composition according to claim 1 wherein said mixture includes by volume two parts jojoba oil, two parts aloe vera and one part glycerin.

24. Claim 12 of the '062 patent reads:

12. A cleaning composition according to claim 9 wherein said mixture includes safflower oil.

25. The Limited defendants manufacture, sell, or offer for sale the following 27 products:

Burt's Bees Citrus Facial Scrub
Burt's Bees Orange Essence Facial Cleanser
Cool Citrus Basil Body Lotion
Mango Mandarin Hand Repair & Healing Hand Cream
Mango Mandarin Skin Refining Body Scrub
Mango Mandarin Skin Repair & Healing Body Butter
Mango Mandarin Creamy Body Wash
Mango Mandarin Skin Renewal & Anti-Aging Body Wash
Mango Mandarin Body Lotion
Murad Acne Spot Treatment
Murad Resurgence Age-Diffusing Serum
Murad Resurgence Age-Balancing Night Cream
Murad Resurgence Sheer Lustre Day Moisture
Murad Skin Perfecting Lotion
Pure Simplicity Burdock Root Skin Mattifier
Pure Simplicity Everlasting Flower Night Nourisher
Pure Simplicity Fig Hydrating Hand & Nail Cream
Pure Simplicity Ginger Rejuvenating Body Scrub
Pure Simplicity Ginger Rejuvenating Body Lotion
Pure Simplicity Ginger Rejuvenating Hand & Nail Cream
Pure Simplicity Ginger Rejuvenating Shower Foam
Pure Simplicity Oat Oil-Control Face Moisturizer
Pure Simplicity Ginger Rejuvenating Body Balm
Pure Simplicity Fig Hydrating Body Balm
Pure Simplicity Salt Toning Body Balm
True Blue Spa Better Lather Than Never Bubble Bath and Shower Cream
True Blue Spa Good Clean Foam Face Wash

**IV.    DISPUTED ISSUES OF FACT**

A. LP Matthews' disputed issues of fact are attached hereto at Exhibit 1

B. The Kao defendants' disputed issues of fact are attached hereto at Exhibit 2.

C. The Limited defendants' disputed issues of fact are attached hereto at Exhibit 3.

8

V. **DISPUTED ISSUES OF LAW**

    A.    LP Matthews' disputed issues of law are attached hereto at Exhibit 4.

    B.    The Kao defendants' disputed issues of law are attached hereto at Exhibit 5.

    C.    The Limited defendants' disputed issues of law are attached hereto at Exhibit 6.

VI. **WITNESSES**

    A.    LP Matthews' witness list is attached hereto at Exhibit 7.

    B.    The Kao defendants' witness list is attached hereto at Exhibit 8.

    C.    The Limited defendants' witness list is attached hereto at Exhibit 9.

VII. **EXHIBITS**

The parties may offer as exhibits at trial one or more of the exhibits set forth in their respective trial exhibit lists. These lists include the exhibit number to be used at trial, and a description sufficient to identify the exhibit to the other party, such as a production number, deposition exhibit number, or otherwise.

    A.    LP Matthews' exhibit list is attached hereto at Exhibit 10.

    B.    The Kao defendants' exhibit list is attached hereto at Exhibit 11.

    C.    The Limited defendants' exhibit list is attached hereto at Exhibit 12.

VIII. **CLAIMS AND DEFENSES OF THE PARTIES**

    A.    **LP MATTHEWS' CLAIMS**

        1.    The Kao defendants' Curél Ultra Healing Lotion infringes claims 6 and 9 of the '062 patent.

        2.    The Kao defendants' Curél Extreme Care Body Lotion infringes claims 6 and 9 of the '062 patent.

      3.      The Kao defendants' Curél Extreme Care Body Cleanser infringes claims 6 and 9 of the '062 patent.

      4.      The Kao defendants' Curél Extreme Care Facial Wash infringes claims 6 and 9 of the '062 patent.

      5.      The Kao defendants' infringement was and is willful.

      6.      Burt's Bees Citrus Facial Scrub sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

      7.      Burt's Bees Orange Essence Facial Cleanser sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

      8.      Cool Citrus Basil Body Lotion made, sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

      9.      Mango Mandarin Creamy Body Wash made, sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

      10.      Mango Mandarin Skin Renewal & Anti-Aging Body Wash made, sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

      11.      Mango Mandarin Body Lotion made, sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

      12.      Murad Acne Spot Treatment sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

      13.      Murad Resurgence Age-Diffusing Serum sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

      14.      Murad Resurgence Age-Balancing Night Cream sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

15. Murad Resurgence Sheer Lustre Day Moisture sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

16. Murad Skin Perfecting Lotion sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

17. Pure Simplicity Burdock Root Skin Mattifier made, sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

18. Pure Simplicity Everlasting Flower Night Nourisher made, sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

19. Pure Simplicity Fig Hydrating Hand & Nail Cream made, sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

20. Pure Simplicity Ginger Rejuvenating Body Scrub made, sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

21. Pure Simplicity Ginger Rejuvenating Body Lotion made, sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

22. Pure Simplicity Ginger Rejuvenating Hand & Nail Cream made, sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

23. Pure Simplicity Ginger Rejuvenating Shower Foam made, sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

24. Pure Simplicity Oat Oil-Control Face Moisturizer made, sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

25. True Blue Spa Better Lather Than Never Bubble Bath and Shower Cream made, sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

26. True Blue Spa Good Clean Foam Face Wash made, sold or offered for sale by the Limited defendants infringes claims 6 and 9 of the '062 patent.

