# EXHIBIT 11A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1507 (SLR) |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED BRANDS, INC.; KAO BRANDS CO. (f/k/a THE ANDREW JERGENS COMPANY); and KAO CORPORATION | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**PLAINTIFF LP MATTHEWS' OBJECTIONS TO KAO BRANDS CO. AND KAO CORPORATION'S PROPOSED TRIAL EXHIBITS**

Plaintiff LP Matthews, LLC ("LP Matthews") submits the schedule at Exhibit 11A setting forth its specific objections to the proposed trial exhibits of defendants Kao Brands Co. and Kao Corporation (collectively "the Kao defendants"). LP Matthews also asserts the following General Objections to the Kao defendants' proposed trial exhibits:

1.  LP Matthews reserves the right to assert objections to any exhibits offered by the Kao defendants based upon the manner in which the Kao defendants may ultimately seek to introduce such exhibits at trial. In that regard, because the relevancy and/or prejudicial nature of certain exhibits is not clear, even after a review of the exhibit itself, LP Matthews may have objections in addition to the objections set forth in the attached schedule. Thus, in an effort to minimize relevancy, prejudice and other objections at this time, LP Matthews will make such other objections as may be appropriate when the purpose for which the Kao defendants will offer the exhibit at trial becomes clear.

2. LP Matthews reserves the right to seek limiting instructions as to any proposed trial exhibit which this Court ultimately finds admissible. LP Matthews also reserves the right to offer evidence in response to the Kao defendants' trial exhibits to which LP Matthews objects, but which are admitted over such objections.

3. LP Matthews reserves the right to object to the admission of any proposed trial exhibit on grounds of improper foundation unless and until a proper foundation is established at trial.

4. LP Matthews reserves the right to object to the admission of any trial exhibit for which no witness testifies at trial either live or by deposition.

## SPECIFIC OBJECTIONS

The specific objections in the attached schedule are divided into evidentiary categories. Each category of objections is explained below.

A. <u>Authenticity Objections ("A")</u>. Refers to proposed exhibits as to which LP Matthews questions the authenticity, including exhibits about which no witness has testified, exhibits for which no foundation has been laid, exhibits containing unidentified handwriting, and exhibits whose source or date of origin is not clear from the document. *See* Fed. R. Evid. 901.

B. <u>Best Evidence Objections ("BE")</u>. Refers to exhibits that are only duplicates of original writings – not the originals – are otherwise illegible copies, or copies of tangible objects. *See* Fed. R. Evid. 1002.

C. <u>Cumulative Objections ("C")</u>. Refers to exhibits that are merely cumulative of other exhibits and therefore ought to be excluded based on considerations of waste of time and needless presentation of evidence. *See* Fed. R. Evid. 403, 611.

D. <u>Document Request Objections ("DRO")</u>. Refers to LP Matthews' discovery responses to requests for documents that are identified on the Kao defendants' trial exhibit list. This objection incorporates LP Matthews' general and specific objections made in those discovery responses.

E. <u>Hearsay Objections ("H")</u>. Refers to proposed exhibits which contain out-of-court statements to prove the truth of the matter asserted, including exhibits that do not appear to constitute party-opponent admissions or record a regularly conducted business activity. *See* Fed. R. Evid. 802.

F. <u>Incomplete Document Objections ("ID")</u>. Refers to exhibits that are missing pages or only represent a portion of the whole document, which taken out of context may mislead or confuse the jury. *See* Fed. R. Evid. 106, 403.

G. <u>Interrogatory Objections ("IO")</u>. Refers to LP Matthews' discovery responses to interrogatory requests that are identified on the Kao defendants' trial exhibit list. This objection incorporates LP Matthews' general and specific objections made in those discovery responses.

H. <u>Misrepresents Evidence Objections ("M")</u>. Refers to exhibits that, unless read in conjunction with other documents, may mislead the jury. *See* Fed. R. Evid. 106, 403.

