# EXHIBIT 13

**Exhibit 13**
*LP Matthews, LLC v. Bath & Body Works, Inc., et al.*
**LP Matthews' Anticipated Proofs**

LP Matthews intends to prove by a preponderance of the evidence that both the Kao defendants and the Limited defendants infringe claims 6 and 9 of the '062 patent, either literally or by the doctrine of equivalents. With respect to the Kao defendants, there is no dispute that the oat, moisturizer, and pH claim elements of the '062 patent read on their accused products. LP Matthews will therefore prove that each of the Kao defendants' Curél Ultra Healing Lotion, Curél Extreme Care Facial Wash, Curél Extreme Care Body Cleanser, and Curél Extreme Care Body Lotion accused products are skin cleaning compositions and contain at least 0.01% orange oil, meeting the other two elements of claims 6 and 9.

In a similar fashion, LP Matthews will establish that the following Limited defendants' accused products infringe claims 6 and 9 of the '062 patent, either literally or under the doctrine of equivalents: Burt's Bees Citrus Facial Scrub, Burt's Bees Orange Essence Facial Cleanser, Cool Citrus Basil Body Lotion, Mango Mandarin Creamy Body Wash, Mango Mandarin Skin Renewal & Anti-Aging Body Wash, Mango Mandarin Body Lotion, Murad Acne Spot Treatment, Murad Resurgence Age-Diffusing Serum, Murad Resurgence Age-Balancing Night Cream, Murad Resurgence Sheer Lustre Day Moisture, Murad Skin Perfecting Lotion, Pure Simplicity Burdock Root Skin Mattifier, Pure Simplicity Everlasting Flower Night Nourisher, Pure Simplicity Fig Hydrating Hand & Nail Cream, Pure Simplicity Ginger Rejuvenating Body Scrub, Pure Simplicity Ginger Rejuvenating Body Lotion, Pure Simplicity Ginger Rejuvenating Hand & Nail Cream, Pure Simplicity Ginger Rejuvenating Shower Foam, Pure Simplicity Oat Oil-Control Face Moisturizer, True Blue Spa Better Lather Than Never Bubble Bath and Shower Cream, and True Blue Spa Good Clean Foam Face Wash. Supporting evidence will demonstrate

that the Limited defendants' accused products infringe claim 6 because they are cleaning compositions for human skin, contain at least 0.01% orange oil, an oat grain derivative product functioning as an emulsifying agent, one or more pharmaceutically-acceptable moisturizers, and have a pH between 4.0 and 6.5. LP Matthews also intends to prove that the accused products infringe claim 6 by the doctrine of equivalents in that they include composition ingredients that perform substantially the same function in the substantially same way to achieve substantially the same result as the orange oil, oat grain derivative product, moisturizer, and pH elements of the cleaning composition disclosed in claim 6. Similarly, the accused products infringe claim 9 due to the fact that they are cleaning compositions containing at least 0.01% orange oil, a moisturizer, and oatmeal. As with claim 6, LP Matthews will also prove that the accused products infringe claim 9 by the doctrine of equivalents in that they include composition ingredients that perform substantially the same function in the substantially same way to achieve substantially the same result as the orange oil, oatmeal, and moisturizer elements of the cleaning composition disclosed in claim 9.

    LP Matthews will further establish that it is entitled to damages in the form of a reasonable royalty in the amount necessary to separately compensate LP Matthews for the Kao defendants' and the Limited defendants' use of the invention based upon the total sales of the accused products. LP Matthews will prove that this reasonable royalty is that which would have been established in hypothetical negotiations at the time of infringement between LP Matthews as a willing licensor and the Kao defendants as willing licensees; and between LP Matthews as a willing licensor and the Limited defendants as willing licensees. Proof will be offered in the form of documents, witness testimony, expert testimony, the Kao defendants' and the Limited

defendants' anticipated profits as evidenced by actual profits, and what LP Matthews would have required to grant a license.

In addition to establishing a reasonable royalty, LP Matthews will show that the Kao defendants and the Limited defendants willfully infringed and continue to willfully infringe claims 6 and 9 of the '062 patent, entitling LP Matthews to enhanced damages. LP Matthews will also establish that it is entitled to a permanent injunction against the Kao defendants' and the Limited defendants' continuing infringement of the '062 patent. Moreover, the evidence presented will prove that both pre-judgment and post-judgment interest, costs, and a post-judgment equitable accounting should be awarded in LP Matthews' favor. Finally, LP Matthews intends to prove that the '062 patent is neither invalid nor unenforceable.

