# EXHIBIT 18

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **LP MATTHEWS, L.L.C.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 04-1507-SLR** |
| **v.** | ) | |
| | ) | |
| **BATH & BODY WORKS, INC., LIMITED** | ) | |
| **BRANDS, INC.; KAO BRANDS CO.** | ) | |
| **(f/k/a THE ANDREW JERGENS** | ) | **JURY TRIAL DEMANDED** |
| **COMPANY); and KAO CORPORATION** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED JURY INSTRUCTIONS

# TABLE OF CONTENTS

PRELIMINARY INSTRUCTIONS ................................................................................ 1
   1.0     Introduction .......................................................................................................... 1
   1.1     Alternative – Based On 1993 District Of Delaware Instruction ...................... 2
GENERAL INSTRUCTIONS ...................................................................................... 5
   2.0     General Instruction ............................................................................................. 5
   2.1     Introduction .......................................................................................................... 6
   2.2     DUTIES AS JURORS ........................................................................................ 7
   2.3     Juror's Duties ...................................................................................................... 8
   2.4     BURDEN OF PROOF ........................................................................................ 9
   2.5     Burdens of Proof ............................................................................................... 10
   2.6     EVIDENCE ......................................................................................................... 12
   2.7     Evidence Defined .............................................................................................. 13
   2.8     WITNESS – CONFLICTS IN TESTIMONY .................................................. 15
   2.9     Credibility of Witnesses ................................................................................... 16
   2.10   Number of Witnesses ........................................................................................ 17
   2.11   DIRECT AND CIRCUMSTANTIAL EVIDENCE ........................................ 18
   2.12   Direct and Circumstantial Evidence ............................................................... 19
   2.13   Consideration of Evidence ............................................................................... 20
   2.14   Expert Witnesses .............................................................................................. 21
   2.15   Expert Witnesses .............................................................................................. 22
THE PARTIES AND THEIR CONTENTIONS .......................................................... 23
   3.0     Course Of The Trial .......................................................................................... 23
   3.1     Introduction ........................................................................................................ 24
   3.2     Jurors' Duties .................................................................................................... 25
   3.3     Burdens Of Proof .............................................................................................. 26
   3.4     The Parties' Contentions .................................................................................. 27
   3.5     The Parties and Their Contentions .................................................................. 30
   3.6     Plaintiff's Contentions ...................................................................................... 31
   3.7     Defendants' Contentions .................................................................................. 32
      3.7.1    BBW's Contentions ..................................................................................... 32
      3.7.2    Kao's Contentions ........................................................................................ 32
   3.8     Summary Of Patent Issues ............................................................................... 34
   3.9     Summary of Patent Issues ................................................................................ 37
INFRINGEMENT ......................................................................................................... 40
   4.0     Infringement ...................................................................................................... 40
   4.1     Infringement ...................................................................................................... 41
   4.2     Infringement – Burden Of Proof ..................................................................... 42
   4.3     Patent Claims- Generally ................................................................................. 43
   4.4     Patent Infringement .......................................................................................... 44
   4.5     Patent Claims – Dependent And Independent ............................................... 46
   4.6     Independent and Dependent Claims ................................................................ 47
   4.7     Patent Infringement – Direct ........................................................................... 48
   4.8     Direct Infringement – Literal ........................................................................... 49
   4.9     Direct Infringement - Literal Infringement .................................................... 50

4.10    The Court Determines What Patent Claims Mean ............................................ 52
4.11    Claim Construction for the Case ................................................................. 53
4.12    Open-Ended Or "Comprising" Claims ........................................................ 55
4.13    Open Ended Or "Comprising" Claims ........................................................ 56
4.14    Direct Infringement – Doctrine Of Equivalents .......................................... 57
4.15    Situations Where Resort To Doctrine Of Equivalents Is Not Permitted ......... 59
4.16    Determination Of Infringement .................................................................. 60
4.17    Willful Infringement ................................................................................. 61
4.18    Willfulness ............................................................................................... 63
PATENT VALIDITY ...................................................................................... 64
5.0     Validity .................................................................................................. 64
5.1     Presumption Of Validity ........................................................................... 65
5.2     Patent Invalidity ...................................................................................... 66
5.3     Prior Art Defined ..................................................................................... 67
5.4     The Written Description Requirement ......................................................... 70
5.5     Written Description .................................................................................. 71
5.6     Enablement ............................................................................................. 72
5.7     Enablement ............................................................................................. 73
5.8     Anticipation – Generally ........................................................................... 74
5.9     Anticipation By Printed Publication Or A Prior Patent ................................ 75
5.10    Obviousness ............................................................................................ 77
5.11    Obviousness ............................................................................................ 78
5.12    Scope And Content Of The Prior Art ......................................................... 80
5.13    Scope and Content of the Prior Art ............................................................ 81
5.14    Differences Over The Prior Art ................................................................. 82
5.15    Differences Over the Prior Art .................................................................. 83
5.16    Level Of Ordinary Skill ............................................................................ 84
5.17    Level of Ordinary Skill ............................................................................. 85
5.18    Motivation To Combine ............................................................................ 86
5.19    Obviousness Decision – Combining References .......................................... 87
5.20    Obviousness – Hindsight .......................................................................... 88
5.21    Objective Criteria Concerning Obviousness ............................................... 89
5.22    Objective Criteria Concerning Nonobviousness (Secondary Considerations) ..... 90
5.23    Obvious To Try ........................................................................................ 91
5.24    Obviousness – Expertise of Board and Board Decision ............................... 92
PATENT UNENFORCEABILITY .................................................................... 93
6.0     Unenforceability ...................................................................................... 93
6.1     Unenforceability ...................................................................................... 94
6.2     Inequitable Conduct ................................................................................. 95
6.3     Materiality ............................................................................................... 96
6.4     Intent ...................................................................................................... 97
6.5     Balancing ................................................................................................ 98
DAMAGES .................................................................................................... 99
7.0     Generally ................................................................................................. 99
7.1     Damages ................................................................................................ 100
7.2     Compensatory Damages In General ......................................................... 102

7.3     Burden Of Proof ................................................................................................. 103
7.4     Reasonable Certainty ......................................................................................... 104
7.5     Date Damages May Begin ................................................................................. 105
7.6     Methods For Computing Damages...................................................................... 106
7.7     Reasonable Royalty As A Measure Of Damages ............................................... 107
7.8     Reasonable Royalty As A Measure of Damages ................................................ 108
7.9     Factors For Determining Reasonable Royalty .................................................... 110
7.10    Reasonable Royalty – Relevant Factors ............................................................ 112
7.11    Availability of Non-infringing Alternatives ........................................................ 114
7.12    Interest .............................................................................................................. 115
7.13    Closing Statement – Damages............................................................................ 116
7.14    Closing Statement – Damages............................................................................ 117
7.15    Curative Instruction .......................................................................................... 118
DELIBERATIONS AND VERDICT .................................................................................. 119
8.0     INTRODUCTION.............................................................................................. 119
8.1     Deliberation And Verdict................................................................................... 120
8.2     UNANIMOUS VERDICT ................................................................................. 121
8.3     Unanimous Verdict ........................................................................................... 122
8.4     DUTY TO DELIBERATE ................................................................................. 124
8.5     Duty To Deliberate ........................................................................................... 125
8.6     COURT HAS NO OPINION.............................................................................. 127
8.7     Court Has No Opinion ....................................................................................... 128

LP Matthews objects to the Kao defendants' and the Limited defendants' proposed instructions, unless noted that the instruction is "Agreed."

The Kao defendants reserve the right to object to any instructions that are identified on the Proposed Jury Instructions as having been proposed by LP Matthews

## PRELIMINARY INSTRUCTIONS

## 1.0    INTRODUCTION[1]

Ladies and gentlemen, you have been selected as jurors in this case. What I will now say is intended to introduce you to the trial and the law that you will apply to evaluate the evidence that you will hear. I will also give you detailed instructions on the law at the end of the trial. All of my instructions are important, and you should consider them together as a whole. Please listen carefully to everything I say.

This is a case about patent infringement. The parties are LP Matthews L.L.C., the plaintiff, and Bath & Body Works, Inc., Limited Brands, Inc., Kao Brands Co. (f/k/a The Andrews Jergens Company), and Kao Corporation, the defendants. LP Matthews owns United States Patent Number 5,063,062, which you may hear called the '062 patent or the "Cleaning Compositions With Orange Oil" patent by the lawyers and witnesses in the case. LP Matthews contends that defendants infringe the '062 patent. Defendants contend that they did not infringe the '062 patent. Defendants also contend that the '062 patent is invalid and unenforceable.

---

[1] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), Preliminary Instruction.

## 1.1     ALTERNATIVE – BASED ON 1993 DISTRICT OF DELAWARE INSTRUCTION[2]

Now let me tell you a little bit about patent law.  Patent law comes from the United States Constitution.  The Constitution grants Congress the power to enact laws "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."  With this power, Congress enacted the patent laws.

Tangible goods, processes and methods may be patented.  For a good, process or method to be patentable, it must be new and useful.  In addition, a good, process or method is patentable only if, when the good, process or method was invented, it was not obvious to a person having ordinary skill in the art of the invention.

Under the patent laws, the United States Patent and Trademark Office in the Washington, D.C. area, which we refer to as the PTO, examines patent applications and determines whether an invention should be granted a United States patent.  A patent application must include a number of things, including a detailed description of the invention that is sufficiently full, clear, concise and exact to enable any person skilled in the art of the invention to make and use the invention of a disclosure of the best mode of carrying out the invention known to the inventor at the time the application is filed.  The application includes a written description of the invention, called a "specification," and may include drawings that illustrate the invention.  A patent specification ends with one or more numbered sentences that are called the patent's claims and that particularly and distinctly define the subject matter that the inventor regards as his or her invention.

---

[2] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), Preliminary Instruction.

When the PTO receives a patent application, it is assigned to an examiner, who examines the application, including the claims, to determine whether the application complies with the requirements of the patent laws. The examiner reviews files of prior work of others in the form of voluminous files of patents and publications. This type of material is called "prior art." Documents found in the search of prior art are called "references." In conducting the search of prior art, the examiner notes in writing on the file the classes or subclasses of art searched. All of the papers concerning the examination of a patent application before the PTO are called the "prosecution history" or "file wrapper."

If, after reviewing the prior art maintained at the PTO, the examiner concludes that the claims presented by the applicant defined the applicant's claimed invention (over the most relevant known prior art), the application is granted as a U.S. patent.

A patent gives its owner the right to exclude others from making, using or selling the patented invention throughout the United States for a specific period of time, usually 20 years from the date the application was filed with the PTO. A person who, without the patent owner's permission, makes, uses, sells, offers to sell or imports into the United States a patented invention is infringing that patent.

Sometimes in a court case, you are also asked to decide about validity, that is whether the patent should have been allowed at all by the PTO. A party accused of infringement is entitled to challenge whether the asserted patent claims are sufficiently new or non-obvious in light of the prior art or whether other requirements of patentability have been met. In other words, a defense to an infringement lawsuit is that the patent in question is invalid.

You may wonder why it is that you would be asked to consider such things when the patent has already been reviewed by a government examiner. There are several reasons for this.

For example, there may be facts or arguments the examiner did not consider, such as prior art that was not located by the PTO or provided by the applicant. Also, because the patent application process is private, other interested people do not have the opportunity to present materials to the examiner. There is, of course, also the possibility that mistakes were made or important information overlooked. Examiners have a lot of work to do, and no process is perfect.

You will hear many of the terms I used in this description during the trial. They are summarized in the "Glossary of Patent Terms," which will be given to you along with these instructions. Feel free to refer to this glossary throughout the trial.

**GENERAL INSTRUCTIONS**

**2.0    GENERAL INSTRUCTION[3]**

Until this case is submitted to you for your deliberation, you are to keep an open mind and not decide any issue in this case.  You also must not discuss this case with anyone, remain within hearing of anyone discussing it, or read, watch, or listen to any discussion of the case in any news or entertainment media.  After this case has been submitted to you, you must discuss this case only in the jury room when all members of the jury are present.

It is important that you wait until all the evidence is received and you have heard my instructions on the applicable rules of law before you deliberate among yourselves.  The only evidence you may consider will be the evidence presented at trial.  Because of this, you should not attempt to gather any information on your own that you think might be helpful.  Do not do any outside reading on this case and do not in any other way try to learn about the case outside the courtroom.

The reason for these rules, as I am certain you will understand, is that you must decide this case solely on the evidence presented at the trial.

---

[3] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), Preliminary Instruction.

## 2.1    <u>Introduction</u>[4]

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence. I will explain the positions of the parties and the law you will apply in this case. I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

You will have a written copy of these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the interrogatories, or questions, that you must answer to decide this case.

---

[4] **Defendants**: Model Jury Instruction No. 1.1, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded. uscourts.gov/JuryMain.htm (March 1993).

## 2.2    DUTIES AS JURORS[5]

Now a word about your duties as jurors.  Trial by jury is one of the cornerstones of our free society.  Faithful performance by you of your duties is vital to the administration of justice.

You have two main duties as jurors.  The first is to decide what the facts are based on the evidence that you will see and hear in court.  Deciding what the facts are is your job, not mine, and nothing that I will say or do should influence your determination of the facts in any way.  In deciding what the facts are, you must not engage in guesswork or speculation.  You must not be influenced in any way by any personal feeling of sympathy for, or prejudice against, either side in this case.  Each side is entitled to the same fair and impartial consideration.

Your second duty is to take the principles of law that I explain to you and apply them to the facts in reaching your verdict.  It is my job to instruct you about the law, and you are bound by the oath you just took to follow my instructions, even if you personally disagree with them.  This includes these instructions and the instructions that I will give you during and after the trial.  All of my instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

---

[5] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), Preliminary Instruction.

## 2.3    <u>Juror's Duties</u>[6]

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide, under the appropriate burden of proof, which party should prevail on each of the issues presented.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

---

[6] **Defendants**:  Model Jury Instruction No. 1.2, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

## 2.4    BURDEN OF PROOF[7]

The plaintiff, LP Matthews, has the burden to prove patent infringement by what is called a preponderance of the evidence.  That means LP Matthews has to produce evidence that, when considered in light of all of the facts, leads you to believe that what LP Matthews claims is more likely true than not.  To put it differently, if you were to put LP Matthews' and the defendants' evidence on the opposite sides of a scale, the evidence supporting LP Matthews' claims would have to make the scales tip somewhat on his side.

In this case, the defendants argue that the '062 patent is not valid.  A patent, however, is presumed to be valid unless proven otherwise.  Accordingly, the defendants have the burden to prove the patent-in-suit is not valid by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a fact is highly probable.  The burden to prove a fact by clear and convincing evidence is a heavier burden than the burden to prove that fact by preponderance of the evidence.

---

[7] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), Preliminary Instruction.

## 2.5    __Burdens of Proof__[8]

This is a civil case.  LPM has the burden or proving its claims of patent infringement by what is called a preponderance of the evidence.  LPM also has to prove patent infringement independently for both BBW and Kao.  This means that LPM has to produce evidence which, when considered in light of all the facts, leads you to believe that what LPM claims is more likely true than not, and it must do that separately for both BBW and Kao.  To put it differently, if you were to put LPM's evidence and the evidence of BBW on opposite sides of a scale, the evidence supporting LPM's claims would have to make the scales tip on its side.  Similarly, if you were to put LPM's evidence and the evidence of Kao on opposite sides of a scale, the evidence supporting LPM's claims would have to make the scales tip on its side.

In this case, BBW and Kao are each urging that the '062 patent is invalid.  BBW and Kao have the burden of proving by clear and convincing evidence that the asserted claims of the '062 patent are invalid.   Clear and convincing evidence is evidence that produces an abiding conviction that the truth of the factual contention is highly probable.   Proof by clear and convincing evidence, therefore, is a higher burden than proof by a preponderance of the evidence.  BBW is also urging that the '062 patent is unenforceable.  BBW has the burden of proving this claim by clear and convincing evidence.

LPM is also charging BBW and Kao with willful infringement.  LPM has the burden of proving willful infringement by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of the factual contention is highly probable.  LPM must prove willful infringement separately for BBW and Kao.

---

[8] **Defendants**:  Model Jury Instruction No. 1.3, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded. uscourts.gov/JuryMain.htm (March 1993).

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not LPM, BBW or Kao has met its burden of proof.

## 2.6     EVIDENCE[9]

The evidence you will consider consists of the sworn testimony of witnesses, the exhibits admitted into evidence, and any facts the parties admit or agree to.  Nothing else is evidence. The lawyers' statements and arguments are not evidence; their questions and objections are not evidence.  My comments or questions are not evidence.  Nothing you see or hear outside the courtroom is evidence.

From time to time it may be the duty of the attorneys to make objections to evidence that should not be presented at this trial under the rules of evidence.  It is my duty as the judge to rule on those objections and decide whether you can consider the evidence in question.  My decisions about the admission of evidence are governed by rules of law.  You must not be influenced by any objection or by my reasons for making an evidentiary ruling.  If I sustain an objection or order evidence stricken from the trial, do not speculate about what a witness might have said or what an exhibit might have shown.  You must not consider that evidence.

Use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Make your decisions about the trial based only on the evidence, as I have defined it here, and nothing else.

---

[9] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), Preliminary Instruction.

## 2.7    <u>Evidence Defined</u>[10]

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.  My legal rulings are not evidence.  None of my comments or questions are evidence.  The notes taken by jurors are not evidence.

