IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LP MATTHEWS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-1507-SLR |
| | ) |
| BATH & BODY WORKS, INC., | ) |
| LIMITED BRANDS, INC., KAO | ) |
| BRANDS CO., and KAO CORP., | ) |
| | ) |
| Defendants. | ) |
| | |
| BATH & BODY WORKS, INC., and | ) |
| LIMITED BRANDS, INC., | ) |
| | ) |
| Counterclaim Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| LP MATTHEWS LLC, | ) |
| | ) |
| Counterclaim Defendant. | ) |

**MEMORANDUM ORDER**

**I. INTRODUCTION**

On December 8, 2004, LP Matthews LLC ("plaintiff") filed suit against Kao Brands Co. and Kao Corporation (together, "KBC"),[1] as well as Bath & Body Works, Inc. and Limited Brands,

---

[1] Kao Corporation, a Japanese company, is the corporate parent of Kao Brands Co. (D.I. 5 at ¶ 7) Although it is not entirely clear from the record that Kao Brands Co.'s motions for summary judgment were also filed on behalf of Kao Corporation, the court will assume as much and include Kao Corporation within the term "KBC."

Inc. (together, "BBW")[2] (collectively, "defendants"), alleging infringement of claims 6 and 9 of United States Patent No. 5,063,062 ("the '062 patent") under 35 U.S.C. §§ 101 et seq.. (D.I. 1) Plaintiff amended its complaint on February 2, 2005. (D.I. 5) On April 4, 2005, BBW filed a counterclaim against plaintiff, requesting a declaratory judgment that: (1) it did not infringe the '062 patent; (2) the '062 patent is invalid; and (3) the action at bar qualifies as an "exceptional case" under 35 U.S.C. § 285. (D.I. 22) Currently before the court are defendant KBC's motion to dismiss for lack of standing (D.I. 88) and defendant BBW's motion to dismiss for failure to join a party (D.I. 142) and motion for summary judgment based on lack of standing (D.I. 256). The court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a), and venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

## II. BACKGROUND

### A. The '062 Patent

Plaintiff alleges that defendants have infringed claims 6 and 9 of the '062 patent. The United States Patent and Trademark Office ("PTO") issued the '062 patent on November 5, 1991. (D.I. 2) The patent lists Douglas Greenspan and William Ingram as the assignees. (Id.) On July 31, 1990, Greenspan and Ingram decided

---

[2]As Limited Brands, Inc., a Delaware corporation, is the parent corporation of Bath & Body Works, Inc. (D.I. 5 at ¶ 4), the court will include it in the term "BBW."

2

"to grant to The Greenspan Company [("Greenspan Co.")] the sole and exclusive right to control of the manufacture, license, marketing and all other aspects of control of the product Healthy Kleaner and control of the patent that has been applied for on the product if issued," which ultimately became the '062 patent; Greenspan and Ingram signed a nunc pro tunc agreement to that effect on March 15, 2004. (D.I. 142, exs. B, E)  On January 15, 2004, Greenspan Co. purported to assign to plaintiff the rights to the '062 patent. (Id., exs. D, F)

On September 30, 2005, defendant KBC filed a motion to dismiss for lack of standing if plaintiff refused to join Greenspan Co. as a party to the present action. (D.I. 88) According to KBC, "Greenspan [Co.] was not disposed to prosecute any infringement action for the patent in suit. Instead, Greenspan [Co.] entered into an agreement with [plaintiff] for [plaintiff] to fund and pursue this suit." (D.I. 89 at 3-4) KBC alleges that "Greenspan [Co.] assigned the patent in suit to [plaintiff] for [plaintiff] to bring suit with Greenspan [Co.] and [plaintiff] to split any recovery. Such an assignment is champertous and void. Since [plaintiff] has no standing to bring this suit, it must be dismissed if [plaintiff] refuses to join Greenspan [Co.]." (Id. at 1)

On December 6, 2005, pursuant to Fed. R. Civ. P. 12(b)(7), defendant BBW filed a motion to dismiss for failure to join an

indispensable party (D.I. 142), "namely additional owners of rights in the patent at issue in this infringement action" (id. at 1). According to BBW, "[d]espite a flurry of 'assignments' between the Greenspan Company and its owners, Douglas Greenspan and William Ingram ('the Greenspan parties') and [plaintiff], the Greenspan parties retain various rights to injunctive and monetary relief for any alleged infringement of the ['062] patent." (Id. at 2)  BBW moved for dismissal because "[l]itigating this action without all the owners of rights under the patent would seriously prejudice both the absent owners and the defendants.  [BBW] should not be required to defend [itself] here, and risk potential multiple litigation, while the Greenspan [Co.] and [the Greenspan parties] avoid the discovery obligations of a party by hiding behind their surrogate litigator, [plaintiff]."  (Id.)

BBW subsequently filed a motion for summary judgment based on plaintiff's lack of standing.  (D.I. 256)  BBW alleged that,

> [h]ere, in a foul-up of monumental proportions, [plaintiff] possesses no rights to [the '062 patent] because the assignments it relies on were executed by the Greenspan Company - an entity that does not exist. Or rather, it does exist, but it is a California insurance company that is unrelated to any of the persons or the patent here involved.  Absent a valid assignment, [plaintiff] lacks standing and the present action must be dismissed.