27. Pure Simplicity Ginger Rejuvenating Body Balm made, sold or offered for sale by the Limited defendants infringes claim 6 of the '062 patent.

28. Pure Simplicity Fig Hydrating Body Balm made, sold or offered for sale by the Limited defendants infringes claim 6 of the '062 patent.

29. Pure Simplicity Salt Toning Body Balm made, sold or offered for sale by the Limited defendants infringes claim 6 of the '062 patent.

30. Mango Mandarin Hand Repair & Healing Hand Cream made, sold or offered for sale by the Limited defendants infringes claim 6 of the '062 patent.

31. Mango Mandarin Skin Refining Body Scrub made, sold or offered for sale by the Limited defendants infringes claim 6 of the '062 patent.

32. Mango Mandarin Skin Repair & Healing Body Butter made, sold or offered for sale by the Limited defendants infringes claim 6 of the '062 patent.

33. The Limited defendants' infringement was and is willful.

In support of its claims, LP Matthews expects to offer the proofs set forth in Exhibit 13.

**B.   DEFENDANTS' DEFENSES**

1. In support of their defenses, the Kao defendants expect to offer the proofs as set forth in Exhibit 14.

2. In support of their defenses and counterclaims, the Limited defendants expect to offer the proofs as set forth in Exhibit 15.

**IX.   AMENDMENTS OF THE PLEADINGS**

The parties do not anticipate further amendments to the pleadings.

**X.     OTHER MATTERS**

      A.    LP Matthews' request to bifurcate is attached hereto at Exhibit 16.

      B.    The Kao defendants' request to bifurcate is attached hereto at Exhibit 17.

      C.    The parties' proposed jury instructions are attached hereto at Exhibit 18.

      D.    LP Matthews' proposed voir dire is attached hereto at Exhibit 19.

      E.    The Limited defendants' proposed voir dire is attached hereto at Exhibit 20.

      F.    LP Matthews' special verdict form is attached hereto at Exhibit 21.

      G.    The Kao defendants' special verdict form is attached hereto at Exhibit 22.

      H.    The Limited defendants' special verdict form is attached hereto at Exhibit 23.

      I.    The Kao defendants' proposed voir dire is attached hereto at Exhibit 24.

**XI.    CERTIFICATION OF COMMUNICATION**

The parties hereby certify that two way communication has occurred between persons having authority in a good faith effort to explore resolution of the controversy by settlement. To date, the parties have been unable to reach an agreement.

***

This order shall control the subsequent course of action unless modified by the Court to prevent manifest injustice.

Respectfully submitted,

| | |
|---|---|
| /s/ Steven J. Balick<br>By:_____<br>Steven J. Balick, Esq. (I.D. # 2114)<br>John G. Day, Esq. (I.D. # 2403)<br>ASHBY & GEDDES<br>222 Delaware Avenue<br>17th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Office:     302-654-1888<br><br>Robert A. Auchter, Esq. (*pro hac vice*)<br>David P. Swenson, Esq. (*pro hac vice*)<br>Jeffrey I. Frey (*pro hac vice*)<br>T. Monique Jones, Esq. (*pro hac vice*)<br>ROBINS, KAPLAN, MILLER &<br>CIRESI L.L.P.<br>1801 K Street, Suite 1200<br>Washington, D.C. 20006<br>Office: 202-775-0725<br><br>*Of Counsel*: Ronald J. Schutz, Esq.<br>ROBINS, KAPLAN, MILLER &<br>CIRESI L.L.P.<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402-2015<br>Office: 800-553-9910<br><br>*Attorneys for Plaintiff*<br>*LP Matthews, L.L.C.* | /s/ David E. Moore<br>By:_____<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>Tel.:  (302) 984-6000<br>Fax:  (302) 658-1192<br><br>Arthur I. Neustadt<br>Steven G. Batxer<br>Richard L. Chinn<br>Oblon, Spivak, McClelland,<br>   Maier & Neustadt, P.C.<br>1940 Duke St.<br>Alexandria, VA 22314<br>Tel.:  (703) 413-3000<br>Fax:  (703) 413-2220<br><br>*Attorneys for Defendants Kao Brands Co.*<br>*and Kao Corporation*<br><br>/s/ Sheldon Rennie<br>By:_____<br>Francis G.X. Pileggi<br>Sheldon Rennie<br>Fox Rothschild LLP<br>919 Market Street<br>Suite 1300<br>Wilmington, DE   19801<br><br>John F. Ward<br>David M. Hill<br>Michael J. Zinna<br>Ward & Olivo<br>708 Third Ave<br>New York, NY 10017-4201<br>*Attorneys for Defendants*<br>*Bath & Body Works, Inc. and Limited*<br>*Brands, Inc.* |

SO ORDERED:

_____                    _____
Date                                                United States District Court
                                                    Chief Judge Sue L. Robinson