I. <u>Relevance Objections ("R")</u>. Refers to exhibits that do not appear to have any probative link to any of the claims or defenses asserted in this action. *See* Fed. R. Evid. 402.

J. <u>Inadequate Description Objections ("V")</u>. Refers to exhibits identified on the Kao defendants' trial exhibit list that do not contain a sufficient description to enable LP Matthews to ascertain the nature of the exhibit. *See* D. Del. L.R. 16.4(d)(6).

K. <u>Request for Admission Objections ("RFAO")</u>. Refers to LP Matthews' discovery responses to requests for admissions that are identified on the Kao defendants' trial exhibit list.

This objection incorporates LP Matthews' general and specific objections made in those discovery responses.

L. <u>Improper Expert Opinion Objections ("702")</u>. Refers to exhibits pertaining to expert materials that are inadmissible in that they contain expert opinions that are not based on good grounds or are otherwise unreliable. *See* Fed. R. Evid. 702.

M. <u>Attorney Argument Objections ("AA")</u>. Refers to exhibits that contain attorney argument and are otherwise argumentative, including exhibits prepared for trial or for purposes of litigation, and pleadings that contain arguments previously submitted to the Court. All such materials constitute hearsay, include attorney argument and the parties' contentions, and are irrelevant to the matters that are to be tried to the jury. *See* Fed. R. Evid. 402, 403, 802.

N. <u>Pleadings Objections ("PL")</u>. Refers to briefs, motions, and other pleadings included on the Kao defendants' trial exhibit list. All such materials constitute hearsay, include attorney argument and the parties' contentions, and are irrelevant to the matters that are to be tried to the jury. *See* Fed. R. Evid. 402, 403, 802.

O. <u>Undesignated Discovery Responses ("DR")</u>. Refers to discovery responses included on the Kao defendants' trial exhibit list, but without an indication of which specific response they intend to rely upon at trial as required by the Court's Scheduling Order. Accordingly, LP Matthews objects to the wholesale designation of such responses. *See* D. Del. L.R. 16.4(d)(6).

P. <u>Correspondence Objections ("CO")</u>. Refers to cover letters and other written communication by counsel on the Kao defendants' trial exhibit list. Such communications are hearsay and/or are not relevant. *See* Fed. R. Evid. 402, 802.

Q. <u>Declarations and Reports Produced by Experts ("EX")</u>. Refers to declarations and reports produced by the Kao defendants' experts in connection with this litigation. All such reports and declarations constitute hearsay. *See* Fed. R. Evid. 702, 802.

R. <u>Unfairly Prejudicial Objections ("UP")</u>. Refers to exhibits whose probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and/or misleading the jury. *See* Fed. R. Evid. 403.

Dated: October 16, 2005

By: /s/ Steven J. Balick
Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Office: 302-654-1888

Of Counsel:

Ronald J. Schutz, Esq. (*pro hac vice*)
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office: 800-553-9910

Robert A. Auchter, Esq. (*pro hac vice*)
David P. Swenson, Esq. (*pro hac vice*)
Jeffrey I. Frey, Esq. (*pro hac vice*)
T. Monique Jones, Esq. (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1801 K Street, Suite 1200
Washington, DC 20006
Office: 202-775-0725

DC1 45690052.1

# EXHIBIT 11B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1507 (SLR) |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED BRANDS, INC.; KAO BRANDS CO. (f/k/a THE ANDREW JERGENS COMPANY); and KAO CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF LP MATTHEWS' OBJECTIONS TO THE KAO DEFENDANTS' TRIAL EXHIBITS LIST**

**INDEX OF ABBREVIATION**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| A | Authenticity | BE | Best Evidence | C | Cumulative | | |
| DRO | Document Request Objections | H | Hearsay | ID | Incomplete Document | | |
| IO | Interrogatory Objections | M | Misrepresents Evidence | R | Relevance | | |
| V | Inadequate Description | RFAO | Request for Admission Objections | 702 | Improper Expert Opinion | | |
| AA | Attorney Argument | PL | Pleadings | CO | Correspondence | | |
| DR | Undesignated Discovery Responses | EX | Declaration and reports by experts | UP | Unfairly Prejudicial | | |