# EXHIBIT 14

Case 1:04-cv-01507-SLR   Document 357-6   Filed 10/16/2006   Page 5 of 17

**Exhibit 14**
*LP Matthews, LLC v. Bath & Body Works, Inc., et al.*
**The Kao defendants' Anticipated Proofs**

1.  Subject to LPM's burden of proof on infringement, Kao intends to prove that the accused products do not infringe either claim 6 or 9 of the '062 patent. Neither of these claims is infringed because each of the accused products contains less than 0.035% of orange oil by volume, which is more than 100 times less than the 5% minimum required for sufficient cleaning as stated in the '062 patent. Moreover, two of the accused products are not skin cleaning compositions as required by claims 6 and 9. *See* KBC's Motion for Summary Judgment of Non-Infringement. (D.I. 249).

2.  Kao also intends to prove that the '062 patent is invalid for lack of written description. The specification provides that the orange oil content must be at least 5% by volume of the composition. LPM asserts that the asserted claims cover products with 0.035% by volume orange oil. There is no written description of a composition wherein the orange oil content is 0.035% by volume. Additionally, the asserted claims require "a skin cleaning composition." LPM accuses a moisturizing lotion of infringement. There is no written description for a moisturizing lotion. *See* KBM's Motion for Summary Judgment of Invalidity for Lack of Written Description. (D.I. 247).

3.  Kao also intends to prove that claims 6 and 9 of the '062 patent are invalid for obviousness based upon the prior art. *See* Dr. Lochhead's expert report on invalidity and KBC's Motion for Summary Judgment of Invalidity Based Upon a Subsequent Board Decision. (D.I. 245).

4.  Kao also intends to prove that LPM lacks standing to bring this suit. LPM has no legal or equitable interest in the '062 patent independent from the terms of a champertous

assignment. *Hall v. State of Delaware*, 655 A.2d 827 (Del. Super. 1994). *See also* KBC's Motion to Dismiss for Lack of Standing (D.I. 88).

5. Kao also intends to prove with respect to a reasonable royalty that, in a hypothetical negotiation, it might have been willing to pay a small lump sum to avoid modifying its product, but it would have been unwilling to pay more than $25,000 and certainly would have been unwilling to pay more than $50,000. *See* Dr. Jizmagian's expert report.

# EXHIBIT 15

Case 1:04-cv-01507-SLR Document 357-6 Filed 10/16/2006 Page 8 of 17

**Exhibit 15**
*LP Matthews, LLC v. Bath & Body Works, Inc., et al.*
**The Limited defendants' Anticipated Proofs**

BBW expects that it will offer the following proof at trial, subject to revision based on the Court's rulings on claim construction and the pending motions:

## Background

BBW will introduce evidence regarding:

1. The business of BBW, including its history, research, development, products, awards, acclaim, marketing, sales, customer support, advertising, patents, business model, and other background information.

2. The business of LPM, including its history, products, marketing, sales, advertising, business model, growth, support and/or product issues, stability and/or financial issues, and other background information.

3. The business of the Greenspan Corporation, including its history, products, marketing, sales, advertising, business model, growth, support and/or product issues, stability and/or financial issues, and other background information.

4. The parties that are indispensable to this lawsuit.

5. The market for cosmetic products.

6. The patent-in-suit and the prosecution that led to issuance of the same, the field of the invention and state of the art when the '062 patent was filed, the level of skill in the art and the prior art.

7. The independent creation, design, and development of BBW's Accused Products.

**Invalidity of the '062 Patent**

BBW will prove:

8. Claims 6 and 9 of the '062 patent are invalid under 35 U.S.C. § 102.

9. Claims 6 and 9 of the '062 patent are invalid under 35 U.S.C. § 103.

10. Claims 6 and 9 of the '062 patent are invalid under 35 U.S.C. § 112 for indefiniteness.

11. Claims 6 and 9 of the '062 patent are invalid under 35 U.S.C. § 112 for failure to meet the written description requirement.