Certain charts and graphics may have been used to illustrate testimony from witnesses. Unless I have specifically admitted them into evidence, these charts and graphs are not themselves evidence, even if they refer to or identify evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked.  I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

---

[10] **Defendants**:  Model Jury Instruction No. 1.4, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded. uscourts.gov/JuryMain.htm (March 1993).

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## 2.8    WITNESS – CONFLICTS IN TESTIMONY[11]

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  For example, you may be guided by the appearance and demeanor of the witnesses as they testified and the witnesses' apparent fairness in giving their testimony.  Other factors which may influence your evaluation of a witness' credibility include the existence of evidence that is inconsistent with the testimony given or evidence that at some other time the witness said or did something (or failed to say or do something) that was different from the testimony the witness gave at trial.  You may also consider any bias or interest the witness may have in the outcome of these proceedings.

You should remember that a simple mistake does not necessarily mean that the witness is not telling the truth.  People may tend to forget some things or remember other things inaccurately.  If a witness makes a misstatement, you must consider whether it is simply an innocent lapse of memory or an intentional falsehood, and that may depend on whether it concerns an important fact or an unimportant detail.

If you find the testimony in this case to be in conflict, it will be your duty at the end of the case to reconcile the conflicts if you can.  If you cannot do so, it is your duty to disregard that portion of the testimony that you, in your judgment, consider not to be worthy of credit.

Lastly, the number of witnesses presented is not important; concentrate on how believable the witnesses are and how much weight you believe their testimony deserves.

---

[11] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), Preliminary Instruction.

## 2.9    Credibility of Witnesses[12]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said something that was different from the testimony he or she gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may tend to forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

---

[12] **Defendants**:  Model Jury Instruction No. 1.7, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

**2.10**     <u>**Number of Witnesses**</u>[13]

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

---

[13] **Agreed**: Model Jury Instruction No. 1.8, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded. uscourts.gov/JuryMain.htm (March 1993).

## 2.11    DIRECT AND CIRCUMSTANTIAL EVIDENCE[14]

In this trial, the parties may present "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness that, if you believe the testimony, directly proves a fact.  For example, if a witness testified that she saw it raining outside, and  you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of facts and circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence.   You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

---

[14] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), Preliminary Instruction.

**2.12     Direct and Circumstantial Evidence**[15]

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is evidence like the testimony of any eyewitness which, if you believe it, directly proves a fact. If a witness testified that he or she saw it raining outside, and you believed him or her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weights that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

---

[15] **Defendants**:  Model Jury Instruction No. 1.6, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded. uscourts.gov/JuryMain.htm (March 1993).

**2.13**   **Consideration of Evidence**[16]

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

---

[16] **Agreed**:  Model Jury Instruction No. 1.5, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded. uscourts.gov/JuryMain.htm (March 1993).

## 2.14    EXPERT WITNESSES[17]

When scientific, technical or other specialized knowledge may be helpful to the jury, a person who has special knowledge, skill, education, training or experience in that technical field, called an expert witness, is permitted to state an opinion on those matters.

The value of this kind of testimony depends upon the qualifications and skill of the witness, the sources of the witness's information, and the reasons supplied for any opinions given.  You should consider this kind of testimony like all other testimony you hear and weigh it by the same tests.  However, as with any other witness, you are not required to accept any expert's opinions.  It will be up to you to decide whether to rely upon them.

---

[17] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), Preliminary Instruction.

**2.15**   **Expert Witnesses**[18]

When scientific, technical or other specialized knowledge might be helpful to the jury, a person who has special knowledge, skill, experience, training or education — he or she is called an expert witness — is permitted to state his or her opinion on those matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

---

[18] **Defendants**:  Adapted from Model Jury Instruction No. 1.9, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993). *See also* Fed. R. Evid. 702.

## THE PARTIES AND THEIR CONTENTIONS

**3.0    COURSE OF THE TRIAL**[19]

The case will now begin.

First, the plaintiff, LP Matthews, may make an opening statement outlining its case. Then the defendants may make opening statements outlining their cases. Neither side is required to make an opening statement. Opening statements are not evidence; their only purpose is to help you understand what the evidence will be.

Next, the parties will present their evidence. LP Matthews will first introduce the evidence that it believes will support its claims. When LP Matthews is finished, the defendants will introduce evidence to defend against the plaintiff's claims. LP Matthews then has the opportunity to offer rebuttal evidence.

After you have heard all of the evidence, I will instruct you on the law that you must apply in this case. Then each side may make a closing argument, although no one is required to do so. The closing arguments are not evidence; their only purpose is to give each side the opportunity to summarize its case and to help you understand the evidence it has presented.

Finally, after the closing arguments, you will deliberate and arrive at your verdict.

---

[19] **LP Matthews**: Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), Preliminary Instruction.

## 3.1     INTRODUCTION[20]

Members of the jury, I will now instruct you about the law that you must follow in deciding this case.

---

[20] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 1.1.

## 3.2     JURORS' DUTIES[21]

Remember your duties as jurors as I explained them to you at the beginning of the case. You must decide what the facts are from the evidence you saw and heard in court. Nothing I have said or will say should influence your determination of the facts in any way. Do not guess or speculate, and do not be influenced in any way by any personal feeling of sympathy for, or prejudice against, either side in this case. All parties are entitled to the same fair and impartial consideration.

You must also take the principles of law that I will now explain to you and apply them to the facts in reaching your verdict. You are bound by the oath you took to follow my instructions, even if you personally disagree with them.

All of my instructions are important, and you should consider them together as a whole. This includes the instructions that I gave you when we started and during trial. I will not repeat my earlier instructions about evidence and how to weigh and consider it. You have copies of these instructions, however, and you should refer to them as you feel necessary.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

---

[21] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 1.2; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

## 3.3    BURDENS OF PROOF[22]

LP Matthews has the burden to prove its claims of patent infringement and its claims of damages by a preponderance of the evidence.  That means LP Matthews must produce evidence that, when considered in light of all of the facts, leads you to believe that what LP Matthews claims is more likely true than not.  To put it differently, if you were to put LP Matthews' and defendants' evidence on the opposite sides of a scale, the evidence supporting LP Matthews' claims would have to make the scales tip somewhat on its side.

Defendants have the burden to prove that the '062 patent is not valid by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a fact is highly probable.

In addition, LP Matthews must prove its claims of willful infringement by clear and convincing evidence and not by a preponderance of the evidence.

---

[22] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 1.3; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

**3.4     THE PARTIES' CONTENTIONS[23]**

LP Matthews contends that the defendants' products infringe claims 6 and 9 of the '062 patent.

Specifically, LP Matthews contends that Kao Brands Company and Kao Brands Corporation's Ultra Healing and Extreme Care products infringe claims 6 and 9 of the '062 patent.  LP Matthews also contends that Kao Brands Company and Kao Brands Corporation's infringement is willful.

LP Matthews contends that claims 6 and 9 of the '062 patent are infringed by the following products sold by defendants Bath & Body Works, Inc. and Limited Brands, Inc.: Mango Mandarin Creamy Body Wash, True Blue Spa Better Lather Than Never Bubble Bath and Shower Cream, Mango Mandarin Skin Renewal & Anti-Aging Body Wash, Burt's Bees Citrus Facial Scrub, Burt's Bees Orange Essence Facial Cleanser, True Blue Spa Good Clean Foam Face Wash, Pure Simplicity Ginger Rejuvenating Shower Foam, Pure Simplicity Ginger Rejuvenating Body Scrub, Mango Mandarin Body Lotion, Cool Citrus Basil Body Lotion, Murad Resurgence Sheer Lustre Day Moisture, Murad Resurgence Age-Diffusing Serum, Murad Resurgence Age-Balancing Night Cream, Murad Skin Perfecting Lotion, Murad Acne Spot Treatment, Pure Simplicity Ginger Rejuvenating Body Lotion, Pure Simplicity Oat Oil-Control Face Moisturizer, Pure Simplicity Burdock Root Skin Mattifier, Pure Simplicity Ginger Rejuvenating Hand & Nail Cream, Pure Simplicity Fig Hydrating Hand & Nail Cream, and Pure Simplicity Everlasting Flower Night Nourisher.

LP Matthews also contends that the following products sold by defendants Bath & Body Works, Inc. and Limited Brands, Inc. –  Mango Mandarin Skin Refining Body Scrub, Mango

---

[23] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 2.

Mandarin Hand Repair & Healing Hand Cream, Mango Mandarin Skin Repair & Healing Body Butter, Pure Simplicity Salt Toning Body Balm, Pure Simplicity Ginger Rejuvenating Body Balm, and Pure Simplicity Fig Hydrating Body Balm – infringe claim 9 of the '062 patent.

LP Matthews also contends that Bath & Body Works, Inc. and Limited Brands, Inc.'s infringement is willful.

BBW contends that its accused products do not infringe either of the asserted claims of the '062 patent.  BBW also contends that the asserted claims of the '062 patent are invalid because:

(1) each asserted claim of the '062 patent is anticipated by a single prior art reference,

(2) each asserted claim of the '062 patent would have been obvious to a person of ordinary skill in the art as of the date the invention was made, based on one or a combination of prior art references,

(3) the '062 patent lacks an enabling disclosure for each asserted claim of that patent,

(4) the '062 patent contains an inadequate written description of the invention of each asserted claim of that patent.

BBW also contends that the '062 patent is unenforceable because of inequitable conduct committed by LPM or the inventors during prosecution of the '062 patent before the United States Patent and Trademark Office.

Kao contends that none of the four KBC products that LPM accuses of infringing  claims 6 and 9 of the '062 patent infringes either of those claims.

Kao also contends that claims 6 and 9 of the '062 patent are invalid because:

(1) each of those claims would have been obvious to a person of ordinary skill in the art as of the date the invention was made as set forth in a decision of the Board of Patent Appeals in a continuation-in-part application of the '062 patent; and

(2) the '062 patent does not have a written description of the invention as asserted by LPM.

**3.5    The Parties and Their Contentions**

<u>**The Parties**[24]</u>

Plaintiff is LP Matthews, L.L.C., which I will refer to as LPM.  LPM asserts that it is the owner of U.S. Patent No. 5,063,062, which I will refer to as the '062 patent or the patent-in-suit.

There are four defendants.  They are Bath & Body Works, Inc., Limited Brands, Inc., Kao Brands Co. (which was formerly known as The Andrew Jergens Company) ("KBC") and Kao Corporation .  I will refer to Bath & Body Works, Inc. and Limited Brands, Inc. collectively as BBW.  I will refer to Kao Brands Co. and Kao Corporation collectively as Kao.

BBW manufactures and sells various lines of skin care products.  KBC also manufactures and sells different lines of skin care products.

---

[24] **Defendants**:  Adapted as to general format from Model Jury Instruction 2.1, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

**3.6**    <u>**Plaintiff's Contentions**</u>[25]

LPM contends that BBW has directly infringed claims 6 and 9 of the '062 patent by making, using, selling, and offering to sell certain skin care products. LPM further contends that Kao has directly infringed claims 6 and 9 of the '062 patent by making, using, selling, and offering to sell certain skin care products. LPM contends that BBW's and Kao's infringement was willful. LPM also contends that, as a result of the infringement of the patent in suit by BBW and, separately, by Kao, BBW and Kao are each liable for damages. Specifically, LPM contends that it is entitled to damages in the form of a reasonable royalty from BBW for BBW's alleged infringement of the '062 patent. LPM also contends that it is also entitled to a reasonable royalty from Kao for Kao's alleged infringement of the '062 patent.

---

[25] **Defendants**: Adapted as to general format from Model Jury Instruction 2.2, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

**3.7**     **Defendants' Contentions**[26]

**3.7.1**     **BBW's Contentions**

BBW contends that its accused products do not infringe either of the asserted claims of the '062 patent.  BBW also contends that the asserted claims of the '062 patent are invalid because:

(1) each asserted claim of the '062 patent is anticipated by a single prior art reference,

(2) each asserted claim of the '062 patent would have been obvious to a person of ordinary skill in the art as of the date the invention was made, based on one or a combination of prior art references,

(3) the '062 patent lacks an enabling disclosure for each asserted claim of that patent,

(4) the '062 patent contains an inadequate written description of the invention of each asserted claim of that patent.

BBW also contends that the '062 patent is unenforceable because of inequitable conduct committed by LPM or the inventors during prosecution of the '062 patent before the United States Patent and Trademark Office.

**3.7.2**     **Kao's Contentions**

Kao contends that none of the four KBC products that LPM accuses of infringing  claims 6 and 9 of the '062 patent infringes either of those claims.

Kao also contends that claims 6 and 9 of the '062 patent are invalid because:

---

[26] **Defendants**:  Adapted as to general format from Model Jury Instruction 2.3, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

(1) each of those claims would have been obvious to a person of ordinary skill in the art as of the date the invention was made as set forth in a decision of the Board of Patent Appeals in a continuation-in-part application of the '062 patent;  and

(2) the '062 patent does not have a written description of the invention as asserted by LPM.

## 3.8    SUMMARY OF PATENT ISSUES [27]

In this case, you must decide several things according to the instructions that I shall give you.

**<u>Infringement:</u>**

1.        Whether LP Matthews has proven by a preponderance of the evidence that any of the following accused products sold by defendants Bath & Body Works, Inc. and Limited Brands, Inc. infringe one or both of the asserted claims of the '062 patent, either literally or by the doctrine of equivalents:

(a) Burt's Bees Citrus Facial Scrub;
(b) Pure Simplicity Ginger Rejuvenating Body Scrub;
(c) Pure Simplicity Ginger Rejuvenating Shower Foam;
(d) True Blue Spa Better Lather Than Never Bubble Bath & Shower Cream;
(e) Bath & Body Works Mango Mandarin Creamy Body Wash;
(f) Bath & Body Works Mango Mandarin Skin Redefining Body Scrub;
(g) Bath & Body Works Mango Mandarin Renewal & Anti-Aging Body Wash;
(h) Burt's Bees Orange Essence Facial Cleanser;
(i) True Blue Spa Good Clean Foam Face Wash;
(j) Bath & Body Works Cool Citrus Basil Body Lotion;
(k) Murad Skin Perfecting Lotion;
(l) Pure Simplicity Fig Hydrating Body Balm;
(m) Pure Simplicity Ginger Rejuvenating Body Balm;
(n) Pure Simplicity Ginger Rejuvenating Body Lotion;
(o) Pure Simplicity Ginger Rejuvenating Hand & Nail Cream;
(p) Bath & Body Works Mango Mandarin Body Lotion;
(q) Bath & Body Works Mango Mandarin Hand Repair & Healing Hand Cream;
(r) Bath & Body Works Skin Repair & Healing Body Butter;
(s) Murad Acne Spot Treatment;
(t) Murad Age-Balancing Night Cream;
(u) Murad Age-Diffusing Serum;
(v) Murad Sheer Lustre Day Moisture SPF 15;
(w) Pure Simplicity Fig Hydrating Hand & Nail Cream;
(x) Pure Simplicity Oat Oil Control Face Moisturizer;
(y) Pure Simplicity Salt Toning Body Balm;
(z) Pure Simplicity Burdock Root Skin Mattifier; or
(aa) Pure Simplicity Everlasting Flower Night Nourisher.

---

[27] **LP Matthews**:  Adapted as to general format from Model Jury Instruction 2.4, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

2.     Whether LP Matthews has proven by a preponderance of the evidence that any of the following accused products sold by Kao Brands Co. and Kao Corporation infringe either claim 6 or claim 9 of the '062 patent, either literally or by the doctrine of equivalents: (a) the Curél Ultra Healing Lotion; (b) the Curél Extreme Care Body Lotion; (c) the Curél Extreme Care Body Cleanser; or (d) the Curél Extreme Care Facial Wash.

**Willfulness:**

1.     Whether LP Matthews has proven by clear and convincing evidence that Bath & Body Works, Inc. and Limited Brands, Inc.'s infringement was and is willful.

2.     Whether LP Matthews has proven by clear and convincing evidence that Kao Brands Co.'s and Kao Corporation's infringement was and is willful.

**Validity:**

1.     Whether Bath & Body Works, Inc. and Limited Brands, Inc. have proven by clear and convincing evidence that:

> i.     either of the asserted claims of the '062 patent is invalid as anticipated by the prior art;
>
> ii.    either of the asserted claims of the '062 patent is invalid as obvious in light of the prior art; or

either of the asserted claims of the '062 patent is invalid for failing to satisfy either the enablement or written description requirements.

2.     Whether Kao Brands Co. and Kao Corporation have proven by clear and convincing evidence that:

> i.    the asserted claims are invalid as obvious in light of the prior art; and
>
> ii.   the '062 patent fails to include a written description of the invention as asserted by LP Matthews.

**Unenforceability:**

1.      Whether Bath & Body Works, Inc. and Limited Brands, Inc. have proven by clear and convincing evidence that the '062 patent is unenforceable.

**Damages:**

1.      Whether LP Matthews has proven, by a preponderance of the evidence, damages constituting a reasonable royalty, and if so, the amount of such reasonable royalty damages.

3.9    **Summary of Patent Issues[28]**

In this case, you must decide several things according to the instructions that I shall give

you.