(D.I. 257 at 1)  The proper title of the Greenspan entity involved in the present action is the Greenspan **Corporation**, not

the Greenspan **Company** (<u>id.</u>, ex. I); therefore, BBW argues, "[f]or now, this action must be dismissed because legal precedent from this District and the Federal Circuit make it clear that standing cannot be conferred retroactively. Since [plaintiff] had no rights to the '062 patent when it filed its Complaint, the case must be dismissed" (<u>id.</u> at 2).

### III. STANDARD OF REVIEW

#### A. Motion to Dismiss

Rule 12(b)(7) provides for the dismissal of a claim where the plaintiff has failed to join an indispensable party. Fed. R. Civ. P. 12(b)(7). A court, in evaluating such a motion, applies the two-part test found in Fed. R. Civ. P. 19. The first part of this test asks whether the absent party is necessary for adjudication of the issue. The second part of the test is equitable in nature, and is directed to whether a necessary party is indispensable to a fair resolution of the issues. <u>Id.</u> Rule 19(a) provides that an absent person is a necessary party if he is subject to service of process and in his absence either: (1) complete relief can not be accorded among the parties; or (2) the absent person claims an interest in the subject matter and that his absence will, as a practical matter, either prejudice his ability to protect that interest or result in multiple or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a).

If a person is deemed necessary under Rule 19(a), the court must then ascertain the extent to which prejudice will result to the non-party; the ability of the court to shape relief to avoid prejudice to absent persons; adequacy of relief available to parties in the necessary party's absence; and the adequate remedy available to the plaintiff if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

### B. Summary Judgment

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine

issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

On October 13, 2006, plaintiff filed a supplement to its brief in opposition of BBW's motion for summary judgment based on lack of standing. (D.I. 355) Included in this document were notarized affidavits from Douglas H. Greenspan, William J. Ingram, and Phillip Low (who, along with Greenspan, was the original holder of the '062 patent). (Id., exs. 1-3) In these affidavits, Greenspan, Ingram, and Low declared that they will be "bound by the outcome of the instant litigation pertaining to the '062 patent" and they "therefore cannot and will not initiate any

7

other suit or proceeding seeking to enforce any claims of the '062 patent against Defendants [BBW or KBC]."[3] (Id., ex. 1 at ¶¶ 14-15, ex. 2 at ¶¶ 13-14, ex. 3 at ¶¶ 7-8)

### A. KBC's and BBW's Motions to Dismiss

The three parties who could theoretically claim any residual rights to the '062 patent (Greenspan, Ingram, and the Greenspan Corporation) have renounced such claims and declared themselves bound by the instant litigation; plaintiff is the only remaining party with the ability to enforce the patent or recover for its infringement. Consequently, the parties' motions to dismiss (D.I. 88, 142) fail the first prong of the test enumerated in Fed. R. Civ. P. 19(a) and, therefore, are denied.

### B. BBW's Motion for Summary Judgment

BBW alleges that "[t]he assignments to the Greenspan Company are void ab initio for improperly identifying the assignee. . . . [T]he proper legal entity, the Greenspan Corporation, is not named on any of the assignments. LPM will have to start over." (D.I. 257 at 5) In addition, while plaintiff "will undoubtedly argue that this is all just semantics or form over substance"

---

[3] Greenspan and Ingram, the sole shareholders and officers of the Greenspan Corporation (D.I. 355, ex. 1 at ¶ 6, ex.2 at ¶ 6), stated that it was their "intention to transfer [their] rights, interest, and title in the '062 patent to the Greenspan Corporation," and that, "[l]ikewise, it was [their] further intention to then transfer all rights, interest, and title in the '062 patent from the Greenspan Corporation to [plaintiff], despite the fact that [they] referred to Greenspan Company in the assignment." (Id., ex. 1 at ¶¶ 10-11, ex. 2 at ¶¶ 9-10)

(id. at 6), "[s]tanding is not a clerical error that can be rectified by the court" (id. at 7).

In response, plaintiff avers that "Mr. Greenspan uses the terms Greenspan Company and Greenspan Corporation interchangeably,"[4] and that Greenspan, who is not an attorney, did not understand the distinctions between the designations "Company" and "Corporation." (D.I. 355 at 3-4)  Regardless, it was always Greenspan's and Ingram's intention to assign the '062 patent first to the Greenspan Corporation, then to plaintiff. (Id. at 4)

Given Greenspan's and Ingram's declarations in the affidavits discussed above, it is clear that the Greenspan parties always intended to assign their rights to the '062 patent to the Greenspan Corporation (and then from the Greenspan Corporation to plaintiff) and that, but for their mistaken use of the term "Company," they would have done so.  The Greenspan parties have renounced any rights or claims they may have possessed due to this mistake, leaving plaintiff as the sole party with an interest in the '062 patent.  As a result, BBW's motion for summary judgment based on lack of standing (D.I. 256) is denied.

---

[4]Greenspan verifies this in his affidavit, stating that he "believed them to be the same entity when [he] prepared and executed the assignments regarding the '062 patent." (D.I. 355, ex. 1 at ¶¶ 7-8)

9

## V. CONCLUSION

At Wilmington this 19th day of October, 2006, for the reasons set forth above;

IT IS ORDERED that:

1. Defendants' motions to dismiss (D.I. 88, 142) are denied.

2. Defendant BBW's motion for summary judgment (D.I. 256) is denied.

_____
United States District Judge