1

| TRIAL Ex. No. | Production Nos./ Other Designation | DESCRIPTION | LPM'S OBJECTION |
|---|---|---|---|
| 1 | KBC0001 | Curel Extreme Care body lotion spec sheet | |
| 2 | KBC0004 | Curel Ultra healing body lotion spec sheet | |
| 3 | KBC0042 | Curel Extreme Care facial wash lotion spec sheet | |
| 4 | KBC0047 | Curel Extreme Care body cleanser spec sheet | |
| 5 | KBC0461-0468 | Consumer fragrance evaluations | |
| 6 | KBC0469-0471 | KBC presentation of fragrance proposal | H, A, R, ID |
| 7 | KBC0472-0479 | KBC notebook records formulating w/orange oil as fragrance | |
| 8 | KBC0480-0501 | Consumer sniff test results | |
| 9 | KBC0502-0504 | Fragrance proposal with orange oil | A, R, H |
| 10 | KBC0505-0509 | Fragrance proposal with orange oil | A, R, H |
| 11 | KBC0513-0518 | Consumer fragrance evaluations | R, BE |
| 12 | KBC0831-0852 | KBC notebook records for formulation development | |
| 13 | KBC0853-0888 | KBC notebook records for formulation development | |
| 14 | LPM0007-0008 | Patent assignment | R, BE |
| 15 | LPM0009-0010 | Patent assignment | R, BE |
| 16 | LPM0015-0024 | Assignment agreement | R, BE |
| 17 | LPM0036-0087 | LPM operating agreement | R |
| 18 | LPM0089 | Assignment agreement | R, H, BE |
| 19 | LPM 0100-0120 | Assignment agreement | R, H, BE |
| 20 | | June 26, 2006 Declaration of David Story in Support of KBC's Motions for Summary Judgment of (1) Non-Infringement and (2) Invalidity, and Exhibits 1-6 thereto | H, R, BE |
| 21 | | March 8, 2005 Declaration of David Story in Support of KBC's Motion for Summary Judgment of Non-Infringement, and Exhibit 1 thereto | |

2

| TRIAL Ex. No. | Production Nos./ Other Designation | DESCRIPTION | LPM'S OBJECTION |
|---|---|---|---|
| 22 | | Exhibit 1 to the Declaration of Richard Chinn in Support of KBC's Motion for Summary Judgment of Invalidity Based Upon a Subsequent Board Decision | R, C, UP |
| | | Decision of the Board of Patent Appeals and Interferences in connection with the prosecution of a CIP application to the '062 patent, dated April 15, 1997. | |
| 23 | | U.S. Patent No. 4,620,937 ("Dellutri"), cited in Exhibit 22 | A |
| 24 | | R.L. Coleman, "D-Limonene as a Degreasing Agent," Citrus Industry, pp. 23-25 (November 1975), cited in Exhibit 22 | H, A |
| 25 | | Physicians' Desk Reference (PDR 1969 and 1989), p. 655 (1989 ed) and pp. 665-66 (1969 ed), both cited in Exhibit 22 | R, C, ID, BE, A, H, UP |
| 26 | | U.S. PTO prosecution history of application S/N 07/413,395 (now the '062 patent) | A, BE |
| 27 | | U.S. PTO prosecution history of application S/N 07/786,804, which is a CIP of the application which issued as the '062 patent. | A, BE, R, UP |
| 28 | | U.S. Patent No. 4,454,118 ("Johnson") | R, C |
| 29 | | U.S. Patent No. 4,014,995 ("Juliano") | A |
| 30 | | U.S. Patent No. 2,436,818 ("Muscher") | R, C |
| 31 | | U.S. Patent No. 5,076,954 | R, C |
| 32 | | U.S. Patent No. 5,089,269 | R, C |