12. Claims 6 and 9 of the '062 patent are invalid under 35 U.S.C. § 112 for lack of enablement.

**Unenforceability of the '062 Patent**

**Inequitable Conduct**

BBW will prove:

13. Individuals associated with the filing or prosecution of the '062 patent withheld from or misrepresented information to the United States Patent & Trademark Office.

14. The withheld or misrepresented information was material.

15. The information was withheld or misrepresented with the intent to mislead or deceive the United States Patent & Trademark Office.

## Lack of Standing

BBW will prove:

16. The original assignment of the '062 patent to LPM did not convey ownership of the '062 patent to LPM.

17. Greenspan and Ingram did not convey ownership of the '062 patent to the Greenspan Corporation or the Greenspan Company prior to the filing of this lawsuit.

18. Greenspan Corporation could not convey rights in the '062 patent to LPM because it did not have title to the patent prior to the filing of this lawsuit.

19. LPM did not possess any rights in or to the '062 patent at the time this lawsuit was filed on December 8, 2004.

- 4 -

## MATTERS ON WHICH PLAINTIFF BEARS THE BURDEN OF PROOF

**Noninfringement**

BBW will provide evidence that rebuts:

20. LPM's assertion that BBW literally infringes claims 6 and 9 of the '062 patent.

**Invalidity**

BBW will provide proof that rebuts:

21. Any evidence of secondary indicia of nonobviousness, and any evidence of a purported nexus between alleged secondary indicia and the purported inventions of the patent-in-suit.

**Damages and Willfulness**

BBW will introduce evidence that rebuts:

22. Any evidence that BBW's alleged infringement of the patent-in-suit renders BBW liable to LPM for an amount greater than a reasonable royalty for each accused product sold by BBW. BBW will also introduce proof that rebuts LPM's calculation of damages, and supports BBW's claim of damages.

23. Any evidence that BBW's alleged infringement of the patent-in-suit renders BBW liable to LPM for an amount adequate to compensate LPM for the harm it has allegedly suffered.

- 5 -

24. Any evidence of actual notice provided to BBW of its alleged infringement of the patent-in-suit.

25. Any evidence that LPM's alleged infringement of the patent-in-suit was willful.

26. Any evidence that LPM is entitled to injunctive relief.

**Exceptional Case and Attorneys' Fees**

BBW will introduce proof that rebuts:

27. Any evidence that this action as against BBW qualifies as an "exceptional case" under 35 U.S.C. § 285.

28. Any evidence that the status of this action as against BBW as an "exceptional case" warrants an award of attorneys' fees to LPM.

BBW will introduce proof that:

29. This action against BBW qualifies as an "exceptional case" under 35 U.S.C. § 285.

30. This action against BBW as an "exceptional case" warrants an award of attorneys' fees to BBW.

# EXHIBIT 16

**Exhibit 16**
*LP Matthews, LLC v. Bath & Body Works, Inc., et al.*
**LP Matthews' Request to Bifurcate**

LP Matthews requests that the Court bifurcate the Limited defendants' affirmative defense of inequitable conduct from the remaining issues to be decided by the Court and the jury. Specifically, because inequitable conduct is an equitable defense to be decided by this Court, LP Matthews requests that the Court conduct a separate bench trial on that issue. If this Court declines to bifurcate inequitable conduct, LP Matthews requests that the Court permit the jury to render an advisory opinion on the Limited defendants' affirmative defense of inequitable conduct. LP Matthews has included a jury instruction on inequitable conduct in its proposed jury instructions, but only consents to an advisory opinion by the jury.

# EXHIBIT 17

Case 1:04-cv-01507-SLR    Document 357-6    Filed 10/16/2006    Page 16 of 17

**Exhibit 17**
***LP Matthews, LLC v. Bath & Body Works, Inc., et al.***
**The Kao defendants' Request to Bifurcate**

Kao requests that to prevent significant jury confusion, the Court bifurcate LPM's case against Kao from LPM's case against BBW.

There is no relationship between the accused products of Kao and the accused products of BBW. Kao has only four accused products while BBW has twenty five accused products.

Although there is some overlap, Kao and BBW have significantly different non-infringement defenses. Similarly, although there is some overlap, Kao and BBW also have significantly different invalidity defenses. The jury is likely to be confused by different non-infringement and invalidity defenses by different parties for almost thirty accused products.