**Infringement:**

1.    Whether LPM has proven by a preponderance of the evidence that any of the

following accused BBW products literally infringe one or both of the asserted claims of the '062

patent:

(a) Burt's Bees Citrus Facial Scrub;
(b) Pure Simplicity Ginger Rejuvenating Body Scrub;
(c) Pure Simplicity Ginger Rejuvenating Shower Foam;
(d) True Blue Spa Better Lather Than Never Bubble Bath & Shower Cream;
(e) Bath & Body Works Mango Mandarin Creamy Body Wash;
(f) Bath & Body Works Mango Mandarin Skin Redefining Body Scrub;
(g) Bath & Body Works Mango Mandarin Renewal & Anti-Aging Body Wash;
(h) Burt's Bees Orange Essence Facial Cleanser;
(i) True Blue Spa Good Clean Foam Face Wash;
(j) Bath & Body Works Cool Citrus Basil Body Lotion;
(k) Murad Skin Perfecting Lotion;
(l) Pure Simplicity Fig Hydrating Body Balm;
(m) Pure Simplicity Ginger Rejuvenating Body Balm;
(n) Pure Simplicity Ginger Rejuvenating Body Lotion;
(o) Pure Simplicity Ginger Rejuvenating Hand & Nail Cream;
(p) Bath & Body Works Mango Mandarin Body Lotion;
(q) Bath & Body Works Mango Mandarin Hand Repair & Healing Hand Cream;
(r) Bath & Body Works Skin Repair & Healing Body Butter;
(s) Murad Acne Spot Treatment;
(t) Murad Age-Balancing Night Cream;
(u) Murad Age-Diffusing Serum;
(v) Murad Sheer Lustre Day Moisture SPF 15;
(w) Pure Simplicity Fig Hydrating Hand & Nail Cream;
(x) Pure Simplicity Oat Oil Control Face Moisturizer;
(y) Pure Simplicity Salt Toning Body Balm;
(z) Pure Simplicity Burdock Root Skin Mattifier; or
(aa) Pure Simplicity Everlasting Flower Night Nourisher.

---

[28] **Defendants**:  Adapted as to general format from Model Jury Instruction 2.4, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

2.    Whether LPM has proven by a preponderance of the evidence that any of the following accused Kao products infringes either claim 6 or claim 9 of the '062 patent: (a) the Curél Ultra Healing Lotion; (b) the Curél Extreme Care Body Lotion; (c) the Curél Extreme Care Body Cleanser; or (d) the Curél Extreme Care Facial Wash

**Willfulness:**

1.    Whether LPM has proven by clear and convincing evidence that BBW's infringement was and is willful.

2.    Whether LPM has proven by clear and convincing evidence that Kao's infringement was and is willful.

**Validity:**

1.    Whether BBW has proven by clear and convincing evidence that:

    i.    either of the asserted claims of the '062 patent is invalid as anticipated by the prior art;

    ii.    either of the asserted claims of the '062 patent is invalid as obvious in light of the prior art; or

either of the asserted claims of the '062 patent is invalid for failing to satisfy either the enablement or written description requirements.

2.    Whether Kao has proven by clear and convincing evidence that:

    i.  the asserted claims are invalid as obvious in light of the prior art; and

    ii. the '062 patent fails to include a written description of the invention as asserted by LPM.

**Unenforceability:**

1.    Whether BBW has proven by clear and convincing evidence that the '062 patent is unenforceable because of inequitable conduct committed by LPM or the

inventors during prosecution of the '062 patent before the United States Patent and Trademark Office.

**<u>Damages:</u>**

1.     Whether LPM has proven, by a preponderance of the evidence, damages constituting a reasonable royalty (if infringement and validity are found), and if so, the amount of such reasonable royalty damages.

**INFRINGEMENT**

## 4.0    INFRINGEMENT[29]

At the beginning of the trial I gave you some general information about patents and the patent system and a brief overview of the patent laws that relate to this case.  If you would like to review my earlier instructions at any time during your deliberations, they will be available to you in the jury room.

As I stated before, LP Matthews alleges that defendants infringe certain clams of the '062 patent.  If any person makes, uses or sells what is covered by a patent claim without the patent owner's permission, that person is said to *infringe* the patent.

---

[29] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 3; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

**4.1     Infringement**

**<u>Claim Infringement</u>**[30]

To decide whether either BBW or Kao has infringed the '062 patent, you will have to understand the "claims" of the patent that have been asserted.  The patent claims are numbered sentences at the end of the '062 patent.  In this case, two claims have been asserted by LPM – claim 6 and claim 9.

The claims define the invention described and illustrated in the patent.  Only the claims of the patent can be infringed.  Neither the specification, which is the written description of the invention, nor the drawings of a patent can be infringed.  However, the specification may be used to determine the meaning of the claims.  Each of the two asserted claims must be considered individually.  To show infringement of the '062 patent by each of the defendants, LPM must establish that, as to each defendant separately, an asserted claim has been infringed by that particular defendant.

There are two separate pairs of defendants in this case – BBW and Kao.  LPM has accused each of these companies separately based upon different sets of products.  Therefore, you must address the question of infringement by BBW separately from the question of infringement by Kao.  This means that if infringement is found as to BBW, that finding has no bearing on whether or not Kao infringes.  Similarly, if infringement is found as to Kao, that finding has no bearing on whether or not BBW infringes.

---

[30] **Defendants**:  Adapted from Model Jury Instruction 3.1, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

## 4.2    INFRINGEMENT – BURDEN OF PROOF[31]

To prove infringement of a patent, LP Matthews must persuade you by a preponderance of the evidence that defendants have infringed a claim in the patent.

---

[31] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 3.1.

## 4.3    PATENT CLAIMS- GENERALLY[32]

To decide whether defendants have infringed LP Matthews' patent, you will have to understand the patent "claims."  As I told you at the beginning of the trial, the claims of a patent are the numbered sentences at the end of a patent.  The claims describe the invention made by the inventor.  This is what the patent owner owns and what the patent owner may prevent others from doing and selling.  Claims may describe products, such as machines or chemicals.  Only the claims of the patent can be infringed.  A patent also includes a discussion of examples of the invention, but the examples cannot be infringed.  You should not compare defendants' products with any specific example set out in the '062 patent.  You must only compare defendants' products with the *claims* of the '062 patent when making your decision regarding infringement.

Each claim of a patent represents separate patent protection given to a patent owner, and you must individually consider each of the patent claims involved in this case.  The law does not require infringement of all the claims in a patent.  If even a single claim of the patent has been infringed, then LP Matthews has proved its infringement case and is entitled to damages.

---

[32] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 3.2.1; *Martin v. Barber*, 755 F.2d 1564, 1567 (Fed. Cir. 1985); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

**4.4** **Patent Infringement**

**<u>Patent Infringement – Generally</u>**[33]

I will now instruct you as to the rules you must follow when deciding whether LPM has proven that either BBW or Kao has infringed the asserted claims of the '062 patent.

A patent owner may enforce its right to exclude others from making, using, selling, offering to sell, or importing a product covered by the claims of the patent by filing a lawsuit for patent infringement. Patent law provides that any person or business entity which makes, uses, offers for sale, or sells, without the patent owner's permission, any product, apparatus or method legally protected by a claim of a patent within the United States before the patent expires, infringes the patent.

Here, LPM, which alleges that it is the patent owner, has alleged that the following products infringe claims 6 and 9 of the '062 patent:

**BBW Accused Products:**

(a) Burt's Bees Citrus Facial Scrub;
(b) Pure Simplicity Ginger Rejuvenating Body Scrub;
(c) Pure Simplicity Ginger Rejuvenating Shower Foam;
(d) True Blue Spa Better Lather Than Never Bubble Bath & Shower Cream;
(e) Bath & Body Works Mango Mandarin Creamy Body Wash;
(f) Bath & Body Works Mango Mandarin Skin Redefining Body Scrub;
(g) Bath & Body Works Mango Mandarin Renewal & Anti-Aging Body Wash;
(h) Burt's Bees Orange Essence Facial Cleanser;
(i) True Blue Spa Good Clean Foam Face Wash;
(j) Bath & Body Works Cool Citrus Basil Body Lotion;
(k) Murad Skin Perfecting Lotion;
(l) Pure Simplicity Fig Hydrating Body Balm;
(m) Pure Simplicity Ginger Rejuvenating Body Balm;
(n) Pure Simplicity Ginger Rejuvenating Body Lotion;
(o) Pure Simplicity Ginger Rejuvenating Hand & Nail Cream;
(p) Bath & Body Works Mango Mandarin Body Lotion;
(q) Bath & Body Works Mango Mandarin Hand Repair & Healing Hand Cream;
(r) Bath & Body Works Skin Repair & Healing Body Butter;

---

[33] **Defendants**: Adapted from Model Jury Instruction 3.4, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

(s) Murad Acne Spot Treatment;
(t) Murad Age-Balancing Night Cream;
(u) Murad Age-Diffusing Serum;
(v) Murad Sheer Lustre Day Moisture SPF 15;
(w) Pure Simplicity Fig Hydrating Hand & Nail Cream;
(x) Pure Simplicity Oat Oil Control Face Moisturizer;
(y) Pure Simplicity Salt Toning Body Balm;
(z) Pure Simplicity Burdock Root Skin Mattifier; or
(aa) Pure Simplicity Everlasting Flower Night Nourisher.

**Kao Accused Products:**

The Curél Ultra Healing Lotion

The Curél Extreme Care Body Lotion

The Curél Extreme Care Body Cleanser

The Curél Extreme Care Facial Wash

## 4.5    PATENT CLAIMS – DEPENDENT AND INDEPENDENT[34]

Claims are typically divided into parts called "elements."  For example, a claim that covers the invention of a table may recite the tabletop, four legs and the glue that secures the legs to the tabletop.  The tabletop, legs and glue are each a separate element of the claim.

There are two types of patent claims: independent claims and dependent claims.  An independent claim does not refer to any other claim of the patent.  In simple terms, an independent claim stands on its own two feet.  An independent claim is read alone to determine the elements that must exist to infringe the claim.  Claims 6 and 9 of the '062 patent  are independent claims.

---

[34] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 3.2.2.

46

**4.6**    **Independent and Dependent Claims**[35]

There are two different types of claims in a patent. The first type is called an "independent" claim. An independent claim does not refer to any other claim of the patent. An independent claim is read alone to determine its scope. The second type, a "dependent" claim, refers to at least one other claim in the patent and, thus, incorporates whatever that other claim says.

In this case, only claims 6 and 9 of the '062 patent are asserted. Both claim 6 and claim 9 are independent claims. You know this because claims 6 and 9 do not refer to any other claims. Accordingly, the words of these claims are read by themselves in order to determine what each of the claims cover.

---

[35] **Defendants**:  Adapted from Model Jury Instruction 3.3, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993); 35 USC § 112.

**4.7     PATENT INFRINGEMENT – DIRECT[36]**

A patent owner may enforce his right to stop others from making, using or selling the patented invention by filing a lawsuit for patent infringement.  Here, LP Matthews sued defendants and alleges that defendants' products directly infringe at least one claim of LP Matthews' '062 patent.  I will refer to defendants' products as the "accused products."

Deciding whether a claim has been directly infringed is a two-step process.  First, the meaning of the patent claim is determined as a matter of law.  That job is for the Court, and I will tell you shortly what the terms of the asserted claims mean as a matter of law.  In the second step, you must compare each claim as I have interpreted it to the accused products to determine whether every element of the claim can be found in the accused products.  This element-by-element comparison is your responsibility as the jury for this case.

There are two ways in which a patent claim may be directly infringed.  First, a claim may be literally infringed.   Second, a claim may be infringed under what is called the "doctrine of equivalents."  I will explain literal and doctrine of equivalents infringement shortly.

Keep in mind that intent to infringe, actual knowledge of a patent, or knowledge that you are infringing a patent, is not part of a claim of patent infringement.  In short, direct infringement can be established even if defendants have a good faith belief that their actions were not infringing any patent and even if defendants did not know of the patent.

---

[36] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 3.3; *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 478 (1974); *Filmways Pictures, Inc. v. Marks Polarized Corp.*, 552 F. Supp. 863, 868 (S.D.N.Y. 1982); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

## 4.8     DIRECT INFRINGEMENT – LITERAL[37]

LP Matthews asserts that defendants directly infringe claims 6 and 9 of the '062 patent.  LP Matthews' patent claims are literally infringed if any of defendants' products include every element in claim 6 or 9 of LP Matthews' patent.  If any of defendants' products omit an element recited in claim 6 or 9 of plaintiff's patent, then that product does not literally infringe that claim.

---

[37] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 3.3.1; *Envirotech Corp. v. Al George, Inc.*, 730 F.2d 753, 759 (Fed. Cir. 1984); *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1484 (Fed. Cir. 1984); *Mannesmann Demag Corp. v. Engineered Metal Prods. Co.*, 793 F.2d 1279 (Fed. Cir. 1986); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

**4.9**    **Direct Infringement - Literal Infringement**[38]

**BBW and Kao Accused Products Infringement Determination**

LPM asserts that BBW's and Kao's Accused Products literally infringe claims 6 and 9 of the '062 patent.  For an accused product to literally infringe an asserted claim, the subject matter of the claim must be found in the accused product.  In other words, an asserted claim is literally infringed if the accused product includes each and every limitation in the patent claim.  Literal infringement must be determined with respect to each asserted claim individually by comparing the accused product to each of the asserted claims.  If  the accused products omits any single limitation recited in a given claim, that product does not literally infringe that claim.  You must determine literal infringement with respect to each asserted claim and each accused product individually.

Therefore, in determining whether BBW or Kao Accused Products infringe either claim 6 or 9, the following steps should be taken by you:

First, you should determine the scope of the asserted claim by reading the claim language, limitation by limitation, as those limitations have been construed by the court or, if they have not been specifically construed, according to their ordinary meaning.  Remember that patent claims are construed in light of the specification of which they are a part.  Where the specification makes clear that the invention does not include a particular feature, that feature is deemed to be outside the reach of the claims of the patent, even though the language of the claims, read without reference to the specification, might be considered broad enough to encompass the feature in question.  *Inpro II Licensing, S.A.R.L. v. T-Mobile USA, Inc.*, 450 F.3d

---

[38] **Defendants**:  Charge to the Jury, *IMX, Inc. v. Lendingtree, LLC*, Civil Action No. 03-1067-SLR (January 20, 2006); See also Model Jury Instruction 3.8, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993)**.**

1350, 1353 (Fed. Cir. 2006) quoting *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1341 (Fed. Cir. 2001);  and

Second, you should compare the accused BBW and Kao products, element by element, to each of the limitations of the asserted claims.

If you find each and every limitation of an asserted claim in an accused BBW or Kao product, you must return a verdict of literal infringement as to that claim.

If you did not find each and every limitation of the asserted claim in the accused BBW or Kao product, you may not return a verdict of literal infringement as to that claim.

You must repeat the above analysis with every asserted claim.

## 4.10    THE COURT DETERMINES WHAT PATENT CLAIMS MEAN[39]

It is the Court's duty under the law to define what the patent claims mean.   I have made my determinations and I will now instruct you on the meaning of each of the asserted claims.   You must use the meaning that I give you for each patent claim to make your decisions if the claim is infringed or invalid.   You must ignore any different definitions used by the witnesses or the attorneys.

It may be helpful to refer to the copy of the '062 patent that you have been given as I discuss the claims at issue here.   The claims of the '062 patent are toward the end, starting in column 9.   I will give you a list of the asserted claims of the '062 patent as part of the verdict form when I conclude my instructions.

**[Insert Claim Construction Here]**

---

[39] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 3.3.2; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

## 4.11    Claim Construction for the Case[40]

It is my duty under the law to define what the patent claims mean.  You must use the same meaning for each claim for your decisions regarding both infringement and validity.

The meaning of a claim can be construed in connection with the patent specification, prosecution history and prior art to determine what the claims cover.  You should consider the specification to determine what the inventor intended to cover by the patent claims.

Patent claims are construed in light of the specification of which they are a part.  Where the specification makes clear that the invention does not include a particular feature, that feature is deemed to be outside the reach of the claims of the patent, even though the language of the claims, read without reference to the specification, might be considered broad enough to encompass the feature in question.

I instruct you that the following claim terms have the following definitions:

| Claim Term | Definition |
| --- | --- |
| "Skin cleaning composition for external use on human tissues" (claim 6) & "Cleaning composition for use on human skin" (claim 9) | To be completed with the Court's Claim Construction |
| "Orange oil" (claim 6) & "forty-five percent (45%) or less by volume of orange oil" (claim 9) | To be completed with the Court's Claim Construction |
| "Oat grain derivative product" (claim 6) | To be completed with the Court's Claim Construction |
| "Emulsifying agent" (claim 6) | To be completed with the Court's Claim Construction |
| "Oatmeal" (claim 9) | To be completed with the Court's Claim Construction |

---

[40] **Defendants**:  Adapted from Model Jury Instruction 3.2, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware; *Inpro II Licensing, S.A.R.L. v. T-Mobile USA, Inc.*, 450 F.3d 1350, 1353 (Fed. Cir. 2006) quoting *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1341 (Fed. Cir. 2001); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315-16 (Fed. Cir. 2005) (en banc); *Network, LLC v. Centraal Corp.*, 242 F.3d 1347, 1352 (Fed. Cir. 2001); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878 (Fed. Cir. 1988).

| Claim Term | Definition |
| --- | --- |
| "Pharmaceutically-acceptable moisturizer" (claims 6 and 9) | To be completed with the Court's Claim Construction |
| "pH in a range 4.5 to 6.0, inclusively" (claim 6) | To be completed with the Court's Claim Construction |

## 4.12    OPEN-ENDED OR "COMPRISING" CLAIMS[41]

The beginning, or preamble, to claims 6 and 9 uses the word "comprising."  "Comprising" means "including" or "containing."  That is, if you find that any of defendants' products include all of the elements in claim 6, the claim is infringed – any additional elements are irrelevant.  Likewise, if you find that any of defendants' products include all of the elements in claim 9, the claim is infringed—and any additional elements are irrelevant.

For example, a claim to a table *comprising* a tabletop, legs and glue would be infringed by a table that includes those elements, even if the table also includes additional elements such as wheels on the table's legs.

---

[41] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 3.3.3; *A.B. Dick Co. v. Burroughs Corp*., 713 F.2d 700, 703 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 1042 (1984); *Mannesmann Demag Corp. v. Engineered Metal Prods. Co.*, 793 F.2d 1279 (Fed. Cir. 1986); *Moleculon Research Corp. v. CBS, Inc*., 792 F.2d 1261, 1271 (Fed. Cir. 1986); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

**4.13    Open Ended or "Comprising" Claims[42]**

      The asserted claims of the '062 patent each use the transitional phrase "comprising."  In patent claims, the term "comprising" means that the claims are open ended.  This means that the claim is not limited to products that include only what is in the claim and nothing else.  The presence of additional components in an accused product does not mean that the product does not infringe a patent claim.

---

[42] **Defendants**:  Adapted from Model Jury Instruction 3.11, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

## 4.14     DIRECT INFRINGEMENT – DOCTRINE OF EQUIVALENTS[43]

If you do not find literal infringement of a claim to have been proven, you must decide whether infringement has been proven under the "doctrine of equivalents." For an accused product to infringe under the doctrine of equivalents, every claim element must be present in the accused product. A claim element may be present in an accused product in one of two ways, either literally or under the doctrine of equivalents. A claim element is literally present if it exists in the accused product just as it is described in the claim, either as I have explained that language to you or, if I did not explain it, as you understand it from the evidence presented during trial.

A claim element is present in an accused product under the doctrine of equivalents if the differences between the claim element and a corresponding aspect of the accused product are insubstantial. One way to determine this is to look at whether or not the accused structure performs substantially the same function, in substantially the same way, to achieve substantially the same result as the element in the claimed invention. Another way is to consider whether or not people of ordinary skill in the art believe that the structure of the accused product and the element recited in the patent claim are interchangeable.

Another test may be used to determine equivalence under the doctrine of equivalents, especially where, as here, the claims 6 and 9 define a chemical composition that includes a mixture or combination of chemical compounds. Where defendants' products change one or more ingredients of a claimed compound or composition so that there is no literal infringement, it is appropriate for you to consider whether the changed ingredient has substantially the same purpose, quality and function as the claimed ingredient. In other words, consideration must be given to the

---

[43] **LP Matthews**: Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 3.4; *Atlas Powder Co. v. E.I. DuPont de Nemours & Co.*, 750 F.2d 1569, 1579-1580, 1581 (Fed. Cir. 1984); *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 609, *reh'g denied*, 340 U.S. 845 (1950).

purpose for which an ingredient is used in plaintiff's patented combination and in defendants' products, the qualities the ingredient has when combined with the other ingredients, and the function it is intended to perform.

It is not a requirement under doctrine of equivalents that those of ordinary skill in the art knew of the equivalent when the patent application was filed or when the patent issued. The question of whether defendants' products and their elements are equivalent to those defined in claim 6 or 9 is to be determined as of the time of the alleged infringement.

Equivalence is determined at the time of the activities accused of infringement and is not limited by what was known at the time the patent application was filed or when the patent issued. Thus, the inventor need not have foreseen, and the patent need not describe, all potential equivalents to the invention covered by the claims. Also, slight changes in technique or improvements made possible by technology developed after the patent application is filed may still be equivalent for purposes of the doctrine of equivalents.

## 4.15    SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS IS NOT PERMITTED[44]

There are situations where resort to the doctrine of equivalents to find infringement is not permitted.

First, patent law directly imposes certain limitations on the doctrine of equivalents. It is my duty and responsibility to decide whether or not any of these limitations applies in this case and to instruct you on my decision.

If an element in this list is not literally present within defendants' products, there can be no infringement of the claim requiring that element.

You may not find infringement under the doctrine of equivalents if even one limitation of a claim or its equivalent is missing from the accused device. Thus, if you determine that a finding of infringement under the doctrine of equivalents would entirely eliminate a particular claimed element, then you should not find infringement under the doctrine of equivalents.

---

[44] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 3.5; *ISCO Int'l v. Conductus*, C.A. No. 01-487-GMS.

**4.16    DETERMINATION OF INFRINGEMENT[45]**

Taking each asserted claim of the '062 patent separately, if you find that LP Matthews has proven by a preponderance of the evidence that each element of claim 6 or 9 of the '062 patent is present, either literally or under the doctrine of equivalents, in a defendants' accused product, then you must find that defendants' accused product infringes that claim.  You must analyze each of defendants' accused products separately under each claim asserted against that product.

---

[45] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 3.12; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

## 4.17    WILLFUL INFRINGEMENT[46]

LP Matthews contends that defendants have willfully infringed claims 6 and 9 of the '062 patent.

When a person becomes aware that a patent may have relevance to their activities, that person has a duty to exercise due care and investigate whether or not their activities infringe any valid claim of the patent. If that person does not do so and infringes the patent claims, then the infringement is willful. Although LP Matthews must prove infringement by a preponderance of the evidence, LP Matthews must prove that defendants willfully infringed by the higher burden of clear and convincing evidence.

To establish willful infringement by a particular defendant, LP Matthews must prove two things with clear and convincing evidence:

1.    the defendant was aware of the '062 patent.

2.    the defendant continued with its activities without having a reasonable good faith belief that the patent was invalid or that the patent was not infringed.

To determine whether defendants acted with a reasonable good faith belief or whether defendants willfully infringed the '062 patent, you must consider all of the facts, including the strength of the defenses raised by defendants in this trial and the following factors:

When defendants became aware of the patent, whether defendants formed a good faith belief that the patent was invalid or that the patent was not infringed, including whether defendants obtained and followed the advice of a competent lawyer. Although the absence of an opinion of counsel does not require you to find

---

[46] **LP Matthews**: Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 3.13; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

willfulness, the obtaining and following of counsel's advice may be evidence that infringement was not willful.

Keep in mind that a determination by you that a particular defendant has infringed the patent does not automatically mean that the infringement was willful. As I have explained, the infringement is not willful if a defendant had a good faith belief that it did not infringe or that the patent was invalid, and if its belief was reasonable under all the circumstances.

**4.18    Willfulness**

**<u>Willfulness – Defined</u>**[47]

If you find on the basis of the evidence and the law as I have explained it that any of BBW's or Kao's accused products infringe an LPM asserted patent claim and if you find that claim is valid, you must further decide whether LPM has proven by clear and convincing evidence that BBW's or Kao's infringement was willful.  Willful infringement is established where LPM has proven two things: first, that Kao was aware of the '062 patent and that it might infringe and second, that BBW or Kao had no reasonable good faith basis for concluding that it did not infringe the '062 patent, or that the '062 patent was invalid.

To determine whether BBW or Kao acted with a reasonable good faith belief or whether BBW or Kao willfully infringed the '062 patent, you must consider the totality of the circumstances and all the facts.  The totality of the circumstances comprises a number of factors, which include, but are not limited to, whether BBW or Kao intentionally copied the claimed invention or a product covered by LPM's patent, whether BBW or Kao was on notice that the patent might be infringed and, if so, whether BBW or Kao exercised due care and whether BBW or Kao presented a substantial defense to infringement, including the defense that the patent is not infringed or is invalid.

---

[47] **Defendants**:  Adapted from Model Jury Instruction 3.18, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993); Model Jury Instruction 13, AIPLA Model Patent Jury Instructions (2006).  *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2005) (*en banc*).

**PATENT VALIDITY**

**5.0     VALIDITY[48]**

Defendants contend that claims 6 and 9 of the '062 patent are invalid for failure to satisfy the legal requirements of patentability.  In particular, the Kao defendants contend that the asserted claims are invalid due to lack of written description.  The Limited defendants contend that the asserted claims are invalid due to (1) obviousness; (2) anticipation; (3) lack of written description; and (4) lack of enablement.  I will now instruct you on each defense.

---

[48] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 4.

## 5.1     PRESUMPTION OF VALIDITY[49]

The granting of a patent by the Patent Office carries with it the presumption that the patent's subject matter is new, useful and constitutes an advance that was not, at the time the invention was made, obvious to one of ordinary skill in the art.  The law presumes, in the absence of clear and convincing evidence to the contrary, that the Patent Office acted correctly in issuing the patent.  Nevertheless, once the validity of a patent has been put at issue, it is the responsibility of the jury to review what the Patent Office has done consistent with these instructions on the law.

Defendants have the burden of proving invalidity of each patent claim by clear and convincing evidence.

---

[49] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 4.1; 35 U.S.C. § 282; *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

## 5.2    Patent Invalidity[50]

### Patent Validity – General

Only a valid patent may be infringed.  For a patent to be valid, the invention claimed in the patent must be new and nonobvious.  A patent cannot take away from people their right to use what was known or what would have been obvious when the invention was made.  The terms "new" and "nonobvious" have special meaning under the patent laws.  I will explain these terms to you when we discuss BBW's and Kao's grounds for asserting invalidity.

The invention claimed in a patent must also be adequately described.  In return for the right to exclude others from making, using, selling or offering for sale the claimed invention, the patent owner must provide the public with a description in the patent of the invention sufficient to inform one of ordinary skill in the art how to make and use it.  The patent specification must satisfy the enablement and written description requirements.

The invention must also be defined by claims that particularly point out and distinctly claim the subject matter which the applicant regards as his invention.

BBW and Kao have challenged the validity of each of the asserted claims on a number of different grounds.  They must separately prove that each patent claim is invalid by the clear and convincing standard.  To do this, BBW and Kao must demonstrate, by clear and convincing evidence, that a claim does not satisfy any one of the written description, enablement, novelty or nonobvious requirements.

I will now explain to you each of BBW and Kao's grounds for invalidity in detail.  In making your determination as to invalidity, you must consider each claim separately.

---

[50] **Defendants**: Fed. Cir. Bar Ass'n, Model Patent Jury Instructions 10.1.

## 5.3    Prior Art Defined[51]

Under the patent laws, a person is entitled to a patent only if the invention claimed in the patent is new and unobvious in light of what came before.  That which came before is referred to as the "prior art."

Prior art includes any of the following items received into evidence during trial:

1.  any product that was publicly known or used by others in the United States before the patented invention was made;

2.  patents that issued more than one year before the filing date of the '062 patent or before the invention was made;

3.  publications having a date more than one year before the filing date of the '062 patent or before the invention was made;

4.  any product was in public use or on sale in the United States more than one year before the '062 patent was filed;

5.  any product that was made by anyone before the named inventors created the patented product, where the product was not abandoned, suppressed, or concealed.

**BBW Prior Art**

(a) Juliano United States Patent No. 4,014,995;

(b) George H. Hurst, SOAPS, A PRACTICAL MANUAL OF THE MANUFACTURE OF DOMESTIC, TOILET AND OTHER SOAPS (2D 1907);

(c) Dellutri United States Patent No. 4,620,937;

---

[51] **Defendants**:  Charge to the Jury, *IMX, Inc. v. Lendingtree, LLC,* Civil Action No. 03-1067-SLR (January 20, 2006); Fed. Cir. Bar Ass'n, Model Patent Jury Instructions 10.6.
The definition of is included in LP Matthews' proposed Instruction No. 5.12, which LP Matthews proposes as an alternative to this instruction.

(d) Richard L. Coleman, "D-Limonene as a Degreasing Agent," The Citrus Industry, vol. 56, No. 11;

(e) The Physicians' Desk Reference, 24th ed., 1969; and

(f) the knowledge and skill of persons having ordinary skill in the art at the time of the invention of the '062 patent.

In addition to the above listed prior art references, BBW relies on the April 15, 1997 written decision by the Board of Patent Appeals regarding U.S. Application Serial No. 07/786,804, which is a continuation-in-part application to the '062 patent.

**Kao Prior Art**

Kao contends that the asserted claims of the '062 patent are obvious based on a combination of the following prior art:

1.      U.S. Patent No. 4,620,937 ("Dellutri"), Nov. 4, 1986.

2.      R.L. Coleman, "D. Limonene As A Degreasing Agent," (Citrus Industry, pp. 23-25 (November 1975 ("Coleman").

3.      Physicians' Desk Reference, pp. 665-66 (24th ed., Medical Economics, Inc., New Jersey, 1969) ("PDR 1969").

4.      The knowledge of persons skilled in the art prior to the date of the invention of the '062 patent as to an appropriate pH for a skin care product.

5.      The knowledge of persons skilled in the art prior to the date of invention of the '062 patent concerning the desirability of adding a small amount of orange oil to a moisturizer and oat grain emulsifying agent (or oatmeal) to impart a pleasant odor.

In addition to the prior art references cited above, Kao relies upon an April 15, 1997 written decision of the United States Patent and Trademark Office Board of Patent Appeals (the

"Board") in <u>Ex Parte</u> Douglas H. Greenspan and Phillip A. Low, Paper No. 28, Appeal No. 95-2450, Application 07/786,804 which is a continuation-in-part application to the '062 patent.

## 5.4     THE WRITTEN DESCRIPTION REQUIREMENT[52]

The Kao defendants and the Limited defendants contend that claims 6 and 9 of the '062 patent are invalid because they lack an adequate written description. The patent law requires that a patent application contain an adequate written description of the invention to ensure that the inventor was in possession of the invention at the time the patent application was filed.

The specification and claims as originally filed must convey to persons of ordinary skill in the art that the inventor had invented the subject matter that is spelled out in the claims that ultimately issued as a patent. The description must be sufficiently clear that persons of ordinary skill in the art will recognize that the applicant made the invention having each of the elements described in the claims.

That is, to prove a claim invalid for lack of an adequate written description, defendants must prove by clear and convincing evidence that the patent application does not reasonably convey to a person of ordinary skill in the art that the inventors had possession of the invention (at the time of the application) as that invention was finally claimed in the issued patent. No particular form of written description is required.

---

[52] **LP Matthews**: Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 4.2; *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991) (citing *Ralston Purina Co. v. Far-Mar-Co., Inc.*, 772 F.2d 1570, 1575 (Fed. Cir. 1985)).

## 5.5     Written Description[53]

BBW and Kao contend that the asserted claims of the '062 patent are invalid because they lack an adequate written description of the invention as asserted by LPM. BBW and Kao bear the burden of proving lack of an adequate written description by clear and convincing evidence. The patent law requires that a patent application contain an adequate written description of the invention as asserted by the patent owner to ensure that the inventor was in possession of the invention at the time the patent application was filed.

The specification and claims as originally filed must convey to persons of ordinary skill in the art that the inventor had invented the subject matter that is asserted by the patent owner to be the invention. The description must be sufficiently clear that persons of ordinary skill in the art will recognize that the applicant made the invention asserted by the patent owner.

That is, to prove a claim invalid for lack of an adequate written description, BBW and Kao must prove by clear and convincing evidence that the patent application does not reasonably convey to a person of ordinary skill in the art that the inventors had possession of the invention (at the time of the application) as that invention was finally claimed in the issued patent.

---

[53] **Defendants**:  Proposed Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, 2004.

## 5.6    ENABLEMENT[54]

The Limited defendants contend that claims 6 and 9 of the '062 patent are invalid because the patent specification lacked an enabling disclosure.

Patent law requires that the disclosure or written description portion of a patent be sufficiently detailed to enable those skilled in the art to practice the invention. The purpose of this requirement is to ensure that the public, in exchange for the patent rights given to the inventor, obtains from the inventor a full disclosure of how to carry out the invention.

To meet this requirement, the patent disclosure must allow a person of ordinary skill in the art to practice the invention without undue experimentation.  Because descriptions in patents are addressed to those skilled in the art to which the invention pertains, an applicant for a patent need not expressly include information that is commonly understood by persons skilled in the art.  Similarly, a patent need not contain a working example so long as the patent discloses enough information to enable a person of ordinary skill in the art to practice the invention.  Moreover, the fact that some experimentation may be required for a skilled person to practice the claimed invention does not mean that the specification is not enabling.  A specification is enabling so long as undue experimentation is not needed.

---

[54] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 4.3; 35 U.S.C. § 112; *Union Pac. Resources Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 690-02 (Fed. Cir. 2001); *Ajinomoto Co. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1345-46 (Fed. Cir. 2000).

## 5.7    Enablement[55]

BBW contends that the asserted claims of the '062 patent is invalid because the patent specification lacks an enabling disclosure.  BBW bears the burden of proving lack of enablement by clear and convincing evidence.  The Patent Laws also require that the disclosure or written description portion of a patent be sufficiently detailed to enable those skilled in the art to practice the invention. The purpose of this requirement is to ensure that the public, in exchange for the patent rights given to the inventor, obtains from the inventor a full disclosure of how to carry out the invention.

If the inventors failed to provide an enabling disclosure, the patent is invalid. However, because descriptions in patents are addressed to those skilled in the art to which the invention pertains, an applicant for a patent need not expressly set forth in his specification subject matter which is commonly understood by persons skilled in the art.

The enablement defense does not require any intent to withhold; all that is required is a failure to teach how to practice the process. In other words, if a person of ordinary skill in the art could not carry out the process without undue experimentation, the patent is invalid. *White Consol. Indus., Inc. v. Vega Servo-Control, Inc.*, 713 F.2d 788, 791 (Fed. Cir. 1983).

A specification need not contain a working example if the invention is otherwise disclosed in such a matter that one skilled in the art to which the invention pertains will be able to practice it without an undue amount of experimentation.

---

[55] **BBW**:  Jury Instructions from *Joy Technology, Inc. v. Flakt Inc.*, Civil Action No. 89-533-JJF; ABA's Section of Patent, Trademark and Copyright Law

## 5.8    ANTICIPATION – GENERALLY[56]

The Limited defendants contend that the invention covered by claims 6 and 9 of the '062 patent are invalid because they are not new.  A person cannot obtain a patent on an invention if someone else has already made the same invention.  In other words, the invention must be new.  If it is not new, we say that it was "anticipated" by the prior art.  Prior art is the legal term used to describe what others had done in the field before the invention was made, and may include books, articles, or patents.  Prior art is the general body of knowledge in the public domain, such as articles or other patents before the invention was made.  It is not necessary that the prior art has been available to every member of the public.  It must have been available, without restriction, to that segment of the public most likely to make use of the prior art's contents.

An invention that is "anticipated" by the prior art is not entitled to patent protection.  To prove that an invention is "anticipated," the Limited defendants must prove by clear and convincing evidence that a single piece of prior art describes or discloses all of the elements of the claimed invention. However, if the claimed invention was formed only accidentally or under unusual conditions, it is not an invalidating anticipation.

---

[56] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 4.5; 35 U.S.C. § 102; *Schering Corp. v. Geneva Pharma., Inc.*, 339 F.3d 1373, 1378 (Fed. Cir. 2003); *Dow Chemical Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1339 (Fed. Cir. 2001); *Mycogen Plant Science v. Monsanto Co.*, 243 F.3d 1316, 1336 (Fed. Cir. 2001); *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000); *In re Coordinated Pretrial Proceedings In Antibiotic Antitrust Actions*, 498 F. Supp. 28, 35-36 (E.D. Pa. 1980); *Honeywell International, Inc. v. Hamilton Sundstrand Corp.*, C.A. No. 99-309-GMS (Feb. 15, 2001); *IPPV Enters., LLC v. Echostar Communications Corp.*, C.A. No. 99-577-RRM (Jul. 12, 2001); *Monsanto Co. v. Mycogen Plant Science*, C.A. No. 96-133-RRM (June 26, 1998); District of Delaware Uniform Jury Instructions (1993); Draft FCBA Instructions 3.2.2; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

**5.9**     **Anticipation By Printed Publication Or A Prior Patent**[57]

A person cannot obtain a patent on an invention if someone else has already made the same invention.  In other words, the invention must be new.  If an invention is not new, we say that it was "anticipated" by the prior art.  It does not matter that the inventor did not know or was not aware of the work being done by others.  An invention that is "anticipated" by the prior art is not entitled to patent protection.  A party challenging the validity of a patent must prove anticipation by clear and convincing evidence.

In order for a patent claim to be anticipated by the prior art, each and every limitation of the claim must be present within a single item of prior art, whether that prior art is a publication, a prior patent, a prior invention, or some other item of prior art.  You may not find that the prior art anticipates a patent claim by combining two or more items of prior art.

A printed publication or patent will not be an anticipation unless it contains a description of the invention covered by the patent claims that is sufficiently detailed to teach a skilled person how to make and use the invention without undue experimentation.  That means that a person skilled in the field of the invention reading the printed publication or patent would be able to make and use the invention using only an amount of experimentation that is appropriate for the complexity of the field of the invention and for the level of expertise and knowledge of persons skilled in that field.  A prior art reference anticipates a claim if it discloses the claimed invention sufficiently that a person of ordinary skill in the art could take its teachings, together with this or her own knowledge of the art, and be in possession of the claimed invention.

In deciding whether or not a single item of prior art anticipates a patent claim, you should consider that which is expressly stated or present in the item of prior art, and also that which is

---

[57] **BBW**:  ABA Model Jury Instruction 9.6; *IMX, Inc. v. Lendingtree, LLC*, USDC – D. Del. Civil Action No. 03-1067-SLR.

inherently present.  Something is inherent in an item of prior art if it is necessarily present in the prior art or always results from the practice of the prior art, and if a person skilled in the field of the invention would understand that to be the case.

If you find that BBW has proven by clear and convincing evidence that either of the asserted claims are anticipated, then you must find that specific claim is invalid.

## 5.10    OBVIOUSNESS[58]

In order to be patentable, an invention must not be obvious to a person of ordinary skill in the art at the time the invention was made. The issue is not whether the claimed invention would be obvious to you as a layperson, to me as a judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art at the time it was made.

To determine obviousness or non-obviousness of the claimed subject matter of each of the patents in suit, you should take the following steps:

1.    Determine the scope and content of the prior art relied upon by the Limited defendants.

2.    Identify the difference, if any, between claims 6 and 9 of the '062 patent and the prior art.

3.    Determine the level of ordinary skill in the pertinent art at the time the invention of the '062 patent was made.

4.    Consider objective factors of non-obviousness, which I will describe to you in detail later.

Against this background, you must then decide whether the claimed subject matter would have been either obvious or non-obvious to a person of ordinary skill in the pertinent art.

---

[58] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 4.8; *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662-63 (Fed. Cir. 2000); *Arkie Lures v. Gene Lerew Tackle, Inc.*, 119 F.3d 953, 957 (Fed. Cir. 1997); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

**5.11    Obviousness**

**Graham v. John Deere Test**[59]

BBW and Kao contend that claims 6 and 9 of the '062 patent are invalid as being obvious based upon the combination of the Dellutri, Coleman and PDR 1969 prior art references and the knowledge of persons skilled in the art to add a small amount of orange oil to a moisturizer and oat grain emulsifying agent (or oatmeal) if it were desired to impart a pleasant odor. BBW also contends that claims 6 and 9 are invalid as being obvious based upon the modification and/or combination of one or more of the Dellutri, Soaps Manual and Juliano prior art references.

In order to be patentable, an invention must not be obvious to a person of ordinary skill in the art at the time the invention was made.

The issue is not whether the claimed invention would be obvious to you as a layperson, to me as a judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art at the time it was made.

In determining obviousness or nonobviousness of the asserted claims, the following steps should be taken by you:

First, you should determine the scope and content of the prior art;

Second, you should identify the differences, if any, between each asserted claim of the patents-in-suit and the prior art;

Third, you should consider the level of ordinary skill in the pertinent art at the time the invention of each asserted claim was made; and

Fourth, you should consider objective evidence of nonobviousness, if any.

---

[59] **Defendants**:  Adapted from Model Jury Instruction 4.8, Uniform Jury Instructions for the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

Against this background, you will then make your decision as to whether the subject matter of the asserted claims would have been either obvious or nonobvious to a person of ordinary skill in the pertinent art.

If you find that Kao or BBW has proven by clear and convincing evidence that the asserted claims would have been obvious to one of ordinary skill in the art, then you must find that these claims are invalid for obviousness.

## 5.12     SCOPE AND CONTENT OF THE PRIOR ART[60]

In arriving at your decision on the issue of whether or not the claimed invention is obvious to one of ordinary skill in the art, you must first determine the scope and content of the prior art. This means that you must determine what prior art is reasonably pertinent to the particular problem the inventor faced. Prior art is reasonably pertinent if it is in the same field as the claimed invention or is from another field that a person of ordinary skill would look to in trying to solve the problem the named inventor was trying to solve. Prior art includes the following:

1.      Patents that issued before September 27, 1988;

2.      Patents having a publication date before September 27, 1988;

3.      Books or articles having a publication date before September 27, 1988;

4.      Anything in public use or on sale in the United States before September 27, 1988;

5.      U.S. Patents that have a filing date prior to the date of invention of the '062 patent;

6.      Anything that was publicly known or used by others in this country before the date of invention of the '062 patent; and

7.      Anything that was made or built in this country by another person before the date of invention of the '062 patent, where the thing made or built or the process used was not abandoned, suppressed or concealed.

---

[60] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 4.8.1; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003); *Wang Labs., Inc. v. Toshiba Corp.*, 993 F.2d 858, 864 (Fed. Cir. 1993).

## 5.13    Scope and Content of the Prior Art[61]

As I just instructed you, in arriving at your decision on the issue of whether or not the asserted claims are obvious to one of ordinary skill in the art, you must first determine the scope and content of the prior art.  This means that you must determine what prior art is reasonably pertinent to the particular problem the inventor faced.  The scope and content of the prior art includes references that would be considered by a person with ordinary skill in the art to solve a particular problem.  A person of ordinary skill in the art knows of all such references.

---

[61] **Defendants**:  Adapted from Model Jury Instruction 4.8.1, Uniform Jury Instructions for the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

## 5.14    DIFFERENCES OVER THE PRIOR ART[62]

You must next consider the differences, if any, between the prior art and the claimed invention.  Although it is proper for you to consider differences between the claimed invention and the prior art, you should not focus only on the differences, because the test is whether the claimed invention as a whole would have been obvious over all of the prior art.  Each claim must be considered in its entirety.

---

[62] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 4.8.2; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

## 5.15    Differences Over the Prior Art[63]

In reaching your conclusion as to whether or not the claimed invention was obvious, you should consider any difference or differences between the prior art and the claimed invention. When doing so, each asserted claim must be considered in its entirety and separately from the other claims. Although you should consider any differences between the claimed invention and the prior art, you must still determine the obviousness or nonobviousness of the entirety of the invention as a whole.

---

[63] **Defendants**:  Adapted from Model Jury Instruction 4.8.2, Uniform Jury Instructions for the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993); *Graham v. John Deere Co.,* 383 U.S. 1 (1966); *Stratoflex, Inc. v. Aeroquip Corp.,* 713 F.2d 1530 (Fed. Cir. 1983); *Medtronic, Inc., v. Cardiac Pacemakers, Inc.,* 721 F.2d 1563 (Fed. Cir. 1983).

## 5.16    LEVEL OF ORDINARY SKILL[64]

Next, you are to determine the level of ordinary skill in the art to which the claimed invention pertains at the time the claimed invention was made.  Factors to be considered in determining the level of ordinary skill in the pertinent art include the educational level of the inventor, the types of problems encountered in the art, the prior art patents and publications, the activities of others and prior art solutions to the problems encountered by the inventor, the sophistication of the technology, and the education of others working in the field.

---

[64] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 4.8.3; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

**5.17**    **Level of Ordinary Skill**[65]

Next, you are to determine the level of ordinary skill in the art to which the claimed invention was made.  Factors to be considered in determining the level of ordinary skill in the pertinent art include the educational level of one skilled in the art, the types of problems encountered in the art, the prior art patents and publications, the activities of others and prior art solutions to the problems encountered by the inventor, the sophistication of the technology and the education of those working in the field.

---

[65] **Defendants**.

## 5.18    MOTIVATION TO COMBINE[66]

Once the prior art is assembled and considered, you should determine whether the prior art, considered as a whole, suggests the claimed invention.  Prior art references may be combined to show obviousness if there is some motivation or suggestion to combine the references and if the combination would be reasonably likely to achieve the goal of the invention.  Both the suggestion or motivation to combine and the expectation of success must be found in the prior art.

---

[66] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 4.8.4; *In re Dembiczak*, 175 F.3d 994, 999 (Fed. Cir. 1999); *C.R. Bard, Inc. v. M3 Sys. Inc.*, 157 F.3d 1340, 1352 (Fed. Cir. 1998); *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1579 (Fed. Cir. 1997); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

## 5.19    Obviousness Decision – Combining References[67]

In determining whether the inventions of the '062 patent would have been obvious to a person of ordinary skill in the art, you must presume that person would have known about all relevant prior art.

In examining the prior art you should take into account not only what they expressly disclose, but also anything that inherently occurred as a result of practicing what was expressly disclosed in that prior art.

---

[67] **Defendants**:  Model Jury Instruction 7.5, AIPLA Model Patent Jury Instructions (2006).

## 5.20    OBVIOUSNESS – HINDSIGHT[68]

The question of obviousness is simple to ask but difficult to answer.  A person of ordinary skill in the art is presumed to have knowledge of the relevant prior art at the time of the patentee's invention.  If you find the available prior art shows each of the elements of the claims in suit, you must determine whether it would then have been obvious to a person of ordinary skill in the art to combine or coordinate these elements in the same manner as the claims in suit.

The difficulty that attaches to all honest attempts to answer this question can be attributed to the strong temptation to rely on hindsight while undertaking this evaluation.  It is wrong to use the '062 patent as a guide through the maze of prior art references, combining the right references in the right way so as to achieve the result of the claims in suit.  Instead, you must cast your mind back to the time of the invention and consider only the thinking of one of ordinary skill in the art, guided only by the prior art and what was known in the field.

---

[68] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 4.8.5; *In re Dembiczak*, 175 F.3d 994, 999 (Fed. Cir. 1999); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

**5.21    OBJECTIVE CRITERIA CONCERNING OBVIOUSNESS[69]**

In making your decision as to the obviousness or non-obviousness of the claimed invention, you must consider the following objective evidence that may tend to show the non-obviousness of the claims at issue:

1.    commercial success or lack of commercial success of products covered by the patents in suit;

2.    a long-felt need in the art that was satisfied by the invention of the '062 patent;

3.    unexpected results achieved by the invention;

4.    praise of the invention by the infringer or others in the field; and

5.    whether the inventor proceeded in a direction contrary to the accepted wisdom of those skilled in the art.

However, there must be a connection between the evidence showing any of these factors and the claimed invention if this evidence is to be given weight by you in arriving at your conclusion on the obviousness issue.  For example, if commercial success is due to advertising, promotion, salesmanship or the like, or is due to features of the product other than those claimed in the '062 patent, then any commercial success may have no relation to the issue of obviousness.

---

[69] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 4.8.6; *ISCO Int'l v. Conductus, Inc.*, C.A. No. 01-487-GMS; *Ransomes, Inc. v. Great Dane Power Equip.*, 232 F.3d 911 (Fed. Cir. 2000) (unpublished); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

**5.22    Objective Criteria Concerning Nonobviousness (Secondary Considerations)[70]**

In making your decision as to the obviousness or non-obviousness of the asserted claims, you should consider any of the following objective evidence if any such evidence is offered.

1.    Commercial success or lack of commercial success of products covered by the '062 patent;

2.    A long felt need in the art which was satisfied by the invention of the '062 patent;

3.    The failure of others to make the invention;

4.    Copying of the invention by others in the field;

5.    Unexpected results achieved by the invention;

6.    Praise of the invention by others in the field; and

7.    The taking of licenses under the '062 patent by others.

There must be a connection between the evidence showing any of these factors and the inventions of the asserted claims if this evidence is to be given weight by you in arriving at your conclusion on the obviousness issue.  For example, if commercial success is due to advertising, promotion, salesmanship or the like, or is due to features of the product other than those described in the asserted claims, then any commercial success would have no relation to the issue of obviousness.

---

[70] **Defendants**:  Adapted from Model Jury Instruction 4.8.4, Uniform Jury Instructions for the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993); *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530 (Fed. Cir. 1983); *Medtronic, Inc., v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563 (Fed. Cir. 1983).

## 5.23   OBVIOUS TO TRY[71]

The evidence might indicate to you that what the inventors did was obvious to try.  If so, this does not indicate the patent is invalid for obviousness.  "Obvious to try" is not the standard; rather, it is whether the invention as a whole would have been obvious to those of ordinary skill in the pertinent art at the time he or she made the invention.

---

[71] **LP Matthews:**  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 4.8.7; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

**5.24**    **Obviousness – Expertise of Board and Board Decision[72]**

The United States Patent and Trademark Office Board of Patent Appeals ("The Board") is part of the U.S. Patent and Trademark Office.  The Board is an expert body that plays an important role in reviewing the rejection of patent applications.  In a proceeding before the Board, the patent applicant is given full opportunity to bring forth the facts thought necessary to support his or her position.  A Board decision "represent[s] the view of a panel of specialists in the area of patent law."

---

[72] **Defendants**:  *In re Watts*, 354 F.3d 1362, 1367 (Fed. Cir. 2004); *Medichem S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1163 (Fed. Cir. 2006).

LP Matthews objects to this instruction in its entirety because it mischaracterizes the actual decision in the abandoned continuation-in-part, includes general statements that are not true in this case, and is a factual assertion unsupported by the record in this case.  It is LP Matthews' position that the introduction of any Board of Patent Appeals decision is not relevant, unfairly prejudicial, and would confuse and mislead the jury.

**PATENT UNENFORCEABILITY**

**6.0    UNENFORCEABILITY**[73]

Bath & Body Works, Inc. and Limited Brands, Inc. contend that the '062 patent is unenforceable because of alleged inequitable conduct committed by the inventors during prosecution of the '062 patent before the United States Patent and Trademark Office. Bath & Body Works, Inc. and Limited Brands, Inc. bear the burden of proving inequitable conduct by clear and convincing evidence.

[73] **LP Matthews**.

## 6.1     Unenforceability[74]

BBW contends that the '062 patent is unenforceable because of inequitable conduct committed by LPM or the inventors during prosecution of the '062 patent before the United States Patent and Trademark Office. BBW bears the burden of proving inequitable conduct by clear and convincing evidence.

---

[74] **BBW**.

## 6.2    Inequitable Conduct[75]

Every applicant for a patent has a duty of candor and good faith in its dealing with the Patent Office and the examiner handling the application. This duty of candor is important because the examiner has only limited information available to determine the state of the art. The time available to the examiner is also limited. Therefore, to prevent an applicant from obtaining a patent he or she does not deserve, the Patent Office requires full disclosure to the Patent Office of all information which is material to examination of the application.

This means that the applicant and his or her attorneys must not intentionally withhold or misrepresent material information concerning the claimed invention. A breach of this duty is called inequitable conduct and renders the patent unenforceable.

To prove inequitable conduct, defendant must show, by clear and convincing evidence, that the applicants or their attorneys, with intent to mislead or deceive, withheld or misrepresented information that was significant and material to the examiner's evaluation of the patent application. *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 882 F.2d 1556, 1562 (Fed. Cir. 1989); *Allen Archery, Inc. v. Browing Mfg. Co.*, 819 F.2d 1087, 1093-95 (Fed. Cir. 1987); *Litton Indus. Products, Inc. v. Solid State Systems Corp.*, 755 F.2d 158, 166-67 (Fed. Cir. 1985).

---

[75] **Agreed**:  *Joy v. Flakt* instructions; ABA's Section of Patent, Trademark and Copyright Law.

**6.3    Materiality**[76]

In evaluating an allegation that applicants were guilty of inequitable conduct before the Patent and Trademark Office, you must first determine whether there was any withholding or misrepresentation of information at all and, if so, whether the information withheld or misrepresented was indeed material. Information is not material if it is cumulative or adds little information to what the examiner already knew. In order for the information withheld or misrepresented to be material, there must be a substantial likelihood that a reasonable examiner would have considered it important in deciding whether to issue the patent in suit.

If you determine that there was a withholding or misrepresentation of information and that the information was material, then you must consider the element of intent. If, on the other hand, you find that applicants have failed to prove by clear and convincing evidence that applicants or their attorneys withheld or misrepresented any material information, then you must find that there was no inequitable conduct. *J.P. Stevens & Co. v. Lex Tex Ltd.*, 747 F.2d 1553 (Fed. Cir. 1984), *cert. denied*, 474 U.S. 822 (1985).

---

[76] **Agreed**: *Joy v. Flakt* Instructions.

**6.4    Intent**[77]

Defendant must prove, by clear and convincing evidence, that the applicants or their attorneys withheld or misrepresented material information with the intent to mislead or deceive the patent examiner. If the withholding or misrepresentation occurred through negligence, oversight, carelessness or an erroneous judgment, then there was no intent and no inequitable conduct.

Intent need not be proved directly because there is no way of scrutinizing the operations of the human mind. Therefore, you may infer intent from conduct, from acts substantially certain to accomplish a result, but you are not required to infer it. Any such inference depends upon the totality of the circumstances, including the nature and level of culpability of the conduct and the absence or presence of affirmative evidence of good faith. *Engel Industries Inc. v. Lockformer Co.*, 946 F.2d 1258 (Fed. Cir. 1991); *Kingsdown Medical Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867 (Fed. Cir. 1988) (*en banc*), *cert. denied*, 490 U.S. 1067 (1989).

---

[77] **Agreed**: *Joy v. Flakt* Instructions.

## 6.5    Balancing[78]

You must determine whether the withheld information or misrepresentation satisfies a threshold level of materiality. You must also determine whether the conduct of applicants or their attorneys satisfies a threshold showing of intent to mislead. Assuming satisfaction of the thresholds, materiality and intent must be balanced.

The more material the withheld or misrepresented information is, the less stringent is the requirement to prove intent by clear and convincing evidence. In other words, withholding or misrepresentation of a highly material piece of information requires a lower level of proven intent, thereby allowing you to infer intent. You must be the judge of this balance.

If, you find that defendants have proven by clear and convincing evidence that there was a material withholding or a material misrepresentation of information and that applicants or their attorneys acted with intent to deceive the examiner, then you must balance these two factors to determine whether or not, in your view, there was inequitable conduct. *Halliburton Co. v. Schlumberger Technology Corp.*, 925 F.2d 1435, 1439 (Fed. Cir.), *reh'g denied*, 1991 U.S. App. Lexis 4501 (Fed. Cir. 1991).

---

[78] **Agreed**: *Joy v. Flakt Instructions*.

**DAMAGES**

**7.0     GENERALLY**[79]

If, after considering all of the evidence and the law as I have stated it, you have determined either that: (i) no asserted claim is infringed by defendants, or (ii) clear and convincing evidence shows that any infringed claim is invalid, then your verdict should be for defendants and you need go no further in your deliberations.  If at least one asserted claim is infringed and is not invalid, you must then turn to the issue of damages.

---

[79] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 5.1.

**7.1    Damages**

**Damages – Generally**[80]

**BBW**

If, after considering all of the evidence and the law as I have stated it, you are convinced that the patent is not infringed, invalid, or unenforceable, your verdict should be for BBW and you need go no further in your deliberations. On the other hand, if you decide that the patent in suit is not invalid and unenforceable, and that one or more claims of the patent have been infringed by BBW, you must then turn to the issue of damages.

The Patent laws provide that in the case of infringement of a valid patent claim, the owner of the patent shall be awarded damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer. Damages are compensation for all losses suffered as a result of the infringement.

It is not relevant to the question of damages whether BBW benefited from, realized profits from or even lost money as a result of the acts of infringement. The only issue is the amount necessary to adequately compensate LPM for BBW's infringement. Adequate compensation should return LPM to the position it would have occupied had there been no infringement.  You must consider the amount of injury suffered by LPM without regard to BBW's gains or losses from the infringement.

**Kao**

If, after considering all of the evidence and the law as I have stated it, you are convinced that the patent is not infringed or invalid, your verdict should be for Kao and you need go no further in your deliberations.  On the other hand, if you decide that the '062 patent is valid, and

---

[80] **Defendants**:  Model Jury Instruction No. 6.1, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded. uscourts.gov/JuryMain.htm (March 1993); *Joy v. Flakt* Instructions.

that a claim of the '062 patent has been infringed by Kao, you must then turn to the issue of damages.

The patent laws provide that in the case of infringement of a valid patent claim, the owner of the patent shall be awarded damages adequate to compensate for the infringement. Damages are compensation for losses suffered as a result of the infringement.

It is not relevant to the question of damages whether Kao benefited from, realized profits from, or even lost money as a result of the acts of infringement. The only issue is the amount necessary to adequately compensate LPM for Kao's infringement. Adequate compensation should return LPM to the position it would have occupied had there been no infringement. You must consider the amount of injury suffered by LPM without regard to Kao's gains or losses from the infringement.

## 7.2     COMPENSATORY DAMAGES IN GENERAL[81]

Patent law provides that in the case of infringement of a valid patent claim, the owner of the patent shall be awarded damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer.   Damages are compensation for all losses suffered as a result of the infringement.

It is not relevant to the question of damages whether defendants benefited from, realized profits from or even lost money as a result of the acts of infringement.   It is also not relevant if defendants did not foresee that it would cause plaintiff damage at the time that it infringed the asserted claims.  The only issue is the amount necessary to adequately compensate LP Matthews for defendants' infringement.   Adequate compensation should return LP Matthews to the position it would have occupied had there been no infringement.

---

[81] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 5.2; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

## 7.3    BURDEN OF PROOF[82]

LP Matthews has the burden of proving damages by a preponderance of the evidence and is entitled to all damages that can be proven with reasonable certainty.  On the one hand, reasonable certainty does not require proof of damages with mathematical precision.  Mere difficulty in ascertaining damages is not fatal to LP Matthews' right to recover.  On the other hand, LP Matthews is not entitled to speculative damages; that is, you should not award any amount of loss that, although possible, is wholly remote or the result of mere conjecture.  You may base your evaluation of reasonable certainty on opinion evidence.  Any doubts regarding the computation of the amount of damages should be resolved against defendants and in favor of LP Matthews.

---

[82] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 5.3; *Ryco, Inc. v. Ag-Bag Corp.*, 857 F.2d 1418 (Fed. Cir. 1988); *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056 (Fed. Cir. 1983); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003) (modified).

**7.4    Reasonable Certainty**[83]

      If infringement and validity are established, you must determine the extent of damages. Under the patent law, LPM is entitled to damages that can be proven with "reasonable certainty." On one hand, reasonable certainty does not require proof of damages with mathematical precision. On the other hand, LPM is not entitled to speculative damages, that is, you should not award any amount for loss, which, although possible, is wholly remote or left to conjecture and/or guess. You may base your evaluation of "reasonable certainty" on opinion evidence.

---

[83] **Defendants**: Model Jury Instruction No. 6.3, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www. ded.uscourts.gov/JuryMain.htm (March 1993).

## 7.5    DATE DAMAGES MAY BEGIN[84]

In this case, you should begin calculating damages as of the date the infringement began.

---

[84] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 5.4; *Honeywell International v. Hamilton Sunstrand Corp., 2001* WL 66345 (D. Del., Jan. 4, 2001) (GMS)) and used by Judge McKelvie in *Novartis v. Monsanto,* C.A. *97-39, 97-40* (RRM).

## 7.6     METHODS FOR COMPUTING DAMAGES[85]

There are two common methods for computing damages in a patent infringement case.  One is called "lost profits" damages and the other is called "reasonable royalty" damages. These are alternative methods for computing damages.  Here, LP Matthews only seeks a reasonable royalty, so you do not need to determine whether to award lost profits.  You must then calculate damages based on a reasonable royalty for each infringing sale made by the accused infringer.

---

[85] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 5.5; *Novartis v. Monsanto,* C.A. 97-39, 97-40 (RRM).

## 7.7    REASONABLE ROYALTY AS A MEASURE OF DAMAGES[86]

In this case, LP Matthews seeks damages in the amount of a reasonable royalty for the '062 patent. A royalty is an amount of money that someone pays a patent owner to be able to use the patented invention.

A reasonable royalty is the minimum permissible measure of damages set by patent law and is not necessarily the actual measure of damages, but is merely the floor below which damages may not fall. Accordingly, you may find damages in excess of a reasonable royalty if you find that the facts so warrant, but you may not award less than a reasonable royalty.

A reasonable royalty is the amount of money that would be agreed to in a hypothetical arm's-length negotiation between LP Matthews and each defendant, with both operating under the assumption that the negotiated patent is valid and would be infringed by the accused products.

The reasonable royalty must be calculated as of the point in time just prior to when infringement would begin, which in this case would be the date sales of each infringing product began.

In the hypothetical arm's-length negotiation, you must assume that both parties are willing participants. You must assume that the person negotiating on behalf of each defendant was willing to take a license and would have known that the asserted claims were valid, enforceable and infringed by that defendant. You must also assume that LP Matthews would have been willing to grant a license. Finally, you must assume that both LP Matthews and each defendant knew all pertinent information at the time of the hypothetical negotiations.

Having that in mind, you may consider any relevant fact in determining the reasonable royalty for defendants' use of the patented invention, including the opinion testimony of experts.

---

[86] **LP Matthews**: Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 5.14; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

## 7.8     Reasonable Royalty As A Measure of Damages[87]

### LPM-Kao Hypothetical Negotiation

LPM is seeking a reasonable royalty as its measure of damages from Kao.  A reasonable royalty in this case is the amount of money that represents the value of the claimed inventions to the parties and represents fair compensation for use of the claimed inventions.  The value of the claimed invention is the royalty that would be agreed to in a hypothetical arms-length negotiation between LPM and Kao, with both operating under the assumption that the negotiated patent is valid and is being infringed.

In this case, the hypothetical arms-length negotiation would have occurred in late 1999.

In the hypothetical arms-length negotiation, you should assume that both Kao and LPM knew all pertinent information at the time of the hypothetical negotiation.  Having that in mind, you may consider any relevant fact in determining the reasonable royalty for Kao's use of the patented invention, including the opinion testimony of experts.

### LPM-BBW Hypothetical Negotiation

LPM is seeking a reasonable royalty as its measure of damages from BBW.  A reasonable royalty in this case is the amount of money that represents the value of the claimed inventions to the parties and represents fair compensation for use of the claimed inventions.  The value of the claimed invention is the royalty that would be agreed to in a hypothetical arms-length negotiation between LPM and BBW, with both operating under the assumption that the negotiated patent is valid and is being infringed.

In this case, the hypothetical arms-length negotiation would have occurred in late 1999.

---

[87] **Defendants**:  Adapted from charge to the Jury, *IMX, Inc. v. Lendingtree, LLC,* Civil Action No. 03-1067-SLR (January 20, 2006).

In the hypothetical arms-length negotiation, you should assume that both BBW and LPM knew all pertinent information at the time of the hypothetical negotiation. Having that in mind, you may consider any relevant fact in determining the reasonable royalty for BBW's use of the patented invention, including the opinion testimony of experts.

## 7.9    FACTORS FOR DETERMINING REASONABLE ROYALTY[88]

In determining the amount of a reasonable royalty, you may consider evidence on any of the following factors:

1.    The rates paid by licensee for the use of other patents comparable to the '062 patent;

3.    The nature and scope of the license, as exclusive or nonexclusive, or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold;

4.    LP Matthews' established policy and marketing program to maintain its patent exclusivity by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that exclusivity;

5.    The commercial relationship between LP Matthews and each defendant, such as whether they are competitors in the same territory in the same line of business, or whether they are inventors or promoters;

6.    The effect of selling the patented specialty in promoting sales of other products of defendants;

7.    The duration of the patent and the length of the licenses;

8.    The established profitability of the product made under the patent, its commercial success and its current popularity;

9.    The utility and advantages of LP Matthews' patented inventions over the old modes or devices, if any, that had been used for working out similar results;

---

[88] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 5.14.1; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

10.     The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by LP Matthews, and the benefits to those who have used the invention;

11.     The extent to which defendants have made use of the invention, and any evidence that shows the value of that use;

12.     The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or comparable inventions;

13.     The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by defendants;

14.     The opinion testimony of qualified experts; and

15.     Any other economic factor that a normally prudent business person would, under similar circumstances, take into consideration in negotiating the hypothetical license.

**7.10**    **Reasonable Royalty – Relevant Factors**[89]

In determining a reasonable royalty, some of the factors, if present, that may be considered are:

1. Any royalties received by LPM as a result of an arm's length transaction for the licensing of the '062 patent, proving or tending to prove an established royalty.

2. The rates paid by BBW or Kao to license other patents comparable to the '062 patent.

3. The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of its territory.

4. If present, any LPM established policy and marketing program to maintain its right to exclude others from using the patented invention by not licensing others to use the invention, or by granting licenses under special conditions designed to preserve that exclusivity.

5. If present, any commercial relationship between LPM and Kao and LPM and BBW, such as whether or not they are competitors in the same territory in the same line of business.

6. If present, the effect of selling the patented product in promoting sales of other products of LPM; the existing value of the invention to the licensor as a generator of sales of its non-patented items; and the extent of such collateral sales.

7. The duration of the '062 patent and the term of the license.

8. If present, any established profitability of the product made under the '062 patent; its commercial success; and its current popularity.

---

[89] **Defendants**:  Adapted from Model Jury Instruction No. 6.11, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

9.  The utility and advantages of the patented invention over the old modes or devices, if any, that had been used for achieving similar results.

10. The nature of the patented invention; the character of the commercial embodiment of it; and the benefits to those who have used the invention.

11. The extent to which BBW or Kao has made use of the invention; and any evidence that shows the value of that use.

12. If present, the portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

13. The portion of the profit that should be credited to the patented invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by BBW or Kao.

14. The opinion testimony of qualified experts.

15. Any other economic factor that a normally prudent business person would, under similar circumstances, take into consideration in negotiating the hypothetical license.

**7.11**     <u>Availability of Non-infringing Alternatives</u>[90]

    In determining the reasonable royalty for BBW's or Kao's use of the patented invention at the time of the hypothetical negotiation, you must consider whether BBW or Kao had available to it a non-infringing alternative or substitute for the accused products.

---

[90] **Defendants**: *Riles v. Shell Exploration & Production*, 298 F.3d 1302 (Fed. Cir. 2002); *Zygo Corp. v. Wyko Corp.,* 79 F.3d 1563 (Fed. Cir. 1996).
    LP Matthews objects to this instruction in its entirety. LP Matthews' proposed instruction No. 7.9 lists the *Georgia-Pacific* factors that a jury *may* consider in determining a reasonable royalty. Whether non-infringing alternatives or substitutes for the accused products were available is not accepted as a relevant factor, let alone a factor that the jury *must* consider in determining a reasonable royalty.

## 7.12    INTEREST[91]

None of the parties' calculations include interest.  Therefore, in arriving at your damages calculation, you should not consider interest in any way because it is the function of the Court to award interest.

---

[91] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 5.15; *Union Carbide v. Shell Oil*, C.A. 99-CU-274, 00-846-SLR (given Feb. 6, 200l); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

## 7.13    CLOSING STATEMENT – DAMAGES[92]

The fact that I have instructed you regarding damages should not be construed as suggesting which party is to prevail in this case.  Instructions regarding damages are given for your guidance in the event that the evidence leads you to find in favor of LP Matthews.  Finally, if you find LP Matthews is entitled to damages, you may not include or add to the award any sum for purposes of punishing defendants or to set an example.

---

[92] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 5.16; *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, C.A. No. 99-309 (GMS); *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

**7.14**     **<u>Closing Statement – Damages</u>**[93]

In determining the issue of damages, the Court instructs you that the law does not permit an award of a greater sum than the monetary loss which LPM has suffered as a result of the alleged infringement.  If, under the Court's instructions, you find that LPM is entitled to damages, you may not include and/or add to an otherwise just award any sum for purposes of punishing BBW or Kao or to set an example.

---

[93] **Defendants**:  Adapted from Model Jury Instruction No. 6.12, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

## 7.15   <u>Curative Instruction</u>[94]

The fact that I have instructed you regarding damages should not be construed as intimating any view of the Court as to which party is entitled to prevail in this case. Instructions regarding damages are given for your guidance in the event that the evidence leads you to find in favor of LPM.

---

[94] **Agreed**:  Adapted from Model Jury Instruction No. 6.13, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

## DELIBERATIONS AND VERDICT

**8.0     INTRODUCTION[95]**

My instructions on the law are now finished.  I will end by explaining how you will conduct your deliberation in the jury room and about your possible verdicts.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case.  If you have any questions or messages, you must write them on a piece of paper, sign them and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or messages normally should be sent through your foreperson, who by custom of this Court is juror No. 1.

One more thing about messages.  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be.  Your votes should stay secret until you are finished.

---

[95] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 6.1; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

119

**8.1      Deliberation And Verdict**

**Introduction**[96]

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is juror No. 1.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be.  That should stay secret until you are finished.

---

[96] **Defendants**:  Adapted from Model Jury Instruction No. 7.1., Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

## 8.2     UNANIMOUS VERDICT[97]

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after an impartial consideration of the evidence with your fellow jurors.  Talk with each other, listen carefully and respectfully to everyone's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not surrender your honest convictions as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges – judges of the facts, and, in the end, your vote must be exactly that – your own vote.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form.  You will then return to the courtroom and your foreperson will give your verdict.

---

[97] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 6.2; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

## 8.3     Unanimous Verdict[98]

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges - judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  The verdict form asks you to answer a series of questions about LPM's claims of infringement and Kao and BBW's claims of invalidity and other defenses.  Unless you are directed otherwise in the form of the verdict, you must answer all of the questions posed, and all of you must agree on each answer.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form.  You will then return your verdict to the courtroom deputy.

It is proper to add the caution that nothing said in these instructions and nothing in the form of the verdict is meant to suggest or convey in any way or manner any intimation as to what

---

[98] **Defendants**:  Adapted from Model Jury Instruction No. 7.2, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

## 8.4    DUTY TO DELIBERATE[99]

You are now free to talk about the case in the jury room.  In fact, it is your duty to consult with each other, to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement, if you can do so without violence to your individual judgment.  No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

---

[99] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 6.3; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

## 8.5    Duty To Deliberate[100]

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room, but only when all jurors are present.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that - your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

If any member of the jury took notes, let me remind you that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.  Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

If you did not take notes, you should rely upon your own memory of what was said and not be overly influenced by the notes of other jurors.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

We generally end our business day at 4:30.  If we do not hear from you by 4:30, I will send you a note to see whether you are close enough to a verdict to want to deliberate after 4:30

---

[100] **Defendants**:  Adapted from Model Jury Instruction No. 7.3, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

or whether you are going to recess for the evening and resume your deliberations tomorrow. You will need to respond in writing to that question.

I am going to remind you now, if you go home this evening and resume your deliberations tomorrow, you are not to talk about the case among yourselves or with anyone else during the evening recess. You are only supposed to talk about the case while you are all in the jury room.

So, if you do go home this evening, keep that instruction in mind. Unless I hear from you that you have a different schedule in mind, I will expect you all to come back tomorrow morning at 9:30. You are not to start deliberating until you are all present in the jury room and participating together.

Because the lawyers have to make themselves available to respond to the questions or receive the verdict, I generally give them between 1:00 and 2:00 to step away from the phone. So whenever you are deliberating over the lunch hour, let me remind you, if you ask a question between 1:00 and 2:00, you probably will not get an answer back right way because we are all going to be stepping away from our phones for a few minutes.

126

## 8.6    COURT HAS NO OPINION[101]

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial, nothing about my instructions, and nothing about the form of the verdict was meant to convey what I think your verdict should be or to influence your decision in any way.  You must decide the case  yourselves based solely on the evidence presented.

---

[101] **LP Matthews**:  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (2004), No. 6.4; *Tristrata Technology, Inc. v. ICN Pharma., Inc.*, C.A. No. 01-150-JJF, D.I. 165 (D. Del. Nov. 21, 2003).

**8.7**     **Court Has No Opinion**[102]

Let me finish up by repeating something that I said to you earlier.

Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.

DC1 45689836.2

---

[102] **Defendants**: Adapted from Model Jury Instruction No. 7.4, Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware, http://www.ded.uscourts.gov/JuryMain.htm (March 1993).

# EXHIBIT 19

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| LP MATTHEWS, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1507 (SLR) |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | The Honorable Sue L. Robinson |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## LP MATTHEWS' PROPOSED VOIR DIRE PURSUANT TO L.R. 47.1 (a)

Ronald J. Schutz, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Office: 800-553-9910

Robert A. Auchter, Esq.
David P. Swenson, Esq.
T. Monique Jones, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C. 20006
Office: 202-775-0725

Steven J. Balick, Esq. (I.D. # 2114)
John G. Day, Esq. (I.D. # 2403)
Ashby & Geddes
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Office: 302-654-1888

COUNSEL FOR PLAINTIFF LP MATTHEWS

1.      Is any member of the panel related to the Philip Florenzo or Lisa LeDonne or has any member of the panel ever done business with LP Matthews, LLC?

2.      Is any member of the panel personally acquainted with any officer, director, or employee of, Kao Brands Corporation, Andrew Jergens Company, Kao Corporation, Bath & Body Works, or The Limited Brands, Inc.?

3.      Has any member of the panel ever done business with Kao Brands Corporation, Andrew Jergens Company, Kao Corporation, Bath & Body Works, or The Limited Brands, Inc.?

4.      Is any member of the panel related to, or personally acquainted with any of plaintiff's attorneys:  Robert Auchter, David Swenson, Monique Jones, or Jeffrey Frey of Robins, Kaplan, Miller & Ciresi, or ever been represented by one of them or by any associate or member of their law firm?

5.      Is any member of the panel related to, or personally acquainted with any of plaintiff's attorneys:  Steven Balick or John Day of Ashby & Geddes, or ever been represented by one of them or by any associate or member of their law firm?

6.      Is any member of the panel related to, or personally acquainted with defendants' attorneys:  Arthur Neustadt, Richard Chinn, or Stephen Baxter, or ever been represented by one of them or by any associate or member of their law firm, Oblon, Spivak, McClelland, Maier & Neustadt?

7.      Is any member of the panel related to, or personally acquainted with defendants' attorneys:  Richard Horwitz or David Moore of Potter Anderson & Corroon, or ever been represented by one of them or by any associate or member of their law firm?

8.      Is any member of the panel related to, or personally acquainted with defendants' attorneys:  John Ward, David Hill, or Michael Zinna, or ever been represented by one of them or by any associate or member of their law firm, Ward and Olivo?

9.       Is any member of the panel related to, or personally acquainted with defendants' attorneys:  Richard Horwitz or David Moore of Potter Anderson & Corroon, or ever been represented by one of them or by any associate or member of their law firm?

10.     Is any member of the panel related to, or personally acquainted with, any of these individuals [read off composite witness list] who might appear as witnesses in this case?

11.     Does any member of the panel have any personal knowledge of this case, or have you read or heard it discussed, or have an opinion regarding it?

13.     Has any member of the panel ever served as a juror in a lawsuit?

15.     What is your educational background?

        a.      For those with a college degree, in what subject did you major or minor?

        b.      For those with a college degree, do you have additional education? In what area?

12.     Have you, your spouse or significant other taken any courses or had training in any of the following areas?

        a.      Law

        b.      Chemistry

        c.      Cosmetics

        f.      Accounting

13.     Are you currently employed and, if so, what is your current occupation?

14.     What is the current occupation of your spouse or significant other?

15.    Have you or any family member or close friend ever worked at a company that developed, marketed or sold cosmetics or ingredients used in cosmetics?

16.    Have you or any family member or close friend ever worked at a company that developed or marketed or sold chemical products?

17.    Have you, any family member or close friend, ever been self-employed or an owner or partner in a business?

18.    Have you ever invented something that is unique which you wanted to market?

19.    Do you know anyone who has invented something?

20.    Have you ever applied for a patent, trademark or copyright?

21.    Do you know anyone who has applied for a patent, trademark or copyright?

22.    Have you or do you know anyone who has been involved in a patent, trademark, or copyright dispute?

23.    Do you know anyone in the courtroom?

24.    Does any member of the panel have any special disability or problem that would make it difficult or impossible for you to serve as a member of the jury in this case?

25.    Does any member of the panel know of any other matter which you believe should be called to the court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?


Dated:  October __, 2006

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. #4261)
ASHBY & GEDDES
222 Delaware Avenue

17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Office: 302-654-1888

*Attorneys for Plaintiff LP Matthews, L.L.C.*

Of Counsel:

Ronald J. Schutz, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
Office:   800-553-9910

Robert A. Auchter, Esq.
David P. Swenson, Esq.
T. Monique Jones, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, Suite 1200
Washington, D.C.  20006
Office:   202-775-0725

DC1 45689978.1

**EXHIBIT 20**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1507 (SLR) |
| | ) | JURY TRIAL DEMANDED |
| BATH & BODY WORKS, INC., | ) | |
| and | ) | |
| LIMITED BRANDS, INC., | ) | |
| and | ) | |
| KAO BRANDS CO. (f/k/a THE ANDREW | ) | |
| JERGENS COMPANY), | ) | |
| and | ) | |
| KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**BATH & BODY WORKS, INC.'S AND LIMITED BRANDS, INC.'S**
**PROPOSED VOIR DIRE**

**I.    VOIR DIRE TO JURY PANEL**

Good morning, ladies and gentlemen.  I am Judge Robinson, and I will be presiding over the trial for which a jury is about to be drawn in the case captioned. Briefly stated, this case is a civil action brought by plaintiff against the defendants, involving Greenspan United States Patent No. 5,063,062 ("the '062 patent").

The trial is expected to last two weeks; our trial days will run approximately from 9:30 a.m. to 4:30 p.m.  I time my trials, so the attorneys have to complete their presentations within these limits.  However, the jury deliberations may require you to be present longer than the nine scheduled days.

In the light of this brief summary, I will ask the panel certain questions, the purpose of which is to: (1) enable the court to determine whether or not any

prospective juror should be excused for cause; and (2) enable counsel for the parties

to exercise their individual judgment with respect to peremptory challenges, that is,

challenges for which no reason need be given by counsel. If any of you answer any

question "yes," please stand up and, upon being recognized by the court, state your

juror number. When I have concluded asking all the questions, we will call you to the

bench individually to speak with you about your affirmative response or responses.

**HAVE CLERK ADMINISTER THE OATH TO PANEL**

1.        You have been given a list of companies.

         (a)     Are you personally acquainted with any officer, director, or

employee of any of those companies?

         (b)     Do you or any member of your household now own, or have you

or any such member ever owned, any stocks or bonds in any of the companies?

         (c)     Have you, any family member, or anyone close to you had any

dealings with, or relied financially in any way on, any of the companies?

         (d)     Have you, any family member, or anyone close to you had any

experience with any products or services of any of those companies or otherwise have

any strong feelings, positive or negative, toward any of these companies?

2.        You have been given a list of the attorneys and law firms involved in this

litigation. Are you related to, or personally acquainted with, any of those attorneys,

or have you ever been represented by any of those attorneys or other associates or

members of the listed law firms?

3.      You have been given a list of individuals who might appear as witnesses in this case.  Are you related to, or personally acquainted with, any of those individuals?

4.      Do you have any personal knowledge of this case, or have you read or heard it discussed, or have an opinion regarding it?

5.      Have you ever been a plaintiff, a defendant, or a witness in a civil lawsuit?

6.      Have you ever served as a juror in a civil lawsuit?

7.      You have been given a list of subject areas.  Have you, a close friend, or a family member ever been employed, trained, or had any experience in any of the listed areas?

8.      Do you have any special disability or problem that would make it difficult or impossible for you to serve as a member of the jury in this case?

9.      Do you know of any other matter which you believe should be called to the court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?

## COMPANIES

Bath & Body Works, Inc.

Burt's Bees, Inc.

Davis Gate, LLC

Greenspan Corporation

Honeywell

Kao Brands, Co. (f/k/a The Andrew Jergens Company)

Kao Corporation

Limited Brands, Inc.

LP Matthews, L.L.C.

Murad, Inc.

## **ATTORNEYS**

### Robins, Kaplan, Miller & Ciresi LLP

Robert A. Auchter
Jason R. Buratti (withdrawn)
Jeffrey I. Frey
T. Monique Jones
Ronald J. Schutz
David P. Swenson

### Ashby & Geddes

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Lauren E. Maguire

### Oblon, Spivak, McClelland, Maier & Neustadt, P.C.

Arthur I. Neustadt
Richard Chinn
Stephen Baxter

### Potter Anderson & Corroon LLP

Richard L. Horwitz
David E. Moore

### Ward & Olivo

John F. Ward
David M. Hill
Michael J. Zinna

### Fox Rothschild LLP

Francis G.X. Pileggi
Sheldon K. Rennie

## WITNESSES

John Carson  (technical expert)

Jack Davies

Kristi Davis

Professor Michael Davis (patent expert)

Danielle Demko

M. Diaz

Erin Elliott

Larry Evans

Elena Falco

Christopher Fern (damages expert)

Philip Florenzo

Douglas H. Greenspan

Tanya Holcomb

William J. Ingram

Theodore Kesten

Jack Krause

Konstantinos Lahanas

Lisa P. LeDonne

Philip Low

Sandra Lujin

Colin L. McIntosh, Ph.D

Timothy J. Martin

Paul Morrison

Deborah Gray Nickels

David Pannor

Catherine Ponzo-Herman

Renee Quimby

Michael Regina

Christopher Rhodes

David Story

Patrick Thibiant

Rose Trizzino-Hoyle

Kevin Wadhams

Phillip Wood

## SUBJECT AREAS

Cosmetics Industry

Soaps Industry

Moisturizers Industry

Cleaning Compositions/Products Industry

Citrus Industry

Orange Industry

Oat Industry

Natural Products Industry

Fragrance Industry

Legal education or background

Science education or background

## II. BBW'S PROPOSED SUPPLEMENTAL QUESTIONS

1.      Do you have any knowledge about or experience with patents, including applying for a patent?

2.      Have you ever worked for a company that had patented products or processes?

3.      Have you ever been involved in the development of a new product or process?

4.      Have you, any member of your immediate family, or anyone close to you ever had dealings with the United States Patent and Trademark Office?

5.      Do you feel like it would be improper for you to invalidate a United States Patent?

6.      Do you have any opinions about the patent system in the United States?

7.      Do you believe that patents are important to the development of new or improved products?

8.      Do you believe it is possible for the United States Patent Office to issue patents by mistake?

9.      Has someone ever improperly taken your idea or creation, or accused you of improperly taking their idea or creation?

10.     Have you ever had a dispute with any government agency?  If yes, please explain.

11.     Do you have any relatives (*e.g.,* spouse, parent, child, brother, sister) who have ever been employed by an attorney or a law firm?

12.     Have you ever owned your own business or been employed by a start-up

company?

13.     This will be a technical case.  Are you uncomfortable with scientific or

technical information so that it would be difficult for you to understand and

consider such evidence in the case?

**EXHIBIT 21**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1507 (SLR) |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## LP MATTHEWS' SPECIAL VERDICT FORM AS TO
## THE KAO DEFENDANTS

We, the jury, unanimously find as follows:

**INFRINGEMENT OF LP MATTHEWS' '062 PATENT**

**Infringement of the '062 Patent**

1.      Do you find by a preponderance of the evidence that Kao Brands Co. and Kao Corporation have literally infringed the following claims of the '062 Patent?  (A "YES" answer to this question is a finding for LP Matthews, L.L.C.  A "NO" answer is a finding for Kao Brands Co. and Kao Corporation.)

Claim 6:      YES _____          NO _____

Claim 9:      YES _____          NO _____

2.      If you answered "NO" to any claim(s) in question 1, do you find by a preponderance of the evidence that Kao Brands Co. and Kao Corporation nevertheless infringe the claim(s) under the doctrine of equivalents?  (A "YES" answer to this question is a finding for LP Matthews, L.L.C.  A "NO" answer is a finding for Kao Brands Co. and Kao Corporation.)

Claim 6:      YES _____          NO _____

Claim 9:      YES _____          NO _____

**Willful Infringement of the '062 Patent**

3.      If you answered "YES" as to any claims for any of questions 1-2, do you find by clear and convincing evidence that Kao Brands Co.'s and Kao Corporation's infringement of the claim(s) was willful?  (A "YES" answer to this question is a finding for LP Matthews, L.L.C.  A "NO" answer is a finding for Kao Brands Co. and Kao Corporation.)

YES _____          NO _____

**INVALIDITY OF LP MATTHEWS' '062 PATENT**

    4.    Do you find by clear and convincing evidence that Kao Brands Co. and Kao Corporation has proved that either of the following claims of the '062 Patent are invalid? (A "YES" answer is a finding for Kao Brands Co. and Kao Corporation. A "NO" answer to this question is a finding for LP Matthews, L.L.C.)

        Claim 6:      YES \_\_\_\_\_       NO \_\_\_\_\_

        Claim 9:      YES \_\_\_\_\_       NO \_\_\_\_\_


**DAMAGES DUE TO LP MATTHEWS**

**Damages for Infringement of the '062 Patent**

    5.    If you answered "YES" to question 1 or 2 and answered "NO" to Question 4, (and therefore found that Kao Brands Co. and Kao Corporation have infringed at least one asserted claim from the '062 Patent, and that Kao Brands Co. and Kao Corporation did not establish that the infringed claim was invalid by clear and convincing evidence) state the amount of damages you find that LP Matthews has proved by a preponderance of the evidence:


$_____


    6.    If you answered "YES" to question 5, please state the applicable royalty rate that should apply.


    _____%

You must sign this Verdict Form:     Dated_____

_____ (foreperson)          _____

_____          _____

_____          _____

_____          _____

DC1 45690055.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| LP MATTHEWS, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1507 (SLR) |
| | ) | |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## LP MATTHEWS' SPECIAL VERDICT FORM AS TO
## THE LIMITED DEFENDANTS

We, the jury, unanimously find as follows:

**INFRINGEMENT OF LP MATTHEWS' '062 PATENT**

### Infringement of the '062 Patent

1.    Do you find by a preponderance of the evidence that Bath & Body Works, Inc. and Limited Brands, Inc. have literally infringed the following claims of the '062 Patent?  (A "YES" answer to this question is a finding for LP Matthews, L.L.C.  A "NO" answer is a finding for Bath & Body Works, Inc. and Limited Brands, Inc.)

Claim 6:    YES _____    NO _____

Claim 9:    YES _____    NO _____

2.    If you answered "NO" to any claim(s) in question 1, do you find by a preponderance of the evidence that Bath & Body Works, Inc. and Limited Brands, Inc. nevertheless infringe the claim(s) under the doctrine of equivalents?  (A "YES" answer to this question is a finding for LP Matthews, L.L.C.  A "NO" answer is a finding for Bath & Body Works, Inc. and Limited Brands, Inc.)

Claim 6:    YES _____    NO _____

Claim 9:    YES _____    NO _____

### Willful Infringement of the '062 Patent

3.    If you answered "YES" as to any claims for any of questions 1-2, do you find by clear and convincing evidence that Bath & Body Works, Inc.'s and Limited Brands, Inc.'s infringement of the claim(s) was willful?  (A "YES" answer to this question is a finding for LP Matthews, L.L.C.  A "NO" answer is a finding for Bath & Body Works, Inc. and Limited Brands, Inc.)

YES _____    NO _____

- 2 -

**INVALIDITY OF LP MATTHEWS' '062 PATENT**

4.     Do you find by clear and convincing evidence that Bath & Body Works, Inc. and Limited Brands, Inc. has proved that the following claims of the '062 Patent are invalid?  (A "YES" answer is a finding for Bath & Body Works, Inc. and Limited Brands, Inc.  A "NO" answer to this question is a finding for LP Matthews, L.L.C.)

Claim 6:     YES _____          NO _____

Claim 9:     YES _____          NO _____

**DAMAGES DUE TO LP MATTHEWS**

**Damages for Infringement of the '062 Patent**

5.     If you answered "YES" to question 1 or 2 and answered "NO" to Question 4, (and therefore found that Bath & Body Works, Inc. and Limited Brands, Inc. have infringed at least one asserted claim of the '062 Patent, and that Bath & Body Works and Limited Brands, Inc. did not establish that the infringed claim was invalid by clear and convincing evidence) state the amount of damages you find that LP Matthews has proved by a preponderance of the evidence:

$_____

6.     If you answered "YES" to question 5, please state the applicable royalty rate that should apply.

_____%

You must sign this Verdict Form:     Dated_____

_____ (foreperson)          _____

- 4 -

_____        _____

_____        _____

_____        _____

DC1 45690054.1

# EXHIBIT 22

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LP MATTHEWS, L.L.C., | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) C.A. No. 04-1507 (SLR) |
| BATH & BODY WORKS, INC.; LIMITED BRANDS, INC.; KAO BRANDS CO. (f/k/a THE ANDREW JERGENS COMPANY); and KAO CORPORATION, | ) |
| Defendants. | ) |

**KAO'S PROPOSED SPECIAL VERDICT FORM**

**Infringement**

1. Has LPM proved by a preponderance of the evidence that the accused KBC products meet the "orange oil" limitation of claims 6 and 9 of the '062 patent?

Yes_____          No_____

2. Has LPM proved by a preponderance of the evidence that the accused Curél Ultra Healing Lotion and the Curél Extreme Care Body Lotion meet the "skin cleaning composition" or "cleaning composition for use on human skin" limitations of claims 6 and 9, respectively, of the '062 patent?

Yes_____          No_____

**Written Description**

3. Has Kao proved by clear and convincing evidence that the '062 patent does not include a written description for a composition having an orange oil concentration of 0.035% (by volume) or less?

Yes_____          No_____

4.  Has Kao proved by clear and convincing evidence that the '062 patent does not include a written description for a composition that is a lotion such as Curél Ultra Healing Lotion or Curél Extreme Care Body Lotion?

Yes_____          No_____

**Obviousness**

5.  Has Kao proved by clear and convincing evidence that the subject matter of claims 6 and 9 of the '062 patent would have been obvious in view of the prior art as set forth in the Board of Appeals decision in the continuation-in-part application to the '062 patent?

Yes_____          No_____

6.  Has Kao proved by clear and convincing evidence that it would have been obvious at the time of the filing of the '062 application to add an orange oil masking agent to a moisturizer with oatmeal or an oat grain product as described in the Board of Appeals decision in the continuation-in-part application to the '062 patent?

Yes_____          No_____

**Reasonable Royalty**

7.  If you find that claim 6 or 9 of the '062 patent is infringed by a KBC product and if you further find that claim 6 or 9 is valid, state the reasonable royalty using the hypothetical negotiation, willing buyer-willing seller, standard that LPM has proved by a preponderance of the evidence?

$_____

**Willful Infringement**

8.   If you find that claim 6 or 9 of the '062 patent is infringed by a KBC product and if you further find that claim 6 or 9 is valid, do you find that LPM has proven by clear and convincing evidence that the infringement was willful?

Yes_____          No_____

# EXHIBIT 23

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1507 (SLR) |
| | ) | JURY TRIAL DEMANDED |
| BATH & BODY WORKS, INC., | ) | |
| and | ) | |
| LIMITED BRANDS, INC., | ) | |
| and | ) | |
| KAO BRANDS CO. (f/k/a THE ANDREW | ) | |
| JERGENS COMPANY), | ) | |
| and | ) | |
| KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**VERDICT FORM AND INTERROGATORIES TO THE JURY**

You, the jury, are to answer the following questions based on the evidence admitted at trial and according to the Instructions the Court has given you. Start with the first question appearing on the next page and proceed through the questions on the following pages until all questions are answered. Be sure to follow the directions (*which appear in italics*) for each question.

We, the jury, unanimously find as follows:

1

## I.   INFRINGEMENT

### A.   The '062 Patent

*Answer the following question about the allegations of infringement of the '062*

*patent with a "YES" or "NO" answer. A "YES" answer is a finding in favor of LP*

*Matthews, L.L.C. ("LPM"); a "NO" answer is a finding in favor of Limited Brands, Inc.*

*and Bath & Body Works, Inc. (collectively "BBW").*

1.   Do you find that LPM has shown by a preponderance of the evidence that

BBW literally infringes each and every limitation of the asserted claims of United States

Patent No. 5,063,062 ("the '062 patent")?

| | | | |
|---|---|---|---|
| Claim 6 | YES _____ | NO _____ |
| Claim 9 | YES _____ | NO _____ |

If you find that BBW has literally infringed one or more claims of the '062 patent,

please specify the particular Accused Products made, sold or used by BBW for which

you have found infringement:

| | | | |
|---|---|---|---|
| 1. Burt's Bees Citrus Facial Scrub | YES ___ | NO ___ |
| 2. Pure Simplicity Ginger Rejuvenating Body Scrub | YES ___ | NO ___ |
| 3. Pure Simplicity Ginger Rejuvenating Shower Foam | YES ___ | NO ___ |
| 4. True Blue Spa Better Lather Than Never Bubble Bath & Shower Cream | YES ___ | NO ___ |
| 5. Bath & Body Works Mango Mandarin Creamy Body Wash | YES ___ | NO ___ |
| 6. Bath & Body Works Mango Mandarin Skin Redefining Body Scrub (Smoother) | YES ___ | NO ___ |
| 7. Bath & Body Works Mango Mandarin Renewal & Anti-Aging Body Wash | YES ___ | NO ___ |

8.  Burt's Bees Orange Essence Facial Cleanser          YES ____          NO ____

9.  True Blue Spa Good Clean Foam Face Wash             YES ____          NO ____

10. Bath & Body Works Cool Citrus Basil Body Lotion     YES ____          NO ____

11. Murad Skin Perfecting Lotion                        YES ____          NO ____

12. Pure Simplicity Fig Hydrating Body Balm             YES ____          NO ____

13. Pure Simplicity Ginger Rejuvenating Body Balm       YES ____          NO ____

14. Pure Simplicity Ginger Rejuvenating Body Lotion     YES ____          NO ____

15. Pure Simplicity Ginger Rejuvenating
    Hand & Nail Cream                                   YES ____          NO ____

16. Bath & Body Works Mango Mandarin Body Lotion        YES ____          NO ____

17. Bath & Body Works Mango Mandarin Hand
    Repair & Healing Hand Cream                         YES ____          NO ____

18. Bath & Body Works Skin Repair &
    Healing Body Butter                                 YES ____          NO ____

19. Murad Acne Spot Treatment                           YES ____          NO ____

20. Murad Age-Balancing Night Cream                     YES ____          NO ____

21. Murad Age-Diffusing Serum                           YES ____          NO ____

22. Murad Sheer Lustre Day Moisture SPF 15              YES ____          NO ____

23. Pure Simplicity Fig Hydrating Hand & Nail Cream     YES ____          NO ____

24. Pure Simplicity Oat Oil Control Face Moisturizer    YES ____          NO ____

25. Pure Simplicity Salt Toning Body Balm               YES ____          NO ____

26. Pure Simplicity Burdock Root Skin Mattifier         YES ____          NO ____

27. Pure Simplicity Everlasting Flower Night Nourisher  YES ____          NO ____

3

## II.    VALIDITY

### A.    The '062 Patent

*Answer the following questions about the validity of the '062 patent with a "YES" or "NO" answer. A "YES" answer is a finding in favor of BBW; a "NO" answer is a finding in favor of LPM.*

Validity - Anticipation

1.    Do you find that BBW has proven by clear and convincing evidence that each and every limitation of any of the asserted claims of the '062 patent are disclosed by the Juliano United States Patent No. 4,014,995 and/or *Soaps, A Practical Manual of the Manufacture of Domestic, Toilet and Other Soaps*, by George Hurst (2d 1907).

    Claim 6        YES _____        NO _____

    Claim 9        YES _____        NO _____

Validity – Obviousness

2.    Do you find that BBW has shown by clear and convincing evidence that the subject matter of any of the asserted claims of the '062 patent would have been obvious to one of ordinary skill at the time of the invention?

    Claim 6        YES _____        NO _____

    Claim 9        YES _____        NO _____

4

Validity – Indefiniteness

3.     Do you find that BBW has shown by clear and convincing evidence that any of the asserted claims of the '062 patent are invalid on the ground of indefiniteness?

Claim 6          YES _____               NO _____

Claim 9          YES _____               NO _____


Validity – Lack of Enablement

4.     Do you find that BBW has shown by clear and convincing evidence that any of the asserted claims of the '062 patent are invalid for lack of enablement?

Claim 6          YES _____               NO _____

Claim 9          YES _____               NO _____


Validity – Written Description

5.     Do you find that BBW has shown by clear and convincing evidence that any of the asserted claims of the '062 patent are invalid for failure to satisfy the written description requirement?

Claim 6          YES _____               NO _____

Claim 9          YES _____               NO _____

## III.    UNENFORCEABILITY – INEQUITABLE CONDUCT

*Answer the following questions about the unenforceability of the '062 patent with a "YES" or "NO" answer. A "YES" answer is a finding in favor of BBW; a "NO" answer is a finding in favor of LPM.*

1.    Do you find that BBW has proven by clear and convincing evidence that LPM, the Greenspan Corp., or any of the named inventors engaged in inequitable conduct in dealings with the United States Patent and Trademark Office during the prosecution of the application for the following patent?

The '062 patent        YES _____        NO _____

## IV.    WILLFUL INFRINGEMENT

### A.    The '062 Patent

*Answer the following question only if you have found that LPM has proven by a preponderance of the evidence that the accused BBW's products literally infringe the asserted claims of the '062 patent.*

*Answer the following question about the willful infringement of the '062 patent with a "YES" or "NO" answer. A "YES" answer is a finding in favor of LPM; a "NO" answer is a finding in favor of BBW.*

1.    Do you find that LPM has proven by clear and convincing evidence that BBW willfully infringed the claims of the '062 patent?

YES _____    NO _____

V.     **PATENT DAMAGES**

*Answer the following question only if you have found the LPM has proven by a preponderance of the evidence that the accused BBW's products literally infringe the asserted claims of the '062 patent.*

What percentage do you find that LPM is entitled to as a reasonable royalty rate to be applied to BBW's sales of the accused BBW products that you found were infringing?

_____ %.

You must each sign this verdict form:

Dated: _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

**EXHIBIT 24**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LP MATTHEWS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 04-1507 (SLR) |
| BATH & BODY WORKS, INC.; LIMITED | ) | |
| BRANDS, INC.; KAO BRANDS CO. | ) | |
| (f/k/a THE ANDREW JERGENS | ) | |
| COMPANY); and KAO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**KAO'S PROPOSED VOIR DIRE TO THE JURY PANEL**

Good morning, ladies and gentlemen. I am Judge Robinson, and I will be presiding over the trial for which a jury is about to be drawn in the case captioned *LP Matthews, L.L.C. v. Bath & Body Works, Inc.; Limited Brands, Inc.; Kao Brands Co.(F/K/A The Andrew JergensCompany); and Kao Corporation.* Briefly stated, this case is a patent action arising under the patent laws of the United States involving skin care products.

The trial is expected to last two weeks. I time my trials, so the attorneys have to complete their trial presentations within these time limits. However, jury deliberations may require you to be present longer than two weeks. Our trial days will run approximately from 9:30 a.m. to 4:30 p.m.

In the light of this brief summary, I will ask the panel certain questions, the purpose of which is to: (1) enable the court to determine whether or not any prospective juror should be excused for cause; and (2) enable counsel for the parties to exercise their

individual judgment with respect to peremptory challenges, that is, challenges for which no reason need be given by counsel. If any of you answer any question "yes," please stand up and, upon being recognized by the court, state your juror number. When I have concluded asking all the questions, we will call you to the bench individually to speak with you about your affirmative response or responses.

## HAVE CLERK ADMINISTER THE OATH TO THE PANEL

1.      Are you personally acquainted with any officer, director, or employee of LP Matthews, L.L.C.; Bath & Body Works, Inc.; Limited Brands, Inc.; Kao Brands Co. (F/K/A The Andrew JergensCompany); or Kao Corporation ("the parties")?

2.      Do you or any member of your household now own, or have you or any such member owned any stocks or bonds in any of the companies that are parties in this suit?

3.      Have you, any family member, or anyone close to you had any dealings with, or relied financially in any way, on any of the parties?

4.      Have you, any family member, or anyone close to you had any negative experience with any products of any of the parties, or otherwise have any strong feelings, positive or negative, toward any of these companies?

5.      You have been given a list of the attorneys and law firms involved in this case. Are you related to, or personally acquainted with any of those attorneys, or have you ever been represented by any of those attorneys or other associates or members of the listed law firms?

2

6.    You have been given a list of individuals that might appear as witnesses in this case. Are you related to, or personally acquainted with, any of those individuals?

7.    Do you have any personal knowledge of this case, or have you read or heard it discussed, or have an opinion regarding it?

8.    Have you ever been a plaintiff or a defendant in a civil lawsuit?

9.    Have you ever served as a juror in a lawsuit?

10.    Have you, a close friend, or a family member ever been employed or trained, or do you have any experience in the area of skin care products?

11.    Do you have any knowledge about or experience with patents, including applying for a patent?

12.    Have you ever been involved in the development of a new product or process?

13.    Have you, a family member, or anyone close to you ever had dealings with the United States Patent and Trademark Office?

14.    Do you have any strong feelings, positive or negative toward Japan or Japanese people?

15.    Do you have any strong feelings, positive or negative, toward Japanese businesses?

16.    Have you personally ever used any of the products that have been accused of infringement in this case (as listed on the attached sheet)? If so, do you have any opinions about those products?

17.    Do you have any special disability or problem that would make it difficult or impossible for you to serve as a member of the jury in this case?

18.    Do you know of any other matter which you believe should be called to the court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt
Stephen G. Baxter
Richard L. Chinn
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
Tel: (703) 413-3000
Fax: (703) 413-2220

Dated:  October ___, 2006

By: _____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE  19899-0951
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants*
*Kao Brands Co. and Kao Corporation*

4

<u>Attorneys</u>

Arthur I. Neustadt
Stephen G. Baxter
Richard L. Chinn
Oblon, Spivak, McClelland,
  Maier & Neustadt, P.C.

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP

Francis G.X. Pileggi
Fox Rothschild LLP

John F. Ward
David M. Hill
Michael J. Zinna
Ward & Olivo

Ronald J. Schultz
Robert A. Auchter
T. Monique Jones
David P. Swenson
Robins, Kaplan Miller
  & Ciresi L.L.P.

Steven J. Balick
John G. Day
Ashby & Geddes

Potential Witnesses

David Story
Douglas Greenspan
Philip Low
G. Stephen Jizmagian, Ph.D
Robert Y. Lochhead, Ph.D

Products in Issue

Curél Ultra Healing Lotion
Curél Extreme Care Body Lotion
Curél Extreme Care Body Cleanser
Curél Extreme Care Facial Wash